# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. 2:24-cv-00093-JRG |
| HEWLETT PACKARD ENTERPRISE COMPANY, | | **JURY TRIAL DEMANDED** |
| Defendant. | | |

## DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF FACTS ............................................................................................... 1

III. LEGAL STANDARD ....................................................................................................... 2

IV. ARGUMENT ..................................................................................................................... 2

    A. VirtaMove Fails to State a Claim for Pre-Suit Indirect Infringement. .................... 2

    B. VirtaMove Fails to State a Claim for Pre-Suit Willful Infringement. ..................... 6

V. CONCLUSION .................................................................................................................. 7

Case 2:24-cv-00093-JRG   Document 22   Filed 04/15/24   Page 2 of 11 PageID #: 108

I.  INTRODUCTION

Plaintiff VirtaMove Corp.'s ("VirtaMove" or "Plaintiff") complaint (Dkt. 1 or "Complaint") fails to plead that Defendant Hewlett Packard Enterprise Company ("HPE") had pre-suit knowledge of one of the asserted patents, and similarly fails to plead that HPE had pre-suit knowledge of alleged infringement as to either of the asserted patents. HPE therefore respectfully submits this Rule 12(b)(6) motion to partially dismiss VirtaMove's claims for pre-suit indirect infringement and pre-suit willful infringement.

II. STATEMENT OF FACTS

VirtaMove's Complaint alleges that HPE infringes U.S. Pat. Nos. 7,519,814 (the "'814 Patent") and 7,784,058 (the "'058 Patent") (collectively, the "Asserted Patents"). Dkt. 1 ¶ 1. Specifically, the Complaint alleges that HPE's Ezmeral Runtime Enterprise (the "Accused Product"), a software product, directly infringes the Asserted Patents, based on its alleged use of the open-source Kubernetes system maintained by not-for-profit third party Cloud Native Computing Foundation and the open-source Docker "containers" developed by third party Docker, Inc. *See id*. ¶¶ 12, 22; *id.*, Ex. 2 at 6–12 (citing https://support.hpe.com/hpesc/public/docDisplay?docId=a00ecp54hen_us&docLocale=en_US&page=home/about-hpe-ezmeral-container-pl/GEN_Definitions.html and https://www.docker.com/blog/the-10-most-common-questions-it-admins-ask-about-docker/). The Complaint also alleges indirect (induced and contributory) infringement of both Asserted Patents, as well as willful infringement of the '814 Patent. *See id*. ¶¶ 12–18, 22–27.

Regarding the '814 Patent, the Complaint alleges that HPE "knew of . . . at least one of the patents long before this suit was filed and at least as early as 2012." *Id.* ¶ 14. In particular, the Complaint alleges that "the '814 Patent was cited in connection with at least the following patents: U.S. Patent Nos. 10,489,354, 10,749,740, 11,467,775, 11,687,267, 11,693,573." *Id.* The

**DEFENDANT'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS** – Page 1

Complaint does not make a similar allegation for the '058 Patent. The Complaint does not allege that HPE had knowledge of any alleged infringement of either Asserted Patent.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires a "statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that fails to meet this pleading standard may be dismissed for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). A complaint will survive a motion to dismiss only if the plaintiff alleges facts sufficient to state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (citing *Twombly*, 550 U.S. at 570). "[B]are assertions" or "conclusory statements" are insufficient to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 698 (2009); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (proper factual allegations must offer more than conclusory assertions or legal conclusions "masquerading as factual conclusions").

## IV.   ARGUMENT

Because VirtaMove's Complaint fails to plead that HPE has (1) pre-suit knowledge of the '058 Patent and (2) pre-suit knowledge of the alleged infringement of either Asserted Patent, VirtaMove has not pled facts sufficient to support plausible claims for pre-suit indirect infringement or for pre-suit willful infringement. Accordingly, those claims should be dismissed.

### A.   VirtaMove Fails to State a Claim for Pre-Suit Indirect Infringement.

To state a claim for induced infringement, VirtaMove must plead facts showing "that [HPE] knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). Indeed, the Supreme Court has held that "liability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute

patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 1926 (2015) (citing *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). Moreover, "[l]ike induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 575 U.S. at 1926; *see also Estech Sys. IP, LLC v. Mitel Networks, Inc.*, No. 2:21-CV-00473-JRG-RSP, 2023 WL 6115252, at *3 (E.D. Tex. July 17, 2023), *R&R adopted*, No. 2:21-CV-00473-JRG-RSP, 2023 WL 6065865 (E.D. Tex. Aug. 2, 2023) ("Knowledge of the patent by itself is insufficient [to establish induced infringement]; knowledge of another's direct infringement resulting from the accused's conduct is also required."); *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 777 (W.D. Tex. 2022) ("[I]ndirect infringement claims require a showing that the accused infringer knew of its infringement.").

