IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>             Plaintiff,<br>      v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>             Defendant. | Case No. 2:24-cv-00093-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br><br>             Plaintiff,<br>      v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>             Defendant. | Case No. 2:24-CV-00064-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**COUNTER-DEFENDANT VIRTAMOVE CORP.'S ANSWER TO COUNTER-PLAINTIFF HEWLETT PACKARD ENTERPRISE COMPANY'S COUNTERCLAIMS**

Counter-Defendant VirtaMove, Corp. ("VirtaMove" or "Counter-Defendant"), for its Answer to the Counterclaims filed on April 15, 2024 by Counter-Plaintiff Hewlett Packard Enterprise Company ("HPE" or "Counter-Plaintiff"), admits and denies as follows. Except as hereinafter specifically admitted or otherwise alleged, VirtaMove denies each and every allegation in the Counterclaims.

**BACKGROUND**

1. Admit that on February 9, 2024, VirtaMove filed suit against HPE, alleging infringement of U.S. Patent Nos. 7,519,814 ("the '814 Patent") and 7,784,058 ("the '058 Patent") (collectively, the "Asserted Patents") (Dkt. No. 1).

1

2. Admit that in its Complaint, VirtaMove purports to own all right, title, and interest in the Asserted Patents (the '814 Patent and the '058 Patent).

3. Deny.

4. Deny.

## PARTIES

5. Admit that HPE is a Delaware corporation with its principal place of business at 1701 E Mossy Oaks Road, Spring, Texas 77389.

6. Admit that VirtaMove is a corporation organized and existing under the laws of Canada with its place of business at 110 Didsbury Road, M083, Ottawa, Ontario K2T 0C2.

## JURISDICTION AND VENUE

7. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. VirtaMove admits that the Counterclaims purport to bring an action for a declaration that each and every claim of the Asserted Patents is invalid, unenforceable, and not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*. VirtaMove admits that this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

8. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Admit that an actual, substantial, and continuing controversy exists between Counter-Plaintiff HPE and Counter-Defendant VirtaMove concerning non-infringement, invalidity, and unenforceability of the Asserted Patents. VirtaMove denies the allegation in this paragraph that said controversy requires a declaration of HPE's rights by the Court. VirtaMove denies the remaining allegations in this paragraph.

9. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. For purposes of this action only, VirtaMove admits that this Court has personal jurisdiction over VirtaMove. VirtaMove denies the remaining allegations in this paragraph.

10. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. To the extent that a response is required, VirtaMove does not contests that it is subject to venue in this District for purposes of this litigation only. VirtaMove denies the remaining allegations in this paragraph.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMNET OF THE '814 PATENT

11. VirtaMove's responses to paragraphs 1-10 are incorporated by reference.

12. Admit that this is an action for declaratory judgment of non-infringement of the '814 Patent.

13. Deny.

14. Admit that in its Complaint, VirtMove accuses HPE of infringing the '814 Patent. VirtaMove denies the remaining allegations of this paragraph.

15. Admit that there is a case or controversy between the parties concerning alleged infringement of the '814 Patent. Deny any other allegations in this paragraph.

16. Deny.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMNET OF THE '058 PATENT

17. VirtaMove's responses to paragraphs 1-16 are incorporated by reference.

18. Admit that this is an action for declaratory judgment of non-infringement of the

3

'058 Patent.

19. Deny.

20. Admit that in its Complaint, VirtMove accuses HPE of infringing the '058 Patent. VirtaMove denies the remaining allegations of this paragraph.

21. Admit that there is a case or controversy between the parties concerning alleged infringement of the '058 Patent. Deny any other allegations in this paragraph.

22. Deny.

### COUNT III – DECLARATORY JUDGMENT OF INVALIDITY OF THE '814 PATENT

23. VirtaMove's responses to paragraphs 1-22 are incorporated by reference.

24. Admit that this is an action for declaratory judgment of invalidity of the '814 Patent.

25. Deny.

26. Admit that in its Complaint, VirtMove accuses HPE of infringing the '814 Patent. VirtaMove denies the remaining allegations of this paragraph.

27. Admit that there is a case or controversy between the parties concerning alleged validity of the '814 Patent. Deny any other allegations in this paragraph.

28. Deny.

### COUNT IV – DECLARATORY JUDGMENT OF INVALIDITY OF THE '058 PATENT

29. VirtaMove's responses to paragraphs 1-28 are incorporated by reference.

30. Admit that this is an action for declaratory judgment of invalidity of the '058 Patent.

31. Deny.

32. Admit that in its Complaint, VirtMove accuses HPE of infringing the '058 Patent.

VirtaMove denies the remaining allegations of this paragraph.

33. Admit that there is a case or controversy between the parties concerning alleged validity of the '058 Patent. Deny any other allegations in this paragraph.

34. Deny.

35. To the extent a response is required, VirtaMove denies that HPE is entitled to any relief from VirtaMove, much less the relief set forth in HPE's Relief Requested paragraph, at least because the claims of the '814 and '058 Patents are valid, enforceable, and infringed, either literally or under the doctrine of equivalents, by HPE. VirtaMove denies all of the allegations in subparagraphs A-G of HPE's Relief Requested.

## PRAYER FOR RELIEF

WHEREFORE, VirtaMove prays for the following relief with respect to HPE's counterclaims:

A. A judgment in favor of VirtaMove on all counterclaims asserted by HPE;

B. An adjudication that HPE is not entitled to any relief on its counterclaims, including, without limitation, any fine or damages; and

C. A dismissal with prejudice of HPE's counterclaims;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to VirtaMove its reasonable attorneys' fees against HPE;

E. VirtaMove's costs of suit against HPE; and

F. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

VirtaMove demands a trial by jury on all issues so triable.

Dated: May 7, 2024                                          Respectfully submitted,

By: */s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

6

**CERTIFICATE OF SERVICE**

I certify that on May 7, 2024, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

/s/ Reza Mirzaie
Reza Mirzaie