UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>            Plaintiff,<br><br>   v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>            Defendant. | Case No. 2:24-cv-00093-JRG<br><br>**(LEAD CASE)**<br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br><br>            Plaintiff,<br><br>   v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>            Defendant. | Case No. 2:24-cv-00064-JRG<br><br>(Member case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S RULE 12(b)(6)
PARTIAL MOTION TO DISMISS**

I. INTRODUCTION

Defendant Hewlett Packard Enterprise Company ("HPE") respectfully moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff VirtaMove Corp.'s ("VirtaMove") claims for past damages in the First Amended Complaint (Dkt. No. 40, hereinafter the "Amended Complaint"). The Amended Complaint alleges for the first time that VirtaMove is "entitled to past damages under 35 U.S.C. § 287." Dkt. 40 ¶¶ 21, 30. But, to recover past damages, VirtaMove must plead compliance with either the actual notice requirement or the constructive notice (marking) requirement of 35 U.S.C. § 287. *See Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.* (*Artic Cat II*), 950 F.3d 860, 864 (Fed. Cir. 2020). The Amended Complaint pleads neither.

First, VirtaMove does not assert that it provided HPE with actual notice. Nor could it; VirtaMove did not make any "specific charge" of infringement against HPE relating to either Asserted Patent before it filed this lawsuit, as required for actual notice. *Id*. Second, VirtaMove fails to plead that it provided constructive notice by marking its patented articles under 35 U.S.C. § 287. To the contrary, despite raising its own alleged patent-practicing product (AppZero software) in its Amended Complaint, VirtaMove fails to allege that it ever marked AppZero with any patent number.

Because VirtaMove fails to plead the elements necessary to claim past damages, those claims should be dismissed.

II. FACTUAL BACKGROUND

VirtaMove's Amended Complaint alleges that HPE infringes U.S. Patent Nos. 7,519,814 (the "'814 Patent") and 7,784,058 (the "'058 Patent") (collectively, the "Asserted Patents"). Dkt. 40 ¶ 1. The '814 Patent includes at least four claims relating to "[a] computing system for

**HPE'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS** – Page 1

performing a plurality of tasks." *See* Dtk. 40-1 at Cl. 31-34.[1]  All 18 claims of the '058 Patent are system claims.  *See* Dkt. 40-3 at Cl. 1-18 ("A computing system for executing a plurality of software applications comprising:").

VirtaMove's Amended Complaint pleads that its own AppZero software has included VirtaMove's "patented" technology for years.  Specifically, VirtaMove alleges that it met with representatives of HPE "between 2011-2019" for purposes of "investment, use, sale, and/or partnership" relating to AppZero, and that, in this timeframe, AppZero "was *patented*."  Dkt. 40 ¶ 11 (emphasis added).  VirtaMove then relies on these allegations to plead that HPE's Accused Products include the "patented AppZero technology" and that HPE was "willfully blind" to that "patented AppZero technology."  *Id.*  As such, VirtaMove affirmatively alleges for purposes of its own claims that the "patented AppZero technology" is coextensive with the Asserted Patents that the Accused Products allegedly infringe.  *Id.*

The Amended Complaint also asserts VirtaMove is "entitled to past damages under 35 U.S.C. § 287" for each Asserted Patent.  *See* Dkt. 40 ¶¶ 21, 30.  Despite VirtaMove's allegations regarding AppZero being "patented" by 2019, however, the Amended Complaint does not include any allegation whatsoever regarding whether it ever complied with the marking statute relating to these allegedly patented articles.

### III.   LEGAL STANDARD

#### A.   Pleading Requirements Under *Iqbal*/*Twombly*

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "A pleading that offers 'labels and conclusions' or 'a

---

[1] Claim 1 of the '814 also recites system language in the preamble: "In a system having a plurality of servers with operating systems that differ…." Dkt. 40-1 at Cl. 1.

formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court need not accept as true legal conclusions couched as factual allegations. *Id.* Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The complaint must establish more than a "sheer possibility" that the plaintiff's claims are true, *id.*, and must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255–257 (5th Cir. 2009).

### B.     Marking Statute

"The patentee bears the burden of pleading and proving he complied with § 287(a)" by providing the requisite notice. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc. (Arctic Cat I)*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). To satisfy the notice requirements of § 287(a), a patentee who makes or sells patented articles must either provide actual notice—*i.e.*, an "affirmative communication of a specific charge of infringement by a specific accused product or device"—or constructive notice—i.e., marking of the patented products. *Arctic Cat II*, 950 F.3d at 864; 35 U.S.C. § 287(a). A patentee with patented articles that fails to comply with the marking statute bears the consequences—"he is not entitled to damages before the date of actual notice." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021). Specifically, if "a patentee makes or sells a patented article and fails to mark in accordance with § 287, the patentee cannot collect damages until it either begins providing notice or sues the alleged infringer—the ultimate form of notice—and then only for the period after notification or suit has occurred." *Arctic Cat II*, 950 F.3d at 864.

There are two exceptions to the notice provisions of § 287. They "do not apply to patents

merely directed to processes or methods," or to "a patentee who never makes or sells a patented article." *Arctic Cat II*, 950 F.3d at 864; *see also Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1332 (Fed. Cir. 2010).  If a patent includes both apparatus and method claims, however, "the marking requirement applies to all claims."  *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012); *see also Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*, Case No. 16-cv-52-JRG-RSP, 2017 WL 4183103, at *1 (E.D. Tex. Sept. 4, 2017) ("When a patentee sues for infringement of [] a patent [that includes both method and device claims], but asserts only a method claim, the patentee should be precluded from pre-suit damages, absent actual notice of infringement, if 'there is a tangible item to mark by which notice of the asserted method claims can be given.'"); *American Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1539 (Fed. Cir. 1993) (finding marking was required to recover past damages where "both apparatus and method claims of the [asserted] patent were asserted and there was a physical device produced by the claimed method that was capable of being marked").

