# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

## **PROTECTIVE ORDER**

WHEREAS, Plaintiff VirtaMove, Corp. ("Plaintiff") and Defendants Hewlett Packard Enterprise Co. ("HPE") and International Business Machines Corp. ("IBM") (HP and IBM collectively, "Defendants"), each a "Party" and hereafter together referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands in the above-captioned case (the "Action") by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential – Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL –

2

provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the

---

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE," both individually and collectively.

following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court:

(a)   outside counsel of record in this Action for the Parties;

(b)   employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)   in-house counsel for the Parties (including such in-house counsel's immediate paralegals and staff) who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)   up to and including 3 designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)   outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:

(1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with (i) the individual's name and business title; (ii) business address; (iii) business or profession; (iv) a current curriculum vitae; (v) any previous or current relationship (personal or professional) with any Party; (vi) a list of other cases in which the individual has testified (at trial or deposition) within the last five (5) years; and (vii) all patents or patent applications in which the individual is identified as an inventor, applicant, is involved in prosecuting or maintaining, or has any pecuniary interest at least ten (10) days before access to the Protected Material is to be given to that consultant or expert, to allow the producing Party to notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Producing party shall have five (5) business days to object to and notify the Receiving party in writing. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

    (f)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

    (g)    the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated "CONFIDENTIAL" is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing

5

in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL – SOURCE CODE."

9. For Protected Material designated "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client. However, for Protected Material designated "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY" that is produced by IBM in the above-captioned matters or by VirtaMove in the IBM matter (Case No. 2:24-cv-00064-JRG), access to, and disclosure of, such Protected Material shall be limited to only the individuals listed in paragraphs 5(a-b) and (e-g).

10. For Protected Material designated "RESTRICTED CONFIDENTIAL – SOURCE CODE," the following additional restrictions apply:

    (a) Access to a Party's Source Code Material shall be provided only on one "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) (the "Source Code Computer"). The Source Code Computer may only be located at a mutually-agreed upon office of the producing Party's outside counsel, or at another location mutually agreed by the Parties. The receiving Party's representative may take notes but is prohibited from circumventing the limitations of this Protective Order through notetaking, *e.g.*, by transcribing code. The producing Party shall also be entitled to visually monitor the receiving Party's activities in the Source Code Material viewing room from outside such room, through a glass wall or window, so long as the producing Party cannot hear the receiving Party or see the contents of the receiving Party's notes or the display of the Source Code Computer and only to ensure that the provisions of this Order are being adhered to. The producing Party may not record (visually, audibly or by other means) the activities of the receiving Party's representatives. The producing Party shall not review any notes taken. The receiving Party shall maintain a log of all persons accessing the Source Code Material on the Source Code Computer on behalf of a receiving Party identifying, for each and every time any source code is viewed, accessed, or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; and (3) the date and time at which such access ended; the producing

6

Party shall have the right to confirm the identities of persons accessing such Source Code Material by inspecting and photocopying government-issued photo identification for inclusion in such log. No one inspecting Source Code Material is permitted in the Source Code Material viewing room while in possession of any electronic device or device capable of receiving, recording, or retransmitting any electronic signals (as further detailed in paragraph 10(m) below). To facilitate expert trial preparation, the Parties may inspect Source Code up through the close of expert discovery, and subsequent inspection may occur up through trial with the consent of the producing Party, whose consent shall not be unreasonably withheld. For purposes of clarity, this is not an agreement to allow a Party to print source code after the close of fact discovery or to supplement an expert report based on continued inspection of Source Code after the close of fact discovery;

(b) The receiving Party's access to Source Code Material shall be limited to outside counsel and up to 2 outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) in the HPE case and up to 4 outside consultants in the IBM case retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. Prior to the first inspection of any requested Source Code Material, the receiving Party shall provide ten (10) business days' notice of the Source Code Material that it wishes to inspect. The receiving Party shall provide three (3) business days' notice prior to any additional inspection. When requesting inspection of a Party's Source Code Material, the receiving Party shall identify the person permitted above who will inspect the producing Party's Source Code Material on behalf of a receiving Party, including without limitation members of a receiving Party's outside law firm;

(c) The receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer to normal business hours of the location, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. on business days (i.e., weekdays that are not federal holidays). However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Source Code Computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or any location agreed to under paragraph 10(a) above shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(d) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other clerical staff (*i.e.*, those individuals not engaged in the substantive review of Source Code Material). But each such report or staff who substantively reviews the Source Code Material will be subject to the disclosure requirements of Paragraph 5(e) above and will count as a separate consultant/expert.

produced Source Code Material on the Source Code Computer. The producing Party shall also provide a mouse, full-sized keyboard, and a separate monitor of at least 22 inches in size to be connected to the Source Code Computer upon the timely request of the receiving Party;

(e) The producing Party will produce Source Code Material in computer searchable format on the Source Code Computer as described above, and the producing Party and receiving Party will meet and confer regarding acceptable and non-burdensome search and analysis software tools appropriate for the type of Source Code Material being produced, provided, however, that the receiving Party possesses an appropriate license to such software tools. The receiving Party must provide the producing Party with the CD, or DVD or website link(s) containing the agreed-upon requested software tool(s) to be installed on the Source Code Computer no later than five (5) business days before the review. The producing Party shall install and make the agreed-upon requested software tools available for use on the Source Code Computer provided that the agreed-upon requested search software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on the Source Code Computer, does not prevent or impede the receiving Party's access to the Source Code Material produced for inspection on Source Code Computer and does not side-step any of the security features enabled on a Source Code Computer;

