# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP.,<br>　　　　Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:24-cv-00093-JRG<br>(Lead Case)<br><br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br>　　　　Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:24-CV-00064-JRG<br>(Member Case)<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF VIRTAMOVE, CORP.'S PARTIAL MOTION TO DISMISS**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION .................................................................................................. | 1 |
| II. | FACTUAL BACKGROUND ................................................................................. | 1 |
| III. | LEGAL STANDARD ............................................................................................ | 2 |
| IV. | ARGUMENT .......................................................................................................... | 4 |
| V. | CONCLUSION ....................................................................................................... | 6 |

i

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................. 3

*ATD Corp. v. Lydall, Inc.*,
  159 F.3d 534 (Fed. Cir. 1998) ........................................................................................ passim

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................. 2

*Church & Dwight Co., Inc. v. Abbott Laboratories*,
  2008 WL 2565548 (D.N.J. 2008) ......................................................................................... 4, 5

*Exergen Corp. v. Wal-Mart Stores, Inc.*
  575 F.3d 1312 (Fed. Cir. 2009) ............................................................................................ 3, 6

*Regeneron Pharms., Inc. v. Merus N.V.*,
  864 F.3d 1343 (Fed. Cir. 2017) ......................................................................................... 4, 5, 6

*Regents of the Univ. of Calif. v. Eli Lilly & Co.*,
  119 F.3d 1559 (Fed. Cir. 1997) ............................................................................................... 4

*Therasense, Inc. v. Becton, Dickinson and Co.*,
  649 F.3d 1276 (Fed. Cir. 2012) ...................................................................................... 3, 4, 5, 6

**Rules**

37 C.F.R. § 1.56 ............................................................................................................................. 5

I.       INTRODUCTION

Plaintiff VirtaMove, Corp. ("VirtaMove") hereby files this motion to dismiss the inequitable conduct counterclaim 5 of International Business Machines Corp.'s ("IBM") Answer, Affirmative Defenses, and Counterclaims. Dkt. 49.

Counterclaim 5 seeks a declaratory judgment of unenforceability based on the theory that the applicants for U.S. Patent No. 7,519,814 (the "'814 Patent") failed to disclose information from a European Patent Office examination to the USPTO during prosecution of the '814 Patent. IBM alleges that the applicant failed to disclose four EPO office actions and Applicant's responses—none of which qualify as prior art. Dkt. 49 at ¶¶ 77, 79, 87-89, 91-93, 98, 103-106, 114, 117. This correspondence discussed rejections based on a prior art reference (Schaefer).  IBM concedes that the applicant timely submitted the underlying prior art Schaefer reference to the USPTO. *See, e.g.*, Dkt. 49 at 86. As discussed herein, IBM's counterclaim of inequitable conduct should be dismissed because the applicant discharged its duty when it submitted Schaefer to the USPTO, and the law makes clear that there is no duty to disclose the non-prior art correspondence with the EPO. *See ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 547 (Fed. Cir. 1998).

II.      FACTUAL BACKGROUND

IBM's Answer alleges unenforceability due to inequitable conduct during the prosecution of the '814 Patent. Dkt. 49 at ¶¶ 76-118.

The '814 Application was filed with the USPTO on September 13, 2004. Dkt. 49 at ¶ 83. On September 15, 2004, applicants filed a European counterpart application to the '814 Patent (Application No. 04021916), which published as EP1515229 on March 16, 2005 (collectively, the "European Counterpart Application"). *Id.* at ¶ 84. On September 7, 2005, the European Patent

Office ("EPO") issued a search report, which identified U.S. Publication No. 2002/174215 A1 ("Schaefer") as relevant prior art. *Id.* at ¶ 85.

The applicants timely disclosed the Schaefer prior art reference to the USPTO on October 17, 2005, when the applicants submitted an Information Disclosure Statement ("IDS"). Dkt. 49-13 at 63–65. The Examiner considered and signed off on the Schaefer reference on May 21, 2008. *Id.* at 284.

IBM's Counterclaim alleges that during prosecution of the '814 Application, the applicant failed to submit a series of EPO rejections and Applicant responses from the European Counterpart Application. *See* Dkt. 49 at ¶ 101. Specifically, IBM alleges that the applicant failed to disclose the EPO's May 5, 2006 rejection in view of Schaefer ("EPO's First Rejection"); the Applicant's August 18, 2006 reply to the EPO's First Rejection; the EPO's November 23, 2007 rejection in view of Schaefer ("EPO's Second Rejection"); the Applicant's March 31, 2008 reply to the EPO's Second Rejection; the EPO's June 3, 2008 rejection in view of Schaefer ("EPO's Third Rejection"); the Applicant's October 2, 2008 reply to the EPO's Third Rejection; and the EPO's January 26, 2009 rejection in view of Schaefer ("EPO's Fourth Rejection") (collectively, the "EPO correspondence"). Dkt. 49 at ¶¶ 87-89, 92-93, 96, 98.

Thus, IBM's counterclaim grounds are limited to the applicant's purported failure to disclose four EPO office actions and Applicant responses. However, the law makes clear that there is no duty to disclose such correspondence with the EPO. *See ATD Corp.*, 159 F.3d at 547.

### III. LEGAL STANDARD

A motion to dismiss is proper where the complainant fails to allege a cognizable legal theory or where there is an absence of sufficient facts alleged under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading must "contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In pleading inequitable conduct in patent cases, Federal Rule of Civil Procedure 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

"To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO . . . . by clear and convincing evidence." *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2012). The materiality required to establish inequitable conduct is but-for materiality. *Therasense*, 649 F.3d at 1291. When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art. *Id.*

The Federal Circuit has stated that an applicant need not disclose commentary regarding a disclosed prior art reference:

> Although international search reports may contain information material to patentability if they contain closer prior art than that which was before the United States examiner, it is the reference itself, not the information generated in prosecuting foreign counterparts, that is material to prosecution in the United States. The details of foreign prosecution are not an additional category of material information.

