# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | Case No.  2:24-cv-00093-JRG <br><br> **(LEAD CASE)** <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendant. | Case No. 2:24-cv-00064-JRG <br><br> (Member case) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**I.     INTRODUCTION**

For the same reasons set forth in its Motion to Dismiss VirtaMove's First Amended Complaint (Dkt. No. 50), Defendant Hewlett Packard Enterprise Company ("HPE") once again respectfully moves to dismiss VirtaMove's claims for past damages in the Second Amended Complaint (Dkt. No. 63). VirtaMove failed to address or cure the pleading defects in HPE's prior motion to dismiss (Dkt. No. 50), and instead elected to file a "Second Amended" Complaint, at issue herein, with changes that contradict VirtaMove's other allegations and exacerbate the pleading deficiencies.

Specifically, as HPE previously explained, the First Amended Complaint alleged for the first time that VirtaMove is "entitled to past damages under 35 U.S.C. § 287." Dkt. 40 ¶¶ 21, 30. But, as addressed in HPE's motion to dismiss that complaint (Dkt. 50), to recover past damages, VirtaMove must plead compliance with either the actual notice requirement or the constructive notice (marking) requirement of 35 U.S.C. § 287. *See Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.* (*Artic Cat II*), 950 F.3d 860, 864 (Fed. Cir. 2020). VirtaMove's Second Amended Complaint, like its First Amended Complaint, fails to plausibly plead either. *Compare* Dkt. 40 ¶¶ 21, 31, *with* Dkt. 63 ¶¶ 21, 31.

First, VirtaMove does not assert that it provided HPE with actual notice. Nor could it; VirtaMove did not make any specific charge of infringement against HPE relating to either Asserted Patent before it filed this lawsuit, as required for actual notice. *Id*. Second, VirtaMove fails to state a plausible claim that it provided constructive notice by marking its patented articles under 35 U.S.C. § 287. To the contrary, despite raising its own alleged patent-practicing product (AppZero software) in its Second Amended Complaint, VirtaMove fails to allege that it ever marked AppZero with any patent number. Instead, VirtaMove makes conclusory allegations that it has complied with § 287 because, in the alternative, either (a) "no requirement for marking

applies" or (b) a non-identified VirtaMove product "was marked" at some non-specific time "before the filing of this lawsuit." Dkt. 63 ¶¶ 21, 30. Those allegations, however, either directly contradict or simply ignore other specific facts alleged in VirtaMove's own pleading about its patent-practicing products.

Because VirtaMove fails to plead sufficient facts that, if accepted as true, state a claim for past damages that is plausible on its face, that claim should be dismissed.

## II.   FACTUAL BACKGROUND

VirtaMove's Second Amended Complaint alleges that HPE infringes U.S. Patent Nos. 7,519,814 (the "'814 Patent") and 7,784,058 (the "'058 Patent") (together, the "Asserted Patents"). Dkt. 63 ¶ 1. The '814 Patent includes at least four claims relating to "[a] computing system for performing a plurality of tasks." *See* Dkt. 63-1 at Cl. 31-34.[1] All 18 claims of the '058 Patent are system claims. *See* Dkt. 63-3 at Cl. 1-18 ("A computing system for executing a plurality of software applications comprising:").

VirtaMove's Second Amended Complaint (like its First) pleads that its own AppZero software has included VirtaMove's "patented" technology for years. Specifically, VirtaMove alleges that it met with representatives of HPE "between 2011-2019" for purposes of "investment, use, sale, and/or partnership" relating to AppZero, and that, in this timeframe, AppZero "was *patented*." Dkt. 63 ¶ 11 (emphasis added). VirtaMove then relies on these allegations to plead that HPE's Accused Products include the "patented AppZero technology" and that HPE was "willfully blind" to that "patented AppZero technology." *Id.* As such, VirtaMove affirmatively alleges for purposes of its own claims that the "patented AppZero technology" is coextensive with

---

[1] Claim 1 of the '814 also recites system language in the preamble: "In a system having a plurality of servers with operating systems that differ…." Dkt. 63-1 at Cl. 1.

