**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | |
| Plaintiff, | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| v. | § | |
| | § | |
| HEWLETT PACKARD ENTERPRISE | § | **JURY TRIAL DEMANDED** |
| COMPANY, | § | |
| Defendant. | § | |
| | § | |
| | § | |
| VIRTAMOVE, CORP., | § | |
| Plaintiff, | § | Case No. 2:24-CV-00064-JRG |
| | § | (Member Case) |
| v. | § | |
| | § | |
| INTERNATIONAL BUSINESS | § | **JURY TRIAL DEMANDED** |
| MACHINES | § | |
| CORP., | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF VIRTAMOVE, CORP.'S RESPONSE TO HEWLETT PACKARD**
**ENTERPRISE COMPANY'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS**
**SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

I.     Introduction ........................................................................................................... 1

II.    First Alternative Theory: Covered Product Marked Pre-Suit ............................. 1

III.   Second Alternative Theory: No Marking Requirement For Products Not Covered by
Patents .......................................................................................................................... 2

IV.    Applicable Law .................................................................................................... 2

    A.   Motion to Dismiss ............................................................................................ 2

    B.   Marking Requirements .................................................................................... 3

V.     Argument .............................................................................................................. 4

    A.   HPE's arguments about "contradictory" facts fail as a matter of law ............... 5

    B.   HPE's arguments about "contradictory" facts fail as a matter of law ............... 5

    C.   VirtaMove's second alternative theory is well-pleaded ..................................... 6

VI.    Conclusion ............................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Altair Logix LLC v. Asus Computer Int'l*,
  No. 18-CV-04985-HSG, 2019 WL 1117535 (N.D. Cal. Mar. 11, 2019)................................ 4, 6

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ............................................................................................ 3, 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................... 1, 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................... 2

*DivX, LLC v. Hulu, LLC*,
  No. LACV211615PSGDFM, 2021 WL 4459368 (C.D. Cal. June 11, 2021) ...................... 4, 6

*Estech Sys., Inc. v. Target Corp.*,
  No. 220CV00123JRGRSP, 2020 WL 6496425 (E.D. Tex. Aug. 10, 2020) ......................... 3, 5

*Henry v. Daytop Village, Inc.*,
  42 F.3d 89 (2d Cir. 1994) ..................................................................................................... 3, 5

*Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*,
  400 F.3d 910 (Fed. Cir. 2005) .................................................................................................... 4

*TQ Delta, LLC v. CommScope Holding Co.*,
  No. 2:21-cv-00310-JRG, 2022 WL 2328746 (E.D. Tex. June 28, 2022)................................ 4, 5

**Statutes**

35 U.S.C. § 287 .................................................................................................................. 1, 3, 4, 5

**Rules**

Federal Rule of Civil Procedure 8(d) ................................................................................. 1, 3, 5

## I.      Introduction

Hewlett Packard Enterprise Company's ("HPE") motion to dismiss past damages fails because the Second Amended Complaint explicitly pleads, "In the alternative, either VirtaMove's product was marked before the filing of this lawsuit, or no requirement for marking applies." Dkt. 63 ¶¶ 21, 30.  HPE's motion should be denied for two reasons. First, HPE improperly disputes the alternative facts that either "VirtaMove's product was marked before the filing of this lawsuit" or that "no requirement for marking applies," either of which provide a sufficient basis for pre-suit damages. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Second, HPE argues that VirtaMove's allegations "contradict" each other, but this type of alternative pleading is explicitly authorized by Federal Rule of Civil Procedure 8(d).[1]

## II.     First Alternative Theory: Covered Product Marked Pre-Suit

VirtaMove pleaded that "VirtaMove has complied with the requirements of 35 U.S.C. § 287." Dkt. 63 ¶¶ 21, 30. Under the first alternative theory, VirtaMove's AppZero product is covered by the Asserted Patents. *Id*. ¶ 11 ("HPE would have learned that AppZero was patented"). This AppZero product was marked before the filing of this lawsuit.  *Id.* ¶¶ 21, 30 ("VirtaMove's product was marked before the filing of this lawsuit."). Paragraphs 21 and 30 refer to the same AppZero product from paragraph 11.

HPE's unreasonable inference that paragraphs 21 and 30 refer to some other "non-identified VirtaMove product" is an improper inference in favor of HPE at the pleading stage. Dkt. 66 at 2. VirtaMove only has one product (AppZero, also marketed as V-Migrate) that is plausibly related to the Asserted Patents, and HPE has not identified any other product that paragraphs 21 and 30 might refer to.

---

[1] Whether AppZero is covered by the patents may depend on claim construction and expert opinion.

Under this theory, HPE had actual knowledge that the AppZero product being demoed and explained to HPE was covered by the Asserted Patents. Dkt. 63 ¶ 11 ("HPE learned that AppZero was patented as a matter of basic due diligence."). HPE would have conducted such due diligence when considering "investment, use, sale, and/or partnership" in VirtaMove's technology. *Id.* Indeed, such due diligence was conducted by IBM when IBM evaluated VirtaMove's technology for investment, use, sale, and/or partnership. Dkt. 47 ¶¶ 10–11; Dkt. 47–5 at 3 (IBM "performed the due diligence exercise in 2011 . . . . He narrowed down the options to Cohesive FT and AppZero").

