# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | |
|     Plaintiff, | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| v. | § | |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | **JURY TRIAL DEMANDED** |
| | § | |
|     Defendant. | § | |
| | § | |
| | § | |
| VIRTAMOVE, CORP., | § | |
|     Plaintiff, | § | Case No. 2:24-CV-00064-JRG |
| | § | (Member Case) |
| v. | § | |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | **JURY TRIAL DEMANDED** |
| | § | |
|     Defendant. | § | |
| | § | |

**REPLY IN SUPPORT OF PLAINTIFF VIRTAMOVE, CORP.'S MOTION TO DISMISS (DKT. 65)**

## **TABLE OF CONTENTS**

I.     IBM failed to identify any "contradictory" statement made BY VIRTAMOVE ................... 1

II.    IBM's cases do not require disclosure of cumulative, foreign correspondence ..................... 3

# **TABLE OF AUTHORITIES**

**Cases**

*ATD Corp. v. Lydall, Inc.*,
  159 F.3d 534 (Fed. Cir. 1998) ................................................................................... 1, 2, 3

*EIS, Inc. v. IntiHealth Ger GmbH*,
  No. CV-19-1227-GBW, 2023 WL 6799332 (D. Del. Aug. 23, 2023) ........................................ 4

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*,
  No. 1:11-CV-871, 2013 WL 12178114 (S.D. Ohio Oct. 2, 2013) ............................................. 3

*iLife Techs. Inc. v. Body Media, Inc.*,
  2015 WL 1000193 (W.D. Pa. Mar. 6, 2015) ............................................................................. 4

*Inverness Med. Switzerland GmbH v. Acon Lab'ys, Inc.*,
  323 F. Supp. 2d 227 (D. Mass. 2004) ...................................................................................... 4

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  649 F.3d 1276 (Fed. Cir. 2011) ................................................................................................ 4

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  864 F. Supp. 2d 856 (N.D. Cal. 2012) ..................................................................................... 1

IBM fails to rebut that VirtaMove discharged its duty when it submitted Schaefer to the USPTO. VirtaMove had no duty to disclose the cumulative, non-prior art EPO correspondence about Schaefer. IBM switches to a new "contradictory statement" theory, but IBM fails to identify any "contradictory" statements that VirtaMove made to the EPO and USPTO. Thus, IBM's inequitable conduct counterclaim should be dismissed with prejudice, without leave to amend.

IBM does not dispute that VirtaMove provided the Schaefer prior art reference to the USPTO during prosecution. Dkt. 69 at 1. VirtaMove fully discharged its duty of disclosure when it submitted Schaefer. Dkt. 65 at 4-6; *see also ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 547 (Fed. Cir. 1998) ("it is the reference itself, not the information generated in prosecuting foreign counterparts, that is material to prosecution in the United States. The details of foreign prosecution are not an additional category of material information."). On the question of whether this disclosure was cumulative of later discussions of Schaefer, the answer under *ATD Corp.* is: Yes it is.

I. **IBM failed to identify any "contradictory" statement made BY VIRTAMOVE**

IBM is correct that the patentee's own statements to foreign patent offices is plausibly material if those statements **of the patentee** "**flatly contradict**" the **patentee's own** statements to the USPTO. Dkt. 69 at 1 ("**if the patentee** made arguments to the two Patent Offices that were inconsistent" such that they "flatly contradict" statements made by the patentee to the USPTO, emphasis added). For example, in the remanded *Therasense* case, the applicant told the USPTO that membranes were needed or required, but then the applicant told the EPO that membranes were merely optional and preferred. *Therasense, Inc. v. Becton*, *Dickinson & Co.*, 864 F. Supp. 2d 856, 862 (N.D. Cal. 2012).

But IBM fails to identify any such contradictory statements made by VirtaMove.

1

VirtaMove could not have made contradictory, Schaefer-related statements to the USPTO because, aside from VirtaMove disclosing Schaefer, VirtaMove and the USPTO never discussed Schaefer at all. *See generally* Dkt. 49-13 ('814 Patent File History). IBM admits this fact. Dkt. 69 at 7–8 n.2 ("the USPTO Examiner evaluated the claims solely against the Forbes prior art reference, without analyzing Schaefer."). Because IBM admits that VirtaMove and the USPTO discussed Forbes alone without analyzing Schaefer, VirtaMove said *nothing* to the USPTO about Schaefer, much less something contradictory about Schaefer.

Tellingly, IBM's opposition dedicates five whole pages (pages 4-8) summarizing various aspects of the prosecution history but fails to identify any *contradictory statement made by VirtaMove*. If IBM deserved an opportunity to clarify its inequitable conduct theory, IBM should have instead explained in two simple sentences in its opposition brief:

- Applicant told the EPO, "Fact about Shaefer." Citation to quote.

