# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>        Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>        Defendant. | Case No. 2:24-cv-00093-JRG<br><br>**(LEAD CASE)**<br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br><br>        Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>        Defendant. | Case No. 2:24-cv-00064-JRG<br><br>(Member case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S REPLY IN SUPPORT OF ITS RULE 12(b)(6) PARTIAL MOTION TO DISMISS <u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

VirtaMove's opposition argues that HPE's motion should be denied because VirtaMove pleaded marking in the alternative under Rule 8(d).  *See* Dkt. 70 at 4.  But that misses the point.  Even with alternative pleading, one or the other alternative theory must be sufficiently pleaded.  Fed. R. Civ. P. 8(d)(2); § 1282, 5 Fed. Prac. & Proc. Civ. § 1282 (4th ed.) (Rule 8(d) does not "absolve the pleader from honoring the principle that there be good grounds to support the allegations in a complaint.").  Here, VirtaMove's pleading fails not because VirtaMove has alternative marking theories but because *neither* alternative theory is sufficiently pleaded in view of other factual allegations in VirtaMove's complaint.

Specifically, separate and apart from VirtaMove's alternative marking allegations, the Second Amended Complaint alleges a theory for willful infringement[1] based on the alleged "fact[]" that VirtaMove's so-called AppZero product was "patented" throughout the period 2011-2019—a factual allegation made unequivocally without hedging or "alternative" language.  Dkt. 63 ¶ 11.  Notably, VirtaMove's AppZero allegation directly contradicts its own P.R. 3-1(f) contentions—in which VirtaMove "does not identify *any* of its instrumentalities as practicing the Asserted Claims," Dkt. 66-1 at 4—but nonetheless must be accepted as true under Rule 12.  And accepting as "fact" that AppZero is patent-practicing means that neither of VirtaMove's alternative theories is sufficiently pleaded.  VirtaMove's theory that "no requirement for marking applies" (Dkt. 70 at 1) is simply implausible if its AppZero product was actually "patented" for an eight-year period.  And VirtaMove's theory that it complied with § 287's requirements based on generic allegations that it marked some product at some time fails even to assert that the one expressly alleged patent-practicing VirtaMove product (AppZero) was marked at all, much less for the required period.

VirtaMove cannot have it both ways—if it has no evidentiary basis to allege that AppZero

---

[1] HPE denies all allegations of willful infringement and that it copied any VirtaMove technology.

1

is patent-practicing, VirtaMove should withdraw its contrary allegations. Fed. R. Civ. P. 11(b). But if VirtaMove continues to allege that AppZero was patented for purposes of its willfulness assertion, it must accept the consequences and address that fact in its marking allegations.

1. **VirtaMove's Theory That It Has No Marking Obligation Is Implausible**

VirtaMove cannot plausibly allege that it has no marking obligation on the ground that "AppZero was not covered" by the asserted patents (Dkt. 70 at 6) when VirtaMove makes the exact opposite assertion in the complaint. Dkt. 63 ¶ 11 (describing AppZero as patent-practicing technology). Even VirtaMove's own caselaw confirms that point. In *Altair*, the court found that plaintiff's assertion that no marking obligation applied was plausible when there was "nothing in the Complaint to suggest that" the plaintiff "practiced [the asserted patent]." *Altair Logix LLC v. Asus Computer Int'l*, No. 18-CV-04985-HSG, 2019 WL 1117535, at *3 (N.D. Cal. Mar. 11, 2019). The situation here is the reverse—it is simply *not* plausible that no marking obligation applies when VirtaMove's complaint specifically alleges that AppZero *does* practice the asserted patents (and indeed hinges its allegation of HPE's willfulness, Dkt. 70 at 2, on this purported "fact").

