# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendant. | Case No. 2:24-cv-00093-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>Defendant. | Case No. 2:24-CV-00064-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS'
FIRST SET OF COMMON INTERROGATORIES (NOS. 1-9)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff VirtaMove, Corp. ("Plaintiff" or "VirtaMove") responds to Defendants Hewlett Packard Enterprise Company ("HPE") and International Business Machines Corp.'s ("IBM") (collectively, "Defendants") First Set of Common Interrogatories as follows:

VirtaMove's responses are based on information known and available to it at the time of these responses. VirtaMove's investigation in this matter is ongoing. Further, because all information and documents that are possibly within the scope of the Interrogatories may have yet to be located and/or identified, the development of VirtaMove's contentions with respect to its

1

15, 2004 and September 16, 2004; AppZero Corp. assigned its rights to the '058 patent to AppZero Software Corp. on August 20, 2010; AppZero Software Corp. executed a security interest to Comerica Bank on September 4, 2015; Comerica Bank released the September 4, 2015 security interest on August 2, 2018 to AppZero Software Corp. Information responsive to this Interrogatory may be derived from VM_HPE_0000881-VM_HPE_0000983.

Discovery in this case is ongoing, and VirtaMove reserves the right to amend or supplement this response as discovery in this case proceeds.

**COMMON INTERROGATORY NO. 8**

If you contend that any products or services practice or have practiced any of the claims of the Asserted Patents, either alone or in combination (a) identify the name, model number, trade name, or trademark of the product or service; (b) identify the dates the product or service was first made, sold, offered for sale, or licensed and the dates during which that product or service was in operation; (c) identify any third parties involved in the product or service; (d) identify each claim of each Asserted Patent that is or was practiced by such products and services; (e) provide a claim chart that compares the product or service to each applicable claim on a claim element by claim element basis; (f) provide the complete legal and factual bases for Your contention regarding whether the marking requirements of 35 U.S.C. § 287 have been met, including identifying how, whether, and when such product or service has been marked throughout the time that that product or service was made, used, sold, or offered for sale; and (g) all persons with knowledge of the foregoing.

**RESPONSE TO COMMON INTERROGATORY NO. 8:**

Incorporating the General Objections, above, VirtaMove objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory as overbroad and unduly burdensome. VirtaMove further objects to this Interrogatory as not relevant to any claim or defense at issue in this litigation and not proportional to the needs of the case, particularly with respect to the phrase "any of the claims." VirtaMove further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public

sources or from third parties. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory on the grounds that it depends on Defendants meeting an initial evidentiary burden, which they have not met. VirtaMove further objects to this Interrogatory to the extent it calls for legal conclusions and expert opinions. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

VirtaMove is willing to meet and confer at a mutually agreeable time to discuss deadlines for responding to contention interrogatories.

**COMMON INTERROGATORY NO. 9**

Separately for each asserted claim of the Asserted Patents, identify and explain the problem solved by the claim and any benefit of practicing the claim over the prior art.

**RESPONSE TO COMMON INTERROGATORY NO. 9:**

Incorporating the General Objections, above, VirtaMove objects to this Interrogatory to the extent it calls for legal conclusions and expert opinions. VirtaMove further objects to this Interrogatory as overbroad, unduly burdensome, not relevant to any claim or defense at issue in this litigation, and not proportional to the needs of the case. VirtaMove further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory to the extent that it seeks

information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows: Pursuant to Rule 33(d), VirtaMove identifies the Asserted Patents, associated file histories, and its forthcoming expert report(s) regarding validity as containing information responsive to this Interrogatory. Discovery in this case is ongoing, and VirtaMove reserves the right to amend or supplement this response as discovery in this case proceeds.

Dated:  July 25, 2024

Respectfully submitted,

*/s/ Daniel Kolko*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel Kolko (CA SBN 341680)
dkolko@raklaw.com

**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
ptong@raklaw.com

**RUSS AUGUST & KABAT**

4925 Greenville Ave, Suite 200
Dallas, TX 75206

*Attorneys for Plaintiff VirtaMove, Corp.*

21