# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., <br>     Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br>     Defendant. | § § § § § § § § § § § § | Case No. 2:24-cv-00093-JRG <br> (Lead Case) <br><br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br>     Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br>     Defendant. | § § § § § § § § § § § § § | Case No. 2:24-CV-00064-JRG <br> (Member Case) <br><br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF VIRTAMOVE, CORP.'S SUR-REPLY TO HEWLETT PACKARD ENTERPRISE COMPANY'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I.  VirtaMove's Second Alternative Theory (No Marking Obligation) is Plausible ............... 1

II. VirtaMove's First Alternative Theory (Products Covered and Marked) is Sufficiently Pleaded ................................................................................................................................. 4

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 4

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) .................................................................................................... 3

*DivX, LLC v. Hulu, LLC*,
  No. LACV211615PSGDFM, 2021 WL 4459368 (C.D. Cal. June 11, 2021) ............................ 3

*Henry v. Daytop Village, Inc.*,
  42 F.3d 89 (2d Cir. 1994) ...................................................................................................... 1, 2

*Huawei Techs. Co. Ltd v. T-Mobile US, Inc.*,
  No. 2:16-CV-00055-JRGRSP, 2017 WL 5165606 (E.D. Tex. Oct. 15, 2017) .......................... 3

*Sentry Prot. Prods. v. Eagle Mfg. Co.*,
  400 F.3d 910 (Fed. Cir. 2005) ................................................................................................... 5

*TQ Delta, LLC v. CommScope Holding Co., Inc.*,
  No. 2:21-cv-00309-JRG, 2022 WL 2328746 (E.D. Tex. June 28, 2022) .............................. 3, 5

**Statutes**

35 U.S.C. § 285 .............................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 1, 3

Fed. R. Civ. P. 8(d) .................................................................................................................... 1, 2

HPE's Reply fails to explain why the alternatively pleaded theories are inconsistent with their own set of facts. Thus, the two alternative theories are independently plausible. Instead, HPE doubles down on using facts from one alternative theory against the other, even though the Court may not construe a "first claim as an admission against another alternative or inconsistent claim." *Henry v. Daytop Village, Inc.*, 42 F.3d 89, 95–96 (2d Cir. 1994); Fed. R. Civ. P. 8(d).

HPE's argument fundamentally fails because HPE believes that "VirtaMove cannot have it both ways." Dkt. 72 at 1. At the pleading stage, a plaintiff is explicitly permitted to plead alternative theories. Fed. R. Civ. P. 8(d); Dkt. 63 ¶ 30 ("In the alternative, either VirtaMove's product was marked before the filing of this lawsuit, or no requirement for marking applies.")

**I.  VirtaMove's Second Alternative Theory (No Marking Obligation) is Plausible**

VirtaMove's theory of no marking obligation is entirely plausible. It may very well be the case that VirtaMove's products are not covered by the patents under claim constructions that the parties have yet to advance (especially if HPE advocates for narrow claim constructions in an effort to avoid infringement). For the '058 patent, it may also be the case that no marking requirement applies because only method claims are asserted *in the complaint*, and none of HPE's arguments about post-complaint discovery procedures have any bearing on a motion to dismiss at the complaint stage.[1]

The only reason for implausibility given by HPE is that the "no marking obligation" theory is inconsistent with the alternative theory, in which AppZero was covered by the patents and marked to give notice. Dkt. 72 at 2 ("it is simply *not* plausible that no marking obligation applies

---

[1] VirtaMove's July 23, 2024 corrected infringement contentions are operative. Except for correcting the fact that Claim 31 is not asserted, no change was made to the infringement theory. The DCO permits similar claim election up through 10 days before jury selection. Dkt. 54 at 2. But none of this matters for a Rule 12(b)(6) motion for judgement *on the pleadings* (not on discovery).

1

when VirtaMove's complaint specifically alleges that AppZero *does* practice the asserted patents"). However, this argument about inconsistencies from one alternative theory compared to the other goes directly against *Henry* and Fed. R. Civ. P. 8(d).  HPE cannot use the fact that AppZero was marked under one alternative theory as an inconsistency against the second alternative theory where "no requirement for marking applies." Dkt. 63 ¶ 30.  HPE erroneously asserts that AppZero is patented under both alternative theories, but the complaint explicitly states that this is not the case. Dkt. 63 ¶ 30 ("**In the alternative**, either VirtaMove's product was marked before the filing of this lawsuit, **or** no requirement for marking applies,") (emphasis added).

