UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | § Case No. 2:24-cv-00093-JRG <br> § (Lead Case) <br> § <br> § <br> § **JURY TRIAL DEMANDED** <br> § <br> § **ORAL ARGUMENT REQUESTED** <br> § <br> § <br> § |
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendant. | § Case No. 2:24-cv-00064-JRG <br> § (Member Case) <br> § <br> § <br> § **JURY TRIAL DEMANDED** <br> § <br> § **ORAL ARGUMENT REQUESTED** <br> § <br> § <br> § <br> § <br> § |

**DEFENDANT IBM'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO <u>28 U.S.C. § 1404(a)</u>**

**(PUBLIC VERSION - REDACTED)**

VirtaMove does not dispute that this case has no connection to the Eastern District of Texas.[1] It also does not dispute that the accused technology was developed and is maintained in the Northern District of California ("NDCA"), the witnesses most knowledgeable about it reside in NDCA, and the key prior art products are based in NDCA. Indeed, ***not a single factor*** favors keeping this case in EDTX—except possibly time to trial, which VirtaMove concedes cannot override the other factors. *See* Resp. at 14. Transfer to NDCA therefore is warranted.

**Recent Fifth Circuit precedent has not altered the analysis.** VirtaMove incorrectly suggests that under *In re Clarke*, IBM faces the nigh-impossible burden of identifying the ***exact*** witnesses who will "actually materialize" at trial. 94 F.4th 502, 509 (5th Cir. 2024); Resp. at 3–4, 9–10. Yet, whether potential witnesses resided in the transferee forum was not even at issue in *Clarke*. In the discussion VirtaMove cites, the Fifth Circuit merely confirmed that court congestion cannot be the deciding factor, in part because it is speculative. *See Clark,* 94 F.4th at 515. IBM need only identify the "relevant witnesses in this case," which it has done—not commit to which witnesses will appear at trial. *In re TikTok, Inc.*, 85 F.4th 352, 362 (5th Cir. 2023).[2]

VirtaMove also wrongly suggests *Clarke* "d[id] away with the 'design and development' analysis." Resp. at 4–5. Not so: the Fifth Circuit merely emphasized that the local interest factor turns on the "***events*** that gave rise to the suit," not just the parties' locations or "connections to the venue." *In re Clarke*, 94 F.4th at 511 (emphasis added). Far from changing the analysis, *Clarke* relied on previous decisions that treated design and development as relevant events giving rise to

---

[1] ███████████████

[2] ███████████████

the suit. *See id*. at 512. And decisions following *Clarke* **continue** to consider development location when analyzing the local interest. *See Emerging Auto. LLC v. Kia Corp.*, No. 2:23-CV-00437-JRG, Dkt. 56 at 29–30 (E.D. Tex. June 14, 2024); *DH Int'l Ltd. v. Apple Inc.*, No. 1:23-CV-1114-DII, 2024 WL 4119374, at *6 (W.D. Tex. Aug. 30, 2024) (finding creation locale as relevant to analysis); *In re Haptic, Inc.*, No. 2024-121, 2024 WL 3159288, at *2 (Fed. Cir. June 25, 2024).

**Availability of compulsory process.** This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within [NDCA] than [EDTX]." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014). IBM has identified ***nine*** non-party witnesses in NDCA having highly relevant information. *See* Ex. 1. VirtaMove identifies ***zero*** non-party witnesses in EDTX. Although VirtaMove identifies two former employees in Dallas who "may" have information about "the accused VirtaMove product," Resp. at 9, neither was identified in its Rule 26 disclosures, and VirtaMove has not otherwise identified them in discovery.[3] The five other former VirtaMove employees (*see id.* at 8) are retained VirtaMove consultants, not "third-party witnesses" to be given greater weight in the venue analysis. *Keldar, Inc. v. Baby Brezza Enters. LLC*, No. 2:14-cv-904-JRG-RSP, 2015 WL 4624863, at *3 (E.D. Tex. Aug. 3, 2015).[4]

