# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00093-JRG |
| | § | (LEAD CASE) |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |
| | | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00064-JRG |
| | § | (MEMBER CASE) |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Hewlett Packard Enterprise Company's ("HPE") Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion"). (Dkt. No. 66.) Having considered the Motion, the subsequent briefing, and for the reasons stated herein, the Court is of the opinion that the Motion should be **GRANTED-IN-PART AND DENIED-IN-PART**.

## I.   BACKGROUND

VirtaMove filed this action against HPE on February 9, 2024, alleging that HPE infringed the following patents owned by VirtaMove, each of which generally relate to novel containerization systems and methods: U.S. Patent Nos. 7,519,814 ("the '814 patent") and 7,784,058 ("the '058 patent") (collectively, the "Asserted Patents"). (Dkt. No. 1.)

On June 7, 2024, HPE filed a Rule 12(b)(6) motion to dismiss VirtaMove's claims for past damages. (Dkt. No. 50.) This motion was denied as moot on July 19, 2024, after VirtaMove filed its Second Amended Complaint against HPE on June 24, 2024. (Dkt. No. 68; Dkt. No. 63.)

On July 9, 2024, HPE filed this Motion, realleging that VirtaMove's claims for past damages in the Second Amended Complaint failed to plausibly plead actual notice or constructive notice as required by 35 U.S.C. § 287.  (Dkt. No. 66.)

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A court can dismiss a complaint that fails to meet this standard.  Fed. R. Civ. P. 12(b)(6).  To survive dismissal at the pleading stage, a complaint must state "enough facts such that the claim to relief is plausible on its face." *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads enough facts to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The question resolved on a Rule 12(b)(6) motion to dismiss is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

When considering whether a complaint is sufficient, the Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff but is not required to accept the plaintiff's legal conclusions as true.  *Id.*  The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).  Ultimately, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted.  *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 697 F. Supp. 3d 635, 642 (E.D. Tex. 2023).

B.     The Marking Statute

Pursuant to 35 U.S.C. § 287, a patentee who makes or sells a patented article cannot recover damages unless the patentee satisfies the notice requirements of section 287(a). *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1365–66 (Fed. Cir. 2017) ("*Artic Cat I*"). At the Rule 12(b)(6) stage, the plaintiff has the burden of pleading compliance with section 287(a). *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Artic Cat II*"). A patentee who makes or sells patented articles can satisfy the notice requirement either by providing constructive notice—*i.e.*, appropriately marking its products—or by providing actual notice to an alleged infringer. *Id.* (citing *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001)). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Id*. The notice provisions do not apply, however, when the patents are directed to methods, or when a patentee never makes or sells a patented article. *Id.*

### III.    DISCUSSION

HPE asks this Court to dismiss VirtaMove's claims for past damages on the grounds that VirtaMove's "contradictory allegations" are "not sufficient to plausibly plead compliance with the marking requirement." (Dkt. No. 66 at 5-6.) Specifically, HPE highlights that VirtaMove not only asserts that it makes or sells patented articles such as its "patented AppZero technology," but also that it "had no requirement for marking." (*Id*. at 6-7.) HPE argues that VirtaMove's allegations cannot both be true because "either AppZero is patent-practicing . . . and marking is required," or "AppZero is not patent-practicing," and the bases for VirtaMove's allegations are false. (*Id.* at 7.) By alleging both, HPE contends that "'irreconcilable internal inconsistencies on the face of [the] pleading'" render VirtaMove's claim for past damages "patently implausible." (*Id.* (quoting *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *4 (E.D. Tex. Nov. 17, 2020).)

3

In response, VirtaMove contends that Federal Rule of Civil Procedure 8(d) expressly permits alternative, inconsistent pleading, and that HPE cannot "use facts from VirtaMove's first alternative theory (that AppZero is covered by the Asserted Patents) against an admission against another alternative or inconsistent claim (that no marking requirement applies because AppZero is not covered by the Asserted Patents)." (Dkt. No. 70 at 5 (citing *Henry v. Daytop Vill., Inc.*, 42 F.3d 89, 95 (2d Cir. 1994) (interpreting Rule 8 as a prohibition against construing one claim as "an admission against another alternative or inconsistent claim").

