# Exhibit 21

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | Case No. 2:24-cv-00093-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendant. | Case No. 2:24-CV-00064-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF VIRTAMOVE, CORP.'S FIRST SUPPLEMENTAL
INITIAL AND ADDITIONAL DISCLOSURES TO IBM**

Pursuant to the agreed Docket Control Order and Federal Rule of Civil Procedure 26(a)(1), Plaintiff VirtaMove, Corp. ("VirtaMove") provides the following Initial Disclosures to Defendant International Business Machines Corp. ("IBM" or "Defendant").

The following disclosures are made based on VirtaMove's current knowledge, information, and belief based on a reasonable and good-faith inquiry. VirtaMove reserves the right to supplement or amend these disclosures at any time based upon its continuing investigation and discovery.

Further, by making these disclosures, VirtaMove does not (1) represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit, (2) concede the

relevance or admissibility or any of the information provided, or (3) waive its right to object to the production of any document or tangible thing disclosed herein on the bases of any privilege, the work product doctrine, relevance, undue burden, or any other valid objection, or to seek protection under a suitable protective order, agreed to by the parties or issued by the Court under Rule 26(c) of the Federal Rules of Civil Procedure, for any information to be provided in discovery in this case. Subject to the foregoing, VirtaMove provides the following disclosures:

## INITIAL DISCLOSURES

### I. CORRECT NAMES OF THE PARTIES TO THE LAWSUIT

"VirtaMove, Corp." is the correct name of Plaintiff. On information and belief, the correct name of the Defendant is International Business Machines Corp.

### II. POTENTIAL PARTIES

VirtaMove is currently unaware of any additional potential parties.

### III. THE LEGAL THEORIES AND, IN GENERAL, THE FACTUAL BASES OF VIRTAMOVE'S CLAIMS

VirtaMove previously provided its Preliminary Infringement Contentions to the Defendant based on publicly available information. VirtaMove will provide further detail concerning its legal theories and, in general, the factual bases of the disclosing party's claims after discovery has been received from Defendant and/or in connection with appropriate expert witness disclosures.

### IV. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Based on the information currently available, each individual identified below is believed likely to have knowledge of relevant facts. Some of the individuals listed below may have information that consists of expert analysis or expert opinion. Identifying such persons below at this time shall not constitute a waiver of the right to call on and/or rely on such individuals as experts nor does their disclosure below constitute an agreement to commence expert discovery at

2

this time. VirtaMove further reserves the right to identify or call additional or different individuals as witnesses if, during the course of discovery and investigation relating to this case, VirtaMove learns that such additional or different individuals have relevant knowledge.

| Name and Contact Information | Summary of Information |
|---|---|
| Nigel W. Stokes* | Ownership of the patents-in-suit, licensing and other transactions involving the patents-in-suit. Financial information relating to and marketing for VirtaMove products and technology. Design and development of VirtaMove products and technology. |
| Susan Cameron* | Operations of VirtaMove. |
| Greg O'Connor* | Past business of VirtaMove. |
| Mark Woodward* | Design and development of VirtaMove products and technology. |
| Donn Rochette* | Conception, reduction to practice, design, and development of the patents-in-suit. |
| Paul O'Leary* | Conception, reduction to practice, design, and development of the patents-in-suit. |
| Dean Huffman* | Conception, reduction to practice, design, and development of the patents-in-suit. |
| Defendant's employees knowledgeable about the history, design, and development of Defendant's products and the significance of the use by Defendant's products of secure containerized applications, including IBM's Cloud Kubernetes Service (IKS), IBM Cloud Private (ICP), and IBM Hybrid Cloud mesh. | The history, design, and development of Defendant's products and the significance of secure containerized applications, including IBM's Cloud Kubernetes Service (IKS), IBM Cloud Private (ICP), and IBM Hybrid Cloud mesh functionality in those products. |
| Defendant's employees knowledgeable about the development and use of secure containerized applications, including IBM's Cloud Kubernetes Service (IKS), IBM Cloud Private (ICP), and IBM Hybrid | The value of secure containerized applications, including IBM's Cloud Kubernetes Service (IKS), IBM Cloud Private (ICP), and IBM Hybrid Cloud mesh functionality and the role that they |

