**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br>         Plaintiff, <br><br>   v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br>         Defendant. | Civil Action No.  2:24-CV-00093-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br><br>         Plaintiff, <br><br>   v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br>         Defendant. | Civil Action No. 2:24-CV-00064-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

## <u>DEFENDANT HPE'S OPPOSED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404</u>

████████████████████

## <u>TABLE OF CONTENTS</u>

I.    STATEMENT OF FACTS ......................................................................... 1

    A.    Plaintiff Asserts Two Patents Against Third-Party Functionality. ........................ 1

    B.    The Relevant Evidence and Witnesses are Concentrated in NDCA...................... 2

        1.    Kubernetes Evidence and Witnesses are in NDCA. ................................... 2

        2.    Docker Evidence and Witnesses are in NDCA.......................................... 3

        3.    Prior Art Evidence and Witnesses are in NDCA. ....................................... 3

    C.    VirtaMove, its Former Employees, and the Named Inventors Do Not Have Connections to this District...................................................................... 4

    D.    HPE's Relevant Connections are Primarily Outside this District, with a Concentration of Employees in NDCA. .................................................. 4

    E.    All Other Defendants Have Moved to Transfer to NDCA. ................................. 6

II.    LEGAL STANDARD................................................................................ 6

III.    NDCA IS THE CLEARLY MORE CONVENIENT FORUM. ........................................ 7

    A.    Plaintiff Could Have Brought this Action in NDCA. ............................................. 7

    B.    The Private Interest Factors Clearly Favor Transfer................................................. 7

        1.    The Availability of Compulsory Process Strongly Favors Transfer........... 7

        2.    Relative Ease of Access to Sources of Proof Strongly Favors Transfer. ....................................................................................... 9

        3.    Cost of Attendance for Willing Witnesses Strongly Favors Transfer. ...................................................................................... 11

        4.    Judicial Economy Strongly Favors Transfer.............................................. 13

    C.    The Public Interest Factors Favor Transfer to NDCA. ......................................... 14

        1.    Deciding Localized Interests at Home Strongly Favors Transfer............. 14

        2.    Avoiding Conflict of Laws Issues Favors Transfer. ................................. 15

        3.    The Court Congestion Factor Weighs Slightly Against Transfer. ............. 15

    4.     Familiarity with Governing Law is Neutral................................................ 15

IV.    CONCLUSION................................................................................................................ 15

███████

## **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*ACQIS LLC v. EMC Corp.*,
  67 F. Supp. 3d 769 (E.D. Tex. 2014)...............................................................10, 12

*Aguilar-Ayala v. Ruiz*,
  973 F.2d 411 (5th Cir. 1992) ............................................................................8

*Balawajder v. Scott*,
  160 F.3d 1066 (5th Cir. 1998) ..........................................................................6

*CXT Sys., Inc. v. Container Store, Inc.*,
  No. 2:18-cv-173-RWS-RSP, 2019 WL 1506015 (E.D. Tex. Apr. 5, 2019) ..........................14

*DataTreasury Corp. v. First Data Corp.*,
  243 F. Supp. 2d 591 (N.D. Tex. 2003) ................................................................15

*Deep Green Wireless LLC v. Ooma, Inc.*,
  No. 2:16-cv-604-JRG-RSP, 2017 WL 679643 (E.D. Tex. Feb. 21, 2017)............................11

*Farmobile LLC v. Farmers Edge Inc.*,
  No. 2:21-cv-411-JRG, 2022 WL 2653893 (E.D. Tex. July 7, 2022).......................................8

*Implicit LLC v. Palo Alto Networks, Inc.*,
  No. 6:17-cv-336-JRG, 2018 WL 1942411 (E.D. Tex. Feb. 20, 2018) ...................................10

*In re Acer Am. Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010).........................................................................9, 12

*In re Adobe Inc.*,
  823 F. App'x 929 (Fed. Cir. 2020) .......................................................................15

*In re Apple, Inc.*,
  581 F. App'x 886 (Fed. Cir. 2014) .........................................................................7

*In re Clarke*,
  94 F.4th 502 (5th Cir. 2024) ...........................................................................9, 14

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)..............................................................7, 11, 12, 15

*In re Google LLC*,
  No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ..............................................9

*In re Google*,
No. 2022-140, 2022 WL 1613192 (Fed. Cir. May 23, 2022) ...................................................10

*In re Hoffman-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009)...............................................................................................14

*In re HP Inc.*,
No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ...................................................8

*In re Hulu, LLC*,
No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) .....................................................8

*In re Juniper Networks, Inc.*,
14 F.4th 1313 (Fed. Cir. 2021) ..........................................................................................8, 14

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009)..................................................................................................7

*In re Samsung Elecs. Co. Ltd.*,
2 F.4th 1371 (Fed. Cir. 2021), *cert denied, Ikorongo Tex. LLC v. Samsung Elecs. Co.*, 142 S.
Ct. 1445 (2022) .......................................................................................................................11

*In re TikTok, Inc.*,
85 F.4th 352 (5th Cir. 2023) .............................................................................................8, 13

