# EXHIBIT RR

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendant. | Case No. 2:24-cv-00093-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>Defendant. | Case No. 2:24-CV-00064-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S FIRST SET OF INTERROGATORIES (NOS. 1-5)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff VirtaMove, Corp. ("Plaintiff" or "VirtaMove") provides its first supplemental objections and responses to Defendant Hewlett Packard Enterprise Company's ("Defendant" or "HPE") First Set of Interrogatories as follows:

VirtaMove's responses are based on information known and available to it at the time of these responses. VirtaMove's investigation in this matter is ongoing. Further, because all information and documents that are possibly within the scope of the Interrogatories may have yet

1

VirtaMove understands these terms to refer to the plaintiff in this action, VirtaMove, Corp.

21. VirtaMove objects to the definitions of the term "Person" because it makes each Interrogatory that references a person vague, ambiguous, overbroad, and unduly burdensome VirtaMove will interpret this term using its common and ordinary meaning.

22. VirtaMove objects to the definition of the term "Documents" as overbroad and unduly burdensome. Accordingly, VirtaMove will interpret this term consistent with its obligations pursuant to the Federal Rules of Civil Procedure, Local Rules of this District and any applicable Court orders.

23. VirtaMove objects to the definition of the term "and" as overbroad and unduly burdensome. VirtaMove will interpret this term using its common and ordinary meaning.

24. VirtaMove objects to the definition of the term "or" as overbroad and unduly burdensome. VirtaMove will interpret this term using its common and ordinary meaning.

25. VirtaMove objects to Defendant's Instructions as overbroad, unduly burdensome and calling for a legal conclusion. VirtaMove will provide responses and produce documents, subject to its objections consistent with applicable statues, the Federal Rules of Civil Procedure, the rules of this District and any court orders.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

State the date and provide a detailed description of all facts and circumstances relating to how You contend HPE first became aware of each Asserted Patent or was provided with notice of the alleged infringement. If You contend that You provided actual notice to HPE before filing the Complaint(s) in this Action, Your answer should include an identification of all Documents and things evidencing and Persons knowledgeable about such actual notice.

### RESPONSE TO INTERROGATORY NO. 1:

Incorporating the General Objections, above, VirtaMove further objects to this

Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not relevant to any claim or defense. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order. VirtaMove further objects to this Interrogatory as calling for legal conclusions.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows: In meetings between 2011–2019, representatives of VirtaMove met with representatives of HP Co. and HPE to discuss and demo AppZero and its technology for purposes of investment, use, sale, and/or partnership. During this time frame, HPE would have learned that AppZero was patented as a matter of basic due diligence, or HPE would have been willfully blind to this fact. After the demos and disclosures from VirtaMove, the patented AppZero technology has made its way into the Accused Products of HPE. Pursuant to Rule 33(d), VirtaMove refers HPE to the Complaint filed in this case, and all amendments thereto. Discovery in this case is ongoing, and VirtaMove will amend or supplement this response as discovery in this case proceeds.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (09/04/2024)**:

Subject to and without waiving the foregoing objections, VirtaMove further responds as follows:

Pursuant to Rule 33(d) VirtaMove identifies the following documents relating to its meetings with HPE from the 2011-2019 timeframe that were produced in this case: VM_HPE_0001095 – VM_HPE_0001250. Discovery in this case is ongoing, and VirtaMove

7

reserves the right to supplement or amend this response as discovery in this case proceeds.

**INTERROGATORY NO. 2**

Describe in detail any and all bases for Your claim for damages from HPE in this lawsuit, including without limitation an identification and explanation of the damages theories in which Your calculations are grounded (e.g., lost profits, reasonable royalty, or any other measure of damages), any royalty rate that You contend applies, the amount of monetary damages to which You claim You are entitled from HPE, whether the subject matter of the Asserted Claims constitute a substantial basis for consumer demand of any HPE product or service, an identification of all facts that You contend or may contend support Your damages theories, an identification of all documents that support Your allegations with respect to damages, and an identification of all persons who have provided information that supports Your allegations with respect to damages.

**RESPONSE TO INTERROGATORY NO. 2:**

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for expert opinions.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows: VirtaMove has not yet completed its investigation, collection of information, discovery, and analysis relating to this action. Accordingly, VirtaMove expressly reserves the right to supplement, modify or alter its response hereto. VirtaMove reserves all of its rights and does not waive any

that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows: HPE has had actual and/or constructive knowledge of the VirtaMove, its products, and at least one of the Asserted Patents long before this suit was filed and at least as early as 2012. For example, the '814 Patent was cited in connection with at least the following patents: U.S. Patent Nos. 10,489,354, 10,749,740, 11,467,775, 11,687,267, 11,693,573. Defendant knew, or should have known, that its conduct amounted to infringement of the '814 patent. In view of that knowledge, HPE's continued infringement of the asserted patents was deliberate and intentional and constitutes willful infringement. Additional information responsive to this Interrogatory can be found in VirtaMove's Response to Interrogatory No. 1. Discovery in this case is ongoing and VirtaMove reserves the right to supplement or amend this response as discovery in this case proceeds.

Dated:  September 4, 2024                    Respectfully submitted,

                                             /s/ Daniel Kolko
                                             _____

                                             Reza Mirzaie (CA SBN 246953)
                                             rmirzaie@raklaw.com
                                             Marc A. Fenster (CA SBN 181067)

mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel Kolko (CA SBN 341680)
dkolko@raklaw.com

**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
ptong@raklaw.com

**RUSS AUGUST & KABAT**
4925 Greenville Ave, Suite 200
Dallas, TX 75206

*Attorneys for Plaintiff VirtaMove, Corp.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on September 4, 2024.

>  */s/ Daniel Kolko*
> Daniel Kolko