## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., | |
| Plaintiff, | Case No.  2:24-cv-00093-JRG |
| v. | **(LEAD CASE)** |
| HEWLETT PACKARD ENTERPRISE COMPANY, | **JURY TRIAL DEMANDED** |
| Defendant. | |

### THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST HEWLETT PACKARD ENTERPRISE COMPANY

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff VirtaMove Corp. (collectively, "Plaintiff" or "VirtaMove") makes the following allegations against Defendant Hewlett Packard Enterprise Company (collectively, "Defendant" or "HPE"):

### INTRODUCTION AND PARTIES

1.      This complaint arises from Defendant's unlawful infringement of the following United States patents owned by VirtaMove, each of which generally relate to novel containerization systems and methods: United States Patent Nos. 7,519,814 and 7,784,058 (collectively, the "Asserted Patents"). VirtaMove owns all right, title, and interest in each of the Asserted Patents to file this case.

2.      VirtaMove, Corp. is a is a corporation organized and existing under the laws of Canada, having its place of business at 110 Didsbury Road, M083, Ottawa, Ontario K2T 0C2. VirtaMove is formerly known as Appzero Software Corp. ("Appzero"), which was established in 2010.

3.      VirtaMove is an innovator and pioneer in containerization. At a high level, a container is a portable computing environment. It can hold everything an application needs to run to move it from development to testing to production smoothly. Containerization lowers software and operational costs, using far fewer resources. It provides greater scalability (for example, compared to virtual machines). It provides a lightweight and fast infrastructure to run updates and make changes. It also encapsulates the entire code with its dependencies, libraries, and configuration files, effectively removing errors that can result from traditional configurations.

4.      For years, VirtaMove has helped customers repackage, migrate and refactor thousands of important, custom, and packaged Windows Server, Unix Sun Solaris, & Linux applications to modern, secure operating systems, without recoding. VirtaMove's mission is to move and modernize the world's server applications to make organizations more successful and secure. VirtaMove has helped companies from many industries achieve modernization success.

5.      The use of containerization has been growing rapidly. For instance, one source predicted the application containers market to reach $2.1 billion in 2019 and $4.3 billion in 2022—a compound annual growth rate ("CAGR") of 30%. *See, e.g.*, https://digiworld.news/news/56020/application-containers-market-to-reach-43-billion-by-2022. Another source reported the application containers market had a market size of $5.45 billion in 2024 and estimated it to reach $19.41 billion in 2029—a CAGR of 28.89%. *See, e.g.*, https://www.mordorintelligence.com/industry-reports/application-container-market.

6.      Defendant Hewlett Packard Enterprise Company is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1701 E Mossy Oaks Road, Spring, Texas 77389. Hewlett Packard Enterprise Company has as its registered agent for service: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Hewlett Packard

Enterprise Company has been registered to do business in the state of Texas under Texas SOS file number 802175187.

## JURISDICTION AND VENUE

7.    This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.    This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

9.    Venue is proper in this District. For example, HPE has a regular and established place of business, including, e.g., at 6080 Tennyson Parkway, Suite 400, Plano, Texas 75024.

## ADDITIONAL FACTS

10.    As shown by the WayBack Machine, HP Co. and AppZero were part of a "partner" program as far back as 2012.  HP Co. would later split into HPE and HP Inc. in 2014. AppZero is a predecessor of VirtaMove.



11.     In meetings between 2011–2019, representatives of AppZero and/or VirtaMove met with representatives of HP Co. and HPE to discuss and demo AppZero's and/or VirtaMove's technology for purposes of investment, use, sale, and/or partnership. During this time frame, as a matter of basic due diligence, HPE would have learned that AppZero and/or VirtaMove marketed and/or advertised that their software AppZero (later rebranded as V-Migrate) was patented, or HPE would have been willfully blind to this fact. After the demos and disclosures from VirtaMove, the technology advertised and marketed by AppZero and/or VirtaMove has made its way into the Accused Products of HPE described below.

**COUNT I**

4

## INFRINGEMENT OF U.S. PATENT NO. 7,519,814

12.     VirtaMove realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13.     VirtaMove owns all rights, title, and interest in U.S. Patent No. 7,519,814 ('814 patent), titled "System for Containerization of Application Sets," issued on April 14, 2009. A true and correct copy of the '814 Patent is attached as Exhibit **1.**

14.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as, e.g., HPE's Ezmeral Runtime Enterprise, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '814 patent, for example:

HPE Ezmeral Runtime Enterprise is an enterprise-grade container orchestration platform that is designed for the containerization of both cloud-native and non-cloud-native monolithic applications with persistent data. It deploys 100% open-source Kubernetes for orchestration, provides a state-of-the-art file system and data fabric for persistent container storage, and provides enterprises with the ability to deploy non-cloud-native AI and Analytics workloads in containers. Enterprises can now easily extend the agility and efficiency benefits of containers to more of their enterprise applications—running on either bare-metal or virtualized infrastructure, on-premises, in multiple clouds, or at the edge.

https://www.hpe.com/psnow/doc/a50004264enw.pdf?jumpid=in_pdp-psnow-qs.

15.     The infringement of the Asserted Patents is also attributable to Defendant. Defendant and/or users of the Accused Products directs and controls use of the Accused Products to perform acts that result in infringement the Asserted Patents, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

16.     Defendant's infringement has been and is willful. Defendant knew of VirtaMove, its products, and at least one of the patents long before this suit was filed and at least as early as 2012. For example, the '814 Patent was cited in connection with at least the following patents: U.S. Patent Nos. 10,489,354, 10,749,740, 11,467,775, 11,687,267, 11,693,573. Defendant knew, or should have known, that its conduct amounted to infringement of the '814 patent. Accordingly,

Defendant is liable for willful infringement.

