**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | |
| Plaintiff, | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| | § | |
| v. | § | |
| | § | |
| HEWLETT PACKARD ENTERPRISE | § | **JURY TRIAL DEMANDED** |
| COMPANY, | § | |
| Defendant. | § | |
| | § | |
| | § | |

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | |
| Plaintiff, | § | Case No. 2:24-CV-00064-JRG |
| | § | (Member Case) |
| v. | § | |
| | § | |
| INTERNATIONAL BUSINESS | § | **JURY TRIAL DEMANDED** |
| MACHINES | § | |
| CORP., | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF VIRTAMOVE, CORP.'S OPPOSITION TO DEFENDANT HPE'S MOTION
TO TRANSFER (DKT. 87)**

# <u>TABLE OF CONTENTS</u>

I.      Introduction: HPE Omits Relevant Witnesses and Evidence and Cannot Meet its Burden of Proof..................................................................................................1

II.     Recent Fifth Circuit Changes to Transfer Law .....................................................1

    A.      Fifth Circuit Law Controls On Procedural Transfer, Not Federal Circuit Law...... 1

    B.      The 2024 Updated Burden of Proof Articulated by *In re Clarke* .......................... 2

    C.      *TikTok* Restores the "Rigid" 100-Mile Rule.......................................................... 2

    D.      Local Interest looks to *Events* that *Give Rise to the Suit* ....................................... 3

III.    Reasons to Deny the Motion Entirely ...................................................................4

    A.      HPE Failed to Meaningfully Meet and Confer Per L.R. CV-7(h) ......................... 4

    B.      Lee's Declaration is Insufficient for "Clearly Demonstrating" Facts.................... 4

IV.     The Private Interest Factors Weigh Against Transfer...........................................5

    A.      Many Willing Witnesses Weigh Against Transfer, and IBM Has No Evidence That Third-Party West Coast Witnesses Are Willing............................................ 5

    B.      The Compulsory Process Factor Weighs Against Transfer.................................... 7

    C.      Ease of Access to Evidence Weighs Against Transfer ........................................ 11

    D.      Other Practical Problems Weigh Against Transfer.............................................. 12

V.      Argument: The Public Interest Factors Weigh Against Transfer .......................13

    A.      The Local Interest Factor is Legally Neutral Because Infringement Occurs Nationwide, While Design and Development Are Irrelevant............................... 13

    B.      Conflict of Laws Weighs Against Transfer Because HPE Will Stay In EDTX ... 15

    C.      A 27.3 Month Faster Time to Trial Greatly Weighs Against Transfer................. 15

VI.     Conclusion: No Good Cause..................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Affinity Labs of Texas v. Samsung Elecs. Co.*,
  968 F. Supp. 2d 852 (E.D. Tex. 2013) .................................................................. 9

*Defense Distributed v. Bruck*,
  30 F.4th 414 (5th Cir. 2022)......................................................................... 2, 3, 14

*Encore Wire Corp. v. Copperweld Bimetallics, LLC*,
  2023 WL 123506 (E.D. Tex. Jan. 6, 2023) ............................................................ 4

*In re Apple Inc.*,|
  979 F.3d 1332 (Fed. Cir. 2020) .......................................................................... 2, 5

*In re Clarke*,
  94 F.4th 502 (5th Cir. 2024) ........................................................................ passim

*In re Google LLC*,
  2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ....................................................... 2

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ................................................................ 3, 13, 14

*In re Planned Parenthood Fed'n of Am., Inc.*,
  52 F.4th 625 (5th Cir. 2022) .......................................................................... 12, 13

*In re TikTok, Inc.*,
  85 F.4th 352 (5th Cir. 2023).......................................................................... passim

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) .......................................................................... 2, 13

*Kajeet, Inc. v. Trend Micro, Inc.*,
  2022 WL 126490 (W.D. Tex. Jan. 12, 2022) ...................................................... 13

*Microchip Tech. Inc. v. U.S. Philips Corp.*,
  367 F.3d 1350 (Fed. Cir. 2004) ............................................................................. 1

*Scramoge Tech. Ltd. v. Apple Inc.*,
  2022 WL 1667561 (W.D. Tex. May 25, 2022) ...................................................... 5

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) ................................................................................................. 1

*Toyota Motor Corp.*,
  }747 F.3d 1338 (Fed. Cir. 2014) ........................................................................... 7

*Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*,
  546 U.S. 394 (2006) ............................................................................................... 1

