# Exhibit 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | Case No.  2:24-cv-00093-JRG <br><br> **(LEAD CASE)** <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendant. | Case No. 2:24-cv-00064-JRG <br><br> (Member case) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S**
**SECOND SUPPLEMENTAL INITIAL AND ADDITIONAL DISCLOSURES**

Hewlett Packard Enterprise Company ("HPE") provides the following Second Supplemental Initial and Additional Disclosures specified in paragraphs 1 and 3 of the Discovery Order. The following disclosures are provided based on information reasonably available to HPE to date.

**PRELIMINARY STATEMENT**

These disclosures are based upon information reasonably and presently available to HPE, without the benefit of formal discovery, production of documents, or any meaningful disclosure from Plaintiff. In particular, HPE's ability to provide these disclosures is significantly prejudiced because HPE is not able to identify what specific functionality or instrumentalities are accused in

1

this case due to the vague and deficient nature of Plaintiff's Complaint and P.R. 3-1 Infringement Contentions. HPE reserves the right to supplement its disclosures after it has had an adequate opportunity to review any amended and/or supplemental contentions served by Plaintiff, to the extent Plaintiff is allowed to serve any amendment and/or supplementation.

The case is in the preliminary stages of discovery, and HPE is continuing to develop its case through discovery and other means. HPE reserves the right to supplement, correct, or amend these disclosures under Federal Rule of Civil Procedure 26(e). HPE also reserves the right to call any witness or present any document at trial that is identified through further investigation or discovery. HPE also reserves the right to rely on any document that any VirtaMove entity identifies or produces and any person or company that VirtaMove identifies on its disclosures.

By making these disclosures, HPE does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. These disclosures do not limit HPE's discovery in this case or waive HPE's right to object to any testimony, document, or tangible thing disclosed herein on the basis of privilege, the work product doctrine, relevance, materiality, undue burden, or any other valid objection to its discoverability or use. Specifically, HPE's disclosures are made without in any way waiving any of the following rights: (1) the right to object on the grounds of competency, privilege, relevance and materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures; and (3) the right to seek protection under a suitable protective order agreed to by the parties or issued by the Court pursuant to Federal Rule of Civil Procedure 26(c) of any information to be provided in discovery in this case.

All of the disclosures set forth below are made subject to the above qualifications.

**I.    Initial Disclosures**

    **A.    The correct names of the parties to the lawsuit.**

Hewlett Packard Enterprise Company is the correct name of the disclosing party. HPE is without sufficient knowledge to know whether the name of the other party to this lawsuit is correct.

    **B.    The name, address, and telephone number of any potential party.**

HPE is not presently aware of any additional parties to this lawsuit. If and when HPE identifies any potential party, HPE will timely supplement its disclosures.

    **C.    The legal theories and, in general, the factual bases of the disclosing party's claims or defenses.**

HPE states its current understanding of the legal theories for HPE's defenses and factual bases for these defenses as follows. Discovery in this case is ongoing and in its preliminary stages, and HPE specifically reserves the right to identify additional defenses as discovery proceeds.

*Failure to State a Claim*

The First Amended Complaint fails to state a claim upon which relief can be granted, including for the reasons stated in HPE's Motion to Dismiss (Dkt. 50).

*Lack of Standing*

To the extent that VirtaMove was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, VirtaMove lacks standing to bring one or more claims in this lawsuit. VirtaMove has failed to provide adequate evidence of ownership of the Asserted Patents.

*Non-Infringement, No Willful Infringement*

HPE has not infringed and does not infringe (either individually or jointly), willfully or otherwise, directly or indirectly, any valid and enforceable asserted claim of U.S. Patent Nos.

7,519,814 ("the '814 Patent") or 7,784,058 ("the '058 Patent") (collectively, the "Asserted Patents"), literally or under the doctrine of equivalents. To the extent the claims at issue are interpreted so broadly as to read on any accused product, such claims are barred by the doctrine of ensnarement, and/or HPE has not infringed any such claim of the patent under the reverse doctrine of equivalents.

