# Exhibit 16



Mackenzie Paladino
mpaladino@raklaw.com

12424
Wilshire Boulevard
12th Floor
Los Angeles
California
90025

Tel 310.826.7474
Fax 310.826.6991
www.raklaw.com

October 22, 2024

**Via E-Mail**

Emily Deer
Emily.deer@bakerbotts.com

Re:   *VirtaMove, Corp. v. Hewlett Packard Enterprise Company*, Case No. 2:24-CV-00064-JRG

Dear Counsel,

    We write regarding Defendant Hewlett Packard Enterprise Company's ("HPE") document production in this case. Formal document requests in patent cases in the Eastern District of Texas are unnecessary and not utilized; rather, the parties are obligated, without request, under Fed. R. Civ. P. 26, Local Rule CV-26(d), and paragraphs 1-3 of the Court's Discovery Order (D.I. 61) to disclose all relevant documents and things. To further facilitate this process, VirtaMove sets forth below the categories of documents that should be included in HPE's document production in this case.

    VirtaMove is seeking HPE's expedited production by **October 25, 2024**. If HPE requires more time for production, VirtaMove promptly requests a meet-and-confer to extend both the deadlines for HPE's production, and for VirtaMove's opposition to HPE's transfer motion.

    The following list is not meant to be exhaustive of HPE's disclosure obligations. Indeed, regardless of this list, HPE should produce all documents and things required by the Court's Discovery Order (D.I. 61), Docket Control Order (D.I. 54), and applicable Patent Rules. VirtaMove requests that each such Document and thing be produced promptly pursuant to the Docket Control Order and Paragraph 3(b) of the Discovery Order.

### Definitions

1. The terms "Defendant," "HPE," "you," and "your" means Defendant Hewlett Packard Enterprise Company and any present and former agents, officers, directors, employees, affiliates, investigators, trustees, consultants, advisors, accountants, attorneys and all other persons or entities acting or purporting to act on your behalf, and your affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by you.



2. The terms "Plaintiff," means Plaintiff VirtaMove, Corp., its officers, executives, employees, agents, attorneys, representatives, shareholders, predecessors-in-interest, independent contractors, or other persons acting or purporting to act on their behalf.

3. The term "Accused Product(s)" means the categories of products identified in Plaintiff's Amended Complaint and any amendments thereto, and in any infringement contentions or supplemental infringement contentions served on you, and associated components thereof. This includes without limitation Ezmeral Runtime Enterprise, HPE GreenLake, and components and accessories thereof made, used, sold, offered for sale, or imported into the United States on or after June 2018 (six years prior to the filing of the Answer in this action) by You, for You, on Your behalf, or through a website owned, operated, and/or controlled by You, including but not limited to the products and devices identified in the Amended Complaint and in Plaintiff's infringement contentions, and all versions and variations thereof, including models, versions, and variations that may be made, used, sold, offered for sale, or imported into the United States by or for You in the future and during the course of this litigation.

4. The terms "person" or "persons" mean and include natural persons, corporations, companies, limited liability companies, partnerships, limited partnerships, associations, organizations, joint ventures, groups, government bodies or agencies, legal entities or any other cognizable entities.

5. The term "document" includes "originals" and "duplicates" and has the same meaning as the term "writings and recordings" and "photographs" as defined in Rules 1001(1) and (2) of the Federal Rules of Evidence, whether or not claimed to be privileged against discovery on any ground, and specifically including, but not limited to, correspondence, agreements, and communications; dealer-customer, inter-company and intra-company communications; studies, surveys, reports, analyses or projections; announcements, declarations, notices, releases and publicity; telegrams; notes and memoranda; summaries; minutes and records of telephone conversations, meetings and conferences including lists of persons attending meetings or conferences; summaries and records of personal conversations or interviews; financial records including bills, receipts, ledgers, invoices, bank statements and canceled checks; books, manuals, and publications; telexes or cables prepared, drafted, received or sent; calendars or diaries; charts, plans, sketches and drawings; photographs, reports, and/or summaries of investigations and/or surveys; opinions, notes and reports of consultants; opinions of counsel; reports and summaries of negotiations; any other reports or summaries; agreements, contracts, memoranda of understanding, letters of intent, licenses and assignments; brochures, pamphlets, catalogs, catalog sheets, advertisements (including promotional materials), fliers, announcements, posters, signs, story boards, and scripts,



audio and video recordings of radio and television commercials; circulars and trade letters; information contained in any medium now known or hereafter devised including without limitation information contained on computer tape, card, disc or program or information taking the form of or implemented as computer code or source code; and any other paper, writing or physical thing which contains the requested information. Any document that contains any comment, notation, addition, deletion, insertion or marking of any kind, which is not part of another document, is a separate document. This term shall be construed broadly.

6. The term "communication" means any oral or written transmission of information between persons, including but not limited to, meetings, discussion, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences or seminars.

7. When referring to a person, "identify" means give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once you identify a person in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8.  When referring to documents, "to identify" means to provide, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) location(s) where documents is stored; and (v) author(s), addressee(s) and recipient(s).

9. The term "employee" shall have its broadest interpretation, referring to all persons working at your direction for compensation, even if you, for any reason, categorize that person as an independent contractor.

**Document Requests**

1. All allegedly "relevant documents" identified or referred to on page 9 of HPE's Opposed Motion to Transfer Venue filed at Docket 87.

2. All Your communications with non-parties, including but not limited to any potential witnesses such as those identified in Your Motion to Transfer, regarding this case.

3. Documents sufficient to identify all persons, employees, or entities in Texas or closer to Texas than to the NDCA involved in the designing, developing, producing, testing, researching, evaluating, analyzing, marketing, selling, maintaining, servicing, or supporting the Accused Products, or who otherwise have relevant knowledge about any Accused Product or Related



Instrumentality, including each such person's position, responsibilities, home address, and work address.

4. All documents and things relied upon in preparing Your Motion to Transfer and the supporting declaration.

5. All documents and things relied upon in preparing for any venue deposition preparation (if and when they occur).

\*\*\*

This list is not intended to be exhaustive of HPE's discovery obligations. You are in the best position to identify relevant information contained in its records. If You have additional documents or information in their possession, custody or control that are relevant to the claims or defenses asserted in this case, but not specifically identified above, they should be part of Your disclosures as well.

For each of these categories, please confirm that You will supplement Your document production to produce the documents requested or confirm that You do not have any additional such documents by **October 25, 2024**.

Best regards,

*/s/ Mackenzie Paladino*
Mackenzie Paladino