## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br>       Plaintiff, <br><br>    v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br>      Defendant. | Case No.  2:24-cv-00093-JRG <br><br> **(LEAD CASE)** <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br><br>       Plaintiff, <br><br>    v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br>      Defendant. | Case No. 2:24-cv-00064-JRG <br><br> (Member case) <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S THIRD AMENDED COMPLAINT

   Defendant Hewlett Packard Enterprise Company ("HPE") submits this Answer, Affirmative Defenses, and Counterclaims in response to the Third Amended Complaint (Dkt. 101) filed by Plaintiff VirtaMove, Corp. ("VirtaMove" or "Plaintiff").  The numbered paragraphs below correspond to the numbered paragraphs in the Third Amended Complaint and constitute HPE's responsive admissions, denials, and allegations thereto.  Except as otherwise expressly admitted below, HPE denies each and every allegation contained in the Third Amended Complaint.  HPE expressly reserves the right to amend or supplement its Answer, Affirmative Defenses, and Counterclaims.  HPE states as follows:

**HPE'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT – Page 1**

## ANSWER

1.     HPE admits that the Third Amended Complaint purports to bring an action alleging infringement of U.S. Patent Nos. 7,519,814 ("the '814 Patent") and 7,784,058 ("the '058 Patent"). HPE denies that it has infringed either patent.  HPE lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph, and therefore denies these allegations.

2.     HPE lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

3.     HPE lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

4.     HPE lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

5.     HPE lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

6.     HPE admits that HPE is a Delaware corporation with its principal place of business at 1701 E Mossy Oaks Road, Spring, Texas 77389.  HPE admits that it has a registered agent for service of process at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  HPE further admits that it is registered to do business in the state of Texas and that its Texas SOS file number is 0802175187.

7.     To the extent the allegations in this paragraph set forth legal conclusions, no response is required.  HPE admits that the Third Amended Complaint purports to bring an action under the patent laws of the United States, Title 35 of the United States Code.  HPE admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  HPE denies any allegations regarding patent infringement contained in this paragraph.

**HPE'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT** – Page 2

8.      To the extent the allegations in this paragraph set forth legal conclusions, no response is required.  For purposes of this action only, HPE admits that this Court has personal jurisdiction over HPE.  HPE denies all allegations of wrongdoing or infringement.  HPE denies the remaining allegations of this paragraph.

9.      To the extent the allegations in this paragraph set forth legal conclusions, no response is required.  To the extent that a response is required, HPE does not contest that it is subject to venue in this District for purposes of this litigation only.  HPE expressly reserves the right to request to seek transfer of venue under 28 U.S.C. § 1404(a) in this case and/or to contest venue in any other case as to any party.  HPE denies that it maintains a regular and established place of business at 6080 Tennyson Parkway, Suite 400, Plano, Texas 75204.

10.     HPE         admits       that       a       webpage       at https://web.archive.org/web/20121223171716/https://www.hpcloud.com/partner/appzero displays the image appearing in Paragraph 10 of the Third Amended Complaint.  HPE further admits that HP Co. separated into HPE and HP Inc. but denies that this separation occurred in 2014.  HPE lacks knowledge and information sufficient to form a belief as to the remaining allegations of this paragraph, and therefore denies these allegations.

11.     HPE denies all allegations of infringement and denies that "the technology advertised and marketed by AppZero and/or VirtaMove has made its way into the Accused Products of HPE," that "as a matter of basic due diligence, HPE would have learned that AppZero and/or VirtaMove marketed and/or advertised that their software AppZero (later rebranded as V-Migrate) was patented," or that "HPE would have been willfully blind to this fact."  HPE lacks knowledge and information sufficient to form a belief regarding the remaining allegations of this paragraph and therefore denies these allegations.

12.    HPE repeats and incorporates by reference each of the answers in paragraphs 1-11 as if fully set forth herein.

13.    HPE admits that the '814 Patent includes a cover page that lists a title of "System for Containerization of Application Sets" and indicates an issue date of April 14, 2009.  HPE further admits that what VirtaMove purports to be a copy of the '814 Patent is attached as Exhibit 1 to the Third Amended Complaint.  HPE lacks knowledge and information sufficient to form a belief as to the remaining allegations of this paragraph, and therefore denies these allegations.

