# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | Civil Action No. 2:24-CV-00093-JRG <br><br> **(Lead Case)** <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendant. | Civil Action No. 2:24-CV-00064-JRG <br><br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S
REPLY IN SUPPORT OF ITS OPPOSED MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404**

HPE's Motion (Dkt. 95) demonstrated that four private factors and one public factor[1] (local interest) weigh in favor of transferring this case to NDCA.  The only factor that possibly weighs against transfer is the court congestion factor, which cannot override the other factors as a matter of law.  *In re Clarke*, 94 F.4th 502, 515 (5th Cir. 2024).  VirtaMove fails to rebut the evidence.  VirtaMove's Opposition (Dkt. 102, "Opp.") is fraught with factual inaccuracies, including regarding the testimony of David Lee, HPE's Engineering Director of Ezmeral Enterprise Software.  VirtaMove incorrectly interprets the law, too.  Contrary to VirtaMove's arguments, recent Fifth Circuit cases do *not* fundamentally change the § 1404 convenience analysis.[2]  And those cases certainly do not hold that a motion to transfer depends on whether a party can commit to its final trial exhibit and witness lists months before the close of fact discovery, as VirtaMove demanded during the meet-and-confer process.[3]  Opp. at 1, 4; *see Freedom Pats. LLC v. DISH Network Corp.*, No. 4:23-CV-00303, 2024 WL 1147828, at *7 (E.D. Tex. Mar. 15, 2024)[4] ("Requiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary").  Under the correct law and facts, the convenience factors demonstrate that NDCA is the clearly more convenient forum for this case.

**Compulsory Process Factor.**  VirtaMove's Opposition confirms that more third-party witnesses reside in NDCA than in EDTX, and thus this factor weighs heavily in favor of transfer.  *See Deep Green Wireless LLC v. Ooma, Inc.*, No 2:16-CV-604-JRG-RSP, 2017 WL 679643, at

---

[1] HPE agrees with VirtaMove that the "familiarity with governing law" and "conflicts of laws" factors are neutral if "practical problems" considerations are excluded from the analysis of these factors.  *See* Opp., n.6.
[2] *See* Dkt. 88, at 1-2.
[3] HPE conferred in good faith with VirtaMove on this issue—far from conduct that violates L.R. CV-7(h).  *Cf. Indorama Ventures Oxides LLC v. M/V NATCHEZ EXPRESS*, No. 1:20-CV-00054, 2021 WL 2935299, at *2 (E.D. Tex. Mar. 2, 2021) (finding a L.R. CV-7(h) violation when movant's attorney of record *failed to appear*).
[4] Notably, *Freeedom Patents* cites *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009), making clear that the *Genentech* decision is not "outdated," as VirtaMove incorrectly suggests.  *See* Opp. at 5.

*3 (E.D. Tex. Feb. 21, 2017)[5] (holding that this factor weighs "heavily in favor of transfer" when more third-party witnesses reside in the transferee venue than the transferor venue).

Indeed, VirtaMove fails to identify a single relevant third-party witness subject to compulsory process in EDTX and instead identifies former employees who either are not subject to compulsory process in Texas or do not have information relevant to the lawsuit between VirtaMove and HPE. Opp. at 8. Former VirtaMove employees Paul O'Leary, Dean Huffman, Mark Woodward, and Greg O'Connor (all in Massachusetts or Canada) are not subject to compulsory process in EDTX. VirtaMove also alleges former employees David Roth and Ernesto Benedito are "near Dallas" and "may" have knowledge about the "accused VirtaMove product." *Id.* at 8-9. But there is no "accused" VirtaMove product in this case; HPE did not bring counterclaims of infringement. And living "near Dallas" does not establish these individuals are subject to compulsory process in EDTX. VirtaMove also purports to identify "inventors for prior art patent 8,032,625" in Texas. *Id.* But, at best, VirtaMove shows that these prior art inventors were in Austin 20+ years ago—far from showing they can be compelled to appear in EDTX today.

HPE, on the other hand, identified by name *ten* non-party witnesses in NDCA[6] having highly relevant information, *all* of which are subject to compulsory process in NDCA.[7] Six of the ten witnesses are inventors or authors[8] of prior art references or systems. VirtaMove's argument that prior art inventors should be discounted because they "rarely testify at trial" (Opp. at 9) has no support—patent invalidity is a key defense, and prior art inventors are highly relevant. *In re*

---

[5] Additional citations are omitted unless specifically notated.

