# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br>　　　　Plaintiff,<br><br>　　v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br>　　　　Defendant. | §§§§§§§§§§§§ Case No. 2:24-cv-00093-JRG<br>(Lead Case)<br><br><br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br>　　　　Defendant. | §§§§§§§§§§§§§ Case No. 2:24-CV-00064-JRG<br>(Member Case)<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF VIRTAMOVE, CORP.'S SUR-REPLY TO
HPE CO.'S MOTION TO TRANSFER (DKT. 87)**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| A. | The Burden of Proof Changed | 1 |
| B. | Both Fifth and Federal Circuits Now Use the "Rigid" 100-Mile Rule | 1 |
| C. | Willing Witnesses Will Be Inconvenienced by Transfer | 2 |
| D. | Compulsory Process: HPE lacks evidence | 3 |
| E. | Evidence Everywhere Matters | 4 |
| F. | Local Interest: Diffuse Interest Nationwide | 5 |
| G. | Court Congestion Deserves Substantial Weight | 5 |
| H. | HPE's Procedural Problems | 5 |

# TABLE OF AUTHORITIES

**Cases**

*Backertop Licensing LLC v. Canary Connect, Inc.*,
  107 F.4th 1335 (Fed. Cir. 2024) .................................................................................................. 3

*Beijing Meishe Network Tech. Co. v. TikTok Inc.*,
  No. 6:21-cv-00504, 2023 WL 2903978 (W.D. Tex. Apr. 11, 2023) ............................................ 1

*DoDots Licensing Sols. LLC v. Samsung Elecs. Co.*,
  No. 6:22-cv-00535, 2023 WL 4939394 (W.D. Tex. Aug. 2, 2023) ............................................ 2

*Freedom Pats. LLC v. DISH Network Corp.*,
  No. 4:23-cv-00303, 2024 WL 1147828 (E.D. Tex. Mar. 15, 2024) ....................................... 1, 5

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947) .................................................................................................................. 4

*Implicit, LLC v. Wayfair Inc.*,
  No. 4:22-CV-00940, 2024 WL 3878421 (E.D. Tex. Aug. 20, 2024) ......................................... 2

*In re Clarke,*
  94 F.4th 502 (Fed. Cir. Mar. 1, 2024) ............................................................................... 1, 2, 3

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) .............................................................................................. 1, 4

*In re Hoffmann-La Roche*,
  587 F.3d 1333 (Fed. Cir. 2009) ................................................................................................. 5

*In re HP Inc.*,
  826 F. App'x 899 (Fed. Cir. 2020) ............................................................................................ 4

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (Fed. Cir. 2021) .................................................................................................. 4

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009) ................................................................................................. 2

*In re Planned Parenthood Fed'n of Am., Inc.*,
  52 F.4th 625 (5th Cir. 2022) ...................................................................................................... 5

*In re Samsung Elecs. Co., Ltd.*,
  2023 WL 8642711 (Fed. Cir. Dec. 14, 2023) ............................................................................ 2

*In re Sony Grp. Corp.*,
  No. 2024-140, 2024 WL 4344734 (Fed. Cir. Sept. 30, 2024) ................................................... 3

*In re TikTok, Inc.*,
  85 F.4th 352 (5th Cir. 2023) ............................................................................................... 1

*In re Toyota Motor Corp.*,
  747 F.3d 1338 (Fed. Cir. 2014) ......................................................................................... 4

*In re TS Tech. USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ......................................................................................... 5

*In re Volkswagen*,
  545 F.3d 304 (5th Cir. 2008) ......................................................................................... 1, 4

*VoIP-Pal.com, Inc. v. Verizon Commc'ns, Inc.*,
  No. 6:21-CV-00672-ADA, 2022 WL 1785625 (W.D. Tex. June 1, 2022) ................................. 3

**Rules**

Fed. R. Civ. P. 45 ............................................................................................................... 3

A.  **The Burden of Proof Changed**

The Fifth Circuit did change the standard. Earlier cases lacked the "*actually* materialize" standard needed to prove good cause for transfer. *In re Clarke*, 94 F.4th 502, 508 (Fed. Circ. Mar. 1, 2024); *see, e.g., In re Volkswagen*, 545 F.3d 304 (5th Cir. 2008) (en banc). HPE's case *Freedom Pats. LLC v. Dish Network Corp.* has no discussion of this "*actually* materialize" standard from binding case *In re Clarke*, so *Freedom Pats.* applied an outdated rule. *Freedom Pats. LLC v. DISH Network Corp.*, No. 4:23-cv-00303, 2024 WL 1147828, at *4 (E.D. Tex. Mar. 15, 2024) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)). *In re Clarke* unambiguously rules there is no good cause for transfer unless HPE clearly demonstrates (beyond a preponderance) that the proposed convenience will actually materialize. 94 F.4th at 508 n.3. HPE cannot merely speculate about witnesses with hypothetical relevance who *might* be needed at trial.

