# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., <br>     Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br>     Defendant. | § § § § § § § § § § § | Case No. 2:24-cv-00093-JRG <br> (Lead Case) <br><br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br>     Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br>     Defendant. | § § § § § § § § § § § § | Case No. 2:24-CV-00064-JRG <br> (Member Case) <br><br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF VIRTAMOVE, CORP.'S REPLACEMENT SUR-REPLY (REPLACING DKT. 93) TO IBM CORP.'S MOTION TO TRANSFER (DKT. 78)**

# TABLE OF AUTHORITIES

**Cases**

*Def. Distributed v. Bruck*,
    30 F.4th 414 (5th Cir. 2022) ............................................................................................... 5

*Emerging Auto. LLC v. Kia Corp.*,
    No. 2:23-CV-00434-JRG, 2024 WL 3170398 (E.D. Tex. June 25, 2024) ................................ 3

*In re Clarke*,
    94 F.4th 502 (5th Cir. 2024) ..................................................................................... 1, 3, 4, 5

*In re Hoffman-La Roche*,
    587 F.3d 1333 (Fed. Cir. 2009) ............................................................................................ 5

*In re Juniper Networks, Inc.*,
    14 F.4th 1313 (Fed. Cir. 2021) ............................................................................................ 2

*In re Sony Grp. Corp.*,
    No. 2024-140, 2024 WL 4344734 (Fed. Cir. Sept. 30, 2024) ............................................. 1, 3

*In re TikTok, Inc.*,
    85 F.4th 352 (5th Cir. 2023) ..................................................................................... 1, 3, 4, 5

*Intellectual Ventures I LLC v. Hewlett Packard Enterprise Co.*,
    No. 6:21-cv-00226-ADA, Dkt. 49 (W.D. Tex. Nov. 30, 2021) ............................................... 4

*Resonant Systems, Inc. v. Apple Inc.*,
    No. 7:23-cv-00077-ADA, 2024 WL 4346391 (W.D. Tex. Apr. 18, 2024) ............................... 3

*In re Clarke* **Raised the Burden of Proof.** IBM's Reply (Dkt. 89) asks this Court to ignore the binding Fifth Circuit case *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). Disregarding *In re Clarke* allows IBM to unfairly ask this Court to transfer the case based on speculative,[1] manufactured witnesses that IBM may never call at trial. Fifth Circuit law permits transfer only upon a finding of "good cause," when IBM *clearly* demonstrates (i.e., "its evidence makes it plainly obvious") that "*significant*" marginal gains will *actually* materialize in the NDCA. *In re Clarke*, 94 F.4th at 508. *In re TikTok, Inc.*, 85 F.4th 352, 362 (5th Cir. 2023), which precedes *In re Clarke*, does not supersede *In re Clarke*. IBM relies on *In re TikTok*, 85 F.4th at 362, but that page has no explicit statements regarding a movant's legal burden of proof. Dkt. 89 at 1.

**Compulsory Process.** Two former VirtaMove employees (Roth and Benedito) can only be compelled to testify in the EDTX. The evidence (Dkt. 82-14,[2] 82-15) confirms that both held positions critical to understanding the valuation and operation of the product accused by IBM. Their experience will provide relevant information that current VirtaMove employees lack. Ex. 20 at 213:20–214:21, 219:4–221:21.

Four former VirtaMove employees with relevant knowledge are only willing to attend trial in Texas.[3] They count as third-party witnesses because they are **former** employees. Alternatively, the Court may consider them as willing witnesses. Also, the Federal Circuit has "rejected the district court's reliance on the proposition that the convenience-to-the-witnesses factor is attenuated when the witnesses are employees of the party calling them." *In re Juniper Networks,*

---

[1] *See* Dkt. 82 at 3 (describing Sony's 90.9% inaccurate speculation about witnesses); Dkt. 82-2 at 4–7; *In re Sony Grp. Corp.*, No. 2024-140, 2024 WL 4344734, at *1 (Fed. Cir. Sept. 30, 2024) (denying mandamus petition and finding that "Sony failed to identify any . . . unwilling witnesses there" in the NDCA, despite Sony speculating about 13 non-party prior artists in the NDCA).
[2] Erroneously cited as Exhibit 16 instead of Exhibit 14 in VirtaMove's Opposition at 9.
[3] VirtaMove previously identified five witnesses, but VirtaMove no longer intends to rely on Chuck Colford's testimony.

