# EXHIBIT 9

**BAKER BOTTS** L.L.P.

2001 ROSS AVENUE
SUITE 900
DALLAS, TEXAS
75201-2980

TEL +1 214.953.6500
FAX +1 214.953.6503
BakerBotts.com

AUSTIN
BRUSSELS
**DALLAS**
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

October 25, 2024

Mackenzie Paladino
Russ August & Kabat
12424 Wilshire Blvd, 12th Floor
Los Angeles, CA 90025

Emily Deer
TEL: 2149536660
FAX: 2146614660
emily.deer@bakerbotts.com

Re: *VirtaMove, Corp. v. Hewlett Packard Enterprise Company*, Case No. 2:24-cv-00093-JRG-RSP

Dear Ms. Paladino,

We write in response to VirtaMove's October 22, 2024 letter.

HPE notes that the date specified for responding to the document requests in your letter—within approximately 72 hours of receipt—is unreasonable, particularly when VirtaMove has been aware of HPE's intent to move to transfer for two and a half weeks and waited more than a week after HPE filed its motion before sending its document requests to HPE. *See* Email from Emily Deer, "VirtaMove v. HPE: Meet and Confer re. Motion to Transfer" (Oct. 7, 2024). Nonetheless, to avoid delaying the relief requested in HPE's transfer motion, HPE has diligently investigated the requests in your letter. Concurrently with service of this response, HPE is producing documents responsive to one or more of VirtaMove's document requests, subject to the objections set forth below. We have also made additional source code available for inspection and review on the secure computer in our Dallas office. Please let us know when you intend to review.

Below we set forth general objections to VirtaMove's document requests, followed by specific objections and responses to the requests.

**<u>Initial Statement and General Objections</u>**

HPE makes the objections and responses herein in accordance with its interpretation and understanding of VirtaMove's letter and in accordance with HPE's current knowledge, understanding, and belief as to the facts and the information available to it as of the date of this letter. Neither HPE's responses to VirtaMove's letter nor the production of any documents in response thereto shall constitute an admission by HPE that either the document request ("Request"), the response, or the documents produced are relevant to, or admissible as evidence in, any trial or other proceeding. HPE reserves the right to object, and does not waive any objection to, to the relevance, competency, materiality, and/or admissibility of any Request, response, or document produced in connection therewith, or the subject matter thereof, in any trial or other proceeding in this or any other action. Nor does HPE impliedly or expressly imply that HPE agrees with the alleged meaning of any word or phrase set forth in the letter itself, VirtaMove's Requests, definitions, or instructions.

1

**BAKER BOTTS** LLP

Discovery in this case is ongoing, and HPE reserves the right to amend, supplement, and add to the objections and responses herein upon discovery of additional or new facts, information, or other grounds for such objections and responses. HPE also reserves the right to supplement, amend, modify, or correct these responses pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, or any applicable order entered in this matter.

HPE makes the following general objections. These general objections are incorporated into each of the following responses to the Requests below, even if the response does not specifically refer to any general objection.

1. HPE objects to the instructions, definitions, and Requests in your letter to the extent that they call for documents or information protected from discovery by the attorney-client privilege, the litigation work-product doctrine, any other common law or statutory privilege, and/or any extension of any of the foregoing privileges or protections (*e.g.*, joint defense privilege and/or common interest doctrine), or any other applicable privilege or immunity. HPE will not provide such protected information in response to any Request.

2. HPE objects to the instructions, definitions, and Requests to the extent that they impose any requirements or obligations on HPE in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Eastern District of Texas's Local Rules, this Court's standard orders and any other of the Court's orders, and any agreement of the parties.

3. HPE objects to each Request to the extent that it is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and the extent to which the burden and expense of the proposed discovery outweighs its likely benefits.

4. HPE objects to each Request to the extent it seeks to impose an obligation to identify or search for information or documents at any location or from any source other than where it would reasonably be expected to be stored in the ordinary course of business.

5. HPE objects to each Request to the extent that it seeks communications, information, documents, or things that are confidential information of non-parties, third parties to whom a duty of confidentiality is owed, and/or subject to protective orders in other litigations. HPE will provide such information only to the extent it can do so subject to any such protective orders and/or consistent with its obligations to any third parties to whom it owes obligations.

6. HPE objects to the definitions, instructions, and Requests to the extent it is vague, ambiguous, overly broad, unduly burdensome, irrelevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.

7. HPE also objects to each Request to the extent it is not limited in temporal or geographic scope relevant to the action. HPE moved to transfer venue for convenience and will respond to any requests with information as of the time the case was filed.

2

**BAKER BOTTS** LLP

8. HPE objects to each Request to the extent it seeks information that does not exist or that is not within HPE's possession, custody, or control, or that is equally available, less burdensome, or less expensive to VirtaMove, including publicly available information. HPE undertakes no obligation to search for or produce information that is in the public domain and equally available to VirtaMove.

