# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT IBM'S MOTION FOR ISSUANCE OF A LETTER OF REQUEST TO VIRTUOZZO INTERNATIONAL GMBH IN THE SWISS CONFEDERATION**

I.   **INTRODUCTION**

Defendant International Business Machines Corp. ("IBM") hereby moves, pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, and 28 U.S.C. § 1781, for the issuance of a Letter of Request for International Judicial Assistance directed to the Appropriate Judicial Authority of the Swiss Confederation ("Switzerland").  The purpose of this request is to obtain documents and testimony from Virtuozzo International GmbH ("Virtuozzo International"), located in Switzerland.

Under the Hague Evidence Convention, a signatory may request that the competent authority of another signatory assist in obtaining evidence from its residents for use in judicial proceedings.  The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, art. 1, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 ("Hague Evidence Convention"); *see* 28 U.S.C § 1781(b)(2); *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987).  The United States and Switzerland are both signatories to the Hague Evidence Convention.  *See* See Ex. 4 (Hague Conference on Private International Law, last updated 2 March 2022) at 5.

The discovery sought by IBM is relevant to its affirmative defense of invalidity.  (Dkt. 49 at 8). Virtuozzo International is the successor of SWsoft, a privately held server automation and virtualization technology company.[1] SWsoft developed the product Virtuozzo, which is a prior art system whose functionality mirrors the claimed inventions of the Asserted Patents while predating

---

[1]   *See* https://www.virtuozzo.com/wp-content/uploads/2021/12/451-reprint-virtuozzo-alternative-cloud-ar-en.pdf at 2 (last visited January 22, 2025).

the earliest asserted priority dates of the Asserted Patents.[2] IBM's invalidity contentions detail Virtuozzo's functionality and disclosures of such functionality anticipating or rendering obvious the Asserted Patents. Records of the development of Virtuozzo and versions of the product as it existed before the priority dates of the Asserted Patents is highly relevant to IBM's invalidity defense in this case.

## II.     ARGUMENT

Courts consider the following factors when assessing a motion for foreign discovery: "(1) the importance to the ... litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Luminati Networks Ltd. v. Teso LT*, UAB, No. 2:19-CV-00395-JRG, 2020 WL 6815153, at *1 (E.D. Tex. Oct. 28, 2020) (quoting *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa,* 482 U.S. 522, 544 n.28 (1987)). Here, all of these factors favor granting IBM's motion for foreign discovery.

***First***, the requested discovery is important to this litigation. IBM has asserted the affirmative defense of invalidity in this matter. (Dkt. 49 at 8). Virtuozzo is a prior system art reference relied upon by IBM in its invalidity contentions. Indeed, Virtuozzo's public availability pre-dates the priority dates of the Asserted Patents and its functionality includes the alleged inventions of the Asserted Patents. Therefore, the Virtuozzo prior art system either anticipates or

---

[2] *See, e.g.*, https://web.archive.org/web/20011204195446/http://www.sw-soft.com/en/products/virtuozzo/.

renders obvious the Asserted Patents. As a result, the requested discovery into Virtuozzo is important to IBM's affirmative defense of invalidity asserted in this matter.

*Second*, the requested discovery is specific and tailored to Virtuozzo International and its records related to Virtuozzo's status as prior art to the Asserted Patents. For example, IBM seeks discovery into the functionality of Virtuozzo, as it was made available to the public, with relation to its comparability to the Asserted Patents before the applicable priority dates of the Asserted Patents. Therefore, the requested discovery is directly related to the claims of patent infringement brought against IBM. *Luminati Networks*, 2020 WL 6815153, at *1 ("directly relevant" discovery satisfies specificity factor).

*Third*, the requested discovery originated in the United States and relates to U.S. patents. The Letter of Request specifically seeks information about the development and functionality of Virtuozzo by SWsoft, which was based in South San Francisco, California.[3] Further, South San Francisco is where the development of Virtuozzo occurred. Virtuozzo International is the successor to SWsoft, and while Virtuozzo International is based in Switzerland, the development of Virtuozzo occurred in the United States. Moreover, Virtuozzo has a U.S. office in Bellevue, Washington.[4]

*Fourth*, there is no other party from which IBM can secure the discovery that it is seeking from Virtuozzo International. Virtuozzo International is the successor of SWsoft, and it is the entity which has records concerning the development and functionality of Virtuozzo as it was available to the public before the priority dates of the Asserted Patents. In addition, despite

---

[3] *See, e.g.*, https://www.cnet.com/tech/tech-industry/linux-start-up-furthers-windows-plan/ (last visited January 22, 2025).

[4] *See* https://www.virtuozzo.com/company/contact/ (last visited January 22, 2025).

Virtuozzo International listing a U.S. office in Bellevue, WA, on its website, IBM was unable to serve a subpoena on Virtuozzo's American entity, Virtuozzo Inc., at that office despite multiple attempts and was told no one at Virtuozzo Inc. was there. Further, IBM's multiple attempts to reach Virtuozzo Inc.'s registered agent at his residence and by email were unsuccessful. IBM is unable to serve or enforce a subpoena issued by a U.S. court outside of the U.S. Therefore, the issuance of a Letter of Request is an appropriate means to acquire this information.

*Fifth*, the United States has an interest ensuring that parties have access to important documents and discovery that can be used to prosecute or defend their case. *See Aerospatiale*, 482 U.S. at 542-43 (The United States has an "overriding interest in the just, speedy, and inexpensive determination of litigation in [its] courts."); *see also Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*, No. 16 C 3401, 2017 WL 4287205, at *5 (N.D. Ill. Sept. 27, 2017) ("[T]he courts of the United States undoubtedly have a vital interest in providing a forum for the final resolution of disputes.").

Should the Court grant this motion, IBM has retained a German language translator to translate the Letter of Request for International Judicial Assistance and all supporting documents to German upon receipt of the signed copies of said documents from the Clerk of the Court. The Appropriate Judicial Authority in Switzerland is the Obergericht des Kantons Schaffhausen in Schaffhausen Canton, Switzerland, where German is the official language. As is customary, a copy of the present Letter of Request will also be sent to the Federal Office of Justice, Central Authority for the Request for Judicial Assistance in Civil and Commercial Matters, Bundesrain 20, 3003 Bern, Switzerland.

III.   **CONCLUSION**

For the above reasons, IBM respectfully requests that the Court grant this motion and issue, with an original signature by the Court and an original seal affixed by the Clerk of the Court, the proposed Letters of Request for International Judicial Assistance attached as Exhibit 1, Exhibit 2, and Exhibit 3.

Dated: February 7, 2025
Respectfully submitted,

/s/ Kyle Calhoun
Brandon H. Brown
California State Bar No. 266347
Kyle Calhoun (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com
Email: kyle.calhoun@kirkland.com

Todd M. Friedman (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: todd.friedman@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone:   (903) 757-6400
Facsimile:   (903) 757-2323
Email:  andrea@millerfairhenry.com

*Attorneys for Defendant*
*International Business Machines Corp*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on February 7, 2025.

                                                      */s/ Kyle Calhoun*
                                                      Kyle Calhoun

## CERTIFICATE OF CONFERENCE

Counsel for IBM certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). VirtaMove does not oppose the motion.

| | |
|---|---|
| Dated: February 7, 2025 | */s/ Kyle Calhoun* |
| | Kyle Calhoun |