# EXHIBIT 4

# PRINT

| Contracting Party | S [1] | R/A/S[2] | Type[3] | EIF[4] | EXT[5] | Auth[6] | Res/D/N/DC[7] |
|---|---|---|---|---|---|---|---|
| **Albania** | | | | 4-VI-2002 | | 1 | |
| **Andorra** | | | | 11-VI-2015 | | 1 | |
| **Argentina** | | | | 28-IV-1972 | | 1 | |
| **Armenia** | | | | 28-IV-2015 | | 1 | |
| **Australia** | | | | 1-XI-1973 | | 1 | |
| **Austria** | | | | 15-VII-1955 | | 1 | |
| **Azerbaijan** | | | | 29-VII-2014 | | 1 | |
| **Belarus** | | | | 12-VII-2001 | | 1 | |
| **Belgium** | | | | 15-VII-1955 | | 1 | |
| **Bosnia and Herzegovina** | | | | 7-VI-2001 | | 1 | |
| **Brazil** | | | | 23-II-2001 | | 1 | |
| **Bulgaria** | | | | 22-IV-1999 | | 1 | |
| **Burkina Faso** | | | | 16-X-2013 | | 1 | |
| **Canada** | | | | 7-X-1968 | | 1 | |
| **Chile** | | | | 25-IV-1986 | | 1 | |

| Contracting Party | S [1] | R/A/S[2] | Type[3] | EIF[4] | EXT[5] | Auth[6] | Res/D/N/DC[7] |
|---|---|---|---|---|---|---|---|
| China | | | | 3-VII-1987 | | 1 | D |
| Costa Rica | | | | 27-I-2011 | | 1 | |
| Croatia | | | | 12-VI-1995 | | 1 | |
| Cyprus | | | | 8-X-1984 | | 1 | |
| Czech Republic | | | | 28-I-1993 | | 1 | |
| Denmark | | | | 15-VII-1955 | | 1 | |
| Dominican Republic | | | | 4-III-2020 | | 1 | |
| Ecuador | | | | 2-XI-2007 | | 1 | |
| Egypt | | | | 24-IV-1961 | | 1 | |
| El Salvador | | | | 2-III-2022 | | 2 | |
| Estonia | | | | 13-V-1998 | | 1 | |
| European Union | | | | 3-IV-2007 | | 1 | D,N |
| Finland | | | | 2-XII-1955 | | 1 | |
| France | | | | 20-IV-1964 | | 1 | |
| Georgia | | | | 28-V-2001 | | 1 | |
| Germany | | | | 14-XII-1955 | | 1 | |
| Greece | | | | 26-VIII-1955 | | 1 | |
| Honduras | | | | 9-IX-2021 | | 1 | |
| Hungary | | | | 6-I-1987 | | 1 | |
| Iceland | | | | 14-XI-2003 | | 1 | |

2/7/25, 5:43 PM                                    HCCH | Print

| Contracting Party | S [1] | R/A/S [2] | Type [3] | EIF [4] | EXT [5] | Auth [6] | Res/D/N/DC [7] |
|---|---|---|---|---|---|---|---|
| India | | | | 13-III-2008 | | 1 | |
| Ireland | | | | 26-VIII-1955 | | 1 | |
| Israel | | | | 24-IX-1964 | | 1 | |
| Italy | | | | 26-VI-1957 | | 1 | |
| Japan | | | | 27-VI-1957 | | 1 | |
| Jordan | | | | 13-VI-2001 | | 1 | |
| Kazakhstan | | | | 14-VI-2017 | | 1 | |
| Latvia | | | | 11-VIII-1992 | | 1 | |
| Lithuania | | | | 23-X-2001 | | 1 | |
| Luxembourg | | | | 12-III-1956 | | 1 | |
| Malaysia | | | | 2-X-2002 | | 1 | |
| Malta | | | | 30-I-1995 | | 1 | |
| Mauritius | | | | 19-I-2011 | | 1 | |
| Mexico | | | | 18-III-1986 | | 1 | |
| Monaco | | | | 8-VIII-1996 | | 1 | |
| Mongolia | | | | 1-VII-2021 | | 1 | |
| Montenegro | | | | 1-III-2007 | | 1 | |
| Morocco | | | | 6-IX-1993 | | 1 | |
| Namibia | | | | 19-I-2021 | | | |

