IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>        Plaintiff,<br><br>  v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>        Defendant. | Civil Action No. 2:24-CV-00093-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br><br>        Plaintiff,<br><br>  v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>        Defendant. | Civil Action No. 2:24-CV-00064-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT HPE'S OPPOSITION TO PLAINTIFF VIRTAMOVE, CORP,'S PARTIAL MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................ 2

III. LEGAL STANDARD .................................................................................................... 5

IV. ARGUMENT .................................................................................................................. 7

 A. VirtaMove's Motion Fails to Address the Specific Factual Allegations Made in HPE's Amended Answer. .......................................................................... 7

 B. HPE Sufficiently Alleges that VirtaMove Failed to Disclose Contradictory Statements Made During the EPO Proceeding. ....................................................... 8

V. CONCLUSION ............................................................................................................. 12

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*ATD Corp. v. Lydall, Inc.*,
  159 F.3d 534 (Fed. Cir. 1998) ..................................................................................................10

*Church & Dwight Co. v. Abbott Lab'ys*,
  No. CIV. 05-2142 GEB JJH, 2008 WL 2565548 (D.N.J. June 24, 2008) ...............................10

*Delano Farms Co. v. Cal. Table Grape Comm'n*,
  655 F.3d 1337 (Fed. Cir. 2011) ..................................................................................................6

*Dugger v. Stephen F. Austin State Univ.*,
  232 F. Supp. 3d 938 (E.D. Tex. 2017) .......................................................................................8

*EIS, Inc. v. IntiHealth Ger GmbH*,
  No. CV 19-1227-GBW, 2023 WL 6799332 (D. Del. Aug. 23, 2023) .......................................9

*Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
  No. 6:10-CV-379-LED-JDL, 2011 WL 13134896 (E.D. Tex. Dec. 13, 2011) .........................6

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*,
  No. 1:11-CV-871, 2013 WL 12178114 (S.D. Ohio Oct. 2, 2013) .............................................9

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009) .......................................................................................5, 6, 12

*Goodnight v. Rains Cty. Sheriff's Dep't*,
  No. 6:13-cv-96, 2013 WL 2551879 (E.D. Tex. May 21, 2013) .................................................8

*Hollis v. Lynch*,
  827 F.3d 436 (5th Cir. 2016) ......................................................................................................8

*Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, L.L.C.*,
  850 F. App'x 213 (5th Cir. 2021) ...............................................................................................8

*Security Profiling, LLC v. Trend Micro Am., Inc.*,
  No. 6:16-CV-01165-RWS-JDL, 2017 WL 5150682 (E.D. Tex. Mar. 21, 2017) ......................6

*SynQor, Inc. v. Cisco Sys., Inc.*,
  No. 2:11-CV-54, 2012 WL 12892779 (E.D. Tex. Aug. 7, 2012) ..............................................6

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  649 F.3d 1276 (Fed. Cir. 2011) ........................................................................................ *passim*

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    864 F. Supp. 2d 856 (N.D. Cal. 2012) ..............................................................................7, 10

*Toccoa, LTD v. N. Am. Roofing Servs., LLC*,
    No. 1:21-CV-00313, 2023 WL 4106440 (E.D. Tex. June 21, 2023) ........................................8

## I.      INTRODUCTION

Count VI of HPE's Amended Answer (Dkt. 116) seeks a declaration of unenforceability for U.S. Patent No. 7,519,814 based on two alternative, independent factual bases: (1) failure to disclose material prior art to the USPTO (¶¶ 89–107); and (2) failure to disclose to the USPTO material representations VirtaMove made to the European Patent Office ("EPO") that directly contradict arguments VirtaMove made to the USPTO for patentability (¶¶ 108–125).[1] VirtaMove's Motion to Dismiss (Dkt. 128) does not contest that Count VI of HPE's Amended Answer properly pleads the above first-identified basis of unenforceability. It is, therefore, undisputed that Count VI properly pleads an unenforceability defense with respect to the '814 Patent.[2]

VirtaMove's motion focuses solely on the second-identified unenforceability basis in Count VI, referring to this basis as "Count VI(2)." With respect to that portion of Count VI, however, VirtaMove's motion erects and attacks a strawman that is irrelevant to HPE's defense and wholly ignores the actual unenforceability basis at issue. Count VI(2) specifically pleads that VirtaMove made representations to the EPO relating to the importance of the claimed container's "unique identity" to *enablement* of the alleged invention and that those statements *contradict* VirtaMove's positions at the USPTO. But VirtaMove's motion never even mentions "unique identity," "unique identifiers," or enablement. Instead, VirtaMove's motion simply repurposes its motion to dismiss co-defendant IBM's *different* inequitable conduct claim (which was based on the content of the prior art) without ever addressing the *different*, relevant allegations made in

---

[1] HPE's Amended Answer also alleges unenforceability of U.S. Patent No. 7,784,058 for failure to disclose material prior art to the USPTO (Count V). VirtaMove does not move to dismiss this count.

