IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br>     Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br>     Defendant. | § § § § § § § § § § § § § Case No. 2:24-cv-00093-JRG <br> (Lead Case) <br><br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br>     Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br>     Defendant. | § § § § § § § § § § § § § § Case No. 2:24-CV-00064-JRG <br> (Member Case) <br><br><br> **JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF PLAINTIFF VIRTAMOVE, CORP.'S
MOTION TO DISMISS (DKT. 135)**

**TABLE OF CONTENTS**

I.   Introduction ........................................................................................................................ 1

II.  HPE has not identified any actual contradictory statements, much less any contradictory statements that could be "but-for" material. ....................................................................... 1

III. None of the authority HPE cites purports to require disclosure of non-contradictory correspondence with a foreign patent office. ..................................................................... 4

IV.  Conclusion ......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*EIS, Inc. v. IntiHealth Ger GmbH*,
   No. CV-19-1227-GBW, 2023 WL 6799332 (D. Del. Aug. 23, 2023) ........................................ 4

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*,
   No. 1:11-CV-871, 2013 WL 12178114, at *1 (S.D. Ohio Oct. 2, 2013) .................................... 4

*Novo Nordisk A/S/ v. Caraco Pharm. Lab., Ltd.*,
   719 F.3d 1346 (Fed. Circ. 2013) ............................................................................................... 3

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1276 (Fed. Cir. 2011) ......................................................................................... 1, 3, 4

I.  **Introduction**

HPE fails to rebut that VirtaMove discharged its duty when it submitted the Schaefer prior art to the USPTO. It is undisputed that the Applicants disclosed Schafer to the USPTO. VirtaMove had no duty to also disclose the cumulative, non-prior art EPO correspondence about Schaefer to the USPTO. HPE's opposition focuses primarily on a "contradictory statements" theory, but HPE fails to identify (and cannot identify) any actual contradictory statements that VirtaMove made to the EPO and USPTO, about Schaefer or anything else. Thus, HPE's inequitable conduct counterclaim should be dismissed with prejudice, and without leave to amend because amendment would be futile.

II.  **HPE has not identified any actual contradictory statements, much less any contradictory statements that could be "but-for" material.**

HPE is correct that there may be a duty to disclose a patentee's own statements to foreign patent offices if those statements of the patentee "flatly contradict" the patentee's statements to the USPTO *and* if the Examiner would have known about the statements, "the USPTO would not have issued the patent but for the patentee's failure to disclose the [contradictory statements]." Dkt. 135 at 8-9 (citing *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1296 (Fed. Cir. 2011)). But HPE has not identified any actual contradictory statements, let alone pled that any such statements meet *Therasense*'s exacting but-for materiality standard. Rather, HPE describes ordinary patent prosecution before the EPO, namely, how the Applicants distinguished the Schaefer prior art and "clarified [their invention] to reflect the differences between [Schaefer] and the present invention more precisely." Dkt. 116 ¶116 (quoting Dkt. 117-9 at 67) (second alteration in original). As HPE recognizes in its pleading, "Applicants further explained that 'the present invention as defined by new claim 1 differs from … [Schaefer]' because of the added requirement

1

that 'a unique identifier identifies each container and the application associated therewith is disclosed in [Schaefer].'" *Id.* ¶117 (quoting Dkt. 117-9 at 67) (alternations in original); *see also id.* ¶¶118-119 (further describing the EPO amendment that makes clear that each container has a unique identifier).

In order for HPE to sufficiently plead that the Applicants needed to disclose these EPO communications, HPE would need to plead that (1) Applicants made statements to the USPTO directly contradicting those made to the EPO, and (2) if the USPTO would have known about the contradictory statements made to the EPO, it would not have granted the patent. HPE has pled (and can show) neither.

As to the first requirement of a contradictory statement, HPE would need to point to a ***directly contradictory*** statement in the USPTO prosecution history. For example, HPE would need to point to a statement where the Applicants claim, contrary to what they allegedly told the EPO,[1] that each container does ***not*** need to have its own unique identifier in order for the claimed system to work. HPE has not (and cannot) do so because none exists; HPE does not even ***allege*** that VirtaMove represented as much. Rather, HPE merely alleges that the claims are "broader" (i.e., do not explicitly recite a "unique identifier" limitation that was added to distinguish the Schaeffer reference). *See* Opp. at 4-5. But HPE (in either its complaint or opposition) presents no authority that this is in any way a "contradictory statement."

