| | |
|---|---|
| **From:** | Dou, Yimeng |
| **To:** | Christian W. Conkle |
| **Cc:** | Ngerebara, Nate; rak_virtamove@raklaw.com; Salpietra, Bethany; Burke, Katharine; Mayne, Morgan; #IBM-VirtaMove KE Team; DL_HPE-VirtaMove@BakerBotts.com; emily.deer@bakerbotts.com |
| **Subject:** | RE: VirtaMove v. IBM - Claim Construction [P.R. 4-1] |
| **Date:** | Friday, January 10, 2025 12:03:46 PM |

Christian,

Thank you for the updated response from VirtaMove. We believe IBM's positions are supported by the claim language, specification, and plain interpretation of a POSITA. Moreover, VirtaMove's new proposal of "a running virtual machine or registered to be able to run in a virtual machine" for the term "instance of an image" still suffers from similar problems as we have already pointed out earlier because that interpretation is based on one embodiment only and ignores the other express teachings in the '858 specification regarding both "Instance" and "Image." As such, we maintain IBM's proposals with respect to the remaining disputed terms.

Best regards,
Yimeng

**Yimeng Dou, Ph.D.**

---

**KIRKLAND & ELLIS LLP**
555 South Flower Street, 37th Floor
Los Angeles, CA 90071
**T** +1 213 680 8283
**F** +1 213 680 8500

---

yimeng.dou@kirkland.com

**From:** Christian W. Conkle <cconkle@raklaw.com>
**Sent:** Thursday, January 9, 2025 1:24 PM
**To:** Dou, Yimeng <yimeng.dou@kirkland.com>
**Cc:** Ngerebara, Nate <nate.ngerebara@kirkland.com>; rak_virtamove@raklaw.com; Salpietra, Bethany <Bethany.Salpietra@BakerBotts.com>; Burke, Katharine <Katharine.Burke@BakerBotts.com>; Mayne, Morgan <morgan.mayne@bakerbotts.com>; #IBM-VirtaMove KE Team <IBM-VirtaMoveKETeam@kirkland.com>; DL_HPE-VirtaMove@BakerBotts.com; emily.deer@bakerbotts.com
**Subject:** Re: VirtaMove v. IBM - Claim Construction [P.R. 4-1]

**This message is from an EXTERNAL SENDER**

Be cautious, particularly with links and attachments.

Thanks, Yimeng; further responses below.

All best,

Christian W. Conkle
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474

On Jan 9, 2025, at 11:29, Dou, Yimeng <yimeng.dou@kirkland.com> wrote:

Christian,

Our responses to your questions and proposals are inline in blue below. We also hope that everyone on the VirtaMove team is safe and away from the fire dangers happening in LA.

**The '500, '634, and '038 patents**

1. Term: "A system … created during installation … removed as part of an uninstall…"
    a. VirtaMove contends that its indefiniteness contention is based on its belief that the claim recites both a system and a method. As we explained, the claim plainly recites a system. This is confirmed in the specification, where it explains how the system performs the claimed creation and removal of resource mapping. *E.g.*, '634 at 6:13-67, 7:1-19. Under *IPXL* and its progeny, the claim is not an indefinite mixed system/method claim.

Our understanding is that IBM does not dispute that for infringement to occur, e.g., in claim 1 of the 500 patent, "one or more isolated environments" must be "created" and "one or more isolated environments" must be "removed." Please let us know as soon as possible if IBM does dispute that.

We do not dispute that "one or more isolated environments" must be "created" and "one or more isolated environments" must be "removed" for infringement to occur.

Thank you for the confirmation. We maintain our position that this is indefinite under *IPXL*.

2. Term: "The system resources"
    a. VirtaMove contends that the term "the system resources" appearing in dependent claim 19 of both the '500 and '038 patents lack an antecedent basis. We disagree—for instance, "system resources" of claim 19 refers back to the "resources" used by applications as recited in claim 18 in both the '500 and '038 patents. As to your alternative proposal to construe "the systems resources" to refer to "*all* the system resources" inside and outside the isolated environments, you were not able to identify any support for re-writing the claim language in that manner. We continue to believe that the term does not require any construction.

