IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | Civil Action No. 2:24-CV-00093-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendant. | Civil Action No. 2:24-CV-00064-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT HPE'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF VIRTAMOVE, CORP.'S PARTIAL MOTION TO DISMISS**

i

VirtaMove's reply (Dkt. 140), like its motion, rehashes a prior brief it filed related to a different counterclaim, with different allegations, filed by a different defendant (IBM). *Compare* Dkt. 140 at 1, *with* Dkt. 71 at 1. VirtaMove even carelessly copies the wrong requested relief from that prior brief into its reply here—to be clear, VirtaMove's motion relating to HPE's inequitable conduct counterclaim only seeks to dismiss one part of one count against one patent ("Count VI(2)"), Dkt. 116, *not* all of HPE's inequitable conduct claim on that patent, as VirtaMove's reply states. Dkt. 140 at 1. With regard to that one sub-part, Count VI(2), VirtaMove's reply arguments are late, rely on the wrong legal standard, and improperly point to disputes of fact without identifying any portion of the counterclaim that is insufficiently pleaded.

*First*, VirtaMove's reply is the first time VirtaMove has ever addressed HPE's allegations in Count VI(2) that VirtaMove withheld from the USPTO prior contradictory statements to the EPO that a "unique identifier" limitation was necessary to enable the alleged invention. Indeed, VirtaMove's reply is the first time that it even referred to the key concepts in HPE's allegations ("unique identity" and "enablement") at all. It is improper to raise these new arguments in reply, and VirtaMove has therefore waived them. *See* Dkt. 135 at 8; *Dugger v. Stephen F. Austin State Univ.*, 232 F. Supp. 3d 938, 957 (E.D. Tex. 2017); *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016).

*Second,* VirtaMove's reply misstates both HPE's burden and HPE's allegations. The law does not require that an applicant's statements to the USPTO must "flatly" or "directly" contradict its prior statements. Dkt. 140 at 1-2. Rather, any "but-for material" contradictory statements are sufficient. *See* Dkt. 135 at 9; *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1296 Fed. Cir. 2011) ("*Therasense I*") (remanding for the district court to determine whether "the PTO would not have granted the patent but for [applicant's] failure to disclose the EPO briefs");

1

*Therasense, Inc. v. Becton, Dickinson & Co.*, 864 F. Supp. 2d 856, 863 (N.D. Cal. 2012) ("*Therasense II*") (finding on remand that EPO briefs were but-for material because "it is manifest that the withheld EPO briefs would have contradicted [patentee's] declaration and submission"). And there is no dispute that under that correct standard HPE repeatedly alleges why the USPTO would have found the contradictions at issue "but-for material." Dkt. 116, ¶ 115 ("Applicants' implicit representation to the USPTO that the broader claims of the application leading to the '814 Patent were enabled by the '814 Patent's written description is inconsistent with its admission to the EPO that such a system only could work if the containers were required to have unique identifiers."), ¶ 122 ("If Applicants had disclosed to the USPTO the amendments and arguments to the EPO regarding the 'unique identity' limitation, the USPTO would have recognized that Applicants were attempting to claim more in the United States than they actually had invented and enabled . . . ."); *see also id.*, ¶ 121 ("Applicants' statements to the EPO support a finding that the '814 Patent claim 1 is not fully enabled.").

**Third**, HPE's allegations meet even VirtaMove's incorrectly heightened standard because they point to VirtaMove's directly contradictory statements. HPE specifically alleges that, at the EPO, VirtaMove represented that a functionality—a "unique identity"—was critical to making the alleged invention work:

> 115. The statements made to the USPTO by Applicants included material contradictions with and omissions of statements Applicants made to the EPO. Specifically, during the prosecution of the European Counterpart Application, Applicants made representations to the EPO about a claim requirement—the "unique identity" limitation—that purportedly was an important part of the claimed invention, distinguished the claimed invention from the prior art, and enabled the claimed invention. Although the purportedly key and enabling "unique identity" limitation that applicants introduced during the EPO prosecution was added to Claim 1 of the European Counterpart Application, and Applicants repeatedly argued to the EPO that the "unique identity" requirement was a necessary functionality for the claimed system to work in light of the claim's other recitation of containers operating with different operating systems, Applicants withheld these statements from the USPTO and did not amend the independent claims at the USPTO to include the admittedly enabling "unique identity" limitation for the '814 Application. Those amendments and arguments regarding the "unique identity" limitation made during the prosecution of the European Counterpart Application—and their omission during the prosecution of the application leading to the '814 Patent at the USPTO—were material to the patentability of the '814 Patent.

