UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br>        Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br>        Defendant. | Case No. 2:24-cv-00093-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br>        Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br>        Defendant. | Case No. 2:24-cv-00064-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF VIRTAMOVE, CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO HEWLETT PACKARD ENTERPRISE COMPANY'S COUNTERCLAIMS

Plaintiff VirtaMove, Corp. ("VirtaMove" or "Plaintiff") submits the following Answer to Defendant Hewlett Packard Enterprise Company's ("HPE" or "Defendant") Counterclaim and Jury Demand filed on December 23, 2024 ("Counterclaim").

## BACKGROUND

1. Admit that VirtaMove sued HPE for patent infringement on February 9, 2024. Admit that the patents asserted by VirtaMove are U.S. Patent Nos. 7,519,814 and 7,784,058.

2. Admit that the allegations in VirtaMove's Third Amended Complaint speak for themselves.

3. Deny.

4. Deny.

5. Deny.

## PARTIES

6. Admit.

7. Admit.

## JURISDICTION AND VENUE

8. Admit that Defendant's counterclaims arise under the patent laws of the United States and that Defendant seeks certain declaratory relief. Deny that Defendant is entitled to any such relief. Deny any other allegations in this paragraph.

9. Admit that there is a case or controversy between the parties concerning VirtaMove's allegations of infringement, and HPE's allegations of invalidity, unenforceability, and non-infringement. Deny any other allegations in this paragraph.

10. Admit.

11. Admit.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '814 PATENT

12. VirtaMove realleges Paragraphs 1-11 as though fully set forth herein.

13. Admit that Defendant seeks a certain declaratory judgment. Deny that Defendant is entitled to any such relief. Deny any other allegations in this paragraph.

14. Deny.

15. Admit that Plaintiff's allegations in its Complaint as amended speak for themselves. Deny any other allegations in this paragraph.

16. Admit that there is a case or controversy between the parties concerning alleged infringement and validity of the '814 Patent. Deny any other allegations in this paragraph.

17. Admit that Defendant seeks a certain declaratory judgment. Deny that Defendant is entitled to any such relief. Deny any other allegations in this paragraph.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '058 PATENT

18. VirtaMove realleges Paragraphs 1-17 as though fully set forth herein.

19. Admit that Defendant seeks a certain declaratory judgment. Deny that Defendant is entitled to any such relief. Deny any other allegations in this paragraph.

20. Deny.

21. Admit that Plaintiff's allegations in its Complaint as amended speak for themselves. Deny any other allegations in this paragraph.

22. Admit that there is a case or controversy between the parties concerning alleged infringement and validity of the '058 Patent. Deny any other allegations in this paragraph.

23. Admit that Defendant seeks a certain declaratory judgment. Deny that Defendant is entitled to any such relief. Deny any other allegations in this paragraph.

## COUNT III – DECLARATORY JUDGMENT OF INVALIDITY OF THE '814 PATENT

24. VirtaMove realleges Paragraphs 1-23 as though fully set forth herein.

25. Admit that Defendant seeks a certain declaratory judgment. Deny that Defendant is entitled to any such relief. Deny any other allegations in this paragraph.

26. Deny.

27. Admit that Plaintiff's allegations in its Complaint as amended speak for themselves. Deny any other allegations in this paragraph.

28. Admit that there is a case or controversy between the parties concerning alleged infringement and validity of the '814 Patent. Deny any other allegations in this paragraph.

29. Admit that Defendant seeks a certain declaratory judgment. Deny that Defendant

is entitled to any such relief. Deny any other allegations in this paragraph.

### COUNT IV – DECLARATORY JUDGMENT OF INVALIDITY OF THE '058 PATENT

30. VirtaMove realleges Paragraphs 1-29 as though fully set forth herein.

31. Admit that Defendant seeks a certain declaratory judgment. Deny that Defendant is entitled to any such relief. Deny any other allegations in this paragraph.

32. Deny.

33. Admit that Plaintiff's allegations in its Complaint as amended speak for themselves. Deny any other allegations in this paragraph.

