## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br>　　　　　　　　Defendant. | Case No. 2:24-cv-00093-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br>　　　　　　　　Defendant. | Case No. 2:24-cv-00064-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF VIRTAMOVE, CORP.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO INTERNATIONAL BUSINESS MACHINES CORP.'S COUNTERCLAIMS

Plaintiff VirtaMove, Corp. ("VirtaMove" or "Plaintiff") submits the following Answer to Defendant International Business Machines Corp.'s ("IBM or "Defendant") Counterclaims and Jury Demand filed on December 19, 2024 ("Counterclaim").

### INTRODUCTION

1.　　　VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

2.　　　VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

3.　　　VirtaMove lacks knowledge and information sufficient to form a belief as to the

allegations of this paragraph, and therefore denies these allegations.

4.    Deny.

5.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any allegations in this paragraph.

## NATURE OF THE ACTION

6.    Admit that the Counterclaims purport to bring an action alleging infringement of U.S. Patent Nos. 9,722,858, 9,697,038, 10,606,634, and 8,943,500. VirtaMove denies that it has infringed any of these patents. Deny that Defendant is entitled to any such relief. Deny any other allegations in this paragraph.

7.    Admit that IBM has filed these counterclaims alleging infringement against VirtaMove's products V-Migrate and V-Maestro.

## PARTIES

8.    VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

9.    Admit.

10.    Admit.

## JURISDICTION AND VENUE

11.    Admit that Defendant's counterclaims arise under the patent laws of the United States and that Defendant seeks certain declaratory relief. Deny that Defendant is entitled to any such relief. Deny any other allegations in this paragraph.

12.    Admit.

13.    Admit.

14.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any allegations in this paragraph.

# FACTUAL BACKGROUND

## *Counterclaim Patents*

15.    VirtaMove admits that the '858 Patent is titled "Management Infrastructure Analysis for Cloud Migration."  VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

16.    Admit that Matthew A. Markley, Amitkumar M. Paradkar, Venkata Vinay Parisa, and Birgit M. Pfitzmann are the named inventors of the '858 Patent. Admit that International Business Machines Corporation is listed as the Assignee on the '858 Patent. VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

17.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any allegations in this paragraph.

18.    VirtaMove admits that the '038 Patent is titled "System and Method for Application Isolation."  VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

19.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any allegations in this paragraph.

20.    VirtaMove admits that the '634 Patent is titled "System and Method for Application Isolation."  VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

21.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any allegations in this paragraph.

22.    VirtaMove admits that the '634 Patent is titled "System and Method for

Application Isolation." VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

23.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any allegations in this paragraph.

24.    Admit that Allan Havemose is listed as the inventor of U.S. Patent No. 8,341,631. VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

### *VirtaMove's Infringing Products*

25.    VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove denies the remaining allegations of this paragraph.

26.    VirtaMove admits that its website describes its V-Migrate product. VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove denies the remaining allegations of this paragraph.

27.    VirtaMove admits that its website describes its V-Maestro product. VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove denies the remaining allegations of this paragraph.

28.    VirtaMove admits that its website describes its Legacy Windows Application Migration Workflow. VirtaMove admits that the Workflow speaks for itself. VirtaMove denies the remaining allegations of this paragraph.

29.    VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove denies the remaining allegations of this paragraph.

30.    VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove denies the remaining allegations of this paragraph.

31.     VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove denies the remaining allegations of this paragraph.

32.     VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove denies the remaining allegations of this paragraph.

33.     VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove denies the remaining allegations of this paragraph.

34.     VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove denies the remaining allegations of this paragraph.

35.     VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove denies the remaining allegations of this paragraph.

### COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 9,722,858

36.     VirtaMove realleges Paragraphs 1-35 as though fully set forth herein.

37.     Admit that the language quoted from claim 1 of the '058 Patent is accurate. Deny as to any other allegations in this paragraph.

38.     VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove admits that what IBM purports to be a claim chart is attached as Exhibit 9 to the Counterclaims and denies any contentions included in Exhibit 9. Deny as to any other allegations in this paragraph.

39.     Deny.

40.     Deny.

41.     Deny.

42.     Deny.

43.     Deny.

44.      Deny.

45.      Deny.

## COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 9,697,038

46.      VirtaMove realleges Paragraphs 1-45 as though fully set forth herein.

47.      Admit that the language quoted from claim 1 of the '038 Patent is accurate. Deny as to any other allegations in this paragraph.

