# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | Civil Action No. 2:24-CV-93-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendant | Civil Action No. 2:24-cv-64-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT HPE'S MOTION TO PRECLUDE AND, IN THE ALTERNATIVE, COMPEL PRODUCTION OF DOCUMENTS AND VIRTAMOVE WITNESSES FOR DEPOSITION**

1

## **TABLE OF CONTENTS**

I.    STATEMENT OF FACTS ............................................................................................... 1

II.   ARGUMENT .................................................................................................................... 3

       A.     VirtaMove Should Be Precluded From Relying On Trial Testimony Or Documents Authored By The VirtaMove Declarants ............................................. 3

       B.     Alternatively, the VirtaMove Declarants Should Be Compelled to Appear for Deposition and to Produce Responsive Documents .......................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Avance v. Kerr-McGee Chem. LLC*,
  2005 WL 5315654 (E.D. Tex. Aug. 9, 2005) ...............................................................................3

*Backertop Licensing LLC v. Canary Connect, Inc.*,
  107 F.4th 1335 (Fed. Cir. 2024) .................................................................................................6

*Cellular Commc'ns Equip. LLC v. AT&T Inc.*,
  No. 2:15-CV-00576, 2017 WL 2306074 (E.D. Tex. May 25, 2017) .........................................7

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991).....................................................................................................................4

*Flagg v. City of Detroit*,
  No. 05-74253, 2010 WL 3070104 (E.D. Mich. Aug. 4, 2010)...................................................7

*Free v. Allstate Indem. Co.*,
  No. 9:20-CV-00190, 2022 WL 22867418 (E.D. Tex. Mar. 16, 2022) ..................................6, 7

*Martino v. Kiewit New Mexico Corp.*,
  600 F. App'x 908 (5th Cir. 2015)............................................................................................3, 4

*NASCO, Inc. v. Calcasieu Television & Radio, Inc.*,
  894 F.2d 696 (5th Cir. 1990) .....................................................................................................4

*Texas Data Co. v. Target Brands, Inc.*,
  771 F. Supp. 2d 630 (E.D. Tex. 2011).......................................................................................6

*Universal Connectivity Techs. Inc. v. Lenovo Grp. Ltd.*,
  No. 2:23-CV-00449-JRG, 2024 WL 5462165 (E.D. Tex. Oct. 2, 2024)...................................7

**OTHER AUTHORITIES**

FED. R. CIV. P. 37(c)(1)...................................................................................................................3

FED. R. CIV. P. 45(a)(1)(A)(i) .........................................................................................................3

FED. R. CIV. P. 45(b)(1) ..................................................................................................................6

VirtaMove and its counsel are improperly withholding access to testimony and documents from four key witnesses (the "Declarants")—two named inventors, VirtaMove's former CEO, and its former head of engineering—all of whom are represented by VirtaMove's counsel and listed on VirtaMove's initial disclosures, and three of whom are paid VirtaMove consultants. The Declarants (three of whom live in Canada) also all submitted sworn declarations opposing HPE's transfer motion, in which they represented to this Court that they are "willing" witnesses, will "regularly" travel to Texas for this case, and have submitted to the jurisdiction of this Court. But after the Court relied on those declarations in denying HPE's motion to transfer, VirtaMove and the Declarants have reversed course. Contrary to their sworn statements, the VirtaMove Declarants now *object* to the Court's jurisdiction to issue subpoenas to them in this matter and refuse to respond voluntarily to HPE's duly issued discovery—instead telling HPE to follow the costly letters rogatory process for the three Canadian witness and to serve the fourth personally.

VirtaMove admittedly controls these witnesses, representing that it *can* make each Declarant available—but only *if VirtaMove chooses* to rely on a particular witness to help its case. VirtaMove cannot unilaterally decide to withhold portions of relevant discovery it controls. And VirtaMove cannot improperly use the Declarants as a sword to oppose HPE's transfer motion and a shield to obstruct discovery to which HPE is entitled. VirtaMove's willful conduct has delayed and disrupted discovery, and HPE respectfully requests that VirtaMove be precluded from relying on evidence from any Declarant or, alternatively, be compelled to make *all* the VirtaMove Declarants and their documents available without delay.

