# EXHIBIT 1

| | |
|---|---|
| Subject: | RE: VirtaMove, Corp. v. Hewlett Packard Enterprise Company (E.D. Tex. 2:24-cv-00093-JRG) |
| Date: | 4/7/2025 3:00 PM |
| From: | "Burke, Katharine" <Katharine.Burke@BakerBotts.com> |
| To: | "Peter Tong" <ptong@raklaw.com>, "Salpietra, Bethany" <Bethany.Salpietra@BakerBotts.com>, "rak_virtamove@raklaw.com" <rak_virtamove@raklaw.com>, "Christian Conkle" <cconkle@raklaw.com>, "Mackenzie Paladino" <mpaladino@raklaw.com>, "Daniel Kolko" <dkolko@raklaw.com>, "Jon Ma" <jma@raklaw.com> |
| Cc: | "DL HPE-VirtaMove" <DL_HPE-VirtaMove@BakerBotts.com> |

Peter,

Thank you for your email.  To recap, since service of these subpoenas on VirtaMove's witnesses/consultants three weeks ago, VirtaMove and RAK (also the witnesses' counsel) have objected to the jurisdiction of the Court and refused to accept service of the subpoenas.  This directly contradicts VirtaMove's and the witnesses' prior representations that they are all willing to regularly travel to Texas for testimony in this case and "subject[] themselves to the Court's inherent subpoena power."

Your "assurance" that VirtaMove will voluntarily make available only those witnesses that VirtaMove will rely on at trial is no solution all.  It only confirms that VirtaMove *can* make each witness available but refuses to do so unless and until VirtaMove decides that the witnesses' testimony will be helpful to VirtaMove.  HPE is entitled to take relevant discovery regardless of whether VirtaMove intends to rely on that discovery at trial.

Your allegations that HPE is needlessly increasing costs, etc. lack any support, particularly in view of the documented facts above.  We are only relying on the witnesses' sworn testimony regarding their convenience and willingness to travel.

In your email last night, it appears that you are maintaining the above positions.  However, if you are changing your position and will now make all four witnesses available for deposition – remotely or in Texas if HPE pays travel costs – please immediately let us know by the end of the day today, and we can consider it.  To be clear, if this is the case, VirtaMove must produce all documents from all four witnesses (which HPE requested three weeks ago) by the end of next week (April 18) and make all witnesses available for deposition by April 30—points you must also confirm by the end of the day.

Regarding your request to limit the deposition of each witness to 7 hours of deposition time across both cases, of which VirtaMove reserves half, we cannot agree.  That directly contradicts the Discovery Order.  And your suggestion that you need to split time with us is nonsensical for any witnesses that you plan to bring to trial.

Finally, please produce today VirtaMove's consulting agreements with the subpoenaed witnesses.

We look forward to hearing from you.
Best regards,
Kate

**Katharine Burke**
Baker Botts L.L.P.
T +1.202.639.7720
M +1.202.340.7283

**Cc:** DL HPE-VirtaMove <DL_HPE-VirtaMove@BakerBotts.com>
**Subject:** Re: VirtaMove, Corp. v. Hewlett Packard Enterprise Company (E.D. Tex. 2:24-cv-00093-JRG)

**[EXTERNAL EMAIL]**

Katharine,

In response to your email below, RAK previously confirmed that it represents O'Leary, O'Connor, and Woodward with respect to HPE's subpoenas.  Now, RAK additionally confirms that RAK also represents Huffman with respect to HPE's subpoena. Mr. Huffman also objects to the jurisdiction of the subpoena.  Again, O'Connor does not authorize RAK to accept service of his subpoena.  We will update our initial disclosures to clarify.

During our meet and confer, we stated that if any of the subpoenaed Canadian witnesses will be called at trial by VirtaMove, they will voluntarily sit for a deposition and voluntarily produce documents during the discovery period, mooting any dispute about jurisdiction and process.  We had expected this assurance to resolve HPE's concerns.

During the meet and confer, HPE specifically requested that all depositions take place **in Texas**.  Setting aside that Mr. O'Connor has not been properly served, this request plainly violates, for instance, FRCP 45(c)(1)(A), which states, "Place of Compliance. *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows: within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Rule 45(c)(2)(A) states, "*For Other Discovery.* A subpoena may command: production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." The subpoena does not give HPE the power to demand subpoena compliance "everywhere the witness is willing to travel," so the subpoenas are facially invalid.

We understand from the meet and confer that HPE insists that these witnesses travel more than 100 miles to Texas just because these witnesses stated, at the time they executed their declarations, that they were willing to travel to Texas to testify at trials and hearings, and that HPE is refusing to 1) conduct these depositions remotely or 2) travel to these witnesses to take their depositions.  This appears to be an effort by HPE to either 1) needlessly increase the costs and burdens of discovery, or 2) manufacture a reason for reconsideration of the transfer motion that HPE lost.  Neither has merit. HPE has **independent obligations** under FRCP 45(d)(1) ("*Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.") and FRCP 11(b)(1) (prohibiting "improper purpose, such as to . . . needlessly increase the cost of litigation").  Thus, for the Canadian witnesses we ask HPE to reconsider respond in writing as to whether HPE will agree to remotely depose them in compliance with FRCP 45/11.

We are additionally unable to provide a definitive answer on traveling to Texas for a deposition because some of the Canadian witnesses have asked whether HPE is willing to cover all of their travel time and costs at their standard consulting rates in lieu of conducting a remote deposition.  Please provide HPE's response to this request. To further aid in their consideration, we further need IBM's position as well on these Canadian witnesses, because if these witnesses require assurances that if they agree to sit, it will be for no more than 7 hours on the record for both cases. We further note that VirtaMove will require equal deposition time.   They also further require clarification if IBM intends to serve separate document requests. If they agree to search for documents, they will only do so all at once, given the burden on third parties.

**Peter Tong**
**Russ, August & Kabat**
8080 N. Central Expy., Suite 1503 | Dallas, Texas 75206
Main +1 310 826 7474 | ptong@raklaw.com | www.raklaw.com