UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**IBM'S UNOPPOSED MOTION FOR LEAVE
TO AMEND INVALIDITY CONTENTIONS**

Defendant International Business Machines Corp. ("IBM") moves for leave to serve one additional invalidity contention claim chart. Plaintiff VirtaMove Corp. ("VirtaMove") does not oppose.

I.   **BACKGROUND**

IBM timely served its P.R. 3-3 and 3-4 disclosures based on the information available to IBM at that time.[1]  In its Invalidity Contentions Cover Pleading, and the accompanying claim

---

[1] Certain non-public information was made available to IBM, and relied upon in its Invalidity Contentions, related to Hewlett Packard and Hewlett Packard Enterprise prior art.

charts for U.S. Patent No. 7,784,058 ("the '058 Patent"), IBM identified the "Alpine" system as prior art, citing a paper authored by David Ely, Stefan Savage, and David Wetherall titled "Alpine: A User-Level Infrastructure for Network Protocol Development," and a presentation with the same authors and title. Both the Ely paper and the presentation are printed publications describing the Alpine system and were timely disclosed.

In furtherance of its invalidity assertions, IBM served a third-party subpoena on David Ely seeking documents and testimony related to the Alpine system. Mr. Ely produced source code for the Alpine system on May 6, 2025, and IBM provided that production to VirtaMove the following day. On May 9, 2025, the parties deposed Mr. Ely, eliciting testimony concerning the functionality of the Alpine system and its relevance to the '058 Patent. In view of Mr. Ely's deposition and the produced source code, on May 13, 2025, IBM informed VirtaMove of its intent to amend its invalidity contentions to include the Alpine system as an additional ground for invalidity of the '058 Patent. VirtaMove confirmed that it does not oppose IBM's Motion on May 22, 2025.

## II.     LEGAL STANDARD

"Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Courts routinely consider four factors to determine whether good cause has been shown: '(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice.'" *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-00123, 2021 WL 2187978, at *2 (E.D. Tex. May 28, 2021) (citing *Keranos, LLC v.*

*Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

### III. ARGUMENT

#### A. The Reason for the Delay and IBM's Exercise of Diligence

IBM filed the instant motion promptly after obtaining new information available only through third party discovery. IBM's original invalidity contentions, served on October 30, 2024, identified the Alpine system as prior art, and included detailed charts based on publicly available sources—specifically the 2001 Ely Paper and 2001 Ely Presentation, both of which describe the Alpine system. As explained in those references, Alpine was a system that moved an unmodified FreeBSD networking stack into a user-level library. The system was developed by Mr. Ely as part of his graduate work at the University of Washington.

Having disclosed the Alpine system in its contentions, IBM diligently sought the system's underlying source code and related technical documentation to substantiate its invalidity theories. Although Alpine was initially available to the public, the project became defunct following Mr. Ely's graduation, and the source code was no longer accessible. The website that previously hosted the source code went offline in early 2006. *See Gesture Tech. Partners v. Huawei Device Co., Ltd.*, No. 2:21-CV-00040-JRG, Dkt. 207 at 4 (E.D. Tex. Jan. 24, 2022) (recognizing delays caused by a lack of publicly available information).

When extensive efforts to locate the source code through public channels failed, IBM turned to third-party discovery aimed at authors of the Ely Paper. As this Court has recognized, obtaining information from third parties can be often challenging, particularly when the third party is a defunct entity or no longer publicly maintained. *See Garrity Power Servs. LLC v. Samsung Elecs. Co.,* No. 2:20-CV-00269-JRG, 2021 WL 4894262 at *2 (E.D. Tex. Oct. 19, 2021).

After obtaining the Alpine source code and deposing Mr. Ely, IBM promptly sought VirtaMove's consent to file a motion for leave. Following VirtaMove's response, in which it confirmed it did not oppose IBM's amendment to its invalidity contentions, IBM immediately filed the present Motion.

### B.     The Importance of the Source Code and Testimony

The newly obtained source code, together with Mr. Ely's testimony provides direct evidence of the actual operation and functionality of the Alpine system as it existed prior to the critical date. This evidence is material to understanding the full scope of relevant prior art to the asserted claims of the 058 patent and is central to IBM's anticipation and obviousness defenses.

Mr. Ely confirmed that the Alpine paper alone is insufficient to fully describe the system, and that the source code is necessary to understand Alpine's functionality and nuances. His testimony underscores that Alpine source code is not cumulative of the Ely Paper or the Ely Presentation, but instead provides unique, substantive insights into the system's operation.

The importance of the newly discovered Alpine source code and testimony weigh in favor of granting IBM's motion.

### C.     No Danger of Unfair Prejudice

VirtaMove has been on notice of Alpine as prior art since IBM's disclosure of the Ely Paper and Ely Presentation as prior art. Therefore, rather than "completely and inexcusably re-written [its] invalidity theory," IBM is merely relying on further evidence in asserting a system for which publicly available references were timely charted and disclosed. *See Arigna Tech. Ltd. v. General Motors LLC*, Case No. 2:21-cv-00174-JRG, Dkt. 147 at 12 (E.D. Tex. Apr. 7, 2022). Moreover, VirtaMove participated in Mr. Ely's deposition, obtained the same discovery IBM received from the subpoena, and VirtaMove does not allege it will be unfairly prejudiced by this Motion, as it does not oppose this present Motion.

Therefore, this factor weighs in favor of granting IBM's Motion.

### D. A Continuance is Not Required

A continuance is unnecessary, and neither party requests one. Fact discovery does not close until May 29, 2025, and expert discovery does not close until July 16, 2025. Therefore, this factor is neutral or weighs in favor of granting IBM's motion.

### IV. CONCLUSION

Because IBM disclosed Alpine in its timely served Invalidity Contentions, diligently sought out third party discovery, VirtaMove will not be prejudiced by IBM's addition of a claim chart on a system which VirtaMove has been on notice of, and no continuance is required, IBM respectfully submits that good cause exists to grant leave to amend its Invalidity Contentions. Accordingly, IBM respectfully requests that the Court grant IBM's Unopposed Motion for Leave to Amend its Invalidity Contentions.

Dated: May 23, 2025

Respectfully submitted,

/s/ *Todd M. Friedman*
Todd M. Friedman (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: todd.friedman@kirkland.com

Brandon H. Brown
California State Bar No. 266347
Kyle Calhoun (admitted *pro hac vice*)
Nate Ngerebara (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com
Email: kyle.calhoun@kirkland.com
Email: nate.ngerebara@kirkland.com

Yimeng Dou
California State Bar No. 285248
Drew Morrill (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8283
Facsimile (213) 680- 8500
Email. yimeng.dou@kirkland.com
Email: drew.morrill@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
Charles Everingham IV
Texas State Bar No. 00787447
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone:     (903) 757-6400
Facsimile:     (903) 757-2323

6

Email: andrea@millerfairhenry.com
Email: chad@millerfairhenry.com

*Attorneys for Defendant*
*International Business Machines Corp.*

## CERTIFICATE OF CONFERENCE

Counsel for IBM certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). VirtaMove does not oppose the motion.


Dated: May 23, 2025                                  */s/ Todd M. Friedman*
                                                     Todd M. Friedman

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on May 23, 2025.

*/s/ Todd M. Friedman*
Todd M. Friedman
