**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| VIRTAMOVE, COPR., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | Civil Action No.: 2:24-cv-00093-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, COPR., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendant. | Civil Action No.: 2:24-cv-00064-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**HPE'S UNOPPOSED MOTION FOR LEAVE**
**TO AMEND INVALIDITY CONTENTIONS**

Defendant Hewlett Packard Enterprise Company ("HPE") moves for leave to serve one additional invalidity contention claim chart. Plaintiff VirtaMove Corp. ("VirtaMove") does not oppose.[1]

**I.      BACKGROUND**

HPE timely served its P.R. 3-3 and 3-4 disclosures based on the information available to HPE at that time. In its Invalidity Contentions Cover Pleading, and the accompanying claim charts for U.S. Patent No. 7,784,058 ("the '058 Patent"), HPE identified the "Alpine" system as prior art,

---

[1] This motion largely tracks International Business Machines Corp.'s ("IBM's") motion on this same issue, which was granted by the Court in Docket No. 190.

- 1 -

citing a paper authored by David Ely, Stefan Savage, and David Wetherall titled "Alpine: A User-Level Infrastructure for Network Protocol Development," and a presentation with the same authors and title. Both the Ely paper and the presentation are printed publications describing the Alpine system and were timely disclosed.

HPE also served a third-party subpoena on David Ely seeking documents related to the Alpine system. Mr. Ely produced source code for the Alpine system on May 6, 2025, and VirtaMove received a copy of that production on the following day. On May 9, 2025, counsel for IBM deposed Mr. Ely, eliciting testimony concerning the functionality of the Alpine system and its relevance to the '058 Patent. Under the Discovery Order in this case, that deposition testimony can be used by HPE. Dkt. 61, 5(c)(ii). On May 23, 2025, IBM filed an unopposed motion for leave to amend its invalidity contentions to include the Alpine system as an additional ground for invalidity of the '058 Patent. *See* Dkt. 189. The Court granted IBM's motion on May 27, 2025. *See* Dkt. 190.

HPE informed VirtaMove of its intent to amend its invalidity contentions to include the Alpine system on May 27, 2025. VirtaMove confirmed that it does not oppose HPE's Motion on May 29, 2025.

## II.    LEGAL STANDARD

"Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P.R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Courts routinely consider four factors to determine whether good cause has been shown: '(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability

of a continuance to cure such prejudice.'" *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-00123, 2021 WL 2187978, at *2 (E.D. Tex. May 28, 2021) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

### III.  ARGUMENT

#### A.  The Reason for the Delay and HPE's Exercise of Diligence

HPE filed this motion promptly after obtaining new information through third party discovery. HPE's original invalidity contentions, served on October 30, 2024, identified the Alpine system as prior art, and included detailed charts based on publicly available sources—specifically the 2001 Ely Paper and 2001 Ely Presentation, both of which describe the Alpine system. As explained in those references, Alpine was a system that moved an unmodified FreeBSD networking stack into a user-level library. The system was developed by Mr. Ely as part of his graduate work at the University of Washington.

HPE diligently sought the system's underlying source code and related technical documentation to substantiate its invalidity theories. Although Alpine was initially available to the public, the project became defunct following Mr. Ely's graduation, and the source code was no longer accessible. The website that previously hosted the source code went offline in early 2006. *See Gesture Tech. Partners v. Huawei Device Co., Ltd.*, No. 2:21-CV-00040-JRG, Dkt. 207 at 4 (E.D. Tex. Jan. 24, 2022) (recognizing delays caused by a lack of publicly available information). HPE turned to third-party discovery aimed at authors of the Ely Paper. As this Court has recognized, obtaining information from third parties can be often challenging, particularly when the third party is a defunct entity or no longer publicly maintained. *See Garrity Power Servs. LLC*

*v. Samsung Elecs. Co.,* No. 2:20-CV-00269-JRG, 2021 WL 4894262 at *2 (E.D. Tex. Oct. 19, 2021).

