UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT IBM'S ANSWER TO PLAINTIFF VIRTAMOVE, CORP.'S COUNTERCLAIMS TO INTERNATIONAL BUSINESS MACHINES CORP.**

Defendant International Business Machines Corp. ("IBM" or "Defendant") hereby submits its Answer to Plaintiff VirtaMove, Corp.'s ("VirtaMove" or "Plaintiff") Counterclaims ("Counterclaims"). Dkt. 176. IBM denies all allegations in VirtaMove's Counterclaims unless expressly admitted in the following paragraphs. Any admissions herein are for purposes of this matter only. IBM also reserves the right to amend or supplement its Answer.

## BACKGROUND

1. Admitted.

2. Denied.

3. Denied.

4. Denied.

## PARTIES

5. IBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of VirtaMove's counterclaims and, therefore, denies them.

6. Admitted.

## JURISDICTION AND VENUE

7. To the extent the allegations in Paragraph 7 of VirtaMove's counterclaims sets forth legal conclusions, no response is required. IBM admits that VirtaMove's counterclaims purport to set forth an action arising under the patent laws of the United States, 35 U.S.C. § 1 et seq. IBM admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). IBM denies all other allegations in this paragraph.

8. To the extent the allegations in Paragraph 8 of VirtaMove's counterclaims sets forth legal conclusions, no response is required. IBM admits that a dispute exists between VirtaMove and IBM with respect to VirtaMove's infringement of the Counterclaim Patents, that IBM's Counterclaim Patents are infringed, valid and enforceable. IBM denies the remaining allegations in this paragraph.

9. To the extent the allegations in Paragraph 9 of VirtaMove's counterclaims sets forth legal conclusions, no response is required. Solely for the limited purpose of this action only, IBM

admits that this Court has personal jurisdiction over IBM. IBM denies all allegations of wrongdoing and denies the remaining allegations in this paragraph.

10. No response is required as to the allegations in Paragraph 10 of VirtaMove's counterclaims asserting that "[v]enue is proper," which are merely conclusions of law. To the extent that a response is required, IBM admits that a data center associated with SoftLayer Technologies, Inc. is located at 1700 Summit Avenue, Plano, Texas 75074. IBM denies that IBM has a regular and established place of business at 1700 Summit Avenue, Plano, Texas 75074. IBM expressly reserves the right to request to seek transfer of venue under 28 U.S.C. §1404(a) in this case and/or contest venue in any other case as to any party.

## COUNT 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '858 PATENT

11. IBM repeats and incorporates by reference as though fully set forth herein each of its prior admissions, denials, and other statements regarding VirtaMove's incorporated allegations from each of the above paragraphs.

12. IBM admits that Count 1 of VirtaMove's counterclaims relates to a declaratory judgment of non-infringement of the '858 Patent. IBM denies the remaining allegations in this paragraph.

13. Denied.

14. IBM admits that it accuses VirtaMove of infringing the '858 Patent. IBM denies the remaining allegations in this paragraph.

15. IBM admits that it accuses VirtaMove of infringing the '858 Patent. To the extent the remaining allegations in Paragraph 15 of VirtaMove's counterclaims sets forth legal conclusions, no response is required. IBM denies the remaining allegations in this paragraph.

16. Denied.

## COUNT 2: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '038 PATENT

17. IBM repeats and incorporates by reference as though fully set forth herein each of its prior admissions, denials, and other statements regarding VirtaMove's incorporated allegations from each of the above paragraphs.

18. IBM admits that Count 2 of VirtaMove's counterclaims relates to a declaratory judgment of non-infringement of the '038 Patent. IBM denies the remaining allegations in this paragraph.

19. Denied.

20. IBM admits that it accuses VirtaMove of infringing the '038 Patent. IBM denies the remaining allegations in this paragraph.

