# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., <br>     Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br>     Defendant. | § § § § § § § § § § § | Case No. 2:24-cv-00093-JRG <br> (Lead Case) <br><br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br>     Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br>     Defendant. | § § § § § § § § § § § § | Case No. 2:24-CV-00064-JRG <br> (Member Case) <br><br><br> **JURY TRIAL DEMANDED** <br><br> REDACTED VERSION |

### **PLAINTIFF VIRTAMOVE CORP.'S MOTION TO COMPEL**

# TABLE OF REFERENCED INTERROGATORIES / TOPICS

| **COMMON INTERROGATORIES** |
|---|
| **Common Interrogatory No. 3:**<br><br>Set forth and state the basis for your sales and revenues, profit & loss statements and costs related to the Accused Instrumentalities and Relevant Instrumentalities, on a monthly basis (or quarterly basis if monthly is not available), including with respect to your sales and revenues, profit & loss statements or costs relevant to the Accused Instrumentalities and Relevant Instrumentalities, and including the number of units sold and/or utilized (including, but not limited to, the compute time, storage usage, and/or container runtime utilization), the price, costs and profits of each unit, the gross revenue, the net profit realized on such sales, expenses, any contention by You that any cost or other item on your financial statements is relevant to the determination of a reasonable royalty in this matter, for the time period from six years prior to the filing of the Complaint in this action to the present. |
| **Common Interrogatory No. 6:**<br><br>Identify the operating systems of each server (e.g., Kubernetes host or node) within the Accused Products and/or Relevant Instrumentalities, including by name and major version number (e.g., ▮▮▮▮▮▮▮▮▮▮). |
| **VIRTAMOVE'S 30(B)(6) TOPICS** |
| **Topic No. 9:**<br><br>Source Code for each of the Accused Products and/or Relevant Instrumentalities, including the design, architecture, authorship, revision control, development, compilation/synthesis/building, deployment, testing, performance, and operation of such Source Code, wherever that Source Code may be stored or executed, including, without limitation, information regarding the current and prior versions of Source Code for Accused Products and/or Relevant Instrumentalities identified by Plaintiff during this action through discovery or correspondence, including through Plaintiff infringement contentions (inclusive of all supplements and amendments thereto). |
| **Topic No. 10:**<br><br>Any contentions You have, and the bases therefore, that any Source Code file or portion thereof for which printouts are provided to Plaintiff (excluding any alleged prior art source code) is non-infringing because it is not compiled, executed, run, enabled, operable, or activated. |

## I.     INTRODUCTION

VirtaMove respectfully moves to compel three categories of information. ***First***, VirtaMove moves to compel financial information relating to Cloud Private ("ICP"), and IBM Hybrid Cloud mesh ("Hybrid Cloud"). Despite ICP and Hybrid Cloud being ***explicitly*** identified along with IBM's Cloud Kubernetes Service ("IKS") (together, the "Accused Products") as infringing, IBM has unilaterally limited discovery relating to ICP and Hybrid Cloud. IBM purportedly seeks to justify its about-face regarding the scope of discovery by asserting that VirtaMove's contentions do not adequately explain the infringement theories for ICP or Hybrid Cloud, but IBM never filed a motion to strike those contentions, and in any event already agreed to produce discovery regarding these products.

<u>***Second***</u>, VirtaMove moves to compel additional 30(b)(6) testimony regarding IBM's confidential source code. IBM designated Mr. Brown on source code topics but failed to provide either source code computer or code printouts at Mr. Brown's deposition as required under the Protective Order. IBM also failed to prepare Mr. Brown regarding its confidential source code.

<u>***Third***</u>, VirtaMove moves to compel supplemental interrogatory responses regarding operating systems of each server within the Accused Products. IBM's responses identify ***potential*** operating systems, but fails to adequately identify operating systems ***actually in use***. This information is plainly relevant to VirtaMove's contentions, and IBM's refusal to provide this information is inappropriate.[1]

---

[1] To the extent any of this relief requires a schedule extension, VirtaMove would not oppose any such extension. Indeed, VirtaMove proposed an extension in the case schedule to IBM to allow for the parties to resolve outstanding discovery disputes, but IBM did not agree to that proposal. VirtaMove further respectfully requests leave to file this motion 1-day out of time. While VirtaMove requested that IBM provide its availability for a lead and local meet and confer on May 29, IBM provided availability only today. As additional evidence of gamesmanship, IBM was unable to even to confirm whether it would be unopposed or opposed to VirtaMove's request to

## II.     FACTUAL BACKGROUND

VirtaMove's initial infringement contentions identified the Accused Products (including IKS, ICP, and IBM Hybrid Cloud mesh) by name, and cite representative evidence regarding IBM's infringement in connection with all its Accused Instrumentalities, citing to IBM and third-party documents that are not specific to IKS. *See, e.g.*, Ex. 1 at 1, 9.

