# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION 2:24-cv-00093-JRG |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | (LEAD CASE) |
| | § | |
|     *Defendant.* | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| | § | |
| VIRTAMOVE, CORP., | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION 2:24-cv-00064-JRG |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | (Member Case) |
| | § | |
|     *Defendant.* | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| | § | |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S**
**<u>MOTION TO COMPEL</u>**

**TABLE OF CONTENTS**

**Page**

I.    **INTRODUCTION** ................................................................................................................. 1

II.    **ARGUMENT** ....................................................................................................................... 1

    A.    VirtaMove Should Produce Agreements with VirtaMove's U.S. Affiliates and Supplement its Responses to Common Interrogatory No. 7 and HPE's Interrogatory No. 10 ... 1

    B.    VirtaMove Should Supplement its Response to Common Interrogatory No. 2 Regarding Date of First Sale and Public Use of the Alleged Invention ........................................................ 3

    C.    VirtaMove Should Produce Agreements Identifying VirtaMove Corp's Shareholders and their Financial Interests ................................................................................................................ 5

III.    **CONCLUSION** ................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Cooper v. Goldfarb*,
   154 F.3d 1321 (Fed. Cir. 1998)..................................................................................................3

*In re: DePuy Orthopaedics, Inc.*,
   No. 3:11-MD-2244-K, 2016 WL 6271479 (N.D. Tex. Jan. 5, 2016) ........................................5

*Marvin United Methodist Church v. Church Mutual Insurance Co.*,
   No. 6:23-CV-00555-JDK-JDL, 2024 WL 5701493 (E.D. Tex. July 25, 2024) ....................5, 6

*Mars, Inc. v. Coin Acceptors, Inc.*,
   527 F.3d 1359, 1365 (Fed. Cir. 2008), *mandate recalled and amended on other grounds*, 557 F.3d 1377 (Fed. Cir. 2009).........................................................................................................2

*Polaris PowerLED Techs., L.L.C. v. Samsung Elecs. Am., Inc.*,
   No. 2:17-CV-00715-JRG, 2019 WL 1399927 (E.D. Tex. Mar. 28, 2019) ................................6

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
   778 F.3d 1365, 1376 (Fed. Cir. 2015), *vacated on other grounds*, *Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*, 577 U.S. 1099 (2016) ...................................................................2

## I. INTRODUCTION

VirtaMove has failed to provide key discovery relevant to (i) standing and VirtaMove's allegations of lost profit damages, (ii) invalidity of the asserted patents, and (iii) the interest of VirtaMove's witnesses in the outcome of this case. After unsuccessfully requesting this information from VirtaMove for weeks (and, in some instances, months), HPE moves to compel production of this discovery.

## II. ARGUMENT

### A. VirtaMove Should Produce Agreements with VirtaMove's Affiliates and Supplement its Responses to Common Interrogatory No. 7 and HPE's Interrogatory No. 10

Multiple documents produced by VirtaMove indicate that VirtaMove has one or more affiliates, including at least VirtaMove, Inc. and VirtaMove Software, Inc., that have or previously had rights in the asserted patents and are the only entities that sell allegedly patent-practicing products in the U.S. For example, ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████. Ex. 1 at 1 and Ex. B (listing asserted patents). As another example, an entity named "**VirtaMove Software, Inc**."—which VirtaMove has not identified at all in its interrogatory responses—purportedly has granted multiple licenses to third-party purchasers of VirtaMove's products to use the allegedly patent-practicing VirtaMove products in the U.S. *See, e.g.*, Ex. 2. No affiliates of VirtaMove are named as plaintiffs in this case; only VirtaMove Corp., a Canadian corporation, is a party. Accordingly, for months, HPE has sought documents and information in response to Common Interrogatory No. 7 and individual Interrogatory No. 10 relating to

1

VirtaMove's affiliates' assets, corporate relationship to VirtaMove, and rights relating to the asserted patents. VirtaMove has not provided the requested information, with no proper basis for failing to produce it.

The requested discovery is highly relevant to multiple issues in this case. For example, VirtaMove seeks lost profit damages based on sales of its products in the U.S., which VirtaMove admits ▬▬▬▬▬▬▬▬▬▬. *See, e.g.*, Ex. 4, May 20, 2025 Dep. of VirtaMove, at 252:8-22 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ As a general matter, lost profits cannot be sought for sales of an affiliated company, and, at the very least, documents and information regarding the relationship between VirtaMove and the affiliates making the sales are highly relevant to the lost profits analysis. *See Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 778 F.3d 1365, 1376 (Fed. Cir. 2015), *vacated on other grounds*, *Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*, 577 U.S. 1099 (2016) (citing *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1365 (Fed. Cir. 2008), *mandate recalled and amended on other grounds*, 557 F.3d 1377 (Fed. Cir. 2009)) (noting that, in general, "a patentee may not claim, as its own damages, the lost profits of a related company").

