# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## DEFENDANT INTERNATIONAL BUSINESS MACHINES CORP'S OPPOSITION TO PLAINTIFF VIRTAMOVE CORP.'S MOTION TO COMPEL (DKT. 196)

# TABLE OF CONTENTS

**Page**

I.    Introduction .................................................................................................. 1

II.   Factual Background ........................................................................................ 2

III.  Argument ...................................................................................................... 3

    A.    VirtaMove Failed To Amend Its Infringement Contentions And Is Not
          Entitled To Discovery On Unaccused Products .......................................... 4

    B.    VirtaMove Mischaracterizes The Parties' Correspondence. .................... 6

    C.    VirtaMove's Request To Compel Testimony Regarding Source Code Is
          Moot. ...................................................................................................... 7

    D.    IBM Is Not Obligated To Supplement Common Interrogatory No. 6. .......... 7

IV.   Conclusion .................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alpine View Co. v. Atlas Copco AB*,
205 F.3d 208 (5th Cir. 2000) ..................................................................................3

*Connectel, LLC v. Cisco Systems, Inc.*,
391 F.Supp.2d 526, 527–28 (E.D. Tex. 2005) ..........................................................4

*Glob. Sessions LP v. Travelocity.com LP*,
No. 6:10-cv-671 ..............................................................................................3, 4, 5, 6

*Orion IP, LLC v. Staples, Inc.*,
407 F. Supp. 2d 815 (E.D. Tex. 2006) ....................................................................5

*Tivo Inc. v. Samsung Elecs. Co.*,
No. 2:15-cv-1503-JRG, 2016 WL 5172008 (E.D. Tex. July 22, 2016).....................5

*UltimatePointer, LLC v. Nintendo Co., Ltd.*,
6:11-cv-496, 2013 WL 12140173, at *3 (E.D. Tex. May 28, 2013) .....................4, 5

**Rules**

Rule 30(b)(6)..................................................................................................................3

## I.    Introduction

VirtaMove's motion to compel contravenes this Court's Local Rules by seeking discovery on products it never properly accused.  For nearly a year, VirtaMove has been on notice that it failed to assert proper infringement contentions against IBM's Cloud Private (ICP) and Hybrid Cloud Mesh products.  VirtaMove's June 2024 contentions mention these products only in passing, and do not provide the element-by-element analysis required by this Court's Local Rules.  Rather, VirtaMove charted only IBM's Cloud Kubernetes Service (IKS), a meaningfully different product.  When IBM duly informed VirtaMove of this deficiency, VirtaMove waited ***eight months*** to serve "proposed" charts purporting to address these products.  IBM promptly objected, because the charts alleging infringement by ICP and Hybrid Cloud Mesh were based entirely on public information that was available before this case was filed and hence untimely.  Indeed, VirtaMove tacitly agreed, as ***it never sought leave to amend its infringement contentions*** to accuse ICP or Hybrid Cloud Mesh, as P.R. 3-6(b) requires.  Over the past year, IBM has repeatedly and consistently informed VirtaMove— via correspondence and discovery responses—that these products were not properly accused and are not part of the case.  VirtaMove never disputed that fact, let alone sought leave to amend. Now, after claim construction is complete and IBM has finalized its invalidity contentions, VirtaMove cannot belatedly introduce these additional products into the case.

The issues VirtaMove raises regarding source code and operating systems likewise lack merit.  VirtaMove is attempting to blame IBM for VirtaMove's own failure to prepare for its source code deposition.  Regardless, to avoid burdening the Court with this dispute, IBM has agreed to make Mr. Brown available another two hours of deposition.  With respect to Common Interrogatory No. 6, IBM has explained it currently has no additional responsive information.  Accordingly, there is no information available to be compelled.

