# **EXHIBIT 3**

**2024-12-12 IBM's Correspondence to VirtaMove re Deficient Infringement Contentions:**

Kyle A. Calhoun
To Call Writer Directly:
+1 415 439 1527
brandon.brown@kirkland.com

555 California Street
San Francisco, CA 94104
United States

+1 415 439 1400

Facsimile:
+1 415 439 1500

(together the "Infringement Contentions"). IBM has notified VirtaMove about the several deficiencies in the Infringement Contentions, including, the failure to cite to, identify, or describe any documentation purporting to show infringement by two accused instrumentalities: IBM Cloud Private and IBM Hybrid Cloud Mesh. *See* IBM's Resp. to VirtaMove's ROG No. 5. Likewise,

Instrumentalities," VirtaMove's Infringement Contentions are limited to allegations of infringement relating *only* to one product—IBM Cloud Kubernetes Service. *See generally* '814

accused infringing product, Plaintiff must provide an explanation of the technical and functional identity of the products represented." *Id.* While "[i]t is possible for a plaintiff to use a single chart for multiple products," a plaintiff can only do so "*if* separate charts would be *identical* for each product." *Id.* Yet, VirtaMove failed to offer any explanation of the technical and functional identity of the Accused Instrumentalities, much less any explanation to suggest that the claim charts for each Accused Instrumentality would be identical. Absent from VirtaMove's Infringement Contentions is any mention of IBM Cloud Private and IBM Hybrid Cloud Mesh beyond their mere identification in the first paragraph of the first page of its Infringement Contentions. This is insufficient and demonstrates VirtaMove's failure to comply with P.R. 3-1(c). As such, only IBM Cloud Kubernetes Service are within the scope of VirtaMove's contentions.

**2025-03-13 Email from Nate Ngerebara to Christian W. Conkle**

From: Ngerebara, Nate
Sent: Thursday, March 13, 2025 11:50 AM
To: Christian W. Conkle; #IBM-VirtaMove KE Team
Cc: andrea@millerfairhenry.com; rak_virtamove@raklaw.com
Subject: RE: VirtaMove v. IBM – Proposed supplemental infringement charts

Counsel,

We are in receipt of your March 10, 2025 email containing VirtaMove's proposed supplemental infringement charts. As a threshold matter, this supplementation is untimely, and you are required to seek leave of court to amend the existing charts.

As you know, IBM has repeatedly attempted to clarify VirtaMove's infringement allegations throughout the course of discovery. As far back as July 29, 2024, IBM informed VirtaMove of its failure to disclose any infringement theory or contention directed at IBM Cloud Private and IBM Hybrid Cloud Mesh and its failure to cite to any documentation or other evidence identifying any allegation or contention of infringement. *See* IBM's Response to ROG 5. VirtaMove proposed a supplement to its infringement contentions on November 5, 2024, but failed to add any contentions or allegations directed at Cloud Private or Hybrid Cloud Mesh. Having heard nothing from VirtaMove about any theory of infringement against these two products, IBM proceeded with the understanding that the only accused product in the case is IBM's Cloud Kubernetes Service. IBM confirmed this understanding in its Responses to ROGs 6 and 9 dated November 15, 2024, and IBM's December 12, 2024 Letter re: Deficient Infringement Contentions. We followed up asking for a response to our December 12 letter on at least five different occasions in January, February, and March 2025, but did not receive a response until last week.

For the first time in this litigation, VirtaMove's contentions served on March 10 purport to accuse IBM Cloud Private and Hybrid Cloud Mesh. VirtaMove fails to offer any justification for its delay and expansion of this case, which has greatly prejudiced IBM. Indeed, the parties have already completed production of documents and claim construction briefing, and there are only 2 months remaining in fact discovery. Without understanding VirtaMove's good cause justification for the timing of its recent contentions, or an understanding of how VirtaMove intends to mitigate the prejudice caused by VirtaMove's delay, IBM cannot agree to VirtaMove's proposed amended contentions as it pertains to IBM Cloud Private and Hybrid Cloud Mesh. We remain willing to meet and confer to consider any further proposals or justifications that VirtaMove can provide.

Regards,

**2025-03-10 Email from Christian Conkle to Nate Ngerebara**

From: Christian W. Conkle <cconkle@raklaw.com>
Sent: Monday, March 10, 2025 8:21 PM
To: #IBM-VirtaMove KE Team <IBM-VirtaMoveKETeam@kirkland.com>
Cc: andrea@millerfairhenry.com; rak_virtamove@raklaw.com
Subject: VirtaMove v. IBM – Proposed supplemental infringement charts

IBM team,

As discussed, here are proposed supplemental infringement charts. Although VirtaMove's initial