IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP.,<br>   *Plaintiff*,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br>   *Defendant*. | § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00093-JRG<br>(LEAD CASE) |
| VIRTAMOVE, CORP.,<br>   *Plaintiff*,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br>   *Defendant*. | § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00064-JRG<br>(MEMBER CASE) |

## ORDER

Before the Court is Motion to Compel (the "Motion") filed by Plaintiff VirtaMove Corp. ("VirtaMove"). (Dkt. No. 196.) In the Motion, VirtaMove moves to compel three categories of information. (*Id.* at 2.) First, VirtaMove seeks financial information relating to Cloud Private ("ICP") and IBM Hybrid Cloud mesh. (*Id.*) Second, VirtaMove seeks additional 30(b)(6) testimony regarding IBM's confidential source code. (*Id.*) Third, VirtaMove seeks supplemental interrogatory responses regarding the operating system of each server within the accused products. (*Id.*)

IBM argues that the first request of the Motion should be denied because VirtaMove seeks financial discovery into products mentioned only in the boilerplate of its infringement contentions but not charted nor alleged to be represented by the charted product. (Dkt. No. 208 at 1-7.) IBM asserts that it consistently and repeatedly notified VirtaMove of this deficiency, but VirtaMove never sought leave to amend its infringement contentions. (*Id.* at 5-6 (citing Dkt. Nos. 209-2; 209-3).) Accordingly, IBM requests the Court deny this Motion as it seeks discovery into

"unaccused products" late in the case. (*Id.* at 7.) The Court agrees that VirtaMove has not shown that discovery into ICP and IBM Hybrid Cloud mesh is justified at this late stage of the case. VirtaMove never sought leave to serve its amended infringement contentions adequately charting these products. Moreover, VirtaMove waited to file this Motion until after claim construction occurred and the fact discovery period ended. (*See* Dkt. No. 184.) Accordingly, VirtaMove's first request is **DENIED**.

As to the second request, IBM responds that it has agreed to make its 30(b)(6) witness, Mr. Brown, available for another two-hour deposition. (Dkt. No. 208.) Accordingly, VirtaMove's second request is **DENIED AS MOOT**.

As to the third request, VirtaMove moves to compel supplemental interrogatory responses requiring IBM to "identify the operating systems of each server (e.g., Kubernetes host or node) within the accused products." (Dkt. No. 196 at 2.) Specifically, VirtaMove claims that IBM identified "potential" operating systems but failed to identify operating systems "actually in use." (*Id.*) IBM responds that it "does not track or control customer-specific server data, and thus has no additional information to provide in response to this interrogatory." (Dkt. No. 208 at 7.) VirtaMove claims "this is extremely implausible, given that this is information IBM gleaned from its various interactions with multiple customers." (Dkt. No. 196 at 7 (citing Brown Depo. 77:11-78:9).) The Court finds that IBM has answered this interrogatory. Having reviewed the cited Brown Deposition, the Court further finds that VirtaMove has not shown that IBM has any additional information. Accordingly, VirtaMove's third request is **DENIED**.

**So ORDERED and SIGNED this 24th day of July, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE