# EXHIBIT 5

```
 1              UNITED STATES DISTRICT COURT
 2                EASTERN DISTRICT OF TEXAS
 3                    MARSHALL DIVISION
                          - - -
 4    VIRTAMOVE CORPORATION,        )
 5              Plaintiff,          )
 6         vs.                      ) No. 2:24-cv-00093-JRG
 7    HEWLETT PACKARD ENTERPRSE     )
 8    COMPANY,                      )
 9              Defendant.          )
                                    )
10    VIRTAMOVE CORPORATION,        )
11              Plaintiff,          )
12         vs.                      ) No. 2:24-cv-00064-JRG
13    INTERNATIONAL BUSINESS        )
14    MACHINES CORPORATION,         )
15              Defendant.          )
      _____  )
16
17          VIDEOTAPED DEPOSITION OF SAM MALEK
18                Friday, July 18, 2025
19
20    Reported By:
21    MICHELLE K. BAILEY, RPR, CSR No. 10713
22    Job No. 7478712
23
24    Pages 1 - 203
25    PAGES 135 to 144 ARE CONFIDENTIAL AND BOUND SEPARATELY
```

Page 1

```
 1              So it's your opinion that -- and I'll represent    12:15:24
 2   to you, paragraph 233 -- well, actually, you can look at      12:15:28
 3   it.  So in Wicker opening report, paragraph 233, this is      12:15:32
 4   addressing the claim element:  "Wherein, the one or more      12:15:37
 5   of the isolated environments are created during the           12:15:40
 6   installation of the one or more applications."                12:15:43
 7              Do you see that?                                   12:15:47
 8        A.    Sorry.  I don't see -- are you reading from the    12:15:48
 9   paragraph?                                                    12:15:56
10        Q.    So if you scroll up from paragraph 233, this       12:16:00
11   claim limitation that paragraph 233 addresses is:             12:16:03
12   "Wherein, the one or more isolated environments are           12:16:09
13   created during installation of the one or more                12:16:13
14   applications."                                                12:16:19
15              Right?                                             12:16:19
16        A.    Yes.  I see that.                                  12:16:20
17        Q.    And if you look at that particular claim           12:16:21
18   limitation, the first piece of evidence Dr. Wicker cites      12:16:23
19   is, actually, with respect to V-Migrate; right?               12:16:28
20        A.    Yeah.  But I'm talking about a different part      12:16:30
21   of his analysis there.                                        12:16:33
22        Q.    So my question is different.  My question was,    12:16:34
23   is there any claim limitation at all in the OIN patents       12:16:39
24   where he exclusively rely on V-Maestro evidence alone?        12:16:45
25   That was my question.                                         12:16:49
```

Page 100

| | | |
|---|---|---|
| 1 | A. Well, as I say here in this paragraph 104, he's | 12:16:52 |
| 2 | relying on V-Maestro exclusively for any automation. | 12:16:55 |
| 3 | Q. Is automation -- well, let me ask you that. | 12:17:04 |
| 4 | Which claim limitation is automation relate to | 12:17:09 |
| 5 | in OIN patents? | 12:17:12 |
| 6 | A. Well, as I say, Dr. Wicker concedes that the | 12:17:14 |
| 7 | only way that the recited functionalities are allegedly | 12:17:17 |
| 8 | automated is through V-Maestro. And paragraph 233 is an | 12:17:21 |
| 9 | example of that. | 12:17:25 |
| 10 | Q. That was not my question. My question is which | 12:17:26 |
| 11 | claim limitation requires the word "automation"? | 12:17:28 |
| 12 | MR. TONG: Objection; form. | 12:17:32 |
| 13 | THE WITNESS: Well, I think, as I've said, so | 12:17:42 |
| 14 | the, you know -- so I understand under IBM's | 12:17:50 |
| 15 | construction or IBM's interpretation, the claim can be | 12:17:57 |
| 16 | met by allowing someone, for example, a user to perform | 12:18:02 |
| 17 | it. Under that interpretation, Dr. Wicker hasn't really | 12:18:07 |
| 18 | shown any specific user performing this operation. And | 12:18:12 |
| 19 | under VirtaMove's proposal that this limitation must be | 12:18:25 |
| 20 | met, you know, independently of user interaction and the | 12:18:30 |
| 21 | system is configured to do it, then, you know, | 12:18:36 |
| 22 | Dr. Wicker is relying exclusively on V-Maestro for any | 12:18:38 |
| 23 | such automation. So that's that part of his report. | 12:18:42 |
| 24 | But I have other opinions in my report as well about | 12:18:46 |
| 25 | this. | 12:18:49 |

Page 101

| | | |
|---|---|---|
| 1 | BY MS. DOU: | 12:18:49 |
| 2 | Q.  So part of your reason why you think the claim | 12:18:50 |
| 3 | limitation requires automation is based on VirtaMove's | 12:18:53 |
| 4 | proposed claim construction; right? | 12:18:58 |
| 5 | (Technical Interruption) | |
| 6 | THE WITNESS:  So I think you were asking me | 12:21:47 |
| 7 | questions about what Dr. Wicker says in his report.  He | 12:21:49 |
| 8 | says in paragraph 904 of his opening report that: | 12:21:52 |
| 9 | "VirtaMove next suggests that it could simply stop | 12:21:56 |
| 10 | offering the alleged infringing V-Maestro functionality | 12:22:00 |
| 11 | as a non-infringing alternative." | 12:22:00 |
| 12 | And then he follows that by saying:  "This | 12:22:03 |
| 13 | approach is also not acceptable." | 12:22:05 |
| 14 | He's agreeing that this would be a | 12:22:07 |
| 15 | non-infringing alternative.  He's only taking issue with | 12:22:09 |
| 16 | whether it would be commercially acceptable or not.  So | 12:22:16 |
| 17 | I think, you know, my understanding is that Dr. Wicker | 12:22:18 |
| 18 | has already agreed that using V-Migrate alone would be a | 12:22:21 |
| 19 | non-infringing alternative.  And I've just kind of added | 12:22:28 |
| 20 | to that.  And I discuss this in paragraph 250 of my | 12:22:35 |
| 21 | report.  I point to various paragraphs in Dr. Wicker's | 12:22:39 |
| 22 | report where he's taking issue with whether using | 12:22:43 |
| 23 | V-Migrate alone is an acceptable non-infringing | 12:22:48 |
| 24 | alternative.  But, you know, it's pretty clear in my | 12:22:54 |
| 25 | opinion that he's already agreed that V-Migrate alone | 12:23:00 |

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

```
 1              REPORTER'S CERTIFICATION
 2
 3        I, Michelle K. Bailey, Certified Shorthand
 4   Reporter, in and for the State of California, do hereby
 5   certify:
 6
 7        That the foregoing witness was by me duly sworn;
 8   that the deposition was then taken before me at the time
 9   and place herein set forth; that the testimony and
10   proceedings were reported stenographically by me and
11   later transcribed into typewriting under my direction;
12   that the foregoing is a true record of the testimony and
13   proceedings taken at that time.
14
15        IN WITNESS WHEREOF, I have subscribed my name this
16   23rd day of July, 2025.
17
18
19
20        [signature: Michelle Bailey]
21        Michelle K. Bailey
22        RPR, CSR No. 10713
23
24
25
```