# EXHIBIT 8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendant. | Case No. 2:24-cv-00064-JRG-RSP |

**PLAINTIFF VIRTAMOVE, CORP.'S CORRECTED PRELIMINARY DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

**I.      Patent Rule 3-1: Disclosure of Asserted Claims and Infringement Contentions**

Pursuant to Patent Rule 3-1, Plaintiff VirtaMove, Corp. submits the following Preliminary Disclosure of Asserted Claims and Infringement Contentions. This disclosure is based on the information available to VirtaMove as of the date of this disclosure, and VirtaMove reserves the right to amend this disclosure to the full extent permitted, consistent with the Court's Rules and Orders.

**A.      Patent Rule 3-1(a): Asserted Claims**

VirtaMove asserts that Defendant International Business Machines Corp. ("Defendant" or "IBM") infringes the following claims (collectively, "Asserted Claims"):

(1) U.S. Patent No. 7,519,814 ("the '814 patent"), claims 1, 2, 6, 9, and 10; and

(2) U.S. Patent No. 7,784,058 ("the '058 patent"), claims 1–4 and 18.

This Corrected Preliminary Disclosure of Asserted Claims and Infringement Contentions correctly reflects, consistent with the Complaint (IBM Dkt. 1) and the Amended Complaints (Consolidated Dkts. 37, 47), that the only independent claims that are asserted in this case are

independent claim 1 of the '814 patent and independent claim 1 of the '058 patent. Independent Claim 31 of the '814 patent is not, was not, and will not be asserted in this case. Otherwise, this Corrected Preliminary Disclosure of Asserted Claims and Infringement Contentions is identical to the previously served Preliminary Disclosure of Asserted Claims and Infringement Contentions.

  **B. Patent Rule 3-1(b): Accused Instrumentalities of which VirtaMove is aware**

VirtaMove asserts that the Asserted Claims are infringed by the various instrumentalities used, made, sold, offered for sale, or imported into the United States by Defendant, including certain (a) IBM products and services using secure containerized applications, including without limitation IBM's Cloud Kubernetes Service (IKS), IBM Cloud Private (ICP), and IBM Hybrid Cloud mesh, and all versions and variations thereof since the issuance of the '814 patent; and (b) IBM products and services using user mode critical system elements as shared libraries, including without limitation IBM Cloud Kubernetes Service (IKS), IBM Cloud Private (ICP), and IBM Hybrid Cloud mesh, and all versions and variations thereof since the issuance of the '058 patent ("Accused Instrumentalities"). Defendant's Accused Instrumentalities of which VirtaMove is presently aware are described in more detail in the accompanying preliminary infringement contention charts.

VirtaMove reserves the right to accuse additional products from Defendant to the extent VirtaMove becomes aware of additional products during the discovery process. Unless otherwise stated, VirtaMove's assertions of infringement apply to all variations, versions, and applications of each of the Accused Instrumentalities, on information and belief, that different variations, versions, and applications of each of the Accused Instrumentalities are substantially the same for purposes of infringement of the Asserted Claims.

  **C. Patent Rule 3-1(c): Claim Charts**

VirtaMove's analysis of Defendant's products is based upon limited information that is publicly available, and based on VirtaMove's own investigation prior to any discovery in these actions. Specifically, VirtaMove's analysis is based on certain limited resources that evidence certain products made, sold, used, or imported into the United States by Defendant.

VirtaMove reserves the right to amend or supplement these disclosures for any of the following reasons:

(1) Defendant and/or third parties provide evidence relating to the Accused Instrumentalities;

(2) VirtaMove's position on infringement of specific claims may depend on the claim constructions adopted by the Court, which has not yet occured; and

(3) VirtaMove's investigation and analysis of Defendant's Accused Instrumentalities is based upon public information and VirtaMove's own investigations. VirtaMove reserves the right to amend these contentions based upon discovery of non-public information that VirtaMove anticipates receiving during discovery.

Attached, and incorporated herein in their entirety, are charts identifying where each element of the Asserted Claims are found in the Accused Instrumentalities.

