# EXHIBIT 33
# FILED UNDER SEAL

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORP.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 2, 6, 7, 9, and 13)**

Pursuant to the Federal Rules of Civil Procedure, International Business Machines Corp. ("Defendant" or "IBM") hereby supplements its objections and responses to Plaintiff VirtaMove Corp.'s ("Plaintiff" or "VirtaMove") First Set of Interrogatories (Nos. 2, 6, 7, 9, and 13) served on July 29, 2024. These responses are based on the information presently available to IBM after a reasonable investigation. These objections and responses are without prejudice to IBM's right to use or rely on subsequently discovered information, as well as otherwise supplement these responses.

## GENERAL OBJECTIONS

1. IBM objects to VirtaMove's Interrogatories to the extent that they are broader than, or purport to impose obligations upon IBM beyond those required by the Federal Rules of Civil Procedure, the Local Rules of this Court or other guidance provided by the Court.

2. IBM's discovery and investigation in connection with this case are ongoing. As a result, IBM's responses concern information obtained and reviewed to date, and are given without prejudice to its right to amend or supplement its responses after considering information obtained or reviewed through further discovery and investigation.

3. IBM objects to each Interrogatory to the extent it seeks information or documents protected by a claim of privilege, including attorney-client privilege, the work product doctrine, and/or any other applicable privileges or immunities, and to the extent it seeks information or documents not relevant to the subject matter of the present litigation and/or not proportional to the needs of the present litigation.

4. IBM objects to each Interrogatory to the extent it (i) uses terms or phrases that are not defined or understood, or (ii) fails to identify with reasonable particularity the information requested. IBM will not speculate as to the meaning ascribed to VirtaMove's terms or phrases, and IBM objects to such Interrogatories on the grounds that they are vague and ambiguous.

5. IBM objects to each Interrogatory to the extent it calls for a legal opinion or conclusion.

6. IBM objects to each Interrogatory as improper and premature to the extent it seeks an expert opinion or conclusion. IBM will provide its expert reports in accordance with the Docket Control Order in this action.

7. IBM objects to each Interrogatory as overly broad and unduly burdensome to the extent it seeks information that is not relevant to any claim or defense, is not proportional to the needs of the case, and/or is not appropriately limited in time or scope. IBM does not concede that the information sought by the Interrogatories is relevant to this action, and IBM preserves all objections to competency, relevancy, materiality, and admissibility of the information requested. IBM reserves the right to object to further discovery into any subject matter sought by the Interrogatories.

8. IBM objects to each Interrogatory to the extent it purports to require IBM to identify or describe or identify "each," "any," or other similarly expansive, infinite, or all-inclusive terms as overbroad and unduly burdensome.

9. IBM objects to each Interrogatory to the extent it is not limited in time and seeks information for periods of time that is not relevant to any claim or defense and is not otherwise proportional to the needs of this case.

10. IBM objects to each Interrogatory to the extent it seeks information that IBM is not permitted to disclose pursuant to a privacy right of a third party. IBM also objects to the Interrogatories to the extent they seek information which, if furnished, would violate a domestic or foreign judicial order, confidentiality or protective order, stipulation of confidentiality, or confidentiality agreement that has been entered into with respect to such information. IBM also

objects to the Interrogatories to the extent they seek information or documents protected from discovery by one or more protective orders in any separate proceeding(s), or other privileges or immunities based upon statute or recognized at common law, and/or Federal Rule of Evidence 501.

11. Inadvertent production of privileged information by IBM shall not constitute a waiver of any applicable privilege or immunity nor shall the production of any such information in responding to these Interrogatories or any other discovery requests be construed as a waiver of any objection to its admissibility, and IBM reserves all rights to recall any privileged information that is inadvertently produced. IBM's response to any particular Interrogatory shall not be construed as an acknowledgement or representation by IBM that any information responsive to that Interrogatory exists and/or is properly discoverable.

12. IBM objects to the Interrogatories to the extent they seek information that is already in VirtaMove's possession, custody, or control.

13. IBM objects to the Interrogatories to the extent they seek information that is not in IBM's possession, custody, or control.

14. The General Objections set forth above are made as to the matters that are clearly objectionable from the face of the Interrogatories. These objections are made without prejudice to and without waiver of IBM's right to object on all appropriate grounds to the specific information sought by each Interrogatory. IBM's response to any Interrogatory is not a waiver of its objections or its right to object to any additional, supplemental, or further Interrogatory, or any part thereof.

