# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

# INTERNATIONAL BUSINESS MACHINES CORP.'S
# MOTION TO EXCLUDE CERTAIN OPINIONS OF JIM BERGMAN

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD ......................................................................................................... 1

III. ARGUMENT ...................................................................................................................... 2

    A. Mr. Bergman's Opinions Relying on the ▮▮▮▮▮▮▮▮ Are Unreliable and Should Be Excluded. ................................................................. 2

    B. Mr. Bergman's Income Approach Fails To Apportion To The Patented Claims... 6

    C. If Mr. Malek's Opinions Regarding Non-Infringing Alternatives Are Excluded, Mr. Bergman's Opinions On That Subject Should Be Excluded, As Well. ................................................................................................................ 8

IV. CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abstrax, Inc. v. Dell, Inc.*,
  No. 2:07-CV-221-CE, 2009 WL 10697691 (E.D. Tex. Sept. 2, 2009) ......................................8

*ART+COM Innovationpool GmbH v. Google Inc.*,
  155 F. Supp. 3d 489 (D. Del. 2016)..........................................................................................4

*BMC Software, Inc. v. Servicenow, Inc.*,
  No. 2:14-CV-903-JRG, 2016 WL 367251 (E.D. Tex. Jan. 29, 2016) ........................................2

*Cyntec Co. v. Chilisin Elecs. Corp.*,
  84 F.4th 979 (Fed. Cir. 2023) ................................................................................................5, 8

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993).......................................................................................................... *passim*

*General Elec. Co., v. Joiner*,
  522 U.S. 136 (1997)..................................................................................................................5, 8

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
  185 F.3d 1341 (Fed. Cir. 1999).................................................................................................8

*Guile v. United States*,
  422 F.3d 221 (5th. Cir. 2005) ................................................................................................5, 8

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)...................................................................................................................1

*LaserDynamics, Inc. v. Quanta Comp., Inc.*,
  694 F.3d 51 (Fed. Cir. 2012)..............................................................................................2, 3, 4

*M2M Sols. LLC v. Enfora, Inc.*,
  167 F. Supp. 3d 665 (D. Del. 2016)..........................................................................................3

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
  10 F.4th 1358 (Fed. Cir. 2021) .................................................................................................8

*Moore v. Ashland Chem. Inc.*,
  151 F.3d 269 (5th Cir. 1998) (en banc) ....................................................................................2

*Riles v. Shell Exploration & Prod. Co.*,
  298 F.3d 1302 (Fed. Cir. 2002)..................................................................................................2

*Stoller Enters., Inc. v. Fine Agrochemicals Ltd.*,
    705 F. Supp. 3d 774 (S.D. Tex. 2023) ..................................................................................8

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011)........................................................................................2, 6

*United States ex rel. v. Easements and Rights-of-Way*,
    No. 3:22-CV-108-RP, 2023 WL7412938 (N.D. Miss. Nov. 29, 2023)...............................5, 8

*VirnetX, Inc. v. Cisco Sys., Inc.*,
    767 F.3d 1308 (Fed. Cir. 2014)............................................................................................2

**Rules**

Federal Rule of Evidence 702.................................................................................................1, 2, 9

Defendant and Counterclaim-Plaintiff International Business Machines Corp. ("IBM") respectfully asks the Court to exclude certain improper opinions of Mr. Jim Bergman, Plaintiff and Counterclaim-Defendant VirtaMove, Corp.'s ("VirtaMove") damages expert.

## I. INTRODUCTION

IBM moves the Court to strike and exclude certain opinions of Mr. Bergman, VirtaMove's damages expert, under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Several of Mr. Bergman's damages opinions, as set forth in his expert reports, are fundamentally unreliable, speculative, and contrary to established law and the facts of this case. The principal methodologies and assumptions underlying his analysis suffer from fatal flaws that render these opinions inadmissible. Specifically, IBM moves the Court to strike:

1. Mr. Bergman's opinions relying on the ████████████████████████████ ████████████████████████████████ *see* Ex. 1 (Bergman Op. Rpt.) ¶¶ 199–203, 214, 232, 271, 273–77;

2. Mr. Bergman's opinions regarding the Income Approach, *see id.* ¶¶ 158–64, 176–77, 256, 266; and

3. Mr. Bergman's opinions regarding ceasing sales of V-Maestro constituting a non-infringing alternative, *see* Ex. 2 (Bergman Reb. Rpt.) ¶¶ 166–75.

