# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

# INTERNATIONAL BUSINESS MACHINES CORP.'S
# <u>MOTION TO STRIKE CERTAIN OPINIONS OF DR. ERIC KOSKINEN</u>

# TABLE OF CONTENTS

**Page**

I.     **INTRODUCTION**......................................................................................................... **4**

II.    **BACKGROUND** ........................................................................................................... **4**

      A.    VirtaMove's Infringement Contentions ................................................... 4

      B.    Dr. Koskinen's Opening Report on Infringement .................................... 5

      C.    Dr. Koskinen's Rebuttal Report on Validity ........................................... 6

III.   **LEGAL STANDARD** .................................................................................................. **7**

IV.  **ARGUMENT** ................................................................................................................ **7**

      A.    The Court Should Strike the Portions of Dr. Koskinen's Report That Address Previously Unaccused Instrumentalities, ICP and Hybrid Cloud Mesh................................................................................................... 7

      B.    The Court Should Strike Dr. Koskinen's Opinions Regarding the Doctrine of Equivalents. ..................................................................................... 10

      C.    The Court Should Strike Portions of Dr. Koskinen's Report Purporting to Allege That VirtaMove's V-Migrate Product Practices the Asserted Patent................................................................................................... 11

      D.    The Court Should Strike Dr. Koskinen's Untimely Secondary Consideration Opinions Disclosed for the First Time in Rebuttal....................... 13

V.    **CONCLUSION** ............................................................................................................ **16**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anascape, Ltd. v. Microsoft Corp.*,
    No. 9:06-cv-158, 2008 WL 7180756 (E.D. Tex. May 1, 2008) ...........................................4, 5

*Biscotti Inc. v. Microsoft Corp.*,
    2:13-cv-01015-JRG-RSP, 2017 WL 2267283 (E.D. Tex. May 24, 2017) ..........................5, 7

*Eolas Techs. Inc. v. Amazon.com, Inc.*,
    No. 6:15-CV-01038, 2016 WL 7666160 (E.D. Tex. Dec. 5, 2016) ........................................7

*Fujitsu Ltd. v. Tellabs, Inc.*,
    No. 09-C-4530, 2013 WL 2300782 (N.D. Ill. May 24, 2013).................................................6

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
    No. 2:16-CV-134-JRG-RSP, 2017 WL 2869331 (E.D. Tex. Apr. 27, 2017)...........................7

*GREE, Inc. v. Supercell Oy*,
    No. 2:19-cv-00310-JRG, 2021 WL 603727 (E.D. Tex. Feb. 16, 2021) ................................10

*Headwater Rsch. LLC v. Verizon Commc'ns Inc.*,
    No. 2:23-CV-00352-JRG-RSP, 2025 WL 1688954 (E.D. Tex. June 16, 2025)....................11

*Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*,
    No. 2:23-CV-00515-JRG-RSP, 2025 WL 2029871 (E.D. Tex. July 21, 2025) .....................13

*ROY-G-BIV Corp. v. ABB, Ltd.*,
    63 F. Supp. 3d 690 (E.D. Tex. 2014)......................................................................................5

*Semcon IP Inc. v. MediaTek USA Inc.*,
    No. 2:16-cv-00437-JRG-RSP, 2018 WL 4501871 (E.D. Tex. Feb. 28, 2018).................12, 13

*Sol IP, LLC v. AT&T Mobility LLC*,
    No. 218-CV-00526-RWS-RSP, 2020 WL 10045985 (E.D. Tex. Apr. 23, 2020) ...............................................................................................................4

*Sycamore IP Holdings LLC v. AT&T Corp.*,
    No. 2:16-CV-588-WCB, 2017 WL 4517953 (E.D. Tex. Oct. 10, 2017).................................7

*Versata Software Inc. v. SAP America, Inc.*,
    2:07-cv-153-CE, 2011 WL 13136604 (E.D. Tex. May 5, 2011)...........................................10

*Visto Corp. v. Seven Networks, Inc.*,
    No. 2:03–cv–333, 2006 WL 5153146 (E. D. Tex. Mar. 27, 2007)..........................................6

