# EXHIBIT 3

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Todd M. Friedman, P.C.
To Call Writer Directly:
+1 212 446 4786
todd.friedman@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

September 18, 2024

Reza Mirzaie
Russ August & Kabat
12424 Wilshire Blvd, 12th Floor
Los Angeles, CA 90025

Re: *VirtaMove, Corp. v. Hewlett Packard Enterprise Co.*, 2:24-cv-00093-JRG, Eastern District of Texas, Marshall Division

Dear Mr. Mirzaie:

I write regarding plaintiff VirtaMove, Corp.'s (VirtaMove's) document production obligations in the above-identified matter. As you know, the Court's discovery order obligates VirtaMove to produce, among other things, all documents, electronically stored information, and tangible things in Your possession, custody, or control that are relevant to the pleaded claims or defenses involved in this action. VirtaMove must produce such documents without awaiting a discovery request from us, which obviates any need for official requests for production.

To prevent discovery disputes about the scope of VirtaMove's document production obligations, IBM provides the following examples of types of documents that VirtaMove's production(s) should include. This list is not exhaustive and is not intended to limit or modify the obligations placed on you by the Court's discovery order. IBM may supplement this list as its investigation and discovery progresses.

For purposes of this letter:

- U.S. Patent No. 7,519,814 ("the '814 Patent") and U.S. Patent No. 7,784,058 ("the '058 Patent") are collectively referred to as "the Asserted Patents" or individually as the "Asserted Patent." When referred to in this letter, "Asserted Patent" is intended to include the individual patents themselves, the applications from which they issued, their entire prosecution histories (including any reexamination proceedings), any claims allowed by the USPTO, and all foreign counterparts, including foreign applications and foreign prosecution histories.

# KIRKLAND & ELLIS LLP

Reza Mirzaie
September 18, 2024
Page 2

- "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing. Unless specified otherwise, the term includes "documents" sent or prepared for internal or external recipients.

- "Thing" and "Things" have the broadest meaning allowable under Rule 34 of the Federal Rules of Civil Procedure. This meaning encompasses without limitation any tangible object of any kind and nature other than a Document, including without limitation prototypes, models, and physical specimens thereof.

- "Person" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associates, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

- "Sale," "sales," "sell," or "sold" means sales, licenses, leases, loans, consignments, distribution to resellers or others and all other methods of product distribution whether direct or indirect, and whether the product is distributed singly or in combination with or as part of another product, and whether or not revenue was or will be received therefrom.

- "Prior Art" includes by way of example and without limitation, the subject matter described in 35 U.S.C. §§ 102 and 103, (both prior to and following amendment by the America Invents Act, P.L. 112-29) with respect to any claim of the Asserted Patents, including but not limited to patents, printed publications, prototypes, know-hows, uses, sales, and offers for sale; and information, knowledge, documents, and things concerning the subject matter of the Asserted Patents that were made or existed in the United States or abroad before the filing date of each claim of the Asserted Patents or the priority date for the same. Until the applicable priority date for each Asserted Claim is determined, the relevant dates for Prior Art shall be before the earliest alleged "Priority Dates" for each Asserted Patent, as identified in VirtaMove's Infringement Contentions.

- "Named Inventors" means every person whose name appears opposite the heading "Inventors" on the first page of any Asserted Patent, including Donn Rochette, Paul O'Leary, and Dean Huffman.

- "VirtaMove," "you," or "your" or "Plaintiff" shall mean VirtaMove, Corp., all its present or former parents, subsidiaries, departments, divisions, subdivisions, branches, affiliates, trustees, or other related entities, predecessor in title to the

# KIRKLAND & ELLIS LLP

Reza Mirzaie
September 18, 2024
Page 3

    Asserted Patents (including Trigence Corp. and AppZero Software Corp.), officers, directors, agents, representatives, consultants, servants, employees, holders of a security interest, attorneys, or any other person acting on or purporting to act on its behalf.

