# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORP.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL OR INDUCED INFRINGEMENT**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF THE ISSUES TO BE DECIDED ...................................................... 1

III. LEGAL STANDARD ........................................................................................................ 1

IV. ARGUMENT ..................................................................................................................... 2

    A. The Patent Examiner Citations on Which VirtaMove Relies Cannot Establish Pre-Suit Knowledge of the '814 Patent. ........................................ 2

    B. The Parties' Business Interactions Did Not Give IBM Pre-Suit Knowledge of the '814 Patent. ...................................................................... 4

    C. Business Meetings Where the Patentee Did Not Provide any Notice of the Alleged Infringement or of the Allegedly Infringing Products Cannot Establish Pre-Suit Knowledge Of Infringement. ............. 6

    D. VirtaMove's Lack of Evidence of Knowledge and Intent Likewise Forecloses Any Claim For Presuit Induced Infringement. ........................... 8

V. Conclusion ........................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*BASF Plant Sci., LP v. Commonwealth Sci. and Indus. Rsch. Org.*,
   28 F.4th 1247 (Fed. Cir. 2022) ........................................................................................1

*Bayer Healthcare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021)..........................................................................................2

*Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*,
   528 F. Supp. 3d 407 (E.D. Va. 2021) ..............................................................................6

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
   946 F.3d 1367 (Fed. Cir. 2020)........................................................................................2

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
   No. 2:15-CV-37-RWS-RSP, 2016 WL 3878246 (E.D. Tex. Mar. 30, 2016).................2, 4

*Empire Tech. Dev. LLC v. Samsung Elecs. Co.*,
   No. 2:23-CV-00427-JRG-RSP, 2025 WL 1732945 (E.D. Tex. June 10, 2025)............4, 6

*Finjan, Inc. v. Cisco Sys. Inc.*,
   No. 17-CV-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ...........................5

*Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*,
   No. 2022-2001, 2023 WL 5219773 (Fed. Cir. Aug. 15, 2023), *cert. denied sub
   nom. Surti v. Fleet Eng'rs, Inc.*, 145 S. Ct. 143 (2024) ....................................................2

*Gen. Access Sols., Ltd. v. Sprint Spectrum LLC*,
   No. 2:20-CV-00007-RWS, 2021 WL 12343531 (E.D. Tex. Aug. 3, 2021) ...................5

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   No. 2023-1772, 2025 WL 649737 (Fed. Cir. Feb. 28, 2025) ..........................................2

*Intell. Ventures I LLC v. Symantec Corp.*,
   234 F. Supp. 3d 601 (D. Del. 2017), *aff'd*, 725 F. App'x 976 (Fed. Cir. 2018) ..........3, 4

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
   No. 2:17-CV-00662-JRG-RSP, 2019 WL 1987172 (E.D. Tex. Apr. 12, 2019),
   *R. & R. adopted*, No. 2:17-CV-00661-JRG-RSP.............................................................5

*IPA Techs. Inc. v. Microsoft Corp.*,
   No. CV 18-1-RGA, 2024 WL 1797394 (D. Del. Apr. 25, 2024),
   *reconsideration denied*, No. CV 18-1-RGA, 2024 WL 1962070 (D. Del. May
   2, 2024) .......................................................................................................................3, 4

*Netlist, Inc. v. Samsung Elecs. Co., et al*,
    No. 2:22-cv-00293-JRG, Dkt. 818 (E.D. Tex. Nov. 6, 2024)............................................6, 7, 8

*Nonend Inventions, N.V. v. Apple. Inc.*,
    No. 2:15-CV-466-JRG-RSP, 2016 WL 1253740 (E.D. Tex. Mar. 11, 2016)*, R.
    & R. adopted sub nom.* No. 2:15-CV-466-JRG-RSP, 2016 WL 1244973 (E.D.
    Tex. Mar. 30, 2016) .........................................................................................................6

*Provisur Techs., Inc. v. Weber, Inc.*,
    119 F.4th 948 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 1181 (2025)....................................1, 6

*Radware, Ltd. v. F5 Networks, Inc.*,
    No. 5:13-CV-02024-RMW, 2016 WL 4427490 (N.D. Cal. Aug. 22, 2016).........................3, 4

*TC Tech. LLC v. Sprint Corp.*,
    No. 16-CV-153-RGA, 2019 WL 2343627 (D. Del. June 3, 2019)............................................6