*First*, VirtaMove has failed to state a claim for indirect infringement (either induced or contributory) of the '058 Patent because it has not alleged pre-suit knowledge of that patent. Indeed, the Complaint makes *no* factual allegation that HPE had knowledge of the '058 Patent before this suit was filed. *See* Dkt. 1 ¶¶ 22–27. Because the Complaint does not plead facts to plausibly support any inference that HPE had pre-suit knowledge of the '058 Patent, the Court should dismiss VirtaMove's claims for pre-suit indirect infringement (induced and contributory) of the '058 Patent. *See CyboEnergy, Inc., v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-CV-00311-JRG, 2024 WL 1219725, at *6 (E.D. Tex. Mar. 20, 2024) (dismissing pre-suit indirect infringement because "Plaintiff has failed to plead any facts plausibly showing that Defendant knew of the Asserted Patents prior to this lawsuit").

*Second*, VirtaMove fails to state a claim for pre-suit indirect infringement of *either* Asserted Patent, because its Complaint does not plead pre-suit knowledge of HPE's alleged *infringement* of those patents.

With respect to the '058 Patent, the Complaint fails to allege pre-suit knowledge of the patent (as noted above), so it follows that the Complaint fails to allege pre-suit knowledge of the alleged *infringement* of that patent.

With respect to the '814 Patent, VirtaMove's Complaint at best alleges that HPE supposedly knew of the patent's existence. But these allegations are not sufficient to support a plausible inference that HPE had pre-suit knowledge of alleged infringement of the '814 Patent. In particular, the Complaint identifies certain instances where "the '814 Patent was cited in connection with" HPE's own patents. *See* Dkt. 1 ¶ 14. The Complaint is silent as to how and/or when the '814 Patent was allegedly cited. *Id.* To the extent that VirtaMove intends to rely on citation by the examiner during prosecution, an examiner's citation is insufficient to show knowledge of the patent, let alone knowledge of infringement. *See Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-37-RWS-RSP, 2016 WL 3878246, at *3 (E.D. Tex. Mar. 30, 2016) (citation omitted). Because patent examiners do not compare the applicant's products to the prior art when examining a patent application, knowledge of infringement cannot be plausibly inferred based solely on an examiner's citation to prior art. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671-BLF, 2023 WL 8654391, at *30 (N.D. Cal. Dec. 14, 2023) (finding no pre-suit indirect infringement because "even substantive references to patents in the alleged infringer's patent prosecutions, without more, fail to sufficiently allege knowledge of infringement" (quoting *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2021 WL 4685306, at *5 (N.D. Cal. Oct. 7, 2021)). Furthermore, mere citation of a reference—whether by the examiner or by the applicant—has nothing to do with infringement, and VirtaMove's Complaint does not allege that the examiner or HPE ever compared the Accused Product to the Asserted Patents or otherwise conducted any infringement analysis. In fact, to the extent that the

'814 Patent was cited between 2012 and 2020, it would not be plausible for VirtaMove to assert that such a comparison or analysis was—or could have been—conducted at that time, as VirtaMove does not and cannot allege that the Accused Product existed before 2020.[1]  Nor does the Complaint allege that VirtaMove itself notified HPE of the alleged infringement of either Asserted Patent, *e.g.*, via a pre-suit notice letter, via pre-suit claim charts detailing how HPE allegedly infringes, or through pre-suit negotiations.  Indeed, the Complaint does not assert that VirtaMove ever mentioned the '814 Patent (or any of its family members) to HPE before this lawsuit.

Accordingly, because the Complaint does not allege any facts to support a plausible inference that HPE had pre-suit knowledge of the infringement of either Asserted Patent, the Court should dismiss VirtaMove's claims for pre-suit indirect infringement as to **both** Asserted Patents. *See CyboEnergy*, 2024 WL 1219725, at *6 (noting, in dismissing claim for pre-suit indirect infringement, that plaintiff "failed to plead facts plausibly showing that Defendant knew that end users' acts constituted infringement 'with respect to the time period pre-dating the filing of the complaint'"); *BillJCo, LLC*, 583 F. Supp. 3d at 777–78 ("Mere knowledge of the Asserted Patents is not enough."); *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (holding allegation of "prior knowledge of the asserted technology [alone] does not advance a plausible inference of induced infringement").[2]

---

[1] The Accused Product was not released before 2020.  *See, e.g.*, https://community.hpe.com/t5/the-cloud-experience-everywhere/eliminate-security-blind-spots-with-the-kubernetes-platform-for/ba-p/7114592.