IV.     **ARGUMENT**

VirtaMove has failed to meet its burden to plead compliance with § 287(a), and its requests for past damages with respect to each of the Asserted Patents should be dismissed.

***First***, the Amended Complaint fails to plead that HPE had actual notice of VirtaMove's infringement claims prior to VirtaMove filing this lawsuit on February 9, 2024.  Actual notice requires an "affirmative act" by the patentee, who must provide the accused infringer with a *specific charge of infringement.  Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) (citing *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)) ("For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership. Actual notice requires the affirmative communication of a specific charge of infringement."). Here, VirtaMove does not assert that it ever took any affirmative actions to

provide HPE with a "specific charge" of infringement prior to filing this lawsuit.

The Amended Complaint's only allegations of pre-suit communications between VirtaMove and HPE relate to purported meetings "for purposes of investment, use, sale, and/or partnership" relating to VirtaMove's AppZero product, allegedly occurring between 2011 and 2019. Dkt. 40 ¶ 11. Such allegations are insufficient as a matter of law to establish actual notice. VirtaMove does not assert that it identified the "existence" of *any* patents in the alleged meetings, much less a "specific charge" of infringement, as required. *Amstead*, 24 F.3d at 187; *Arctic Cat II*, 950 F.3d at 864.

*Second*, VirtaMove fails to set forth any facts in the Amended Complaint to state a claim that VirtaMove provided constructive notice through marking. The Amended Complaint, if taken as true, only confirms that VirtaMove was required to comply with § 287(a) and that neither exception to compliance applies. *Cf. Arctic Cat II*, 950 F.3d at 864 (notice provisions "do not apply to patents merely directed to processes or methods," or to "a patentee who never makes or sells a patented article").

Specifically, the Asserted Patents include system claims, not just method claims; in fact, the '058 Patent includes only system claims and the '814 Patent includes at least four system claims, including independent system Claim 31 that VirtaMove has asserted against HPE. Moreover, VirtaMove itself alleges that it makes or sells patented articles, namely its AppZero software. In fact, VirtaMove affirmatively injects the assertion that "AppZero was patented" in its allegations that HPE's Accused Products practice the same "patented AppZero technology" and that HPE was "willfully blind" to the AppZero "patented" technology. Dkt. 40 ¶ 11.

Despite the straightforward applicability of § 287(a), VirtaMove's Amended Complaint never once alleges that it has complied with its obligations under that statute. Rather, VirtaMove

invokes its own allegedly patented articles for purposes of its claims against HPE without complying with its corresponding burden to plead compliance with the marking statute related to those same allegedly patented articles. The consequence of that decision is that VirtaMove has not satisfied its burden to plead compliance with the marking requirements, *Arctic Cat I*, 876 F.3d at 1366, and, accordingly, VirtaMove cannot collect damages before its February 9, 2024 original complaint. *Arctic Cat II*, 950 F.3d at 864; *Lubby Holdings*, 11 F.4th at 1359 ("If a patentee who makes, sells, offers for sale, or imports his patented articles has not 'given notice of his right' by marking his articles pursuant to the patent marking statute, he is not entitled to damages before the date of actual notice.").

## V. CONCLUSION

VirtaMove's representations in the Amended Complaint establish that it was required to plead compliance with § 287(a), but VirtaMove failed to plead either actual notice or compliance with the marking provisions of § 287(a). Accordingly, HPE respectfully requests that the Court grant its motion to dismiss the Amended Complaint's claims for past damages related to the Asserted Patents.

| | |
|---|---|
| Dated: June 7, 2024 | */s/ Jennifer H. Doan* |
| | Jennifer H. Doan |
| | Texas Bar No. 08809050 |
| | Joshua R. Thane |
| | Texas Bar No. 24060713 |
| | HALTOM & DOAN |
| | 6500 Summerhill Road, Suite 100 |
| | Texarkana, TX  75503 |
| | Telephone:  (903) 255-1000 |
| | Facsimile:  (903) 255-0800 |
| | Email:  jdoan@haltomdoan.com |
| | Email: jthane@haltomdoan.com |
| | |
| | Katharine Burke (Lead Attorney) |
| | DC Bar Number: 985333 |
| | Katharine.burke@bakerbotts.com |
| | BAKER BOTTS L.L.P. |
| | 700 K Street, N.W. |
| | Washington, DC 20001-5692 |
| | Tel: (202) 639-7700 |
| | Fax: (202) 639-7890 |
| | |
| | Douglas M. Kubehl |
| | Texas Bar No. 00796909 |
| | Doug.kubehl@bakerbotts.com |
| | Morgan Mayne |
| | Texas Bar No. 24084387 |
| | Morgan.mayne@bakerbotts.com |
| | Emily Deer |
| | Texas Bar No. 24116352 |
| | Emily.deer@bakerbotts.com |
| | BAKER BOTTS L.L.P. |
| | 2001 Ross Avenue, Suite 900 |
| | Dallas, TX 75201-2980 |
| | Tel: (214) 953-6500 |
| | Fax: (214) 953-6503 |

>David Lien (*pro hac vice*)
>California Bar No. 313754
>David.lien@bakerbotts.com
>**BAKER BOTTS L.L.P.**
>1001 Page Mill Road, Building One, Suite 200
>Palo Alto, CA 94304-1007
>Tel: (650) 739-7563
>Fax: (650) 739-7663
>
>***ATTORNEYS FOR DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY***

<u>**CERTIFICATE OF SERVICE**</u>

 I hereby certify that on June 7, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

>*/s/ Jennifer Doan*
>Jennifer Doan