(f) The receiving Party shall be permitted to have printed by the producing Party a reasonable number of printouts of Source Code Material and up to 3 extra photocopy sets of the printed Source Code Material, reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, depositions, or trial. Except as provided herein, no person shall copy, e-mail, transmit, upload, download, print, photograph, or otherwise duplicate any portion of the designated Source Code Material. The receiving Party shall request to have printed only such limited portions of the Source Code Materials and shall not request paper copies for the purpose of reviewing Source Code Material. In no event may the receiving Party request to have printed more than 20 consecutive pages, or more than 500 standard pages total, of Source Code Material without prior written approval of the producing Party.[3] The receiving Party's reviewers will be permitted to format printouts (*e.g.* the color and font of text generated in NotePad++ printouts), and to save PDF printouts to a folder on the desktop of the Source Code Computer for printing by the producing Party. Upon the receiving Party's request to have printed any portions of Source Code Material, such request shall be printed and collected by the producing Party. The producing Party shall Bates number, copy and label "RESTRICTED CONFIDENTIAL - SOURCE CODE" any pages printed at the request of the receiving Party, and either 1) make the printed pages available for pickup at the location for source code inspection within 3 business days of printing

---

[3] HPE and IBM only agree to this provision for the above-captioned case given the facts and circumstances of the above-captioned case, and HPE and IBM do not concede that this is an acceptable number in all cases.

8

or 2) delivered the printed pages to the receiving Party within four (4) business days of printing, at the option of the receiving Party. If, following its inspection, the receiving Party believes in good faith that it requires modifications to the page limits herein, the Parties shall make good-faith efforts to resolve the dispute, and failing such resolution, the receiving Party may move the Court for relief;

(g) A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (collectively, "Court Documents"), provided that the Source Code Documents are appropriately designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE" under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(h) To the extent portions of Source Code Material are quoted in a Court Document, either (1) the entire Court Document will be stamped and treated as "RESTRICTED CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "RESTRICTED CONFIDENTIAL – SOURCE CODE";

(i) No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create Court Documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(j) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(k) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (1) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (2) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (3) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition). Source Code Material, in whatever form, including as an excerpt or in notes, shall not be transmitted (*e.g.*, by email) or taken outside the territorial United States or be made the subject of a "deemed" export within the meaning of US export control laws, without the express prior written consent of the producing Party;

(l) A producing Party's Source Code Material may only be transported by the receiving

Party at the direction of a person authorized under paragraph 10(b) above to another person authorized under paragraph 10(b) above, via hand carry, Federal Express or other similarly reliable courier with tracking, except as provided in paragraph 10(k) above. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet; and

(m) A receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code material onto any recordable media or recordable device. The receiving Party is prohibited from bringing electronic devices (other than medical devices) into the Source Code Material viewing room, including but not limited to laptops, cellular phones, thumb drives, hard drives, tape drives, modems, modem cards, floppy drives, zip drives, cameras, voice recorders, or any other electronic device.  A separate, secure, and substantially private breakout room convenient to the review room will be provided where the receiving Party's reviewer may store their electronic devices prior to entering the Source Code Material viewing room.

(n) To facilitate secure electronic note-taking, the producing Party shall provide a separate "stand-alone" laptop (the "Note-taking Laptop") located in Source Code Material viewing room. The Note-taking Laptop shall be equipped with Microsoft Word and Microsoft OneNote, or (after reasonable notice to the reviewing Party) equivalent software. The parties shall meet and confer if any other note taking software is requested for use on the Note-taking Laptop, and such request shall not be unreasonably withheld. The producing Party shall provide for any reviewer to load notes, including electronic documents, onto the note-taking laptop prior to a review session and to retrieve notes from the note-taking laptop after a review session, for example by supervised use of a USB storage device.  The receiving Party may not copy entire lines[4] or commands of the Source Code Material into the notes.  Any notes taken and removed from the Note-taking Laptop by the Receiving Party may only be accessed or viewed by those who are entitled to have access to Source Code Material as specified herein. The producing Party is entitled to inspect the filenames and file types of all files loaded onto or removed from the Note-taking Laptop at the time of loading or removal, but not the contents of the notes.  Such inspection is agreed not to be a waiver of any privilege.

(o) At the request of a Receiving Party with 7 days of notice, a Producing Party shall make the Producing Party's source code available on a computer, in searchable form, at a depositions of any of the Producing Party's following witnesses: 1) Producing Party's employees who have access to source code in the ordinary course of business 2) Producing Party's corporate representatives designated on one or more topics related to source code 3) Producing Party's experts who opine on topics related to source code.

---

[4] This is not intended to prohibit taking notes that overlap with very short lines of code, such as the names of variables, method calls, or return instructions.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the Party's Protected Material that is designated as "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE" (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one (1) year after its conclusion, including all appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between any individuals with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application (or participate in or assist with claim amendments of any patent) pertaining to the field of invention of the patents-in-suit during the period of time when these prohibitions remain in effect. To avoid any doubt, this paragraph does not restrict any recipient(s) of HIGHLY SENSTIVE MATERIAL's ability to participate in a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, or other form of post-grant review.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or

other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (a) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (b) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (c) although not identified as an author, addressee,

or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (d) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (e) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (f) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (g) court reporters and videographers; (h) the Court; or (*i*) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to

the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any agreement among the parties, subject to any pretrial or trial order issued by this Court, and subject to the Standing Order Regarding Protection of Proprietary and/or Confidential Information to be Presented to the Court During Motion and Trial Practice dated June 1, 2016.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this

Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties," and each a "Third Party") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. The provisions of this Order shall continue to be binding after final termination of this case until a producing Party agrees otherwise in writing or a court order otherwise directs. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been

admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and their attorney work product which refers or is related to any DESIGNATED MATERIAL, and will continue to be bound by this Order after the conclusion of this Action. This provision does not apply to the Court, including court personnel and the Court's reporter. Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a receiving Party's business operations.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate

this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

1

will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4.  Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____