*ATD Corp.*, 159 F.3d at 547 (affirming summary judgment of no inequitable conduct because allegedly omitted prior art reference in a divisional application was disclosed in parent application and ruling that there was no duty to disclose documents in PCT application that related to the particular prior art reference);[1] *Church & Dwight Co., Inc. v. Abbott Laboratories*, 2008 WL

---

[1] *Therasense* subsequently **raised** the existing standard for proving inequitable conduct. *Therasense*, 649 F.3d at 1288–90.

3

2565548, at *5 (D.N.J. 2008) (denying accused infringer's motion to raise inequitable conduct based on the patentee failure to disclose to the PTO papers generated by the EPO in a revocation proceeding, where the art underlying the revocation proceedings had been disclosed).

A reference is not but-for material if it is merely cumulative. *Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1350 (Fed. Cir. 2017). A reference is cumulative when it "teaches no more than what a reasonable examiner would consider to be taught by the prior art already before the PTO." *Id.* (citing *Regents of the Univ. of Calif. v. Eli Lilly & Co.*, 119 F.3d 1559, 1575 (Fed. Cir. 1997)).

In addition to proving the materiality of withheld references, "the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO." *Therasense*, 649 F.3d at 1290. "[A] court must weigh the evidence of intent to deceive independent of its analysis of materiality. Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Id.* In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant *made a deliberate decision* to withhold a *known* material reference." *Id.*

**IV.   ARGUMENT**

IBM has failed to meet its burden to plead inequitable conduct, and its request for a declaration of unenforceability of the '814 Patent should be dismissed.

IBM's theory fails as a matter of law because there is no duty to submit foreign prosecution correspondence regarding the Schaefer prior art when the applicant submitted the underlying Schaefer prior art. *ATD Corp.*, 159 F.3d at 547 ( "Nor was ATD required to submit the documents relating to Sendzimir in the record of the PCT application, when Sendzimir was already of record

4

in the United States parent application."); *Church*, 2008 WL 2565548 at *4–5 ("the underlying information might be material to the patent examiner, but the ruling itself would not.").

IBM concedes that the applicant submitted the underlying Schaefer prior art discussed in the EPO correspondence to the USPTO in its October 17, 2005 IDS. Dkt. 49 at ¶¶ 85-86. Therefore, IBM's counterclaim hinges on the applicant's non-disclosure of only EPO correspondence regarding Schaefer. Dkt. 49 at ¶¶ 77, 79, 87-89, 91-93, 98, 103-106, 114, 117. However, the law makes clear that there is no such duty to submit commentary about prior art when the applicant submits the underlying prior art. *ATD Corp.*, 159 F.3d at 547. The EPO correspondence is not itself prior art and thus cannot itself be used in a rejection under 35 U.S.C. §§ 102 or 103, so it is not material.

The EPO correspondence discussing Schaefer is, at best, inherently cumulative of the underlying Schaefer prior art that was submitted to the USPTO. *Regeneron*, 864 F.3d at 1350. The Examiner had the underlying Schaefer reference and all that it disclosed.

Because there is no duty to submit foreign prosecution that is not prior art, the applicant discharged its duty when it submitted the underlying Schaefer prior art in the October 17, 2005 IDS. *See* 37 C.F.R. § 1.56 ("the duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability . . . was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98. . . . [t]he Office encourages applicants to carefully examine . . . [p]rior art cited in search reports of a foreign patent office in a counterpart application."). By submitting the Schaefer prior art, the applicant fulfilled its duty of disclosure.

In addition to proving the materiality of withheld references, "the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO." *Therasense*, 649 F.3d at

1290 ("In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant *made a deliberate decision* to withhold a *known* material reference."). Because there was no duty to disclose the EPO correspondence, it is not even plausible that the inventors attempted to deceive the USPTO by not submitting something that they never had a duty to submit. There was no Schaefer-related fact that the USPTO was *deceived* about; the USPTO had Schaefer and its entire disclosure. It is not possible for the applicant to have intended to deceive the USPTO about what Shaefer does/does not teach by submitting Schaefer for consideration.

V.   **CONCLUSION**

IBM has failed to plead "how" and "why" the EPO correspondence about Schaefer was material and noncumulative over the submitted Shaefer reference. *Exergen*, 575 F.3d at 1327 (requiring pleading of "how" and "why"); *Therasense*, 649 F.3d at 1291 (requiring materiality). The law is clear that there is no legal duty to submit such commentary about prior art when the underlying prior art is itself disclosed. *ATD Corp.*, 159 F.3d at 547. There appears to be no way for IBM to plead under Rule 11 that a discussion of a reference is noncumulative of the reference itself. *Regeneron*, 864 F.3d at 1350. IBM cannot salvage this theory by pleading more details, so any amendment will be futile.

For these reasons, VirtaMove respectfully request that the Court not only dismiss IBM's counterclaim of inequitable conduct, but do so *with prejudice, without leave to amend*.


Dated: July 5, 2024              Respectfully submitted,


                                 By: */s/ Daniel B. Kolko*

                                 Reza Mirzaie (CA SBN 246953)
                                 rmirzaie@raklaw.com
                                 Marc A. Fenster (CA SBN 181067)

6

mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on July 5, 2024.

*/s/ Daniel B. Kolko*
Daniel B. Kolko