**HPE'S PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT – Page 2**

the Asserted Patents that the Accused Products allegedly infringe.  *Id.*

The Second Amended Complaint also asserts in conclusory fashion that VirtaMove is "entitled to past damages under 35 U.S.C. § 287" for each Asserted Patent.  *See* Dkt. 63 ¶¶ 21, 30.  VirtaMove specifically alleges, in the alternative, that "either VirtaMove's product was marked before the filing of this lawsuit, or no requirement for marking applies."  *Id.*  But the Second Amended Complaint—like the First Amended Complaint—never alleges that the allegedly patent-practicing AppZero articles were ever marked, much less for the entire alleged past damages period.  Nor does the Second Amended Complaint ever explain how it is possible that "no requirement for marking applies" when VirtaMove itself alleges that AppZero was "patented" by 2019, during the alleged past damages period.

## III.   LEGAL STANDARD

### A.   Pleading Requirements Under *Iqbal*/*Twombly*

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The Court need not accept as true legal conclusions couched as factual allegations.  *Id.*  Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  The complaint must establish more than a "sheer possibility" that the plaintiff's claims are true, *id.*, and must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255–257 (5th Cir. 2009).

### B. Marking Statute

"The patentee bears the burden of pleading and proving he complied with § 287(a)" by providing the requisite notice. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc. (Arctic Cat I)*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). To satisfy the notice requirements of § 287(a), a patentee who makes or sells patented articles must either provide actual notice—*i.e.*, an "affirmative communication of a specific charge of infringement by a specific accused product or device"—or constructive notice—*i.e.*, marking of the patented products. *Arctic Cat II*, 950 F.3d at 864; 35 U.S.C. § 287(a). A patentee with patented articles that fails to comply with the marking statute bears the consequences—"he is not entitled to damages before the date of actual notice." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021). Specifically, if "a patentee makes or sells a patented article and fails to mark in accordance with § 287, the patentee cannot collect damages until it either begins providing notice or sues the alleged infringer—the ultimate form of notice—and then only for the period after notification or suit has occurred." *Arctic Cat II*, 950 F.3d at 864.

There are two exceptions to the notice provisions of § 287. They "do not apply to patents directed to processes or methods," or to "a patentee who never makes or sells a patented article." *Id.*; *see also Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1332 (Fed. Cir. 2010). If a patent includes both apparatus and method claims, however, "the marking requirement applies to all the claims." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012); *see also Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*, Case No. 16-cv-52-JRG-RSP, 2017 WL 4183103, at *1 (E.D. Tex. Sept. 4, 2017) ("When a patentee sues for infringement of [] a patent [that includes both method and device claims], but asserts only a method claim, the patentee should be precluded from pre-suit damages, absent actual notice of infringement, if 'there is a tangible item to mark by which notice of the asserted method claims can be given.'"); *American Med. Sys.*

*v. Med. Eng'g Corp.*, 6 F.3d 1523, 1539 (Fed. Cir. 1993) (finding marking was required to recover past damages where "both apparatus and method claims of the [asserted] patent were asserted and there was a physical device produced by the claimed method that was capable of being marked").

## IV.   ARGUMENT

VirtaMove has failed to meet its burden to plausibly plead compliance with § 287(a), and its requests for past damages with respect to each of the Asserted Patents should therefore be dismissed.

### A.   VirtaMove's Past Damages Claim Cannot Be Predicated on Actual Notice

The Second Amended Complaint fails to plead that HPE had actual notice of VirtaMove's infringement claims prior to VirtaMove filing this lawsuit on February 9, 2024.  Actual notice requires an "affirmative act" by the patentee, who must provide the accused infringer with a *specific charge of infringement*.  *Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) (citing *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)) ("For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership. Actual notice requires the affirmative communication of a specific charge of infringement.").  Here, VirtaMove does not assert that it ever took any affirmative actions to provide HPE with a "specific charge" of infringement prior to filing this lawsuit.