Additionally, the pleading alleges that HPE's infringement is willful. Dkt. 63 ¶¶ 11, 16. The willfulness theory is based on HPE obtaining demos and discussions of AppZero and its technology, combined with HPE's due diligence that would have led HPE to know AppZero was patented. *Id.* ¶ 11. This is a classic case of willfully demoing and copying patented technology.

## III. Second Alternative Theory: No Marking Requirement For Product Not Covered by Patents

VirtaMove pleaded that "In the alternative . . . no requirement for marking applies." Dkt. 63 ¶¶ 21, 30. Under the second pleaded theory, VirtaMove's AppZero product is either not covered by the Asserted Patents or not required to be marked due to legal exceptions.

## IV. Applicable Law

### A. Motion to Dismiss

A motion to dismiss is proper where the complainant fails to allege a cognizable legal theory or where there is an absence of sufficient facts alleged under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. at 678. The court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Id.*

Federal Rule of Civil Procedure 8(d)(2) states, "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."  Rule 8(d)(3) states, "*Inconsistent Claims or Defenses*. A party may state as many separate claims or defenses as it has, regardless of consistency." Thus, the Federal Rules of Civil Procedure allow a plaintiff to allege alternative theories "regardless of consistency." (*Henry v. Daytop Village, Inc.*, 42 F.3d 89, 95–96 (2d Cir. 1994)).  The court may not construe a "first claim as an admission against another alternative or inconsistent claim." *Id.*

### B.   Marking Requirements

At the pleading stage, a patentee need only <u>plead</u> compliance with § 287.  *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).  The other parts of *Arctic Cat* that relate to the burden of proof at summary judgement or trial, as well as the back-and-forth discovery procedure for identifying allegedly unmarked products, do not apply at the pleading stage.

When a patent owner complies with either prong of the marking statute, an allegation that a patent owner "satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the [Asserted] patent," is a sufficient pleading. *Estech Sys., Inc. v. Target Corp.*, No. 220CV00123JRGRSP, 2020 WL 6496425, at *7 (E.D. Tex. Aug. 10, 2020), *report and recommendation adopted*, No. 220CV00123JRGRSP, 2021 WL 966016 (E.D. Tex. Mar. 12, 2021). When no marking requirement applies, the allegation that "there are no marking requirements that have not been complied with" is also a sufficient pleading. *Altair Logix*

*LLC v. Asus Computer Int'l,* No. 18-CV-04985-HSG, 2019 WL 1117535, at *3 (N.D. Cal. Mar. 11, 2019).

At a high level, Section 287 requires either 1) marking of patented products or 2) notice of infringement in order to collect pre-suit damages. As a preliminary matter, if the asserted patents were not practiced by the patent owner or if there are no products to mark, then there is no marking requirement. *Altair Logix*, 2019 WL 1117535, at *2–3. But even if the patent owner did practice the patents, there are several exceptions to the § 287 marking requirements.

First, the requirements of Section 287 "do not apply to patents directed to processes or methods." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020). Even when "a patent holder has 'only asserted method claims despite the fact that the patent contain[s] both method and apparatus claims,' the marking statute does not limit presuit damages." *DivX, LLC v. Hulu, LLC*, No. LACV211615PSGDFM, 2021 WL 4459368, at *5 (C.D. Cal. June 11, 2021) (tracing recent E.D. Tex and Federal Circuit authority). HPE's pre-*Arctic Cat* cases to the contrary are outdated. Dkt. 66 at 4 (citing cases from 2012 and 2017).

Second, an allegation of willfulness suffices as notice of infringement. The Federal Circuit has held that pleading "the 'infringements have been willful and with full knowledge of the [Asserted Patents],'" was sufficient to plead compliance with the marking statute. *TQ Delta, LLC v. CommScope Holding Co.*, No. 2:21-cv-00310-JRG, 2022 WL 2328746, at *2 (E.D. Tex. June 28, 2022) (citing *Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005)).

## V.    Argument

Both of VirtaMove's alternative theories for past damages are well-pleaded. HPE's arguments about their "contradictory" allegations fail as a matter of law because the Federal Rules of Civil Procedure explicitly allow for alternative pleadings.

### A.   HPE's arguments about "contradictory" facts fail as a matter of law

HPE's primary argument, that VirtaMove's "allegations cannot all simultaneously be true," fails as a matter of law under Fed. R. Civ. P. 8(d), which specifically permits alternative, inconsistent pleading.  Thus, HPE may not use facts from VirtaMove's first alternative theory (that AppZero is covered by the Asserted Patents) against an admission against another alternative or inconsistent claim (that no marking requirement applies because AppZero is not covered by the Asserted Patents). *Henry v. Daytop Village, Inc.*, 42 F.3d at 95–96.