- Applicant told the USPTO, "Opposite fact about Shaefer." Citation to quote.

Instead, IBM's opposition raises the following distractions that warrant dismissal:

First, pages 5–6 of IBM's opposition explain how VirtaMove amended EPO claim 1 to include a "unique identifier" after a Schaefer-based EPO rejection under European laws. This is irrelevant because VirtaMove never said anything contradictory about to the USPTO about allowability under European patent laws with or without amendment related to a "unique identifier." For example, VirtaMove never told the USPTO, "Claim 1 was allowed at the EPO without amending to add a 'unique identifier' element." IBM offers no *Exergen* explanation for "why" or "how" this amendment is itself non-cumulative over what Schaefer already discloses.

Second, pages 7–9 of IBM's opposition argues that VirtaMove did not disclose EPO rejections based on Schaefer. *ATD Corp.* is clear that VirtaMove had no duty to disclose the EPO

2

rejections based on Schaefer. 159 F.3d 547. The EPO rejections are not prior art, do not use US law, are cumulative of Schaefer itself, and are not contradictory statements made *by VirtaMove*.

Third, IBM argues that VirtaMove told the USPTO something about how its invention related to "a new and unique ability for combining, deploying and managing applications" in comparison to Forbes (not Schaefer). Dkt. 69 at 8; Dkt. 49–13 at 310–11. IBM has not identified a contradictory, withheld statement made *by VirtaMove* to the EPO (e.g., "Dear EPO, my invention does not provide a new and unique ability for combining and deploying and managing applications when compared to the Forbes reference").

Finally, IBM argues that the USPTO Examiner concluded, after considering Schaefer, that the pending claims were allowable because the prior art does not "collectively" teach the claim elements under US patent laws. Dkt. 69 at 8. The EPO may have issued Schaefer-based rejections under European laws, but VirtaMove had no duty to disclose cumulative EPO rejections based on Schaefer after submitting Schaefer in an IDS. The Examiner *had Schaefer* and was *not deceived* about anything Schaefer said. Different decisions made by USPTO and EPO under different laws are not contradictory statements made **by VirtaMove**, nor do different outcomes amount to fraud.

## II.     IBM's cases do not require disclosure of cumulative, foreign correspondence

None of IBM's cases require the disclosure of EPO rejections that are cumulative of underlying prior art submitted to the USPTO. *ATD Corp.*, 159 F.3d at 547.

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.* involved an inventor declaration to the EPO explaining that the claimed range of clamping force did not work, which directly contradicted a statement made by the inventor's attorney to the USPTO that the entire claimed range of clamping force works. No. 1:11-CV-871, 2013 WL 12178114, at *1 (S.D. Ohio Oct. 2, 2013). Here, none of VirtaMove correspondence to the EPO about Schaefer contradicts what VirtaMove told the

3

USPTO about Forbes.

*EIS, Inc. v. IntiHealth Ger GmbH* is inapplicable because there, the applicant did **not** disclose a complete translation of a prior art reference to the USPTO and instead only translated the abstract section of the prior art. No. CV-19-1227-GBW, 2023 WL 6799332, at *6-7 (D. Del. Aug. 23, 2023). This in stark contrast to our case, where the Applicant submitted the entire Schaefer prior art reference.

The standard for materiality from *Inverness Med. Switzerland GmbH v. Acon Lab'ys, Inc.* (whether "a reasonable examiner would have considered such prior art important") is outdated. 323 F. Supp. 2d 227, 248-49 (D. Mass. 2004). *Therasense* subsequently tightened the standard for proving both the intent and materiality prongs of inequitable conduct. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011); *see* Dkt. 65 at 3 (explaining how *Therasense* raised the standard).

Finally, IBM's reliance on *iLife Techs. Inc. v. Body Media, Inc.*, is misplaced. 2015 WL 1000193, at *7 (W.D. Pa. Mar. 6, 2015). In *iLife*, the Applicant withheld from the USPTO invalidating prior art references identified by the EPO during prosecution of foreign counterpart parent applications. Unlike in *iLife*, here it is undisputed that the Applicant disclosed the Schaefer prior art reference to the USPTO.

In conclusion, IBM was unable to identify anything noncumulative and contradictory between what VirtaMove said to the EPO and what VirtaMove said to the USPTO. IBM cannot find any noncumulative teaching from Shaefer the USPTO was *deceived* about after VirtaMove disclosed Schaefer. Without any deception, there cannot be the required intent to deceive. IBM's theory is legally barred, and IBM has not raised any new theory of inequitable conduct that warrants amendment.

4

Dated: July 26, 2024                             Respectfully submitted,

By: */s/ Daniel B. Kolko*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on July 26, 2024.

                                                */s/ Daniel B. Kolko*
                                                Daniel B. Kolko