VirtaMove appears to argue this inconsistency should be excused because it alternatively pleaded that AppZero may or may not be patent-practicing. Dkt. 70 at 5. But that is simply not correct. The *only* allegation about AppZero in the complaint itself is that it is "patented." Dkt. 63 ¶ 11. Moreover, the fact that practicing a patent "may" depend on "claim construction and expert opinion," as VirtaMove points out in its brief, is irrelevant. *See* Dkt. 70 at 1 n.1. That is true of nearly any issue in a patent infringement complaint. VirtaMove, like all plaintiffs, is nonetheless obligated to make its factual contentions—here, that AppZero is patent-practicing—based on "evidentiary support" and proper investigation. Fed. R. Civ. P. 11(b). If VirtaMove has no basis to allege that AppZero is patented (as apparent from its contentions identifying no VirtaMove

patent-practicing instrumentality (Dkt. 66-1 at 4)), it should withdraw its allegation to the contrary.[2]

VirtaMove also lacks support for its alternative argument that it can escape the pleading requirements of § 287 because it "only asserts method claim[s]." Dkt. 70 at 6. As an initial matter, that is not true for the '058 patent, which has no method claims. Regarding the '814 patent, VirtaMove's assertion that it "only asserts method claim 1" is simply incorrect. VirtaMove's P.R. 3-1 infringement contentions, served on June 5, 2024, assert *system* claim 31. Dkt. 66-1 at 1. VirtaMove argues that its inclusion of claim 31 in its contentions should not count because it was "inadvertent[]" and because VirtaMove attempted to withdraw that claim (Dkt. 70 at 6) *after* HPE filed its earlier partial motion to dismiss (Dkt. 50). But VirtaMove still has not moved to amend its operative contentions to remove claim 31. And VirtaMove's claim of inadvertence rings particularly hollow given that its June 5 contentions not only expressly assert system claim 31 in the cover pleading (Dkt. 66-1 at 1), but also in the attached claim chart, which provides five pages of analysis unique to claim 31. *See* Ex. 2.

In any event, the caselaw is clear that asserting, then dropping, a system claim does not avoid compliance with the marking requirement—regardless of the reason. *See* Dkt. 66 at 6 n.2 (citing cases, including *Huawei Techs. Co. Ltd v. T-Mobile US, Inc.*, No. 2:16-CV-00055-JRG-RSP, 2017 WL 5165606, at *3 (E.D. Tex. Oct. 15, 2017)). VirtaMove inexplicably argues that this caselaw is "outdated" in view of *Arctic Cat II*. *See* Dkt. 70 at 4 (citing Dkt. 66 at 4). But *Arctic Cat II* did not address a situation where system or apparatus claims were asserted but later dropped, and the *DivX* case cited by VirtaMove cites the same caselaw as HPE. *See DivX, LLC v.*

---

[2] VirtaMove also continues to try to dodge its obligation to provide factual information regarding its marking activities by improperly refusing to answer HPE's interrogatory on the topic. Ex. 3 (response to Common Interrogatory No. 8).

3

*Hulu, LLC*, No. LACV211615PSGDFM, 2021 WL 4459368, at *5 (C.D. Cal. June 11, 2021) (noting that *Huawei* "reject[s] [the] argument that 'application of the [marking] statute turns on a patent holder's decision to drop apparatus claims at some point during litigation'").

VirtaMove cannot avoid the straightforward conclusion that follows from its own pleading—the marking requirements of § 287 apply and must be sufficiently pleaded.

2. **VirtaMove's Theory That It Complied With The Marking Statute Is Not Sufficiently Pleaded In View Of Its AppZero Allegations**

VirtaMove's alternative theory—the generic allegation that it marked some unidentified product at some unidentified point "before the filing of this lawsuit" (Dkt. 70 at 1)—amounts to a mere "formulaic recitation of the elements" without addressing VirtaMove's own *specific* factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, the complaint is completely silent as to whether the one VirtaMove product alleged to be "patented" (AppZero) was ever marked at all, much less throughout the full past damages period VirtaMove seeks to cover. Dkt. 63 ¶¶ 11, 21, 30 (no reference to AppZero marking at any time). VirtaMove chose to make specific allegations about AppZero and must face the consequences of that choice. *See, e.g.*, *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *3 (E.D. Tex. Nov. 17, 2020) ("While the 'fair notice' standard is lenient, litigants may nonetheless 'plead themselves out of court by alleging facts that establish defendants' entitlement to prevail.'").