As explained in VirtaMove's Reply, this second alternative theory is where either AppZero is not covered by the Asserted Patents, or not required to be marked due to legal exceptions.  Both theories are plausible.  AppZero may not be covered by the Asserted Patents, especially if HPE proposes narrow claim constructions, and this plausible argument remains unrebutted in HPE's Reply.  Indeed, HPE has a rule 11 basis to deny that AppZero is covered by the asserted patents—likely for this very reason—effectively admitting this theory is plausible. Dkt. 67 ¶¶ 11, 21, 30. VirtaMove will, at some point after claim construction, elect to proceed with one of its alternative theories and drop the other. But for now, both alternative theories are properly preserved in the pleading.  HPE's motion to dismiss effectively asks the Court to make VirtaMove prematurely drop one of its two theories.

Additionally, the legal exception exempting method claims from marking applies here because only method claims of the '814 patent are asserted in the pleadings, and HPE does not dispute that the *complaint* asserts only method claims of the '814 patent.  For purposes of a Rule 12(b)(6) motion, this is where the analysis ends. HPE's arguments depend on post-complaint discovery, such as back-and-forth contentions and *Arctic Cat* notices. These developments cannot

2

be considered in a Rule 12(b)(6) "defense to a claim for relief in any pleading." Fed. R. Civ. P. 12 (titled "Motion for Judgment on the Pleadings," not motion for judgement based on discovery.) At this stage, the Court should look *only* to the pleadings themselves, not to HPE's extrinsic evidence about post-complaint discovery contentions. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto."). None of HPE's arguments about preliminary infringement contentions, discovery, interrogatories, or post-complaint evidence may be considered at this stage. *TQ Delta, LLC v. CommScope Holding Co., Inc.*, No. 2:21-cv-00309-JRG, 2022 WL 2328746, at *2 n.1 (E.D. Tex. June 28, 2022).

None of HPE's cited cases permit the Court to examine post-complaint contentions to rule on a motion to dismiss pre-suit damages at the pleadings stage. *Huawei Techs. Co. Ltd v. T-Mobile US, Inc.* addresses a *summary judgment* motion, where the Court properly looked at post-complaint contentions. No. 2:16-CV-00055-JRGRSP, 2017 WL 5165606, at *3 (E.D. Tex. Oct. 15, 2017). For *DivX, LLC v. Hulu, LLC*, HPE's argument relies on a part of the case that is distinguished. 2021 WL 4459368, at *5 (C.D. Cal. June 11, 2021). The *DivX* Court **only** dismissed claims for pre-suit damages for those patents where "DivX raises no argument that the Complaint pleads compliance with § 287(a), either by pleading marking or pleading actual or constructive notice," combined with the fact that "**[i]n the Complaint**, DivX elected to assert at least non-method claims for these three patents." *Id.* (emphasis added). Here, VirtaMove pleaded compliance with § 287 because "no requirement for marking applies," and VirtaMove did not assert non-method claims **in the complaint**. Dkt. 63 ¶ 30.

If the Court adopts HPE's interpretation that the dispute about post-complaint contentions is ripe under *DivX*, then this Court should do what the *DivX* Court did and grant leave to amend.

3

*DivX.* 2021 WL 4459368, at *5–6 (C.D. Cal. June 11, 2021) (dismissing pre-suit damages under Counts I, III, and V for asserting non-method claims, but granting leave to amend). VirtaMove would amend its complaint to attach the corrected infringement contentions that it already served so that the record is even more clear that no system claims of the '814 patent were ever asserted.

**II.     VirtaMove's First Alternative Theory (Products Covered and Marked) is Sufficiently Pleaded**

HPE's argument hinges on its belief that "the complaint is completely silent as to whether the one VirtaMove product alleged to be 'patented' (AppZero) was ever marked at all." Dkt. 72 at 4. This is not true. The Complaint explicitly alleges under this alternative theory: "AppZero was patented," that "VirtaMove's product was marked before the filing of this lawsuit," and that VirtaMove "is not aware of any unmarked products." Dkt. 63 ¶ 11, 21, 30. This is all that is needed to plead compliance with 35 U.S.C. § 285.