And while VirtaMove asserts CNCF and Docker do not have information on "*IBM's specific* implementation of Kubernetes or Docker," it does not explain why this is relevant. Resp. at 9 (emphasis in original).[5] VirtaMove's infringement contentions point to IBM's use of open-

---

[3]   Moreover, those witnesses are relevant only to IBM's counterclaims against "the accused VirtaMove product," Resp. at 9, not VirtaMove's Complaint, which should be the "focus" when considering transfer. *Starco Impex, Inc. v. Biotab Nutraceuticals, Inc.*, No. 1:11–CV–208-RC, 2011 WL 13227698, at *1 (E.D. Tex. Oct. 6, 2011).

[4]   ███████████████████████████████████████████████████████████████████████████████████████████████

[5]   VirtaMove argues that IBM fails to designate these third-party witnesses as "30(b)(6) corporate representatives" on IBM's Kubernetes and Docker implementation, Resp. at 9, but VirtaMove has not served any 30(b)(6) topics.

2

source Kubernetes and Docker, not any "specific implementation." *See* Dkt. 78, Ex. NN.

**Access to sources of proof.** VirtaMove identifies no sources of proof in EDTX, and it failed to produce or permit inspection of its "two heavy boxes" of "patent files" in Canada, Resp. at 10, by the June 5 Patent Rule 3-2 deadline.[6] Nor has VirtaMove shown "there would be any difference between sending electronic files from [Canada] to Texas compared to California." *Lionra Techs. Ltd. v. Fortinet, Inc.*, No. 2:22-CV-00322-JRP-RSP, 2023 WL 7491853, at *3 (E.D. Tex. Nov. 12, 2023). Meanwhile, it is undisputed that the majority of evidence relevant to the accused technology and prior art will come from NDCA third parties. *See Resonant Sys., Inc. v. Sony Grp. Corp.*, No. 2:22-CV-00424-JRG, Dkt. 55 at 6–7 (E.D. Tex. Apr. 10, 2024) (transfer favored where NDCA third party "holds [relevant] documents"). It also is uncontested that the custodians of IBM's contributions to Docker and Kubernetes are in NDCA. Dkt. 78-1 ¶¶ 6–8.

**NDCA is more convenient for willing witnesses.** VirtaMove fails to identify any willing witnesses in or even near EDTX, instead focusing on its five employees in Canada (including three unidentified in its initial disclosures). *See* Resp. at 6; Dkt. 78, Ex. V. Because these witnesses "will already be traveling a substantial distance such that any difference in travel time between this Court and [NDCA] is unlikely to impose a practically significant additional burden," "their residences far from either proposed forum lessens their significance with respect to this factor." *Emerging Auto.*, Dkt. 56 at 20 (E.D. Tex. June 14, 2024).

As for current or former IBM employees, VirtaMove fails to specify individuals or does not explain why they are likely to attend trial. *See* Resp. at 7–8. The inventors of one asserted IBM patent—Markley (Kansas) and Pfitzmann (Switzerland)—no longer work at IBM and are beyond

---

[6] [redacted]

subpoena range. VirtaMove cites IBM's non-California offices but does not identify supposed witnesses there except Chris Rosen, who is not named in initial disclosures. *See id.* at 7. While VirtaMove claims IBM "may call" Harvinder Saini to rebut testimony "about what happened at [a 2016] meeting" between the parties, *id.* at 8, he also is not named in initial disclosures, and VirtaMove's own exhibit confirms the meeting concerned an older VirtaMove product. *See id.*, Ex. 7. Because VirtaMove "does not identify any of its instrumentalities as practicing the Asserted Claims," IBM's knowledge of that product is irrelevant. Dkt. 78, Ex. NN at 5.[7]

Meanwhile, at least three party witnesses reside in NDCA, *see* Ex. 1, the sole inventor of three of the four asserted IBM patents (Allen Havemose) resides in California, and the only other willing witness the parties identified as potentially relevant (Amit Paradkar) is in New York. Thus, this factor strongly favors transfer. *See Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. 2:10-CV-160-JRG, 2012 WL 194370, at *4 (E.D. Tex. Jan. 23, 2012).