The Court notes that Federal Rule of Civil Procedure 8 explicitly allows a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). Furthermore, if a party makes alternative statements, "the pleading is sufficient if any one of them is sufficient." *Id.*; *Perkins v. United Surgical Partners Int'l, Inc.*, No. 23-10375, 2024 WL 1574342, at *5 (5th Cir. Apr. 11, 2024). Ultimately, a party may state as many separate claims or defenses as it has, regardless of consistency. Fed. R. Civ. P. 8(d)(3); *see, e.g., Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1021 n.1 (S.D. Cal. 2019) (noting that even where an allegation is contradicted elsewhere in the complaint, the "inconsistent allegation is of no consequence because Federal Rule of Civil Procedure 8 allows parties to plead inconsistent factual allegations in the alternative."); *see also Huffman v. Union Pac. R.R.*, 675 F.3d 412, 418 (5th Cir. 2012) ("At trial, there may be a requirement to elect remedies or for other reasons choose one particular theory, but no such circumstance exists here."); 5 Benjamin Spencer, Federal Practice and Procedure (Wright & Miller) § 1283 (4th ed. 2024) ("The present practice under Rule 8(d)(2) permits a party to seek inconsistent remedies in a claim for relief without being required to elect between them at the pleading stage of the litigation.").

In its Reply, HPE clarifies that "VirtaMove's pleading fails not because VirtaMove has alternative marking theories but because *neither* alternative theory is sufficiently pleaded in view of other factual allegations in VirtaMove's complaint." (Dkt. No. 72 at 1) (emphasis original). In opposition, VirtaMove contends that both of its alternative theories for past damages are well-pleaded. (Dkt. No. 70 at 4.) The Court will address the plausibility of each alternative theory.

### A. The First Alternative Theory: Compliance with the Marking Obligation

VirtaMove contends that its first alternative theory—i.e., that the AppZero was marked before this lawsuit—was sufficiently pleaded in compliance with the marking statute. (Dkt. No. 70 at 5.) In its Second Amended Complaint, for example, VirtaMove pleads that:

> In meetings between 2011–2019, representatives of VirtaMove met with representatives of HP Co. and HPE to discuss and demo AppZero and its technology for purposes of investment, use, sale, and/or partnership. During this time frame, HPE would have learned that AppZero was patented as a matter of basic due diligence, or HPE would have been willfully blind to this fact.
> . . .
> Defendant's infringement has been and is willful. Defendant knew of VirtaMove, its products, and at least one of the patents long before this suit was filed and at least as early as 2012. For example, the '814 Patent was cited in connection with at least the following patents: U.S. Patent Nos. 10,489,354, 10,749,740, 11,467,775, 11,687,267, 11,693,573. Defendant knew, or should have known, that its conduct amounted to infringement of the '814 patent. Accordingly, Defendant is liable for willful infringement.

(Dkt. No. 63 at ¶¶ 11, 16) (emphasis added). Furthermore, VirtaMove pleads that:

> VirtaMove has complied with the requirements of 35 U.S.C. § 287 and is not aware of any unmarked products that practice the claims of the ['814 and '058 patents]. In the alternative, either VirtaMove's product was marked before the filing of this lawsuit, or no requirement for marking applies.

(Dkt. No. 63 at ¶¶ 21, 30.)

VirtaMove argues these allegations are sufficient for two reasons. (Dkt. No. 70 at 5.)

VirtaMove's first reason is that this Court has held that where the plaintiff pleaded it "satisfied all statutory obligations required to collect pre-filing damages for the full period allowed

by law for infringement of the [patent]," that pleading was sufficient to survive a motion to dismiss. (Dkt. No. 70 at 5 (citing *Estech Sys., Inc. v. Target Corp.*, No. 2:20-CV-00123-JRG-RSP, 2020 WL 6496425, at *7 (E.D. Tex. Aug. 10, 2020), *report and recommendation adopted*, No. 2:20-CV-00123-JRG-RSP, 2021 WL 966016 (E.D. Tex. Mar. 12, 2021).)