3

| | |
|---|---|
| Cloud mesh and the role that they play in driving demand for Defendant's products. | play in driving demand for Defendant's products. |
| Defendant's employees knowledgeable about Defendant's sale and marketing for Defendant's secure containerized applications, including IBM's Cloud Kubernetes Service (IKS), IBM Cloud Private (ICP), and IBM Hybrid Cloud mesh products and factors that affect demand for such Defendant product, and the role that these factors play in the sale and marketing of Defendant's products. | The factors that affect demand for such Defendant product, and the role that these factors play in the sale and marketing of Defendant's products. |
| Defendant's employees knowledgeable about the United States sales of Defendant's products. | The United States sales of Defendant's products, including information about revenue and units sold |
| Steven Astorino | IBM's pre-suit interactions with VirtaMove |
| Cynthia L. Soto | IBM's pre-suit interactions with VirtaMove |
| Joslyn Allen | IBM's pre-suit interactions with VirtaMove |
| Tiffany Chamberlain | IBM's pre-suit interactions with VirtaMove |
| Individuals and/or firms named by IBM in its counterclaims, including Charles E. Wands and Christopher F. Regan | Counterclaimed facts related to these individuals and/or firms. |
| Matthew A. Markley | Information related to IBM's Patents |
| Amitkumar M. Paradkar | Information related to IBM's Patents |
| Venkata Vinay Parisa | Information related to IBM's Patents |
| Birgit M. Pfitzmann | Information related to IBM's Patents |
| Allan Havemose | Information related to IBM's Patents |
| Harvinder Saini | IBM's pre-suit interactions with VirtaMove |

4

| | |
|---|---|
| David Roth | Past business operations of VirtaMove, design and development of VirtaMove products and technology |
| Ernesto Benedito | Design and development of VirtaMove products and technology |
| Steven Antoine* | Operations of VirtaMove |
| Emanuel Sousa* | Operations of VirtaMove |
| Cedric Burgins* | Operations of VirtaMove |
| Chris Rosen | IBM's pre-suit interactions with VirtaMove |
| Amit Paradkar | Conception, design, and development of asserted IBM patents |
| IBM individuals "most responsible for IBM Kubernetes . . . predominantly located in Rochester MN, Austin, TX and Raleigh, NC." Dkt. 78-2 ¶ 13. | IBM Kubernetes |
| Phil Estes, former IBM CTO Contact via Amazon's counsel | IBM's container technology |
| IBM researchers and engineers in New York who worked on container-related technology (Dkt. 82-6 at 55-56) | IBM's container technology |

Additionally, VirtaMove incorporates by reference all individuals who may be identified during discovery in this matter, including in Defendant's Initial Disclosures, the parties' responses to interrogatories, and documents produced by the parties and third parties.

No current VirtaMove employee or consultant may be contacted without the prior consent of VirtaMove's counsel. People and entities listed above with asterisks (*) by their name may be contacted only through VirtaMove's counsel.

## V.    INSURANCE AGREEMENTS

VirtaMove is not presently aware of any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a

5

judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

### VI. SETTLEMENT AGREEMENTS

VirtaMove is currently unaware of any settlement agreements.

### VII. STATEMENT OF ANY PARTY

VirtaMove is currently unaware of any prior, relevant statements made by any party to the litigation, aside from VirtaMove's complaint and Defendant's answer. VirtaMove is continuing its investigation and will amend these Initial Disclosures when more information is available to the extent needed.

## ADDITIONAL DISCLOSURES

### I. PATENT RULE 3-1 AND PATENT RULE 3-3

VirtaMove has already complied with the disclosure obligations of P.R. 3-1 and P.R. 3-3 as to the Asserted Patents for Defendant. VirtaMove incorporates by reference the Preliminary Disclosure of Asserted Claims and Infringement Contentions that it served on Defendant herein.

### II. DOCUMENTS AND THINGS

VirtaMove has produced or will produce documents, electronically stored information, and tangible things in its possession, custody, or control that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas.

VirtaMove's investigation is ongoing, and it reserves the right to identify additional documents and to object to the production of any documents described herein on any basis permitted under the Federal Rules of Civil Procedure and any other applicable law or privilege. VirtaMove further reserves the right to seek protection under a suitable protective order, agreed to

by the parties or issued by the Court under Rule 26(c), for any information to be provided by it in discovery in this case.

### III.     STATEMENT OF THE BASIS FOR ANY DAMAGES CLAIMED

VirtaMove seeks damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, to be enhanced to the extent that Defendant's infringement is found to be willful, together with attorneys' fees, costs, and interest as fixed by the Court. VirtaMove intends to rely on a damages expert and will therefore provide further computation of damages in connection with appropriate expert witness disclosure.

Dated: October 22, 2024

Respectfully submitted,

By: */s/ Mackenzie Paladino*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
Mackenzie Paladino (NY SBN 6039366)
mpaladino@raklaw.com

**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 22, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

<i>/s/ Mackenzie Paladino</i><br>
Mackenzie Paladino