*In re Toyota Motor Corp.*,
747 F.3d 1338 (Fed. Cir. 2014)................................................................................................10

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) .....................................................................................................6

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) .....................................................................................................7

*Intellectual Ventures I LLC v. Hewlett Packard Enterprise Co.*,
6:21-cv-226-ADA, Dkt. 49 (W.D. Tex. Nov. 31, 2021)...............................................1, 2, 3, 7

*Keldar, Inc. v. Baby Brezza Enters. LLC*,
No. 2:14-cv-904-JRG-RSP, 2015 WL 4624863 (E.D. Tex. Aug. 3, 2015) ...........................11

*Koss Corp. v. Plantronics, Inc.*,
No. 6:20-cv-663-ADA, 2021 WL 2075685 (W.D. Tex. May 20, 2021) ...................................9

*Lifestyle Sols., Inc. v. Abbyson Living LLC*,
No. 2:16-cv-1290-JRG-RSP, 2017 WL 5257006 (E.D. Tex. Nov. 10, 2017) ........................13

*Optimum Power Sols. LLC v. Apple, Inc.*,
794 F. Supp. 2d 696 (E.D. Tex. 2011) .....................................................................................7

*Red Hat, Inc. v. VirtaMove Corp.*,
 No. 5:24-cv-4740-PCP (N.D. Cal. Aug. 5, 2024) ...................................................................13

*Uniloc USA, Inc. v. Apple Inc.*,
 No. 2:17-cv-258-JRG, 2017 WL 11553227 (E.D. Tex. Dec. 22, 2017) ....................................8

*Uniloc USA, Inc. v. Cisco Sys., Inc.*,
 No. 6:15-cv-1175-JRG, 2017 WL 959856 (E.D. Tex. Mar. 13, 2017) ....................................15

*VoIP-Pal.com, Inc. v. Google LLC*,
 No. 6:21-cv-667-ADA, 2022 WL 2068254 (W.D. Tex. June 8, 2022) ....................................11

*Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*,
 No. 2:10-cv-160-JRG, 2012 WL 194370 (E.D. Tex. Jan. 23, 2012) .......................................12

*XR Commc'ns, LLC v. Google LLC*,
 No. 6:21-cv-625-ADA, 2022 WL 3702271 (W.D. Tex. Aug. 26, 2022) ..............................10

*XY, LLC v. Trans Ova Genetics, LC*,
 No. W-16-CA-447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ....................................9

## STATUTES

28 U.S.C. § 1400(b) ..................................................................................................................7

28 U.S.C. § 1404(a) ..................................................................................................................6

█████████████

This case belongs in the Northern District of California ("NDCA"). VirtaMove, a Canadian company, asserts two patents with named inventors outside of Texas, against functionality in two third-party open-source software products developed in NDCA: the San Francisco-based Cloud Native Computing Foundation's ("CNCF") Kubernetes software and the Palo Alto-based Docker, Inc.'s software. Given the crucial third-party evidence relevant to the accused technology in NDCA, the "most important" venue analysis factor favors transfer. *See Intellectual Ventures I LLC v. Hewlett Packard Enterprise Co.*, 6:21-cv-226-ADA, Dkt. 49, at 7-8 (W.D. Tex. Nov. 31, 2021).

Judicial economy also strongly favors transfer to NDCA. VirtaMove makes very similar contentions on the same two patents and the same third-party open-source functionality in three other cases. Each of those defendants have moved to transfer to NDCA.[1] Moreover, the bulk of HPE's evidence is concentrated in NDCA. HPE's employees knowledgeable about HPE's use and integration of the accused third-party functionality are largely in NDCA, and only a few are in Texas (including teleworkers). Because the presence of certain employees in Texas does not outweigh the crucial third-party evidence in NDCA, and because most factors strongly favor transfer, good cause exists to transfer this case to NDCA as the clearly more convenient forum.

## I.    STATEMENT OF FACTS

### A.  Plaintiff Asserts Two Patents Against Third-Party Functionality.

VirtaMove filed this suit on February 9, 2024, alleging infringement of U.S. Pat. Nos. 7,519,814 and 7,784,058 (the "Asserted Patents"). Dkt. 1. The Asserted Patents generally relate to

---

[1] VirtaMove sued Amazon and Google in the Western District of Texas and International Business Machines ("IBM") in this Court, which was consolidated with this case. *See VirtaMove, Corp. v. Amazon.com, Inc.,* No. 7:24-cv-30, Dkt. 1 (W.D. Tex. Jan. 26, 2024) (the "*Amazon* Case"); *VirtaMove, Corp. v. Google LLC,* No. 7:24-cv-33, Dkt. 1 (W.D. Tex. Jan. 31, 2024) (the "*Google* Case"); *VirtaMove, Corp. v. International Business Machine Co.*, No. 2:24-cv-64-JRG, Dkt. 1 (E.D. Tex. Jan. 31, 2024) (the "*IBM* Case"). IBM's motion to transfer to NDCA (Dkt. 78) is pending in this Court. Due to the significance of evidence regarding the accused third-party functionalities in this case, this motion tracks IBM's motion in many places, and refers to exhibits from IBM's motion (Dkt. 78 Exs. A-NN).  For ease of reference, the new exhibits to this motion begin at Ex. OO, consecutive to IBM's exhibits (Dkt. 78 Exs A-NN).