17.     Defendant also knowingly and intentionally induces infringement of claims of the '814 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '814 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier, as set forth above. Despite this knowledge of the '814 patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '814 patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '814 patent, thereby specifically intending for and inducing its customers to infringe the '814 patent through the customers' normal and customary use of the Accused Products.

18.     Defendant has also infringed, and continue to infringe, claims of the '814 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention.  Defendant knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently are, contributorily infringing the '814 patent, in violation of 35 U.S.C. § 271(c).

19.     The Accused Products satisfy all claim limitations of claims 1, 2, 6, 9, and 10 of the '814 patent. A claim chart comparing an independent claims 1, 2, 6, 9, and 10 of the '814 patent to a representative Accused Product, is attached as Exhibit **2**, which is hereby incorporated

by reference in its entirety.  These are the only asserted claims of the '814 patent in this case.

20.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured VirtaMove and is liable for infringement of the '814 patent pursuant to 35 U.S.C. § 271.

21.     As a result of Defendant's infringement of the '814 patent, VirtaMove is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court. VirtaMove is entitled to past damages under 35 U.S.C. § 287. VirtaMove has complied with the requirements of 35 U.S.C. § 287 and is not aware of any unmarked products that practice the claims of the '814 patent. In the alternative, either VirtaMove's product was marked before the filing of this lawsuit, or no requirement for marking applies.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,784,058

22.     VirtaMove realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23.     VirtaMove owns all rights, title, and interest in U.S. Patent No. 7,784,058 ('058 patent), titled "Computing System Having User Mode Critical System Elements as Shared Libraries," issued on August 24, 2010. A true and correct copy of the '058 patent is attached as Exhibit **3**.

24.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as, e.g., HPE's Ezmeral Runtime Enterprise, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '058 patent,

for example:

**HPE Ezmeral Runtime Enterprise** is a unified platform built on open-source Kubernetes and designed for both cloud-native applications and non-cloud-native applications running on any infrastructure; whether on-premises, in multiple public clouds, in a hybrid model, or at the edge.

https://support.hpe.com/hpesc/public/docDisplay?docId=a00ecp54hen_us&page=home/about-hpe-ezmeral-container-pl/Welcome.html.

25.    The infringement of the Asserted Patents is also attributable to Defendant. Defendant and/or users of the Accused Products directs and controls use of the Accused Products to perform acts that result in infringement the Asserted Patents, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

26.    Defendant also knowingly and intentionally induces infringement of claims of the '058 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '058 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed. Despite this knowledge of the '058 patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '058 patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '058 patent, thereby specifically intending for and inducing its customers to infringe the '058 patent through the customers' normal and customary use of the Accused Products.

27.    Defendant has also infringed, and continue to infringe, claims of the '058 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention.  Defendant knows the components in the Accused

Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently are, contributorily infringing the '058 patent, in violation of 35 U.S.C. § 271(c).

28.     The Accused Products satisfy all claim limitations of claims 1–4 and 18 of the '058 patent. A claim chart comparing claims 1–4 and 18 of the '058 patent to a representative Accused Product, is attached as Exhibit **4**, which is hereby incorporated by reference in its entirety. Claims 1–4 and 18 are the only claims of the '058 patent asserted in this case.

29.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured VirtaMove and are liable for infringement of the '058 patent pursuant to 35 U.S.C. § 271.

30.     As a result of Defendant's infringement of the '058 patent, VirtaMove is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court. VirtaMove is entitled to past damages under 35 U.S.C. § 287. VirtaMove has complied with the requirements of 35 U.S.C. § 287. 35 U.S.C. § 287 requires the marking of a "patented articles," however VirtaMove makes, offers for sale, and/or sells software and software support services. VirtaMove is unaware of instances where it made, offered for sale, and/or sold "a processor," as required by claim 1 of the '058 patent, with these products. Thus, VirtaMove is not required to mark any of these products that it makes, offers for sale, and/or sells. In the alternative, to the extent VirtaMove is found to have "made," "offered for sale," and/or "sold" "patented articles," including to the extent VirtaMove is found to have made, offered for sale, and/or sold products with "a processor" as required by claim 1 of the '058 patent, VirtaMove's

products were marked before the filing of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, VirtaMove respectfully requests that this Court enter:

a.      A judgment in favor of VirtaMove that Defendant has infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b.      A judgment in favor of Plaintiff that Defendant has willfully infringed the '814 patent;

c.      A permanent injunction prohibiting Defendant from further acts of infringement of each of the '814 and '058 patents;

d.      A judgment and order requiring Defendant to pay VirtaMove its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of each of the Asserted Patents;

e.      A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to VirtaMove, including without limitation, pre-judgment and post-judgment interest;

f.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to VirtaMove its reasonable attorneys' fees against Defendant; and

g.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

VirtaMove, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury

of any issues so triable by right.

Dated: October 30, 2024

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Jacob R. Buczko (CA SBN 269408)
jbuczko@raklaw.com
James S. Tsuei (CA SBN 285530)
jtsuei@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel Kolko (CA SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
ptong@raklaw.com
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

**CERTIFICATE OF SERVICE**

I certify that on June 24, 2024 a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Reza Mirzaie*
Reza Mirzaie

**FILED WITH LEAVE; NO MEET AND CONFER**

This amendment is being filed under Fed. R. Civ. P. 15(a)(2) with leave of Court, such that no conference with counsel was needed. Dkt. 90 at 12.

*/s/ Reza Mirzaie*
Reza Mirzaie