*Universal Connectivity Techs. Inc. v. HP Inc.*,
  2024 WL 3305724 (W.D. Tex. July 3, 2024)....................................................... 15

*Winner Int'l Royalty Corp v. Wang*,
  202 F.3d 1340 (Fed. Cir. 2000) ............................................................................. 1

*XR Commc'ns, LLC v. Google LLC*,
   2022 WL 3702271 (W.D. Tex. Aug. 26, 2022) ........................................................................ 11

**Statutes**

35 U.S.C. § 102 ............................................................................................................................ 9

35 U.S.C. § 271 ....................................................................................................................... 3, 14

**Rules**

Local Rule CV-7(h) ..................................................................................................................... 4

## I. Introduction: HPE Omits Relevant Witnesses and Evidence and Cannot Meet its Burden of Proof

HPE's Motion to Transfer (Dkt. 87) relies on outdated case law, an attorney mouthpiece declaration, and speculation about west coast witnesses. VirtaMove's employees and evidence are located in east Canada, and their inconvenience counterbalances transfer to the NDCA. Fifth Circuit law requires HPE "clearly to demonstrate" that the NDCA is "clearly more convenient" by showing (1) "that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e. clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024)  (emphasis original). During meet and confer efforts, VirtaMove requested HPE's evidence and witness locations, but HPE refused to provide it, stating that providing such information "is not practical or realistic." Ex. 01.[1] In other words, HPE is unsure which witnesses and evidence will *actually* materialize at trial, and HPE has failed to meet its burden of proof *per se*.

## II. Recent Fifth Circuit Changes to Transfer Law

### A. Fifth Circuit Law Controls On Procedural Transfer, Not Federal Circuit Law

HPE's numerous Federal Circuit cases should be ignored when they conflict with controlling Fifth Circuit law. "[M]otions to transfer, as a procedural matter, [are] governed by the law of the regional circuit in which [the district court] sits." *Winner Int'l Royalty Corp v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988)); *Microchip Tech. Inc. v. U.S. Philips Corp.*, 367 F.3d 1350, 1356 (Fed. Cir. 2004) ("We are obligated to follow regional circuit law. . . ."). Unless an issue "pertains uniquely to patent law," the Federal Circuit is "bound to apply the law of the [regional] Circuit." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 398 (2006).

---

[1] All ## exhibits filed herewith. *See* Decl. of Mackenzie Paladino, filed herewith.

### B. The 2024 Updated Burden of Proof Articulated by *In re Clarke*

HPE has the sole evidentiary burden of *clearly* proving that the NDCA will result in *significant* convenience gains that will *actually* materialize at trial. "[T]he plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the [venue] should be changed." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 n.10 (5th Cir. 2008). "It is the movant's burden—and the movant alone—to 'adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice.'" *In re Clarke*, 94 F.4th at 508. "[T]he party **must adduce evidence** and arguments **that clearly establish good cause** for transfer based on convenience and justice." *Defense Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (emphasis added). "To establish 'good cause,' a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *In re Clarke*, 98 F.4th at 508 (cleaned up, emphasis original).

### C. *TikTok* Restores the "Rigid" 100-Mile Rule

The Federal Circuit erroneously rejected a "rigid" application of the Fifth Circuit's 100-mile rule. *E.g., In re Apple Inc.*, 979 F.3d 1332, 1341 (Fed. Cir. 2020) (finding that travel from NY to the WDTX or NDCA will requires the witness "to travel a significant distance no matter where they testify" when ignoring the "rigid" 100-mile rule); *In re Google LLC*, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021) (rejecting "rigid" 100-mile rule to consider the lack of a major airport in Waco and ruling that "time is a more important metric than distance."). The Fifth Circuit Opinion *In re TikTok, Inc.* ruled it is error when such analysis "ignores our 100-mile test." *In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023) . The "rigid" *Volkswagen* 100-mile rule is now restored: "When the distance between an existing venue for trial of a matter and a proposed

2

venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen of Am., Inc.*, 545 F.3d at 317. That is it—there is no analysis of airports, travel time, or anything besides distance. HPE's arguments about travel cost, travel method, and connecting airports are irrelevant under Fifth Circuit law, as such analysis improperly ignores the Fifth Circuit's rigid 100-mile rule.