Regarding VirtaMove's allegations of indirect infringement, HPE does not have the requisite knowledge or intent for indirect infringement, and VirtaMove cannot show underlying direct infringement. Regarding VirtaMove's allegations of willful infringement, HPE does not have the requisite knowledge of the Asserted Patents and also has not willfully, intentionally, recklessly, knowingly, or jointly infringed the Asserted Patents (or infringed the patents in any way). VirtaMove's claims are also barred, in whole or in part, because HPE is not liable for the acts of others over whom HPE has no control.

The factual bases for these defenses are found in the Asserted Patents and their file histories, and in the documents and other evidence that HPE has provided and/or will provide concerning the accused HPE products or their functionality. HPE's non-infringement positions will further be set forth in its expert reports to be served.

*Invalidity/Ineligibility*

HPE contends that the asserted claims disclosed by VirtaMove in the Complaint and in its infringement contentions are invalid because they recite ineligible subject matter, are anticipated and/or rendered obvious by the prior art or otherwise fail to comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including, without limitation, one or more of the following: 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120, and the rules, regulations and laws pertaining thereto. The details of the invalidity and ineligible subject matter of the asserted claims will be set forth in

HPE's invalidity and subject matter eligibility contentions, which will be served in accordance with the Docket Control Order and the Discovery Order, in expert reports to be served, and in further discovery.

*Prosecution History Estoppel*

VirtaMove's claims are barred, in whole or in part, by the doctrines of prosecution history estoppel and/or disclaimer. Based on the proceedings before the U.S. Patent and Trademark Office during the prosecution of the applications that issued as the Asserted Patents and/or the application(s) to which the Asserted Patents claim priority, the full scope of any allegedly infringed claim of the Asserted Patents has been disclaimed and/or disavowed and, as such, VirtaMove is estopped from construing any such claim to cover or include, either literally or under the doctrine of equivalents, any product, system, or service of, or any method performed in whole or in part by, HPE.

*License, Implied License, Covenant Not to Sue, Exhaustion, and other Equitable Defenses*

VirtaMove's claims are barred, in whole or in part, by the doctrines of license, implied license, covenant not to sue, exhaustion, prosecution laches, acquiescence, waiver, estoppel, unclean hands, and/or any other available equitable defenses.  For example, VirtaMove's claims are barred to the extent that its allegations rely on the operation of any licensed product or service.

*Limitation on VirtaMove's Claimed Damages*

HPE contends that VirtaMove's claims for relief and prayer for damages are limited by at least 35 U.S.C. §§ 286 and 287. For example, VirtaMove fails to allege that VirtaMove or VirtaMove's licensees have properly marked relevant products and offerings as required by 35 U.S. C. § 287 or have otherwise given proper notice that HPE's actions allegedly infringe any of VirtaMove's Asserted Patents. HPE is not liable to VirtaMove for any acts alleged to have been

performed before HPE received actual notice that it was alleged to have infringed any of the Asserted Patents.

With respect to 35 U.S.C. § 287, VirtaMove represented in its Second Amended Complaint that VirtaMove's AppZero product practiced the Asserted Patents. *See* Dkt. 63 ¶ 11; *see also* Dkt. 70 at 1. However, VirtaMove has not presented any evidence that the allegedly patent-practicing AppZero articles were ever marked—much less marked throughout the entire alleged damages period—to recover past damages under § 287. HPE therefore identifies AppZero as a product that VirtaMove has represented as practicing the Asserted Patents, and, under *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, it is VirtaMove's burden to plead and prove that it complied with § 287(a) by providing the requisite notice. *See* 876 F.3d 1350, 1366 (Fed. Cir. 2017).

VirtaMove is further barred by 35 U.S.C. § 288 from recovering costs associated with its action.