14.    HPE admits that its website refers to certain Ezmeral Runtime Enterprise software. HPE denies all allegations of infringement contained in this paragraph.  HPE denies the remaining allegations of this paragraph.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    HPE denies all allegations of infringement contained in this paragraph.  HPE admits that what VirtaMove purports to be a claim chart is attached as Exhibit 2 to the Third Amended Complaint and denies any contentions included in Exhibit 2.  HPE admits that VirtaMove's operative infringement contentions intentionally asserted apparatus claim 31 of the '814 Patent, but that VirtaMove's Third Amended Complaint and VirtaMove's purported "Corrected Infringement Contentions" disclaim VirtaMove's assertion of any claims of the '814 Patent other than claims 1, 2, 6, 9, and 10.  HPE denies the remaining allegations of this paragraph.

20.    Denied.

21.    HPE denies all allegations of infringement contained in this paragraph.  HPE denies

that VirtaMove is entitled to any relief from HPE, including monetary damages, interest, or costs, at least because the claims of the '814 Patent are not valid, enforceable, or infringed, directly or indirectly, by HPE. HPE denies that VirtaMove is entitled to past damages under 35 U.S.C. § 287. HPE denies that VirtaMove has complied with the requirements of 35 U.S.C. § 287 at all relevant times. HPE lacks knowledge and information sufficient to form a belief of the remaining statements in this paragraph, and therefore denies these allegations.

22.    HPE repeats and incorporates by reference each of the answers in paragraphs 1-21 as if fully set forth herein.

23.    HPE admits that the '058 Patent includes a cover page that lists a title of "Computing System Having User Mode Critical System Elements as Shared Libraries" and indicates an issue date of August 24, 2010. HPE further admits that what VirtaMove purports to be a copy of the '058 Patent is attached as Exhibit 3 to the Third Amended Complaint. HPE lacks knowledge and information sufficient to form a belief as to the remaining allegations of this paragraph, and therefore denies these allegations.

24.    HPE admits that its website refers to certain Ezmeral Runtime Enterprise software. HPE denies all allegations of infringement contained in this paragraph. HPE denies the remaining allegations of this paragraph.

25.    Denied.

26.    Denied.

27.    Denied.

28.    HPE denies all allegations of infringement contained in this paragraph. HPE admits that what VirtaMove purports to be a claim chart is attached as Exhibit 4 to the Third Amended Complaint and denies any contentions included in Exhibit 4. HPE admits that VirtaMove's Third

Amended Complaint and its operative infringement contentions assert claims 1-4 and 18 of the '058 Patent, and that VirtaMove's Third Amended Complaint disclaims VirtaMove's assertion of any claims of the '058 Patent other than claims 1-4 and 18.  HPE denies the remaining allegations of this paragraph.

29.    Denied.

30.    HPE denies all allegations of infringement contained in this paragraph.  HPE denies that VirtaMove is entitled to any relief from HPE, including monetary damages, interest, or costs, at least because the claims of the '058 Patent are not valid, enforceable, or infringed, directly or indirectly, by HPE.  HPE denies that VirtaMove is entitled to past damages under 35 U.S.C. § 287. HPE denies that VirtaMove has complied with the requirements of 35 U.S.C. § 287 at all relevant times.  HPE lacks knowledge and information sufficient to form a belief of the remaining statements in this paragraph, and therefore denies these allegations.

31.    HPE denies that VirtaMove is entitled to any relief from HPE, much less the relief set forth in VirtaMove's Prayer for Relief, at least because the claims of the '814 and '058 Patents are not valid, enforceable, or infringed, directly or indirectly, by HPE.  HPE denies all of the allegations in subparagraphs a–g of VirtaMove's Prayer for Relief.

32.    HPE admits that the Third Amended Complaint sets forth a demand for a jury trial. HPE also requests a trial by jury on all issues so triable by right.

## **ADDITIONAL DEFENSES**

Without assuming any burden of production or proof that it would not otherwise be required to bear under applicable law, HPE asserts the following defenses.  HPE reserves the right to add additional defenses and/or supplement its defenses as its investigation continues and as discovery progresses.  HPE therefore reserves its right to amend this Answer, including by asserting additional defenses, as discovery progresses.