[6] *See* Mot., § I.B (identifying organizations located in NDCA likely to have information relevant to the issues in this case) & n.5 (identifying former AppZero employees Samantha Clarke, Stephen Nott, and Greg O'Connor, in NDCA).

[7] HPE disagrees with VirtaMove's contention that "HPE has no evidence that the Thinstall witness, Clark, is in the NDCA." Opp., at 10. Mr. Clark's LinkedIn page (Dkt. 78, Ex. L) shows that he is in the U.S. and works "on-site" at Innerscene. *See* Ex. 1 (reflecting that Innerscene's only U.S. location is its San Francisco headquarters in NDCA).

[8] VirtaMove incorrectly alleges that HPE "dropped 'Subhraveti[]'" from its invalidity contentions. Opp., at 10. Dinesh Subhraveti is an author of "The Design and Implementation of Zap: A System for Migrating Computing Environments," which is identified and charted as a prior art reference in HPE's invalidity contentions. *See* Ex. 2.

2

*Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *3 (Fed. Cir. Aug. 2, 2021) (finding abuse of discretion to categorically reject proposed prior art witnesses for the reason that "prior art witnesses are generally unlikely to testify at trial"). The four other third parties (Messers. Hykes, Frazelle, Tiigi, McGowen) are knowledgeable about Docker, one of the accused functionalities. *See* Dkt. 101, ¶ 11. VirtaMove alleges these witnesses only know about open-source Docker functionality, not HPE's products, and thus do not have information "that will likely materialize at trial." Opp., at 9. But VirtaMove accuses HPE's use of open-source Docker (not some other "specific deployment") and thus these witnesses, who developed that exact functionality, are highly likely to possess relevant information. *See id.*; *see also* Ex. 3; *In re Hulu, LLC*, 2021 WL 3278194, at *3 (finding, as relevant third-parties, witnesses having knowledge of allegedly infringing systems).

**Sources of Proof Factor.** VirtaMove does not identify any evidence that weighs against transfer. VirtaMove alleges that physical evidence located in Canada is allegedly "more easily transported to [] EDTX." Opp., at 11. But evidence outside the competing forums does not weigh against transfer. *In re Juniper Networks*, Inc., 14 F.4th 1313, 1321 (Fed. Cir. 2021) ("the fact that some evidence is stored in places other than either the transferor or the transferee forum does not weigh against transfer").

HPE, on the other hand, demonstrated that third party witnesses in NDCA have extensive information regarding prior art and the accused functionality. Mot. at 10-11. Moreover, relevant documentary evidence from HPE that remains to be collected includes non-privileged documents "stored locally on the laptops of HPE witnesses located in NDCA." *Id*. VirtaMove attempts to discount the significant sources of proof from HPE and third parties in NDCA by arguing that such evidence is electronically accessible from EDTX. Opp., at 11-12. But courts still must consider the locations of sources of proof regardless of their electronic accessibility. *See, e.g.*, *In re TS*

3

*Tech. USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (applying Fifth Circuit law).

**Cost of Willing Witnesses Factor.**  First, VirtaMove argues that this factor weighs against transfer because, for its Canadian witnesses and certain potential HPE witnesses, there is a shorter straight-line distance to EDTX than NDCA.  *See* Opp. at 2-3 & 5-7.  But this metric ignores actual travel routes, travel time, and travel costs, and, in any event, the 100-mile rule should *not* be applied rigidly where witnesses will be required to travel a significant distance no matter where they testify.  *Implicit, LLC v. Wayfair Inc.*, No. 4:22-CV-00940, 2024 WL 3878421, at *4 (E.D. Tex. Aug. 20, 2024) (discussing *TikTok* and the 100-mile rule); *see also id*. (finding witnesses outside the transferor or proposed transferee forums would have to travel a "significant distance").

Second, the presence of three HPE employees in Texas—one of which is a remote worker and another who has "████████████████████████████"—do not outweigh the significant witness costs that will be saved by transferring to NDCA.  Mot., at 13; Ex. 4, 38:5-15.