B.  **Both Fifth and Federal Circuits Now Use the "Rigid" 100-Mile Rule**

The District Court in *Beijing Meishe Network Tech. Co. v. TikTok Inc.* found that "the key witnesses and the employee at the heart of the misappropriation claim are in China" but held this factor was neutral using the non-rigid version of the 100-mile rule. No. 6:21-cv-00504, 2023 WL 2903978 (W.D. Tex. 2023). The Fifth Circuit ruled that the District Court erred because it "ignores our 100-mile test," and the Fifth Circuit weighed this factor in favor of transfer under the rigid 100-mile rule. *In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023). Had the Fifth Circuit not applied the "rigid" version of this rule, the witnesses in China would have found both Texas and California equally inconvenient because they would have traveled a significant distance no matter where they testify. Thus, the Fifth Circuit's "rigid" 100-mile rule is binding, and earlier Federal Circuit cases that sporadically ignore the rigid version have been overruled. *In re TikTok* cites an exemplary the Federal Case that correctly applied the 100-mile rule. 85 F.4th at 361 n.8. *In re Nintendo* held that witnesses in Japan, far from either district, caused this factor to favor transfer.

1

589 F.3d 1194, 1199 (Fed. Cir. 2009). Recently, the Federal Circuit acknowledged the *TikTok* ruling, held that witnesses in Korea caused this factor to favor transfer to the NDCA, and "rejected similar reasoning" to what HPE now argues. *In re Samsung Elecs. Co., Ltd.*, 2023 WL 8642711, at *2 (Fed. Cir. Dec. 14, 2023) (reversing *DoDots Licensing Sols. LLC v. Samsung Elecs. Co.*, No. 6:22-cv-00535, 2023 WL 4939394, at *3–4 (W.D. Tex. Aug. 2, 2023) which did not rigidly apply the 100-mile rule to witnesses in Korea). HPE's case, *Implicit, LLC v. Wayfair Inc.*, mentions *TikTok* but does not directly address the irreconcilable *TikTok* ruling and has no discussion of how *In re Nintendo* or *In re Samsung* affect this factor, and *Implicit LLC* cannot overrule these cases. No. 4:22-CV-00940, 2024 WL 3878421, at *4 (E.D. Tex. Aug. 20, 2024).

### C. Willing Witnesses Will Be Inconvenienced by Transfer

Transferring this case will cause great inconvenience to all East Coast, Europe, and India based witnesses who will need to fly farther. Dkt. 102 at 7. This is the common-sense result, and it correctly applies the Fifth Circuit's rigid 100-mile rule.

HPE's Reply denies the possibility of additional relevant witnesses in Texas—something HPE's only declarant failed to investigate. *See e.g.*, Dkt. 102 at 5–7. Lee testified that he did **not** investigate the location or knowledge of Hawley's GreenLake team, Sharp's team, or the ERE sales or marketing team. *Id*. Lee knew neither the quantity nor location of employees involved with ERE or GreenLake beyond the four members of his team. *Id*. at 5. This evidence speaks for itself—HPE's investigation into relevant witnesses was, at best, incomplete. HPE's incomplete evidence prevents this court from accurately assessing the convenience of relevant witnesses—an evidentiary burden that is the "movant's burden alone." *In re Clarke*, 94 F.4th at 508.

HPE incorrectly argues that its Texas-based remote workers should be ignored, while also arguing that California-based remote worker, Lee, weighs in favor of transfer. Lee is a remote employee and testified that he only goes into the office "on average, […] 4 to 5 times a month."

2

Dkt. 103, Ex. 23 at 16:16-22. Indeed, HPE provides no authority in support of its argument that remote workers should be ignored during the analysis.

### D. Compulsory Process: HPE lacks evidence

O'Leary, Huffman, Woodward, and O'Connor filed declarations that they are willing to testify here, subjecting themselves to the Court's inherent subpoena power to compel them to do so. *See Backertop Licensing LLC v. Canary Connect, Inc.*, 107 F.4th 1335, 1342–43 (Fed. Cir. 2024) (ruling that the Court's subpoena power is not bound by the geographic limits of Fed. R. Civ. P. 45). If they do not count them under this factor, then they should count as willing witnesses.

Roth (former President and CEO) and Benedito (former engineering manager) in Dallas are subject to the geographic limits of Fed. R. Civ. P. 45(c)(1)(B)(ii). Dkt. 102 at 8. Their former job titles are evidence of their knowledge regarding the VirtaMove product that HPE accuses of being subject to marking requirements. *See* Dkt. 67 at 7(asserting "Failure to Mark" defense).

VirtaMove provided *prima facie* evidence of four prior art inventors in Austin. HPE bears the evidentiary burden of clearly demonstrating that VirtaMove's evidence is outdated. HPE offered no evidence, only speculation, about this disputed fact.