1

*Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021).

VirtaMove identified these witnesses to IBM during venue discovery, and VirtaMove has supplemented its Rule 26 disclosures to identify them. Dkt. 82-5; Ex. 21 at 4–5. Moreover, VirtaMove produced their consulting agreements because VirtaMove agreed to produce consulting agreements of witnesses expected to testify at trial. Ex. 22 at 3; Dkt. 89, Exs. 6-9.

IBM continues to rely on its redundant or irrelevant open-source CNCF and Docker witnesses. Dkt. 82 at 2. These witnesses are unlikely to be called at trial unless IBM admits that its accused products use an unmodified version of open-source Docker or Kubernetes or asserts that these witnesses have superior knowledge of IBM's product operation. IBM has done neither and thus falls short of clearly demonstrating they will materialize at trial. VirtaMove's preliminary infringement contentions relied on publicly available information, but the evidence at trial is expected to focus on IBM's custom deployment of Docker or Kubernetes code, with testimony from IBM's engineers.

IBM's Reply does not dispute that it will likely present only its best prior art at trial, nor does it deny that the authors rarely appear in court. At most, the Court should weigh one prior art witness in favor of transfer, certainly not all of them.

**Sources of Proof Weigh Against Transfer.** VirtaMove is the only party that has shown the existence of physical evidence that is challenging to transport. During venue discovery, VirtaMove produced a photograph of its boxes of patent files, and IBM deposed VirtaMove's witness about its contents. Ex. 20 at 188:14–191:15. IBM's deposition also identified Paul O'Leary's inventor notebook in Kanata, Ontario. *Id.* at 191:16–192:13. IBM's Reply appears to concede that there is no practical difference for sending electronic files to either California or Texas. Dkt. 89 at 3. Electronic evidence, including open-source Kubernetes and Docker code,

should be considered neutral in this context.

**Willing Witnesses Under the Rigid 100-Mile Rule.** IBM relies on an outdated statement of law arguing that the 100-mile rule is not "rigidly" applied. Dkt. 89 at 3 (citing *Emerging Auto. LLC v. Kia Corp.*, No. 2:23-CV-00434-JRG, 2024 WL 3170398, at *10 (E.D. Tex. June 25, 2024)). This interpretation was overruled by *In re TikTok, Inc.*, 85 F.4th at 361; *Resonant Systems, Inc. v. Apple Inc.*, No. 7:23-cv-00077-ADA, 2024 WL 4346391, at *8 (W.D. Tex. Apr. 18, 2024); *see also* Dkt. 82-2 at 22 (Sony and Resonant agreeing). Under the rigid 100-mile rule, VirtaMove's five employees will find the EDTX more convenient.

IBM's witnesses—Rosen, Saini, and Paradkar—would also find trial in Texas more convenient, and they are identified in VirtaMove's supplemental initial disclosures. Ex. 21 at 4–5. IBM's argument that Saini's meeting is about an irrelevant "older" VirtaMove product has no merit. Dkt. 89 at 4. IBM accuses V-Migrate, which is merely a rebranded version of the "older" AppZero software discussed in Dkt. 83-1 (Opp. Ex. 7). IBM alleges that V-Migrate (and thus, AppZero) infringes IBM's patents, and IBM raised a limitation of damages (marking) defense based on V-Migrate/AppZero. Dkt. 49 at 9, 12.

IBM does not deny that VirtaMove exposed a handful of IBM's research team members in New York who contributed to container technology—a technology IBM identifies as central to this case. Dkt. 78 at 2. Although VirtaMove does not yet have access to their names at this early stage of the case, Estes's deposition reveals that IBM's investigation into relevant witnesses was, at best, incomplete. Dkt. 82 at 7 (citing Dkt. 82-6 at 55:7–56:15). IBM's incomplete investigation prevents this Court from accurately assessing the convenience of relative witnesses—an evidentiary burden that that is "the movant's burden alone." *In re Clarke*, 94 F.4th at 508. This weighs against IBM, not VirtaMove.