9. HPE objects to each Request to the extent that it purports to alter the plain meaning and/or scope of any specific request, on the ground that such alteration renders the request vague, ambiguous, overly broad, unduly burdensome, and/or uncertain. To the extent feasible, HPE will interpret the terms and phrases used in these Requests as those terms and phrases are understood by HPE. HPE also objects to each Request to the extent that it utilizes words or phrases that (i) assume facts not established; or (ii) incorporate characterizations or opinions. HPE further objects to each Request to the extent that it contains incomplete, inaccurate or misleading descriptions or characterizations of facts, events and pleadings in this action.

10. HPE objects to each Request as premature to the extent it seeks information or documents before it is required to be provided pursuant to the Scheduling Order in this action.

11. HPE objects to the to the definitions of "HPE" and "You" as vague, ambiguous, unduly burdensome, and overbroad with respect to its inclusion of "agents, representatives, divisions, predecessors in interest, parent or subsidiary corporations, affiliated corporations, or any other related entities acting or purporting to act on its behalf." HPE further objects to the definitions of "HPE" and "You" and to each request, to the extent such definitions and requests purport to impose discovery obligations on entities that are not parties to this lawsuit and over which HPE does not exercise control. HPE will interpret the terms "HPE" and "You" to refer only to named defendant Hewlett Packard Enterprise Company, and HPE expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity or to provide documents in the possession, custody, or control of any other person or entity.

12. HPE objects to the definition of "Accused Product(s)" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case as it purports to include all functionalities within certain solutions—"Ezmeral Runtime Enterprise" (also referred to herein as "ERE") and "HPE GreenLake"—without definition or any specificity or explanation. Ezmeral Runtime Enterprise includes a wide array of services and functionalities that have no relevance to VirtaMove's claims or infringement contentions in this case. HPE's GreenLake refers to a way of delivering products and services, not to an actual product, and, in any event, HPE understands "HPE GreenLake" is accused only to the extent that it incorporates ERE. *See* VirtaMove's Sept. 6, 2024, Supp. Prelim. Infr. Cont., at 2. Accordingly, for the purpose of these responses, HPE will understand "Accused Product(s)" to mean HPE's ERE. Moreover, HPE objects to "Accused Products" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case as it purports to include in the definition categories of products "without limitation." HPE cannot know what VirtaMove refers to when VirtaMove has not identified any additional products, functionalities, or components (if any) are relevant in its infringement contentions, especially because VirtaMove's operative infringement contentions (including claim charts) are significantly deficient for the reasons set forth in HPE's correspondence and do not provide any notice of which, if any, products and/or functionality are accused in this

3

**BAKER BOTTS LLP**

matter. HPE further objects to the extent that any allegation in VirtaMove's infringement contentions concerns any information solely within the care, custody, or control of a third party and to the extent the definition of "Accused Product(s)" purports to identify functionalities or instrumentalities that are not implemented by HPE and relate to systems or functionalities that are not used, made, or sold by HPE.

13. HPE objects to the definition of "document" as overly broad and unduly burdensome because it seeks to impose requirements or obligations on HPE in addition to or different from those imposed by the Federal Rules of Civil Procedure, Court's local rules, the Court's Discovery and E-Discovery Orders, or other applicable law. HPE does not interpret Plaintiff's Requests to require a response with respect to email or other ESI absent proper requests for ESI production through the procedures set forth in an E-Discovery Order. HPE interprets "document" or "Documents" to be limited to documents kept in the ordinary course of business in HPE's possession, custody, or control, and located after a reasonably diligent search. HPE further objects to the definition of "document" to the extent that it seeks production of documents that are "claimed to be privileged against discovery." HPE expressly disclaims any obligation to produce information that is protected from discovery by the attorney-client privilege, the attorney work product immunity, or other protections.

14. HPE objects to the definition of "communication" as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks electronically stored information or other information that is not reasonably accessible. HPE's responses to each Request will be limited to documents and information kept in the ordinary course of business.

15. HPE objects to VirtaMove's definition of "identify" as overly broad, unduly burdensome, and not proportional to the needs of the case, because it purports to require HPE to provide any person's "present or last known address" and "present or last known place of employment." HPE's responses to each Request will be limited to documents and information kept in the ordinary course of business.

16. HPE objects to the term and any corresponding definition of "refer," "relate," "relating," "respecting," or "concerning" as vague and ambiguous, and as a result, overbroad and unduly burdensome.

**Specific Responses to VirtaMove's Document Requests**

1. *Request No. 1*

Your first document request asks for "[a]ll allegedly 'relevant documents' identified or referred to on page 9 of HPE's Opposed Motion to Transfer Venue filed at Docket 87." The sentence on page 9 of HPE's motion states in full: "Moreover, HPE's relevant witnesses are concentrated in NDCA and relevant documents are also created there." Dkt. 87 at 9. HPE objects to this Request because a request for "all" relevant documents created in NDCA is overbroad and unduly burdensome (particularly under the expedited 3 business day timeframe you request). The Request is also not proportional to the needs of the case, nor is production of "all" relevant documents created in NDCA necessary to decide HPE's pending motion. VirtaMove essentially

4

**BAKER BOTTS** LLP

requests production of "all" relevant documents prior to the appropriate dates set forth in the Docket Control Order and/or Discovery Order entered by the Court, and HPE accordingly objects to VirtaMove's request as premature. HPE will identify and produce documents in accordance with the dates set forth in the Docket Control Order and the Discovery Order.