HCCH | Print

| Contracting Party | S [1] | R/A/S [2] | Type [3] | EIF [4] | EXT [5] | Auth [6] | Res/D/N/DC [7] |
|---|---|---|---|---|---|---|---|
| Netherlands | | | | 15-VII-1955 | | 1 | D |
| New Zealand | | | | 5-II-2002 | | 1 | D |
| Nicaragua | | | | 21-X-2020 | | 1 | |
| North Macedonia | | | | 20-IX-1993 | | 1 | |
| Norway | | | | 15-VII-1955 | | 1 | |
| Panama | | | | 29-V-2002 | | 1 | |
| Paraguay | | | | 28-VI-2005 | | 1 | |
| Peru | | | | 29-I-2001 | | 1 | |
| Philippines | | | | 14-VII-2010 | | 1 | |
| Poland | | | | 29-V-1984 | | 1 | |
| Portugal | | | | 15-VII-1955 | | 1 | D |
| Republic of Korea | | | | 20-VIII-1997 | | 1 | |
| Republic of Moldova | | | | 16-III-2016 | | 1 | |
| Romania | | | | 10-IV-1991 | | 1 | |
| Russian Federation | | | | 6-XII-2001 | | 1 | |
| Saudi Arabia | | | | 19-X-2016 | | 1 | |
| Serbia | | | | 26-IV-2001 | | 1 | |
| Singapore | | | | 9-IV-2014 | | 1 | |

HCCH | Print

| Contracting Party | S [1] | R/A/S [2] | Type [3] | EIF [4] | EXT [5] | Auth [6] | Res/D/N/DC [7] |
|---|---|---|---|---|---|---|---|
| Slovakia | | | | 26-IV-1993 | | 1 | |
| Slovenia | | | | 18-VI-1992 | | 1 | |
| South Africa | | | | 14-II-2002 | | 1 | |
| Spain | | | | 15-VII-1955 | | 1 | |
| Sri Lanka | | | | 27-IX-2001 | | 1 | |
| Suriname | | | | 7-X-1977 | | 1 | |
| Sweden | | | | 15-VII-1955 | | 1 | |
| Switzerland | | | | 6-V-1957 | | 1 | |
| Thailand | | | | 3-III-2021 | | 1 | |
| Tunisia | | | | 4-XI-2014 | | 1 | |
| Türkiye | | | | 26-VIII-1955 | | 1 | |
| Ukraine | | | | 3-XII-2003 | | 1 | |
| United Kingdom of Great Britain and Northern Ireland | | | | 15-VII-1955 | | 1 | |
| United States of America | | | | 15-X-1964 | | 1 | |
| Uruguay | | | | 27-VII-1983 | | 1 | |
| Uzbekistan | | | | 4-III-2020 | | 1 | |
| Venezuela (Bolivarian Republic of) | | | | 25-VII-1979 | | 1 | |
| Viet Nam | | | | 10-IV-2013 | | 1 | |
| Zambia | | | | 17-V-2013 | | | |

Type

Singapore Type

.

Res/D/N

## China Articles Declarations

14-VII-1999 - Statement of the Government of the People's Republic of China:

*Translation*
In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the Republic of Portugal on the question of Macao signed in Beijing on 13 April 1987, the People's Republic of China shall resume the exercise of sovereignty over Macao as from 20 December 1999. As an inalienable part of the territory of the People's Republic of China, Macao shall become a special administrative region of the People's Republic of China as from that date. The People's Republic of China shall thereafter take charge of the foreign affairs related to the Macao Special Administrative Region.
The People's Republic of China is a Member of the Hague Conference on Private International Law and with effect from 20 December 1999, its membership shall include the Macao Special Administrative Region and the Constitution of the Hague Conference on Private International Law shall apply to the Macao Special Administrative Region. Hence, the Government of the People's Republic of China declares that, with effect from 20 December 1999, representatives of the Macao Special Administrative Region may participate in the Hague Conference on Private International Law as members of the delegation of the Government of the People's Republic of China and express their views on matters relating to the Macao Special Administrative Region, in the name of "Macao, China".

## European Union Articles Declarations Notifications

"The European Community endeavours to examine whether it is in its interest to join existing Hague Conventions in respect of which there is Community competence. Where this interest exists, the European Community, in co-operation with the HCCH, will make every effort to overcome the difficulties resulting from the absence of a clause providing for the accession of a Regional Economic Integration Organisation to those Conventions.