[2] *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

1

HPE's Amended Answer that focus on inconsistent representations regarding enablement.[3] *Compare* Dkt. 65 (Motion to Dismiss IBM Counterclaim 5), *with* Dkt. 128 (Motion to Dismiss HPE Counterclaim Count VI(2)).

At most, VirtaMove argues generally that it has no duty to disclose to the USPTO representations that VirtaMove made to the EPO that contradict positions it took before the USPTO, solely because VirtaMove disclosed the prior art reference that elicited the representations in the EPO. But there is no such rule. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1296 (Fed. Cir. 2011) (en banc) (finding briefs the patentee filed with the EPO were material to its U.S. prosecutions, if the patentee made arguments to the two Patent Offices that were inconsistent such that the USPTO would not have granted the patent "but-for" the patentee's failure to disclose the briefs). Here, Count VI(2) pleads more than sufficient facts to demonstrate the materiality of VirtaMove's correspondence with the EPO, as well as VirtaMove's specific intent to withhold this correspondence to deceive the USPTO. HPE respectfully requests that VirtaMove's motion be denied.

## II.   BACKGROUND

Count VI of HPE's Amended Answer set forth HPE's claim regarding inequitable conduct relating to U.S. Patent No. 7,519,814 (the "'814 Patent"). Paragraphs 89–107 set forth in detail VirtaMove's failure to disclose specific prior art. VirtaMove does not dispute that those paragraphs sufficiently set forth a claim for inequitable conduct.

Paragraphs 108–125 of Count VI sets forth an alternative factual basis for HPE's counterclaim of inequitable conduct. Specifically, these paragraphs describe that, during

---

[3] IBM's counterclaim Count 5 included a section focusing on misrepresentations made relating to novelty. *See* Dkt. 49 ¶¶ 112–118. HPE's counterclaim Count VI does *not* include a similar novelty argument. VirtaMove's motion focuses only on the novelty argument that was advanced by IBM and not present in HPE's pleading, and wholly ignores HPE's enablement argument.

2

prosecution of a related patent at the EPO, the EPO rejected the claims multiple times, leading VirtaMove to made certain specific arguments and amendments relating to the alleged invention. *See* Dkt. 116, ¶¶ 116–119. For example, in VirtaMove's August 18, 2006 reply to the EPO's First Rejection, VirtaMove amended Claim 1 of the European counterpart application to include the limitation "each container of application software has its own **unique identity**, and that the application software has an identity of a container that it is associated with." *Id.* ¶ 116 (emphasis added). The amended independent claim is shown below (with the amended language in bold and italicized):

> 1. In a system having a plurality of servers **(10a, 10b)** with operating systems that differ, operating in disparate computing environments, wherein each server includes a processor **(13)** and an operating system including a kernel **(12)**, a set of associated local system files compatible with the processor **(13)**, a method of providing at least some of the servers in the system with secure, executable, applications **(21a-f)** related to a service, wherein the *executable* applications **(21a-21f)** may be executed in a secure environment, wherein the *executable* applications **(21a-21f)** each include an object executable by at least some of the different operating systems for performing a task related to the service, the method comprising the steps of:
> storing in memory accessible to at least some of the servers a plurality of secure containers **(20a-20c)** of application software **(21a-21f)**, each container **(20a-20c)** *of application software having its own unique identity and* comprising one or more of the executable applications **(21a-21f)** and a set of associated system files required to execute the one or more applications **(21a-21f)**, for use with a local kernel **(12)** residing permanently on one of the servers; wherein the set of associated system files are compatible with a local kernel **(12)** of at least some of the plurality of different operating systems, the containers **(20a-20c)** of application software excluding a kernel, and wherein some or all of the associated system files within a container stored in memory are utilized in place of the associated local system files resident on the server prior to said storing step *so that executable applications can execute in conjunction with an operating system that said executable application is not originally intended to operate with and would otherwise not function properly, and wherein application software (21a-21f) has an identity of a container that it is associated with*.