---

[1] Notably, HPE does not actually point to any statements in the EPO prosecution history that a "unique identifier" is "***necessary*** to enable the alleged invention." Opp. at 9 (emphasis added). That may be ***one way*** "to make it possible for applications to be executed on an operating system for which they were not intended or programmed" (Ex. 10 to Dkt. 117 at PDF page 39), but the applicant did not contend that this was the ***only*** way. For instance, even if "mak[ing] it possible for applications to be executed on an operating system for which they were not intended or programmed" ***were*** a claim requirement, VirtaMove never represented that this could not be accomplished, e.g., by "each of the containers hav[ing] a unique root file system" as explicitly recited in claim 1 of the '814 patent.

As to the second requirement of but-for materiality, HPE would need to show that the U.S. Patent Office would not have granted the issued claims "but for" knowledge of the EPO communications. But HPE's theory in this regard is deficient as a matter of law.

Specifically, HPE argues that without the "unique identifier" limitation explicitly in the claims, the invention claimed in the U.S. patent is either not described or is not enabled. *See* Opp. at 7; *see also id.* at 8 (referring to the alleged "necessity of a 'unique identity' to the *enablement* of the claim") (emphasis in original). But as noted in footnotes above, VirtaMove never alleged that the claim scope of any claim of the '814 patent is not enabled before the EPO, nor did the EPO suggest that was the case. Thus, even if the USPTO had been aware of the EPO correspondence, there can be no showing that the USPTO would have found the as-issued claim scope to be not enabled if the EPO communications had been disclosed by the Applicants. Even if HPE believes that the USPTO may have found VirtaMove's EPO correspondence somehow relevant to the USPTO prosecution such that it "ideally would have been disclosed" (*Novo Nordisk A/S/ v. Caraco Pharm. Lab., Ltd.*, 719 F.3d 1346, 1359 (Fed. Circ. 2013)), that is simply not enough to meet the high threshold required under the "but-for" materiality test. *See id.* at 1358-59 (finding that the omission of information that "ideally would have been disclosed to the PTO" but did not "*expressly* undermine[]" the applicant's position was not material under the *Therasense* standard because it could have been "rendered irrelevant in light of subsequent argument or explanation by the patentee") (emphasis added).

HPE is also incorrect that VirtaMove did not address HPE's allegations in its motion. *See* Opp. at 8. In its motion, VirtaMove addressed HPE's allegation in its amended answer that it was necessary for the Applicants to disclose the EPO communications to the USPTO distinguishing the Schaeffer prior art reference, even though VirtaMove disclosed the Schaefer reference that the

3

"unique identity" limitation was added to more clearly distinguish. Contrary to HPE's presupposition that VirtaMove will make new arguments on reply, here VirtaMove is simply responding to HPE opposition's characterization of its allegations in its amended answer.

### III. None of the authority HPE cites purports to require disclosure of non-contradictory correspondence with a foreign patent office.

HPE's cited authority is readily distinguishable here. For example, in the remanded *Therasense* case (*see* Opp. at 7, 10), the applicant argued to the USPTO that membranes were needed or required, but also relied on the exact same sentence from the specification to argue to the EPO that membranes were merely optional and preferred. *Therasense, Inc. v. Becton, Dickinson & Co.*, 864 F. Supp. 2d 856, 862 (N.D. Cal. 2012). In short, the applicant in *Therasense* made directly contradictory statements before the two offices. As described above, HPE has not identified any such statements here, and cannot do so because none exists.

Similarly, *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.* involved an inventor declaration to the EPO explaining that the claimed range of clamping force did not work, which directly contradicted a statement made by the inventor's attorney to the USPTO that the entire claimed range of clamping force works. No. 1:11-CV-871, 2013 WL 12178114, at *1 (S.D. Ohio Oct. 2, 2013). Here, as already explained, none of VirtaMove correspondence to the EPO contradicts what VirtaMove told the USPTO. *EIS, Inc. v. IntiHealth Ger GmbH* is likewise inapplicable because there, the applicant did not disclose a complete translation of a prior art reference to the USPTO and instead only translated the abstract section of the prior art. *EIS, Inc. v. IntiHealth Ger GmbH*, No. CV-19-1227-GBW, 2023 WL 6799332, at *6-7 (D. Del. Aug. 23, 2023). This in stark contrast to the instant case, where the Applicant undisputedly submitted the entire Schaefer prior art reference to which the amendment and correspondence at issue related.

4

## IV. Conclusion

Because HPE did not identify anything contradictory between what VirtaMove said to the EPO and the USPTO in its pleading, let alone anything "but-for" material, and is unable to do so, HPE's inequitable conduct theory based on the Applicants prosecution statements to the EPO should be dismissed with prejudice and without leave to amend.

Dated: February 19, 2025              Respectfully submitted,

By: /s/ Reza Mirzaie

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206

5

Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on February 19, 2025.

*/s/ Daniel B. Kolko*
Daniel B. Kolko