We asked on the call whether "the system resources" refer to *any* system resources, which IBM denied, saying that the claim would have recited "any" if it meant "any." We do not know which specific system resources the claim is referring to. Please let us know as soon as possible if "the system resources" refers to any particular system resources.

VirtaMove's initial proposal was to construe "system resources inside the one or more isolated environments and outside" as "all of the system resources that are inside the one or more isolated environments and all of the system resources that are outside the one or more isolated environments." Please let us know if VirtaMove is revising its proposal to replace "all" with "any." To answer your question, "the system resources" refers to the particular system resources that otherwise satisfy the requirements of claims 18 and 19.

Thank you for the clarification. We think it means all of them, and agree that if the claim meant "any" it would have said "any." So we maintain our position.

3. Term: "Instructions for maintaining mapping"
    a. VirtaMove contends that the term "instructions for maintaining mapping" appearing in dependent claim 19 of both the '500 and '038 patents is indefinite because it is not clear whether "instructions" modifies "maintaining" or "mapping." We continue to believe that the claim language itself is plain and clear as it recites "maintaining mapping between system resources inside the isolated environments and outside." And as we explained on the call, the specification also provides relevant context.

On the call, we asked whether "mapping" is a noun or a verb, and IBM did not have an answer. Please let us know if IBM has any further clarity on this question.

Despite our requests during the call, VirtaMove has still not explained why the grammatic classification of the term "mapping" as a noun or a verb is meaningful to the issue of indefiniteness. VirtaMove's refusal to clarify the import of that question makes it difficult for the parties to productively resolve disputes. In any event, the claim language makes it clear that mapping between inside and outside resources is what is being maintained. So, mapping is, grammatically speaking, a noun.

Thank you for the confirmation. We agree that "mapping" is a noun in this context. With that confirmation, we agree no further construction is necessary.

4. Term: "one or more isolated environments… said isolated environments… the one or more isolated environments… an isolated environment… said isolated environment… an isolated environment…"
    a. VirtaMove stated that it believes that it can propose a construction that would resolve its indefiniteness contention. While we do not believe a construction is necessary, we are happy to consider VirtaMove's proposal in effort to resolve the dispute.

As a potential compromise, we propose that each instance of "said isolated environment" refers back to the immediately preceding "an isolated environment." Does IBM agree?

In the interest of minimizing the disputes before the court, we agree to the proposal.

Thank you.

5. Term: "a resource mapping for an application is created…a resource mapping for an application is removed… said resource mapping"
    a. VirtaMove contends that this term recited in claim 1 of the '634 patent is indefinite because it is not clear whether "said resource mapping" refers back to the resource mapping that "is created" or the resource mapping that "is removed." We disagree and note that VirtaMove mischaracterizes the claim language in its articulation of the term by omitting the term "said resource mapping" as immediately following each limitation beginning with "a resource mapping for an application is created" and "a resource mapping for an application is removed," respectively.

As with the previous term, as a potential compromise, we propose that each instance of "said resource mapping" refers back to the immediately preceding "a resource mapping." Does IBM agree?

In the interest of minimizing the disputes before the court, we agree to the proposal.

Thank you.

**The '858 patent**

1. Term: "appropriate for infrastructure configuration mapping"
    a. VirtaMove contends that this term recited in claims 1 and 19 of the '858 patent is indefinite because it is not clear what defines the bounds of what is "appropriate." We disagree. As explained during the parties' meet and confer and in IBM's 4-2 disclosure, a person of ordinary skill would have readily understood what components are appropriate for infrastructure configuration mapping to a target cloud infrastructure, as recited by the claim, and the specification offers examples of what component characteristics would or would not be appropriate.

IBM did not identify any specific examples from the specification illustrating either "appropriate" or "not appropriate." If IBM has identified such examples, would you please provide them?