*Id.*, ¶ 115 (highlighting added). HPE also alleges that these EPO statements directly contradicted those made by VirtaMove to the USPTO that claims in the U.S. counterpart application were enabled even though they omitted the "unique identity" limitation:

> 122. Because independent claim 1 of the '814 Patent does not require each container to have its own unique identity, which Applicants unequivocally stated to the EPO was "important" for the capability of the purported invention and repeatedly argued to the EPO was necessary for purported invention to work "without problems," ==Applicants took a contradictory position before the USPTO by failing to include the same "unique identity" requirement in the pending claims and implicitly representing that those broader claims were enabled by the specification of the application leading to the '814 Patent. If Applicants had disclosed to the USPTO the amendments and arguments to the EPO regarding the "unique identity" limitation, the USPTO would have recognized that Applicants were attempting to claim more in the United States than they actually had invented and enabled, and claim 1 of the '814 Patent would not have been allowed as issued.== The specification of the '814 Patent does not disclose how to make or use a containerized system that operates with different operating systems, where those containers need not have unique identifiers.

*Id.*, ¶ 122 (highlighting added). These contradictions are directly and flatly inconsistent and, in any event, more than sufficient to support HPE's allegations of but-for materiality at the pleading stage.[1]

***Finally***, VirtaMove fails to refute that HPE's allegations plausibly pleaded but-for materiality. *See* Dkt. 140 at 3. HPE's counterclaims expressly allege the materiality of VirtaMove's contradictions as it relates to patentability under Section 112 because, if these contradictions were disclosed, it would have shown the USPTO that VirtaMove was attempting to

---

[1] VirtaMove's factual speculation that a "unique identifier" "***may be*** one way" to make the invention possible, but that "applicant did not contend that this was the only way" (Dkt. 140 at 2, n.1 (emphasis added)) is beside the point. This speculation is not supported by the actual arguments VirtaMove made to the EPO, and, in any event, is insufficient at the pleading stage to refute HPE's allegations, which "if true, would plausibly support [HPE's] inequitable conduct claim." *Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*, No. 2:07-CV-262, 2009 U.S. Dist. LEXIS 85104, at *7-8 (E.D. Tex. Sep. 17, 2009).

4

claim more than it actually had invented and enabled and Claim 1 of the '814 Patent would not have been allowed as issued. HPE's Counterclaim Count VI(2) sufficiently sets forth each of these allegations. *See, e.g.*, Dkt. 116, ¶¶ 115, 121, 122.

This conclusion is fully consistent with *Novo Nordisk A/S/ v. Caraco Pharm. Lab., Ltd. See* Dkt. 140 at 3. In that case, the Court determined as part of a bench trial that results withheld from the USPTO did not contradict results submitted to the USPTO to rebut a *prima facie* case of obviousness because the overall conclusions submitted to the USPTO were "not [] shown to be false." *See* 719 F.3d 1346, 1351, 1358-1359 (Fed. Cir. 2013). Here, at the pleading stage, HPE alleges VirtaMove did not submit anything to the USPTO about enablement and the "unique identity" at all. And HPE alleges that VirtaMove's withholding of its prior statements to the EPO was material to issuance of claims in the U.S. that lacked a "unique identity" and for which the USPTO did not have the benefit of any of applicants' prior positions. That sufficiently alleges but-for materiality. *See Therasense II*, 864 F. Supp. 2d at 863 ("Had the EPO briefs been presented to him, the examiner would have seen through Abbott's representations to him.")

For these reasons, and those set forth in HPE's opposition, HPE respectfully requests that the Court deny VirtaMove's motion to dismiss Count VI(2) of HPE's Amended Answer.

Dated: February 27, 2025          Respectfully submitted,

By: */s/ Katharine Burke*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

Katharine Burke (Lead Attorney)
DC Bar Number: 985333
Katharine.burke@bakerbotts.com
**BAKER BOTTS L.L.P.**
700 K Street, N.W.
Washington, DC 20001-5692
Tel: (202) 639-7700

Douglas M. Kubehl
Texas Bar No. 00796909
Doug.kubehl@bakerbotts.com
Morgan Mayne
Texas Bar No. 24084387
Morgan.mayne@bakerbotts.com
Emily Deer
Texas Bar No. 24116352
Emily.deer@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
Tel: (214) 953-6500

David Lien (*pro hac vice*)
California Bar No. 313754
David.lien@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Rd, Bdg., One, Ste. 200
Palo Alto, CA 94304-1007
Tel: (650) 739-7563

***ATTORNEYS FOR DEFENDANT***

**CERTIFICATE OF SERVICE**

I hereby certify that Counsel of record who are deemed to have consented to electronic service are being served on February 27, 2025, with a copy of this document via the Court's CM/ECF system.

*/s/ Katharine Burke*
Katharine Burke