34. Admit that there is a case or controversy between the parties concerning alleged infringement and validity of the '058 Patent. Deny any other allegations in this paragraph.

35. Admit that Defendant seeks a certain declaratory judgment. Deny that Defendant is entitled to any such relief. Deny any other allegations in this paragraph.

### COUNT V – DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO. 7,784,058 BASED ON INEQUITABLE CONDUCT

36. VirtaMove realleges Paragraphs 1-35 as though fully set forth herein.

37. Deny.

38. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

39. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

40. Admit that Donn Rochette, Paul O'Leary, and Dean Huffman are the named inventors. Admit that Charles E. Wands and Christopher F. Regan were involved in patent prosecution. Deny any other allegations in this paragraph.

**Material Omissions Concerning Prior Art Reference Solaris 10**

41. Deny.

42. VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

43. VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

44. Admit that Mr. Rochette made the statements quoted from his September 10, 2024 deposition transcript. Deny as to any other allegations in this paragraph.

45. Deny.

46. Admit that the quotations from the prosecution of the '058 Patent are accurate. Deny as to any other allegations in this paragraph.

47. Deny.

48. Deny

49. Admit that Mr. Rochette made the statements quoted from his September 10, 2024 deposition transcript. Admit that the quotations from the prosecution of the '058 Patent are accurate. Deny as to any other allegations in this paragraph.

50. Admit that Mr. Rochette made the statement quoted from his September 10, 2024 deposition transcript. Admit that the quotation from the prosecution of the '058 Patent are accurate. Deny as to any other allegations in this paragraph.

51. Admit that Mr. Rochette made the statement quoted from his September 10, 2024 deposition transcript. Admit that the quotation from the prosecution of the '058 Patent are accurate. Deny as to any other allegations in this paragraph.

52. Deny.

53. Admit that Mr. O'Leary's notes dated between 2002 and 2005 speak for

themselves. Deny as to any other allegations in this paragraph.

54. Admit that Trigence Corp. prepared the 2004 Scientific Research and Experimental Development (SR&ED) Technical Submission. Admit that the quotation from the '058 Patent file history is accurate. Deny as to any other allegations in this paragraph.

55. Admit that the quotation from the prosecution of the '058 Patent are accurate. Admit that the USPTO granted the application that led to the '058 Patent. Deny as to any other allegations in this paragraph.

56. Deny.

57. Deny.

58. Admit that the named inventors of the '058 Patent acknowledged their duties under Title 37, Code of the Federal Regulations, S.156(a). Deny as to any other allegations in this paragraph.

59. Deny.

**Material Omissions Concerning Prior Art Reference FreeBSD 4.0**

60. Admit that Donn Rochette, Paul O'Leary, and Dean Huffman are the named inventors and that Trigence Corp. was the named assignee. Admit that Charles E. Wands and Christopher F. Regan were involved in patent prosecution. Deny any other allegations in this paragraph.

61. VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

62. VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

63. Deny.

64. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

65. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

66. Admit that Unified Patents, LLC requested reexamination on September 23, 2024. VirtaMove lacks knowledge and information sufficient to form a belief as to the remaining allegations of this paragraph, and therefore denies these allegations.

67. VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

68. VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

69. Admit that the quotes from the October 24, 2024 Order Granting Request for EPR are accurate. Deny any other allegations in this paragraph.

70. Admit that the quotes from the October 24, 2024 Order Granting Request for EPR are accurate. Deny any other allegations in this paragraph.

71. Admit that the quotes from the October 24, 2024 Order Granting Request for EPR are accurate. Deny any other allegations in this paragraph.

72. Admit that the quotes from the October 24, 2024 Order Granting Request for EPR are accurate. Deny any other allegations in this paragraph.

73. Admit that the quotes from the '058 Patent File History are accurate. Deny any other allegations in this paragraph.

74. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any remaining allegations in this paragraph.

75. Deny.

76. Admit that the language directly quoted from Mr. Rochette's September 10, 2024 deposition transcript are accurate. Deny any remaining allegations in this paragraph.