48.      VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove admits that what IBM purports to be a claim chart is attached as Exhibit 10 to the Counterclaims and denies any contentions included in Exhibit 10. Deny as to any other allegations in this paragraph.

49.      Deny.

50.      Deny.

51.      Deny.

52.      Deny.

53.      Deny.

54.      Deny.

55.      Deny.

## COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 10,606,634

56.      VirtaMove realleges Paragraphs 1-55 as though fully set forth herein.

57.      Admit that the language quoted from claim 1 of the '634 Patent is accurate. Deny as to any other allegations in this paragraph.

58.      VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove admits that what IBM purports to be a claim chart is attached as Exhibit 11 to the

Counterclaims and denies any contentions included in Exhibit 11. Deny as to any other allegations in this paragraph.

59.    Deny.

60.    Deny.

61.    Deny.

62.    Deny.

63.    Deny.

64.    Deny.

65.    Deny.

## COUNT 4: INFRINGEMENT OF U.S. PATENT NO. 8,943,500

66.    VirtaMove realleges Paragraphs 1-65 as though fully set forth herein.

67.    Admit that the language quoted from claim 1 of the '500 Patent is accurate. Deny as to any other allegations in this paragraph.

68.    VirtaMove denies all allegations of infringement contained in this paragraph. VirtaMove admits that what IBM purports to be a claim chart is attached as Exhibit 12 to the Counterclaims and denies any contentions included in Exhibit 12. Deny as to any other allegations in this paragraph.

69.    Deny.

70.    Deny.

71.    Deny.

72.    Deny.

73.    Deny.

74.    Deny.

75.    Deny.

## COUNT 5: DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO. 7,519,814 BASED ON INEQUITABLE CONDUCT

76.    VirtaMove realleges Paragraphs 1-75 as though fully set forth herein.

77.    Admit that a counterpart application to the application that led to the '814 Patent was filed and prosecuted before the European Patent Office. Admit that the EPO rejected the counterpart application. Deny as to any other allegations in this paragraph. To the extent the remaining allegations in this paragraph set forth legal conclusions, no response is required. Deny any remaining allegations in this paragraph.

78.    Admit that Donn Rochette, Paul O'Leary, and Dean Huffman are the named inventors. Admit that Charles E. Wands and Christopher F. Regan were involved in patent prosecution. Deny as to any other allegations in this paragraph.

79.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

80.    Admit that the quote from the '814 Patent File History is accurate.  To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

81.    Deny.

82.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

### Summary of the Parallel European USPTO Prosecutions

83.    Admit.

84.    Admit that on September 15, 2004, Applicants filed a European counterpart application to the '814 Patent (Application No. 04021916), which published as EP1515229 on

March 16, 2005. Deny as to any other allegations in this paragraph.

85.    Admit that U.S. Publication No. 2002/174215 A1 was identified in the European Patent Office search report. Deny as to any other allegations in this paragraph.

86.    Admit that the language quoted from the '814 Prosecution History is accurate. Deny as to any other allegations in this paragraph.

87.    Admit that the EPO issued its first rejection in view of Schaefer on May 5, 2006. Admit that the quotes from EPO First Rejection are accurate. Deny as to any other allegations in this paragraph.

88.    Admit that Applicants submitted a reply to the EPO's First Rejection on August 18, 2006. Admit that Applicants' reply speaks for itself. Deny as to any other allegations in this paragraph.

89.    Admit that the EPO issued its second rejection in view of Schaefer on November 23, 2007. Admit that the quotes from EPO Second Rejection is accurate. Deny as to any other allegations in this paragraph.

90.    Admit that Applicants submitted the IDS on November 28, 2006. Deny as to any other allegations in this paragraph.

91.    Admit that the prosecution history speaks for itself. Deny as to any other allegations in this paragraph.

92.    Admit that Applicants submitted a reply to the EPO's Second Rejection on March 31, 2008. Admit that Applicants' reply speaks for itself. Deny as to any other allegations in this paragraph.

93.    Admit that the EPO issued its third rejection in view of Schaefer on June 3, 2008. Admit that the quotes from EPO Third Rejection is accurate. Deny as to any other allegations in

this paragraph.