I.   STATEMENT OF FACTS

Each of the Declarants is represented by VirtaMove's counsel (*see* Ex. 1 at 2), and three are retained consultants paid by the hour. VirtaMove's disclosures identify the witnesses as likely having knowledge of key issues, including conception and reduction to practice, VirtaMove's

1

business, and allegedly patent-practicing products. Ex. 2 at 1 (VirtaMove Init. Disc. regarding O'Connor, Woodward, O'Leary, and Huffman). VirtaMove's disclosures admonish that each of these witnesses can be contacted "only through VirtaMove's counsel." *Id.* at 2.

In opposing HPE's motion to transfer, VirtaMove also submitted sworn statements from the Declarants. In the declarations, Mr. O'Leary, Mr. Huffman, and Mr. Woodward (residing in Canada) and Mr. O'Connor (residing in Massachusetts) each identically stated, under penalty of perjury, that he is "willing and expect[s] to travel to Texas" "regularly" "to prepare for, attend hearings in, and testify" in VirtaMove's case against HPE, and other co-pending cases:

> 6. **I am willing and expect to travel to Texas in relation to Plaintiffs co-pending cases** *VirtaMove, Corp. v. Google LLC*, No. 7:24-cv-33 (W.D. Tex); *VirtaMove, Corp. v. International Business Machines Corp.*, No. 2:24-cv-64 (E.D. Tex); and *VirtaMove, Corp. v. Hewlett Packard Enterprise Company*, No. 2:24-cv-96 (E.D. Tex). **I expect to regularly travel to Texas to prepare for, attend hearings in, and testify in these cases, so I would not find travel for any one specific case in Texas to be inconvenient if I will be in Texas for other cases anyway.**

Dkt. 102, Ex. 4 (Decl. of Mr. O'Connor) ¶ 6; *see also* Dkt. 102, Ex. 5 ¶ 5, Ex. 7 ¶ 5, Ex. 8 ¶ 6. VirtaMove itself also emphasized that each of the Declarants "are willing to testify here, ***subjecting themselves to the Court's inherent subpoena power*** to compel them to do so." Dkt. 107 at 3 (emphasis added). In denying HPE's motion to transfer, this Court relied on VirtaMove's representations by characterizing these Canadian and Massachusettsan witnesses as "willing witnesses" in its analysis. Dkt. 130 at 12-13.

Relying on the witnesses' sworn representations, HPE served subpoenas seeking testimony and documents from each Declarant. As instructed by VirtaMove in its disclosures, HPE served the subpoenas via VirtaMove's counsel. Ex. 2 at 2. After several follow-ups, VirtaMove's (and the declarants') counsel responded that it refuses to accept service on the witnesses' behalf. Ex. 1 at 2; Ex. 3. Counsel represented that (1) Mr. O'Leary, Mr. Woodward, and Mr. Huffman reversed

2

course from their sworn declarations (and VirtaMove's representation to this Court) and now "***object*** to [this Court's] jurisdiction[1] of the subpoenas," and (2) Mr. O'Connor refuses to voluntarily accept service through his attorneys.[2] Ex. 3 (emphasis added); Ex. 1 at 2.

VirtaMove concedes that it retains control to require the witnesses to appear voluntarily, offering that "if any of the subpoenaed Canadian witnesses will be called at trial by VirtaMove, they will voluntarily sit for a deposition and voluntarily produce documents during the discovery period." Ex. 1 at 2. This tactic improperly precludes HPE from obtaining all relevant discovery and makes VirtaMove the sole arbiter of ***which, if any***, Declarant will provide discovery.

## II.     ARGUMENT

### A. VirtaMove Should Be Precluded From Relying On Trial Testimony Or Documents Authored By The VirtaMove Declarants

Rule 37 allows the Court to preclude a party's reliance on discovery that the party withholds. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Courts consider four factors in assessing preclusion under Rule 37—the reason for the failure to disclose, the importance of the evidence, the potential prejudice in allowing the evidence, and the availability of a continuance. *See Martino v. Kiewit New Mexico Corp.*, 600 F.