After obtaining the Alpine source code and reviewing Mr. Ely's deposition, HPE promptly sought VirtaMove's consent to file a motion for leave. Following VirtaMove's response, in which it confirmed it did not oppose HPE's amendment to its invalidity contentions, HPE immediately filed the present Motion.

### B.  The Importance of the Source Code and Testimony

The newly obtained source code, together with Mr. Ely's testimony provides direct evidence of the actual operation and functionality of the Alpine system as it existed prior to the critical date. This evidence is material to understanding the full scope of relevant prior art to the asserted claims of the '058 patent and is central to HPE's anticipation and obviousness defenses.

Mr. Ely confirmed that the Alpine paper alone is insufficient to fully describe the system, and that the source code is necessary to understand Alpine's functionality and nuances. His testimony underscores that Alpine source code is not cumulative of the Ely Paper or the Ely Presentation, but instead provides unique, substantive insights into the system's operation.

The importance of the newly discovered Alpine source code and testimony weigh in favor of granting HPE's motion.

### C.  No Danger of Unfair Prejudice

VirtaMove has been on notice of Alpine as prior art since HPE's disclosure of the Ely Paper and Ely Presentation as prior art. Therefore, HPE is merely relying on further evidence in asserting a system for which publicly available references were timely charted and disclosed. *See Arigna Tech. Ltd. v. General Motors LLC*, Case No. 2:21-cv-00174-JRG, Dkt. 147 at 12 (E.D. Tex. Apr. 7, 2022). Moreover, VirtaMove participated in Mr. Ely's deposition, obtained the same discovery

HPE received from the subpoena, and VirtaMove does not allege it will be unfairly prejudiced by this Motion, as it does not oppose this present Motion.

Therefore, this factor weighs in favor of granting HPE's Motion.

### D. A Continuance is Not Required

A continuance is unnecessary, and neither party requests one. Expert discovery does not close until July 16, 2025. Therefore, this factor is neutral or weighs in favor of granting HPE's motion.

### IV. CONCLUSION

HPE respectfully submits that good cause exists to grant leave to amend its Invalidity Contentions and respectfully requests that the Court grant HPE's Unopposed Motion for Leave to Amend its Invalidity Contentions.

Dated: May 29, 2025

Respectfully submitted,

/s/ *Katharine M. Burke*_____
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
Haleigh A. Hashem
Texas Bar No. 2414223
Hhashem@haltomdaon.com
**HALTOM & DOAN**
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

Katharine Burke (Lead Attorney)
DC Bar Number: 985333
Katharine.burke@bakerbotts.com
Samuel L. Kassa
DC Bar Number: 187255
Sam.kassa@bakerbotts.com
**BAKER BOTTS L.L.P.**
700 K Street, N.W.
Washington, DC 20001-5692
Tel: (202) 639-7700
Fax: (202) 639-7890

Douglas M. Kubehl
Texas Bar No. 00796909
Doug.kubehl@bakerbotts.com
Morgan Mayne
Texas Bar No. 24084387
Morgan.mayne@bakerbotts.com
Bethany R. Salpietra
Texas Bar No. 24097699
Bethany.salpietra@bakerbotts.com
Emily Deer
Texas Bar No. 24116352
Emily.deer@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
Tel: (214) 953-6500

        Fax: (214) 953-6503

        David Lien (pro hac vice)
        California Bar No. 313754
        David.lien@bakerbotts.com
        **BAKER BOTTS L.L.P.**
        1001 Page Mill Road, Building One, Suite 200
        Palo Alto, CA 94304-1007
        Tel: (650) 739-7563
        Fax: (650) 739-7663

        *ATTORNEYS FOR DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY*

## CERTIFICATE OF CONFERENCE

Counsel for HPE certifies that counsel for VirtaMove confirmed via email that it does not oppose the motion.

        /s/ *Katharine M. Burke*
        Katharine M. Burke

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on May 29, 2025.

        /s/ *Katharine M. Burke*
        Katharine M. Burke