21. IBM admits that it accuses VirtaMove of infringing the '038 Patent. To the extent the remaining allegations in Paragraph 21 of VirtaMove's counterclaims sets forth legal conclusions, no response is required. IBM denies the remaining allegations in this paragraph.

22. Denied.

## COUNT 3: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '634 PATENT

23. IBM repeats and incorporates by reference as though fully set forth herein each of its prior admissions, denials, and other statements regarding VirtaMove's incorporated allegations from each of the above paragraphs.

24. IBM admits that Count 3 of VirtaMove's counterclaims relates to a declaratory judgment of non-infringement of the '634 Patent. IBM denies the remaining allegations in this paragraph.

25. Denied.

26. IBM admits that it accuses VirtaMove of infringing the '634 Patent. IBM denies the remaining allegations in this paragraph.

27. IBM admits that it accuses VirtaMove of infringing the '634 Patent. To the extent the remaining allegations in Paragraph 27 of VirtaMove's counterclaims sets forth legal conclusions, no response is required. IBM denies the remaining allegations in this paragraph.

28. Denied.

## COUNT 4: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '500 PATENT

29. IBM repeats and incorporates by reference as though fully set forth herein each of its prior admissions, denials, and other statements regarding VirtaMove's incorporated allegations from each of the above paragraphs.

30. IBM admits that Count 4 of VirtaMove's counterclaims relates to a declaratory judgment of non-infringement of the '500 Patent. IBM denies the remaining allegations in this paragraph.

31. Denied.

32. IBM admits that it accuses VirtaMove of infringing the '500 Patent. IBM denies the remaining allegations in this paragraph.

33. IBM admits that it accuses VirtaMove of infringing the '500 Patent. To the extent the remaining allegations in Paragraph 33 of VirtaMove's counterclaims sets forth legal conclusions, no response is required. IBM denies the remaining allegations in this paragraph.

34. Denied.

## COUNT 5: DECLARATORY JUDGMENT OF INVALIDITY OF THE '858 PATENT

35. IBM repeats and incorporates by reference as though fully set forth herein each of its prior admissions, denials, and other statements regarding VirtaMove's incorporated allegations from each of the above paragraphs.

36. IBM admits that Count 5 of VirtaMove's counterclaims relates to a declaratory judgment of invalidity of the '858 Patent. IBM denies the remaining allegations in this paragraph.

37. Denied.

38. IBM admits that it accuses VirtaMove of infringing the '858 Patent. IBM denies the remaining allegations in this paragraph.

39. IBM admits that it accuses VirtaMove of infringing the '858 Patent. To the extent the remaining allegations in Paragraph 39 of VirtaMove's counterclaims sets forth legal conclusions, no response is required. IBM denies the remaining allegations in this paragraph.

40. Denied.

## COUNT 6: DECLARATORY JUDGMENT OF INVALIDITY OF THE '038 PATENT

41. IBM repeats and incorporates by reference as though fully set forth herein each of its prior admissions, denials, and other statements regarding VirtaMove's incorporated allegations from each of the above paragraphs.

42. IBM admits that Count 6 of VirtaMove's counterclaims relates to a declaratory judgment of invalidity of the '038 Patent. IBM denies the remaining allegations in this paragraph.

43. Denied.

44. IBM admits that it accuses VirtaMove of infringing the '038 Patent. IBM denies the remaining allegations in this paragraph.

45. IBM admits that it accuses VirtaMove of infringing the '038 Patent. To the extent the remaining allegations in Paragraph 45 of VirtaMove's counterclaims sets forth legal conclusions, no response is required. IBM denies the remaining allegations in this paragraph.

46. Denied.

### COUNT 7: DECLARATORY JUDGMENT OF INVALIDITY OF THE '634 PATENT

47. IBM repeats and incorporates by reference as though fully set forth herein each of its prior admissions, denials, and other statements regarding VirtaMove's incorporated allegations from each of the above paragraphs.

48. IBM admits that Count 7 of VirtaMove's counterclaims relates to a declaratory judgment of invalidity of the '634 Patent. IBM denies the remaining allegations in this paragraph.