On March 10, 2025, to add detail regarding ICP and Hybrid Cloud infringement in response to IBM's concerns, VirtaMove served supplemental infringement contentions. These amendments did not change the scope of VirtaMove's theories of infringement, but rather provided further explanation and clarification requested by IBM. Indeed, IBM acknowledged in a letter complaining of purported deficiencies in VirtaMove's contentions (which letter prompted VirtaMove's supplemental contentions) that "IBM understands that VirtaMove has only identified IBM Cloud Kubernetes Service, IBM Cloud Private, and IBM Hybrid Cloud Mesh as the 'Accused Instrumentalities.'"

After VirtaMove served (at IBM's request) its March 10, 2025, proposed supplemental infringement contentions, despite repeated requests from VirtaMove, IBM never confirmed that it would ***not*** produce ICP and Hybrid Cloud financial documentation until the relevant 30(b)(6) deposition occurred, and instead indicated on April 30 that it ***would*** produce "documents relating to IBM products specifically identified in VirtaMove's Infringement Contentions." For example, in the context of VirtaMove's discussion of IBM's response to its Interrogatory No. 9, VirtaMove clearly stated that "regardless of IBM's position on the scope of infringement in this case you are still obligated to produce and identify market studies, consumer reports, and consumer surveys for containers, IKS, ICP, and IBM Hybrid Cloud mesh; please confirm." Ex. 2. IBM responded on

---

file 1-day out of time on the Parties' lead and local meet and confer today. Thus, good cause supports the filing of this motion out of time

April 30, representing that *despite* disagreement regarding the scope of Accused Products, IBM had searched and would continue to search for "documents relating to IBM products specifically identified in VirtaMove's Infringement Contentions." Ex. 3. VirtaMove thus did not understand IBM to be limiting the scope of discovery to only IKS, notwithstanding IBM's purported disagreement with the scope of Accused Products.

During the parties' May 6, 2025, meet and confer, VirtaMove again followed up regarding IBM's production. IBM's counsel informed VirtaMove that it was aiming to produce the documentation requested in VirtaMove's April 11, 2025, correspondence by Monday, May 5. IBM emailed VirtaMove on May 7, 2025, to confirm that the documents requested in VirtaMove's April 11, 2025 correspondence would "likely be produced today." Ex. 4. Continuing its diligent review of IBM's document production, on May 19, 2025, VirtaMove requested confirmation "that IBM has produced financials for IBM Cloud Private and IBM Hybrid Cloud Mesh, including all sales, revenues, profit & loss statements, and costs related to those accused products," requesting IBM's availability to meet and confer if those financials had not been produced. Ex. 5. To date IBM has not responded to this email.

In actuality, despite IBM's representation that it was *not* limiting discovery to IKS but was instead providing "documents relating to IBM products specifically identified in VirtaMove's Infringement Contentions," IBM had unilaterally limited its financial production to IKS, and at the 30(b)(6) deposition it became clear that those financials did not relate to either the ICP or Hybrid Cloud products specifically identified in VirtaMove's contentions.

Furthermore, none of IBM's recent 30(b)(6) deponents were prepared (or willing) to testify regarding ICP or Hybrid Cloud. *See, e.g.*, Sprague Dep. Tr. (May 20, 2025) at 116:8-118:4

-4-

see also Brown Dep. Tr. at 23:6-15 ███████████████████████████████

121:1-3 ██████████████████████████████████████████

The parties held a lead-and-local meet and confer on IBM's refusal to produce financial documentation and 30(b)(6) testimony related to ICP and Hybrid Cloud, 30(b)(6) testimony regarding IBM's source code, and interrogatory responses regarding server operating systems and are at an impasse.

### III.   ARGUMENT

#### A.   Financial Discovery Relating to ICP and Hybrid Cloud Mesh

IBM has no excuse for refusing to produce financial documentation and deposition testimony for the ICP and Hybrid Cloud products at issue here. VirtaMove's original contentions expressly named these products and cited representative evidence applicable to them. When VirtaMove served its Amended Infringement Contentions on March 10, 2025 (again, specifically at IBM's request), VirtaMove hoped to avoid further dispute on the scope of the case. And based on correspondence with IBM, VirtaMove had hoped at least disputes regarding the scope of discovery would be avoided. However, at the 30(b)(6) depositions it became clear that IBM would not provide *any* financials or testimony regarding ICP or Hybrid Cloud.

Furthermore, IBM's revised position that it *is* limiting discovery only to IKS cannot be reconciled with VirtaMove's infringement claim charts, which plainly disclosed and identified the use by ICP and Hybrid Cloud of using "████████████████████████" and "████████████████████████████" as required by the '814 and '058 patents, respectively.), And as far back as June 5, 2024, when VirtaMove served its original infringement contentions, VirtaMove explicitly identified not only IKS, but *also* ICP and Hybrid Cloud mesh as Accused

Products, again with respect to the same secure container functionality applicable to all Accused Products.

IBM has not meaningfully produced financial documents or Rule 30(b)(6) deponents relating to ICP and Hybrid Cloud. Until the Rule 30(b)(6) depositions of Troy Sprague and Michael Brown, IBM had not articulated any burden it might believe it would have if forced to produce relevant financial documentation and deposition testimony.