As another example, the assets and rights of at least the VirtaMove, Inc. and VirtaMove Software, Inc. affiliates are relevant to VirtaMove's standing in this case. Both entities apparently have or previously had rights to grant security interests in and/or sell or license the asserted patents, but neither are named as plaintiffs in this case, and there is no assignment document assigning rights *from* any non-party affiliated VirtaMove entity *to* the plaintiff in this case. If the affiliated VirtaMove entities possessed ownership rights sufficient to grant the security and license rights indicated in the documents that *have* been produced, without evidence that those ownership

interests have been transferred to the plaintiff VirtaMove Corp., VirtaMove lacks standing, and the case should be dismissed.

VirtaMove's only response to HPE's request for information is that such information does not exist and/or was not located after a reasonable search. But in view of the active corporate registrations of VirtaMove's affiliates and their active role in selling alleged patent-practicing products and licensing customers in the U.S., HPE submits that there must be documents describing these entities' assets, their corporate relationship to VirtaMove, and their rights relating to the asserted patents—or else, VirtaMove Corp. lacks standing. HPE requests that the Court compel VirtaMove to provide the requested documents and interrogatory responses or explain how and why such information could not be located and the basis for plaintiff VirtaMove Corp.'s standing and request for lost profits in this case.

### B. VirtaMove Should Supplement its Response to Common Interrogatory No. 2 Regarding Date of First Sale and Public Use of the Alleged Invention

VirtaMove has taken the position that it had reduced to practice the inventions claimed in the asserted patents well over a year before their non-provisional filing dates for the patents. HPE contends that neither patent is entitled to its provisional priority date and, therefore, any offer for sale or public use of the products that VirtaMove alleges to be reduced to practice more than a year before the non-provisional filing dates necessarily invalidates these patents. *See Cooper v. Goldfarb*, 154 F.3d 1321, 1328 (Fed. Cir. 1998) (a reduction to practice is a physical embodiment that met every claim limitation and worked for its intended purpose). Although VirtaMove asserts it has ample evidence and memory of its reduction to practice, it inconsistently has failed to identify the date of first offer for sale or public use of these products.

HPE's Common Interrogatory No. 2, served on June 24, 2024, seeks identification of "when, where, by whom, to whom, and under what terms the alleged invention . . . was first

3

publicly disclosed, demonstrated, used, sold, given away, or offered for sale." VirtaMove's response is deficient. VirtaMove identifies an alleged first actual sale date of ▮ but not dates for the first offer for sale or first public use, disclosure, or demonstration, claiming that ▮ *See* Ex. 3. HPE also took VirtaMove's corporate deposition on these issues, and its witness likewise were not prepared to identify ▮. *See* Ex. 4 at 274:3-12. VirtaMove cites a handful of documents under Rule 33(d)—including an ▮—but does not take a position on whether this or any other documents indicate a specific date of first offer for sale or public disclosure:

▮

    VirtaMove cannot pick and choose information to disclose in this case depending on whether the information is helpful or harmful. VirtaMove has had no problem identifying evidence and witnesses with alleged memory to support its claims of conception and reduction to practice, while at the same time claiming ignorance or failing to identify the dates of first offer for sale and disclosure of these alleged reductions to practice. HPE requests that the Court either compel

4

VirtaMove to identify and provide a narrative response in response to Common Interrogatory No. 2 describing its offers for sale, including those to Boeing, as well as its public uses, disclosures, and demonstrations, more than one year before its non-provisional filing dates, or alternatively exclude VirtaMove's alleged evidence of pre-filing conception and reduction to practice.

### C. VirtaMove Should Produce Agreements Identifying VirtaMove's Shareholders and their Financial Interests

Since at least April 23, 2025, HPE has sought shareholder-related documents and agreements showing the stake in VirtaMove held by potential trial witnesses in this case. "Evidence of a witness's financial interest in favor of a party or other indication of a special relationship between a witness and a party is relevant to possible bias." *Marvin United Methodist Church v. Church Mutual Insurance Co.*, No. 6:23-CV-00555-JDK-JDL, 2024 WL 5701493, at *2 (E.D. Tex. July 25, 2024) (citing *In re: DePuy Orthopaedics, Inc.*, No. 3:11-MD-2244-K, 2016 WL 6271479, at *2 (N.D. Tex. Jan. 5, 2016)). The financial interest of VirtaMove's witnesses in "reaching a particular outcome that is favorable" is relevant to "bias and bad faith." *Id.* at *3. VirtaMove, however, has failed to provide relevant documents related to current ownership and financial interests and profit-sharing arrangements.[1]

There can be no dispute that those relevant documents are in VirtaMove's possession. Indeed, during the recent deposition of VirtaMove's designee under Rule 30(b)(6), VirtaMove's CEO Nigel Stokes,

---

[1] VirtaMove has produced certain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but nothing related to the current VirtaMove entity or current ownership interests.

5

██████████████████████████████████████████████████

██████████████████████████████████████████████████ Ex. 4 at 258-259. But Mr. Stokes was instructed not to answer ██████████████████████████████████████

████████████████████████████████. *Id.* at 261:3-12. And VirtaMove still has not produced ██

██████████████████████████████████████. Accordingly, HPE has no document that confirms Mr. Stokes' testimony or that explains whether and how any proceeds from litigation are distributed or shared.