## II.    Factual Background

VirtaMove filed the present case on January 31, 2024, and served its infringement contentions on June 5, 2024.  Ex. 1.  Although the contentions purport to identify "IBM Cloud Kubernetes Service (IKS), IBM Cloud Private (ICP), and IBM Hybrid Cloud [M]esh" as Accused Instrumentalities, VirtaMove's claim charts focus exclusively on IKS.  *Id.*  The contentions mention ICP and Hybrid Cloud Mesh only in boilerplate preamble and provide no analysis of how they supposedly infringe.  *See id.*  Notably, the charts VirtaMove provided for IKS do not address or illustrate functionality that is representative of ICP or Hybrid Cloud Mesh.  For example, in its charts against IKS, to satisfy the '814 Patent's "secure containers" limitation, VirtaMove relies on Docker containers, container images, Kubernetes containers, or pods.  Ex. 1.  But Hybrid Cloud Mesh is not a container platform; it does not host or deploy containers—it is a networking solution.  The accused IKS functionality simply does not exist in Hybrid Cloud Mesh.  The same is true for ICP, a different product, using different architectures for different purposes.  Because the products differ in this manner, VirtaMove's IKS-based charts do not cover ICP or Hybrid Cloud Mesh.

IBM flagged this deficiency **over ten months ago**.  On July 29, 2024, IBM explained in response to VirtaMove's Interrogatory No. 5 that VirtaMove's claim charts lack any analysis regarding ICP or Hybrid Cloud Mesh, making it impossible for IBM to respond to VirtaMove's undisclosed allegations.  Ex. 2.  IBM reiterated this in November and followed up again in December, noting that the case is limited to IKS.  *See id.*; Ex. 3.  Citing P.R. 3-1(c), VirtaMove explained that one chart may cover multiple products **only** when the plaintiff's infringement theories regarding the products are identical **and** explained—which is not the case here. Ex. 3.

Despite IBM's having repeatedly flagged this issue, VirtaMove said nothing further for **seven months**.  Then, on March 10, 2025, VirtaMove served so-called "proposed" claim charts for ICP and Hybrid Cloud Mesh.  *See* Ex. 3.  These new charts relied entirely on public

information available to VirtaMove long before it brought this case.  VirtaMove's assertion that IBM somehow conceded that ICP and Hybrid Cloud Mesh are subject to discovery is incorrect. *See* Dkt. 196 at 3.  In correspondence on April 30, 2025, IBM unambiguously reaffirmed its November 2024 objection to Interrogatory No. 9 that IKS is the "only product accused of infringement."  *See* Ex. 2, Ex. 4.  IBM also expressly stated in its Rule 30(b)(6) objections that "Accused Products" shall mean IKS.  Ex. 4.  Contrary to VirtaMove's assertion that it did not learn of IBM's position until the Rule 30(b)(6) depositions (*see* Dkt. 196 at 3), IBM promptly and repeatedly objected to VirtaMove's belated charts, emphasizing their untimeliness and the prejudice that they posed to IBM, especially given the completion of key *Markman* deadlines.  Ex. 3.  Although IBM invited VirtaMove to explain its delay, *see id.,* VirtaMove never responded, nor did VirtaMove ever seek leave to amend its contentions to add the "proposed" charts.[1]

## III.    Argument

VirtaMove's motion should be denied for making untimely discovery requests in violation of the Court's Local Rules.  Discovery has "ultimate and necessary boundaries," *Glob. Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671 LED-JDL, 2012 WL 1903903, at *2 (E.D. Tex. May 25, 2012), and here, VirtaMove is seeking to exceed those boundaries, by seeking to compel discovery that VirtaMove could have pursued nearly a year ago.  The Court has discretion to deny such belated motions.  *See id.* (*citing Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000)).  To avoid unfair prejudice to IBM, the Court should exercise that discretion here.

---

[1]    Further underscoring its lack of diligence in this case, VirtaMove filed a new complaint against IBM on June 10, 2025—just six days ago—reasserting the '814 patent, this time against four IBM products: IBM Cloud, IBM Cloud Private (ICP), IBM z/OS Container Platform, and IBM Cloud Code Engine. *See* Case No. 2:25-cv-00619. Although this new case asserts claim 1 of the '814 patent against ICP, it conspicuously includes a claim chart that differs substantially from the "proposed" charts for ICP and the other infringement charts VirtaMove has served in this case—further illustrating VirtaMove's failure to properly disclose its infringement theories in this case. *See Id.* at Ex. 2.