Unless otherwise indicated, the information provided that corresponds to each claim element is considered to indicate that each claim element is found within each of the different variations, versions, and applications of each of the respective Accused Instrumentalities described above.

### D.     Patent Rule 3-1(d): Literal Infringement / Doctrine of Equivalents

With respect to the patents at issue, each element of each Asserted Claim is considered to be literally present. VirtaMove also contends that each Asserted Claim is infringed or has been infringed under the doctrine of equivalents in Defendant's Accused Instrumentalities. VirtaMove

also contends that Defendant both directly and indirectly infringes the Asserted Claims. For example, the Accused Instrumentalities are provided by the Defendant to customers, who are actively encouraged and instructed (for example, through Defendant's online instructions on its website and instructions, manual, or user guides that are provided with the Accused Instrumentalities) by Defendant to use the Accused Instrumentalities in ways that directly infringe the Asserted Claims. Defendant therefore specifically intends for and induces its customers to infringe the Asserted Claims under Section 271(b) through the customers' normal and customary use of the Accused Instrumentalities. In addition, Defendant is contributorily infringing the Asserted Claims under Section 271(c) and/or Section 271(f) by selling, offering for sale, or importing the Accused Instrumentalities into the United States, which constitute a material part of the inventions claimed in the Asserted Claims, are especially made or adapted to infringe the Asserted Claims, and are otherwise not staple articles or commodities of commerce suitable for non-infringing use.

      **E.**     **Patent Rule 3-1(e): Priority Dates**

The Asserted Claims of the '814 patent are entitled to a priority date at least as early as September 15, 2003, the filing date of provisional application No. 60/502,619.

The Asserted Claims of the '058 patent are entitled to a priority date at least as early as September 22, 2003, the filing date of provisional application No. 60/504,213.

A diligent search continues for additional responsive information and VirtaMove reserves the right to supplement this response.

      **F.**     **Patent Rule 3-1(f): Identification of Instrumentalities Practicing the Claimed Invention**

At this time, VirtaMove does not identify any of its instrumentalities as practicing the Asserted Claims. A diligent search continues for additional responsive information and VirtaMove reserves the right to supplement this response.

**II.  Patent Rule 3-2: Document Production Accompanying Disclosure**

Pursuant to Patent Rule 3-2, VirtaMove submitted the following Document Production Accompanying Disclosure, along with an identification of the categories to which each of the documents corresponds.

**F.  Patent Rule 3-2(a) documents:**

VirtaMove is presently unaware of any documents sufficient to evidence any discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the inventions recited in the Asserted Claims of the Asserted Patents prior to the application dates or priority dates for the Asserted Patents. A diligent search continues for such documents and VirtaMove reserves the right to supplement this response.

**G.  Patent Rule 3-2(b) documents:**

VirtaMove identifies the following non-privileged documents as related to evidencing conception and reduction to practice of each claimed invention of the Asserted Patents: VM_HPE_0000865–VM_HPE_0000880. A diligent search continues for additional documents and VirtaMove reserves the right to supplement this response.

**H.  Patent Rule 3-2(c) documents:**

VirtaMove identifies the following documents as being the file histories for the Asserted Patents: VM_HPE_0000001–VM_HPE_0000864.

Dated: July 1, 2024                                          Respectfully submitted,

                                                                            */s/ Reza Mirzaie*

5

Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Amy E. Hayden
CA State Bar No. 287026
Jacob R. Buczko
CA State Bar No. 269408
James S. Tsuei
CA State Bar No. 285530
James A. Milkey
CA State Bar No. 281283
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Daniel Kolko (CA SBN 341680)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: ahayden@raklaw.com
Email: jbuczko@raklaw.com
Email: jtsuei@raklaw.com
Email: jmilkey@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email: dkolko@raklaw.com

Qi (Peter) Tong
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Email: ptong@raklaw.com

**ATTORNEYS FOR PLAINTIFF
VIRTAMOVE, CORP.**

## CERTIFICATE OF SERVICE

I certify that this document is being served upon counsel of record for Defendants on July 1, 2024 via e-mail.

/s/ Reza Mirzaie
Reza Mirzaie