15. Neither these General Objections nor the Specific Objections and Responses set forth below are an admission relative to the existence of any information, documents, or things

3

sought, the relevance or admissibility of any response, or the truth or accuracy of any statement or characterization contained in any particular Interrogatory.

16. IBM incorporates by references the General Objections set forth herein into the Specific Objections and Responses set forth below. IBM may repeat a General Objection for emphasis or some other reason. The failure to repeat any General Objection does not waive any General Objection to the Interrogatory. Moreover, IBM does not waive its right to amend its objections.

17. IBM objects to any factual characterizations in VirtaMove's Interrogatories. By responding, IBM does not accept or admit any of VirtaMove's factual characterizations.

18. IBM objects to each Interrogatory as overbroad and unduly burdensome to the extent it calls for information that is publicly available, is as easily obtained by VirtaMove as by IBM, or is already in the possession of VirtaMove.

19. IBM objects to the definition of "Defendant," "IBM," "you," and "your" as vague, overbroad, and unduly burdensome. For purposes of these responses, IBM understands "Defendant," "IBM," "you," and "your" as referring to International Business Machines Corp.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. IBM objects to the "Definitions" and "Instructions" sections to the extent they purport to alter the plain meaning and/or scope of any specific Request. IBM states that it will respond based on the commonly understood meanings of the terms used in the Requests and the Rules unless further defined herein.

2. IBM objects to VirtaMove's definition of "Accused Product(s)" as overbroad and unduly burdensome and to the extent that the definitions inaccurately attribute technical properties to any IBM products or products by others. Additionally, IBM objects to the definitions as vague and ambiguous to the extent that they fail to adequately define terms or fail to describe the

4

information sought with reasonable particularity. IBM further objects to the definition of "Accused Product" as overbroad, unduly burdensome, and seeking information not relevant to the subject matter of this proceeding, including to the extent it seeks to encompass products that VirtaMove does not accuse of practicing the Asserted Patents. IBM further objects to the definition of "Accused Product(s)" as calling for a legal conclusion and mischaracterizing the facts.

3. IBM objects to VirtaMove's definitions of "correspondence" and "communication" as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, and/or not proportional to the needs of the case to the extent that the definition at least to the extent they purport to impose on IBM any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and applicable rules and orders of the Court.  IBM further objects to these definitions as improperly seeking to encompass documents and information outside the scope of discovery contemplated by the Court's rules and the Federal Rules of Civil Procedure.

4. IBM objects to VirtaMove's definitions of "Relevant Instrumentalities" and "Related Instrumentalities" as vague, ambiguous, overbroad, and unduly burdensome to the extent that the definition purports to include products not accused of infringement in this action. IBM objects to any other definition that incorporates the definition of "Accused Product(s)." IBM objects to VirtaMove's definitions of "relate," "relates to," "related to," and "relating to" as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, and/or not proportional to the needs of the case to the extent that the definition at least to the extent it purports to impose on IBM any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and applicable rules and orders of the Court.  IBM further objects to these definitions as improperly

5

seeking to encompass documents and information outside the scope of discovery contemplated by the Court's rules and the Federal Rules of Civil Procedure.

5. IBM objects to VirtaMove's definition of "products" as vague, ambiguous, overbroad, and unduly burdensome to the extent that the definition purports to include products that are not relevant to in this action.

## INTERROGATORY RESPONSES

**INTERROGATORY NO. 1:**

Describe and identify the date you first became aware of VirtaMove or the inventor of the Patents-in-Suit, including when you first became aware of VirtaMove and/or any inventor of the Patents-in-Suit and the interactions you had with VirtaMove and/or any inventor of the Patents-in-Suit, including identifying by Bates number all documents that refer or relate to your awareness of and interactions with VirtaMove and/or any inventor of the Patents-in-Suit.

**RESPONSE TO INTERROGATORY NO. 1:**

IBM incorporates by reference all General Objections as well as its objections to the definitions and instructions as if fully stated herein. IBM objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any joint defense privilege or doctrine. IBM objects to this Interrogatory as compound and containing multiple subparts asserted in a single Interrogatory. IBM objects to this Interrogatory as overbroad and unduly burdensome, and not proportional to the needs of this action to the extent it purports to require "all" documents related to the subject matter of the Interrogatory.