Allowing these unreliable and unsupported opinions at trial would risk confusing the jury and would substantially prejudice IBM, whereas their exclusion would not substantially prejudice VirtaMove. Accordingly, these improper opinions should be excluded.

## II. LEGAL STANDARD

In performing its "gatekeeping function," a court must ensure that an expert's testimony "rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (*Daubert* analysis applies to expert testimony based on "technical" or "specialized knowledge"). Federal Rule of Evidence 702 allows expert testimony to be admitted only if "(a) the expert's scientific, technical, or other specialized

1

knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." FED. R. EVID. 702. Under Rule 702, the "ultimate inquiry [is] whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial." *BMC Software, Inc. v. Servicenow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 367251, at *1 (E.D. Tex. Jan. 29, 2016).

The party tendering an expert bears the burden to establish the admissibility of the expert's testimony and to persuade the court to allow the expert to testify. *Daubert*, 509 U.S. at 592 n.10; *see also Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc). To carry this burden, a patentee must sufficiently tie its damages expert's opinion to the facts of the case. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011) (citing *Daubert*, 509 U.S. at 591); *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1332–33 (Fed. Cir. 2014). The expert's damages opinions also must be based on "sound economic and factual predicates." *LaserDynamics, Inc. v. Quanta Comp., Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012) (quoting *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002)); *see also* FED. R. EVID. 702, 2023 Advisory Committee Notes ("[M]any courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. These rulings are an incorrect application of Rules 702 and 104(a).").

### III.        ARGUMENT

**A.        Mr. Bergman's Opinions Relying on the ▮▮▮▮▮▮▮▮ Are Unreliable and Should Be Excluded.**

Mr. Bergman relies as a central pillar of his damages analysis on the ▮▮▮▮▮▮▮▮. *See* Ex. 1 (Bergman Op. Rpt.) §§ XV.A.ii, XVI.B.  In January 2012, AppZero filed a complaint

2

against AppFirst seeking preliminary and permanent injunctions, as well as damages, based on AppFirst's alleged copying of AppZero's application virtualization software programs and misappropriation of trade secrets and other proprietary information. *See* Ex. 3 (VM_IBM_0044632). ███ Ex. 4 (VM_IBM_0017098). ███

███ *Id.* According to Mr. Bergman, ███ Ex. 1 (Bergman Op. Rpt.) ¶ 198. After purporting to conduct a technical and economic analysis for comparability, ███

███ *Id.* ¶ 203.

Mr. Bergman's reliance on the ███ royalty rate he purports to calculate from it, is unreliable and improper.

***First,*** Mr. Bergman fails to analyze ███ and the hypothetical negotiation in this case. *See LaserDynamics*, 694 F.3d at 77 ("The notion that license fees that are tainted by the coercive environment of patent litigation are unsuitable to prove a reasonable royalty is a logical extension of *Georgia-Pacific*, the premise of which assumes a voluntary agreement will be reached between a willing licensor and a willing licensee . . . ."); *M2M Sols. LLC v. Enfora, Inc.*, 167 F. Supp. 3d

3

665, 678 (D. Del. 2016) (excluding expert analysis that "virtually ignores the fact that these two licenses resulted from litigation settlements, providing a drastically different backdrop than the hypothetical negotiation involving two willing licensors"); *ART+COM Innovationpool GmbH v. Google Inc.*, 155 F. Supp. 3d 489, 512 (D. Del. 2016) ("Without adequately accounting for the differences in economic circumstances between the past settlement licenses and the hypothetical negotiation, the license agreements cannot be considered economically comparable."). While Mr. Bergman pays lip-service to acknowledging that "because the [AppFirst] agreement was part of a settlement, litigation-specific factors need to be taken into account," Ex. 1 (Bergman Op. Rep.) ¶ 199, nowhere in his report does he actually account for the differences in economic circumstances between the AppFirst Agreement, which took place within "the coercive environment of patent litigation," and the hypothetical negotiation "between a willing licensor and a willing licensee" here. *LaserDynamics*, 694 F.3d at 77.