*WMS Gaming, Inc. v. Int'l Game Tech.*,
    184 F.3d 1339 (Fed. Cir. 1999)................................................................................12

**Rules**

Federal Rules of Civil Procedure 16, 26, and 37 .......................................................10

Local Rule 3-1(f)........................................................................................................8, 9

Local Rule CV-5(a)(3) ...................................................................................................16

Local Rule CV-7(h) .......................................................................................................15

LR. 3-1 .......................................................................................................................4, 8

Rule 3-1(d) .......................................................................................................................7

# I.        INTRODUCTION

Defendant International Business Machines Corp. ("IBM") respectfully moves the Court to strike portions of the reports submitted by Plaintiff VirtaMove, Corp.'s ("VirtaMove") infringement expert, Dr. Eric Koskinen. In violation of this Court's local rules, Dr. Koskinen's opening expert report introduces—for the first time in this case—infringement theories directed to new accused instrumentalities that VirtaMove failed to previously chart, infringement theories under the doctrine of equivalents, and previously undisclosed contentions that VirtaMove's product practices the asserted patents, based on source code that VirtaMove did not produce until after the close of expert discovery.  In addition, Dr. Koskinen's rebuttal report presents new secondary considerations theories that exceed the scope of VirtaMove's prior discovery disclosures. Given the significant prejudice to IBM, these portions of Dr. Koskinen's reports that are based on previously undisclosed theories and materials should be stricken.

# II.       BACKGROUND

## A.      VirtaMove's Infringement Contentions

On June 5, 2024, VirtaMove served its Infringement Contentions, accompanied by claims charts purporting to identify "where each element of the Asserted Claims are found in the Accused Instrumentalities." *See* Ex. 1. Although the preambles to those charts generically identify a pair of IBM products called IBM Cloud Private ("ICP") and Hybrid Cloud Mesh, the charts themselves do not contain any analysis, explanation, or supporting citations purporting to show how those products allegedly infringed any asserted claims. Instead, VirtaMove's claim charts focus exclusively on a different product called IBM Cloud Kubernetes Service (IKS). *See generally id.*

As discussed at length in IBM's opposition to VirtaMove's motion to compel (Dkt. 208), IBM identified this omission over a year ago, and repeatedly raised it with VirtaMove, including in written discovery responses that IBM served in July and November 2024. *See, e.g.*, Ex. 2. IBM

again raised this issue in correspondence dated December 12, 2024. *See* Ex. 4. On March 10, 2025—over nine months after IBM first flagged the issue—VirtaMove served proposed claim charts that for the first time purported to analyze ICP and Hybrid Cloud Mesh. After IBM objected to these charts as being untimely (among other issues), VirtaMove never sought leave to amend its Infringement Contentions to formally add ICP and Hybrid Cloud Mesh to the case, as this Court's Patent Rules require. *See also* Dkt. 224. Instead, VirtaMove appeared to withdraw the new contentions. VirtaMove then waited until after the close of fact discovery to file a motion to compel discovery on those products (*see* Dkt. 196)—a motion the Court properly denied, finding that "VirtaMove has not shown that discovery into ICP and IBM Hybrid Cloud mesh is justified at this late stage of the case." Dkt. 224 at 2.  Consistent with its ruling on the motion to compel, the Court should likewise preclude VirtaMove's attempt to expand on its infringement theories, through the introduction of ICP and Hybrid Cloud Mesh into the case via Dr. Koskinen's expert report.

In addition to purporting to analyze how IKS—but not ICP or Hybrid Cloud Mesh— literally infringe the asserted claims, VirtaMove's claim charts include a boilerplate statement asserting that "to the extent any claim limitation is not met literally, it is nonetheless met under the doctrine of equivalents because the difference between the claim limitation and each Accused Instrumentality would be insubstantial, and each Accused Instrumentality performs substantially the same function, in substantially the same way, to achieve the same result as the claimed invention." *See* Ex. 1. VirtaMove's claim charts do not identify any specific elements that it alleges are satisfied under the doctrine of equivalents.  *See generally id.*