- "IBM" shall mean International Business Machines Corp., all its present or former patents, subsidiaries, departments, divisions, subdivisions, branches, affiliates, trustees, or other related entities, predecessor in title to the Counterclaim Patents (defined below), officers, directors, agents, representatives, consultants, servants, employees, holders of a security interest, attorneys, or any other person acting on or purporting to act on its behalf.

- "Concerning" means regarding, referring to, relating to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

- "Infringement Contentions" means VirtaMove's Disclosure of Asserted Claims and Infringement Contentions Pursuant to Local Patent Rules 3-1 and 3-2 (June 5, 2024) and any subsequent supplements or amendments that may be served on HPE.

- "Asserted Claims" means each and every claim of an Asserted Patent that VirtaMove contends that HPE infringes, as identified in VirtaMove's Infringement Contentions.

- "Accused Products" means any and all products, activities, services, processes, systems, apparatuses, or things that have been accused of infringing any Asserted Patent in VirtaMove's Infringement Contentions.

- "Docker" shall mean third party Docker, Inc and any functionalities developed by Docker, Inc. relating to the deployment of code inside software containers.

- "Cloud Native Computing Foundation" shall mean third party Cloud Native Computing Foundation.

- "Kubernetes" shall mean functionalities related to the open-source container orchestration system maintained by the Cloud Native Computing Foundation called "Kubernetes."

# KIRKLAND & ELLIS LLP

Reza Mirzaie
September 18, 2024
Page 4

- The phrase "this Action" shall mean and refer to VirtaMove, Corp. v. Hewlett Packard Enterprise Co., Case No. 2:24-cv-00093-JRG and its previously consolidated member case, No. 2:24-cv-00064-JRG, in the United States District Court for the Eastern District of Texas, Marshall Division.

- "Counterclaim Patents" shall mean each patent asserted by IBM to be infringed by VirtaMove in This Case, including United States Patent Nos. 9,722,858 (the "'858 Patent"), 9,697,038 (the "'038 Patent"), 10,606,634 (the "'634 Patent"), and 8,943,500 (the "'500 Patent").

- "Accused VirtaMove Products" shall mean all versions of VirtaMove's products V-Migrate and V-Maestro, and any equivalents thereof.

We request that VirtaMove produce the following documents relevant in this case:

1) All Unites States and foreign patent applications and United States and foreign patents, and their file histories, Relating to the Asserted Patents.

2) All Documents and Things that VirtaMove is relying on to interpret the meaning of any of the claims of the Asserted Patents or intends to use at or to support a claim interpretation, or Markman hearing in this action.

3) All Documents and Things Relating to any of the Asserted Patents.

4) All Documents referring or Relating to any contention by VirtaMove that any asserted claim of the Asserted Patents is not invalid pursuant to any provision of 35 U.S.C. §101.

5) All Documents referring or Relating to any contention by VirtaMove that any asserted claim of the Asserted Patents is not invalid pursuant to any provision of 35 U.S.C. §102.

6) All Documents referring or Relating to any contention by VirtaMove that any asserted claim of the Asserted Patents is not invalid pursuant to any provision of 35 U.S.C. §103.

7) All Documents referring or Relating to any contention by VirtaMove that any asserted claim of the Asserted Patents is not invalid pursuant to any provision of 35 U.S.C. §112.

8) All Documents referring or Relating to, supporting, affirming, or disputing any contention, affirmative defense, or counterclaim by VirtaMove that the Accused Products allegedly

**KIRKLAND & ELLIS LLP**

Reza Mirzaie
September 18, 2024
Page 5

        infringe, either literally or under the doctrine of equivalents, any asserted claim of the Asserted Patents.

9) All Documents referring or Relating to, supporting, affirming, or disputing any arguments Relating to patent validity, enforceability, infringement, or claim construction Relating to any asserted claim of the Asserted Patents.

10) All Documents and Things Relating to any comparison between any of the Accused Products and any claim of the Asserted Patents.

11) All Documents that refer or Relate to hardware or software that implements the Asserted Patents.