*TracBeam L.L.C. v. AT & T Inc.*,
    No. 6:11-CV-96, 2013 WL 6175372 (E.D. Tex. Nov. 25, 2013) .............................................5

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016)................................................................................................6

**Rules**

Fed. R. Civ. P. 56.................................................................................................................................1

I.   INTRODUCTION

IBM respectfully moves for partial summary judgment of no willful infringement and no induced infringement with respect to VirtaMove's remaining asserted patent, U.S. Pat. No. 7,519,814 (the "'814 Patent"). Even assuming there is some genuine dispute of material fact as to infringement—which, for the reasons explained in IBM's concurrently-filed motions for summary judgment of noninfringement, there is not—VirtaMove cannot meet its burden to demonstrate willfulness or inducement. VirtaMove has failed to identify any evidence that IBM had the requisite knowledge of the '814 patent, let alone any knowledge that it was allegedly infringing a VirtaMove patent. By VirtaMove's own admission, it never specifically identified the '814 Patent to IBM, nor did it ever indicate to IBM (or to any third party) that the use of containerization and container orchestration technologies—which forms the basis of VirtaMove's present infringement claims—would infringe the patent. On the contrary, VirtaMove repeatedly and affirmatively encouraged IBM to adopt container technology, and it publicly touted the use of containerization by other companies. Because VirtaMove has failed to show that IBM had the requisite knowledge and intent to infringe the '814 Patent, summary judgment is warranted.

II.   STATEMENT OF THE ISSUES TO BE DECIDED

IBM moves pursuant to Fed. R. Civ. P. 56 for summary judgment of no willful infringement of the '814 Patent. The issues to be decided are whether: (1) IBM lacked pre-suit knowledge of the '814 Patent; and (2) IBM lacked specific intent to infringe the '814 Patent.

III.   LEGAL STANDARD

"'To establish willfulness, a patentee must show that the accused infringer had a specific intent to infringe at the time of the challenged conduct.'" *Provisur Techs., Inc. v. Weber, Inc.*, 119 F.4th 948, 955 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 1181 (2025) (quoting *BASF Plant Sci., LP*

1

*v. Commonwealth Sci. and Indus. Rsch. Org.*, 28 F.4th 1247, 1274 (Fed. Cir. 2022)). "[K]nowledge of the asserted patent and evidence of infringement, although necessary, is not sufficient for a finding of willfulness." *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, No. 2022-2001, 2023 WL 5219773, at *8 (Fed. Cir. Aug. 15, 2023), *cert. denied sub nom. Surti v. Fleet Eng'rs, Inc.*, 145 S. Ct. 143 (2024) (citing *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021)). "Rather, willfulness requires deliberate or intentional infringement." *Fleet Eng'rs, LLC*, No. 2022-2001, 2023 WL 5219773, at *8 (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)); *see also Halo Elecs., Inc. v. Pulse Elecs., Inc.*, No. 2023-1772, 2025 WL 649737, at *4 (Fed. Cir. Feb. 28, 2025).

## IV.   ARGUMENT

To contend that IBM knew of the asserted '814 Patent, VirtaMove relies on (1) citations to the '814 Patent (or its corresponding application) by patent examiners during prosecution of certain IBM patents; and (2) a handful of business interactions between IBM and VirtaMove (or VirtaMove's predecessor, AppZero), none of which referenced the '814 Patent or any allegations of infringement. *See* SoF ¶¶ 1, 3. Because neither basis is sufficient to establish willfulness, there is no genuine dispute of material fact that IBM did not willfully infringe the '814 Patent.

### A.    The Patent Examiner Citations on Which VirtaMove Relies Cannot Establish Pre-Suit Knowledge of the '814 Patent.

VirtaMove asserts that IBM had knowledge of the '814 Patent based on three patent examiners' citations. *See* SoF ¶¶ 1-2. Specifically, VirtaMove asserts that "the '814 Patent was cited in connection with at least the following patents and applications: U.S. Patent App. No. 12/146,322 (assigned to IBM), US. Patent No. 8,893,306 (assigned to IBM), and U.S. Patent No. 9,166,865 (assigned to IBM)." *Id.* As a matter of law, however, those examiner citations are insufficient to establish that IBM had knowledge of the '814 Patent. *See Elbit Sys. Land & C4I*