[2] Based on its pleading, at minimum, VirtaMove's "indirect infringement claims must be limited to post-filing conduct." *Corydoras Techs., LLC v. Apple Inc.,* No. 2:16-CV-00538-JRG, 2016 WL 9242435, at *2 (E.D. Tex. Nov. 23, 2016).

### B. VirtaMove Fails to State a Claim for Pre-Suit Willful Infringement.

As with indirect infringement, to state a claim for willful infringement for the '814 Patent,[3] VirtaMove must show that HPE had knowledge of both the '814 Patent and the alleged infringement. *See Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987–88 (Fed. Cir. 2021) ("Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement.") (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)); *Monolithic*, 2021 WL 3931910, at *5 (willful infringement requires that accused infringer "knew, or should have known, that its conduct amounted to infringement of the patent"). Critically, knowledge of the patent and of the alleged infringement "are distinct elements, and without more factual allegations supporting knowledge of infringement, the pleading standard is not met." *Monolithic*, 2021 WL 3931910, at *5; *see also Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022), *leave to appeal denied*, No. 22-CV-00134, 2022 WL 1486359 (Fed. Cir. May 11, 2022) ("With respect to willfulness . . . knowledge of the patent and knowledge of infringement must be pled with plausibility.").

As discussed above with respect to VirtaMove's claim for pre-suit indirect infringement, VirtaMove has failed to plead facts that plausibly show that HPE had pre-suit knowledge of its alleged infringement of the '814 Patent. For that reason, the Court should dismiss VirtaMove's claims for pre-suit willful infringement as to the '814 Patent. *See Touchstream Techs.*, 2024 WL 1117930, at *3; *Monolithic*, 2021 WL 3931910, at *5 (dismissing claim for pre-suit willful infringement because plaintiff "has not sufficiently alleged that [defendant] knew or should have

---

[3] Because VirtaMove's Complaint does not allege willful infringement of the '058 Patent, this Section only addresses the '814 Patent.

**DEFENDANT'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS – Page 6**

known its conduct amounted to infringement"); *VLSI*, 2023 WL 8654391, at *30 (finding no pre-suit willful infringement because "[Applicant's] citation is at best evidence of knowledge of the patent, but is not evidence of knowledge of infringement").

## V.   CONCLUSION

For the reasons set forth above, HPE respectfully asks the Court to dismiss VirtaMove's claims for pre-suit indirect infringement and pre-suit willful infringement.

Dated: April 15, 2024

        Respectfully submitted,

        */s/ Jennifer H. Doan*
        Jennifer H. Doan
        Texas Bar No. 08809050
        Joshua R. Thane
        Texas Bar No. 24060713
        HALTOM & DOAN
        6500 Summerhill Road, Suite 100
        Texarkana, TX  75503
        Telephone:  (903) 255-1000
        Facsimile:  (903) 255-0800
        Email:  jdoan@haltomdoan.com
        Email:  jthane@haltomdoan.com

        Katharine Burke (Lead Attorney)
        DC Bar Number: 985333
        Katharine.burke@bakerbotts.com
        **BAKER BOTTS L.L.P.**
        700 K Street, N.W.
        Washington, DC 20001-5692
        Tel: (202) 639-7700
        Fax: (202) 639-7890

        Douglas M. Kubehl
        Texas Bar No. 00796909
        Doug.kubehl@bakerbotts.com
        Morgan Mayne
        Texas Bar No. 24084387
        Morgan.mayne@bakerbotts.com
        Emily Deer
        Texas Bar No. 24116352
        Emily.deer@bakerbotts.com
        **BAKER BOTTS L.L.P.**
        2001 Ross Avenue, Suite 900
        Dallas, TX 75201-2980
        Tel: (214) 953-6500
        Fax: (214) 953-6503

        **ATTORNEYS FOR DEFENDANT**
        **HEWLETT PACKARD ENTERPRISE**
        **COMPANY**

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 15, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                      */s/ Jennifer H. Doan*
                                                      Jennifer H. Doan