The Second Amended Complaint's only allegations of pre-suit communications between VirtaMove and HPE relate to purported meetings "for purposes of investment, use, sale, and/or partnership" relating to VirtaMove's AppZero product, allegedly occurring between 2011 and 2019.  Dkt. 63 ¶ 11.  Such allegations are insufficient as a matter of law to establish actual notice.  VirtaMove does not assert that it identified the "existence" of *any* patents in the alleged meetings, much less a "specific charge" of infringement, as required.  *Amsted*, 24 F.3d at 187; *Arctic Cat II*, 950 F.3d at 864.

### B. VirtaMove's Inconsistent Pleadings Do Not Result in a Plausible Claim for Past Damages Based on Marking

Because VirtaMove fails to plead actual notice, it must plead compliance with § 287(a)'s marking requirement to state a claim for past damages.[2] *Arctic Cat II*, 950 F.3d at 864; 35 U.S.C. § 287(a). But VirtaMove's self-contradictory allegations in the Second Amended Complaint are simply not sufficient to plausibly plead compliance with the marking requirement, and the Court should therefore dismiss VirtaMove's claims for past damages.

Specifically, VirtaMove's allegations relating to marking directly contradict other allegations in the Second Amended Complaint regarding HPE's alleged knowledge of the Asserted Patents. Regarding HPE's alleged knowledge, VirtaMove itself asserts that it makes or sells specific patented articles—its AppZero software. In fact, VirtaMove affirmatively injects the assertion that "AppZero was patented" in its allegations that HPE's Accused Products practice the same "patented AppZero technology" and that HPE was "willfully blind" to the AppZero "patented" technology. Dkt. 63 ¶ 11. When it comes to its marking allegations, however,

---

[2] VirtaMove cannot escape pleading compliance with the marking requirement based on assertion of only method claims. The '058 Patent only includes system claims, and VirtaMove has also asserted system Claim 31 of the '814 Patent. *See* Ex. 1 (contentions asserting Claim 31). Apparently regretting its assertion of Claim 31, VirtaMove served "corrected" contentions withdrawing Claim 31 and arguing it should be deemed non-asserted. But VirtaMove asserted Claim 31 for almost a month before serving these corrected contentions, and its post-hoc statement is not sufficient to reverse the trigger of the marking statute requirements. "[O]nce apparatus and method claims are asserted, the requirements of the marking statute are triggered"—even where the apparatus claims are later dropped. *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 U.S. Dist. LEXIS 218083, at *3 (E.D. Tex. Nov. 13, 2018); *see also Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00055-JRG-RSP, 2017 U.S. Dist. LEXIS 184542, at *8 (E.D. Tex. Oct. 15, 2017) (granting motion for summary judgment that plaintiff was not entitled to pre-suit damages where plaintiff asserted, but later dropped, system claims of a patent containing both system and method claims); *CXT Sys. v. Acad., Ltd.*, No. 2:18-cv-00171-RWS-RSP, 2020 U.S. Dist. LEXIS 255922, at *15 (E.D. Tex. Jan. 28, 2020) ("CXT is inaccurate in its assertion that the marking requirements for the '875 Patent disappeared when it dropped previously-asserted apparatus claims, even though only method claims remain.").

VirtaMove takes the opposite position and asserts it had "no requirement for marking" any product, even its patent-practicing AppZero product, or alternatively (and even more confusingly) that it somehow satisfied the marking requirement by "mark[ing]" some unspecified and unnamed other "product"—but never mentioning the alleged patent-practicing AppZero product. Dkt. 63 ¶¶ 21, 30.

But these allegations cannot all simultaneously be true. If VirtaMove contends that AppZero is a patent-practicing product, VirtaMove *must* plead compliance with the marking requirement. *Arctic Cat I*, 876 F.3d at 1366. And that compliance *requires* that AppZero itself be marked; indeed, VirtaMove cannot comply with the marking requirement if an alleged patent-practicing product (including AppZero) is not marked. *See* 35 U.S.C. § 287(a) (requiring patentee to mark "*any* patented article" it makes and sells) (emphasis added).