When analyzed as independent alternative theories, VirtaMove's allegations are separately plausible and satisfy the requirements for collecting presuit damages.

### B.   HPE's arguments about "contradictory" facts fail as a matter of law

VirtaMove's first alternative theory, that AppZero was covered and marked before this lawsuit, is entirely self-consistent. VirtaMove pleaded that "AppZero was patented," that "VirtaMove's product was marked before the filing of this lawsuit," and that "VirtaMove has complied with the requirements of 35 U.S.C. § 287." Dkt. 63 ¶¶ 11, 21, 30. Thus, VirtaMove sufficiently pleaded compliance with the marking statute for pre-suit damages. *Estech Sys., Inc. v. Target Corp.*, No. 220CV00123JRGRSP, 2020 WL 6496425 (finding sufficient an allegation that a patent owner "satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the [Asserted] patent.").

Separately, VirtaMove's first alternative theory is also sufficient because HPE's infringement was allegedly willful, and willful infringement is an allegation that is sufficient to plead compliance with the notice option of the marking statute. *TQ Delta, LLC v. CommScope Holding Co.*, 2022 WL 2328746, at *2. HPE does not move to dismiss the willfulness allegations.

### C.       VirtaMove's second alternative theory is well-pleaded

VirtaMove's second alternative theory, that AppZero was not covered, and no marking requirement applies, is also entirely self-consistent. VirtaMove pleaded that "In the alternative . . . no requirement for marking applies." Dkt. 63 ¶¶ 21, 30. This type of pleading is sufficient to support pre-suit damages. *Altair Logix LLC v. Asus Computer Int'l,* 2019 WL 1117535, at *3 (finding "there are no marking requirements that have not been complied with" is a sufficient pleading).

Depending on claim construction and expert opinion, it may be that AppZero is not covered by the Asserted Patents.  Indeed, HPE has denied that that AppZero was patented.  Dkt. 51 ¶ 11. Under HPE's own denial (and affirmation of this alternatively pleaded theory), the asserted patents were not practiced by VirtaMove, so no marking requirement ever kicked in to preclude pre-suit damages. *Altair Logix*, 2019 WL 1117535, at *2–3.

Additionally, the Second Amended Complaint only asserts method claim 1 of the '814 patent, and this is undisputed. Dkt. 63 ¶¶ 12–21, Dkt. 63–2.  Because VirtaMove "'only asserted method claims despite the fact that the patent contain[s] both method and apparatus claims,' the marking statute does not limit presuit damages." *DivX, LLC v. Hulu, LLC*, 2021 WL 4459368, at *5 (C.D. Cal. June 11, 2021). HPE's arguments about procedural developments beyond the complaint have no bearing on a Rule 12(b)(6) motion to dismiss a pleading. On June 5, 2024, VirtaMove inadvertently included system claim 31 of the '814 patent as an asserted claim. On July 1, 2024 (before the July 9, 2024 filing of HPE's Motion to Dismiss pre-suit damages), VirtaMove served a Corrected Preliminary Disclosure of Asserted Claims that stated, "This Corrected Preliminary Disclosure of Asserted Claims and Infringement Contentions correctly reflects, consistent with the Complaint . . . that the only independent claims that are asserted in this case

are independent claim 1 of the '814 patent and independent claim 1 of the '058 patent. Independent

Claim 31 of the '814 patent is not, was not, and will not be asserted in this case." Ex. A at 1.

## VI.     Conclusion

Both alternative theories (compliance with the marking statute, and inapplicability of the

marking statute) are well-pleaded. The inconsistencies between these two alternative theories are

not grounds to dismiss pre-suit damages. Thus, the Court should deny HPE's partial motion to

dismiss pre-suit damages. Dkt. 66.


Dated: July 23, 2024                         Respectfully submitted,


                                             By: */s/ Reza Mirzaie*

                                             Reza Mirzaie (CA SBN 246953)
                                             rmirzaie@raklaw.com
                                             Marc A. Fenster (CA SBN 181067)
                                             mfenster@raklaw.com
                                             Neil A. Rubin (CA SBN 250761)
                                             nrubin@raklaw.com
                                             James A. Milkey (CA SBN 281283)
                                             jmilkey@raklaw.com
                                             Amy E. Hayden (CA SBN 287026)
                                             ahayden@raklaw.com
                                             Jacob Buczko (CA SBN 269408)
                                             jbuczko@raklaw.com
                                             James Tsuei (CA SBN 285530)
                                             jtsuei@raklaw.com
                                             Christian W. Conkle (CA SBN 306374)
                                             cconkle@raklaw.com
                                             Jonathan Ma (CA SBN 312773)
                                             jma@raklaw.com
                                             Daniel B. Kolko (CA SBN 341680)
                                             dkolko@raklaw.com
                                             **RUSS AUGUST & KABAT**
                                             12424 Wilshire Boulevard, 12th Floor
                                             Los Angeles, CA 90025
                                             Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on July 23, 2024.

*/s/ Reza Mirzaie*
Reza Mirzaie