VirtaMove tries to fix its pleading deficiency now by arguing for the first time in its opposition that it actually intended to allege marking of AppZero because AppZero allegedly is, and has historically been, VirtaMove's "only" product. Dkt. 70 at 1. But VirtaMove cannot fix its complaint in its opposition briefing. *See United States ex rel. Jackson v. Ventavia Rsch. Grp., LLC*, 667 F. Supp. 3d 332, 358 (E.D. Tex. 2023) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citing *Roebuck v. Dothan Sec., Inc.*,

4

515 F. App'x. 275, 280 (5th Cir. 2013)). Even if it could, VirtaMove's new "only-one-product" theory does not address the "thousands" of repackaged applications VirtaMove allegedly customized for "Windows Server, Unix Sun Solaris, & Linux," described elsewhere in the complaint. Dkt. 63 ¶ 4. Nor does VirtaMove's new argument address whether any product—including AppZero—was marked during the full alleged period of past damages. Dkt. 63 ¶ 11. In this regard, VirtaMove again does not follow its own caselaw, in which sufficient pleading of marking requirements addressed "the full period" of damages allowed by law. *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-00123-JRG-RSP, 2020 WL 6496425, at *7 (E.D. Tex. Aug. 10, 2020).

Last, VirtaMove's alternative argument—that it effectively pleaded actual "notice" under § 287 by also claiming "willful infringement"—also lacks support. Dkt. 70 at 2, 5. As an initial matter, VirtaMove does not allege willful infringement for the '058 patent, so its argument is irrelevant for that patent. Dkt. 63 at 9. Moreover, even for the '814 patent, VirtaMove's "willfulness theory" is based on alleging that HPE "would have" known about patents apparently based on alleged "diligence" by third-party IBM or HPE itself. Dkt. 70 at 2. But acts of IBM certainly cannot be attributed to HPE. And allegations that HPE hypothetically "would have" learned about patents through its independent "diligence" is a far cry from pleading actual notice under § 287, which requires that the patentee provide the accused infringer with a *specific charge of infringement*.[3] *Amstead Indus. v. Buckeye Steel Castings, Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

VirtaMove cannot satisfy Rule 8 when it fails to address the relevant facts it chose to plead.

---

[3] VirtaMove's citation to *TQ Delta* is therefore not relevant. In that case, the complaint specifically alleged that the plaintiff provided *notice of infringement* of specific asserted patents by "contact[ing]" defendant's predecessor to initiate licensing discussions. *See TQ Delta, LLC v. CommScope Holding Co., Inc*., No. 2:21-CV-00309-JRG, 2022 WL 2328746, at *2 (E.D. Tex. June 28, 2022); *cf. Sentry Prot. Prod., Inc. v. Eagle Mfg. Co*., 400 F.3d 910, 918 (Fed. Cir. 2005) (holding after trial that plaintiff did not waive its marking argument because the complaint specifically alleged "full knowledge" of the patent).

5

| | |
|---|---|
| Dated:  July 31, 2024 | By: */s/ Katharine Burke* |

                Jennifer H. Doan
                Texas Bar No. 08809050
                Joshua R. Thane
                Texas Bar No. 24060713
                HALTOM & DOAN
                6500 Summerhill Road, Suite 100
                Texarkana, TX  75503
                Telephone:  (903) 255-1000
                Facsimile:  (903) 255-0800
                Email:  jdoan@haltomdoan.com
                Email: jthane@haltomdoan.com

                Katharine Burke (Lead Attorney)
                DC Bar Number: 985333
                Katharine.burke@bakerbotts.com
                **BAKER BOTTS L.L.P.**
                700 K Street, N.W.
                Washington, DC 20001-5692
                Tel: (202) 639-7700

                Douglas M. Kubehl
                Texas Bar No. 00796909
                Doug.kubehl@bakerbotts.com
                Morgan Mayne
                Texas Bar No. 24084387
                Morgan.mayne@bakerbotts.com
                Emily Deer
                Texas Bar No. 24116352
                Emily.deer@bakerbotts.com
                **BAKER BOTTS L.L.P.**
                2001 Ross Avenue, Suite 900
                Dallas, TX 75201-2980
                Tel: (214) 953-6500

                David Lien (*pro hac vice*)
                California Bar No. 313754
                David.lien@bakerbotts.com
                **BAKER BOTTS L.L.P.**
                1001 Page Mill Rd, Bdg. One, Ste. 200
                Palo Alto, CA 94304-1007
                Tel: (650) 739-7563

                ***ATTORNEYS FOR DEFENDANT***
                ***HEWLETT PACKARD***
                ***ENTERPRISE COMPANY***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ *Katharine Burke*
Katharine Burke