HPE's speculation that there are somehow "thousands" of other unmarked, patent-practicing products has no basis in fact. Dkt. 72 at 5. HPE is disputing the pleaded fact that VirtaMove "is not aware of any unmarked products," and such a factual dispute cannot support a motion to dismiss because the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. at 678. The Complaint says that "VirtaMove helped customers repackage, migrate, and refactor thousands of … applications to modern, secure operating systems without recoding." Dkt. 63 ¶ 4. For example, VirtaMove's AppZero software has helped customers containerize and migrate applications (e.g., programs like Microsoft Office) from an old version of Windows Server to a newer version of Windows Server. These types of customer applications are not VirtaMove's applications, do not plausibly practice the asserted patents, and do not need to be marked. These customer applications

4

are completely irrelevant to the marking issue, and there is nothing about these customer applications that needs to be pleaded. The only plausible, patent-practicing product under this alternative theory is the AppZero software that a customer may have used to repackage and move customer applications—not the customer applications themselves. It is well-pleaded that "AppZero was patented" and that "VirtaMove's product was marked before the filing of this lawsuit" under this alternative theory. Dkt. 63 ¶ 11, 21, 30. If HPE believes that other customer applications need to be marked, then HPE needs to send an *Arctic Cat* notice letter during discovery, not move for dismissal on the pleadings.

HPE also argues that VirtaMove did not plead that AppZero was marked during the "full alleged period." Dkt. 72 at 5. This is not a pleading requirement, and even if it were, it would not warrant dismissal of all past damages. At best, HPE raises a question of the extent of past damages for trial, but HPE has failed to raise a problem with the sufficiency of pleading past damages.

Finally, HPE argues that even if it committed willful infringement, it is not liable for past damages. This argument is unjust and unreasonable on its face because a willful patent infringer should accrue damages. The complaint alleges that HPE knew that the '814 patent covered the AppZero product while HPE copied the technology. Dkt. 63 ¶ 11. The law on this is clear:

> The Federal Circuit has held that pleading, "the 'infringements have been willful and with full knowledge of the [Asserted Patents],'" was sufficient to plead compliance with the marking statute. *Sentry Prot. Prods. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005).

*TQ Delta, LLC*, 2022 WL 2328746, at *2. If HPE knew that AppZero was patented while copying the technology, as alleged in the complaint, this suffices for both willfulness and to put HPE on notice of infringement for purposes of past damages. Dkt. 63 ¶ 11.

For these reasons, HPE's motion to dismiss should be denied.

5

Dated: August 7, 2024                     Respectfully submitted,

                                                By: */s/ Reza Mirzaie*

                                                Reza Mirzaie (CA SBN 246953)
                                                rmirzaie@raklaw.com
                                                Marc A. Fenster (CA SBN 181067)
                                                mfenster@raklaw.com
                                                Neil A. Rubin (CA SBN 250761)
                                                nrubin@raklaw.com
                                                James A. Milkey (CA SBN 281283)
                                                jmilkey@raklaw.com
                                                Amy E. Hayden (CA SBN 287026)
                                                ahayden@raklaw.com
                                                Jacob Buczko (CA SBN 269408)
                                                jbuczko@raklaw.com
                                                James Tsuei (CA SBN 285530)
                                                jtsuei@raklaw.com
                                                Christian W. Conkle (CA SBN 306374)
                                                cconkle@raklaw.com
                                                Jonathan Ma (CA SBN 312773)
                                                jma@raklaw.com
                                                Daniel B. Kolko (CA SBN 341680)
                                                dkolko@raklaw.com
                                                **RUSS AUGUST & KABAT**
                                                12424 Wilshire Boulevard, 12th Floor
                                                Los Angeles, CA 90025
                                                Telephone: (310) 826-7474

                                                Qi (Peter) Tong (TX SBN 24119042)
                                                **RUSS AUGUST & KABAT**
                                                4925 Greenville Ave., Suite 200
                                                Dallas, TX 75206
                                                Telephone: (310) 826-7474

                                                *Attorneys for Plaintiff VirtaMove, Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on August 7, 2024.

/s/ Reza Mirzaie
Reza Mirzaie