**Other practicalities.** Because the relevant evidence and witnesses are concentrated in NDCA, ***all*** parties accused of infringing VirtaMove's patents have moved for transfer there, where Red Hat's DJ action is also pending. VirtaMove does not deny that consolidating these matters in the same district will rectify the inefficiencies and potential conflicts introduced by its decision to file in separate districts.[8] Moreover, while VirtaMove presumes the WDTX Court will deny Amazon's and Google's transfer motions, *see* Resp. at 12, it fails to address the previous WDTX decision granting HPE's motion to transfer to NDCA where, as here, the accused products implemented Docker and Kubernetes. *See* Dkt. 78 at 1, 13. VirtaMove's assertion that Red Hat

---

[7] VirtaMove cannot identify any patents mentioned during the 2016 presentation to IBM, and it confirmed it has not discussed its patents with anyone in EDTX. *See* Ex. 2 at 144:12–145:8, 46:23–47:2.

[8] Courts evaluating this factor have considered transfer of similarly situated defendants to the transferee forum. *See Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*, No. 6:20-CV-01175-ADA, 2022 WL 1127222, at *3 (W.D. Tex. Feb. 1, 2022).

4

brought its DJ action to "manipulate the transfer factors" also is incorrect. *See* Resp. at 12; Dkt. 82-4 ¶¶ 1–4 (detailing basis for DJ claim).

**Local interest considerations.** Although VirtaMove claims this factor is neutral because both parties' "products are sold nationwide," Resp. at 12, it does not identify any relevant customers in this District, and it fails to address its own concentration of partners and customers in NDCA.[9] As noted above, VirtaMove's attempt to discount NDCA's local interest by arguing the Fifth Circuit no longer considers the accused technology's "design and development" location misstates the law. Resp. at 13. The non-party NDCA residents who developed and contributed to the accused open-source technologies have an interest in this case, as do the numerous NDCA-based companies and citizens that use the technologies or developed key prior art. *See, e.g.*, *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336, 1338 (Fed. Cir. 2009).

**VirtaMove's procedural arguments fail.** With this case still in its early stages, IBM did not improperly "delay" in bringing this motion or cause any prejudice to VirtaMove. IBM investigated VirtaMove's claims, identified locations of the key prior art and technical witnesses, and filed its motion upon learning that all pertinent evidence and witnesses are located elsewhere. Nor did IBM fail to "finish meeting and conferring." Resp. at 14. At the meet-and-confer, VirtaMove stated it would "most likely oppose IBM's [transfer] request" but would consider whether to accept transfer in exchange for a limit on prior art contentions. Dkt. 82-1. VirtaMove then returned with new and unrelated conditions, such as "bind[ing] Red Hat to litigation agreements" and foregoing IPRs. *Id*. IBM could not accept those added conditions and informed VirtaMove that due to the inability to resolve the dispute, IBM would proceed with its motion. *Id*. VirtaMove never responded with another offer or denied the parties were at an impasse.

---

[9] VirtaMove confirmed it has at least 20 customers in California and around 12 in NDCA. Ex. 2 at 119:19–120:15.

5

| | |
|---|---|
| Dated:  October 16, 2024 | Respectfully submitted, |

*/s/ Brandon Brown*

Brandon H. Brown
California State Bar No. 266347
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com

Todd M. Friedman (pro hac vice)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: todd.friedman@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone:     (903) 757-6400
Facsimile:     (903) 757-2323
Email:  andrea@wsfirm.com

*Attorneys for Defendant
International Business Machines Corp*

.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on October 16, 2024.

/s/ Brandon H. Brown
Brandon H. Brown