In the event that this conclusory pleading is sufficient, HPE argues that VirtaMove's pleading is insufficient nonetheless because VirtaMove does not "follow its own caselaw, in which sufficient pleading of marking requirements addressed the 'full period' of damages." (Dkt. No. 72 at 5 (citing *Estech Sys., Inc.*, 2020 WL 6496425, at *7).) VirtaMove argues that pleading that a product was marked for the full alleged period is "not a pleading requirement, and even if it were, it would not warrant dismissal of all past damages" at the Rule 12(b)(6) stage. (Dkt. No. 73 at 5.)

Here, the Court finds that VirtaMove's first alternative theory—i.e., that the AppZero was marked before this lawsuit—is sufficient to meet its burden of pleading compliance with the marking requirement. VirtaMove's allegations with respect to both the '814 and '058 patents rise slightly above the low threshold previously used by in *Estech System*, where this Court held that an allegation the plaintiff had satisfied all statutory obligations required to collect pre-filing damages was sufficient. In this case, VirtaMove alleged not only that it complied with the requirements of 35 U.S.C. § 287 with respect to both patents-in-suit, but that its representatives met with representatives from HPE for a period of eight years to discuss and demo its patented AppZero software technology, that its products were marked before the filing of this lawsuit, and HPE would have learned that AppZero was patented as a matter of basic due diligence. (Dkt. No. 70 at 5; Dkt. No. 63 at ¶ 11.) The fact that VirtaMove does not specifically allege that its product was marked for the full damages period is not a pleading requirement at the Rule 12(b)(6) stage. (Dkt. No. 73 at 5.)

Even if VirtaMove's first argument was insufficient, VirtaMove contends its first alternative theory is sufficiently pleaded because this Court has held that merely pleading that the alleged infringement was willful satisfies the pleading burden of the marking requirement. (Dkt. No. 70 at 5 (citing *TQ Delta, LLC v. CommScope Holding Co., Inc.*, No. 2:21-CV-00309-JRG, 2022 WL 2328746, at *2 (E.D. Tex. June 28, 2022).) In *TQ Delta*, this Court found that TQ Delta's pleadings met the level of pleading affirmed by the Federal Circuit because "TQ Delta plead[ed] that 'Nokia has known or was willfully blind to its infringement of TQ Delta's patents.'" *Id.* The Court also noted that the pleading exceeded the low threshold because "TQ Delta also plead[ed] that Nokia should have been known about its alleged infringement based on 'the publication of the ITU DSL standards and Nokia's . . . involvement with the standards.'" 2022 WL 2328746, at *2, *n.2 (citing *Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005) ("Sentry's pleading that the 'infringements have been willful and with full knowledge of the [patents-in-suit]' was sufficient"); *see also* 6 Robert A. Matthews, Jr., Annotated Patent Digest (Matthews) § 39:10 (October 2024) (citing *Sentry* and stating that the "Federal Circuit appears to have adopted a very liberal view on what it will find acceptable for pleading purposes to comply with the marking statute" because the "Federal Circuit has held that merely pleading willful infringement can suffice for pleading the requisite notice under § 287(a).").

Nevertheless, HPE argues merely pleading "willful infringement" is insufficient for two reasons. First, HPE contends that Second Amended Complaint is insufficient because VirtaMove does not allege willful infringement for the '058 patent. (Dkt. No. 72 at 5.)

The Court, after reviewing the Second Amended Complaint and subsequent briefing, finds that VirtaMove does not plead willful infringement as to the '058 patent. (*See generally* Dkt. No. 70; Dkt. No. 73; *see also* Dkt. No. 63 at 9) ("VirtaMove respectfully requests that this Court

7

enter: . . . A judgment in favor of Plaintiff that Defendant has willfully infringed the '814 patent.").) Therefore, the Court considers VirtaMove's willful infringement argument only for the '814 patent.