software for the "containerization" of applications. *See* Dkt. 63 ¶¶ 1, 3; *id.*, Exs. 1, 3. VirtaMove accuses (1) HPE's Ezmeral Runtime Enterprise ("ERE") and (2) HPE's GreenLake, which refers to a way of delivering products and services, not to an actual product, and, in any event, is accused only to the extent that it incorporates ERE. *See* Dkt. 63 ¶¶ 14, 24; Ex. PP, Sept. 6, 2024, Supp. Prelim. Infr. Cont., at 2. The accused ERE product is a container orchestration platform that uses third-party Docker and Kubernetes functionality. *See* Ex. OO, Lee Decl., ¶ 6.

VirtaMove does not accuse any functionality unique to ERE. Rather, VirtaMove's allegations focus solely on functionality provided by open-source components of ERE, including the Kubernetes and Docker software. *See, e.g.*, Ex. PP, Sept. 6, 2024, Supp. Prelim. Infr. Cont. '814 Patent Chart at 1, '058 Patent Chart at 29-31. VirtaMove's contentions rely almost exclusively on HPE blogs and articles explaining the third-party Kubernetes and Docker software as well as documents published by Docker and Kubernetes. *See id.*

### B. The Relevant Evidence and Witnesses are Concentrated in NDCA.

#### 1. Kubernetes Evidence and Witnesses are in NDCA.

Kubernetes is an open-source platform that allows users to deploy and manage containerized applications. *See* Dkt. 78 Ex. B, ¶ 8 & Ex. C. Kubernetes is developed and managed by CNCF, a sub-foundation of the Linux Foundation;[2] both CNCF and the Linux Foundation have principal places of business in NDCA. *See* Dkt. 78 Exs. A, ¶ 13, Ex. D, Ex. E, Ex. F. CNCF's documents relating to the research, design, development, and operation of Kubernetes are in NDCA. *See Intellectual Ventures I*, No. 6:21-cv-226-ADA, Dkt. 49 at *7–8.

The development of the technology underlying the Kubernetes software occurred in NDCA. Google—headquartered in Mountain View, CA, in NDCA—was an early developer of the

---

[2] CNCF maintains the ContainerD product, which is the core of Docker's container technology. *See* Ex. XX.

concept behind the accused container orchestration. *See id.*; *Google* Case, Dkt. 48 at 5 (citing Cloud Run Decl., ¶ 9). The principal engineers for that project primarily are located in NDCA. *See id.* CNCF has provided the hosting and support, governance, community engagement, and training services for Kubernetes, although the product itself remains open source. *See id.*

## 2. Docker Evidence and Witnesses are in NDCA.

Docker is an open-source platform offered by Docker, Inc. that is used to develop and run applications in containers. *See* Dkt. 78 Ex. B, ¶ 8 & Ex. G. Docker, Inc. has its principal place of business in Palo Alto, CA, in NDCA. *See* Dkt. 78 Ex. A, ¶ 15 & Ex. H. Hundreds of Docker engineers located in NDCA work on Docker. *See* Dkt. 78 Exs. D, I. Docker was developed in NDCA by engineers in NDCA, and Docker's documents relating to the research, design, and development of this software are located in NDCA. *See Intellectual Ventures*, No. 6:21-cv-226-ADA, Dkt. 49 at 7–8. Witnesses with knowledge of Docker development live in California, with the majority in NDCA: co-founder Solomon Hykes (San Francisco) (*see* Exs. J, YY-ZZ); former engineer Jessie Frazelle (San Francisco), who collaborated with IBM engineers on the project (*see* Dkt. 78 Ex. K); and Docker engineers Tonis Tiigi (San Francisco) and Derek McGowan (Sacramento). *See Amazon* Case, Dkt. 33 ¶ 4; Ex. AAA-CCC.

## 3. Prior Art Evidence and Witnesses are in NDCA.

Prior art systems relevant to this case include: (1) HP-UX, developed by HPE, with one of HPE's most knowledgeable witnesses on HP-UX, Scott Norton, located in San Jose, CA, in NDCA, (Dkt. 63, Ex. 3,'058 Patent at 7:20-22 (acknowledging HP-UX is prior art); Ex. OO, Lee Decl., ¶ 15); (2) "Thinstall," developed in NDCA by Jonathan Clark, who resides in NDCA, and which was acquired by VMware and then recently Omnissa, both located in NDCA (Dkt. 78 Exs. L, M; Ex. GGG); (3) "FreeDSB," developed at the University of California–Berkeley in NDCA (Dkt. 78 Ex. N); (4) "Virtuozzo," developed in NDCA (Dkt. 78 Exs. O-P); and (5) "Solaris,"

developed in NDCA by Sun Microsystems (Ex. DDD at 2-3, 5; Ex. EEE at 1; Ex. FFF at 4-5).