### D.  Local Interest looks to *Events* that *Give Rise to the Suit*

HPE relies on outdated Federal Circuit caselaw regarding the design and development analysis. Dkt. 49 at 18-19. *Clarke* restored the proper analysis of this factor by looking to the events that give rise to a suit (i.e. infringement), doing away with the "design and development" analysis articulated by the Federal Circuit. To identify localized interests properly, "[w]e look not to 'the parties' significant connections to each forum . . . but rather the significant connections between a particular venue and the events that gave rise to a suit.' *TikTok*, 85 F.4th at 364 (quoting *Defense Distributed*, 30 F.4th at 435)." *In re Clarke*, 94 F.4th at 511.  The only event giving rise to this suit is infringement, and when it occurs nationwide, it is a completely diffuse interest. "A completely diffuse interest—that is, an interest that 'could apply to virtually any judicial district or division in the United States'—cannot affect the local-interest determination. The interest is the same in both the transferor and transferee venue. These completely diffuse local interests net out to zero—neither favoring nor disfavoring transfer." *Id.* at 510. The design, research, and development of accused products do not give rise to infringement under 35 U.S.C. § 271. Thus, *In re Clarke* restored the rule that "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009); *In re TikTok, Inc.*, 85 F.4th at 364–365 (ruling that misappropriation of code in copyright case "was the only relevant event").

### III.    Reasons to Deny the Motion Entirely

#### A.  HPE Failed to Meaningfully Meet and Confer Per L.R. CV-7(h[2]

Local Rule CV-7(h)  requires parties to **meaningfully** meet and confer before filing any opposed motion. This rule explicitly requires "a sincere effort in which the participants present the merits of their respective positions." L.R. CV-7(h).

On October 8, 2024, VirtaMove requested that HPE identify the evidence and witnesses HPE intends to present at trial, as well as their locations so that the parties could engage in a meaningful meet and confer. Ex. 01 at 2. HPE did not provide it. The parties met and conferred anyway on October 11, 2024, and VirtaMove again requested that HPE identify the witnesses and evidence. *Id*. at 1. On October 14, 2024, HPE again refused, explaining that it was "not practical or realistic" given the early stage of the case. *Compare id*. (HPE), *with* Dkt. 82-1 at 2–3 (IBM). HPE's violation of L.R. CV-7(h) is sufficient to deny HPE's Motion. *Encore Wire Corp. v. Copperweld Bimetallics, LLC*, 2023 WL 123506, at *3 (E.D. Tex. Jan. 6, 2023). Because HPE's email admits it is "not practical or realistic" to identify who or what will materialize at trial, HPE *per se* fails to meet the burden of clearly proving who or what will *actually* materialize at trial.

#### B.  Lee's Declaration is Insufficient for "Clearly Demonstrating" Facts

HPE's motion relies on the declaration of David Lee, but he repeatedly admitted in deposition to knowing little or nothing about the relevant witnesses or documents. This fails to meet the evidentiary burden of "clearly" demonstrating the facts supporting transfer.

Lee did not investigate the location of the following ERE and GreenLake teams, the extent of their knowledge, and/or their involvement with ERE: Seshu's team (Ex. 23 at 46:7–20, 66:10– 16; Ex. OO ¶ 9), Hawley's team (Ex. 23 at 54:7–18; Ex. OO ¶ 14), Bower's team (Ex. 23 at 59:11–

---

[2] The Court should also strike the 30 lines of tiny font footnotes that would exceed page limits.

60:22; Ex. OO ¶ 12), Starke and Mittal's teams (Ex. 23, at 14:24–15:2, 32:22–33:1, 58:2–16; Ex. OO ¶ 11), Shattuck's team (Ex. 23 at 62:11-19; Ex. OO ¶ 13), and Sharp's team (Ex. 23 at 63:4-23; Ex. OO ¶ 11). Lee did not even know why Rajagopalan, Seshu[3], Starke, or Mittal are identified in his declaration. Ex. OO at ¶¶ 8-9, 11; Ex. 23, at 10:11–17, 43:3–11, 56:21–57:25.

Because Lee does not know the location, sizes, and involvement of the teams in his declaration, his belief that "most of" the development occurred in California lacks a factual basis. Dkt. 87-11, Ex. OO at ¶ 6. Even in his own 72-person team, only four members contributed to ERE, and two of them are on the East Coast. Ex. 23 at 35:14-36:10, 72:16-17; Ex. 23. Beyond those four members, Lee knows neither the quantity nor locations of other employees involved with ERE or GreenLake. Ex. 23 at 15:25–16:13; 37:8–18.