VirtaMove cannot show this is an exceptional case, and therefore has no basis to recovery of attorneys' fees and cannot recover costs as a matter of law under 35 U.S.C. § 285, the Court's inherent powers, or any other fee-shifting authority. In addition, HPE is entitled to recover their attorneys' fees and costs because the claims asserted by VirtaMove in the instant action are meritless and objectively unreasonable.

*No Entitlement to Injunctive Relief*

VirtaMove is not entitled to injunctive relief at least because any alleged injury to VirtaMove is not immediate or irreparable, and VirtaMove has an adequate remedy at law for its claims. VirtaMove will not be able to demonstrate (1) irreparable injury, (2) that damages are inadequate remedies, (3) that an equitable remedy is appropriate on balance, and (4) that the public interest would not be disserved by the issuance of an injunction.

*Government Patent Use*

VirtaMove's remedies are limited under 28 U.S.C. § 1498(a).  HPE is not liable to the extent the accused instrumentalities were used or manufactured by or for the United States, and to the extent the accused instrumentalities were used or manufactured by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, according to at least 28 U.S.C. § 1498.

\* \* \*

HPE incorporates by reference: (i) any defense and/or counterclaims identified in its Answer and Counterclaims to Plaintiff's First Amended Complaint (Dkt. No. 51) or any future answer or counterclaim filed by HPE; (ii) the defenses set out in any interrogatory responses and deposition testimony; (iii) the eligibility and/or invalidity contentions set forth in the P.R. 3-3 disclosures served by HPE in this action or any related action and (iv) any amendments thereto; and the defenses set out in expert reports to be served on HPE's behalf.  HPE reserves the right to supplement its disclosures in any manner it deems appropriate after further investigation and discovery and to assert any other defenses and/or to bring counterclaims that discovery may reveal.

**D.  The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the information known by any such person.**

Based upon information reasonably available at this time, HPE identifies the following as individuals likely to have discoverable information that HPE may use to supports its claims or defenses. Discovery in this case is ongoing and in its preliminary stages, and HPE anticipates that other individuals may also have discoverable information upon which HPE may rely. HPE specifically reserves the right to identify additional witnesses as discovery proceeds. Further, as stated, HPE is not able to identify what specific functionality or instrumentalities are accused in

this case due to the vague and deficient nature of Plaintiff's Complaint and P.R. 3-1 Infringement Contentions. HPE reserves the right to supplement its disclosures after it has had an adequate opportunity to review any amended and/or supplemental contentions served by Plaintiff, to the extent Plaintiff is allowed to serve any amendment and/or supplementation.

The following should not be construed as an admission that the listed individuals will have discoverable information. In addition, by making the following disclosures, HPE does not waive its right to any discovery in this case, including depositions of as-yet-unidentified individuals or entities. Furthermore, by indicating the general subject matter of information individuals and entities may possess, HPE does not make any concession, agreement, admission, or waiver of any ultimate determination of relevance or admissibility of any particular information for any purpose, nor does HPE in any way limit its right to call any individual or entity to testify concerning other subjects. The individuals and entities identified above may possess information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges and protections. By identifying these individuals and entities, HPE does not waive the right to assert any applicable privileges or protections in this matter.

HPE does not consent or authorize any other party to communicate with employees or former employees of HPE or affiliated companies, and HPE does not consent to or authorize any communications prohibited by any applicable rule of professional conduct. Any individuals designated in this disclosure as an employee or former employee of HPE or affiliated companies should be contacted only through HPE's undersigned attorneys.