### FIRST DEFENSE (Non-Infringement)

HPE does not infringe and has not infringed any valid and enforceable claim of U.S. Patent Nos. 7,519,814 ("the '814 Patent") and 7,784,058 ("the '058 Patent") (the "Asserted Patents") in any manner under 35 U.S.C. § 271, literally or under the doctrine of equivalents, directly or indirectly. HPE has not performed any act in violation of any rights belonging to VirtaMove.

### SECOND DEFENSE (Invalidity/Ineligibility)

On information and belief, each and every claim of the Asserted Patents is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120.

### THIRD DEFENSE (Prosecution History Estoppel and Disclaimer)

VirtaMove's claims are barred, in whole or in part, by the doctrines of prosecution history estoppel and/or disclaimer.

### FOURTH DEFENSE (Failure to State a Claim)

The Third Amended Complaint fails to state a claim upon which relief can be granted. For example, VirtaMove's Third Amended Complaint fails to plead its claim for patent infringement with the specificity required under the *Iqbal/Twombly* pleading standard.

### FIFTH DEFENSE (Failure to Mark)

VirtaMove's recovery for alleged infringement of the Asserted Patents, if any, is limited to by 35 U.S.C. § 287 to those damages occurring only after notice of the alleged infringement or properly marking products.

### SIXTH DEFENSE (Attorneys' Fees and Costs)

VirtaMove cannot show this is an exceptional case, and therefore has no basis to recovery of attorneys' fees and cannot recover costs as a matter of law under 35 U.S.C. § 285, the Court's

inherent powers, or any other fee-shifting authority.

### SEVENTH DEFENSE (License, Implied License, Covenant Not to Sue, Exhaustion)

VirtaMove's claims are barred, in whole or in part, by the doctrines of license, implied license, covenant not to sue, and/or exhaustion.  For example, VirtaMove's claims are barred to the extent that its allegations rely on the operation of any licensed product or service.

### EIGHTH DEFENSE (No Willful Infringement)

VirtaMove has failed to state a claim for willful infringement upon which relief can be granted.  HPE has committed no wrongdoing or infringement, and VirtaMove cannot show any willful infringement occurred.  VirtaMove is not entitled to enhanced damages under 35 U.S.C. § 284 or pursuant to the Court's inherent powers because VirtaMove has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

### NINTH DEFENSE (No Equitable Entitlement to Injunctive Relief)

VirtaMove is not entitled to injunctive relief at least because any alleged injury to VirtaMove is not immediate or irreparable, and VirtaMove has an adequate remedy at law for its claims.  VirtaMove will not be able to demonstrate (1) irreparable injury, (2) that damages are inadequate remedies, (3) that an equitable remedy is appropriate on balance, and (4) that the public interest would not be disserved by the issuance of an injunction.

### TENTH DEFENSE (Limitations on Damages)

VirtaMove's claims for relief are limited by 35 U.S.C. § 286 to the extent they seek any recovery for any alleged infringing acts that occurred more than six years before the filing of the Complaint.  VirtaMove is further barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### ELEVENTH DEFENSE (Other Equitable Defenses)

VirtaMove is barred, in whole or in part, under principles of equity, including prosecution

laches, acquiescence, waiver, estoppel, unclean hands, and/or any other equitable remedy.

## TWELFTH DEFENSE (Lack of Standing)

To the extent that VirtaMove was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, VirtaMove lacks standing to bring one or more claims in this lawsuit.

## THIRTEENTH DEFENSE (Ensnarement)

All or some of VirtaMove's claims for infringement are barred by the doctrine of ensnarement.

## FOURTEENTH DEFENSE (Actions of Others)

The claims made in the Third Amended Complaint are barred, in whole or in part, because HPE is not liable for the acts of others over whom it has no control.

## FIFTEENTH DEFENSE (Government Patent Use)

VirtaMove's remedies are limited under 28 U.S.C. § 1498(a). HPE is not liable to the extent the Accused Instrumentalities were used or manufactured by or for the United States, and to the extent the Accused Instrumentalities were used or manufactured by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, according to at least 28 U.S.C. § 1498.