Third, VirtaMove speculates that "HPE likely has many other relevant team members" in Texas.  Opp. at 6.  But that is flatly refuted by HPE's extensive evidence of each employee's location.  *See* Exs. 5-7; *see also* Ex. 4; Dkt. 99.  Contrary to VirtaMove's unsupported allegations, Mr. Lee fully investigated and testified extensively about the location of HPE employees knowledgeable about the accused products, including (1) his own engineering team responsible for developing those products; (2) Mr. Seshu's product management team; (3) Mr. Hawley's product management team; (4) Ms. Starke (marketing); (5) Messers. Bower and Mittal (financial); (6) Mr. Shattuck (sales).  *See* Ex. 4; Dkt. 99.  Mr. Lee identified the locations of each, by confirming with internal records or confirming with others having firsthand knowledge.  *See id.*

**Practical Problems Factor.**  VirtaMove concedes that NDCA already has one VirtaMove case before it.  Should this Court and WDTX grant the pending § 1404 motions requesting transfer

4

to NDCA—where the evidence and relevant witnesses are concentrated—judicial resources would be freed up in EDTX and WDTX, and inefficiencies and potential conflicts would be avoided.

VirtaMove also alleges that HPE delayed filing its Motion. Opp., at 13. But HPE investigated VirtaMove's claims, identified locations of the key prior art and technical witnesses, and filed its motion upon learning that the majority of pertinent evidence and witnesses are located elsewhere. VirtaMove also misreads *In re Planned Parenthood Fed'n Am., Inc.*, 52 F.4th 625 (5th Cir. 2022). That case found a transfer motion to be delayed when filed seven months after the case was "unsealed"—which amounted to over *1.5 years* after filing. *Id*.

**Local Interest Factor**. VirtaMove's arguments for this factor are legally flawed. Contrary to VirtaMove's assertions, *In re Clarke* did not "d[o] away" with the "'design and development' analysis articulated by the Federal Circuit." *See* Opp., at 3; *see also id.*, at 13-15. Numerous decisions applying *In re Clarke* in § 1404 analyses show that the location where an accused product is designed and developed continues to inform the local interest analysis. *See, e.g.*, Dkt. 88, at 1-2; *Freedom Pats.*, 2024 WL 1147828, at *7. Here, it is undisputed that the design and development work of the Accused Products occurred in large part in NDCA, giving the citizens of the NDCA "a strong interest in the dispute." *Id*. No similar interest exists in EDTX.[9]

**Court Congestion Factor**. Any weight given to this factor should be minimal as "the speed of the transferee district court should not alone outweigh the other factors" and because VirtaMove has not identified "any reason why a more rapid disposition of the case" should be assigned significant weight. *Lifestyle Sols., Inc. v. Abbyson Living LLC*, No. 2:16-CV-01290-JRG-RSP, 2017 WL 5257006, at *5 (E.D. Tex. Nov. 10, 2017). This factor should therefore have little (if any) effect on the overall balancing of the convenience factors.

---

[9] Ex. 8, 54:12-25 (███████████████████████████████████████████████████).

Dated: November 15, 2024   Respectfully submitted,

By: */s/ Katharine Burke*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

Katharine Burke (Lead Attorney)
DC Bar Number: 985333
Katharine.burke@bakerbotts.com
**BAKER BOTTS L.L.P.**
700 K Street, N.W.
Washington, DC 20001-5692
Tel: (202) 639-7700

Douglas M. Kubehl
Texas Bar No. 00796909
Doug.kubehl@bakerbotts.com
Morgan Mayne
Texas Bar No. 24084387
Morgan.mayne@bakerbotts.com
Emily Deer
Texas Bar No. 24116352
Emily.deer@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
Tel: (214) 953-6500

David Lien (*pro hac vice*)
California Bar No. 313754
David.lien@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Rd, Bdg. One, Ste. 200
Palo Alto, CA 94304-1007
Tel: (650) 739-7563

***ATTORNEYS FOR DEFENDANT***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2024, the foregoing was served via email on all counsel who have consented to electronic service.

                                                */s/ Katharine Burke*
                                                Katharine Burke


**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that pursuant to the Protective Order, this motion and certain exhibits hereto contain confidential information and are therefore filed under seal.

                                                */s/ Katharine Burke*
                                                Katharine Burke