HPE continues to assert that six prior art inventors should weigh against transfer— complete speculation manufactured for transfer. HPE has not clearly demonstrated that six prior art inventors are going to materialize. Even before *In re Clarke*, courts discounted them because "prior art witnesses rarely appear at trial." *See*, *e.g.*, *VoIP-Pal.com, Inc. v. Verizon Commc'ns, Inc.*, No. 6:21-CV-00672-ADA, 2022 WL 1785625, at *4 (W.D. Tex. June 1, 2022) ("Defendants are unlikely to call a dozen prior art witnesses at trial"); Ex. 24 at 4–7 (filed herewith, arguing that Sony failed to predict materializing witnesses with 91% error rate, including all 13 prior art witnesses); *In re Sony Grp. Corp.*, No. 2024-140, 2024 WL 4344734, at *1 (Fed. Cir. Sept. 30, 2024) (holding that Sony "failed to identify any . . . unwilling witness there"). After *In re Clarke*,

3

speculative prior art witnesses are not good cause for transfer unless HPE has clearly demonstrated that they will materialize at trial. 94 F.4th at 508.

Third party, open-source Kubernetes and Docker witnesses are unlikely to materialize at trial unless the Court believes that HPE has clearly demonstrated that their testimony is relevant to the operation HPE's *specific* implementations of Kubernetes and Docker in the accused HPE products. If HPE has clearly demonstrated this, then the Court should make the finding explicit so that HPE cannot later seek to exclude unfavorable admissions by Docker/Kubernetes employees as not relevant to HPE's specific implementations in the accused HPE products. Regardless, too many other witnesses prevent this factor from weighing against transfer.

### E. Evidence Everywhere Matters

HPE asks the Court to ignore the difficulty of transporting evidence across the country. The law does not permit such blindness. *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) ("Furthermore, because the documents housed in Europe and Washington, D.C. will need to be transported in any event, it is only slightly more inconvenient or costly to require the transportation of those materials to California than Texas."). Any contrary instruction from *In re Juniper Networks, Inc.* to ignore sources of proof cannot be reconciled with the overarching Fifth Circuit and Supreme Court instructions that require consideration of ease of access to sources of proof. 14 F.4th 1313, 1321 (Fed. Cir. 2021); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("Important considerations are the relative ease of access to sources of proof" without mentioning exclusions); *Volkswagen*, 545 F.3d 304 at 316 (citing and reiterating same rule from *Gilbert*). The rule from *Juniper* to ignore certain sources of proof was never good law to begin with because the cases *Juniper* cited for that rule do not support that rule. 14 F.4th at 1321 (citing *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) and *In re HP Inc.*, 826 F. App'x 899, 902 (Fed. Cir. 2020), neither of which support this rule).

HPE's only evidence in the NDCA is electronic, so its weight is neutral. The *In re Planned Parenthood Fed'n of Am., Inc.* rule on this is recent, binding Fifth Circuit authority. 52 F.4th 625, 630 (5th Cir. 2022). HPE's case *In re TS Tech. USA Corp.*, is outdated, conflicting Federal Circuit law from 2008. 551 F.3d 1315, 1321 (Fed. Cir. 2008).

### F. Local Interest: Diffuse Interest Nationwide

There remains no Fifth Circuit case identifying "design and development" as the proper analysis under the local interest factor. *Freedom Pats. LLC* has no discussion of how the "diffuse interest" analysis applies here, nor does it explicitly address the argument that design and development of a product are not acts of infringement that give rise to this suit. 2024 WL 1147828, at *6. *Freedom Pats* also has no discussion of the Federal Circuit's correct rule that "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

### G. Court Congestion Deserves Substantial Weight

Although this factor should not outweigh all other factors, it deserves substantial weight, as HPE's ongoing infringement harms its competitor VirtaMove.

### H. HPE's Procedural Problems

HPE fails to address VirtaMove's specific argument about the meet-and-confer process. The L.R. CV-7(h) violation was HPE's refusal to provide the merits underlying HPE's arguments, as the email chain makes clear that HPE would not identify the witness or evidence that would actually materialize at trial. Dkt. 102-1.

HPE's Reply fails to justify HPE's tiny font footnotes that would exceed the page limits. In fact, HPE's Reply uses the same tactic to exceed page limits, this time cramming another 19 lines of text. Dkt. 105 at 1–5 nn. 1–9. The Court should deem all of HPE's transfer motion footnotes stricken for violating L.R. CV-7(a)(2) and L.R. CV-10(a)(5).

Dated: November 22, 2024     Respectfully submitted,

By: */s/ Qi (Peter) Tong*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on November 22, 2024.

<u>/s/ Qi (Peter) Tong</u><br>
Qi (Peter) Tong