3

**Other Practical Problems.** The consolidated, co-pending HPE case makes this factor weigh against transfer. IBM attempts to manipulate this venue factor through its subsidiary Red Hat's late filing of a case in California, but IBM cannot dispute that the law requires this motion to be decided based on the situation that existed when this suit was instituted. Dkt. 82 at 12 (citing caselaw). IBM's remaining argument is that, for the reasons in *Intellectual Ventures I LLC v. Hewlett Packard Enterprise Co.*, No. 6:21-cv-00226-ADA, Dkt. 49 (W.D. Tex. Nov. 30, 2021), the IBM, HPE, Amazon, and Google cases will all be transferred. But VirtaMove is a company in eastern Canada with witnesses there who find Texas more convenient, not an NPE like Intellectual Ventures. Also, the *Intellectual Ventures* case from 2021 did not apply the 2024 *In re Clarke* burden of proof. That old case is irrelevant and has no predictive value.

**Local Interest Is Neutral.** As explained in VirtaMove's Opposition, *Clarke* restored the proper analysis of this factor by focusing on the *events that give rise to a suit* (i.e., infringement), rejecting the outdated "design and development" analysis articulated by the Federal Circuit. Dkt. 82 at 4–5. IBM's infringement is alleged to occur nationwide, and IBM presented no evidence that IBM's alleged infringement does not occur in the EDTX, which was IBM's burden of proof.

*In re TikTok* held that the "district court correctly determined that this factor was neutral because the critical conduct occurred in China, and the case primary concerns the infringement of Chinese copyrights and the misappropriation of Chinese trade secrets." *In re TikTok*, 85 F.4th at 364. The Court did not consider where the technology was "designed and developed" because the design and development did not give rise to copyright infringement or trade secret misappropriation. *See id.* at 364–65. Similarly, IBM's, CNCF's, and Dockers's design and development are not acts of patent infringement under § 271.

For years, this factor was misapplied by parties improperly double-counting their own

4

engineering teams involved in "design and development" of their own products. The Fifth Circuit shut this tactic down. This **public** interest factor looks **only** to **non-party** connections, so the design and development by IBM's connections **cannot** be considered. *In re Clarke*, 94 F.4th at 511 ("We do not consider the parties' connections to the venue because the local interest analysis is a public interest factor.") IBM's connection to Docker or Kubernetes is legally irrelevant.

IBM does not dispute that the event giving rise to this suit is infringement under § 271. "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffman-La Roche*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). *In re Clarke* affirmed this type of local interest is the proper analysis, and it is "completely diffuse." 94 F.4th at 511 (defining term), 512 (analyzing effect of completely diffuse interest).

Should the Court find that IBM's products infringe VirtaMove's patents, an injunction would affect "Texans' access to [IBM's] materials" that infringe, just as much as it affects a Californian's access to IBM's accused products. *Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022). Should the Court invalidate either of IBM's patents or VirtaMove's patents, this has "nationwide effect," and it "affects persons in all judicial district equally." *In re Clarke*, 94 F.4th at 512. The non-party citizens of Texas and California are both affected. This factor is neutral.

The cases cited by IBM on in its Reply (Dkt. 89 at 2) do not suggest otherwise. None of those cases address how the trio of recent, controlling Fifth Circuit cases (*In re Defense Distributed*, *In re TikTok*, and *In re Clarke*) affect the local interest factor. *See* Dkt. 82 at 2 (explaining that Fifth Circuit law, not Federal Circuit law, controls).


Dated: November 26, 2024             Respectfully submitted,

By: */s/ Qi (Peter) Tong*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
Mackenzie Paladino (NY SBN 6039366)
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

6

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on November 26, 2024.

                                                  */s/ Qi (Peter) Tong*
                                                  Qi (Peter) Tong