Subject to, and without waiving any of the foregoing General and Specific Objections, HPE states that it has already produced relevant documents and source code created in NDCA, for example, HPE's production of documents and source code regarding the technical operation of the Accused Products pursuant to Patent Rule 3-4. Moreover, concurrently with service of this letter, HPE also makes additional BlueData source code available for inspection at Baker Botts' Dallas office. HPE will continue to produce any additional relevant and nonprivileged documents in its possession, custody, or control, if any, on a rolling basis as they are collected. For example, such documents may include any relevant and non-privileged documents stored locally on the laptops of HPE witnesses located in NDCA. Subject to its objections, HPE will also produce or permit the inspection of documents, electronically stored information, and tangible things in its possession, custody, or control, that are relevant to the pleaded claims or defenses involved in this action consistent with the deadlines for such production in the Docket Control Order, Discovery Order, and/or Patent Rules for the Eastern District of Texas.

2. *Request No. 2*

Your second document request asks for "[a]ll Your communications with non-parties, including but not limited to any potential witnesses such as those identified in Your Motion to Transfer, regarding this case." HPE objects to this Request to the extent it calls for documents or information protected from discovery by the attorney-client privilege, the litigation work-product doctrine, any other common law or statutory privilege, and/or any extension of any of the foregoing privileges or protections (*e.g.*, joint defense privilege and/or common interest doctrine), or any other applicable privilege or immunity. HPE also objects to this Request because it seeks "all" communications with "non-parties" in general, without limitation on the subject matter, time period, or content of the communication, which is overbroad and unduly burdensome on its face. The Request is also not proportional to the needs of the case, nor is production of "all" communications with any non-party necessary for deciding HPE's pending motion. HPE will respond with respect to non-privileged written communications regarding the above-captioned litigation with non-party witnesses named in its transfer motion.

Subject to, and without waiving any of the foregoing General and Specific Objections, and after a reasonable search, HPE is not aware of any responsive and non-privileged written communications regarding the above-captioned litigation with non-party witnesses named in its transfer motion in its possession, custody, or control.

3. *Request No. 3*

Your third document request seeks "[d]ocuments sufficient to identify all persons, employees, or entities in Texas or closer to Texas than to NDCA involved in the designing, developing, producing, testing, researching, evaluating, analyzing, marketing, selling, maintaining, servicing, or supporting the Accused Products, or who otherwise have relevant

5

**BAKER BOTTS** LLP

knowledge about any Accused Product or Related Instrumentality, including each such person's position, responsibilities, home address, and work address." HPE objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents relating to "all" persons, employees, or entities who "have relevant knowledge about any Accused Product or Related Instrumentality," without limiting the request to HPE employees or entities. HPE also objects to this Request as ambiguous, overbroad and unduly burdensome because it seeks information regarding "any Accused Product or Related Instrumentality" generally, without limitation to any relevant or specifically identified accused functionality, and without even defining "Related Instrumentality." HPE objects to the phrases "closer to Texas than to NDCA," "producing," "evaluating," and "analyzing" as vague and ambiguous. HPE objects to this request as requiring HPE to prepare documents or other information that does not already exist, and/or as seeking information not maintained in the ordinary course of business. HPE objects to this Request as not limited to any relevant timeframe. HPE will respond with respect to facts as of the time the case was filed.

Subject to, and without waiving any of the foregoing General and Specific Objections, in conjunction with service of these objections, HPE is producing responsive, non-privileged and non-email documents in its possession, custody, or control, located after a reasonable search.

4. *Request No. 4*

This document request seeks "[a]ll documents and things relied upon in preparing Your Motion to Transfer and the supporting declaration." HPE objects to this Request as seeking documents or information that are immune from discovery, protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege.

Subject to, and without waiving any of the foregoing General and Specific Objections, in conjunction with service of this letter, HPE is producing responsive, non-privileged and non-email documents in its possession, custody, or control, located after a reasonable search.

5. *Request No. 5.*

Your fifth document request asks for "[a]ll documents and things relied upon in preparing for any venue deposition preparation (if and when they occur)." HPE objects to this Request as seeking documents or information that are immune from discovery, protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege.

Subject to, and without waiving any of the foregoing General and Specific Objections, HPE states that, at least because VirtaMove requested a deposition of HPE for the first time yesterday, a day before it requested a response to this letter, HPE is not aware of any relevant, non-privileged and non-email documents in its possession, custody, or control, responsive to this Request.

**BAKER BOTTS** LLP

                                         Sincerely,

                                         */s/ Emily Deer*

                                         Emily Deer

ED