The European Community further endeavours to make it possible for representatives of the Permanent Bureau of the HCCH to take part in meetings of experts organised by the Commission of the European Communities where matters of interest to the HCCH are being discussed."

**Declaration of competence of the European Community specifying the matters in respect of which competence has been transferred to it by its Member States:**

"1. This Declaration is given pursuant to Article 3(3) of the Statute of the Hague Conference on Private International Law (hereinafter HCCH) and specifies the matters in respect of which competence has been transferred to the European Community by its Member States.

2. The European Community has internal competence to adopt general and specific measures relating to private international law in various fields in its Member States. In respect of matters within the purview of the HCCH, the European Community notably has competence under Title IV of the EC Treaty to adopt measures in the field of

judicial cooperation in civil matters having cross-border implications insofar as necessary for the proper functioning of the internal market (Articles 61(c) and 65 EC Treaty). Such measures include: (a) improving and simplifying the system for cross-border service of judicial and extrajudicial documents; cooperation in the taking of evidence; the recognition and enforcement of decisions in civil and commercial cases, including decisions in extrajudicial cases; (b) promoting the compatibility of the rules applicable in the Member States concerning the conflict of laws and of jurisdiction;

(c) eliminating obstacles to the good functioning of civil proceedings, if necessary by promoting the compatibility of the rules on civil procedure applicable in the Member States.

3. In areas which do not fall within its exclusive competence, the European Community shall take action, in accordance with the principle of subsidiarity, only if and insofar as the objectives of the proposed action cannot be sufficiently achieved by Member States and can therefore, by reason of the scale or effects of the proposed action, be better achieved by the European Community. Any action by the European Community shall not go beyond what is necessary to achieve the objectives.

4. Furthermore, the European Community has competence in other fields which can be subject to Conventions of the HCCH, as in the field of the internal market (Article 95 EC Treaty) or consumer protection (Article 153 EC Treaty).

5. The European Community has made use of its competence by adopting a number of instruments under Article 61(c) of the EC Treaty, such as: - Council Regulation (EC) No I346/2000 of 29 May 2000 on insolvency proceedings,

- Council Regulation (EC) No I348/2000 of 29 May 2000 on the service in the Member States of judicial and extrajudicial documents in civil or commercial matters,

- Council Regulation (EC) No 44/2001 of 22 December 2000 on jurisdiction, recognition and enforcement in civil and commercial matters,

- Council Regulation (EC) No I206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters,

- Council Directive 2003/8/EC of 27 January 2003 to improve access to justice in cross-border disputes by establishing minimum common rules relating to legal aid for such disputes,

- Council Regulation (EC) No 2201/2003 of 27 November 2003 concerning jurisdiction and the recognition and enforcement of judgements in matrimonial matters and the matters of parental responsibility, repealing Regulation (EC) No 1347/2000, and

- Regulation (EC) No 805/2004 of the European Parliament and of the Council of 21 April 2004 creating a European Enforcement Order for uncontested claims.Provisions on private international law can also be found in other Community legislation, notably in the area of consumer protection, insurance, financial services and intellectual property. Thus, the Community Directives affected by the Hague Convention on the Law Applicable to Certain Rights in Respect of Securities held with an Intermediary were adopted on the basis of Article 95 of the EC Treaty.

6. Even if there is no explicit reference to external competence in the EC Treaty, it results from the jurisprudence of the Court of Justice of the European Communities that the provisions of the EC Treaty referred to above constitute legal bases not only for internal acts of the Community, but also for the conclusion of international agreements by the Community. The Community may conclude international agreements whenever the internal competence has already been used in order to adopt measures for implementing common policies, as listed above, or if international agreement is necessary to obtain one of the European Community's objectives.(*) The Community's external competence is exclusive to the extent to which an international agreement affects internal Community rules or alters their scope.(**) Where this is the case, it is not for the Member States but for the Community to enter into external undertakings with third States or International Organisations. An international agreement can fall entirely or only to some extent within exclusive Community competence.

7. Community instruments are normally binding for all Member States. Concerning Title IV of the EC Treaty which comprises the legal basis for judicial cooperation in civil matters, a special regime applies to Denmark, Ireland and the United Kingdom. Measures taken under Title IV of the EC Treaty are not binding upon or applicable in Denmark. Ireland and the United Kingdom take part in legal instruments adopted under Title IV of the EC Treaty if they notify the Council to that effect. Ireland and the United Kingdom have decided to opt in on all measures listed at point 5 above.