3

*Id.* VirtaMove emphasized to the EPO that this amendment was important to enablement of the alleged invention. As VirtaMove explained, the claim "provides the possibility of running applications on different operating systems even if the respective application was not designed to run on a specific operating system originally" and "*[i]n order to achieve this*, the present invention uses containers, wherein executable applications are associated with containers and *share a unique identity with these containers so they may be attributed to the correct container without problems*." *Id.* ¶ 118 (emphasis added).

In its March 31, 2008 reply to the EPO's Second Rejection, VirtaMove likewise argued that amended "Claim 1 defines that each container of application software has its own unique identity," further explaining that this unique identity feature is "*important for the capability of the instant invention to make it possible for applications to be executed on an operating system for which they were not intended or programmed*." *Id.* ¶ 119 (emphasis added). VirtaMove reemphasized the importance of the "unique identity" to enablement, stating that "the invention defines that each container of application software, a unique application object, has its own unique identity" so as to "*be able to operate on different operating systems for which the application was not originally intended to run*." *Id.* (emphasis added). By VirtaMove's own admission, the "unique identity" limitation of Claim 1 in the European counterpart application was an important and necessary enabling feature of the claimed invention. *Id.* ¶ 121.

Crucially, despite the alleged importance of this "unique identity" requirement to "make it possible" or "be able to operate" as the alleged invention is claimed in the '814 Patent, VirtaMove did *not* include a "unique identity" limitation in independent Claim 1 of the '814 Patent, which has an identical specification to the EPO application, and did not inform the USPTO of the necessity of that claim limitation to enable the claimed invention. *Id.* ¶ 121. It follows that the

4

claims of the '814 Patent are broader than the claims presented in the EPO—they do not include the part of the alleged invention that allowed attribution of applications to the correct container "without problems" (avoiding undue experimentation). *Id.* HPE's Count VI(2) therefore alleges that:

> Because independent claim 1 of the '814 Patent does not require each container to have its own unique identity, which Applicants unequivocally stated to the EPO was 'important' for the capability of the purported invention and repeatedly argued to the EPO was necessary for purported invention to work 'without problems,' Applicants took a contradictory position before the USPTO by failing to include the same 'unique identity' requirement in the pending claims and implicitly representing that those broader claims were enabled by the specification of the application leading to the '814 Patent.

*Id.* ¶ 122.

HPE further pleads that VirtaMove never disclosed to the USPTO that it had made prior, contradictory statements to the EPO regarding the necessity of a "unique identity" to the operation of the alleged invention. *Id.* ¶ 121. As HPE alleges, the contradictory statements, if disclosed, would have been material to patentability, and specifically, enablement of the issued claims. *Id.* ¶¶ 115, 122.

### III.    LEGAL STANDARD

Inequitable conduct requires "that the patentee acted with the specific intent to deceive the PTO." *Therasense*, 649 F.3d at 1290. "Whether inequitable conduct has been pleaded with particularity under Rule 9(b) is a question governed by Federal Circuit law." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009) (citation omitted). "[T]he pleading must identify the specific who, what, when, where, and how of the material representation or omission committed before the PTO." *Id.* at 1328.

"Because direct evidence of deceptive intent is rare, a district court may infer intent from

5

indirect and circumstantial evidence." *Therasense*, 649 F.3d at 1290 (internal quotations omitted). "[A]lthough knowledge and intent may be averred to generally, a pleading of inequitable conduct . . . must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1328–29; *see also Security Profiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-CV-01165-RWS-JDL, 2017 WL 5150682, at *3–4 (E.D. Tex. Mar. 21, 2017), *adopted*, 2017 WL 1950810 (E.D. Tex. May 11, 2017) (Schroeder, J.). This pleading standard is distinct from the standard on the merits, where deceptive intent must be the "single most reasonable inference. . . ." *Exergen*, 575 F.3d at 1329 n.5 (internal quotation marks omitted) (citation omitted). Indeed, courts in this District have recognized that—post-*Therasense*—deceptive intent need not be the "single most reasonable inference" from the pleadings at the motion to dismiss stage. *See, e.g.*, *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-379-LED-JDL, 2011 WL 13134896, at *3–4 (E.D. Tex. Dec. 13, 2011) (citing *Therasense*, 649 F.3d at 1290; *Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011)); *SynQor, Inc. v. Cisco Sys., Inc.*, No. 2:11-CV-54, 2012 WL 12892779, at *7–8 (E.D. Tex. Aug. 7, 2012) (same).