The specification offers numerous examples of what would be appropriate or not. For example, the specification provides that infrastructure configuration mapping can be performed "based on the

> cloud infrastructure config standards … and the discovered source infrastructure configs and/or logs". '858 patent, 32:33-36.  This example illustrates that a POSITA would understand that appropriateness is determined based on objective criteria such as whether the source infrastructure configs and logs are compatible with cloud infrastructure config standards.

Thank you for the clarification. Our contention remains unchanged, but we are continuing to evaluate IBM's position.

2. Term: "source infrastructure management component"
    a. VirtaMove contends that this term recited in claims 1 and 19 of the '858 patent is indefinite. VirtaMove stated that there is no way to find out which components are covered by the claim language and which ones are not. We disagree. The claim language and specification provide explanation regarding the types of components within the scope of the term.

Does this term refer to any component that is used for "source infrastructure management," does it refer to any component of the recited "source management infrastructure," or does it have a different meaning?

> The term refers to any component used by the recited "source management infrastructure."

Thank you for the confirmation. With that confirmation (and with the parallel confirmations for the "server" and "client" terms below), we agree no further construction of these three terms is necessary.

3. Term: "instance of an image"
    a. VirtaMove contends that this term recited in claims 1 and 19 of the '858 patent must be construed to mean "a virtual machine derived from an image, which further includes virtual hardware allocations and a hypervisor of virtual machine runtime."  In support, VirtaMove identified the portion of the '858 patent specification at 7:53-67.  We disagree with VirtaMove's proposed construction and its alternative claim that "instance of an image" is indefinite and note that the specification citation VirtaMove offers in support of its proposed construction explicitly clarifies that the description of an "instance of an image" is related to "some embodiments."

Please let us know if IBM has any proposals regarding the meaning of this term.

> We propose that the term "an instance of an image" be construed as "an occurrence or copy of an image." We note that for the term "instance," we are using the same construction as the construction of the term "instance" in VirtaMove's patents. No further construction is necessary as to the term "image" because the term is a foundational, commonly understood term in the field. Please let us know if VirtaMove agrees.

Thank you for the counterproposal. We disagree in view of the different claim contexts and intrinsic records. As a compromise, would IBM agree to a direct quotation from the '858 specification: "a running virtual machine or registered to be able to run in a virtual machine"?

4. Term: "source infrastructure management server"
   a. VirtaMove contends that this term recited in dependent claims 2, 4, 8, and 19 of the '858 patent is indefinite. VirtaMove stated that there is no way to find out which servers are covered by the claim language and which ones are not. We disagree. The claim language explicitly provides which servers are within the scope of the term.

See "source infrastructure management component" above.
> See "source infrastructure management component" above.

5. Term: "source infrastructure management client"
   a. VirtaMove contends that this term recited in dependent claims 2, 4, 8, and 19 of the '858 patent is indefinite. VirtaMove stated that there is no way to find out which clients are covered. We disagree. The claim language explicitly provides which clients are within the scope of the term.

See "source infrastructure management component" above.
> See "source infrastructure management component" above.

6. Term: "capturing"
   a. VirtaMove contends that this term recited in claim 1 of the '858 patent is indefinite because "capturing" has different meanings and a POSITA would not be able to determine which meaning applies. We disagree, but as discussed, are willing to consider VirtaMove's proposal that it believes would resolve the dispute.

We had asked IBM to propose a compromise for this term and said we would also propose something. As a potential compromise, we propose that "capturing" be construed as "transferring into a file" consistent with IBM's extrinsic evidence and with the specification's disclosures (e.g. steps 534, 536, and the description of "instance capture" in column 21). Does IBM agree; if not, does IBM

have a proposal?

We do not agree with VirtaMove's proposed construction, "transferring into a file." The ''858 patent does not require the end result of capturing to be "transferred into a file." In an exemplary embodiment, what is captured is not at transferred into a file until the next step. Figure 7 at step 514 illustrates that the result of instance ***capture*** is then transported next via the network directly instead of being transferred into a file. '858 patent, Fig. 7. Similarly, Figure 5 of the '858 patent depicts capturing (step 534) followed by transporting (step 536).  VirtaMove's construction would thus exclude an embodiment. Therefore, we propose that "capturing" be construed as "recording."