77. Admit that the language directly quoted from Mr. Rochette's September 10, 2024 deposition transcript are accurate. Deny any remaining allegations in this paragraph.

78. Admit that Mr. O'Leary's notes dated between 2002 and 2005 speak for themselves. Deny as to any other allegations in this paragraph.

79. Admit that Trigence Corp. prepared the 2004 Scientific Research and Experimental Development (SR&ED) Technical Submission. Admit that the quotation from the '058 Patent file history is accurate. Deny as to any other allegations in this paragraph.

80. Admit that the quotation from the prosecution of the '058 Patent are accurate. Admit that the USPTO granted the application that led to the '058 Patent. Deny as to any other allegations in this paragraph.

81. Deny.

82. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any remaining allegations in this paragraph.

83. Admit that the named inventors of the '058 Patent acknowledged their duties under Title 37, Code of the Federal Regulations, S.156(a). Deny as to any other allegations in this paragraph.

84. Deny.

**COUNT VI – DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO. 7,519,814 BASED ON INEQUITABLE CONDUCT**

85. VirtaMove realleges Paragraphs 1-84 as though fully set forth herein.

86. To the extent the allegations in this paragraph set forth legal conclusions, no

response is required. Deny any remaining allegations in this paragraph.

87. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

88. Admit that Donn Rochette, Paul O'Leary, and Dean Huffman are the named inventors. Admit that Charles E. Wands and Christopher F. Regan were involved in patent prosecution. Deny any other allegations in this paragraph.

**Material Omissions Concerning Prior Art Reference Solaris 10**

89. Admit that Donn Rochette, Paul O'Leary, and Dean Huffman are the named inventors and that Trigence Corp. was the named assignee. Admit that Charles E. Wands and Christopher F. Regan were involved in patent prosecution. Deny any other allegations in this paragraph.

90. VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

91. VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

92. Admit that Mr. Rochette made the statements quoted from his September 10, 2024 deposition transcript. Deny as to any other allegations in this paragraph.

93. Deny.

94. Admit that the quotations from the prosecution of the '814 Patent are accurate. Deny as to any other allegations in this paragraph.

95. Admit that the quotations from the prosecution of the '814 Patent are accurate. Deny as to any other allegations in this paragraph.

96. To the extent the allegations in this paragraph set forth legal conclusions, no

response is required. Deny as to any other allegations in this paragraph.

97. Admit that Mr. Rochette made the statements quoted from his September 10, 2024 deposition transcript. Deny as to any other allegations in this paragraph.

98. Admit that Mr. Rochette made the statements quoted from his September 10, 2024 deposition transcript. Admit that the quotations from the prosecution of the '814 Patent are accurate. Deny as to any other allegations in this paragraph.

99. Admit that Mr. Rochette made the statements quoted from his September 10, 2024 deposition transcript. Admit that the quotations from the prosecution of the '814 Patent are accurate. Deny as to any other allegations in this paragraph.

100. VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

101. Admit that Mr. O'Leary's notes dated between 2002 and 2005 speak for themselves. Deny as to any other allegations in this paragraph.

102. Admit that Trigence Corp. prepared the 2004 Scientific Research and Experimental Development (SR&ED) Technical Submission. Admit that the quotation from the '814 Patent file history is accurate. Deny as to any other allegations in this paragraph.

103. Admit that the quotation from the prosecution of the '814 Patent are accurate. Admit that the USPTO granted the application that led to the '814 Patent. Deny as to any other allegations in this paragraph.

104. Deny.

105. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

106. Admit that the named inventors of the '814 Patent acknowledged their duties under

Title 37, Code of the Federal Regulations, S.156(a). Admit that Mr. O'Leary's notes speak for themselves. Deny as to any other allegations in this paragraph.

107. Deny.

## Material Omissions to the USPTO Regarding the Required Unique Identity of the Claimed Containers

108. Admit that Application No. 04021916 was filed and prosecuted before the European Patent Office, and was published as EP151229 on March 16, 2025. Deny as to any other allegations in this paragraph.