94.    Admit that the USPTO issued a Non-Final Rejection in view of U.S. Patent No. 6,381,742 on June 3, 2008. Deny as to any other allegations in this paragraph.

95.    Admit that Applicants amended the '814 Application claims on September 3, 2008. Admit that the amendment speaks for itself. Deny as to any other allegations in this paragraph.

96.    Admit that Applicants submitted a reply to the EPO's Third Rejection on October 2, 2008. Admit that Applicants' reply speaks for itself. Deny as to any other allegations in this paragraph.

97.    Admit that the USPTO issued a notice of allowance on December 10, 2008. Deny as to any other allegations in this paragraph.

98.    Admit that the EPO issued its fourth rejection in view of Schaefer on January 26, 2009. Deny as to any other allegations in this paragraph.

99.    Admit that the '814 Patent issued April 14, 2009.

100.    Admit that applicants abandoned prosecution of the European Counterpart Application. Deny as to any other allegations in this paragraph.

101.    Admit that the prosecution of the '814 Application speaks for itself. Deny as to any other allegations in this paragraph.

### Material Misrepresentations And Omissions To The USPTO Regarding The Required Unique Identity Of The Claimed Containers

102.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

103.    Admit that the quotations from the EPO File History are accurate. Deny as to any other allegations in this paragraph.

104.    Admit that the quotations from the EPO File History are accurate. Deny as to any other allegations in this paragraph.

105.    Admit that the quotations from the EPO File History are accurate. Deny as to any other allegations in this paragraph.

106.    Admit that the quotations from the EPO File History are accurate. Deny as to any other allegations in this paragraph.

107.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

108.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

109.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

110.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

111.    Deny.

**Material Misrepresentations And Omissions To The USPTO Regarding The Novelty Of The Claimed Invention**

112.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

113.    Admit that the quotations from the USPTO's December 10, 2008 Notice of Allowance are accurate. Deny as to any other allegations in this paragraph.

114.    Admit that the quotations from the EPO File History are accurate. Deny as to any other allegations in this paragraph.

115.    Admit that the quotation from the EPO File History is accurate. Deny as to any other allegations in this paragraph.

116.    Admit that the quotation from the EPO File History is accurate. Admit that the quotation from the '814 Patent Prosecution History is accurate. Deny as to any other allegations in this paragraph.

117.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

118.    Deny.

## COUNT 6: DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO. 7,519,814 BASED ON INEQUITABLE CONDUCT

119.    VirtaMove realleges Paragraphs 1-75 and 76-118 as though fully set forth herein.

120.    Deny.

121.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any remaining allegations in this paragraph.

122.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any remaining allegations in this paragraph.

123.    Admit that Donn Rochette, Paul O'Leary, and Dean Huffman are the named inventors. Admit that Charles E. Wands and Christopher F. Regan were involved in patent prosecution. Deny any other allegations in this paragraph.

### Material Misrepresentation and Omissions Concerning Prior Art Solaris 10

124.    Admit that Donn Rochette, Paul O'Leary, and Dean Huffman are the named inventors and that Trigence Corp. was the named assignee. Admit that Charles E. Wands and Christopher F. Regan were involved in patent prosecution. Deny any other allegations in this paragraph.

125.    VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

126.    VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

127.    Admit that Mr. Rochette made the statements quoted from his September 10, 2024 deposition transcript. Deny as to any other allegations in this paragraph.

128.    Deny.

129.    Admit that the quotations from the prosecution of the '814 Patent are accurate. Deny as to any other allegations in this paragraph.

130.    Admit that the quotations from the prosecution of the '814 Patent are accurate. Deny as to any other allegations in this paragraph.

131.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any allegations in this paragraph.

132.    Admit that Mr. Rochette made the statements quoted from his September 10, 2024 deposition transcript. Deny as to any other allegations in this paragraph.

133.    Admit that Mr. Rochette made the statements quoted from his September 10, 2024 deposition transcript. Admit that the quotations from the prosecution of the '814 Patent are accurate. Deny as to any other allegations in this paragraph.

134.    Admit that Mr. Rochette made the statements quoted from his September 10, 2024 deposition transcript. Admit that the quotations from the prosecution of the '814 Patent are accurate. Deny as to any other allegations in this paragraph.

135.    VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

136.    Admit that Mr. O'Leary's notes dated between 2002 and 2005 speak for themselves. Deny as to any other allegations in this paragraph.