---

[1] VirtaMove counsel notified HPE that it believes this statement is inaccurate insofar as it suggests the Court has issued subpoenas for deposition, rather than HPE issuing them. HPE prepares and serves the subpoenas, but obviously the subpoena can only issue from the Court. *Avance v. Kerr-McGee Chem. LLC*, No. 5:04-cv-209, 2005 WL 5315654, at *2 (E.D. Tex. Aug. 9, 2005) ("When the rule discusses the role of attorneys (as opposed to court clerks) in issuing subpoenas, it refers to the attorneys as issuing the subpoena 'on behalf of' the court." (quoting *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir.1998))); *see also* Fed. R. Civ. P 45(a)(1)(A)(i). This parenthetical merely notes that the Declarants now object to subpoenas issued from the Eastern District of Texas (this Court). It is difficult to imagine what other jurisdiction this sentence could refer to.

[2] HPE attempted to serve Mr. O'Connor in Massachusetts, where he represented that he lived. *See* Dkt. 102, Ex. 4 ¶ 3. He could not be found there. HPE then executed service of Mr. O'Connor at a location in the Northern District of California, a location Mr. O'Connor had represented was inconvenient for him. *See, e.g.*, *id.* ¶¶ 5, 8, 12. This Motion is still live with respect to this witness—Mr. O'Connor's deposition should occur in Texas, where he represented it would be convenient for him to testify. *Id.*

App'x 908, 911 (5th Cir. 2015). The Court also can preclude reliance on discovery under its "inherent" authority to issue sanctions necessary to "control the litigation" before it, including based on a litigant's "bad faith." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 706 (5th Cir. 1990). "[B]ad faith" includes "delaying or disrupting the litigation or by hampering enforcement of a court order." *Chambers v. NASCO, Inc*., 501 U.S. 32, 46 (1991).

Here, VirtaMove has no reasonable explanation for its failure to provide the requested discovery—its tactics amount to willful contradictions. Specifically, to oppose transfer, VirtaMove submitted sworn declarations for the three Canadian witnesses (Mr. O'Leary, Mr. Huffman, Mr. Woodward) in which they represented that they are each "willing" to testify "regularly" in the Eastern District of Texas and submit to this Court's jurisdiction. Dkt. 102 at Exs. 5, 7-8; Dkt. 107 at 3. But now VirtaMove's counsel inexplicably ***objects*** to this Court's jurisdiction on behalf of each of the same declarants. Ex. 1 at 2; Ex. 3. Likewise, VirtaMove represented that Mr. O'Connor submitted to this Court's jurisdiction (Dkt. 107 at 3) and could only be contacted via VirtaMove's counsel (Ex. 2 at 2), but now VirtaMove's counsel claims it has no authority to accept the subpoena issued by this Court on Mr. O'Connor's behalf. Ex. 1 at 2. The only apparent reason for VirtaMove's reversal in course is to obstruct or delay HPE's access to relevant discovery.

The withheld discovery is relevant and important. Mr. O'Leary and Mr. Huffman are named inventors on the Asserted Patents (Dkt. 101, Exs. 1, 3); Mr. O'Connor is a former CEO with knowledge of VirtaMove's business, relevant to alleged damages and willful infringement and HPE's standing defense (Ex. 2 at 1); and Mr. Woodward has knowledge of VirtaMove's allegedly patent-practicing products, relevant at least to HPE's marking defense (*id.*).

VirtaMove's misrepresentations and withholding of access to these relevant witnesses significantly prejudices HPE. For HPE to obtain relevant discovery from all witnesses, VirtaMove

4

would now require HPE to go through the lengthy and costly letters rogatory process for Canadian discovery—despite the witnesses already having agreed to the jurisdiction of the Court and to "regularly" travel to Texas for this case. Dkt. 102, Exs. 4-5, 7-8. VirtaMove's alternative proposal to make available certain witnesses only if *VirtaMove* (not HPE) requests that they appear at trial and only at the time that *VirtaMove* makes that request flips discovery on its head and compounds HPE's prejudice. VirtaMove's offer places itself in the shoes of this Court, unilaterally deciding for itself what discovery HPE is entitled to. But that is not the law—VirtaMove's disclosures admit these witnesses have relevant information, entitling HPE to take discovery from them regardless of whether VirtaMove wishes to bring them to trial. Nor should VirtaMove be able to shield any subset of the Declarants from deposition unless and until VirtaMove decides that their testimony will be favorable. This conduct improperly withholds relevant discovery (the subset VirtaMove does not rely on), prevents HPE from determining the sequence and timing of discovery it seeks, and deprives HPE of the ability to test the consistency of the witnesses' testimony.