49. Denied.

50. IBM admits that it accuses VirtaMove of infringing the '634 Patent. IBM denies the remaining allegations in this paragraph.

51. IBM admits that it accuses VirtaMove of infringing the '634 Patent. To the extent the remaining allegations in Paragraph 51 of VirtaMove's counterclaims sets forth legal conclusions, no response is required. IBM denies the remaining allegations in this paragraph.

52. Denied.

### COUNT 8: DECLARATORY JUDGMENT OF INVALIDITY OF THE '500 PATENT

53. IBM repeats and incorporates by reference as though fully set forth herein each of its prior admissions, denials, and other statements regarding VirtaMove's incorporated allegations from each of the above paragraphs.

54. IBM admits that Count 8 of VirtaMove's counterclaims relates to a declaratory judgment of invalidity of the '500 Patent. IBM denies the remaining allegations in this paragraph.

55. Denied.

56. IBM admits that it accuses VirtaMove of infringing the '500 Patent. IBM denies the remaining allegations in this paragraph.

57. IBM admits that it accuses VirtaMove of infringing the '500 Patent. To the extent the remaining allegations in Paragraph 57 of VirtaMove's counterclaims sets forth legal conclusions, no response is required. IBM denies the remaining allegations in this paragraph.

58. Denied.

## RESPONSE TO DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. Rule 38(b), IBM hereby demands a trial by jury on all issues and claims so triable.

## RESPONSE TO REQUEST FOR RELIEF

WHEREFORE, IBM denies VirtaMove is entitled to any relief that it seeks, and requests that judgment be entered in its favor and prays that the Court grant the following relief:

A. Entering a judgment and declaration against VirtaMove and in favor of IBM in all respects, including that VirtaMove has and will continue to infringe, either directly or indirectly, at least one claim of the Counterclaim Patents, either literally or under the Doctrine of Equivalents;

B. A declaration that each of the claims of the Counterclaim Patents are valid;

C. For an order permanently enjoining VirtaMove, and its respective officers, directors, shareholders, agents, servants, employees, attorneys, all parent, subsidiary and affiliate corporations, its successors in interest and assigns, and all other entities and individuals acting in concert with it or on its behalf, including customers, from making, importing, using, offering for sale, and/or selling any

    products or service falling within the scope of any claim of the Counterclaim Patents, or otherwise infringing any claim of the Counterclaim Patents;

D. Alternatively, in the event that an injunction does not issue, that this Court award a compulsory ongoing future royalty;

E. For damages arising from VirtaMove's infringement of the Counterclaim Patents, including lost profits suffered by IBM as a result of VirtaMove's infringement and in an amount not less than a reasonable royalty, together with prejudgment and post-judgment interest;

F. That this Court declare VirtaMove's infringement to be willful and award increased damages in an amount not less than three times the damages assessed for VirtaMove's infringement to IBM for the period of such willful infringement pursuant to 35 U.S.C. § 284;

G. Awarding IBM its costs and expenses; and

H. Granting such other and further relief as this Court may deem just and proper.

Dated: June 2, 2025

Respectfully submitted,

*/s/ Todd M. Friedman*
Todd M. Friedman (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: todd.friedman@kirkland.com

Brandon H. Brown
Kyle Calhoun (admitted *pro hac vice*)
California State Bar No. 266347
Nate Ngerebara (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street

9

San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com
Email: kyle.calhoun@kirkland.com
Email: nate.ngerebara@kirkland.com

Yimeng Dou
California State Bar No. 285248
Drew Morrill (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8283
Facsimile: (213) 680-8500
Email: yimeng.dou@kirkland.com
Email: drew.morrill@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email:  andrea@millerfairhenry.com

*Attorneys for Defendant
International Business Machines Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email on June 2, 2025.

/s/ *Todd M. Friedman*
Todd M. Friedman