The rules do not permit IBM to curate its evidence. The Discovery Order and Federal Rules of Civil Procedure require fulsome and unedited discovery of financial documentation, deposition testimony, and interrogatory responses. IBM's failure to produce the information in question violates the requirements of the Discovery Order and this Court's Docket Control Order. IBM's failure to produce has substantially prejudiced VirtaMove in discovery.

### B. 30(b)(6) Testimony Regarding Source Code

VirtaMove moves to compel additional 30(b)(6) testimony regarding source code. IBM designated Mr. Michael Brown to testify on topics 9 and 10 regarding source code. VirtaMove specifically requested in its 30b6 notice, pursuant to the express provisions of the Protective Order, that IBM provide the source code printouts and a source code computer during the 30(b)(6) deposition. Dkt. 60 at 10 ("At the request of a Receiving Party with 7 days of notice, a Producing Party shall make the Producing Party's source code available on a computer, in searchable form, at a depositions of any of the Producing Party's … corporate representatives designated on one or more topics related to source code."). IBM ignored its obligations under Rule 30b6 and the Protective Order and should be ordered to comply.

In this lawsuit IBM has made extensive use of the Protective Order's "RESTRICTED CONFIDENTIAL – SOURCE CODE" designation to protect its own proprietary source code.

IBM might attempt to confuse the Court by reference to public, open-source code that is also used in the Accused Instrumentalities. The open source code is mostly written by third parties, not by IBM. This motion is about the secret code, the code on the review computer, not the public code.

Mr. Brown was completely unprepared to testify on the secret source code. IBM did not provide a source code computer at his deposition, and in fact he had never seen the source code computer. *See, e.g.*, Brown Dep. Tr. at 237:15-25 ▮▮▮ Mr. Brown also had never seen the source code printouts that VirtaMove has requested. *Id.* at 226:3-5 ▮▮▮. He also did not have either printouts or source code computer with him at the remote deposition. *Id.* at 196:1-5 ▮▮▮

      **C.**    **Interrogatory Responses Regarding Operating Systems**

VirtaMove moves to compel supplemental interrogatory responses regarding operating systems of each server within the Accused Products. While IBM's responses identify ***potential*** operating systems, it fails to adequately identify operating systems ***actually in use***. *See, e.g.*, IBM's Response to Common Interrogatory No. 6 (stating only that "IBM Kubernetes Services currently **supports** ▮▮▮" (emphasis added)). But this is not responsive as Common Interrogatory No. 6 requests operating systems ***actually in use***. IBM claimed that they have "no further information to give us," but this is extremely implausible, given that this is information IBM gleaned from its various interactions with multiple customers. *See, e.g.*, Brown Depo. 77:11-78:9 ▮▮▮ This information is plainly relevant to VirtaMove's contentions, and IBM's refusal to provide this information is inappropriate.

VirtaMove thus respectfully request that the Court compel IBM to immediately produce (1) financial documents for the accused ICP and Hybrid Cloud products in VirtaMove's June 5, 2025 Infringement Contentions, e.g., revenues, costs, sales, profit/loss similar to that produced for IKS at IBM_VM_000022881, IBM_VM_000023442, including all convoyed sales related to ICP and Hybrid Cloud, such as, e.g., storage related revenues, including revenues from bare metal servers; (2) ICP and Hybrid Cloud deposition testimony on all topics served in VirtaMove's Notice of Rule 30(b)(6) Deposition of IBM that include the term Accused Products[2]; (3) a complete supplemental response to VirtaMove's Common Interrogatory No. 3; (4) 30(b)(6) testimony regarding IBM's source code; and (5) interrogatory responses regarding server operating systems.

Dated: May 30, 2025                           Respectfully submitted,

                                              By: */s/ Reza Mirzaie*

                                              Reza Mirzaie (CA SBN 246953)
                                              rmirzaie@raklaw.com
                                              Marc A. Fenster (CA SBN 181067)
                                              mfenster@raklaw.com
                                              Neil A. Rubin (CA SBN 250761)
                                              nrubin@raklaw.com
                                              James A. Milkey (CA SBN 281283)
                                              jmilkey@raklaw.com
                                              Jacob Buczko (CA SBN 269408)
                                              jbuczko@raklaw.com
                                              James Tsuei (CA SBN 285530)
                                              jtsuei@raklaw.com
                                              Christian W. Conkle (CA SBN 306374)
                                              cconkle@raklaw.com
                                              Jonathan Ma (CA SBN 312773)
                                              jma@raklaw.com

---

[2] This includes Topic Nos. 1, 4-9, 11-24, 28, 30-32, 36-41, 43-44, 46-48, 54-55, 57-58, 65-67, 71, 93-97, 99, and 101.

Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail on May 30, 2025.

*/s/ Reza Mirzaie*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Reza Mirzaie*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and that this motion is opposed.

*/s/ Reza Mirzaie*