The fact that Mr. Stokes and Mr. O'Connor potentially stand to gain personally and significantly from any damages award to VirtaMove in this case is highly relevant to their potential bias and trial cross examination, especially given that ████████████████████████████

██████████████████████████████████████████. During one of the conferrals regarding this issue, VirtaMove disagreed that such information is relevant, but the case cited by VirtaMove is not applicable. *Polaris PowerLED Techs., L.L.C. v. Samsung Elecs. Am., Inc*., No. 2:17-CV-00715-JRG, 2019 WL 1399927, at *3 (E.D. Tex. Mar. 28, 2019) relates to the relevance of corporate governance to standing. Here, on the other hand, HPE requests current shareholder agreements describing the share allocation and the interests included with each share. That request is properly tailored to seek relevant documents within VirtaMove's possession, which should be produced. *See Marvin United Methodist Church*, 2016 WL 6271479, at *3 (granting motion to compel employee financial incentive information for specific, named employees).

### III. CONCLUSION

HPE respectfully requests an order compelling VirtaMove to produce: (1) documents and information in response to Common Interrogatory No. 7 and individual Interrogatory No. 10 relating to VirtaMove's affiliates' assets, corporate relationship to VirtaMove, and rights relating to the asserted patents; (2) a narrative response to Common Interrogatory No. 2 identifying prior

offers for sale, or public uses, demonstrations, or disclosures of allegedly patented-practicing embodiments; and (3) material regarding the identities and financial interests and profit-sharing arrangements of VirtaMove Corp.'s shareholders, including the material underlying the testimony of VirtaMove's 30(b)(6) witness, Mr. Nigel Stokes.

|  |  |
|---|---|
| Dated:  May 29, 2025 | By: */s/ Katharine Burke* |
|  | Jennifer H. Doan |
|  | Texas Bar No. 08809050 |
|  | Joshua R. Thane |
|  | Texas Bar No. 24060713 |
|  | Haleigh A. Hashem |
|  | Texas Bar No. 2414223 |
|  | Hhashem@haltomdaon.com |
|  | HALTOM & DOAN |
|  | 6500 Summerhill Road, Suite 100 |
|  | Texarkana, TX  75503 |
|  | Telephone: (903) 255-1000 |
|  | Facsimile: (903) 255-0800 |
|  | Email:  jdoan@haltomdoan.com |
|  | Email: jthane@haltomdoan.com |
|  |  |
|  | Katharine Burke (Lead Attorney) |
|  | DC Bar Number: 985333 |
|  | Katharine.burke@bakerbotts.com |
|  | Samuel L. Kassa |
|  | DC Bar Number: 187255 |
|  | Sam.kassa@bakerbotts.com |
|  | **BAKER BOTTS L.L.P.** |
|  | 700 K Street, N.W. |
|  | Washington, DC 20001-5692 |
|  | Tel: (202) 639-7700 |
|  | Fax: (202) 639-7890 |
|  |  |
|  | Douglas M. Kubehl |
|  | Texas Bar No. 00796909 |
|  | Doug.kubehl@bakerbotts.com |
|  | Morgan Mayne |
|  | Texas Bar No. 24084387 |
|  | Morgan.mayne@bakerbotts.com |
|  | Bethany R. Salpietra |
|  | Texas Bar No. 24097699 |
|  | Bethany.salpietra@bakerbotts.com |
|  | Emily Deer |
|  | Texas Bar No. 24116352 |
|  | Emily.deer@bakerbotts.com |
|  | **BAKER BOTTS L.L.P.** |
|  | 2001 Ross Avenue, Suite 900 |
|  | Dallas, TX 75201-2980 |
|  | Tel: (214) 953-6500 |
|  | Fax: (214) 953-6503 |

▋

David Lien (*pro hac vice*)
California Bar No. 313754
David.lien@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Road, Building One, Suite 200
Palo Alto, CA 94304-1007
Tel: (650) 739-7563
Fax: (650) 739-7663


*ATTORNEYS FOR DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY*

9

**CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on May 29, 2025, with a copy of this document via email.

                                                        By: /s/ *Katharine Burke*
                                                                Katharine Burke

**CERTIFICATE OF CONFERENCE**

    I hereby certify that on May 29, 2025, the parties' lead and local counsel met and conferred in compliance with Local Rule CV-7(g) with respect to the relief requested in this motion, and Plaintiff indicated that it is opposed. With respect to the issues identified in Section II.C of HPE's motion, Plaintiff stated that it is continuing to search for documents. In the event that Plaintiff produces documents that resolve the issues raised in Section II.C, HPE will withdraw that portion of the Motion.

                                                        By: /s/ *Katharine Burke*
                                                                Katharine Burke

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 6th day of June, 2025.

Dated: June 6, 2025

/s/ Katharine M. Burke
Katharine M. Burke