**A.    VirtaMove Failed To Amend Its Infringement Contentions And Is Not Entitled To Discovery On Unaccused Products.**

P.R. 3-1 requires plaintiffs to accuse products by providing specific infringement theories. Infringement contentions must present "[s]pecific theories" to "create a specific trajectory for the case"). *Connectel, LLC v. Cisco Systems, Inc.*, 391 F.Supp.2d 526, 527–28 (E.D. Tex. 2005). "[W]hen parties formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions ... the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for *Markman*, summary judgment, trial, and beyond." *Id.*  Failure to chart products can leave a defendant "guessing" about what elements are accused. *Glob. Sessions LP*, 2012 WL 1903903, at *7.

In its motion to compel, VirtaMove seeks discovery regarding ICP and Hybrid Cloud Mesh—two products VirtaMove never charted nor provided any specific infringement theory. Instead, VirtaMove's June 5, 2024 contentions rely on the boilerplate claim that "[e]ach Accused Instrumentality infringes the claims in substantially the same way."  Ex. 1.  VirtaMove failed to identify "specifically where each element of each asserted claim is found within" ICP or Hybrid Cloud Mesh, and certainly did not do so "[s]eparately for each asserted claim [and] each accused apparatus …" P.R. 3-1(b).  This is significant because ICP and Hybrid Cloud Mesh do not include the allegedly infringing functionalities that VirtaMove identified for IKS—the sole product for which it provided charts.  Accordingly, ICP and Hybrid Cloud Mesh are not properly charted in VirtaMove's June 5, 2024 contentions—nor does VirtaMove contend that they are.

Having failed to chart these products, VirtaMove now suggests that it may identify accused products without providing any specific theory of infringement.  Courts in this jurisdiction have squarely rejected that position.  *See, e.g.*, *UltimatePointer, LLC v. Nintendo Co., Ltd.*, 6:11-cv-496, 2013 WL 12140173, at *3 (E.D. Tex. May 28, 2013) ("[B]road conclusory allegations that

the products are similar do not allow Plaintiffs to circumvent the Local Rules."); *see also Tivo Inc. v. Samsung Elecs. Co.,* No. 2:15-cv-1503-JRG, 2016 WL 5172008, at *3 (E.D. Tex. July 22, 2016) (plaintiff cannot broadly sweep in additional products not identified with sufficient specificity). Critically, a plaintiff relying on a single "representative" claim chart must explain why all the accused products are technically and functionally identical. *UltimatePointer,* 2013 WL 12140173, at *3. VirtaMove does not even attempt to make that showing in its motion to compel—let alone did it do so in its contentions, as was required.

Notwithstanding its deficient June 5, 2024 contentions, VirtaMove could still have accused ICP and Hybrid Cloud Mesh—*if* VirtaMove had properly amended its contentions in compliance with P.R. 3-6, just as IBM did when IBM discovered new invalidity evidence. *See, e.g.*, Dkt. 189. ***Yet VirtaMove never sought to amend its contentions.*** As discussed above, although VirtaMove served "proposed" claim charts regarding ICP and Hybrid Cloud Mesh on March 10, 2025, *see* Ex. 3, VirtaMove never amended its contentions to include those charts.

It is no surprise that VirtaMove did not seek leave to amend. As IBM explained months ago to VirtaMove, any amendment would require a showing of good cause. *See Tivo Inc.*, 2016 WL 5172008, at *3 (requiring showing of good cause to add accused products). By March 2025, this case was over a year old, and IBM had flagged the deficiencies nearly eight months earlier. *See* Ex. 3. VirtaMove never sought to justify this long delay, nor can it—as the "proposed" charts rely on public information available to VirtaMove well before it brought this case. *See e.g.*, *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006), at 3–4 (excluding accused websites and theories that could have been included in initial disclosures); *Glob. Sessions LP*, 2012 WL 1903903, at *5. Because VirtaMove never sought leave to amend its contentions to add its

new "proposed" charts—and because it could not have shown good cause—VirtaMove's "proposed" charts are legally inoperative. *Glob. Sessions LP*, 2012 WL 1903903, at *8.