Subject to and without waiver of these and its General Objections, IBM responds as follows: IBM objects to this Interrogatory as overbroad and unduly burdensome to the extent it calls for information that is as easily obtained by VirtaMove as by IBM or is already in the

6

possession of VirtaMove. To the extent VirtaMove is seeking further information regarding IBM's first awareness of VirtaMove or the inventor of the Patents-in-Suit, IBM is willing to meet and confer with VirtaMove regarding an appropriate scope, if any, for the subject matter of this Interrogatory.

IBM's investigation is ongoing, and IBM reserves all rights to amend, modify, and/or supplement this response.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 (November 15, 2024):**

Subject to and without waiver of the General and Specific Objections, IBM responds as follows: The following table identifies the individuals IBM believes to have previously interacted with VirtaMove and the time periods during which IBM believes such interactions occurred.

| Individuals | Date of Interaction |
|---|---|
| Mac Devine | 2011-2012 |
| Steve Astorino | 2021 |
| Brian McCarthy | 2023 |
| Vinay Parisa | 2011-2014; 2023 |
| L.K. Swift | 2011-2014 |
| Rakesh Rao | Unknown |
| Greg O'Connor | 2011 |
| Cedric Burgins | 2023 |

IBM's investigation is ongoing, and IBM reserves all rights to amend, modify, and/or supplement this response.

**INTERROGATORY NO. 2:**

Describe and identify the dates of first sale and commercial usage of each of the Accused Products and Relevant Instrumentalities, including individual versions, that you have made, used, sold, offered for sale, or imported into the United States.

**RESPONSE TO INTERROGATORY NO. 2:**

IBM incorporates by reference all General Objections as well as its objections to the definitions and instructions as if fully stated herein. IBM objects to this Interrogatory to the extent it calls for legal conclusions. IBM also objects to the term "commercial usage" as vague and ambiguous to the extent that it fails to adequately define terms or fail to describe the information sought with reasonable particularity.

Subject to and without waiver of these and its General Objections, and subject to IBM's understanding of the term "Accused Products and Relevant Instrumentalities," IBM responds as follows:

Information on the development, availability, and version history for IBM Cloud Kubernetes is publicly available. *See* https://cloud.ibm.com/docs/containers?topic=containers-cs_versions; *see also* https://www.ibm.com/blog/kubernetes-history/.

IBM's investigation is ongoing, and IBM reserves all rights to amend, modify, and/or supplement this response.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (November 15, 2024):**

Subject to and without waiver of the General and Specific Objections, IBM responds as follows:

IBM understands that the IBM Cloud Kubernetes Service is the only product accused of infringement. However, IBM understands that VirtaMove has requested information regarding

8

IBM Cloud Private and IBM Hybrid Cloud Mesh, and in order to avoid dispute, IBM agrees to provide the below information identifying the first public release date for each product:

IBM Kubernetes Cloud Service: May 2017

IBM Cloud Private: November 2017

IBM Hybrid Cloud Mesh: December 2023

**INTERROGATORY NO. 3:**

For each Accused Product and Relevant Instrumentality, describe in detail your contracts and relationships with third parties, including suppliers, contractors, licensors, and licensees, in designing, developing, testing, producing, manufacturing, copying, marketing, selling, distributing, importing into the United States, selling for importing into the United States, and/or selling after importing into the United States.

**RESPONSE TO INTERROGATORY NO. 3:**

IBM incorporates by reference all General Objections as well as its objections to the definitions and instructions as if fully stated herein. IBM objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any joint defense privilege or doctrine. IBM further objects to this Interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. IBM also objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information about third-party contracts and relationships that are not relevant to the claims or defenses in this action and are not proportional to the needs of the case. IBM further objects to this Interrogatory to the extent it seeks confidential and proprietary business information that is irrelevant to the claims or defenses in this action and not proportional to the needs of the case.