**Second,** as Mr. Bergman himself admits, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 1 (Bergman Op. Rep.) ¶ 202. Yet, Mr. Bergman fails to analyze any of the commercial differences between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* Despite that statement, however, Mr. Bergman opines ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—and he uses it as the basis for applying a "20%/80% bargaining split" to the purported IBM Kubernetes Service ("IKS") incremental revenue to determine a reasonable royalty. *Id.* ¶¶ 203, 277. Because Mr. Bergman does not adequately account for the differences in context and subject matter between ▮▮▮▮▮▮

4

█████ and the hypothetical negotiation here, Mr. Bergman's opinions relying on █████ █████ are unreliable.

**Third,** Mr. Bergman's calculation of a ███████ based on the ███████ is inflated and erroneous. As discussed above, Mr. Bergman calculated this purported royalty rate by comparing ████████████████████████████████████████ ███████ *See* Ex. 1 (Bergman Op. Rpt.) ¶ 198. Again, however, ████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ *See* Ex. 4 (VM_IBM_0017098). Mr. Bergman nevertheless includes ███████ ████████████████████████████████████████ ████████████████████████████████ *See* Ex. 1 (Bergman Op. Rpt.) ¶ 198. Adjusting Mr. Bergman's royalty rate calculation to account ████ ████████████████████████████████████████ should be excluded. *See, e.g.*, *Cyntec Co. v. Chilisin Elecs. Corp.*, 84 F.4th 979, 987–90 (Fed. Cir. 2023) (finding district court abused its discretion in denying *Daubert* motion where expert testimony was "derived from unreliable data and built upon speculation," and vacating damages award) (internal quotation omitted); *United States ex rel. v. Easements and Rights-of-Way*, No. 3:22-CV-108-RP, 2023 WL7412938, at *12 (N.D. Miss. Nov. 29, 2023) ("Expert opinions that are unsupported by data, are self-contradicted, or are based on incorrect assumptions are to be excluded"); *Guile v. United States*, 422 F.3d 221, 228 (5th. Cir. 2005) (similar); *General Elec. Co., v. Joiner*, 522 U.S. 136, 146 (1997) (similar).

5

In addition to his flawed reliance on and analysis of ▮▮▮▮▮, Mr. Bergman incorrectly relies on a discussion with VirtaMove's former CEO, Greg O'Connor, to conclude that ▮▮▮▮▮ Ex. 1 (Bergman Op. Rpt.) ¶ 274. Based on his discussion with Mr. O'Connor, Mr. Bergman opines that the ▮▮▮▮▮ *Id.* However, in relying on Mr. O'Connor's conclusory assertion that the patents-in-suit represent a ▮▮▮▮▮ rather than any actual technical analysis of the patents themselves, Mr. Bergman employs a "rule of thumb" analysis that is "inadmissible under *Daubert* and the Federal Rules of evidence, because it fails to tie [Mr. Bergman's] reasonable royalty base to the facts of the case at issue." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011).

In view of these many deficiencies in his analysis, Mr. Bergman's opinions in paragraphs 199–203, 214, 232, 271, and 273–77 of his opening report, regarding ▮▮▮▮▮ comparability, and his application of a ▮▮▮▮▮ supposedly based on it, should be excluded.

**B.    Mr. Bergman's Income Approach Fails To Apportion To The Patented Claims.**

Mr. Bergman's income approach is fundamentally flawed because it incorrectly attributes the entire alleged value of "containerization and orchestration" to the asserted patents, without any apportionment for the incremental value (if any) of the actual patented subject matter found in the asserted claims. *See* Ex. 1 (Bergman Op. Rpt.) § XIV.B.i.2. As set forth in his report, Mr. Bergman calculates the "incremental benefit" by calculating a ▮▮▮▮▮ *Id.* ¶ 163, Schedule 3 ▮▮▮▮▮

6

████ Mr. Bergman then calculates the incremental revenue using ████ ████ *Id.* ¶ 164. In so doing, Mr. Bregman attributes to the patents-in-suit the entire price difference allegedly associated with providing an "orchestration and container" system, as opposed to a "substantially similar virtual server system." *See Id.* ¶¶ 158–64.