### B.    Dr. Koskinen's Opening Report on Infringement

VirtaMove served Dr. Koskinen's Opening Report on Infringement (the "Koskinen Infringement Report") on June 23, 2025. *See* Ex. 5. The Koskinen Infringement Report is nearly 102 pages long (excluding attachments) and contains 413 numbered paragraphs. At least 28 of

those paragraphs introduce infringement theories pertaining to ICP and Hybrid Cloud Mesh—products for which VirtaMove did not disclose any infringement theories in its Infringement Contentions. *See* Ex. 1. Specifically, the Koskinen Report devotes two sections to discussing ICP's and Hybrid Cloud Mesh's alleged architecture and functionalities, and cites webpages related to those products. *See* Ex. 5 ¶¶ 199–218. The report also includes eight paragraphs alleging infringement by both ICP and Hybrid Cloud Mesh. *See id.* ¶¶ 113, 237, 243, 247–48, 293–94, 402.

In addition, Dr. Koskinen contends in his report that a virtual machine satisfies the preamble of Claim 1 of the '814 Patent—which recites "wherein each server includes a processor"—under the doctrine of equivalents. *See id.* ¶ 244–46. Again, however, VirtaMove never previously disclosed any theory that this or any other claim limitation is met under the doctrine of equivalents.

### C.    Dr. Koskinen's Rebuttal Report on Validity

VirtaMove served Dr. Koskinen's Rebuttal Report on Validity (the "Koskinen Rebuttal Report") on July 14, 2025. *See* Ex. 6. In this report, Dr. Koskinen offers opinions on secondary considerations of non-obviousness. Spanning eleven sections and thirty-two paragraphs, the report asserts a nexus between the claimed inventions and the activities of VirtaMove and its predecessors Trigence and AppZero, stating that " *See id.* ¶ 275. Dr. Koskinen then addresses multiple secondary considerations, including commercial success (¶¶ 276-278); long-felt but unmet need (¶¶ 279-280); failure of others (¶¶ 281-282); near-simultaneous invention (¶¶ 283-286); copying (¶¶ 287-288); unexpected results (¶¶ 289-291); industry praise (¶¶ 292-298); skepticism from skilled artisans (¶¶ 299-302); licensing (¶ 303); and departure from accepted wisdom (¶¶ 304-305).

During discovery, however, VirtaMove identified only three secondary considerations in response to Common Interrogatory No. 3—commercial success, long-felt need, and failure by

others—and asserted a nexus theory only with respect to commercial success. *See* Ex. 7 at 17-25. The additional theories addressed in the Dr. Koskinen's Rebuttal Report were simply not disclosed.

## III.      LEGAL STANDARD

This Court's Local Patent Rules require a party asserting infringement to file a "Disclosure of Asserted Claims and Infringement Contentions." Patent LR. 3-1. The Rules provide that the party must, in this disclosure: (a) identify each patent claim that is allegedly infringed; (b) identify each product accused of infringing each claim; (c) provide a chart specifically identifying where each limitation of each asserted claim is supposedly found in each accused product; (d) specify whether infringement is literal or based on the doctrine of equivalents; and (f) if the party asserts that its own products practice the claimed invention, identify for each asserted claim the product that incorporates that claim. *See id.*

Importantly, "[e]xpert infringement reports may not introduce theories not previously set forth in infringement contentions." *Sol IP, LLC v. AT&T Mobility LLC*, No. 218-CV-00526-RWS-RSP, 2020 WL 10045985, at *1 (E.D. Tex. Apr. 23, 2020). This Court has inherent power to enforce its orders and to impose sanctions, including the exclusion of evidence, if its rules are violated. *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-cv-158, 2008 WL 7180756, at *2 (E.D. Tex. May 1, 2008) (granting motion to strike based on failure to disclose in infringement contentions).

## IV.      ARGUMENT

### A.      The Court Should Strike the Portions of Dr. Koskinen's Report That Address Previously Unaccused Instrumentalities, ICP and Hybrid Cloud Mesh.