12) All Documents and Things that reflect Communications between VirtaMove and any named inventors of the Asserted Patents.

13) All Documents relating to the conception and/or reduction to practice for each of the Asserted Patents.

14) All Documents relating to the inventorship of any of the Asserted Patents.

15) All Documents demonstrating VirtaMove's diligence in reducing to practice the Asserted Patents.

16) All Documents relating to licenses, assignments, releases, settlement agreements, or covenants not to sue covering any of the Asserted Patents.

17) All Documents relating to the negotiation of any licenses, assignments, releases, settlement agreements, or covenants not to sue covering any of the Asserted Patents.

18) Documents sufficient to show that VirtaMove or licensee of the Asserted Patents has complied with the marking requirement under 35 U.S.C. § 287 for each of the Asserted Patents.

19) All Documents relating to VirtaMove's efforts to comply with the marking requirement under 35 U.S.C. § 287 for any of the Asserted Patents, including but not limited to documents sufficient to show each and every product that VirtaMove or any licensee has ever marked with any of the Asserted Patents pursuant to 35 U.S.C. § 287.

20) All Documents relating to any disclosure of the invention(s) of any Asserted Patent to a person other than VirtaMove prior to the patent's reduction to practice or filing date.

## KIRKLAND & ELLIS LLP

Reza Mirzaie
September 18, 2024
Page 6

21) Documents sufficient to identify, for each of the Asserted Patents, the first public use, offer for sale, or sale by VirtaMove of a product or service practicing the patent.

22) All Documents relating to any public use, offer for sale, or sale by VirtaMove of a product or service practicing any Asserted Patent prior to its filing date.

23) All Documents relating to VirtaMove's contention that it is entitled to damages as a result of IBM's alleged infringement of any Asserted Patent, including VirtaMove's contention that it is entitled to lost profits or a reasonable royalty, and documents relating to any injury that VirtaMove contends it has suffered as a result of IBM's alleged infringement of any Asserted Patent.

24) All Documents relating to VirtaMove's claim that it is entitled to a permanent injunction or any type of injunctive relief in this matter.

25) All Documents relating to products that VirtaMove contends embody or practice any of the Asserted Patents, including documents concerning or relating to VirtaMove's sale of products that VirtaMove contends embody or practice any of the Asserted Patents.

26) All Documents relating to VirtaMove's contention that IBM infringes each Asserted Patent, including any contention that IBM literally infringes, infringes under the doctrine of equivalents, induces infringement of the Asserted Claims, or contributes to infringement of the Asserted Claims.

27) All Documents relating to VirtaMove's contention that IBM's alleged infringement of any Asserted Claim of any Asserted Patent was willful.

28) All Documents relating to preparation, filing, or prosecution of any of the Asserted Patents.

29) All patents, publications, or things cited or considered during the prosecution of any of the Asserted Patents, including but not limited to the decision of whether or not to provide prior art or other information to the patent office.

30) All Documents relating to any investigation, analysis, or search concerning prior art related to any of the Asserted Patents (whether such investigation, analysis, or search occurred before or after the filing thereof).

31) All Documents relating to any secondary consideration of non-obviousness for any Asserted Patent, including commercial success, long-felt need, attempts by others, failure

## KIRKLAND & ELLIS LLP

Reza Mirzaie
September 18, 2024
Page 7

    of others, commercial acquiescence, licensing, professional approval, copying, or laudatory statements by others.

32) All letters that VirtaMove has sent to any third-party alleging infringement of any Asserted Patent.

33) All Documents relating to VirtaMove's policies or strategies for patent licensing.

34) All Documents relating to any valuation of any Asserted Patent or the inventions disclosed therein.

35) All Documents collected or reviewed by VirtaMove in connection with its pre-suit investigation pursuant to Rule 11 of the Federal Rules of Civil Procedure.

36) All Documents received by VirtaMove from any third-party in connection with this litigation or related to IBM or the Accused Products, including but not limited to, documents received in connection with any third-party subpoena propounded by VirtaMove and documents voluntarily produced by third-parties to VirtaMove.