2

*Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-37-RWS-RSP, 2016 WL 3878246, at *3 (E.D. Tex. Mar. 30, 2016) (explaining that "mere[] alleg[ations] that the patent was cited by the examiner during prosecution[]"—without any showing that the applicant analyzed and described the patent—are insufficient to demonstrate knowledge of a patent); *Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-02024-RMW, 2016 WL 4427490, at *4 (N.D. Cal. Aug. 22, 2016) (granting JMOL of no willful infringement because "mere citation to a patent number in correspondence from the Patent Office" was "insufficient to support [Plaintiff's] willfulness claims"); *Intell. Ventures I LLC v. Symantec Corp.*, 234 F. Supp. 3d 601, 611 (D. Del. 2017), *aff'd*, 725 F. App'x 976 (Fed. Cir. 2018) (granting summary judgement of no willful infringement because citations to asserted patent on patents owned by Defendant were "not sufficient to conclude [Defendant] had knowledge of the patent for willfulness purposes"); *IPA Techs. Inc. v. Microsoft Corp.*, No. CV 18-1-RGA, 2024 WL 1797394, at *17–18 (D. Del. Apr. 25, 2024), *reconsideration denied*, No. CV 18-1-RGA, 2024 WL 1962070 (D. Del. May 2, 2024) ("I am skeptical that the citation to the [Asserted Patent] on one of Defendant's patent applications supports the multiple logical leaps required to conclude that Defendant knew of [Plaintiff's] relationship to the Asserted Patents.").

Notably, U.S. Patent App. No. 12/146,322 is not (and never was) assigned to IBM as VirtaMove contends, but instead assigned to AT&T Intellectual Property I, L.P. SoF ¶ 2. In the remaining two examiner citations identified by VirtaMove, it was **the patent examiner** who cited the '814 patent (or its corresponding application[1]), **not** IBM. *Id*. VirtaMove does not assert that IBM analyzed or described the '814 patent's teachings in response to any Office Action. Nor did IBM cite, discuss, or otherwise analyze the '814 Patent in any office action response during the

---

[1] During prosecution of the application that became IBM's Patent No. 9,166,865, the examiner cited U.S. Pat. App. No. 05/0060722 and not the issued '814 Patent. SoF ¶ 2.

3

prosecution of US. Pat. No. 8,893,306 or U.S. Pat. No. 9,166,865. *Id*. ¶ 2. It is well-established that "mere[] alleg[ations] that the patent was cited by the examiner during prosecution[]"—without any showing that the applicant analyzed and described the patent, *e.g.*, in an office action response—are insufficient to confer knowledge of a patent. *Elbit Sys.*, 2016 WL 3878246, at *3; *Radware,* 2016 WL 4427490, at *4; *Intell. Ventures I*, 234 F. Supp. 3d at 611; *IPA Techs.*, 2024 WL 1797394, at *17–18; *cf. Empire Tech. Dev. LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00427-JRG-RSP, 2025 WL 1732945, at *2 (E.D. Tex. June 10, 2025), *R. & R. adopted*, 2025 WL 1728419 (E.D. Tex. June 19, 2025) (finding "citations of the asserted … patent (or its application) by the examiners in three patents assigned to [Defendant]" were insufficient to establish pre-suit willfulness). Accordingly, the examiner citations on which VirtaMove relies are insufficient as a matter of law to establish that IBM had knowledge of the '814 Patent.

> **B.** **The Parties' Business Interactions Did Not Give IBM Pre-Suit Knowledge of the '814 Patent.**

VirtaMove also asserts that IBM acquired pre-suit knowledge of the '814 Patent during the course of business interactions and discussions between the parties. SoF ¶ 3. However, VirtaMove does not point to any evidence showing that it specifically identified the '814 Patent during any interaction or discussion with IBM. SoF ¶¶ 3-12. In fact, VirtaMove admits that "it did not identify the Asserted Patents by patent number in any written communication prior to the filing of the complaint." SoF ¶ 8. Moreover, VirtaMove's former Chief Executive Offer, Greg O'Connor, testified that ███████████████████████████████████████ ███ SoF ¶ 9. This testimony was corroborated by VirtaMove's current Chief Executive Officer, Nigel Stokes, who testified, for example, that he █████████████████████████████████████ ███████████████████████████████████ *Id*. Thus, the record confirms there is no genuine dispute of material fact that VirtaMove did not specifically disclose the '814 Patent to