Only VirtaMove itself knows which is of its contradictory statements is true—either AppZero is patent-practicing, as VirtaMove pleads in its allegations of HPE's purported knowledge, and marking is required, *or* AppZero is not patent-practicing, and the bases for VirtaMove's allegations about HPE's knowledge are false. Alleging both, however, introduces "irreconcilable internal inconsistencies on the face of [the] pleading" that render VirtaMove's claim for past damages "patently implausible." *Quickcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-cv-00876-SDJ, 2020 WL6781566, at *4 (E.D. Tex. Nov. 17, 2020); *see also Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1346 (Fed. Cir. 2021) ("[W]e, once more, explain that, while a patentee's pleading obligations are not insurmountable, a patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its

claims.").³  The consequence of this deficiency is that VirtaMove cannot collect damages before February 9, 2024, the date of its original complaint. *Arctic Cat II*, 950 F.3d at 864; *Lubby Holdings*, 11 F.4th at 1359 ("If a patentee who makes, sells, offers for sale, or imports his patented articles has not 'given notice of his right' by marking his articles pursuant to the marking statute, he is not entitled to damages before the date of actual notice.").

## V.   CONCLUSION

VirtaMove's Second Amended Complaint failed to properly address the defects in its prior complaint as addressed in HPE's 12(b)(6) partial motion to dismiss.  Accordingly, HPE respectfully requests that the Court grant HPE's motion to dismiss the Second Amended Complaint's claims for past damages related to the Asserted Patents.

---

³ *See also Blackbird Tech LLC v. Argento SC By Sicura, Inc.*, No. 21-cv-11018 (DLC), 2022 WL 3701084, at *2 (S.D.N.Y. Aug. 26, 2022) (finding amended complaint's assertion of compliance with § 287(a) was conclusory; noting that the amended complaint failed to explain whether compliance occurred because the patent was never practiced, because products were marked, or because defendant received pre-suit notice).

| | |
|---|---|
| Dated: July 9, 2024 | */s/ Jennifer H. Doan*<br>Jennifer H. Doan<br>Texas Bar No. 08809050<br>Joshua R. Thane<br>Texas Bar No. 24060713<br>HALTOM & DOAN<br>6500 Summerhill Road, Suite 100<br>Texarkana, TX  75503<br>Telephone:  (903) 255-1000<br>Facsimile:  (903) 255-0800<br>Email:  jdoan@haltomdoan.com<br>Email: jthane@haltomdoan.com<br><br>Katharine Burke (Lead Attorney)<br>DC Bar Number: 985333<br>Katharine.burke@bakerbotts.com<br>**BAKER BOTTS L.L.P.**<br>700 K Street, N.W.<br>Washington, DC 20001-5692<br>Tel: (202) 639-7700<br><br>Douglas M. Kubehl<br>Texas Bar No. 00796909<br>Doug.kubehl@bakerbotts.com<br>Morgan Mayne<br>Texas Bar No. 24084387<br>Morgan.mayne@bakerbotts.com<br>Emily Deer<br>Texas Bar No. 24116352<br>Emily.deer@bakerbotts.com<br>**BAKER BOTTS L.L.P.**<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201-2980<br>Tel: (214) 953-6500<br><br>David Lien (*pro hac vice*)<br>California Bar No. 313754<br>David.lien@bakerbotts.com<br>**BAKER BOTTS L.L.P.**<br>1001 Page Mill Rd, Bdg. One, Ste. 200<br>Palo Alto, CA 94304-1007<br>Tel: (650) 739-7563<br><br>***ATTORNEYS FOR DEFENDANT***<br>***HEWLETT PACKARD***<br>***ENTERPRISE COMPANY*** |

## CERTIFICATE OF SERVICE

    I hereby certify that on July 9, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                   */s/ Jennifer Doan*
                                                     Jennifer Doan