Second, HPE contends that VirtaMove's "willfulness theory" as to '814 patent is insufficient because it does not meet the actual notice standard. (Dkt. No. 72 at 5 (citing *Amstead Indus. v. Buckeye Steel Castings, Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) ("Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device.").) HPE notes that VirtaMove's only allegations of pre-suit communications relate to "meetings 'for purposes of investment, use, sale, and/or partnership' relating to VirtaMove's AppZero product." (Dkt. No. 66 at 5; Dkt. No. 63 at ¶ 11.) HPE contends these are insufficient to establish actual notice because "VirtaMove does not assert that it identified the 'existence' of *any* patents in the alleged meetings, much less a 'specific charge' of infringement." (Dkt. No. 66 at 5; Dkt. No. 63 at ¶ 11.) Moreover, HPE explains that the plaintiff in *TQ Delta* did more than plead that infringement was willful; rather, the plaintiff pleaded facts establishing notice of infringement. (Dkt. No. 72 at 5.) For example, the plaintiff there pleaded that "[o]ver years of discussion, TQ Delta . . . did offer to license, repeatedly, . . . TQ Delta Patents . . . ." 2022 WL 2328746, at *2.

In addition to the reasons above, the Court finds that VirtaMove's first alternative pleading is sufficient with respect to the '814 patent because by alleging that "Defendant's infringement has been and is willful" and that "Defendant knew of VirtaMove, its products, and at least one of the patents long before this suit was filed and at least as early as 2012," it meets the standard set in *Sentry. See TQ Delta, LLC*, 2022 WL 2328746, at *2 (citing *Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005) (holding that pleading that the "infringements have been willful and with full knowledge of the [patents-in-suit]" was sufficient to plead compliance with the marking statute).

8

### B.     The Second Alternative Theory: No Marking Obligation

VirtaMove makes two arguments that its second alternative theory is sufficiently pleaded. First, VirtaMove contends that by simply pleading "[i]n the alternative, . . . no requirement for marking applies," its pleading is sufficient to support pre-suit damages. (Dkt. No. 63 at 21, 30; Dkt. No. 70 at 6.)  In support, VirtaMove cites *Altair Logix LLC v. Asus Computer International*, where the court held that merely pleading "there are no marking requirements that have not been complied with" was sufficient.  No. 18-CV-04985-HSG, 2019 WL 1117535, at *3 (N.D. Cal. Mar. 11, 2019).  In *Altair*, the court found that despite being "rather conclusory," the pleading was sufficient because nothing in the Complaint suggested that the plaintiff practiced the patent-in-suit and where the patent-in-suit was not practiced, then there is no marking requirement. *Id.*

Here, however, VirtaMove does plead in its Second Amended Complaint that its AppZero practiced the patent.  (Dkt. No. 63 at ¶ 11.)  To overcome this issue, VirtaMove contends that "it may be that AppZero is not covered by the Asserted Patents" depending on "claim construction and expert opinion."  (Dkt. No. 70 at 6.)  The Court agrees that it may be that the AppZero is not covered by the Asserted Patents.  Furthermore, the Court finds it is permissible to plead that no marking is required when alternatively pleading that the covered product was marked pre-suit. However, the Court finds that VirtaMove's conclusory allegation that "no requirement for marking applies," is deficient to plead compliance with the marking statute in this case.  Consequently, the Court must consider VirtaMove's secondary argument that the marking requirement does not apply because only method claims are asserted in its "complaint." (Dkt. No. 70 at 6; Dkt. No. 73 at 1.)

For the '814 patent, VirtaMove argues that there is no dispute the Second Amended Complaint only asserts method claim 1.  (Dkt. No. 70 at 6; Dkt. No. 63-2.)  "For the '058 patent," VirtaMove argues that "no marking requirement applies because only method claims are asserted *in the complaint*." (Dkt. No. 73 at 1) (emphasis original).