### C.  VirtaMove, its Former Employees, and the Named Inventors Do Not Have Connections to this District.

VirtaMove, Corp. is incorporated in Ontario, Canada, and located in Kanata, Canada. *See* Dkt. 78 Exs. CC, DD. In the U.S., VirtaMove, Inc., an affiliate of Plaintiff, is incorporated in Delaware with a small office in Andover, MA. *See* Dkt. 78 Ex. CC, EE. VirtaMove's board of directors has four members—two located in Toronto, Canada, one in Waltham, MA, and one in Palo Alto, CA, in NDCA. *See* Dkt. 78 Ex. DD. VirtaMove has five employees, all in Canada. Dkt. 82 at 6. Beyond its active employees, VirtaMove identified Greg O'Connor and Mark Woodward as having information related to the company. *See* Ex. HHH, VirtaMove's Initial Disclosures. Neither is in this Texas. *See* Dkt. 78 Exs. GG, HH, II.

The Asserted Patents' named inventors also lack any connection to this District. Named inventors Paul O'Leary and Dean Huffman currently reside in Ottawa, Canada. *See* Dkt. 78 Exs. JJ, KK. HPE understands that named inventor Donn Rochette currently resides in Iowa. The Asserted Patents' prosecuting attorneys reside in Florida. *See* Dkt. 78 Ex. MM.

### D.  HPE's Relevant Connections are Primarily Outside this District, with a Concentration of Employees in NDCA.

HPE is incorporated in Delaware and has its headquarters in Spring, TX. HPE has facilities in San Jose, Milpitas, Sunnyvale, Fremont, and Santa Clara, CA, all in NDCA, with over 2,000 people employed in HPE's San Jose facility alone. Ex. OO, Lee Decl., ¶ 4; Ex. QQ.

The locus of HPE's work relevant to the development of the ERE software was and is performed in NDCA. In particular, BlueData Software, Inc. ("BlueData"), a company that was based in Santa Clara, CA, originally developed portions of what would become the ERE technology, including early integration work of the third-party Docker and Kubernetes functionality, in Santa Clara, CA. *Id.* ¶ 5. HPE acquired BlueData in 2018, and many of the

███

BlueData employees that became HPE employees remained in NDCA at HPE's San Jose, CA, facility, including those that continued working on the relevant ERE technology. *Id.*

Since the acquisition of BlueData, much of HPE's product development and engineering work relevant to the accused functionality in ERE has also been performed in San Jose, CA. *Id.* ¶¶ 5-6. Moreover, leadership responsible for ERE, including the General Manager of the HPE ERE product, Mohan Rajagopalan, and Director of Engineering for Enterprise Software Solutions, David Lee, are located in San Jose, CA. *Id.* ¶¶ 3-8. Mr. Lee, who worked at BlueData, leads the team responsible for integration of the third-party Docker and Kubernetes functionality in ERE, and has 13 reports in San Jose. *Id.*

Other relevant HPE employees in NDCA include: (1) Ms. Joann Starke, the Senior Marketing Manager for ERE; (2) Mr. Tanuj Mittal, the VP of Revenue Operations for HPE Ezmeral Software; and (3) Mr. Abraham Sharp, a Distinguished Technologist responsible for ERE customer support, all of whom work in San Jose, CA. *Id.* ¶ 11. The person most knowledgeable about HPE's GreenLake container offering (the other accused product that incorporates ERE), Mr. Dave Hawley, the Product Manager of GreenLake for Private Cloud Enterprise, also resides in California and works from HPE's San Jose office. *Id.* ¶ 14; *see supra*, § I.A.

In contrast, only three HPE employees with potentially relevant technical, product management, or sales knowledge regarding ERE live and work in Texas. Two such employees are teleworkers: (1) Michael Bower, Head of Global Ezmeral Software Sales Operations, who resides in ███, TX, supports the ERE technical team in San Jose from a sales perspective; and (2) Srikanth Venkata Seshu, Product Manager for ERE, who resides in ███, TX and who has 22 reports, mostly overseas. *Id.* ¶¶ 9, 12. The other HPE employee, Simham Naveenam, resides in ███ and reports to David Lee, who confirms that Mr. Naveenam has no unique knowledge

regarding the accused functionality and primarily works on storage integration, which is not an accused functionality. *Id.* ¶ 7.

### E.  All Other Defendants Have Moved to Transfer to NDCA.

The suits against Amazon, Google, and IBM are based on the same Docker and Kubernetes technology at issue in this case. Dkt. 73 (IBM); *Amazon* Case, Dkt. 31 at 3–4, 14–15; *id.*, Dkt. 33 ¶ 3; *Google* Case, Dkt. 27 ¶ 16; *id.*, Dkt. 40. All three defendants have significant presence in NDCA, and all three have moved to transfer to NDCA. *See* Dkt. 73 at 6-7 (IBM); *Amazon* Case, Dkt. 31 at 3–5, 9–11, 15, Dkt. 34 ¶¶ 3–4 & Dkt. 35 ¶¶ 1, 3; *Google* Case, Dkt. 27 ¶ 6 & Dkt. 48.

## II.    LEGAL STANDARD

Section § 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998). The court first determines whether the plaintiff properly could have filed its case in the transferee venue. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If this threshold is met, the court then balances factors relating to the private interests of the parties and the public interest in the fair and efficient administration of justice. *Id.* The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial of a case easy, expeditious, and inexpensive." *Id.* at 203. The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.*

███████████

### III.     NDCA IS THE CLEARLY MORE CONVENIENT FORUM.

The clear majority of factors, including the "most important" factor, the location of relevant third-party evidence, favors transfer to NDCA. *Intellectual Ventures I*, 6:21-cv-226-ADA, Dkt. 49, at \*7-8; *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). Where, as here, "a case featur[es] most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co.,* 589 F.3d 1194, 1197-98 (Fed. Cir. 2009) (applying Fifth Circuit law).

#### A.  Plaintiff Could Have Brought this Action in NDCA.

VirtaMove could have brought this action in NDCA, the threshold issue for transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*").[3] HPE has numerous offices in NDCA. Ex. OO, Lee Decl., ¶ 4; Ex. QQ. VirtaMove accuses HPE's ERE, which was designed and developed in large part in NDCA. Ex. OO, Lee Decl., ¶¶ 5-8. Proper jurisdiction and venue therefore exist in NDCA. 28 U.S.C. § 1400(b).

#### B.  The Private Interest Factors Clearly Favor Transfer.

##### 1.   The Availability of Compulsory Process Strongly Favors Transfer.

The availability of compulsory process to secure the attendance of third-party witnesses "will weigh heavily in favor of transfer when more third-party party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x 886, 888-89 (Fed. Cir. 2014) (applying Fifth Circuit law); *see also Optimum Power Sols. LLC v. Apple, Inc.*, 794 F. Supp. 2d 696, 701 (E.D. Tex. 2011). The ability to compel live trial testimony is crucial for evaluating a witness's testimony. *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

Here, testimony from third-party witnesses knowledgeable of Kubernetes and Docker—

---

[3] All internal quotations and citations are omitted unless otherwise noted.

the third-party functionality accused in this case—will be critical, with these witnesses inarguably providing "relevant and material information." *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *2-3 (Fed. Cir. Aug. 2, 2021) (applying Fifth Circuit law and reversing denial of transfer where "vast majority of witnesses to be analyzed under this factor would be subject to compulsory process" in transferee forum). The organizations providing the accused Docker and Kubernetes functionality, and the key witnesses who developed this software, are all in NDCA. *See supra*, §§ I.B.1-2. Many third-party prior art inventors are also in NDCA, including at least Andrew Tucker, John Beck, Daniel Price, Steven Osman, and Dinesh Subhraveti. *See supra*, § I.B.3.

This factor thus favors transfer since HPE "has identified multiple third-party witnesses and shown that they are overwhelmingly located within the subpoena power of only the transferee venue." *Hulu*, 2021 WL 3278194, at *4. VirtaMove opposes this motion because HPE did not identify its final witness and evidence list for trial during the meet and confer process. Ex. UU. But that is neither realistic nor required; neither party has taken a single deposition of each other's witnesses, and absolute certainty of all trial evidence is not required for transfer. *See also In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318, 1321 (Fed. Cir. 2021) (recognizing any present uncertainty "does not cut in favor of conducting this litigation in the [transferor district] rather than in the Northern District of California") (applying Fifth Circuit law); *In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023) (looking to "relevant witnesses" when determining convenience).[4] Here, because HPE does not presently expect any party to call third-party witnesses from within this District, the difference in convenience for third-party witnesses is actual and significant. *See Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-cv-258-JRG, 2017 WL 11553227, at *6–7 (E.D. Tex.

---

[4] *See also Farmobile LLC v. Farmers Edge Inc.*, No. 2:21-cv-411-JRG, 2022 WL 2653893, at *3 (E.D. Tex. July 7, 2022) ("When there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor.") (citing *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.3 (Fed. Cir. Sept. 25, 2018)).

Dec. 22, 2017) (transfer favored where "multiple third-party witnesses resid[ed] within the [NDCA]" and no "third-party witnesses resid[ed] within the [EDTX] with information 'material or relevant' to the case"); *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024).

### 2.   Relative Ease of Access to Sources of Proof Strongly Favors Transfer.

In patent infringement cases, courts look at "the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-0447-RP, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017) (citing *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Here, the accused Docker and Kubernetes technology was researched, designed, developed, and tested by third parties in NDCA, *see supra*, §§ I.B.1-2, which "further tips the scales in favor of transfer." *Koss Corp. v. Plantronics, Inc.*, No. 6:20-cv-663-ADA, 2021 WL 2075685, at *3 (W.D. Tex. May 20, 2021).

Moreover, HPE's relevant witnesses are concentrated in NDCA and relevant documents are also created there. *See, e.g.*, *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021) (explaining that "the location of document custodians and location where documents are created and maintained . . . may bear on the ease of retrieval"). The HPE engineering team in the U.S. responsible for integrating the open-source Docker and Kubernetes technology used in ERE is largely based in NDCA, at HPE's San Jose facility. Ex. OO, Lee Decl., ¶ 6. Additionally, Scott Norton, knowledgeable about HPE's HP-UX prior art systems, is located in San Jose, CA, in NDCA. *Id.* ¶ 15.

HPE has not identified any unique sources of proof in EDTX. VirtaMove is a Canadian company with no presence in Texas. *See supra*, § I.C. VirtaMove's pleading points to an HPE office in Plano, but that location closed before the Complaint was filed. Dkt. 67 ¶ 9. Although there are a few potentially relevant HPE Texas employees, including teleworkers, and HPE has an office in Frisco, HPE would make any sources of proof available in NDCA. *See supra*, § I.D.

Moreover, any source of proof from teleworkers, to the extent there is any, carries little weight in the transfer analysis. *See XR Commc'ns, LLC v. Google LLC*, No. 6:21-cv-625-ADA, 2022 WL 3702271, at *7 (W.D. Tex. Aug. 26, 2022) (citing *In re Google*, No. 2022-140, 2022 WL 1613192, at *4 (Fed. Cir. May 23, 2022) ("[E]vidence located at a party's office that is not a 'place of regular business' may be discounted")).

In opposition to IBM's motion, VirtaMove contends that five witnesses, the inventors and certain former VirtaMove employees, are only willing to travel to Texas for trial—not California— purportedly because of reduced expense and travel time. Dkt. 82 at 9-10. But these potential witnesses do not reside in EDTX or NDCA and for that reason should be given little weight in this analysis. *See In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) (the analysis "is not altered by the presence of other witnesses and documents in places outside both forums."). Moreover, VirtaMove improperly focuses on direct-line distance calculations and ignores connecting flights and drive times. *See Implicit LLC v. Palo Alto Networks, Inc.*, No. 6:17-cv-336-JRG, 2018 WL 1942411, at *6 (E.D. Tex. Feb. 20, 2018) (taking into account total travel time from a direct flight); *ACQIS LLC v. EMC Corp.*, 67 F. Supp. 3d 769, 776 (E.D. Tex. 2014) ("[T]he existence or non-existence of direct flights can impact the analysis of travel time."). When considering connecting flights and drive time, the overall travel time to each venue for the Canadian witnesses is similar. *Compare* Ex. VV *with* Ex. WW (approximately 15-minute difference in travel time to EDTX versus NDCA). And the U.S. witness, Mr. O'Connor, maintains a vacation home in California, and states on his LinkedIn that he works "full time" in San Francisco. Dkt. 82 at 9-10; Dkt. 83 Ex. 13 ¶ 3; Dkt. 78 Ex. BB; *see also* Ex. III (Mr. Colford also traveling to California for work).

VirtaMove's disclosures also confirm these third parties are largely willing witnesses. Four

of the five are identified on VirtaMove's disclosures as witnesses to be contacted only through VirtaMove's counsel, and HPE expects they are VirtaMove's consultants, so their convenience is more appropriately analyzed under the willing witness factor than the compulsory process factor. Ex. HHH; *accord Keldar, Inc. v. Baby Brezza Enters. LLC*, No. 2:14-cv-904-JRG-RSP, 2015 WL 4624863, at *3 (E.D. Tex. Aug. 3, 2015) (finding two inventors "are not third-parties to the case because they are 'consultants' for [a party]"). VirtaMove did not identify the fifth witness, Chuck Colford, as someone with relevant knowledge on their disclosures at all. Ex. HHH. And, again, because none of them are located in the District, their location does not weigh against transfer. *See In re Samsung Elecs. Co.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021) (when parties fail to identify witnesses in the transferor forum, "with nothing on the other side of the ledger," that strongly favors transfer), *cert denied*, *Ikorongo Tex. LLC v. Samsung Elecs. Co.*, 142 S. Ct. 1445 (2022).

### 3. Cost of Attendance for Willing Witnesses Strongly Favors Transfer.

"The convenience of the witnesses is probably the single most important factor in [the] transfer analysis." *In re Genentech*, 566 F.3d 1338, 1341-42, 1343 (Fed. Cir. 2009) (applying Fifth Circuit law). "This factor appropriately considers the cost of attendance of all willing witnesses, including both party and non-party witnesses," *VoIP-Pal.com, Inc. v. Google LLC*, No. 6:21-cv-667-ADA, 2022 WL 2068254, at *4 (W.D. Tex. June 8, 2022), although "it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis." *Deep Green Wireless LLC v. Ooma, Inc.*, No. 2:16-cv-604-JRG-RSP, 2017 WL 679643, at *4 (E.D. Tex. Feb. 21, 2017).

Here, the convenience of multiple third-party witnesses—including individuals that developed the accused Docker and Kubernetes functionality and numerous prior art inventors—favors transfer to NDCA. *See supra*, §§ I.B.1-3. The "personal costs associated with being away from work, family, and community" for these witnesses "would be significantly minimized or

avoided by transferring the case to Northern California." *In re Acer Am. Corp.*, 626 F.3d 1252, 1255, 1256 (Fed. Cir. 2010); *see also Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. 2:10-cv-160-JRG, 2012 WL 194370, at *4 (E.D. Tex. Jan. 23, 2012) ("if there are more witnesses located in the transferee district who will be inconvenienced if the case is *not* transferred, the convenience of the witnesses weighs in favor of transfer"). The time and expense of traveling to this District makes it unlikely that most—or any—of the third-party witnesses in NDCA will do so voluntarily.

No VirtaMove employees reside in this District, and VirtaMove witnesses will have to travel a significant distance to either venue. *See supra* § III.B.2; *In re Genentech, Inc.*, 566 F.3d at 1348 (finding, under the Fifth Circuit's "100 mile" rule, if witnesses have to travel a significant distance in any event, slight inconvenience by having to travel to either forum cannot be given significant weight); *ACQIS*, 67 F. Supp. 3d at 774, 775 (evaluating convenience between Massachusetts and EDTX and finding sources of proof in Washington "do[] not weigh against transfer as neither district is more convenient to Washington").

With respect to HPE witnesses, the locus of the relevant technical team is in NDCA, including the former employees of BlueData, the NDCA-based company that HPE acquired and that originally developed portions of the underlying ERE technology in NDCA. *See supra*, § III.B.2; Ex. OO, Lee Decl., ¶ 5. Of the relevant witnesses, the U.S.-based technical team is largely based in San Jose, as is product management leadership and marketing for ERE,[5] and the HPE

---

[5] VirtaMove's complaint points to alleged pre-suit business meetings between VirtaMove and HP Co. and HPE regarding a product not accused in this case, AppZero. Dkt. 63, ¶ 11. These meetings have no relevance to willfulness since, by VirtaMove's own admission, they were "for purposes of investment, use, sale, and/or partnership"—not to inform HPE of the Asserted Patents or alleged infringement—and did not involve any discussions of patents or infringement. Ex. RR, Resp. to Rog No. 1, at 6-7 (cited documents unrelated to patents or infringement). HPE therefore does not expect these individuals to be a significant source of evidence in this case. Even under VirtaMove's theory that these meetings are relevant to this case, VirtaMove's cited documents also involve witnesses in NDCA: former AppZero employee responsible for the HPE relationship, Ms. Samantha Clarke in Fremont, CA (Ex. SS at 4); former HPE-employee Stephen Nott in San Jose, CA (Ex. TT); and former AppZero CEO Greg O'Connor, who represents on LinkedIn that he lives and works in San Francisco (Dkt. 78 Ex. BB) and, at a minimum, maintains a vacation home in California (Dkt. 83 Ex. 13 ¶ 3), demonstrating that he is willing to travel there.

employee, Scott Norton, knowledgeable about HPE's HP-UX prior art. *Id.* ¶¶ 6, 15; *see supra*, § I.D.

The few HPE employees who reside in Texas are either remote workers who do not work on the ERE engineering team (*i.e.*, Mr. Bower and Mr. Seshu), or focus on aspects of ERE that are not accused of infringement (*i.e.*, Mr. Naveenam). *See supra*, § I.D. Their presence in Texas does not outweigh the convenience of the many HPE witnesses in California. *See, e.g.*, *In re TikTok, Inc.*, 85 F.4th at 361 (recognizing the "presence of one Texas witness cannot overcome the immense inconvenience that the majority of relevant witnesses would face if this case were to be tried in Texas").

### 4. Judicial Economy Strongly Favors Transfer.

This factor considers whether the proposed transfer will promote "judicial economy," including by addressing "duplicative suits involving the same or similar issues that may create practical difficulties." *Lifestyle Sols., Inc. v. Abbyson Living LLC*, No. 2:16-cv-1290-JRG-RSP, 2017 WL 5257006, at *4 (E.D. Tex. Nov. 10, 2017).

Here, VirtaMove has asserted the same patents against four defendants in four different lawsuits in EDTX and WDTX, alleging infringement based on the *same* underlying open-source technology, such that the cases share numerous factual and legal similarities. *See supra*, § I.A. All other defendants have sought transfer to NDCA, allowing for consolidation in that District. *See* Dkt. 78; *Amazon* Case, Dkt. 31 at 1, 3–4, 11–12, 14–17; *Google* Case, Dkt. 44, 48. In addition, Red Hat, an IBM subsidiary, recently filed suit in NDCA seeking a declaratory judgment of non-infringement of the Asserted Patents for its product that uses the same underlying Docker and Kubernetes technologies. *See Red Hat, Inc. v. VirtaMove Corp.*, No. 5:24-cv-4740-PCP (N.D. Cal. Aug. 5, 2024). The judicial economy and avoidance of inconsistent rulings that would result from transfer to NDCA—followed by the potential consolidation of the IBM, Google, Amazon, HPE,

and Red Hat cases in that District—strongly favors transfer. *See CXT Sys., Inc. v. Container Store, Inc.*, No. 2:18-cv-173-RWS-RSP, 2019 WL 1506015, at \*5 (E.D. Tex. Apr. 5, 2019). That is particularly true here since discovery has just begun in this District, the *Markman* hearing is months away, and the Court has not issued any substantive rulings.

### C. The Public Interest Factors Favor Transfer to NDCA.

#### 1. Deciding Localized Interests at Home Strongly Favors Transfer.

For this factor, courts look to the "factual connection" that "the events that gave rise to a suit" have with the transferee and transferor venues. *Id.*; *see also Juniper*, 14 F.4th at 1320. This factor favors transfer when the accused technology was developed in the transferee district. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336, 1338 (Fed. Cir. 2009) (applying Fifth Circuit law).

Here, the accused Docker and Kubernetes functionality in HPE's ERE was developed in NDCA—by individuals and companies still located in NDCA—and prior art invalidating the Asserted Patents also was invented by individuals and companies in NDCA. Because the accused functionality was "developed and tested" predominantly in NDCA, and because this suit "calls into question the work and reputation of several individuals residing" in that District, NDCA's interest in this matter is "self-evident." *Id.* at 1336.[6]

VirtaMove's willfulness allegations also put HPE's own NDCA development work relating to ERE, and the reputations of the NDCA-based HPE employees who developed it, squarely at issue. VirtaMove specifically alleges that HPE's ERE copied VirtaMove's AppZero technology. *See* Dkt. 93 ¶ 11. To defend itself against these allegations, HPE will set forth evidence that its NDCA-based employees independently developed ERE in NDCA using open-source,

---

[6] In opposition to IBM's transfer motion, VirtaMove argues that for the local interest factor, *In re Clarke* "do[es] away with the 'design and development' analysis articulated by the Federal Circuit." Dkt. 82 at 4. This is wrong. *In re Clarke* expressly considers where development activities occurred in analyzing "facts giving rise to this case" under the local interest factor. *In re Clarke*, 94 F.4th 502, 512 (5th Cir. 2024) (considering development activities in D.C. as establishing a factual connection with D.D.C., though ultimately concluding the local interest factor is neutral).

third-party Kubernetes and Docker functionality entirely unrelated to VirtaMove's AppZero.

There is little, if any, local interest in having this matter decided in this District. VirtaMove has no connection to EDTX, the Asserted Patents were not developed or prosecuted here, and the accused technology was not developed here. This factor therefore strongly favors transfer.

### 2. Avoiding Conflict of Laws Issues Favors Transfer.

Five different cases are pending across four different courts in three districts, relating to the same patents and technology and involving substantially overlapping witnesses and questions of fact. Transfer to NDCA—where these five cases can be consolidated and litigated in the same district—serves the interest of justice by preventing inconsistent decisions. *See DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003).

### 3. The Court Congestion Factor Weighs Slightly Against Transfer.

Although time to trial in NDCA may be slightly longer than in this District, when "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *In re Genentech*, 566 F.3d at 1347; *see also In re Adobe Inc.*, 823 F. App'x 929, 931-32 (Fed. Cir. 2020) (applying Fifth Circuit law); *Uniloc USA, Inc. v. Cisco Sys., Inc.*, No. 6:15-cv-1175-JRG, 2017 WL 959856, at *4 (E.D. Tex. Mar. 13, 2017) ("The Federal Circuit has noted that this factor is mostly speculative, and thus has relatively limited impact on the ultimate decision whether to transfer.").

### 4. Familiarity with Governing Law is Neutral.

Both districts are familiar with patent law. *See Uniloc*, 2017 WL 11553227, at *10.

## IV.  CONCLUSION

Because the balance of factors demonstrates good cause to transfer to NDCA as the clearly more convenient forum, HPE respectfully requests that the Court grant its motion to transfer.



Dated: October 14, 2024                    Respectfully submitted,

                                        By: */s/ Katharine Burke*
                                              Jennifer H. Doan
                                              Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

Katharine Burke (Lead Attorney)
DC Bar Number: 985333
Katharine.burke@bakerbotts.com
**BAKER BOTTS L.L.P.**
700 K Street, N.W.
Washington, DC 20001-5692
Tel: (202) 639-7700

Douglas M. Kubehl
Texas Bar No. 00796909
Doug.kubehl@bakerbotts.com
Morgan Mayne
Texas Bar No. 24084387
Morgan.mayne@bakerbotts.com
Emily Deer
Texas Bar No. 24116352
Emily.deer@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
Tel: (214) 953-6500

David Lien (*pro hac vice*)
California Bar No. 313754
David.lien@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Rd, Bdg. One, Ste. 200
Palo Alto, CA 94304-1007
Tel: (650) 739-7563

***ATTORNEYS FOR DEFENDANT***

16

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2024, the foregoing was served via email on all counsel who have consented to electronic service.

*/s/ Katharine Burke*
Katharine Burke

**CERTIFICATE OF CONFERENCE**

I hereby certify that on October 11, 2024, counsel for Plaintiff Peter Tong, and counsel for Defendant HPE Doug Kubehl, Melissa Muenks, Emily Deer, and Joshua Thane, met and conferred telephonically in compliance with Local Rule CV-7(h) with respect to the relief requested in this motion. The parties are at an impasse and Plaintiff indicated that it is opposed to the relief requested in this motion.

*/s/ Douglas M. Kubehl*
Douglas M. Kubehl

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that pursuant to the Protective Order, this motion and certain exhibits hereto contain confidential information and are therefore filed under seal.

*/s/ Katharine Burke*
Katharine Burke

17