The Lee declaration reflects information cherry-picked by legal counsel, not Lee's personal knowledge. Ex. 23 at 11:14–12:16. Declaring that a cherry-picked subset of witnesses are in California, in combination with deposition admissions that the locations of allegedly relevant team members is unknown, is a *per se* failure to prove that trial will be more convenient for the relevant team members. Such declarations have become a plague upon the courts. *See e.g., Scramoge Tech. Ltd. v. Apple Inc*., 2022 WL 1667561, at *4 (W.D. Tex. May 25, 2022). Lee's declaration is insufficient evidence for clearly demonstrating what convenience will actually materialize.

## IV.    The Private Interest Factors Weigh Against Transfer

### A.    Many Willing Witnesses Weigh Against Transfer, and IBM Has No Evidence That Third-Party West Coast Witnesses Are Willing

HPE relies on the outdated Federal Circuit case *In re Genentech*, which was effectively overruled by the Fifth Circuit case *In re TikTok*. Dkt. 87 at 11. The standard enumerated in *In re TikTok* controls, as addressed above. *Supra*., § II(A). Not only does HPE's Motion rely on outdated

---

[3] "Srik" refers to Seshu. Ex. 23, at 66:3-5.

caselaw, but it also fails to consider the many willing witnesses located closer to Texas who would find trial in the EDTX more convenient under the 100-mile rule.

     5 VirtaMove Witnesses. VirtaMove is a small company, so all five of its active employees (Nigel Stokes, Susan Cameron, Cedric Burgins, Steven Antoine, and Emanuel Sousa) have some relevant knowledge regarding VirtaMove's claims against HPE, including the technical operation of VirtaMove's products, VirtaMove's sales, the value of the patented technology, and/or VirtaMove's documents. Ex. 15 at 11. They all reside in eastern Canada in the greater Toronto area (Ottawa, Toronto, or Arnprior), all of which are closer to Texas. Ex. 11. They will find the EDTX more convenient under the rigid 100-mile rule.

     HPE's 3+ Texas Employees. Bower in Plano, Texas knows about Ezmeral sales. Dkt. 87 at 5. Seshu in Austin knows about ERE. *Id.* Saveenam in Frisco has no "unique" knowledge of the accused functionality as compared to Lee but is on Lee's team. *Id.* at 5–6. HPE likely has many other relevant team members in Frisco, Austin, Plano, and Houston, but Lee failed to investigate them per its burden of proof. *See* Section III(B), above. They all find the EDTX more convenient.

     HPE's Trial Witnesses Are Unknown. HPE's Motion identifies: (1) Mohan Rajagopalan (General Manager of ERE), (2) David Lee (Director of Engineering for enterprise software solutions), (3) Joann Starke (Marketing Manager for ERE), (4) Tanuj Mittal (VP of Revenue Operations for Ezmeral software), (5) Abraham Sharp (ERE Customer Support Technologist), (6) Dave Hawley (Product Manager of GreenLake (GreenLake is an accused product that incorporates ERE)). While *someone* on their team is likely to testify about each team's area of responsibility, there is *no evidence* that it will be *these six people* identified by HPE. VirtaMove may need to call someone else with a specific subset of knowledge in each team.

     The only relevant evidence about who will be called at trial is the Lee declaration, and Lee

did not know why he identified these people, how many people are on their teams, and/or where the other team members. Ex. 23 at 43:3–11 (does not know why Rajagopalan is in his declaration), 52:7–16 (does not know details or scope of GreenLake), 54:7-18 (uncertain of Hawley's knowledge and his team's location), 63:4–23 (Sharp's team is "global," so possibly closer to Texas), 14:24–15:2, 32:22–33:1, 58:2–16, 78:1–10 (has no knowledge of the ERE sales or marketing team and does not know Starke). This does not clearly demonstrate that the convenience of these individuals will materialize at trial. They should not be counted.

<u>Many HPE Witnesses Located Closer to Texas</u>.

Steve Shattuck (VP of Sales, Service, and Support for ERE) is based in Fort Collins, Colorado. Dkt. 87-11 at ¶ 13. He (and his unidentified team members) would find EDTX more convenient because Fort Collins is closer to EDTX than NDCA. Ex. 22.

Two engineers, Joe Baxter, in Michigan, and Krishna Sagiraju, in Massachusetts, played important roles in the design of ERE and would find EDTX more convenient under the 100-mile test. Ex. 21; Ex. 23 at 72:11–17.

Lee testified that HPE employees based in India and the east coast were involved with ERE testing. Ex. 23 at 73:1–9. *See also* Dkt. 87-11 ¶ 7. These witnesses likely have information about the deployment and development about ERE, including changes made during development and information included in administrative guides. 22 potential witnesses on Seshu's team are based on the east coast and Europe. Dkt. 87-11 ¶ 9. A few from each group may be needed, and they would find Texas more convenient under the 100-mile rule.

**B. The Compulsory Process Factor Weighs Against Transfer**

HPE relies on dicta from *Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) to argue that the witnesses located outside of Texas and California should be given little weight. Dkt.

87 at 10. This is incorrect—the fact that multiple, relevant, otherwise willing trial witnesses will not travel to California for trial due to distance should weigh against transfer. *Toyota Motor Corp.* lacks a fact pattern with otherwise witnesses outside both forums and did not rule on their impact.

Further, HPE relies on outdated caselaw in arguing that this Court should avoid considering "direct-line calculations and ignores connecting flights and drive times." Dkt. 87 at 16. As explained in Section II(C) above, the Fifth Circuit ruled that HPE's type of analysis "ignores our 100-mile test." *In re TikTok, Inc.*, 85 F.4th at 361.

Trial in Texas allows more relevant third-party witnesses to attend trial.

<u>4 Former VirtaMove Witnesses</u>. Four former VirtaMove employees will only attend trial in Texas. Paul O'Leary and Dean Huffman are named inventors of the VirtaMove patents, and both reside in Kanata, Ontario, Canada. Ex. 07 ¶¶ 3-4; Ex. 08 ¶¶ 3-4. Mark Woodward is a former[4] VirtaMove vice president of product engineering, and resides in Lyndhurst, Canada. Ex. 05, ¶¶ 2-3. Woodward may testify about the operation of VirtaMove's software, why its operation does not infringe HPE's patents, or the value of VirtaMove's software. Greg O'Connor is a former CEO of AppZero, and he lives in Massachusetts, not California (despite what LinkedIn may show). Ex. 04 ¶ 3–4. These four witnesses are only willing[5] to attend trial in Texas because it is closer and more convenient than the NDCA under the 100-mile rule. Exs. 04, 05, 07, 08 ¶¶ 3-4, 5–12.

<u>2 Former VirtaMove Employees in Texas</u>. Two former VirtaMove employees, David Roth and Ernesto Benedito reside near Dallas, Texas and can only be compelled to attend trial in the EDTX. Exs. 09, 10. Roth was a former CEO, and Benedito was a former Software Development Team Lead. Ex. 15. They may know about the value or operation of the accused VirtaMove

---

[4] For simplicity, "former" refers to VirtaMove or its predecessors AppZero and/or Trigence.
[5] They cannot be compelled in California but are willing to travel to Texas. If the Court does not count them under this factor, then they should count under the willing witness factor.

product during their respective historical tenures. These 2 witnesses find travelling to EDTX more convenient than NDCA.

Kubernetes and Docker Witnesses Unlikely. HPE failed to show that Kubernetes development team or the Docker development team (Hykes, Frazelle, Tiigi, McGowen) possess any relevant testimony that will likely materialize at trial. While these witnesses may have independently developed open-source technology, development of open-source technology by Docker or Kubernetes is not a defense to HPE's infringement. Although HPE is alleged to willfully infringe, there are no infringement or willfulness allegations against Docker and Kubernetes, which are not even parties to this case. The independent development of technology by Docker or Kubernetes is not likely to be an issue for trial. For example, like IBM, HPE relies on the declarations of Estes from the *Amazon* case (Dkt. 87 at 3 citing *Amazon Case*, Dkt. 33) for the relevance of these witnesses. But when deposed, Estes had no clue why Tiigi would be relevant at trial. Ex. 12 at 59-63. At trial, experts will opine on whether HPE's specific deployment of Docker/Kubernetes infringes.

Unlikely Prior Art Witnesses. Prior art inventors rarely testify at trial, so they should be given little weight. *Affinity Labs of Texas v. Samsung Elecs. Co*., 968 F. Supp. 2d 852, 857 (E.D. Tex. 2013) ("prior art inventors may not weigh heavily"). Their publications and publicly released software may be prior art under 35 U.S.C. § 102, but their testimony today is not prior art. HPE is unlikely to call ***any*** California-based prior art witness at trial because HPE is unlikely to even elect the relevant prior art for trial. Given the typical time pressures of a 1-week trial, HPE will likely, at most, only assert its single best prior art at trial and call one prior art inventor.

HPE identifies five third-party prior art inventors located in NDCA: Tucker, Price, Beck, Osman, and Subhraveti. Dkt. 87 at 8. Tucker and Price are redundantly identified as knowledgeable about "Sun Microsystems" prior art, so both are unnecessary.

HPE's invalidity contentions against the '814 and '058 patent identifies 17 patents/patent applications, 21 publications, and 14 systems as prior art. Ex. 19 at 18-22. The relevant Tucker/Beck/Price prior art makes up only 3 of the 30 (10% of) prior art references against the '814 patent and is not identified as prior art against the '058 patent. *Id*. Similarly, the Osman prior art makes up only 1 of the 30 (3% of) prior art references against the '814 patent and is not identified as prior art against the '058 patent. *Id*. Additionally, HPE has dropped "Subhraveti," which is missing in HPE's invalidity contentions. *Id*. HPE has not proven by a preponderance that it will *even select*, as its best reference for trial, prior art for which a California-based inventor is even relevant. This fails to meet the even higher burden of clearly demonstrating that, not only will the prior art be selected, but that the author will have something to add to it at trial.

HPE also fails to address that inventors for prior art patent 8,032,625 ("Benfield") are all located in Austin, TX. Ex. 20, cover (field [75]). Their Texas presence further weighs against the already small weigh (if any) to be given to California-based prior art inventors.

HPE's Motion also identifies the following five system prior art references: HP-UX, "Thinstall," "FreeBSD," "Virtuozzo," and "Solaris." Dkt. 87 at 3. None of these support transfer under the compulsory process factor. The witness for HP-UX is a willing HPE employee, Scott Norton, who does not require a subpoena to compel. HPE fails to identify any witnesses related to FreeDSB, Virtuzzo, or Solaris located in NDCA. Dkt. 87 at 3. HPE has no evidence that the Thinstall witness, Clark, is in the NDCA. *Id*. (citing Dkt. 78 Exs. L, M, and Dkt. 87 Ex. GGG); Ex. 02 at 13 (Clark's location unknown to HPE as of Oct. 10).

10

**C.  Ease of Access to Evidence Weighs Against Transfer**

This factor "focuses on the location of ***documents and physical evidence*** relating to the case." *In re TikTok*, 85 F.4th at 358 (emphasis added). HPE legally errs by arguing that this factor relates to the location of research and design or where "HPE's relevant witnesses are concentrated." Dkt. 15 at 9. HPE improperly attempts to double count witnesses under this factor.

VirtaMove's Physical Evidence. VirtaMove has evidence in eastern Canada that can be more easily transported to the EDTX than to the NDCA. VirtaMove has physical evidence at its Kanata, Ontario, Canada office. Some of VirtaMove's patent files are kept in paper form in two heavy boxes. Ex. 13. VirtaMove's source code is access controlled and limited to its employees and to Mark Woodward in Ontario, Canada. Ex. 14 at 9.

HPE's Texas Evidence. HPE has an office in Frisco and Houston, Texas and other teleworkers in Texas. Dkt. 87 at 9; Ex. 03. HPE's electronic evidence can be easily accessed at this office and by these teleworkers, and such evidence is not "unique," meaning it is redundant of HPE's evidence elsewhere. *Id.* HPE erroneously argues that "any source of proof from [Texas-based] teleworkers … carries little weight in the transfer analysis." Dkt. 87 at 9 (citing *XR Commc'ns, LLC v. Google LLC*, 2022 WL 3702271, at *7 (W.D. Tex. Aug. 26, 2022)). *XR Commc'ns* relied on the outdated Federal Circuit interpretation that documents located outside the place of regular business may be discounted. But Fifth Circuit law controls here, and such ruling has not been applied by the Courts in this District post-*Clarke*, when good cause is established only when transfer causes significant convenience to materialize.

HPE's Electronic Evidence From NDCA Imposes No Significant Burden. All of HPE's relevant evidence in the NDCA can be readily accessed from anywhere with an internet connection. Lee testified that HPE's documents are uploaded to a database that is accessible

electronically through an HPE program that allows employees to share documents and communicate electronically. Ex. 23 at 18:7–14, 26:14-25, 29:4–9, 40:23–42:14, 72:18–75:18. On October 22, 2024, VirtaMove requested that HPE produce, *inter alia*, all relevant documents "created and maintained in NDCA" referred on page 9 of its Motion. Ex. 16. Three days later, HPE produced a few documents and responded that it "already produced relevant documents and source code created in NDCA" and "additional source code [is] available for inspection and review on the secure computer in our Dallas office." Ex. 17 at 1, 5. There is no good cause for transfer when electronic access to HPE's evidence will not result in a *significant* marginal gain in convenience. *In re Clarke*, 94 F.4th at 508. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 (5th Cir. 2022) (affirming district court that "found that the vast majority of the evidence was electronic, and therefore equally accessible in either forum.").

Docker and Kubernetes Evidence. Further, HPE assumes that open-source Docker and Kubernetes founders possess documents relevant to the issues in this case. This conclusory statement is nothing more than speculation. The law requires HPE "clearly to demonstrate" its case. Docker and Kubernetes are publicly available open-source projects, meaning their history is documented on public repositories that are equally accessible from the NDCA and EDTX. *See* https://github.com/orgs/docker/repositories (Docker repository); https://github.com/kubernetes (Kubernetes repository).

### D.  Other Practical Problems Weigh Against Transfer

VirtaMove's case asserting the same patents against IBM remains pending in this Court. Thus, transferring only the HPE case will only burden another court in the NDCA with learning about the complex technology in VirtaMove's patents. Keeping the HPE case allows this Court to conduct a joint *Markman* hearing for HPE and IBM, where the Court need only learn the patented

technology once. Similar efficiency arises at the summary judgement stage, where this Court will be familiar with VirtaMove's patents if motions for summary judgment of invalidity or noninfringement are filed in both the Google and Amazon case. Keeping the HPE and IBM cases together in the EDTX will also reduce the likelihood of any conflict conflicting claim construction decisions. Thus, this factor weighs against transfer. *Kajeet, Inc. v. Trend Micro, Inc.*, 2022 WL 126490, at *6 (W.D. Tex. Jan. 12, 2022) ("the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer.").

While IBM, Google, and Amazon moved to transfer, their respective Motions fail for the same reasons as HPE's—it does not offer any degree of assurance that transfer will be *significantly* more convenient, and that the convenience will *actually* materialize at trial. Thus, IBM, HPE, Amazon, and Google are unable to meet the updated burden of proof from *In re Clarke*.

Additionally, HPE's motion is inexcusably late. The HPE case was filed on February 9, 2024. Dkt. 1. HPE waited over 8 months to file its motion to transfer on October 14, 2024. Dkt. 87. In the Fifth Circuit, when transfer motions are "inexcusably delayed" by only *seven* months, this weighs against transfer. *In re Planned Parenthood*, 52 F.4th at 631.

## V.      Argument: The Public Interest Factors Weigh Against Transfer

### A.  The Local Interest Factor is Legally Neutral Because Infringement Occurs Nationwide, While Design and Development Are Irrelevant.

The local interest factor is neutral because both HPE's products and VirtaMove's products are sold nationwide. *Hoffmann-La Roche*, 587 F.3d at 1338 ("[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue."); *In re Volkswagen*, 545 F.3d at 316 (citizens of Texas "would be interested to know whether there are [at-issue] products offered for sale in close proximity to the Marshall Division.").

As explained in Section II(D) above, the Fifth Circuit did away with the analysis of the

Federal Circuit's erroneous "design and development" analysis because these neither "design" nor "development" are "events that gave rise to a suit" for patent infringement under 35 U.S.C. 271. *Clarke*, 94 F.4th at 511 (citing *TikTok*, 85 F.4th at 364 (quoting *Defense Distributed*, 30 F.4th at 435))). HPE does not cite any Fifth Circuit case with "design and development" analysis, except for HPE's recognition that *In re Clarke* found this factor neutral. Dkt. 87 at 14 n.6. *In re Clarke* was a nonpatent case, so its analysis regarding the comparatively neutral impact on Texan citizens and New Jersey citizens cannot support HPE's argument that the design and development of technology give rise to infringement under 35 U.S.C. § 271.

HPE relies on the outdated part of the *Hoffman-La Roche* case.  The *Hoffman-La Roche* rule that "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue" is still good law. 587 F.3d at 1338. The part of *In re Hoffman-La Roche* cited by HPE ("this factor favors transfer when the accused technology was developed in the transferee district") is no longer good law. Dkt. 87 at 14; *Defense Distributed*, 30 F.4th at 435 (enforcement of New Jersey statute precluding gun distribution affects Texas citizens just as much as New Jersey citizens); *In re Clarke*, 94 F.4th at 516, n.10 (nationally distributed defective [or infringed] products are "completely diffuse"). The Fifth Circuit cases control on the procedural issue of transfer. *See* Section II(A). Thus, the location of the design, development, or testing of Kubernetes, ERE, or Docker are irrelevant to this factor unless HPE proves that these acts give rise to infringement under Section 271. "The place of the alleged wrong" is important, but non-infringing acts of design and development are not wrongdoing. *Defense Distributed*, 30 F.4th at 435. HPE's connections to Docker or Kubernetes cannot be considered. *In re Clarke*, 94 F.4th at 511 ("We do not consider the parties' connections to the venue because the local interest analysis is a public interest factor… concerned with the interest of *non-party citizens*"). *In re TikTok*

14

affirmed that the local interest factor was neutral when copyright infringement occurred in China, 85 F.4th at 364–365 (looking only to misappropriation of code in China in copyright case, so this factor was neutral). Here, infringement occurs nationwide.

### B. Conflict of Laws Weighs Against Transfer Because HPE Will Stay In EDTX

This weighs against transfer due to the co-pending, consolidated IBM case.[6]

HPE hopes that the IBM, Amazon, and Google cases will transfer to the NDCA. A transfer of one case is unlikely to materialize, and a transfer of all four cases is four times as unlikely. The Red Hat case will likely be dismissed for lack of jurisdiction because VirtaMove never threatened Red Hat with infringement. VirtaMove believes IBM manufactured the Red Hat case just for a transfer argument here. Red Hat's NDCA complaint lacks jurisdiction, so VirtaMove filed a Motion to Dismiss for lack of jurisdiction. Ex. 06 at Dkt. 31. Plaintiff alleges violations only of federal patent law, and there are no issues involving conflicts of foreign laws. *Universal Connectivity Techs. Inc. v. HP Inc*., 2024 WL 3305724, at *7 (W.D. Tex. July 3, 2024).

### C. A 27.3 Month Faster Time to Trial Greatly Weighs Against Transfer

This Court set this case for trial on October 20, 2025—a date this Court is better positioned to evaluate. Dkt. 92; *In re Clarke*, 94 F.4th at 510.  This case is proceeding to trial ahead of recent statistics in this District. Ex. 18 at 6 (21.6 median months to civil trial). Although statistics are no longer dispositive, this case appears to be proceeding so much faster than in the NDCA (48.9 median months to trial) that this factor can only weigh substantively against transfer. *Id.* at 10.

### VI.   Conclusion: No Good Cause

HPE has failed to carry the burden of clearly proving under *In re Clarke* that a marginal gain in convenience will be *significant* and *actually* materialize.

---

[6] The argument assumes, as HPE does, that the Court may double-count the same considerations as the "practical problems" factor. Otherwise, this factor should be neutral.

Dated: November 5, 2024                     Respectfully submitted,

                                            By: */s/ Qi (Peter) Tong*

                                            Reza Mirzaie (CA SBN 246953)
                                            rmirzaie@raklaw.com
                                            Marc A. Fenster (CA SBN 181067)
                                            mfenster@raklaw.com
                                            Neil A. Rubin (CA SBN 250761)
                                            nrubin@raklaw.com
                                            James A. Milkey (CA SBN 281283)
                                            jmilkey@raklaw.com
                                            Amy E. Hayden (CA SBN 287026)
                                            ahayden@raklaw.com
                                            Jacob Buczko (CA SBN 269408)
                                            jbuczko@raklaw.com
                                            James Tsuei (CA SBN 285530)
                                            jtsuei@raklaw.com
                                            Christian W. Conkle (CA SBN 306374)
                                            cconkle@raklaw.com
                                            Jonathan Ma (CA SBN 312773)
                                            jma@raklaw.com
                                            Daniel B. Kolko (CA SBN 341680)
                                            dkolko@raklaw.com
                                            Mackenzie Paladino (NY SBN: 6039366)
                                            mpaladino@raklaw.com
                                            **RUSS AUGUST & KABAT**
                                            12424 Wilshire Boulevard, 12th Floor
                                            Los Angeles, CA 90025
                                            Telephone: (310) 826-7474

                                            Qi (Peter) Tong (TX SBN 24119042)
                                            **RUSS AUGUST & KABAT**
                                            4925 Greenville Ave., Suite 200
                                            Dallas, TX 75206
                                            Telephone: (310) 826-7474

                                            *Attorneys for Plaintiff VirtaMove, Corp.*

16

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on November 5, 2024.

> */s/ Qi (Peter) Tong*
> Qi (Peter) Tong