HPE does not authorize Plaintiff or its agents to communicate directly with any current or former employees of HPE or related entities.

| **Name** | **Contact Information** | **Connection to Case** | **Information Known** |
|---|---|---|---|
| Plaintiff VirtaMove, Corp. | On information and belief:<br><br>110 Didsbury Road, M083, Ottawa, Ontario K2T 0C2 | Plaintiff and alleged owner of the Asserted Patents | Information relating to ownership of the Asserted Patents; licenses to the Asserted Patents; design, development, and sale of AppZero, Trigence, and VirtaMove software; compliance with 35 U.S.C. § 287; the alleged AppZero "Partner Program" as identified in ¶ 10 of the First Amended Complaint |
| Donn Rochette | *Not currently known* | Named Inventor of the '814 and '058 Patents | Information related to the '814 and '058 Patents; prior art, including prior uses, sales, or offers for sale; conception and reduction to practice (if any) of the alleged inventions |
| Paul O'Leary | *Not currently known* | Named Inventor of the '814 and '058 Patents | Information related to the '814 and '058 Patents; prior art, including prior uses, sales, or offers for sale; conception and reduction to practice (if any) of the alleged inventions |

9

| Dean Huffman | *Not currently known* | Named Inventor of the '814 and '058 Patents | Information related to the '814 and '058 Patents; prior art, including prior uses, sales, or offers for sale; conception and reduction to practice (if any) of the alleged inventions |
|---|---|---|---|
| Charles Edmund Wands | *Not currently known* | Prosecution attorney or agent for the Asserted Patents | Prosecution of Asserted Patents; prior art to Asserted Patents |
| Christopher F. Regan | On information and belief: Allen, Dyer, Doppelt and Gilchrist, P.A. 255 South Orange Avenue, Suite 1401 Orlando, Florida 32801 | Prosecution attorney or agent for the Asserted Patents | Prosecution of Asserted Patents; prior art to Asserted Patents |
| David S. Carus | On information and belief: Allen, Dyer, Doppelt and Gilchrist, P.A. 255 South Orange Avenue, Suite 1401 Orlando, Florida 32801 | Prosecution attorney or agent for the'058 Patent | Prosecution of Asserted Patent; prior art to Asserted Patents |
| Allen, Dyer, Doppelt and Gilchrist, P.A. | On information and belief: Allen, Dyer, Doppelt and Gilchrist, P.A. 255 South Orange Avenue, Suite 1401 Orlando, Florida 32801 | Prosecution attorney or agent for the Asserted Patents | Prosecution of Asserted Patents; prior art to Asserted Patents |
| Srikanth Venkata Seshu | *To be contacted solely via the* | Employee of HPE | Technical information about the operation of |

10

|  | *undersigned counsel for HPE* |  | certain features of HPE's accused Ezmeral Runtime Enterprise software |
|---|---|---|---|
| Scott Norton | *To be contacted solely via the undersigned counsel for HPE* | Employee of HPE | Prior art to Asserted Patents, including HP-UX prior art |
| Mohan Rajagopalan | *To be contacted solely via the undersigned counsel for HPE* | Employee of HPE | Information about the development and features of HPE's Ezmeral Runtime Enterprise software |
| David Lee | *To be contacted solely via the undersigned counsel for HPE* | Employee of HPE | Information about the engineering, development, and operation of certain features of HPE's Ezmeral Runtime Enterprise software |
| Joann Starke | *To be contacted solely via the undersigned counsel for HPE* | Employee of HPE | Information about marketing of HPE's Ezmeral Runtime Enterprise software |
| Tanuj Mittal | *To be contacted solely via the undersigned counsel for HPE* | Employee of HPE | Information about revenue operations related to HPE's Ezmeral Runtime Enterprise software |
| Dave Hawley | *To be contacted solely via the undersigned counsel for HPE* | Employee of HPE | Information about GreenLake for Private Cloud Enterprise |
| Michael Bower | *To be contacted solely via the undersigned counsel for HPE* | Employee of HPE | Information about sales of HPE's |

11

|  |  |  | Ezmeral Runtime Enterprise software |
|---|---|---|---|
| Docker, Inc. | On information and belief: Docker, Inc. 3790 El Camino Real # 1052 Palo Alto, CA 94306 (415) 941-0376 | Third-party with knowledge related to accused functionalities | Information related to the accused functionalities |
| Derek McGowan | *Not currently known* | Former Docker, Inc. employee with knowledge related to accused functionalities | Information related to the accused functionalities |
| Tonis Tiigi | *Not currently known* | Former Docker, Inc. employee with knowledge related to accused functionalities | Information related to the accused functionalities |
| Solomon Hykes | *Not currently known* | Former Docker, Inc. employee with knowledge related to accused functionalities | Information related to the accused functionalities |
| Jessie Frazelle | *Not currently known* | Former Docker, Inc. employee with knowledge related to accused functionalities | Information related to the accused functionalities |
| Cloud Native Computing Foundation | On information and belief: Cloud Native Computing Foundation c/o The Linux Foundation 548 Market St PMB 57274 San Francisco, CA 94104-5401 | Third-party with knowledge related to accused functionalities | Information related to the accused functionalities |

| Jonathan Clark | *Not currently known* | Third-party with knowledge related to prior art products | Information related to prior art products |
|---|---|---|---|
| Sun Microsystems | On information and belief: Sun Microsystems 3401 Hillview Ave, Palo Alto, CA 95054 (737) 867-1000 | Third-party with knowledge related to prior art products | Information related to prior art products |
| Andrew Tucker | *Not currently known* | Former Sun Microsystems employee with knowledge related to prior art products | Information related to prior art products |
| Daniel Price | *Not currently known* | Former Sun Microsystems employee with knowledge related to prior art products | Information related to prior art products |
| Steven Osman | *Not currently known* | Third-party with knowledge related to prior art products | Information related to prior art products |
| Dinesh Subhraveti | *Not currently known* | Third-party with knowledge related to prior art products | Information related to prior art products |
| Broadcom | On information and belief: Broadcom 3421 Hillview Ave, Palo Alto, CA 94304 (650) 427-6000 | Third-party with knowledge related to prior art products | Information related to prior art products |
| Virtuozzo, Inc. | On information and belief: Virtuozzo, Inc. | Third-party with knowledge related | Information related to prior art products |

13

|  | 13555 SE 36th St., Ste. 100, Bellevue, WA 98006 | to prior art products |  |
|---|---|---|---|
| University of California, Berkeley | On information and belief: University of California, Berkeley 110 Sproul Hall, Berkeley, CA 94720 (510) 642-6000 | Third-party with knowledge related to accused functionalities | Information related to prior art products |

By making the disclosures herein, HPE is in no way limiting its rights to obtain discovery from or to call as a witness any individual or entities that are not listed. The individuals identified above may also have knowledge about issues in the case other than those specifically identified. Such knowledge may be uncovered during discovery, and HPE reserves the right to present the identified individuals at trial to testify regarding areas other than those specifically listed. HPE further reserves the right to present individuals at trial other than those identified if discovery reveals that such other individuals may be in possession of information relevant to this case.

For example, in addition to the persons identified above, HPE notes that the following classes of persons may have discoverable information that HPE may use to support its claims or defenses: (1) persons who will be deposed during this lawsuit and persons identified during such depositions; (2) any custodians of records or other persons who may be required to establish the authenticity of documents or things; (3) all individuals identified by VirtaMove in its Initial Disclosures and any amendments thereto; (4) all individuals identified by VirtaMove in its discovery responses; and (5) all individuals identified by HPE in its discovery responses, if applicable.

Moreover, in addition to the individuals and entities listed above, HPE will (and other parties in this action or related actions may) produce prior art discovered throughout the course of

14

litigation that may identify authors, inventors, assignees, and other individuals or entities that may have additional knowledge, documents, or other discoverable information, including, for example, persons with knowledge as to the invalidity of the Asserted Patents under 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the unenforceability of the Asserted Patents. HPE may seek information from these individuals and entities to support its claims. HPE hereby incorporates by reference the items of prior art that will be produced during the course of discovery by any party in the case or in any related cases and any individuals and entities that may be identified therein.

> **E.  Any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

HPE is currently unaware of any agreements under which a person or entity carrying on an insurance business may be liable to satisfy all or part of a judgment or to indemnify or reimburse for payments made to satisfy the judgment.

> **F.  Any settlement agreements relevant to the subject matter of this action.**

HPE is currently unaware of any settlement agreements relevant to the subject matter of this action. If HPE later becomes aware of any settlement agreements relevant to this action, and subject to any applicable third-party confidentiality obligations, HPE will produce or make such agreements available for inspection as discovery progresses.

> **G.  Any statement of any party to the litigation.**

HPE has no additional statements at this time. HPE is currently unaware of any relevant statement of any other party to the litigation.

## II.     Additional Disclosures

**A.     Provide the disclosures required by the Patent Rules for the Eastern District of Texas.**

HPE will provide the disclosures required by the Patent Rules for the Eastern District of Texas in accordance with the Docket Control Order.

**B.     Produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas.**

HPE will produce or permit inspection non-privileged documents, electronically stored information, and tangible things relevant to the pleaded claims or defenses in this action in HPE's possession, custody, or control, pursuant to a reasonable search, including but not limited to production of documents and things relating to the accused products and prior art pursuant to Patent Rule 3-4, consistent with the deadline specified in the Docket Control Order. HPE is continuing its investigation into documents, data compilations, or tangible things that are likely to be relevant to any claims or defenses in this case and will produce relevant and non-privileged documents on a rolling basis as they are collected.

HPE's investigation is in its early stages and HPE reserves the right to supplement this disclosure as it identifies additional facts and/or evidence that it may use to support its defenses or claims. HPE also reserves its right to object to the production of any documents described herein on any basis permitted by the Federal Rules of Civil Procedure.

**C.     Provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of the injuries suffered, except that**

**the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.**

With respect to VirtaMove's claims, VirtaMove is not entitled to any recovery. Under 35 U.S.C. § 285, HPE, if it prevails in this matter, may seek to recover its attorneys' fees in defending this action. HPE may also seek its costs relating to this action. In addition, HPE seeks other and further relief the Court deems just and proper. A computation of these damages and any related documents will be made available under the Federal Rules of Civil Procedure at the appropriate times.

As discovery proceeds in this action, HPE reserves the right to assert additional theories of recovery which may impact the damages computation. If appropriate, HPE will produce and/or make available for inspection documents or other evidentiary material on which such computation is based, consistent with the deadlines set forth in the Docket Control Order. If appropriate, HPE will also rely on a rebuttal damages expert in this matter. However, HPE will not provide any discovery related to accused products made for and/or used by the United States.

Dated: October 10, 2024

By: */s/ Katharine Burke*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

Katharine Burke (Lead Attorney)
DC Bar Number: 985333
Katharine.burke@bakerbotts.com
**BAKER BOTTS L.L.P.**
700 K Street, N.W.

        Washington, DC 20001-5692
        Tel: (202) 639-7700
        Fax: (202) 639-7890

        Douglas M. Kubehl
        Texas Bar No. 00796909
        Doug.kubehl@bakerbotts.com
        Morgan Mayne
        Texas Bar No. 24084387
        Morgan.mayne@bakerbotts.com
        Emily Deer
        Texas Bar No. 24116352
        **BAKER BOTTS L.L.P.**
        2001 Ross Avenue, Suite 900
        Dallas, TX 75201-2980
        Tel: (214) 953-6500
        Fax: (214) 953-6503

        David Lien (*pro hac vice*)
        California Bar No. 313754
        David.lien@bakerbotts.com
        **BAKER BOTTS L.L.P.**
        1001 Page Mill Road, Building One,
        Suite 200
        Palo Alto, CA 94304-1007
        Tel: (650) 739-7563
        Fax: (650) 739-7663

        ***ATTORNEYS FOR DEFENDANT***
        ***HEWLETT PACKARD ENTERPRISE***
        ***COMPANY***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on October 10, 2024.

        */s/ Katharine Burke*
        Katharine Burke