## RESERVATION OF RIGHTS

HPE has insufficient knowledge or information upon which to form a belief as to whether it may have yet unstated separate and additional defenses available. HPE reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories, which may or will be divulged through clarification of VirtaMove's claims, through discovery, or through further legal analysis of VirtaMove's claims and positions in this litigation.

## HPE'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Hewlett Packard Enterprise Company ("HPE" or "Counter-Plaintiff") asserts the following Counterclaims against VirtaMove Corp. ("VirtaMove" or "Counter-Defendant").  Counter-Plaintiff reserves the right to further amend its Counterclaims to assert additional claims which may be revealed during discovery.

## BACKGROUND

1.    On February 9, 2024, VirtaMove filed suit against HPE, alleging infringement of U.S. Patent Nos. 7,519,814 ("the '814 Patent") and 7,784,058 ("the '058 Patent") (collectively, the "Asserted Patents") (Dkt. No. 1).

2.    In its Third Amended Complaint, VirtaMove purports to own all right, title, and interest in the Asserted Patents (the '814 Patent and the '058 Patent).

3.    HPE does not infringe, directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the Asserted Patents.

4.    All claims of the Asserted Patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120.

## PARTIES

5.    HPE is a Delaware corporation with its principal place of business at 1701 E Mossy Oaks Road, Spring, Texas 77389.

6.    In its Third Amended Complaint, VirtaMove states that it is a corporation organized and existing under the laws of Canada with its place of business at 110 Didsbury Road, M083, Ottawa, Ontario K2T 0C2.

## JURISDICTION AND VENUE

7.    This is an action for a declaration that each and every claim of the Asserted Patents is invalid, unenforceable, and not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.  Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

8.    An actual, substantial, and continuing controversy exists between Counter-Plaintiff HPE and Counter-Defendant VirtaMove with respect to which HPE requires a declaration of its rights by the Court.  Specifically, the controversy relates to the invalidity, unenforceability, and non-infringement of the Asserted Patents, and to Counter-Defendant VirtaMove's maintaining of a suit against Counter-Plaintiff HPE for alleged infringement of the Asserted Patents.

9.    Personal jurisdiction is proper for these Counterclaims because VirtaMove elected this forum for suit.  By filing the Complaint in this action, VirtaMove has subjected itself to the jurisdiction of this Court for purposes of these Counterclaims against it.

10.    Subject to HPE's defenses and denials, venue is proper for Counter-Plaintiff HPE's counterclaims against Counter-Defendant VirtaMove under 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Counter-Defendant VirtaMove has submitted to the venue of this Court for this case only by filing its Complaint here.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '814 PATENT

11.    HPE realleges and incorporates by reference the allegations made in Paragraphs 1-10 as though fully set forth here.

12.    This is an action for declaratory judgment of non-infringement of the '814 Patent.

13.    HPE has not infringed and does not infringe any claim of the '814 Patent literally,

directly, indirectly, willfully, or under the doctrine of equivalents.

14.    In its Third Amended Complaint, VirtaMove accuses HPE of infringing the '814 Patent.  Absent a declaration that HPE does not infringe the '814 Patent, VirtaMove will continue to wrongfully assert the '814 Patent against HPE and thereby cause injury to HPE.

15.    A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between HPE and VirtaMove as to whether HPE has infringed or infringes any claim of the '814 Patent.

16.    Based on the foregoing, HPE respectfully requests a declaration from the Court that HPE does not infringe any claim of the '814 Patent.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '058 PATENT

17.    HPE realleges and incorporates by reference the allegations made in Paragraphs 1-16 as though fully set forth here.

18.    This is an action for declaratory judgment of non-infringement of the '058 Patent.

19.    HPE has not infringed and does not infringe any claim of the '058 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

20.    In its Third Amended Complaint, VirtaMove accuses HPE of infringing the '058 Patent.  Absent a declaration that HPE does not infringe the '058 Patent, VirtaMove will continue to wrongfully assert the '058 Patent against HPE and thereby cause injury to HPE.

21.    A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between HPE and VirtaMove as to whether HPE has infringed or infringes any claim of the '058 Patent.

22.    Based on the foregoing, HPE respectfully requests a declaration from the Court that HPE does not infringe any claim of the '058 Patent.

**COUNT III – DECLARATORY JUDGMENT OF INVALIDITY OF THE '814 PATENT**

23.     HPE realleges and incorporates by reference the allegations made in Paragraphs 1-22 as though fully set forth here.

24.     This is an action for declaratory judgment of invalidity of any and all claims of the '814 Patent.

25.     The '814 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120.

26.     In its Third Amended Complaint, VirtaMove accuses HPE of infringing the '814 Patent.  Absent a declaration that any and all claims of the '814 Patent are invalid, VirtaMove will continue to wrongfully assert the '814 Patent against HPE and thereby cause injury to HPE.

27.     A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between HPE and VirtaMove as to whether there exists any valid claim of the '814 Patent.

28.     Based on the foregoing, HPE respectfully requests a declaration from the Court that any and all claims of the '814 Patent are invalid.

**COUNT IV – DECLARATORY JUDGMENT OF INVALIDITY OF THE '058 PATENT**

29.     HPE realleges and incorporates by reference the allegations made in Paragraphs 1-28 as though fully set forth here.

30.     This is an action for declaratory judgment of invalidity of any and all claims of the '058 Patent.

31.     The '058 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 120s.

32.     In its Third Amended Complaint, VirtaMove accuses HPE of infringing the '058
Patent.  Absent a declaration that any and all claims of the '058 Patent are invalid, VirtaMove will
continue to wrongfully assert the '058 Patent against HPE and thereby cause injury to HPE.

33.     A substantial, immediate, and real controversy therefore exists, within the meaning of
28 U.S.C. §§ 2201 and 2202, between HPE and VirtaMove as to whether there exists any valid
claim of the '058 Patent.

34.     Based on the foregoing, HPE respectfully requests a declaration from the Court that
any and all claims of the '058 Patent are invalid.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Counter-Plaintiff HPE
respectfully demands a jury trial of all issues triable to a jury in this action.

## REQUESTED RELIEF

HPE respectfully requests that this Court enter a judgment in its favor of HPE and against
VirtaMove as follows:

A.  Entry of judgment in favor of HPE and against VirtaMove thereby fully and finally
dismissing VirtaMove's Third Amended Complaint in its entirety, with prejudice, with
VirtaMove taking nothing by way of its claims;

B.  A declaration that HPE has not and does not infringe any claim of the '814 Patent,
either literally or under the doctrine of equivalents;

C.  A declaration that HPE has not and does not infringe any claim of the '058 Patent,
either literally or under the doctrine of equivalents;

D.  A declaration that each of the claims of the '814 Patent is invalid;

E.  A declaration that each of the claims of the '058 Patent is invalid;

F.  A declaration that this is an exceptional case under 35 U.S.C. § 285 and an award to

HPE of its costs, attorney fees and expenses; and

G.  Granting HPE any and all other relief to which HPE may be entitled, or which the Court

deems just and proper.

Dated:  November 14, 2024

/s/ Jennifer H. Doan
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX  75503
Telephone: (903) 255-1000
Email:  jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

Katharine Burke (Lead Attorney)
DC Bar Number: 985333
Katharine.burke@bakerbotts.com
Samuel L. Kassa
DC Bar Number: 187255
Sam.kassa@bakerbotts.com
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, DC 20001-5692
Tel: (202) 639-7700
Fax: (202) 639-7890

Douglas M. Kubehl
Texas Bar No. 00796909
Doug.kubehl@bakerbotts.com
Morgan Mayne
Texas Bar No. 24084387
Morgan.mayne@bakerbotts.com
Emily Deer
Texas Bar No. 24116352
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
Tel: (214) 953-6500
Fax: (214) 953-6503

David Lien (*pro hac vice*)
California Bar No. 313754
David.lien@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Road, Building One,
Suite 200
Palo Alto, CA 94304-1007
Tel: (650) 739-7563
Fax: (650) 739-7663

*ATTORNEYS FOR DEFENDANT*
*HEWLETT PACKARD ENTERPRISE*
*COMPANY*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Jennifer H. Doan*
Jennifer H. Doan