8. The extent of competence which the Member States have transferred to the European Community pursuant to the EC Treaty is, by its nature, liable to continuous development.

The European Community and its Member States will ensure that any change in the Community's competences will be promptly notified to the Secretary-General of the HCCH as stipulated in Article 3(4) of the Statute.

_____

(*) Opinion 1/76 of the Court of Justice, ECR 1977, p. 741; Opinion 2/91, ECR 1993, p. 1-1061; Case 22/70 ("AETR"); Commission v. Council, ECR 1971, p. 263; Case-C-467198 ("open skies"), Commission v. Denmark, ECR 2002, p. 1-9519.

(**) Case 22/70 ("AETR"), Commission v. Council, Case-C-467198 ("open skies"), Commission v. Denmark."

---

**Declaration of succession** (European Union, 29 January 2010)
"... as from 1 December 2009, the European Union has replaced and succeeded the European Community (Article 1, third paragraph, of the Treaty on European Union as it results from the amendments introduced by the Treaty of Lisbon) and has exercised all rights and assumed all obligations of the European Community whilst continuing to exercise existing rights and assume obligations of the European Union. The General Secretariat of the Council of the European Union, therefore has the honour to notify the Permanent Representation of the Netherlands to the European Union that, as from 1 December 2009, the European Community has been replaced and succeeded by the European Union in respect of all Conventions/Agreements for which the Ministry of Foreign Affairs of the Kingdom of the Netherlands is the depositary and to which the European Community, replaced from 1 December 2009 by the European Union, is a contracting party."

## Netherlands Articles Declarations

*Declaration of 18 October 2010*
The Kingdom of the Netherlands consisted of three parts: the Netherlands, the Netherlands Antilles and Aruba. The Netherlands Antilles consisted of the islands of Curaçao, Sint Maarten, Bonaire, Sint Eustatius and Saba.
With effect from 10 October 2010, the Netherlands Antilles ceased to exist as a part of the Kingdom of the Netherlands. Since that date, the Kingdom consists of four parts: the Netherlands, Aruba, Curaçao and Sint Maarten. Curaçao and Sint Maarten enjoy internal self-government within the Kingdom, as Aruba and, up to 10 October 2010, the Netherlands Antilles do.
These changes constitute a modification of the internal constitutional relations within the Kingdom of the Netherlands. The Kingdom of the Netherlands will accordingly remain the subject of international law with which agreements are concluded. The modification of the structure of the Kingdom will therefore not affect the validity of the international agreements ratified by the Kingdom for the Netherlands Antilles. These agreements, including any reservations made, will continue to apply to Curaçao and Sint Maarten.
The other islands that have formed part of the Netherlands Antilles - Bonaire, Sint Eustatius and Saba - became part of the Netherlands, thus constituting 'the Caribbean part of the Netherlands'. The agreements that applied to the Netherlands Antilles will also continue to apply to these islands; however, the Government of the Netherlands will now be responsible for implementing these agreements.

2/7/25, 5:43 PM                                                            HCCH | Print

## New Zealand Articles Declarations

The instrument of acceptance contains the following declaration:

"(...) that, consistent with the constitutional status of Tokelau and taking into account the commitment of the Government of New Zealand to the development of self-government for Tokelau through an act of self-determination under the Charter of the United Nations, this ratification shall not extend to Tokelau unless and until a Declaration to this effect is lodged by the Government of New Zealand with the Depositary on the basis of appropriate consultation with that territory."

## Portugal Articles Declarations

13-VIII-1999 - Declaration by the Representative of the Government of the Portuguese Republic:

"Whereas the Portuguese Republic is responsible for the external relations of Macau, I was instructed by my Government to declare that representatives of Macau, Territory where the Statute of the Hague Conference on Private International Law is in force, have been participating in the meetings of the Conference integrated in the Portuguese Delegation. I was further instructed to declare that, in conformity with the Joint Declaration of the Government of the Portuguese Republic and of the Government of the People's Republic of China on the question of Macau, signed in Beijing on the 13th of April 1987, the Portuguese Republic will remain, until 19 December 1999, responsible for the external relations of Macau. Until that date, Macau will continue to participate in the meetings of the Hague Conference on Private International Law integrated in the Portuguese Delegation. From 20 December 1999 on, the People's Republic of China will resume the exercise of sovereignty over Macau."