Lastly, "as a general matter," withheld information must be "but-for material," such that the USPTO would not have issued the patent had the information been disclosed. *See Therasense*, 649 F.3d at 1296 ("[T]he district court should determine whether the PTO would not have granted the patent but for Abbott's failure to disclose the EPO briefs."). Applicants must disclose to the USPTO any material contradictory statements made by the applicants during foreign patent prosecutions. *Id.* (finding statements the patentee made to the EPO could have been material to its

6

U.S. prosecutions if the arguments the patentee made to the two Patent Offices were inconsistent such that the USPTO would not have issued the patent but for the patentee's failure to disclose the EPO briefs); *see also Therasense, Inc. v. Becton, Dickinson & Co.*, 864 F. Supp. 2d 856, 863 (N.D. Cal. 2012) (finding on remand that EPO briefs were "material" because "it is manifest that the withheld EPO briefs would have contradicted [patentee's] declaration and submission").

## IV.   ARGUMENT

### A. VirtaMove's Motion Fails to Address the Specific Factual Allegations Made in HPE's Amended Answer.

VirtaMove's motion never addresses HPE's allegations regarding VirtaMove's withholding of contradictory statements made to the EPO about the enablement of the alleged invention. In the relevant portion of Count VI, HPE specifically asserts that, "[i]f Applicants had disclosed to the USPTO the amendments and arguments to the EPO regarding the 'unique identity' limitation, the USPTO would have recognized that Applicants were attempting to claim more in the United States than they actually had invented and *enabled*, and claim 1 of the '814 Patent would not have been allowed as issued" because "[t]he specification of the '814 Patent does not disclose how to make or use a containerized system that operates with different operating systems, where those containers need not have unique identifiers." Dkt. 116, ¶¶ 115, 122 (emphasis added).

VirtaMove's motion, however, makes no reference to these allegations at all, and indeed never even mentions the "unique identity," "unique identifier," or the concept of "enablement." Instead, VirtaMove's motion focuses on the irrelevant issue of whether submission of a prior art reference (Schaefer) to the USPTO satisfied VirtaMove's disclosure duty with respect to the *content* of that reference and *novelty* of the '814 Patent Application claims. *See* Dkt. 128 at 4 ("HPE's theory fails as a matter of law because there is no duty to submit foreign prosecution correspondence regarding the Schaefer prior art when the applicant submitted the underlying

7

Schaefer prior art."). But none of HPE's unenforceability counterclaims relate to the *novelty* of the alleged invention in view of the Schaefer reference, and VirtaMove completely fails to address HPE's actual allegations about the contradictory statements to the EPO relating to the necessity of a "unique identity" to the *enablement* of the claim.

      VirtaMove's failure to address HPE's actual allegations alone defeats VirtaMove's motion. *Goodnight v. Rains Cty. Sheriff's Dep't*, No. 6:13-cv-96, 2013 WL 2551879, at *3 (E.D. Tex. May 21, 2013) ("Having failed to address the allegations in the [] amended complaint, the motion to dismiss cannot be granted . . . ."); *Dugger v. Stephen F. Austin State Univ.*, 232 F. Supp. 3d 938, 957 (E.D. Tex. 2017) (finding that argument not raised in initial brief was waived). And VirtaMove cannot correct this error in reply. *See, e.g.*, *Toccoa, LTD v. N. Am. Roofing Servs., LLC*, No. 1:21-CV-00313, 2023 WL 4106440, at *4 (E.D. Tex. June 21, 2023) (citing *Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, L.L.C.*, 850 F. App'x 213, 217 (5th Cir. 2021) ("[A] new argument cannot be raised for the first time in a reply brief . . . ."); *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) ("Reply briefs cannot be used to raise new arguments."). VirtaMove's motion should be denied for at least this reason.

      **B. HPE Sufficiently Alleges that VirtaMove Failed to Disclose Contradictory Statements Made During the EPO Proceeding.**

      VirtaMove, at most, argues that it has no duty to disclose to the USPTO representations VirtaMove made to the EPO that **contradict** positions it took before the USPTO, solely because VirtaMove disclosed a prior art reference (Schaefer) addressed in the EPO. *See* Dkt. 128 at 5. But that argument is wrong as a matter of law. In *Therasense*, the Federal Circuit made clear that statements a patentee made to the EPO can be material to its U.S. prosecutions, if the arguments were inconsistent with those made to the USPTO such that the USPTO would not have issued the patent but for the patentee's failure to disclose the EPO briefs. *See Therasense*, 649 F.3d at 1296.

8

Following *Therasense*, district courts routinely consider statements made to foreign Patent Offices material when they contradict positions taken before to the USPTO. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2013 WL 12178114, at *4–5 (S.D. Ohio Oct. 2, 2013) (finding statements made to EPO were "material" because they "flatly contradict those found in the [Asserted] patent specification itself" and "Defendants' Amended Answer does not have to prove the elements of inequitable conduct, it simply must recite sufficient facts from which this Court may 'reasonably infer' that the requisite elements of inequitable conduct are satisfied") (citation omitted); *EIS, Inc. v. IntiHealth Ger GmbH*, No. CV 19-1227-GBW, 2023 WL 6799332, at *6–7 (D. Del. Aug. 23, 2023) (denying motion for summary judgment of no inequitable conduct where an inconsistency existed between patentee's failure to disclose a complete translation of a relevant and non-cumulative prior art reference and its submission of the complete translation to the German Patent and Trademark Office).

Here, HPE properly and sufficiently alleges in Count VI(2) that VirtaMove made material omissions from its disclosures to the USPTO, having represented to the USPTO that the '814 Patent claims were enabled as written, but withholding that it had admitted to the EPO that another requirement—a "unique identity"—was necessary to enable the alleged invention. Specifically, as alleged in HPE's Amended Answer, in responding to rejections by the EPO in view of the Schaefer reference, VirtaMove expressly stated—and therefore knew—that the "unique identity" limitation it introduced was necessary to "make it possible" to implement the claimed capability of the purported invention. *See* Dkt. 116, ¶¶ 119, 121–122. During prosecution of the '814 Patent Application, VirtaMove never included the same requirement in the pending claims and never disclosed to the USPTO the necessity of that claim requirement to make it possible to implement the claimed invention, which would have been material to the enablement (and thus the

9

patentability) of the issued claims. *See id.*, ¶ 122.

VirtaMove's reliance on *ATD Corp. and Church & Dwight* is therefore misplaced. Although the Federal Circuit stated in *ATD Corp.* that "[t]he details of foreign prosecution are not an additional category of material information," *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 547 (Fed. Cir. 1998), this does not mean that such material can never constitute material information. Indeed, *Therasense* rejected the proposition that details of foreign prosecution can never give rise to a duty to disclose. *Therasense*, 864 F. Supp. 2d at 865 ("The evidence is clear and convincing that Dr. Sanghera and Attorney Pope knew the content of the EPO briefs and knew that the EPO briefs, standing alone, would so seriously undermine their submission that the examiner would have reverted to unpatentability."). *Church & Dwight* likewise is inapplicable because HPE's counterclaim does not allege that "the EPO's analysis or the results of [the] EPO's proceedings" renders the non-disclosure of the EPO's rejections material. *Church & Dwight Co. v. Abbott Lab'ys*, No. CIV. 05-2142 GEB JJH, 2008 WL 2565548, at *4-6 (D.N.J. June 24, 2008).

VirtaMove also argues, without explanation, that the omitted materials are "inherently cumulative" of the Schaefer reference itself. *See* Dkt. 128 at 5. But this misses the point of HPE's allegations—which are directed to the materiality of amendments and arguments regarding the "unique identity" requirement and not any representations regarding the novelty or obviousness of the claims over the Schaefer reference. HPE specifically describes the material and non-cumulative arguments in Count VI(2):

> Applicants took a contradictory position before the USPTO by failing to include the same "unique identity" requirement in the pending claims and implicitly representing that those broader claims were enabled by the specification of the application leading to the '814 Patent. If Applicants had disclosed to the USPTO the amendments and arguments to the EPO regarding the "unique identity" limitation, the USPTO would have recognized that Applicants were attempting to claim more in the United States than

10

>they actually had invented and enabled, and claim 1 of the '814 Patent would not have been allowed as issued.

Dkt. 116, ¶ 122. As the Amended Answer alleges, VirtaMove's statements in the EPO make clear that VirtaMove was attempting to claim more in the U.S. than it actually believed it had invented and enabled, and, if the omitted EPO statement had been disclosed, it is unlikely that Claim 1 of the '814 Patent would have been allowed as issued. *See id.* ¶¶ 121–122.

Finally, VirtaMove's argument that it had no intent to deceive because it had no duty to disclose the omitted statements fails at least because VirtaMove *did* have a duty to disclose those statements. *See* Dkt. 128 at 6. Moreover, HPE's Count VI(2) sufficiently alleges that VirtaMove made a deliberate decision to withhold those communications, stating that the "material admissions at the EPO were withheld from the USPTO with the intent to deceive the Examiner into allowing the claims of the '814 Patent to issue without the requirement that each container have its own 'unique identity,' thus broadening the scope beyond what Applicants had invented and enabled."[4] Dkt. 116, ¶ 125. Count VI(2) further alleges that individuals substantively involved with the prosecution of the '814 Patent Application were aware of the EPO prosecution. *See id.*; *see also id.* at ¶ 112 (explaining that IDS submitted to the USPTO checked a box that the included reference "was cited in a communication from a foreign patent office in a counterpart foreign application not more than three months prior"). It is therefore more than reasonable to infer that VirtaMove

---

[4] As explained in HPE's counterclaim (*see* Dkt. 116, ¶ 123), dependent Claim 6, which ultimately depends from independent Claim 1, expressly introduces a limitation "assigning a unique associated identity to each of the plurality of the containers, wherein the identity includes at least one of IP address, host name, and MAC address." *Id.*; *see also Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 910 (Fed. Cir. 2004) ("As this court has frequently stated, the presence of a dependent claim that adds a particular limitation raises a presumption that the limitation in question is not found in the independent claim.").

11

intentionally omitted these amendments and arguments in an effort to obtain allowability without the "unique identity" limitation.

In sum, HPE has adequately stated a claim for inequitable conduct based on the withheld amendments and corresponding arguments discussed above by pleading facts to plausibly show VirtaMove was aware of these admissions, knew they were material, and made a deliberate decision to withhold them. *See Exergen*, 575 F.3d at 1328–29.

## V.     CONCLUSION

For the reasons set forth above, HPE respectfully requests the Court to deny VirtaMove's motion at least because it does not address the actual facts pled, which sufficiently allege that VirtaMove intentionally withheld contradictory statements made to the EPO relating to enablement with an intent to deceive the USPTO.

Dated: February 12, 2025                                Respectfully submitted,

                                       By: */s/ Katharine Burke*
                                            Jennifer H. Doan
                                            Texas Bar No. 08809050
                                            Joshua R. Thane
                                            Texas Bar No. 24060713
                                            HALTOM & DOAN
                                            6500 Summerhill Road, Suite 100
                                            Texarkana, TX 75503
                                            Telephone: (903) 255-1000
                                            Facsimile: (903) 255-0800
                                            Email: jdoan@haltomdoan.com
                                            Email: jthane@haltomdoan.com

                                            Katharine Burke (Lead Attorney)
                                            DC Bar Number: 985333
                                            Katharine.burke@bakerbotts.com
                                            **BAKER BOTTS L.L.P.**
                                            700 K Street, N.W.
                                            Washington, DC 20001-5692
                                            Tel: (202) 639-7700

                                            Douglas M. Kubehl
                                            Texas Bar No. 00796909
                                            Doug.kubehl@bakerbotts.com
                                            Morgan Mayne
                                            Texas Bar No. 24084387
                                            Morgan.mayne@bakerbotts.com
                                            Emily Deer
                                            Texas Bar No. 24116352
                                            Emily.deer@bakerbotts.com
                                            **BAKER BOTTS L.L.P.**
                                            2001 Ross Avenue, Suite 900
                                            Dallas, TX 75201-2980
                                            Tel: (214) 953-6500

                                            David Lien (*pro hac vice*)
                                            California Bar No. 313754
                                            David.lien@bakerbotts.com
                                            **BAKER BOTTS L.L.P.**
                                            1001 Page Mill Rd, Bdg. One, Ste. 200
                                            Palo Alto, CA 94304-1007
                                            Tel: (650) 739-7563

                                            ***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2025, the foregoing was served via email on all counsel who have consented to electronic service.

*/s/ Katharine Burke*
Katharine Burke