Thank you for the counterproposal and explanation. We're considering and will get back to you as soon as possible. For now, we maintain our position that the term is indefinite.

7. Term: "non-functional requirements"
    a. VirtaMove contends that this term recited in dependent claims 3, 4, 5, and 7 is indefinite because it is purportedly not clear which requirements are non-functional. We disagree but understand that VirtaMove is going to send a proposed compromise construction that would resolve the dispute.

No, we had asked IBM to propose a construction because we do not understand what this refers to. Please let us know if IBM has a proposal.

The specification provides numerous examples of non-functional requirements, including: Service Level Agreement (SLA), change windows, up-to-dateness policies, and auditing requirements. *See* '858 patent, 39:47-54.  In view of these examples and the plain language of the claim, a person of ordinary skill would reasonably understand what information would comprise "non-functional requirements."

We remain open to a proposed construction but maintain our position.

8. Term: "module"
    a. VirtaMove contends that this term recited in dependent claim 18 improperly mixes a system claim and a method claim. VirtaMove also contends that this term is an improper means-plus-function claim lacking sufficient structure. We disagree with both arguments. *IPXL* does not apply here. *See* analysis above re *IPXL* and its progeny. '858 patent claim 18 writes the steps in passive voice and recites that "discovering is carried out by said discovery tool module".  And § 112(6) does not apply here because the claim language and the specification both provide sufficient examples, context and structure, and VirtaMove has not shown how it could overcome the presumption.  *See, e.g.*, col. 42:17-22; Fig. 16.

> In the interests of compromise and avoiding unnecessary disputes before the Court, we will not pursue the *IPXL* argument for the "module" terms. We maintain our position that these terms are governed by § 112(6) and are indefinite. Does IBM contend that, if § 112(6) does apply, col. 42:17-22 and Fig. 16 provide corresponding structure?
>
> While we disagree that § 112(6) applies, we note that in addition to Col. 42:17-22 and Fig. 16, Col. 70:25-40 provides additional corresponding structure, including for the discovery module, description module, and infrastructure comparison engine module that could optionally include sub-modules or sub-data-structures as described in the block diagrams in Fig. 16. 70:4-12 further provides that these block diagrams of the modules "illustrates the architecture, functionality, and operation" of possible implementations.

Thank you for the clarification. Our position is unchanged but we will continue to consider the issue.

9. Term: "cloud infrastructure"
    b. VirtaMove stated that it would consider agreeing to a construction of "an infrastructure comprising a network of interconnected nodes," but that you would need to discuss with your team. While we do not believe a construction is necessary, we are willing to consider once VirtaMove confirms the proposed offer.

> We had asked whether IBM agrees that "cloud infrastructure" requires at least "a network of interconnected nodes" so that we can understand the dispute between the parties. What is IBM's position?
>
> We agree that "cloud infrastructure" is an acceptable meaning for "a network of interconnected nodes."

We appreciate the clarification. (I assume the two quotations are reversed in your response.) This narrows the scope of the dispute, but in light of the intrinsic and extrinsic record we maintain our full proposed construction.

10. Term: "stopping an application"
    a. VirtaMove was unable to explain why the proposed construction—"wherein the claimed computer executable instructions, when executed by a computer, cause the computer to perform the claimed method including the step of stopping an application"—for this term is necessary. We can confirm that the claim requires "stopping an application," but do not believe it is necessary to include a construction that merely incorporates language from the preamble for that claimed step.

# EXHIBIT 5

Thank you for the response. We agree that no dispute remains and further briefing is not necessary for this term.

IBM reserves the right to change, modify, or supplement its proposals discussed in the correspondences.

Best regards,
Yimeng

**Yimeng Dou, Ph.D.**
-----------------------------------------------
**KIRKLAND & ELLIS LLP**
555 South Flower Street, 37th Floor
Los Angeles, CA 90071
**T** +1 213 680 8283
**F** +1 213 680 8500
-----------------------------------------------

yimeng.dou@kirkland.com

---

**From:** Christian W. Conkle <cconkle@raklaw.com>
**Sent:** Tuesday, January 7, 2025 5:15 PM
**To:** Dou, Yimeng <yimeng.dou@kirkland.com>
**Cc:** Ngerebara, Nate <nate.ngerebara@kirkland.com>; rak_virtamove@raklaw.com; Salpietra, Bethany <Bethany.Salpietra@BakerBotts.com>; Burke, Katharine <Katharine.Burke@BakerBotts.com>; Mayne, Morgan <morgan.mayne@bakerbotts.com>; #IBM-VirtaMove KE Team <IBM-VirtaMoveKETeam@kirkland.com>; DL_HPE-VirtaMove@BakerBotts.com; emily.deer@bakerbotts.com
**Subject:** Re: VirtaMove v. IBM - Claim Construction [P.R. 4-1]

Yimeng,

Thank you for the follow up. Our responses are inline below.

All best,

Christian W. Conkle
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474

> On Jan 6, 2025, at 15:25, Dou, Yimeng <yimeng.dou@kirkland.com> wrote:

Christian,

We write to summarize the parties' discussion regarding the terms in IBM's counterclaim patents that VirtaMove contends are indefinite and/or require construction, and to follow up on certain points raised during the call on Thursday, January 2nd.

**The '500, '634, and '038 patents**

1. Term: "A system … created during installation … removed as part of an uninstall…"
    a. VirtaMove contends that its indefiniteness contention is based on its belief that the claim recites both a system and a method. As we explained, the claim plainly recites a system. This is confirmed in the specification, where it explains how the system performs the claimed creation and removal of resource mapping. *E.g.*, '634 at 6:13-67, 7:1-19. Under *IPXL* and its progeny, the claim is not an indefinite mixed system/method claim.

Our understanding is that IBM does not dispute that for infringement to occur, e.g., in claim 1 of the 500 patent, "one or more isolated environments" must be "created" and "one or more isolated environments" must be "removed." Please let us know as soon as possible if IBM does dispute that.

2. Term: "The system resources"
    a. VirtaMove contends that the term "the system resources" appearing in dependent claim 19 of both the '500 and '038 patents lack an antecedent basis. We disagree—for instance, "system resources" of claim 19 refers back to the "resources" used by applications as recited in claim 18 in both the '500 and '038 patents. As to your alternative proposal to construe "the systems resources" to refer to "*all* the system resources" inside and outside the isolated environments, you were not able to identify any support for re-writing the claim language in that manner. We continue to believe that the term does not require any construction.

We asked on the call whether "the system resources" refer to *any* system resources, which IBM denied, saying that the claim would have recited "any" if it meant "any." We do not know which specific system resources the claim is referring to. Please let us know as soon as possible if "the system resources" refers to any particular system resources.

3. Term: "Instructions for maintaining mapping"
   a. VirtaMove contends that the term "instructions for maintaining mapping" appearing in dependent claim 19 of both the '500 and '038 patents is indefinite because it is not clear whether "instructions" modifies "maintaining" or "mapping."  We continue to believe that the claim language itself is plain and clear as it recites "maintaining mapping between system resources inside the isolated environments and outside."  And as we explained on the call, the specification also provides relevant context.

On the call, we asked whether "mapping" is a noun or a verb, and IBM did not have an answer. Please let us know if IBM has any further clarity on this question.

4. Term: "one or more isolated environments… said isolated environments… the one or more isolated environments… an isolated environment… said isolated environment… an isolated environment…"
   a. VirtaMove stated that it believes that it can propose a construction that would resolve its indefiniteness contention.  While we do not believe a construction is necessary, we are happy to consider VirtaMove's proposal in effort to resolve the dispute.

As a potential compromise, we propose that each instance of "said isolated environment" refers back to the immediately preceding "an isolated environment." Does IBM agree?

5. Term: "a resource mapping for an application is created…a resource mapping for an application is removed… said resource mapping"
   a. VirtaMove contends that this term recited in claim 1 of the '634 patent is indefinite because it is not clear whether "said resource mapping" refers back to the resource mapping that "is created" or the resource mapping that "is removed."  We disagree and note that VirtaMove mischaracterizes the claim

       language in its articulation of the term by omitting the term "said resource mapping" as immediately following each limitation beginning with "a resource mapping for an application is created" and "a resource mapping for an application is removed," respectively.

As with the previous term, as a potential compromise, we propose that each instance of "said resource mapping" refers back to the immediately preceding "a resource mapping." Does IBM agree?

### The '858 patent

1. Term: "appropriate for infrastructure configuration mapping"
   a. VirtaMove contends that this term recited in claims 1 and 19 of the '858 patent is indefinite because it is not clear what defines the bounds of what is "appropriate." We disagree. As explained during the parties' meet and confer and in IBM's 4-2 disclosure, a person of ordinary skill would have readily understood what components are appropriate for infrastructure configuration mapping to a target cloud infrastructure, as recited by the claim, and the specification offers examples of what component characteristics would or would not be appropriate.

IBM did not identify any specific examples from the specification illustrating either "appropriate" or "not appropriate." If IBM has identified such examples, would you please provide them?

2. Term: "source infrastructure management component"
   a. VirtaMove contends that this term recited in claims 1 and 19 of the '858 patent is indefinite. VirtaMove stated that there is no way to find out which components are covered by the claim language and which ones are not. We disagree. The claim language and specification provide explanation regarding the types of components within the scope of the term.

Does this term refer to any component that is used for "source infrastructure

management," does it refer to any component of the recited "source management infrastructure," or does it have a different meaning?

3. Term: "instance of an image"
   a. VirtaMove contends that this term recited in claims 1 and 19 of the '858 patent must be construed to mean "a virtual machine derived from an image, which further includes virtual hardware allocations and a hypervisor of virtual machine runtime."  In support, VirtaMove identified the portion of the '858 patent specification at 7:53-67.  We disagree with VirtaMove's proposed construction and its alternative claim that "instance of an image" is indefinite and note that the specification citation VirtaMove offers in support of its proposed construction explicitly clarifies that the description of an "instance of an image" is related to "some embodiments."

Please let us know if IBM has any proposals regarding the meaning of this term.

4. Term: "source infrastructure management server"
   a. VirtaMove contends that this term recited in dependent claims 2, 4, 8, and 19 of the '858 patent is indefinite. VirtaMove stated that there is no way to find out which servers are covered by the claim language and which ones are not. We disagree.  The claim language explicitly provides which servers are within the scope of the term.

See "source infrastructure management component" above.

5. Term: "source infrastructure management client"
   a. VirtaMove contends that this term recited in dependent claims 2, 4, 8, and 19 of the '858 patent is indefinite. VirtaMove stated that there is no way to find out which clients are covered. We disagree.  The claim language explicitly provides which clients are within the scope of the term.

See "source infrastructure management component" above.

6. Term: "capturing"
    a. VirtaMove contends that this term recited in claim 1 of the '858 patent is indefinite because "capturing" has different meanings and a POSITA would not be able to determine which meaning applies. We disagree, but as discussed, are willing to consider VirtaMove's proposal that it believes would resolve the dispute.

We had asked IBM to propose a compromise for this term and said we would also propose something. As a potential compromise, we propose that "capturing" be construed as "transferring into a file" consistent with IBM's extrinsic evidence and with the specification's disclosures (e.g. steps 534, 536, and the description of "instance capture" in column 21). Does IBM agree; if not, does IBM have a proposal?

7. Term: "non-functional requirements"
    a. VirtaMove contends that this term recited in dependent claims 3, 4, 5, and 7 is indefinite because it is purportedly not clear which requirements are non-functional. We disagree but understand that VirtaMove is going to send a proposed compromise construction that would resolve the dispute.

No, we had asked IBM to propose a construction because we do not understand what this refers to. Please let us know if IBM has a proposal.

8. Term: "module"
    a. VirtaMove contends that this term recited in dependent claim 18 improperly mixes a system claim and a method claim. VirtaMove also contends that this term is an improper means-plus-function claim lacking sufficient structure. We disagree with both arguments. *IPXL* does not apply here. *See* analysis above re *IPXL* and its progeny. '858 patent

> claim 18 writes the steps in passive voice and recites that "discovering is carried out by said discovery tool module". And § 112(6) does not apply here because the claim language and the specification both provide sufficient examples, context and structure, and VirtaMove has not shown how it could overcome the presumption. *See, e.g.*, col. 42:17-22; Fig. 16.

In the interests of compromise and avoiding unnecessary disputes before the Court, we will not pursue the *IPXL* argument for the "module" terms. We maintain our position that these terms are governed by § 112(6) and are indefinite. Does IBM contend that, if § 112(6) does apply, col. 42:17-22 and Fig. 16 provide corresponding structure?

9. Term: "cloud infrastructure"
    b. VirtaMove stated that it would consider agreeing to a construction of "an infrastructure comprising a network of interconnected nodes," but that you would need to discuss with your team.  While we do not believe a construction is necessary, we are willing to consider once VirtaMove confirms the proposed offer.

We had asked whether IBM agrees that "cloud infrastructure" requires at least "a network of interconnected nodes" so that we can understand the dispute between the parties. What is IBM's position?

10. Term: "stopping an application"
    a. VirtaMove was unable to explain why the proposed construction—"wherein the claimed computer executable instructions, when executed by a computer, cause the computer to perform the claimed method including the step of stopping an application"—for this term is necessary. We can confirm that the claim requires "stopping an application," but do not believe it is necessary to include a construction that merely incorporates language from the preamble for that claimed step.

Thank you for the response. In the interests of compromise and avoiding unnecessary disputes before the Court, we will not pursue construction of this term further.

Best regards,
Yimeng

**Yimeng Dou, Ph.D.**

------------------------------------------------

**KIRKLAND & ELLIS LLP**

555 South Flower Street, 37th Floor
Los Angeles, CA 90071
**T** +1 213 680 8283
**F** +1 213 680 8500

------------------------------------------------

yimeng.dou@kirkland.com

---

**From:** Christian W. Conkle <cconkle@raklaw.com>
**Sent:** Monday, December 30, 2024 6:14 PM
**To:** Ngerebara, Nate <nate.ngerebara@kirkland.com>
**Cc:** rak_virtamove@raklaw.com; Salpietra, Bethany <Bethany.Salpietra@BakerBotts.com>; Burke, Katharine <Katharine.Burke@BakerBotts.com>; Mayne, Morgan <morgan.mayne@bakerbotts.com>; #IBM-VirtaMove KE Team <IBM-VirtaMoveKETeam@kirkland.com>; DL_HPE-VirtaMove@BakerBotts.com; emily.deer@bakerbotts.com
**Subject:** Re: VirtaMove v. IBM - Claim Construction [P.R. 4-1]

Nate,

Thursday at 11am PT works for us. Would you circulate a dial-in?

As to the VirtaMove patents, we've put some compromise proposals in the attached chart. Please let us know your thoughts and any proposals on your end.

All best,

Christian W. Conkle
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474

On Dec 30, 2024, at 16:55, Ngerebara, Nate <nate.ngerebara@kirkland.com> wrote:

Christian,

Does Thursday at 11:00 AM PT work for your team to discuss the counterclaim patents? Happy to circulate a dial-in.

Regards,

**Nate Ngerebara**
------------------------------------------
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1371  **M** +1 415 309 8474
**F** +1 415 439 1500
------------------------------------------

nate.ngerebara@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.