109. Admit that Applicants abandoned EP151229. To the extent the remaining allegations in this paragraph set forth legal conclusions, no response is required. Deny any other allegations in this paragraph.

110. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

111. Admit that Donn Rochette, Paul O'Leary, and Dean Huffman are the named inventors and that Trigence Corp. was the named assignee. Admit that Charles E. Wands and Christopher F. Regan were involved in patent prosecution. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any other allegations in this paragraph.

112. Admit that the quotes from the '814 Patent File History are accurate. Deny any other allegations in this paragraph.

113. Deny.

114. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

115. To the extent the allegations in this paragraph set forth legal conclusions, no

response is required. Deny as to any other allegations in this paragraph.

116. Admit that the quotes from the EPO File History are accurate. Deny as to any other allegations in this paragraph.

117. Admit that the quotes from the EPO File History are accurate. Deny as to any other allegations in this paragraph.

118. Admit that the quotes from the EPO File History are accurate. Deny as to any other allegations in this paragraph.

119. Admit that the quotes from Applicants' March 31, 2008 reply to the EPO's Second Rejection are accurate. Deny as to any other allegations in this paragraph.

120. Admit that the prosecution history speaks for itself. Deny as to any other allegations in this paragraph.

121. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

122. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

123. Admit that the quote from claim 6 of the '814 patent is accurate. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

124. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

125. Admit that Donn Rochette, Paul O'Leary, and Dean Huffman are the named inventors and that Trigence Corp. was the named assignee. Admit that Charles E. Wands and Christopher F. Regan were involved in patent prosecution. Deny any other allegations in this

paragraph.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## REQUESTED RELIEF

In response to HPE's prayer for relief, VirtaMove denies that HPE is entitled to any relief, including any of the relief requested in paragraphs A-I of HPE's prayer for relief. Further, VirtaMove requests the following relief:

WHEREFORE, VirtaMove respectfully requests that this Court enter:

    A.    A judgment in favor of Plaintiff on all counterclaims asserted by Defendant;

    B.    An adjudication that Defendant is not entitled to any relief on its counterclaims, including, without limitation, any fine or damages;

    C.    A dismissal with prejudice of Defendant's counterclaims;

    D.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant;

    E.    Plaintiff's costs of suit against Defendant; and

    F.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **ADDITIONAL DEFENSES**

Without assuming any burden of production or proof that it would not otherwise be required to bear under applicable law, VirtaMove asserts the following defenses. VirtaMove reserves the right to add additional defenses and/or supplement its defenses as its

investigation continues and as discovery progresses. VirtaMove therefore reserves its right to amend this Answer, including by asserting additional defenses, as discovery progresses.

## FIRST DEFENSE (Equitable Defenses)

HPE is barred, in whole or in part, under principles of equity, including prosecution laches, acquiescence, waiver, estoppel, unclean hands, and/or any other equitable remedy.

## RESERVATION OF RIGHTS

VirtaMove has insufficient knowledge or information upon which to form a belief as to whether it may have yet unstated separate and additional defenses available. VirtaMove reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories, which may or will be divulged through clarification of HPE's claims, through discovery, or through further legal analysis of HPE's claims and positions in this litigation.

Dated: April 21, 2025

Respectfully submitted,

/s/ Reza Mirzaie
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com

        Mackenzie Paladino (NY SBN 6039366)
        mpaladino@raklaw.com
        **RUSS AUGUST & KABAT**
        12424 Wilshire Boulevard, 12th Floor
        Los Angeles, CA 90025
        Telephone: (310) 826-7474

        Qi (Peter) Tong (TX SBN 24119042)
        **RUSS AUGUST & KABAT**
        8080 N. Central Expy., Suite 1503
        Dallas, TX 75206
        Telephone: (310) 826-7474

        *Attorneys for Plaintiff VirtaMove, Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 21th day of April 2025, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

       */s/ Reza Mirzaie*
        Reza Mirzaie