137.    Admit that Trigence Corp. prepared the 2004 Scientific Research and Experimental Development (SR&ED) Technical Submission. Admit that the quotation from the '814 Patent file history is accurate. Deny as to any other allegations in this paragraph.

138.    Admit that the quotation from the prosecution of the '814 Patent are accurate. Admit that the USPTO granted the application that led to the '814 Patent. Deny as to any other allegations in this paragraph.

139.    Deny.

140.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any allegations in this paragraph.

141.    Deny.

142.    Admit that the named inventors of the '814 Patent acknowledged their duties under Title 37, Code of the Federal Regulations, S.156(a). Admit that Mr. O'Leary's notes speak for themselves. Deny as to any other allegations in this paragraph.

143.    Deny.

## COUNT 7: DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO. 7,784,058 BASED ON INEQUITABLE CONDUCT

144.    VirtaMove realleges Paragraphs 1-143 as though fully set forth herein.

145.    Deny.

146.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any allegations in this paragraph.

147.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny any allegations in this paragraph.

148.    Admit that Donn Rochette, Paul O'Leary, and Dean Huffman are the named inventors. Admit that Charles E. Wands and Christopher F. Regan were involved in patent prosecution. Deny any other allegations in this paragraph.

### Material Omissions Concerning Prior Art Reference Solaris 10

149.    Deny.

150.    VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

151.    VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

152.    Admit that Mr. Rochette made the statements quoted from his September 10, 2024 deposition transcript. Deny as to any other allegations in this paragraph.

153.    Deny.

154.    Admit that the quotations from the prosecution of the '058 Patent are accurate. Deny as to any other allegations in this paragraph.

155.    Deny.

156.    Deny

157.    Admit that Mr. Rochette made the statements quoted from his September 10, 2024 deposition transcript. Admit that the quotations from the prosecution of the '058 Patent are accurate. Deny as to any other allegations in this paragraph.

158.    Admit that Mr. Rochette made the statement quoted from his September 10, 2024 deposition transcript. Admit that the quotation from the prosecution of the '058 Patent are accurate. Deny as to any other allegations in this paragraph.

159.    Admit that Mr. Rochette made the statement quoted from his September 10, 2024

deposition transcript. Admit that the quotation from the prosecution of the '058 Patent are accurate. Deny as to any other allegations in this paragraph.

160.    Deny.

161.    Admit that Mr. O'Leary's notes dated between 2002 and 2005 speak for themselves. Deny as to any other allegations in this paragraph.

162.    Admit that Trigence Corp. prepared the 2004 Scientific Research and Experimental Development (SR&ED) Technical Submission. Admit that the quotation from the '058 Patent file history is accurate. Deny as to any other allegations in this paragraph.

163.    Admit that the quotation from the prosecution of the '058 Patent are accurate. Admit that the USPTO granted the application that led to the '058 Patent. Deny as to any other allegations in this paragraph.

164.    Deny.

165.    Deny.

166.    Admit that the named inventors of the '058 Patent acknowledged their duties under Title 37, Code of the Federal Regulations, S.156(a). Deny as to any other allegations in this paragraph.

167.    Deny.

## Material Omissions Concerning Prior Art Reference FreeBSD 4.0

168.    Admit that Donn Rochette, Paul O'Leary, and Dean Huffman are the named inventors and that Trigence Corp. was the named assignee. Admit that Charles E. Wands and Christopher F. Regan were involved in patent prosecution. Deny any other allegations in this paragraph.

169.    VirtaMove lacks knowledge and information sufficient to form a belief as to the

allegations of this paragraph, and therefore denies these allegations.

170.    VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

171.    Deny.

172.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any other allegations in this paragraph.

173.    Admit that the USPTO granted a request for EPR of the '058 Patent. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any remaining allegations in this paragraph.

174.    Admit that Unified Patents, LLC requested reexamination on September 23, 2024. VirtaMove lacks knowledge and information sufficient to form a belief as to the remaining allegations of this paragraph, and therefore denies these allegations.

175.    VirtaMove lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph, and therefore denies these allegations.

176.    Admit that the quotations from the Order Granting Request for EPR are accurate. Deny as to any other allegations in this paragraph.

177.    Admit that the quotations from the Order Granting Request for EPR are accurate. Deny as to any other allegations in this paragraph.

178.    Admit that the quotations from the Order Granting Request for EPR are accurate. Deny as to any other allegations in this paragraph.

179.    Admit that the quotations from the Order Granting Request for EPR are accurate. Deny as to any other allegations in this paragraph.

180.    Admit that the quotations from the Order Granting Request for EPR are accurate.

Deny as to any other allegations in this paragraph.

181.    Admit that the quotations from the '058 Patent File History are accurate.  Deny as to any other allegations in this paragraph.

182.    Admit that Donn Rochette, Paul O'Leary, and Dean Huffman are the named inventors and that Trigence Corp. was the named assignee. Admit that Charles E. Wands and Christopher F. Regan were involved in patent prosecution. To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Deny as to any remaining allegations in this paragraph.

183.    Deny.

184.    Admit that the language directly quoted from Mr. Rochette's September 10, 2024 deposition transcript are accurate. Deny any remaining allegations in this paragraph.

185.    Admit that the language directly quoted from Mr. Rochette's September 10, 2024 deposition transcript are accurate. Deny any remaining allegations in this paragraph.

186.    Admit that Mr. O'Leary's notes dated between 2002 and 2005 speak for themselves. Deny as to any other allegations in this paragraph.

187.    Admit that Trigence Corp. prepared the 2004 Scientific Research and Experimental Development (SR&ED) Technical Submission. Admit that the quotation from the '058 Patent file history is accurate. Deny as to any other allegations in this paragraph.

188.    Admit that the quotation from the prosecution of the '058 Patent are accurate. Admit that the USPTO granted the application that led to the '058 Patent. Deny as to any other allegations in this paragraph.

189.    Deny.

190.    To the extent the allegations in this paragraph set forth legal conclusions, no

response is required. Deny any remaining allegations in this paragraph.

191.    Admit that the named inventors of the '058 Patent acknowledged their duties under Title 37, Code of the Federal Regulations, S.156(a). Deny as to any other allegations in this paragraph.

192.    Deny.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## REQUESTED RELIEF

In response to IBM's prayer for relief, VirtaMove denies that IBM is entitled to any relief, including any of the relief requested in paragraphs A-K of IBM's prayer for relief. Further, VirtaMove requests the following relief:

WHEREFORE, VirtaMove respectfully requests that this Court enter:

A.    A judgment in favor of Plaintiff on all counterclaims asserted by Defendant;

B.    An adjudication that Defendant is not entitled to any relief on its counterclaims, including, without limitation, any fine or damages;

C.    A dismissal with prejudice of Defendant's counterclaims;

D.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant;

E.    Plaintiff's costs of suit against Defendant; and

F.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## ADDITIONAL DEFENSES

Without assuming any burden of production or proof that it would not otherwise be required to bear under applicable law, VirtaMove asserts the following defenses. VirtaMove reserves the right to add additional defenses and/or supplement its defenses as its investigation continues and as discovery progresses. VirtaMove therefore reserves its right to amend this Answer, including by asserting additional defenses, as discovery progresses.

## FIRST DEFENSE (Non-Infringement)

VirtaMove does not infringe and has not infringed any valid and enforceable claim of U.S. Patent Nos 9,722,858, 9,697,038, 10,606,634, and 8,943,500 (collectively, the "Counterclaim Patents") in any manner, literally or under the doctrine of equivalents, directly or indirectly. VirtaMove has not performed any act in violation of any rights belonging to IBM.

## SECOND DEFENSE (Invalidity/Ineligibility)

On information and belief, each and every claim of the Counterclaim Patents is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120.

## THIRD DEFENSE (Prosecution History Estoppel and Disclaimer)

IBM's claims are barred, in whole or in part, by the doctrines of prosecution history estoppel and/or disclaimer.

## FOURTH DEFENSE (Failure to Mark)

IBM's recovery for alleged infringement of the Counterclaim Patents, if any, is limited by 35 U.S.C. § 287 to those damages occurring only after notice of the alleged infringement or properly marking products.

### FIFTH DEFENSE (No Willful Infringement)

IBM has failed to state a claim for willfulness upon which relief can be granted.

VirtaMove has committed no wrongdoing or infringement, and IBM cannot show any

willful infringement occurred. IBM is not entitled to enhanced damages under 35 U.S.C.

§284 or pursuant to the Court's inherent powers because VirtaMove has failed to meet, and

cannot meet as a matter of law, the requirements for willful infringement.

### SIXTH DEFENSE (No Equitable Entitlement to Injunctive Relief)

IBM is not entitled to injunctive relief at least because any alleged injury to IBM is

not immediate or irreparable, and IBM has an adequate remedy at law for its claims. IBM

will not be able to demonstrate (1) irreparable injury, (2) that damages are inadequate

remedies, (3) that an equitable remedy is appropriate on balance, and (4) that the public

interest would not be disserved by the issuance of an injunction.

### SEVENTH DEFENSE (Limitation on Damages)

IBM's claim for relief are limited by 35 U.S.C. § 286 to the extent they seek any

recovery for any alleged infringing acts that occurred more than six years before the filing

of the Counterclaims. IBM is further barred by 35 U.S.C. § 288 from recovering costs

associated with its action.

### EIGHT DEFENSE (Other Equitable Defenses)

IBM is barred, in whole or in part, under principles of equity, including prosecution

laches, acquiescence, waiver, estoppel, unclean hands, and/or any other equitable remedy.

### NINTH DEFENSE (Ensnarement and/or Claim Vitiation)

IBM's claims are barred or limited in whole or in part by the doctrine of ensnarement

and/or claim vitiation.

## TENTH DEFENSE (License and/or Exhaustion)

To the extent that IBM has licensed or otherwise exhausted its rights and remedies as to products or services that are accused, or to products or services that IBM alleges are covered by the Counterclaims, VirtaMove is not liable to IBM for any alleged acts of infringement related to such products or services.

## RESERVATION OF RIGHTS

VirtaMove has insufficient knowledge or information upon which to form a belief as to whether it may have yet unstated separate and additional defenses available. VirtaMove reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories, which may or will be divulged through clarification of IBM's claims, through discovery, or through further legal analysis of IBM's claims and positions in this litigation.

## VIRTAMOVE'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, VirtaMove Corp. ("VirtaMove" or "Plaintiff") asserts the following Counterclaims against International Business Machines Corp. ("IBM" or "Defendant"). Plaintiff reserves the right to further amend its Counterclaims to assert additional claims which may be revealed during discovery.

## BACKGROUND

1.    On December 19, 2024, IBM filed its Counterclaims (Dkt. No. 115) against VirtaMove, alleging infringement of U.S. Patent Nos. 9,722,858 ("the '858 Patent"), 9,697,038 ("the '038 Patent"), 10,606,634 ("the '634 Patent"), and 8,943,500 ("the '500 Patent") (collectively, the "Counterclaim Patents").

2.    VirtaMove does not infringe, directly or indirectly, by inducement or by

contribution, any valid, enforceable claim of the Counterclaim Patents.

3.      All claims of the Counterclaim Patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120.

4.      The Counterclaim Patents, and each claim thereof, are unenforceable for failure to comply with one or more conditions and requirements for patentability set forth in the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the duty of disclosure, candor, and good faith and/or 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, 120.

## PARTIES

5.      VirtaMove is a corporation organized and existing under the laws of Canada, having its place of business at 110 Didsbury Road, M083, Ottawa, Ontario K2T 0C2. VirtaMove is formerly known as AppZero Software Corp. ("AppZero"), which was established in 2010.

6.      In its Counterclaims, IBM states that it is a corporation organized and existing under the laws of New York, having a principal place of business at One New Orchard Road, Armonk, New York 10504.

## JURISDICTION AND VENUE

7.      This is an action for a declaration that each and every claim of the Counterclaim Patents is invalid, unenforceable, and not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, et seq. Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

8.      An actual, substantial, and continuing controversy exists between VirtaMove and IBM with respect to which VirtaMove requires a declaration of its rights by the Court.

Specifically, the controversy relates to the invalidity, unenforceability, and non-infringement of the Counterclaim Patents, and to IBM's maintaining of its Counterclaims against VirtaMove for alleged infringement of the Counterclaim Patents.

9.    Personal jurisdiction is proper for these Counterclaims because IBM filed its counterclaims in this forum. By filing its Counterclaims in this action, IBM has subjected itself to the jurisdiction of this Court for purposes of these Counterclaims against it.

10.    Venue is proper for VirtaMove's counterclaims against IBM under 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, IBM has submitted to the venue of this Court by filing its Counterclaims here.

## COUNT 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '858 PATENT

11.    VirtaMove realleges and incorporates by reference the allegations made in Paragraphs 1-10 as though fully set forth here.

12.    This is an action for declaratory judgment of non-infringement of the '858 Patent.

13.    VirtaMove has not infringed and does not infringe any claim of the '858 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

14.    In its Counterclaims, IBM accuses VirtaMove of infringing the '858 Patent. Absent a declaration that VirtaMove does not infringe the '858 Patent, IBM will continue to wrongfully assert the '858 Patent against VirtaMove and thereby cause injury to VirtaMove.

15.    A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between VirtaMove and IBM as to whether VirtaMove has infringed or infringes any claim of the '858 Patent.

16.    Based on the foregoing, VirtaMove respectfully requests a declaration from the

Court that VirtaMove does not infringe any claim of the '858 Patent.

## COUNT 2: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '038 PATENT

17.     VirtaMove realleges and incorporates by reference the allegations made in Paragraphs 1-16 as though fully set forth here.

18.     This is an action for declaratory judgment of non-infringement of the '038 Patent.

19.     VirtaMove has not infringed and does not infringe any claim of the '038 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

20.     In its Counterclaims, IBM accuses VirtaMove of infringing the '038 Patent. Absent a declaration that VirtaMove does not infringe the '038 Patent, IBM will continue to wrongfully assert the '038 Patent against VirtaMove and thereby cause injury to VirtaMove.

21.     A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between VirtaMove and IBM as to whether VirtaMove has infringed or infringes any claim of the '038 Patent.

22.     Based on the foregoing, VirtaMove respectfully requests a declaration from the Court that VirtaMove does not infringe any claim of the '038 Patent.

## COUNT 3: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '634 PATENT

23.     VirtaMove realleges and incorporates by reference the allegations made in Paragraphs 1-22 as though fully set forth here.

24.     This is an action for declaratory judgment of non-infringement of the '634 Patent.

25.     VirtaMove has not infringed and does not infringe any claim of the '634 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

26.     In its Counterclaims, IBM accuses VirtaMove of infringing the '634 Patent. Absent a declaration that VirtaMove does not infringe the '634 Patent, IBM will continue to wrongfully assert the '634 Patent against VirtaMove and thereby cause injury to VirtaMove.

27.     A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between VirtaMove and IBM as to whether VirtaMove has infringed or infringes any claim of the '634 Patent.

28.     Based on the foregoing, VirtaMove respectfully requests a declaration from the Court that VirtaMove does not infringe any claim of the '634 Patent.

## COUNT 4: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '500 PATENT

29.     VirtaMove realleges and incorporates by reference the allegations made in Paragraphs 1-28 as though fully set forth here.

30.     This is an action for declaratory judgment of non-infringement of the '500 Patent.

31.     VirtaMove has not infringed and does not infringe any claim of the '500 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

32.     In its Counterclaims, IBM accuses VirtaMove of infringing the '500 Patent. Absent a declaration that VirtaMove does not infringe the '500 Patent, IBM will continue to wrongfully assert the '500 Patent against VirtaMove and thereby cause injury to VirtaMove.

33.     A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between VirtaMove and IBM as to whether VirtaMove has infringed or infringes any claim of the '500 Patent.

34.     Based on the foregoing, VirtaMove respectfully requests a declaration from the Court that VirtaMove does not infringe any claim of the '500 Patent.

## COUNT 5: DECLARATORY JUDGMENT OF INVALIDITY OF THE '858 PATENT

35.    VirtaMove realleges and incorporates by reference the allegations made in Paragraphs 1-35 as though fully set forth here.

36.    This is an action for declaratory judgment of invalidity of any and all claims of the '858 Patent.

37.    The '858 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120.

38.    In its Counterclaims, IBM accuses VirtaMove of infringing the '858 Patent. Absent a declaration that any and all claims of the '858 Patent are invalid, IBM will continue to wrongfully assert the '858 Patent against VirtaMove and thereby cause injury to VirtaMove.

39.    A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between VirtaMove and IBM as to whether there exists any valid claim of the '858 Patent.

40.    Based on the foregoing, VirtaMove respectfully requests a declaration from the Court that any and all claims of the '858 Patent are invalid.

## COUNT 6: DECLARATORY JUDGMENT OF INVALIDITY OF THE '038 PATENT

41.    VirtaMove realleges and incorporates by reference the allegations made in Paragraphs 1-40 as though fully set forth here.

42.    This is an action for declaratory judgment of invalidity of any and all claims of the '038 Patent.

43.    The '038 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United

States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120.

44.    In its Counterclaims, IBM accuses VirtaMove of infringing the '038 Patent. Absent a declaration that any and all claims of the '038 Patent are invalid, IBM will continue to wrongfully assert the '038 Patent against VirtaMove and thereby cause injury to VirtaMove.

45.    A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between VirtaMove and IBM as to whether there exists any valid claim of the '038 Patent.

46.    Based on the foregoing, VirtaMove respectfully requests a declaration from the Court that any and all claims of the '038 Patent are invalid.

## COUNT 7: DECLARATORY JUDGMENT OF INVALIDITY OF THE '634 PATENT

47.    VirtaMove realleges and incorporates by reference the allegations made in Paragraphs 1-46 as though fully set forth here.

48.    This is an action for declaratory judgment of invalidity of any and all claims of the '634 Patent.

49.    The '634 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120.

50.    In its Counterclaims, IBM accuses VirtaMove of infringing the '634 Patent. Absent a declaration that any and all claims of the '634 Patent are invalid, IBM will continue to wrongfully assert the '634 Patent against VirtaMove and thereby cause injury to VirtaMove.

51.    A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between VirtaMove and IBM as to whether there exists any valid claim of the '634 Patent.

52.     Based on the foregoing, VirtaMove respectfully requests a declaration from the Court that any and all claims of the '634 Patent are invalid.

**COUNT 8: DECLARATORY JUDGMENT OF INVALIDITY OF THE '500 PATENT**

53.     VirtaMove realleges and incorporates by reference the allegations made in Paragraphs 1-52 as though fully set forth here.

54.     This is an action for declaratory judgment of invalidity of any and all claims of the '500 Patent.

55.     The '500 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120.

56.     In its Counterclaims, IBM accuses VirtaMove of infringing the '500 Patent. Absent a declaration that any and all claims of the '500 Patent are invalid, IBM will continue to wrongfully assert the '500 Patent against VirtaMove and thereby cause injury to VirtaMove.

57.     A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between VirtaMove and IBM as to whether there exists any valid claim of the '500 Patent.

58.     Based on the foregoing, VirtaMove respectfully requests a declaration from the Court that any and all claims of the '500 Patent are invalid.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, VirtaMove respectfully demands a jury trial of all issues triable to a jury in this action.

**REQUESTED RELIEF**

VirtaMove respectfully requests that this Court enter a judgment in its favor of VirtaMove

and against IBM as follows:

    A. Entry of judgment in favor of VirtaMove and against IBM thereby fully and finally dismissing IBM's Counterclaims, with prejudice, with IBM taking nothing by way of its claims;

    B. A declaration that VirtaMove has not and does not infringe any claim of any of the Counterclaim Patents, either literally or under the doctrine of equivalents;

    C. A declaration that each of the claims of the Counterclaim Patents is invalid;

    D. A declaration that each of the Counterclaim Patents are invalid;

    E. A declaration that this is an exceptional case under 35 U.S.C. § 285 and an award to VirtaMove of its costs, attorney fees and expenses; and

    F. Granting VirtaMove any and all other relief to which VirtaMove may be entitled, or which the Court deems just and proper.


Dated: April 21, 2025                          Respectfully submitted,

                                          */s/ Reza Mirzaie*
                                          Reza Mirzaie (CA SBN 246953)
                                          rmirzaie@raklaw.com
                                          Marc A. Fenster (CA SBN 181067)
                                          mfenster@raklaw.com
                                          Neil A. Rubin (CA SBN 250761)
                                          nrubin@raklaw.com
                                          James A. Milkey (CA SBN 281283)
                                          jmilkey@raklaw.com
                                          Jacob Buczko (CA SBN 269408)
                                          jbuczko@raklaw.com
                                          James Tsuei (CA SBN 285530)
                                          jtsuei@raklaw.com
                                          Christian W. Conkle (CA SBN 306374)
                                          cconkle@raklaw.com
                                          Jonathan Ma (CA SBN 312773)
                                          jma@raklaw.com
                                          Daniel B. Kolko (CA SBN 341680)

dkolko@raklaw.com
Mackenzie Paladino (NY SBN 6039366)
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of April 2025, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Reza Mirzaie*
Reza Mirzaie