VirtaMove cannot selectively require the Declarants to submit to the Court's jurisdiction only when it benefits VirtaMove. And with just over 7 weeks to expert reports, the prejudice caused by VirtaMove's course reversal cannot be cured with a continuance of fact discovery. Accordingly, HPE respectfully requests that the Court preclude VirtaMove's reliance on the VirtaMove Declarants at trial, including on any documents authored by the Declarants, about which HPE could not question the witnesses in discovery.

### B. Alternatively, the VirtaMove Declarants Should Be Compelled to Appear for Deposition and to Produce Responsive Documents

If the Court does not preclude their testimony, all Declarants should be compelled to sit for deposition and produce relevant documents without further delay.

VirtaMove explicitly represented that the Declarants have submitted themselves to this

Court's jurisdiction to compel their testimony. *See* Dkt. 107 at 3. Indeed, the Court's inherent power to compel testimony of willing witnesses exists regardless of service of subpoenas under Rule 45. *See Backertop Licensing LLC v. Canary Connect, Inc.*, 107 F.4th 1335, 1342-1343 (Fed. Cir. 2024) (a court has inherent authority to order a non-party's appearance at a hearing, regardless of the non-party's location) (cited by VirtaMove, Dkt. 107 at 3). *Texas Data Co. v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 643 (E.D. Tex. 2011) is also instructive. In denying a motion to transfer venue, the Court concluded that compulsory process was not required to procure the testimony of employees of non-party Kimberly-Clark because the "current employees of Kimberly–Clark are, for all practical purposes, willing witnesses for [defendant] Target." *Id.* "Kimberly–Clark is closely cooperating with [defendant] Target in this litigation, as evidenced by Kimberly–Clark employees giving declarations in support of this motion to transfer venue;" accordingly, "Target does not need a subpoena to compel the attendance of Kimberly–Clark's current employees." *Id.* Likewise, the Declarants are closely cooperating with VirtaMove, have each proclaimed themselves "willing" to provide testimony to this Court, and, as their counsel has represented, have submitted to the jurisdiction of this Court without qualification.

Alternatively, the Court can compel compliance with the subpoenas under Rule 45 because each of the Declarants was properly served through their counsel (also VirtaMove's counsel), in accordance with the instructions in VirtaMove's initial disclosures. Ex. 2 at 2. Fed. R. Civ. P. 45(b)(1) requires only that a copy of the subpoena be "deliver[ed] … to the named person." Service on each declarant's counsel meets that requirement in this case. Their counsel has made an appearance; has represented that all communications should be directed to them; and has delivered the subpoenas to the declarants. Ex. 2 at 2; Ex. 3 ("Mr. Woodward and Mr. O'Leary received copies of the subpoenas."); *see also Free v. Allstate Indem. Co.*, No. 9:20-CV-00190, 2022 WL

6

22867418, at *2 (E.D. Tex. Mar. 16, 2022) (noting that "courts in this District favor the practical substance of the rules over academic formalism, and should focus their inquiry on whether Rule 45(a)'s 'original purpose' of allowing adverse parties to have 'an opportunity to object' has been met"); *Flagg v. City of Detroit*, No. 05-74253, 2010 WL 3070104, at *1 n.2 (E.D. Mich. Aug. 4, 2010) (finding service via non-party's attorney sufficient as it provided "effective notice" and their attorney "likely would have taken a dim view of any attempt to contact and serve them directly, rather than through the attorney they have retained to represent them").

Finally, VirtaMove itself is obligated to produce documents in its control, including those of the Declarants. *See, e.g.*, *Universal Connectivity Techs. Inc. v. Lenovo Grp. Ltd.*, No. 2:23-CV-00449-JRG, 2024 WL 5462165, at *1 (E.D. Tex. Oct. 2, 2024). Control "has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought on demand." *Cellular Commc'ns Equip. LLC v. AT&T Inc.*, No. 2:15-CV-00576, 2017 WL 2306074, at *1 (E.D. Tex. May 25, 2017) (citations omitted). Here, VirtaMove concedes that it has the practical ability to obtain documents from the Declarants on demand. Ex. 1 at 2 (offering to obtain documents, but only for the witnesses VirtaMove chooses). VirtaMove must produce those documents immediately.

HPE thus requests that, if the Court does not preclude their testimony, *all* the Declarants be compelled to appear for deposition and produce responsive documents during fact discovery. Given the witnesses' representations regarding the convenience of Texas, HPE requests that their depositions occur in Texas, at least for witnesses that VirtaMove intends to call at trial.[3]

---

[3] VirtaMove has demanded that any deposition be limited to 7 hours and that it should be entitled to depose its own trial witnesses for half that time. Ex. 1 at 2. But VirtaMove agreed long ago to "7 hours of deposition time *per party*" of non-party witnesses, so long as the deposition is capped at "14 hours total across both the HPE and IBM cases." Dkt. 61 ¶¶ 5(c)(ii) & 5(c)(iii) (emphasis added). If VirtaMove seeks to depose its own witnesses, it can do so upon issuance of its own subpoena (but HPE reserves the right to object to VirtaMove's use of willing witness testimony).

7

██████████████████████████████████████

Dated: April 16, 2025								Respectfully submitted,

										By: */s/ Katharine Burke*
											Jennifer H. Doan
											Texas Bar No. 08809050
											Joshua R. Thane
											Texas Bar No. 24060713
											HALTOM & DOAN
											6500 Summerhill Road, Suite 100
											Texarkana, TX  75503
											Telephone: (903) 255-1000
											Facsimile: (903) 255-0800
											Email:  jdoan@haltomdoan.com
											Email: jthane@haltomdoan.com

											Katharine Burke (Lead Attorney)
											DC Bar Number: 985333
											Katharine.burke@bakerbotts.com
											**BAKER BOTTS L.L.P.**
											700 K Street, N.W.
											Washington, DC 20001-5692
											Tel: (202) 639-7700
											Fax: (202) 639-7890

											Douglas M. Kubehl
											Texas Bar No. 00796909
											Doug.kubehl@bakerbotts.com
											Morgan Mayne
											Texas Bar No. 24084387
											Morgan.mayne@bakerbotts.com
											Bethany R. Salpietra
											Texas Bar No. 24097699
											Bethany.salpietra@bakerbotts.com
											Emily Deer
											Texas Bar No. 24116352
											Emily.deer@bakerbotts.com
											**BAKER BOTTS L.L.P.**
											2001 Ross Avenue, Suite 900
											Dallas, TX 75201-2980
											Tel: (214) 953-6500
											Fax: (214) 953-6503

											***ATTORNEYS FOR DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY***

8

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2025, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ Katharine M. Burke*
Katharine M. Burke

**CERTIFICATE OF CONFERENCE**

I hereby certify that on April 4, 2025, the parties' lead and local counsel met and conferred in compliance with Local Rule CV-7(g) with respect to the relief requested in this motion, and Plaintiff indicated that it is opposed. On April 4, HPE sent an email to confirm its understanding of VirtaMove's positions, and, on April 6, VirtaMove responded reiterating its position that "***if*** any of the subpoenaed Canadian witnesses will be called at trial by VirtaMove, they will voluntarily sit for a deposition and voluntarily produce documents during the discovery period, mooting any dispute about jurisdiction and process," but not agreeing to produce documents or provide deposition testimony from all four witnesses. Ex. 1 at 2 (emphasis added). On April 7, 2025, HPE responded stating that "[i]n your email last night, it appears that you are maintaining the above positions. However, if you are changing your position and will now make all four witnesses available for deposition – remotely or in Texas if HPE pays travel costs – please immediately let us know by the end of the day today, and we can consider it." *Id.* at 1. VirtaMove did not respond to this email (not on April 7 or April 8). Accordingly, the parties remain at an impasse necessitating filing of this motion given the impending discovery deadline.

*/s/ Katharine M. Burke*
Katharine M. Burke



## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

Dated: April 23, 2025

*/s/ Katharine M. Burke*
Katharine M. Burke