The only operative infringement contentions here are VirtaMove's original contentions. Because it is VirtaMove's burden to define its infringement theories for each accused product— and because its contentions do not provide any specific infringement theories for ICP and Hybrid Cloud Mesh—those products are not properly accused in this case. Especially at this late stage, VirtaMove should not be permitted to pursue discovery pertaining to unaccused products.

### B. VirtaMove Mischaracterizes The Parties' Correspondence.

Unable to point to proper infringement contentions, VirtaMove suggests that ICP and Hybrid Cloud Mesh should be considered accused products based on mischaracterizing the parties' correspondence. *See* Dkt. 196 at 3–4. As an initial matter, the sufficiency of VirtaMove's disclosure of accused products—and IBM's ensuing discovery obligations—rises and falls with the contents of VirtaMove's infringement contentions, not its incorrect and self-serving interpretation of the parties' correspondence. *See* P.R. 3-1. Moreover, the correspondence in question confirms that for almost a year, IBM ***consistently and repeatedly*** notified VirtaMove that due to its deficient contentions, ICP and Hybrid Cloud Mesh are not in the case. IBM first notified VirtaMove of these deficiencies in its July and November 2024 discovery responses, and again in a December letter. Ex. 2, Ex. 3. Yet, as discussed above, VirtaMove took no action until March 10, 2025—***after*** *Markman* briefing—and even then, VirtaMove merely served "proposed" claim charts, based entirely on public information. IBM promptly objected to that untimely and improper "disclosure" (*see id.*), and VirtaMove did not respond, let alone seek leave to amend. VirtaMove's failure to take ***any*** necessary action to amend its deficient contentions confirms its lack of diligence. *See Glob. Sessions LP*, 2012 WL 1903903, at *5, *8. VirtaMove's May 19, 2025 request—made months after IBM's objections—does not excuse a failure to amend its contentions.

Further, VirtaMove's assertion that IBM failed to articulate any burden posed by VirtaMove's untimely disclosure similarly is incorrect.  Dkt. 196 at 6.  In March 2025, IBM stated that VirtaMove's attempt to expand the case would be "greatly prejudic[ial]."  *See* Ex. 3.  That remains true now.  Claim construction is complete, IBM's invalidity positions—including its asserted prior art—were tailored to address VirtaMove's disclosed infringement theory regarding IKS, and expert reports are already underway.  Expanding the case at this late date to encompass ICP and Hybrid Cloud Mesh would undo months of case narrowing, would require IBM to develop all-new defensive theories, and would require supplemental expert reports.  The resulting prejudice to IBM is obvious and significant.  Ultimately, ICP and Hybrid Cloud Mesh are absent from the case due to VirtaMove's own failure to correct its deficient contentions before the proper time to do so expired.  Its motion to compel discovery into unaccused products should be denied.

### C.    VirtaMove's Request To Compel Testimony Regarding Source Code Is Moot.

VirtaMove never specifically requested the source code computer for Mr. Brown's May 22 deposition—a date for which it had already been reserved for use by VirtaMove's expert.  *See* Ex. 4.  Nevertheless, has resolved this issue through a short supplemental deposition.

### D.    IBM Is Not Obligated To Supplement Common Interrogatory No. 6.

VirtaMove's Common Interrogatory No. 6 asks IBM to identify "the operating systems of each server … within the Accused Product."  IBM fully responded: IKS supports Ubuntu 20 and Ubuntu 24.  VirtaMove's objection that these are "potential" operating systems lacks merit.  Dkt. 196 at 7.  IBM does not track or control customer-specific server data, and thus has no additional information to provide in response to this interrogatory.

## IV.    Conclusion

For the reasons set forth above, the Court should deny VirtaMove's motion to compel.

Dated: June 16, 2025

Respectfully submitted,

*/s/ Todd M. Friedman*

Todd M. Friedman (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: todd.friedman@kirkland.com

Brandon H. Brown
State Bar No. 266347
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
Email:  andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Attorneys for Defendant*
*International Business Machines Corp.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on June 16, 2025.

_/s/ Todd M. Friedman_____
Todd M. Friedman