Subject to and without waiver of these and its General Objections, IBM responds as follows: IBM is continuing to investigate the subject matter of this Interrogatory and IBM reserves all rights to amend, modify, and/or supplement this response.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7 (November 15, 2024):**

Subject to and without waiver of the General and Specific Objections, IBM responds as follows:

IBM is continuing to identify documents responsive to this interrogatory. Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined from documents produced by IBM bearing the following Bates numbers: IBM_VM_000002434; IBM_VM_000002438; IBM_VM_000003052; IBM_VM_000004387; IBM_VM_000004546; IBM_VM_000005091; IBM_VM_000005135; IBM_VM_000005320; IBM_VM_000005506; IBM_VM_000005528; IBM_VM_000005584; IBM_VM_000005587; IBM_VM_000005693; IBM_VM_000006051; IBM_VM_000006067; IBM_VM_000006072; IBM_VM_000006073; IBM_VM_000006138; IBM_VM_000006361; IBM_VM_000006628; IBM_VM_000008521; IBM_VM_000009906; IBM_VM_000009912; IBM_VM_000009918; IBM_VM_000010090; IBM_VM_000010328; IBM_VM_000010359.

IBM's investigation is ongoing, and IBM reserves all rights to amend, modify, and/or supplement this response.

**INTERROGATORY NO. 4:**

Describe in detail all product requirement documents, market studies, consumer surveys, or other reports or analyses prepared by you, prepared on your behalf, or known by you identifying customer or industry preferences concerning the Accused Products. Your answer should include

the Bates numbers of all such documents, and all persons that possess related knowledge about these documents, studies, surveys or other reports or analyses.

**RESPONSE TO INTERROGATORY NO. 4:**

IBM incorporates by reference all General Objections as well as its objections to the definitions and instructions as if fully stated herein. IBM objects to this Interrogatory as overbroad and unduly burdensome, and not proportional to the needs of this action to the extent it purports to require "all" documents, market studies, customer surveys, and other reports or analyses related to the subject matter of the Interrogatory. IBM further objects to this Interrogatory to the extent it calls for a legal conclusion. IBM further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information about customer or industry preferences that are not relevant to the claims or defenses in this action and are not proportional to the needs of the case. IBM further objects to this Interrogatory to the extent it seeks confidential and proprietary business information that is irrelevant to the claims or defenses in this action and not proportional to the needs of the case.

Subject to and without waiver of these and its General Objections, IBM responds as follows: IBM objects to Interrogatory No. 9 as premature. The deadline for production of documents relating to the Accused products is August 21, 2024, pursuant to the Patent Rules in this district.

IBM is continuing to investigate the subject matter of this Interrogatory and, and IBM reserves all rights to amend, modify, and/or supplement this response.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9 (November 15, 2024):**

Subject to and without waiver of the General and Specific Objections, IBM responds as follows: IBM is continuing to identify documents responsive to this interrogatory. IBM is also continuing to identify persons who may possess knowledge relating to documents responsive to this interrogatory. Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined from documents produced by IBM bearing the following Bates numbers: IBM_VM_000001762; IBM_VM_000001775; IBM_VM_000001796; IBM_VM_000001818; IBM_VM_000001825; IBM_VM_000001847; IBM_VM_000001867; IBM_VM_000001868; IBM_VM_000001869; IBM_VM_000001870; IBM_VM_000001880; IBM_VM_000001921; IBM_VM_000001924; IBM_VM_000001938; IBM_VM_000001939; IBM_VM_000001953; IBM_VM_000002033; IBM_VM_000002070; IBM_VM_000002085; IBM_VM_000002087; IBM_VM_000002089; IBM_VM_000002091; IBM_VM_000002095; IBM_VM_000002112; IBM_VM_000002148; IBM_VM_000002164; IBM_VM_000002232; IBM_VM_000002264; IBM_VM_000002297; IBM_VM_000002317; IBM_VM_000002320; IBM_VM_000002338; IBM_VM_000002339; IBM_VM_000002361; IBM_VM_000002362; IBM_VM_000002379; IBM_VM_000002382; IBM_VM_000002383; IBM_VM_000002384; IBM_VM_000002386; IBM_VM_000002404; IBM_VM_000002405; IBM_VM_000002406; IBM_VM_000002408; IBM_VM_000002434; IBM_VM_000002438; IBM_VM_000002446; IBM_VM_000002447; IBM_VM_000002449; IBM_VM_000002450; IBM_VM_000002489; IBM_VM_000002497; IBM_VM_000002521; IBM_VM_000002522; IBM_VM_000002542; IBM_VM_000002588; IBM_VM_000002621; IBM_VM_000002646; IBM_VM_000002664; IBM_VM_000002679; IBM_VM_000002680; IBM_VM_000002683; IBM_VM_000002696;

IBM_VM_000002707; IBM_VM_000002708; IBM_VM_000002709; IBM_VM_000002711;

IBM_VM_000002977; IBM_VM_000002978; IBM_VM_000002979; IBM_VM_000003028;

IBM_VM_000003031; IBM_VM_000003058; IBM_VM_000003071; IBM_VM_000003073;

IBM_VM_000003085; IBM_VM_000003089; IBM_VM_000003096; IBM_VM_000003097;

IBM_VM_000003100; IBM_VM_000003101; IBM_VM_000003102; IBM_VM_000003122;

IBM_VM_000003123; IBM_VM_000003155; IBM_VM_000003622; IBM_VM_000003683;

IBM_VM_000003701; IBM_VM_000003703; IBM_VM_000003725; IBM_VM_000003759;

IBM_VM_000003832; IBM_VM_000003840; IBM_VM_000003844; IBM_VM_000003845;

IBM_VM_000003847; IBM_VM_000003889; IBM_VM_000003910; IBM_VM_000003951;

IBM_VM_000003953; IBM_VM_000003960; IBM_VM_000004605; IBM_VM_000004618;

IBM_VM_000004731; IBM_VM_000005308; IBM_VM_000005312; IBM_VM_000005314;

IBM_VM_000005316; IBM_VM_000005506; IBM_VM_000005585; IBM_VM_000005593;

IBM_VM_000005693; IBM_VM_000010458; IBM_VM_000010497.

IBM understands that the IBM Cloud Kubernetes Service is the only product accused of infringement. However, IBM understands that VirtaMove has requested information regarding IBM Cloud Private and IBM Hybrid Cloud Mesh, and in order to avoid dispute, IBM agrees to provide the below information identifying persons that possess related knowledge about the documents identified above:

- IKS/Kubernetes: Chris Rosen, Nimesh Bhatia & Srinivas Brahmaroutu
- IBM Hybrid Cloud Mesh: Bruce Dillon & David Booz
- IBM Cloud Private: Michael Kaczmarski, Rebecca Guo, Xiaomin Dong, & Tamiko Brown

IBM's investigation is ongoing, and IBM reserves all rights to amend, modify, and/or supplement this response.

**INTERROGATORY NO. 5:**

Identify all communications between You and VirtaMove and its predecessors before June 5, 2024.

**RESPONSE TO INTERROGATORY NO. 5:**

IBM incorporates by reference all General Objections as well as its objections to the definitions and instructions as if fully stated herein. IBM objects to this Interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. IBM further objects to this Interrogatory as overbroad and unduly burdensome to the extent it calls for information that is as easily obtained by VirtaMove as by IBM or is already in the possession of VirtaMove. IBM further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks "all" communications without limitation or specification relevant to the claims or defenses in this action.

Subject to and without waiver of these and its General Objections, IBM responds as follows: IBM communicated with Greg O'Connor at VirtaMove's processor AppZero in September 2011 regarding a partnership between IBM and AppZero for IBM's SmartCloud product. IBM communicated with Cedric Burgins at VirtaMove in December 2023 regarding VirtaMove's services.

IBM is continuing to investigate the subject matter of this Interrogatory and, and IBM reserves all rights to amend, modify, and/or supplement this response.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13 (November 15, 2024):**

Subject to and without waiver of the General and Specific Objections, IBM responds as follows: The following table identifies the individuals IBM believes to have previously

14

communicated with VirtaMove and/or its predecessors before June 5, 2024, and the time periods during which IBM believes such interactions occurred.

| Individuals | Date of Interaction |
|---|---|
| Mac Devine | 2011-2012 |
| Steve Astorino | 2021 |
| Brian McCarthy | 2023 |
| Vinay Parisa | 2011-2014; 2023 |
| L.K. Swift | 2011-2014 |
| Rakesh Rao | Unknown |
| Greg O'Connor | 2011 |
| Cedric Burgins | 2023 |

IBM's investigation is ongoing, and IBM reserves all rights to amend, modify, and/or supplement this response.

Dated: November 15, 2024

By: /s/ *Todd M. Friedman*
Todd M. Friedman (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: todd.friedman@kirkland.com

Brandon H. Brown
California State Bar No. 266347
Kyle Calhoun (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com
Email: kyle.calhoun@kirkland.com

15

*Of Counsel:*
Andrea L. Fair
Texas State Bar No. 24078488
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Defendant International Business Machines Corp.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on November 15, 2024.

Dated: November 15, 2024              */s/ Todd M. Friedman*
                                                              Todd M. Friedman