Not only does Mr. Bergman provide no factual basis for attributing that entire price difference to the patents-in-suit, but there is evidence in this case directly contradicting his opinion that his calculated price difference attributable to containerization and orchestration is entirely attributable to the patents. For example, inventors of the asserted patents have admitted that they did not invent containerization or orchestration. *See* Ex. 5 (Huffman 5/21/25 Tr.) at 47:1–5 ████ ████ Ex. 6 (Huffman 5/23/25 Tr.) at 248:2–6 ████ ████ Ex. 7 (Rochette 5/5/25 Tr.) at 22:9–12 ████ ████ As the inventors also admitted, containerization and orchestration technology were well-known in the art and were not the subject of the asserted VirtaMove patents. *See* Ex. 8 (Rochette 9/10/24 Tr., *VirtaMove, Corp., v. Amazon.com, Inc., et al.,* No. 7:24-CV-00030 (W.D. Tex)) at 15:3–17 ████ ████ 53:6–54:21 ████

7

By failing to distinguish between the value of these unpatented, well-known concepts and the incremental value (if any) of the actual patented subject matter found in the asserted claims, Mr. Bergman's analysis in paragraphs 158–64, 176–77, 256, 266 of his opening report grossly overstates the value of the asserted patents and effectively attributes the entire market value of "orchestration and container technology" as the alleged value of the patented invention. *See, e.g.*, *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1373 (Fed. Cir. 2021) ("We have repeatedly held that when the accused technology does not make up the whole of the accused product, apportionment is required. . . . This is so even where the proposed royalty base is the smallest saleable patent practicing unit or SSPPU."). Such "[e]xpert opinions that are unsupported by data . . . or are based on incorrect assumptions are to be excluded." *Easements and Rights-of-Way*, 2023 WL 7412938, at *12; *see also Cyntec*, 84 F.4th at 987–90; *Guile*, 422 F.3d at 228; *General Elec.*, 522 U.S. at 146.

    **C.**    **If Mr. Malek's Opinions Regarding Non-Infringing Alternatives Are Excluded, Mr. Bergman's Opinions On That Subject Should Be Excluded, As Well.**

Mr. Bergman relies on Dr. Malek's opinion that, as a non-infringing alternative, VirtaMove could have stopped selling its V-Maestro product, leaving V-Migrate as VirtaMove's sole product. *See* Ex. 2 (Bergman Reb. Rpt.) ¶ 166. Concurrent with this present motion, IBM is separately moving the Court to exclude Dr. Malek's opinions relating to this purported non-infringing alternative, including because V-Migrate would still infringe on its own and—as the term indicates—a ***non-infringing*** alternative must avoid infringement. *See Stoller Enters., Inc. v. Fine Agrochemicals Ltd.*, 705 F. Supp. 3d 774, 798 (S.D. Tex. 2023) (citing *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999)). If Dr. Malek's opinions on that subject are excluded, Mr. Bergman's opinions that rely on them in paragraphs 166–175 of his rebuttal report should be excluded, as well. *See, e.g.*, *Abstrax, Inc. v. Dell, Inc.*, No. 2:07-CV-221-

8

CE, 2009 WL 10697691, at *3 (E.D. Tex. Sept. 2, 2009) (excluding expert opinions that relied on excluded opinion).

## IV.     CONCLUSION

For the reasons set forth above, the opinions of Mr. Bergman addressed in this Motion are unreliable, speculative, and contrary to law and fact, and should be excluded under *Daubert* and Federal Rule of Evidence 702.

Dated: July 28, 2025                                    Respectfully submitted,

                                                                         /s/ Todd M. Friedman
Todd M. Friedman (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
todd.friedman@kirkland.com

Brandon H. Brown
State Bar No. 266347
Kyle Calhoun (*pro hac vice*)
Nathaniel Ngerebara (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:     (415) 439-1400
Facsimile:     (415) 439-1500
brandon.brown@kirkland.com
kyle.calhoun@kirkland.com
nate.ngerebara@kirkland.com

Yimeng Dou
State Bar No. 285248
Andrew Morrill (*pro hac vice*)
KIRKLAND & ELLIS LLP
695 Town Center Dr.
Costa Mesa, CA 92626
Telephone:     (714) 982-8822
Facsimile:     (714) 982-8844
yimeng.dou@kirkland.com
drew.morrill@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone:     (903) 757-6400
Facsimile:     (903) 757-2323
andrea@millerfairhenry.com

*Attorneys for Defendant International Business Machines Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on July 28, 2025, with a copy of this document via electronic mail.

/s/ Todd M. Friedman
Todd M. Friedman

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this matter.

                                                */s/ Todd M. Friedman*
                                                Todd M. Friedman

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on July 25, 2025. The parties are unable to reach agreement as to IBM's requested relief.

/s/ *Todd M. Friedman*
Todd M. Friedman