As noted above, VirtaMove's June 5, 2024 Infringement Contentions did not provide any analysis identifying how IBM's ICP or Hybrid Cloud Mesh products supposedly infringe any limitations of any of the asserted claims. Indeed, VirtaMove's Infringement Contentions did not identify, cite, or reference any documents or other evidence pertaining to those two products. *See*

Ex. 1. Nor did VirtaMove's accompanying claim charts accuse any features of ICP or Hybrid Cloud Mesh of infringing any of the asserted claims. *Id*. at Claim Chart for '814 Patent. VirtaMove's contentions failed to include this analysis, despite VirtaMove's having had access to product documentation for both ICP and Hybrid Cloud Mesh—including much of the same documentation on which its expert now relies—well before this litigation began. Although IBM repeatedly advised VirtaMove that these products had not been properly accused, VirtaMove failed to update its contentions in a timely manner to provide the missing analysis. *See* Ex. 4.

By the time VirtaMove served proposed supplemental claim charts that referenced these previously unaccused products, on March 10, 2025, the deadline for VirtaMove to supplement its infringement contentions without seeking leave from the Court had passed. *See* P.R. 3-6. Nevertheless, VirtaMove never sought the required leave to amend its contentions, nor did it otherwise move to add these two products to the case. Instead, VirtaMove now attempts to accuse both of these products via the report of its expert, Dr. Koskinen, which includes a substantial number of paragraphs purporting to analyze and present infringement theories regarding ICP and Hybrid Cloud Mesh. *See* Ex. 5. Such trial by ambush is improper, and Dr. Koskinen's opinions regarding these products should be stricken. *See, e.g.*, *Biscotti Inc. v. Microsoft Corp.*, 2:13-cv-01015-JRG-RSP, 2017 WL 2267283, at *3–4 (E.D. Tex. May 24, 2017) (striking portion of technical expert's opinion on infringement that introduced new theory not disclosed in patentee's infringement contentions).

It is well-established that expert reports may not introduce theories not previously set forth in the party's infringement contentions. *See, e.g.*, *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 699 (E.D. Tex. 2014) (citations omitted); *Anascape, Ltd. v. Microsoft Corp.*, No. 9:060-cv-0158, 2008 WL 7180756, at *4 (E. D. Tex. May 1, 2008) (striking portions of expert report

exceeding scope of invalidity contentions); *Visto Corp. v. Seven Networks, Inc.,* No. 2:03–cv–333, 2006 WL 5153146, at *1 (E. D. Tex. Mar. 27, 2007) (striking portions of expert report relying on prior art not disclosed in invalidity contentions). Not only does Dr. Koskinen's report include multiple paragraphs that purport to describe ICP's and Hybrid Cloud Mesh's architecture and functionalities, *see* Ex. 5 ¶¶ 199–218, but it also includes additional paragraphs that go beyond that general background to introduce infringement theories and purported technical analysis— none of which was disclosed in VirtaMove's June 5, 2024 Infringement Contentions. *See* Ex. 1. For example, Dr. Koskinen's report includes the following statements:



-                                                                              " Ex. 5 ¶243.

-                                                            *Id.* ¶ 247.

-                                                                              *Id.* ¶ 248.

These new theories—which VirtaMove did not disclose in its contentions or claim charts— plainly violate the disclosure requirements set forth in this Court's Patent Rules. *See* P.R. 3-1. To the extent VirtaMove argues that IBM should have known, based on the contentions' previous, generic references to ICP and Hybrid Cloud Mesh, that VirtaMove would accuse specific features of these products, that bare "notice" is insufficient under the Rules and the specific theories VirtaMove now seeks to introduce are untimely. *See* Dkt. 224 at 2 ("VirtaMove never sought leave to serve its amended infringement contentions adequately charting these products"); *see also Fujitsu Ltd. v. Tellabs, Inc.*, No. 09-C-4530, 2013 WL 2300782, at *7 (N.D. Ill. May 24, 2013) (applying this Court's local patent rules and granting motion to strike).

Because VirtaMove failed to properly disclose any infringement theories for ICP or Hybrid Cloud Mesh, VirtaMove should not be allowed to introduce those theories now via expert discovery. The Court should strike paragraphs 113, 199–218, 237, 243, 247–48, 293–94, and 402 of Dr. Koskinen's report.

## B. The Court Should Strike Dr. Koskinen's Opinions Regarding the Doctrine of Equivalents.

Dr. Koskinen's opinions regarding the doctrine of equivalents should similarly be stricken because VirtaMove failed to disclose *any* doctrine of equivalents theories in its Infringement Contentions.

VirtaMove's Infringement Contentions included only a boilerplate statement regarding the doctrine of equivalents, asserting that "to the extent any claim limitation is not met literally, it is nonetheless met under the doctrine of equivalents …." Ex. 1 VirtaMove's contentions do not include any element-by-element doctrine of equivalents analysis or explain how any specific claim limitation allegedly is satisfied under the doctrine. VirtaMove's conclusory and boilerplate doctrine of equivalents contentions are insufficient under Patent Rule 3-1(d). *See, e.g.*, *Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2017 WL 4517953, at *3 (E.D. Tex. Oct. 10, 2017) ("Courts in this district have been clear that doctrine of equivalents theories must be laid out in detail in a party's infringement contentions and that the type of boilerplate allegations contained in [the plaintiff's] infringement contentions are insufficient."); *Eolas Techs. Inc. v. Amazon.com, Inc.*, No. 6:15-CV-01038, 2016 WL 7666160, at *3 (E.D. Tex. Dec. 5, 2016); *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-01015-JRG-RSP, 2017 WL 2267283, at *4 (E.D. Tex. May 24, 2017); *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-134-JRG-RSP, 2017 WL 2869331, at *2 (E.D. Tex. Apr. 27, 2017).

Despite VirtaMove's failure to disclose any doctrine of equivalents theory in its Infringement Contentions, Dr. Koskinen's report introduces substantial and specific opinions setting forth a theory of infringement under the doctrine:



Ex. 5 ¶ 245.

*No* portion of this newly-disclosed infringement position—not the theory, not the claim limitation it supposedly applies to, and not any of the evidence Dr. Koskinen cites as support— was specified in VirtaMove's Infringement Contentions. The Court therefore should strike the opinions presented in paragraph 245 of Dr. Koskinen's report.

### C. The Court Should Strike Portions of Dr. Koskinen's Report Purporting to Allege That VirtaMove's V-Migrate Product Practices the Asserted Patent.

Patent Local Rule 3-1(f) states that "if a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim." P.R. 3-1(f). VirtaMove made no such identification in any of its Rule 3-1 disclosures. To the contrary, as illustrated below, VirtaMove expressly stated that it was not identifying *any* of its instrumentalities

as practicing the asserted claims:

---

**F.    Patent Rule 3-1(f): Identification of Instrumentalities Practicing the Claimed Invention**

At this time, VirtaMove does not identify any of its instrumentalities as practicing the Asserted Claims. A diligent search continues for additional responsive information and VirtaMove reserves the right to supplement this response.

---

Ex. 1 at 4; *see also* Ex. 8 at 4–5; Ex. 9 at 5.

Yet, in Section 12 of his expert report, Dr. Koskinen belatedly attempts to revise VirtaMove's Rule 3-1(f) disclosure by asserting that the use of V-Migrate by VirtaMove's customers' practices certain of the asserted claims. *See, e.g.*, Ex. 5 ¶¶ 349–65. Specifically, Dr. Koskinen identifies the product's ████████████ and "████████" functionalities as mechanisms through which customers supposedly practice the asserted claims when they use the software as designed by VirtaMove. *See id.* ¶¶ 352–65. Because Dr. Koskinen's assertions that V-Migrate practices the asserted patents directly contradict VirtaMove's Rule 3-1(f) disclosures, this Court should strike Dr. Koskinen's opinions that rely on those assertions.

Compounding the prejudice to IBM, Dr. Koskinen also purports to support his new theory about V-Migrate by providing detailed claim charts in Appendices 2 and 3 of his report. *See id.* ¶ 352. Those appendices rely heavily on source code for VirtaMove's V-Migrate product that VirtaMove did not produce to IBM until July 21, 2025, after the close of **expert** discovery. *See* Ex. 10. As a result, IBM's expert, Dr. Wicker, was unable to review the code or to respond to Dr. Koskinen's contentions. *See, e.g.*, Ex. 11 ¶ 38 (noting that "because [Dr. Koskinen] does not cite to specific portions of the source code printouts—to which I currently have access—I am unable to perform a function-by-function verification of his summary of the purported V-Migrate functionalities"). IBM and Dr. Wicker were therefore deprived of the opportunity to substantively

opine on Dr. Koskinen's opinion regarding the source code.

VirtaMove's late production of the source code is particularly prejudicial given that IBM specifically requested "[a]ll Source Code and Related documentation Relating to VirtaMove's products, platforms, methods or services." Ex. 3 at 10. Courts in this District routinely exclude expert opinions that rely on evidence—such as this code—that was withheld from production during discovery. *See, e.g.*, *GREE, Inc. v. Supercell Oy,* No. 2:19-cv-00310-JRG, 2021 WL 603727, at *3 (E.D. Tex. Feb. 16, 2021) (striking source code that was belatedly produced, depriving opposing party of ability to analyze the code before serving its rebuttal expert report); *Versata Software Inc. v. SAP America, Inc*., 2:07-cv-153-CE, 2011 WL 13136604, at *3–5 (E.D. Tex. May 5, 2011) (striking portions of expert report that relied on material specifically requested but never produced during fact discovery). This Court likewise should strike Section 12 and Appendices 2 and 3 of Dr. Koskinen's Infringement report, which rely on and/or discuss the belatedly identified product as allegedly meeting the claims and the belatedly produced V-Migrate source code.

### D. The Court Should Strike Dr. Koskinen's Untimely Secondary Consideration Opinions Disclosed for the First Time in Rebuttal.

Dr. Koskinen's opinions on alleged secondary considerations of non-obviousness— disclosed for the first time in his rebuttal expert report—are likewise untimely and should be excluded under Federal Rules of Civil Procedure 16, 26, and 37.

As an initial matter, Dr. Koskinen's opinions regarding secondary considerations stand and fall based on whether there is a nexus between the claimed inventions and the alleged secondary considerations. But as explained above, VirtaMove never disclosed that its V-Migrate product embodies the asserted claims. Without that disclosure, Dr. Koskinen's nexus opinions are both untimely and unsupported, and should be excluded in their entirety. *See* Section C *supra*.

Moreover, the opinions exceed the scope of VirtaMove's interrogatory responses. Common Interrogatory No. 3 asked VirtaMove to "describe any secondary considerations (also known as objective indicia) relating to the alleged non-obviousness of the claimed subject matter, including … any alleged long felt but unfulfilled need, failure of others, commercial success, commercial acquiescence, licensing, professional approval, lack of contemporaneous invention, copying, or laudatory statements by others." *See* Ex. 7 at 17-18. In response, VirtaMove identified only three secondary considerations: ███████████████████████████████████. *See id*. VirtaMove also offered a nexus theory only for commercial success, stating that ██████ ████████████████████████████████████████████████████████████████ ████████████████████ *Id.* at 20.

VirtaMove did not disclose any other secondary considerations or any broader nexus theories. Yet, Dr. Koskinen's rebuttal report introduces new secondary considerations—including near-simultaneous invention (Ex. 6 ¶¶ 283-286); copying (*id.* ¶¶ 287-288); unexpected results (*id.* ¶¶ 289-291); industry praise (*id.* ¶¶ 292-298); skepticism from skilled artisans (*id.* ¶¶ 299-302); licensing (*id.* ¶ 303); and departure from accepted wisdom (*id.* ¶¶ 304-305). He also advances a new nexus theory, asserting that █████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████ *See id.* ¶ 275.

These new theories were not disclosed during fact discovery. If VirtaMove intended to rely on them, it was required to identify them—specifically and timely—and at a minimum, in response to Common Interrogatory No. 3. VirtaMove's failure to do so renders Dr. Koskinen's opinions improper. *See Headwater Rsch. LLC v. Verizon Commc'ns Inc.*, No. 2:23-CV-00352-JRG-RSP, 2025 WL 1688954, at *5 (E.D. Tex. June 16, 2025) (striking expert opinions which exceeded the

scope of interrogatory responses).

Finally, as the patentee, VirtaMove bears the burden of demonstrating a nexus between the claimed invention and any objective evidence of non-obviousness. *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1359 (Fed. Cir. 1999). Under the Court's scheduling order, expert reports from parties bearing the burden of proof were due on June 23, 2025. *See* Dkt. 210. Dr. Koskinen, however, failed to disclose any of the newly raised secondary considerations—or any nexus theory—in his opening report. Instead, he introduced these opinions for the first time in his rebuttal report served on July 14, 2025, after the deadline for such disclosures. *See id*. This late disclosure deprived IBM of the opportunity to respond, including through its rebuttal expert report. *See Semcon IP Inc. v. MediaTek USA Inc.,* No. 2:16-cv-00437-JRG-RSP, 2018 WL 4501871, at *5 (E.D. Tex. Feb. 28, 2018) (striking rebuttal expert report on secondary considerations where plaintiff "did not disclose the facts it already had knowledge of upon which it would rely" and "left [Defendant] without an adequate means to develop a response").

To the extent VirtaMove contends that it was not required to disclose its secondary considerations in Dr. Koskinen's opening report because it did not bear the burden of proving invalidity, this Court's decision in *Correct Transmission, LLC v. Nokia of Am. Corp.*, forecloses that argument. *See* No. 2:22-cv343-JRG-RSP, 2024 WL 1289821 (E.D. Tex. Mar. 26, 2024). There, the Court excluded untimely opinions on non-infringing alternatives first disclosed in rebuttal, even though the opposing party bore the ultimate burden of proof on damages. The Court explained that non-infringing alternatives are analogous to affirmative defenses and must be disclosed in the opening report. *Id.* at *4-*5.

The same principle applies here. Like non-infringing alternatives, secondary considerations are not required to establish a prima facie case of obviousness; they serve as rebuttal

to the opposing party's argument—akin to an affirmative defense. *See id*. Accordingly, Dr. Koskinen's attempt to introduce new secondary considerations and nexus theories for the first time in a rebuttal report is improper and untimely. *See, e.g., Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, No. 2:23-CV-00515-JRG-RSP, 2025 WL 2029871, at *5 (E.D. Tex. July 21, 2025) (striking opinions on non-infringing alternatives that should have been disclosed in expert's opening report).

## V.        CONCLUSION

For the reasons set forth above, IBM respectfully asks that the Court strike the portions of Dr. Koskinen's report identified herein and enumerated in the accompanying Proposed Order.

Dated: July 28, 2025

Respectfully submitted,

*/s/ Todd M. Friedman*

Todd M. Friedman (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
todd.friedman@kirkland.com

Brandon H. Brown
State Bar No. 266347
Kyle Calhoun (*pro hac vice*)
Nathaniel Ngerebara (*pro hac vice)*
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:     (415) 439-1400
Facsimile:     (415) 439-1500
brandon.brown@kirkland.com
kyle.calhoun@kirkland.com
nate.ngerebara@kirkland.com

Yimeng Dou
State Bar No. 285248
Andrew Morrill (*pro hac vice*)
KIRKLAND & ELLIS LLP
695 Town Center Dr.
Costa Mesa, CA 92626
Telephone:     (714) 982-8822
Facsimile:     (714) 982-8844
yimeng.dou@kirkland.com
drew.morrill@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone:     (903) 757-6400
Facsimile:     (903) 757-2323
andrea@millerfairhenry.com

*Attorneys for Defendant*
*International Business Machines Corp.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on July 28, 2025, with a copy of this document via electronic mail.

*/s/ Todd M. Friedman*
Todd M. Friedman

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document is authorized to be filed under seal

pursuant to the Protective Order entered in this matter.


*/s/ Todd M. Friedman*
Todd M. Friedman

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on July 25, 2025. The parties are unable to reach agreement as to IBM's requested relief.


*/s/ Todd M. Friedman*
Todd M. Friedman