37) All Documents relating to any standards-setting organizations that VirtaMove's patents and/or products are subject to.

38) All Documents relating to any prior art reference, whether cited during prosecution of the Asserted Patents or cited in IBM's invalidity contentions, relevant to the Asserted Patents.

39) All Documents and Things sufficient to fully describe the operation of the Accused VirtaMove Products.

40) All Documents and Things sufficient to fully describe the marketing, promotion and advertising of the Accused VirtaMove Products.

41) All product literature, marketing literature, advertising literature, and sales literature created by or for VirtaMove and/or distributed by VirtaMove, including without limitation any print, radio, or television media advertising, trade show promotional materials, product catalogues, or product brochures Relating to each Accused VirtaMove Products.

42) All Documents and Things sufficient to fully describe the revenue generated by, and costs and profits associated with the Accused VirtaMove Products and any non-accused products offered for sale or sold with the Accused VirtaMove Products.

43) All Documents and Things sufficient to identify each of VirtaMove's partners, resellers, and/or customers for the Accused VirtaMove Products, as well as the quarterly revenue,

**KIRKLAND & ELLIS LLP**

Reza Mirzaie
September 18, 2024
Page 8

        profit, costs, and units associated with each partner, reseller, and/or customer, and any fixed or one-time revenue and costs associated with each partner, reseller, and/or customer.

44) All Documents and Things sufficient to identify the material terms associated with the sale of any Accused VirtaMove Products to each of VirtaMove's partners, resellers, and/or customers.

45) All Documents and Things sufficient to identify each entity to whom VirtaMove has sold, attempted to sell, and/or marketed any of the Accused VirtaMove Products.

46) All Documents and Things sufficient to fully describe the research, development, conception, design, production, use and operation of each Accused VirtaMove Products.

47) All Documents and Things Relating to any effort(s) by VirtaMove to copy, emulate, or replicate any IBM product or technology.

48) All Documents and Things Relating to any effort by VirtaMove to distinguish or differentiate its products or technology from IBM.

49) All Documents and Things sufficient to ascertain the date of first sale or use of each Accused VirtaMove Products.

50) All Documents and Things sufficient to fully describe any study, evaluation, analysis or testing of the Accused VirtaMove Products.

51) All Documents and Things Relating to IBM's products or technology relevant to Counterclaim Patents.

52) All Documents and Communications Relating to Your process and efforts to hire any IBM Employees, including any analysis, efforts to solicit, reasons for soliciting, and/or hiring.

53) All Documents and Communications between You and any IBM Employee with respect to the Accused VirtaMove Products.

54) All Documents and Communications Relating to your procedures, protocols, practices, and efforts to avoid obtaining or infringing intellectual property of your competitors.

55) All Documents Relating to VirtaMove's funding or projected value, including investors, venture capital, loans, grants, and other sources of financial support.

56) All Documents Relating to any Person's ownership interest in VirtaMove and any Person's financial interest the outcome of this litigation.

## KIRKLAND & ELLIS LLP

Reza Mirzaie
September 18, 2024
Page 9

57) All Documents or Things belonging to, authored by, originating at, created by, or otherwise belonging to IBM.

58) All assignment, license, or indemnity agreements entered into by VirtaMove Relating to the Accused VirtaMove Products.

59) All Documents and Things Relating to VirtaMove's joint or co-development projects related to or involving the use of Accused VirtaMove Products.

60) All Communications, negotiations, meetings, discussions or Documents exchanged by VirtaMove and any third party Relating to the licensing, sale, manufacturing, distribution, or marketing of the Accused VirtaMove Products.

61) All Documents and Things Relating to the distribution and/or sale of each Accused VirtaMove Products.

62) All Documents and Things referring or Relating to VirtaMove's market share, including projections of market share, for each Accused VirtaMove Products.

63) Separately for each Accused VirtaMove Products, Documents sufficient to identify the total sales volume, monthly sale volume, revenues from the sale of each Accused VirtaMove Products, and projections of future sales, including the quantity sold to each purchaser and the price.

64) VirtaMove's quarterly and annual financial statements from January 27, 2015 to present.

65) All Documents and Things Relating to any policy or practice of VirtaMove with respect to intellectual property, licenses, or royalties.

66) All Unites States and foreign patent applications and United States and foreign patents, and their file histories, Relating to the Accused VirtaMove Products.

67) All Documents and Things that VirtaMove is relying on to interpret the meaning of any of the claims of the Counterclaim Patents or intends to use at or to support a claim interpretation, or Markman hearing in this action.

68) All Documents and Things Relating to any of the Counterclaim Patents.

69) All Documents referring or Relating to any contention by VirtaMove that any asserted claim of the Counterclaim Patents is invalid pursuant to any provision of 35 U.S.C. §101.

**KIRKLAND & ELLIS LLP**

Reza Mirzaie
September 18, 2024
Page 10

70) All Documents referring or Relating to any contention by VirtaMove that any asserted claim of the Counterclaim Patents is invalid pursuant to any provision of 35 U.S.C. §102.

71) All Documents referring or Relating to any contention by VirtaMove that any asserted claim of the Counterclaim Patents is invalid pursuant to any provision of 35 U.S.C. §103.

72) All Documents referring or Relating to any contention by VirtaMove that any asserted claim of the Counterclaim Patents is invalid pursuant to any provision of 35 U.S.C. §112.

73) All Documents referring or Relating to, supporting, affirming, or disputing any contention, affirmative defense, or counterclaim by VirtaMove that it does not infringe, either literally or under the doctrine of equivalents, any asserted claim of the Counterclaim Patents.

74) All Documents referring or Relating to, supporting, affirming, or disputing any arguments Relating to patent validity, enforceability, infringement, or claim construction Relating to any asserted claim of the Counterclaim Patents.

75) All Documents and Things relating to any market research, market survey, forecast of demand, business plans, potential sales, or other market analysis, test, or study Relating to VirtaMove's products, methods or services, which incorporate, utilize or include any of the Accused VirtaMove Products.

76) All Documents and Things Relating to or involving any alleged prior art to the Counterclaim Patents, which VirtaMove contends supports any assertion that any of the claims of the Counterclaim Patents are invalid.

77) All Documents Relating to or referring to VirtaMove's first notice or knowledge of the Counterclaim Patents, including, but not limited to, licenses or attempted licensing, freedom to operate assessments, and clearance assessments.

78) All Documents and Things Relating to any comparison between any of the Accused VirtaMove Products and any claim of the Counterclaim Patents.

79) ==All Source Code and Related documentation Relating to VirtaMove's products, platforms, methods or services,== which incorporate, utilize or include any of the Accused VirtaMove Products, including any current and previous versions thereof.

80) All Documents that refer or Relate to hardware or software that implements the Accused VirtaMove Products.

**KIRKLAND & ELLIS LLP**

Reza Mirzaie
September 18, 2024
Page 11

81) All Representative copies of VirtaMove's document retention policy, whether formal, informal or otherwise, from the beginning of the development of the Accused VirtaMove Products to present.

82) All written opinion(s) of counsel Relating to the validity, infringement, claim construction, prosecution history, willful infringement, damages, or enforceability of the Counterclaim Patents or any Document referring or Relating to disclosures, communications, opinions, reports, memoranda, studies, analyses, or search results Relating to the Counterclaim Patents.

83) All Documents and Things that reflect Communications between VirtaMove and any named inventors of the Counterclaim Patents.

84) All Documents Relating to or referring to any effort by VirtaMove to design, redesign, or modify any Accused VirtaMove Products because of the Counterclaim Patents and all Documents Relating to any alleged noninfringing alternatives to the Counterclaim Patents.

85) Documents and Things sufficient to identify all Persons who participated in the design or development of each Accused VirtaMove Products.

86) All Documents Relating to the drafting, creation, revision, development, and/or publication of any white papers, system planners, application notes, release notes, manuals, guides, or any other publications or papers describing the design, structure, architecture, function, operation, implementation, configuration, specifications, use, requirements, protocol, evaluation, testing, diagnosis, and/or troubleshooting of each Accused VirtaMove Products.

87) Organizational charts sufficient to identify the titles and relative responsibilities of all Persons who participated in the design, development, marketing, and sale of each Accused VirtaMove Products.

88) All Documents Relating to or constituting suggestions, requests, complaints, or feedback from users and/or purchasers of each Accused VirtaMove Products, including without limitation any articles, press releases, advertisements, books, correspondence, statements, or other testimonials created by or for, prepared by or for, or issued by VirtaMove.

89) All Communications between VirtaMove and any other Person or company referring or Relating to, regarding, or concerning This Case or the Counterclaim Patents.

90) All Documents and Things VirtaMove may rely on or intends to rely on or introduce at trial, in any motion, or at any hearing in This Case.

91) All deposition transcripts, trial transcripts, and exhibits thereto, of any Person identified in VirtaMove's initial disclosures or whom VirtaMove intends to call as a witness at trial.

## KIRKLAND & ELLIS LLP

Reza Mirzaie
September 18, 2024
Page 12

92) All deposition transcripts, and exhibits thereto, of any Person deposed in *VirtaMove, Corp. v. Hewlett Packard Enterprise Co.*, No. 2:24-cv-00093-JRG (E.D. Tex.).

93) All deposition transcripts, and exhibits thereto, of any Person deposed in *VirtaMove, Corp. v. Amazon.com, Inc.*, No. 7:24-cv-00030 (W.D. Tex.).

94) All deposition transcripts, and exhibits thereto, of any Person deposed in *VirtaMove, Corp. v. Google LLC*, No. 7:24-cv-00033 (W.D. Tex.).

95) All Documents and written discovery responses produced or served by VirtaMove in *VirtaMove, Corp. v. Hewlett Packard Enterprise Co.*, No. 2:24-cv-00093-JRG (E.D. Tex.).

96) All Documents and written discovery responses produced or served by VirtaMove in *VirtaMove, Corp. v. Amazon.com, Inc.*, No. 7:24-cv-00030 (W.D. Tex.).

97) All Documents and written discovery responses produced or served by VirtaMove in *VirtaMove, Corp. v. Google LLC*, No. 7:24-cv-00033 (W.D. Tex.).

98) Documents and Things sufficient to show use of the Accused VirtaMove Products.

99) Documents and Things showing the location of all servers utilized by VirtaMove for the Accused VirtaMove Products.

100) All Documents Relating to VirtaMove's ownership, lease, maintenance, or operation of servers, data centers, or other internet, cloud, or distributed computing services.

101) All Documents Relating to bills of materials ("BOMs") and/or component lists, including Documents Relating to the source or origin of each such component, for each Accused VirtaMove Products since January 27, 2015.

102) Documents sufficient to identify each assembler, supplier, or manufacturer for each Accused VirtaMove Products.

103) Documents sufficient to identify every location at which VirtaMove, or any Entity on behalf of VirtaMove, manufactures or has manufactured each Accused VirtaMove Products.

104) All Documents Relating to installation services or installation support for any Accused VirtaMove Products.

105) All Documents and Things that are or have been included with the sale of Accused VirtaMove Products, including but not limited to instruction manuals, data sheets, installation

# KIRKLAND & ELLIS LLP

Reza Mirzaie
September 18, 2024
Page 13

       manuals, retail kits, diagnostic software, installation software, configuration software, or specifications.

       If you have questions about any of the categories set forth above, please let me know. Alternatively, if you believe you have no requirement to produce any one or more of the categories listed above or if you intend to withhold production of any of these categories of documents, please let me know immediately so we can discuss and potentially resolve any potential disputes about VirtaMove's document production obligations in this case.

                                        Sincerely,

                                        */s/ Todd M. Friedman*

                                        Todd M. Friedman, P.C.