4

IBM during the parties' interactions.[2] *See, e.g.*, *Gen. Access Sols., Ltd. v. Sprint Spectrum LLC*, No. 2:20-CV-00007-RWS, 2021 WL 12343531, at *5–6 (E.D. Tex. Aug. 3, 2021) (finding "[Plaintiff] fail[ed] to produce any evidence that [Defendant] had pre-suit knowledge of the [Asserted] Patent" because "[Plaintiff] adduce[d] no evidence that [Defendant] had knowledge of the issued patent as a result of the teaser materials sent [to] [it] … [which] did not include patent-identifying information"); *TracBeam L.L.C. v. AT & T Inc.*, No. 6:11-CV-96, 2013 WL 6175372, at *7 (E.D. Tex. Nov. 25, 2013) (granting summary judgment of no willful infringement because Plaintiff offered no evidence showing knowledge of asserted patent).

To the extent VirtaMove asserts IBM was willfully blind to the '814 Patent's existence, that assertion amounts to mere speculation and could be "supported" only by attorney argument insufficient to survive summary judgment. *See, e.g.*, Dkt. 111 at ¶¶ 11, 16 (alleging willful blindness); *Gen. Access Sols.*, 2021 WL 12343531, at *2–6 (where plaintiff "provides no evidence to support these suppositions [of willful blindness] and relies only on attorney argument," that "is not sufficient to survive summary judgment.") (citations omitted). For example, IBM employee Walter Falk, whom VirtaMove identifies in support of its willful infringement theory, testified that he had "no knowledge of ever discussing patents with AppZero." SoF ¶ 12. Similarly, IBM employee Mac Devine, also identified by VirtaMove, testified that VirtaMove never identified the '814 Patent to IBM. *Id*. VirtaMove's willful blindness theory requires more than a mere allegation

---

[2] To the extent VirtaMove alleges that it generally disclosed the existence of a patent portfolio, that is insufficient to establish pre-suit knowledge of the asserted '814 Patent. *See, e.g.*, *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) ("Knowledge of a patent portfolio generally is not the same thing as knowledge of a specific patent."); *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-CV-00662-JRG-RSP, 2019 WL 1987172, at *2 (E.D. Tex. Apr. 12, 2019) ("[K]nowledge of other patents in the same portfolios, with some of those being within the same family as the asserted patents, [is] insufficient to defeat a motion for summary judgment for pre-suit willfulness."), *R. & R. adopted*, No. 2:17-CV-00661-JRG-RSP, 2019 WL 1979866 (E.D. Tex. May 3, 2019).

that IBM did not investigate the '814 Patent. *See Nonend Inventions, N.V. v. Apple. Inc.*, No. 2:15-CV-466-JRG-RSP, 2016 WL 1253740, at *3 (E.D. Tex. Mar. 11, 2016)*, R. & R. adopted sub nom.* No. 2:15-CV-466-JRG-RSP, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) (even a "policy of asking its employees to ignore patents and patent applications does not per-se constitute 'willful blindness.'"); *Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 528 F. Supp. 3d 407, 427–28 (E.D. Va. 2021); *TC Tech. LLC v. Sprint Corp.*, No. 16-CV-153-RGA, 2019 WL 2343627, at *4 (D. Del. June 3, 2019).  VirtaMove has not shown (and cannot show) that IBM had any reason to investigate the '814 Patent, as VirtaMove never suggested IBM was infringing any VirtaMove patent (let alone the '814 Patent) over the decade of interactions with IBM.  *See infra* § IV.C.

In sum, there is no genuine dispute of material fact that IBM lacked pre-suit knowledge of the '814 Patent. On that basis alone, summary judgment of no willful infringement is appropriate. *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages.").

### C. Business Meetings Where the Patentee Did Not Provide any Notice of the Alleged Infringement or of the Allegedly Infringing Products Cannot Establish Pre-Suit Knowledge Of Infringement.

Even if VirtaMove could demonstrate that IBM had pre-suit knowledge of the '814 Patent—which it the record does not support—VirtaMove cannot establish that IBM deliberately or intentionally infringed the '814 Patent. To establish deliberate or intentional infringement, a patentee must show that the accused infringer had knowledge of its alleged infringement. *Provisur Techs.,* 119 F.4th at 956. As such, a patentee cannot establish pre-suit willful infringement "[w]ithout ever identifying an allegedly infringing product, or even class of product[.]" *Empire Tech. Dev.*, 2025 WL 1732945, at *2, *R. & R. adopted*, 2025 WL 1728419; *see also Netlist, Inc. v. Samsung Elecs. Co., et al*, No. 2:22-cv-00293-JRG, Dkt. 818 at 3 (E.D. Tex. Nov. 6, 2024) (no pre-suit willfulness where "there was no pre-suit notice of the [] accused products").

6

Here, VirtaMove has not identified any evidence showing that IBM had knowledge of any alleged infringement or that VirtaMove identified any allegedly infringing products. On the contrary, notwithstanding VirtaMove's current position that IBM's Docker and Kubernetes container-based products infringe, VirtaMove repeatedly and affirmatively ▮▮▮▮▮ ▮▮▮▮▮ *See generally* MSJ of Non-Infringement SoF ¶¶ 1-92. Despite being aware of the accused products since at least 2017, VirtaMove can point to no evidence that it ever informed IBM before filing the present suit that it believed IBM's cloud-based container technology infringed the '814 Patent (or any VirtaMove patent).

Indeed, VirtaMove's former CEO, Mr. O'Connor, testified that he did not believe that he had ever told ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ SoF ¶ 10. Similarly, VirtaMove's current CEO, Mr. Stokes, testified that no one at VirtaMove ▮▮▮▮▮ ▮▮▮▮▮ *Id.* Likewise, the '814 Patent's named inventors were ▮▮▮▮▮ ▮▮▮▮▮ *Id.* ¶ 11.

Further confirming that IBM did not have knowledge of its alleged infringement of the '814 Patent, VirtaMove has never ▮▮▮▮▮. SoF ¶¶ 15. On the contrary, VirtaMove ▮▮▮▮▮. *Id.* Similarly, far from telling IBM that its use of Kubernetes technology supposedly infringed the '814 Patent, VirtaMove attempted to leverage its ▮▮▮▮▮ ▮▮▮▮▮ SoF ¶ 14. There also is no evidence of VirtaMove indicating in any public-facing documents that the using Docker or Kubernetes technology would infringe any of its

patents. SoF ¶ 13. On the contrary, VirtaMove publicly acknowledged the emergence of open standards around application containerization and highlighted the use of containerization by other "major companies," including Docker and Kubernetes. *Id*.

In sum, in its interactions with IBM and with the public, VirtaMove failed to communicate any belief that any Docker or Kubernetes container-based products infringed VirtaMove's patents. VirtaMove cannot identify any evidence that IBM had knowledge of its alleged infringement of the '814 Patent or that VirtaMove ever notified IBM of any alleged infringement. Accordingly, there can be no genuine dispute of material fact that IBM did not deliberately or intentionally infringe the '814 Patent and therefore did not have a specific intent to infringe the patent.

### D. VirtaMove's Lack of Evidence of Knowledge and Intent Likewise Forecloses Any Claim For Presuit Induced Infringement.

IBM is likewise entitled to summary judgment of no pre-suit induced infringement. Liability for induced infringement requires "knowledge of the existence of the patent that is [allegedly] infringed," *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011), and that the defendant "possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). For the same reasons as those explained above—namely, VirtaMove's failure to present evidence that IBM was aware of either VirtaMove's '814 Patent or any alleged infringement of that patent—there can be no genuine dispute of material fact as to induced infringement.

### V. CONCLUSION

For the reasons set forth above, IBM respectfully asks the Court to grant its motion for summary judgment of no willful or induced infringement.

Dated: July 28, 2025  Respectfully submitted,

/s/ *Todd M. Friedman*
Todd M. Friedman (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
todd.friedman@kirkland.com

Brandon H. Brown
State Bar No. 266347
Kyle Calhoun (*pro hac vice*)
Nathaniel Ngerebara (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:   (415) 439-1400
Facsimile:   (415) 439-1500
brandon.brown@kirkland.com
kyle.calhoun@kirkland.com
nate.ngerebara@kirkland.com

Yimeng Dou
State Bar No. 285248
Andrew Morrill (*pro hac vice*)
KIRKLAND & ELLIS LLP
695 Town Center Dr.
Costa Mesa, CA 92626
Telephone:   (714) 982-8822
Facsimile:   (714) 982-8844
yimeng.dou@kirkland.com
drew.morrill@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone:   (903) 757-6400
Facsimile:   (903) 757-2323
andrea@millerfairhenry.com

*Attorneys for Defendant*
*International Business Machines Corp.*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective order entered in this matter.

*/s/ Todd M. Friedman*
Todd M. Friedman

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this matter.

/s/ Todd M. Friedman
Todd M. Friedman