HPE disputes both contentions, arguing that the '058 patent "has no method claims" and that VirtaMove's assertion that it only asserts method claim 1 of the '814 patent is incorrect. (Dkt. No. 72 at 3.)

As a preliminary matter, the Court agrees with HPE that the '058 patent contains "no method claims." (Dkt 63-3 at 14-15).  Therefore, because the '058 patent does not fall within the exception to the marking requirement for method claims and the Court previously found that VirtaMove's pleading is conclusory, VirtaMove's second alternative theory is insufficiently pleaded.  Accordingly, the Court will grant HPE's motion to dismiss without prejudice, with leave for VirtaMove to file an amended complaint that pleads additional and specific facts to supports its conclusory allegation that no marking is required.

With respect to VirtaMove's argument that there is no marking requirement for the '814 patent, HPE contends that this theory fails because VirtaMove asserted "system" claim 31 in its P.R. 3-1 infringement contentions served on June 5, 2024. (Dkt. No. 72 at 3.)  VirtaMove does not dispute this; instead, VirtaMove argues that it inadvertently included this system claim in its contentions (but not its complaint) and has served the operative and corrected infringement contentions omitting claim 31 on July 23, 2024. (Dkt. No. 70 at 7.)  Nevertheless, HPE argues that this inadvertent inclusion and attempt to withdraw "should not count" because HPE had already filed its initial motion to dismiss when VirtaMove attempted to withdraw claim 31 and VirtaMove "still has not moved to amend its operative contentions to remove claim 31." (Dkt. No. 72 at 3.)

Ultimately, VirtaMove argues that that this dispute should not matter for "a Rule 12(b)(6) motion for judgment *on the pleadings*" because the Court should limit itself to the contents of the complaint and its attachments. (Dkt. No. 73 at 1, 3) (emphasis original) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).)

The Court agrees that when determining whether a complaint is sufficiently plead to survive a motion to dismiss, it considers only "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim *and referenced by the complaint.*" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)) (emphasis added).  Consequently, the Court looks only to the Second Amended Complaint and the attached charts, both of which assert only method claim 1 of the '814 patent.  (Dkt. No. 63 at 4-7; Dkt. No. 63-2.) Therefore, because the pleading that "no requirement for marking applies" is conclusory and not supported by additional or specific facts in this case, the exception for method claims suffices to make this alternative pleading sufficient at this stage. *See Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-CV-00662-JRG-RSP, 2019 WL 2959568, at *2 (E.D. Tex. Apr. 18, 2019), *report and recommendation adopted*, No. 2:17-CV-00661-JRG-RSP, 2019 WL 1987204 (E.D. Tex. May 6, 2019) ("[T]he Federal Circuit has made clear that the marking statute does not apply where a patentee has only asserted method claims, even when the patent also contains apparatus claims."). Accordingly, the Court finds that the VirtaMove has satisfied its pleading burden for the '814 patent with respect to its second alternative argument that it has no marking obligation. The question resolved on a Rule 12(b)(6) motion to dismiss is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## IV.   CONCLUSION

The Court concludes that VirtaMove's first alternative theory—i.e., that the AppZero was marked before this lawsuit—is sufficient to plead compliance with the marking requirement as to both the '814 and '058 patents.  The Court also concludes that VirtaMove's second alternative theory—i.e., that marking was not required—is sufficient as to the '814 patent because of the

exception applicable to method claims.  The Court concludes, however, that VirtaMove's second alternative theory is insufficient as to the '058 patent because neither the method exception applies nor does the pleading state sufficient facts to support or explain that no marking is required. Accordingly, for the reasons stated herein, the Court finds that Defendants' Motion to Dismiss (Dkt. No. 66) should be and hereby is **GRANTED-IN-PART**.  Furthermore, it is **ORDERED** that VirtaMove has leave to file an amended complaint within fourteen (14) days that pleads additional and specific facts to supports its allegation that no marking is required as to the '058 patent.  In all other respects, the Motion is **DENIED**.  Furthermore, HPE's request for a hearing on its Motion (Dkt. No. 81) is **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 16th day of October, 2024.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE