# EXHIBIT 5

**RESTRICTED – ATTORNEYS' EYES ONLY**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., | |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00093-JRG-RSP (Lead Case) |
| HEWLETT PACKARD ENTERPRISE COMPANY, | **JURY TRIAL DEMANDED** |
| Defendant. | |
| VIRTAMOVE, CORP., | |
| Plaintiff, | Case No. 2:24-CV-00064-JRG-RSP (Member Case) |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORP., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT INTERNATIONAL BUSINESS MACHINES CORP.'S SECOND SET OF INTERROGATORIES (NOS. 26-39)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff VirtaMove, Corp. ("Plaintiff" or "VirtaMove") provides its supplemental objections and responses to Defendant International Business Machines Corp.'s ("Defendant" or "IBM") Second Set of Interrogatories as follows:

VirtaMove's responses are based on information known and available to it at the time of these responses. VirtaMove's investigation in this matter is ongoing. Further, because all information and documents that are possibly within the scope of the Interrogatories may have yet to be located and/or identified, the development of VirtaMove's contentions with respect to its

RESTRICTED – ATTORNEYS' EYES ONLY

claims and defenses is ongoing. VirtaMove reserves the right to assert additional objections to the Interrogatories and to modify and supplement its responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

VirtaMove's responses to these Interrogatories are not to be construed as admissions that any of the requested information exists or that any contention or assumption contained in the Interrogatories, whether implicit or explicit, is correct.

By making any responses, VirtaMove does not concede that the information given is properly discoverable or admissible, and VirtaMove reserves its right to object to the introduction of these responses into evidence for any purpose.

VirtaMove is willing and prepared to discuss definitions of vague, ambiguous, or otherwise objectionable terms, as well as the appropriate discoverable scope of each interrogatory in light of the objections contained herein.

## GENERAL OBJECTIONS

These General Objections are incorporated into the specific responses below.

1.  VirtaMove objects to these Interrogatories to the extent that they attempt to impose an obligation on VirtaMove different from or greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, the Court's Standing Orders, any other Order entered in this action, and any agreements between the parties.

2.  VirtaMove objects to these Interrogatories to the extent that they request information related to patents or patent claims that have not been asserted, and thus are irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

3.  VirtaMove objects to these Interrogatories to the extent that they request the disclosure of information protected by the attorney-client privilege, work-product doctrine,

**RESTRICTED – ATTORNEYS' EYES ONLY**

common interest privilege, mediation privilege, or any other privilege or immunity. VirtaMove hereby asserts all such applicable privileges and protections, and excludes privileged and protected information from its responses to the Interrogatories. Unless explicitly stated, any disclosure of such privileged or protected documents is inadvertent and should not be construed as a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or doctrine.

4.      VirtaMove objects to these Interrogatories to the extent they are neither relevant to any claim or defense in this case nor proportional to the needs of the case.

5.      VirtaMove objects to these Interrogatories as unduly vague and overly broad to the extent that they fail to identify the information sought with reasonable particularity, thereby requiring VirtaMove to resort to conjecture and speculation as to what information is sought.

6.      VirtaMove objects to these Interrogatories to the extent they seek information that VirtaMove is not permitted to disclose pursuant to confidentiality obligations, Protective Orders, or agreements with third parties. VirtaMove will not provide such information without the consent of the relevant party or a court order.

7.      VirtaMove objects to these Interrogatories to the extent that they seek information from an individual or entity outside of VirtaMove's control. VirtaMove cannot reasonably respond to such Interrogatories, and objects to them as unreasonable and unduly burdensome. VirtaMove further objects to the extent these Interrogatories would require it to produce or disclose information that is already in Defendant's possession, that is publicly available, or that is as readily identifiable and accessible to Defendant as to VirtaMove.

8.      VirtaMove objects to these Interrogatories to the extent that they are unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less

burdensome, or less expensive.

9.    VirtaMove objects to these Interrogatories to the extent that they are speculative, lack foundation, or improperly assume the existence of hypothetical facts that are incorrect or unknown to VirtaMove.

10.    VirtaMove objects to these Interrogatories to the extent that they assume facts not in evidence.

11.    VirtaMove objects to these Interrogatories to the extent that they call for legal conclusions and/or the rendering of expert opinions.

12.    To the extent these Interrogatories seek discovery of information within the scope of Fed. R. Civ. P. 26(b)(4), VirtaMove objects to these Interrogatories as premature and improper discovery of expert opinion.

13.    Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), VirtaMove states that it will not search sources of electronically stored information that are not reasonably accessible regardless of whether those sources may contain electronically stored information responsive to these Interrogatories. However, VirtaMove reserves the right to supplement its responses in the event that other potentially responsive information becomes known. To the extent these Interrogatories seek different data or data in configurations different from those for which such databases are configured, VirtaMove will not search or attempt to produce information from such databases because it believes they are "not reasonably accessible because of undue burden or cost" as contemplated by Fed. R. Civ. P. 26(b)(2)(B).

14.    VirtaMove objects to the Interrogatories to the extent they seek "all" information about a topic; such Interrogatories are overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.

**RESTRICTED – ATTORNEYS' EYES ONLY**

15.     VirtaMove objects to these Interrogatories to the extent that they seek information or documents already in the possession of or are more readily available to Defendant, in the public domain, or equally available to Defendant as they are to VirtaMove.

16.     VirtaMove objects to these Interrogatories to the extent that they seek information not within VirtaMove's possession, custody, or control.

17.     VirtaMove objects to these Interrogatories to the extent that they seek information that is cumulative of information sought by other discovery requests or duplicative of disclosures already provided by VirtaMove.

18.     VirtaMove objects to these Interrogatories to the extent they contain multiple subparts asserted as individual interrogatories. Each subpart counts towards the limit on Interrogatories that Defendant is permitted to propound.

19.     By responding to Defendant's Interrogatories, VirtaMove does not waive any objection that may be applicable to: (a) the use, for any purpose, by VirtaMove of any information produced; (b) the admissibility, relevance, or materiality of any such information to any issue in this case; or (c) the competency or authenticity of any such information.

20.     VirtaMove objects to Defendant's definitions of "Plaintiff," "VirtaMove," "You," and "Your" as vague, ambiguous, overbroad, unduly burdensome, and/or seeking documents that are not proportional to the needs of the case because of its inclusion of "any officers, directors, partners, associates, employees, staff members, agents, representatives, divisions, predecessor companies (including at least Trigence Corp. and AppZero Software Corp.), parent or subsidiary corporations, affiliated corporations, or any other related entities of VirtaMove" may include people and entities outside of VirtaMove's control. In responding to these Interrogatories, VirtaMove understands these terms to refer to the plaintiff in this action, VirtaMove, Corp.

RESTRICTED – ATTORNEYS' EYES ONLY

21.     VirtaMove objects to the definitions of the term "Person" because it makes each Interrogatory that references a person vague, ambiguous, overbroad, and unduly burdensome VirtaMove will interpret this term using its common and ordinary meaning.

22.     VirtaMove objects to the definition of the term "Documents" as overbroad and unduly burdensome. Accordingly, VirtaMove will interpret this term consistent with its obligations pursuant to the Federal Rules of Civil Procedure, Local Rules of this District and any applicable Court orders.

23.     VirtaMove objects to the definition of the term "and" as overbroad and unduly burdensome. VirtaMove will interpret this term using its common and ordinary meaning.

24.     VirtaMove objects to the definition of the term "or" as overbroad and unduly burdensome. VirtaMove will interpret this term using its common and ordinary meaning.

25.     VirtaMove objects to Defendant's Instructions as overbroad, unduly burdensome and calling for a legal conclusion. VirtaMove will provide responses and produce documents, subject to its objections consistent with applicable statues, the Federal Rules of Civil Procedure, the rules of this District and any court orders.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 26**

Identify and describe in detail VirtaMove's implementation of Tethering and Untethering functionality in any VirtaMove software, including but not limited to, the date(s) Tethering functionality was implemented in any VirtaMove software including the software version, the reasons for implementing Tethering and Untethering functionality in any VirtaMove software, and the person(s) responsible for implementing Tethering and Untethering functionality.

**RESPONSE TO INTERROGATORY NO. 26:**

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client

RESTRICTED – ATTORNEYS' EYES ONLY

privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions or analysis. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the term and/or phrase "Tethering" and "Untethering" which is subject to multiple interpretations. VirtaMove further objects to this Interrogatory as seeking information or documents that are not in VirtaMove's possession, custody, or control. Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

VirtaMove first added a feature called "Tethering" in AppZero 4.8GA. VirtaMove identifies Cedric Burgins and Mark Woodward as having knowledge responsive to this interrogatory. Pursuant to Rule 33(d), the following documents may have information responsive: VM_IBM_0044522-VM_IBM_0044532; VM_PA_0000786-VM_PA_0000796; VM_PA_0000797-VM_PA_0000807; the source code produced at src/Trigence.Mgmt.Tether in the Appzero-5.1GA folder.

Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

## INTERROGATORY NO. 27

Describe all factual and legal bases relating to Your allegations that IBM's purported

infringement of the Asserted Patents was willful, including but not limited to those described in Your Third Amended Complaint and Interrogatory Responses, and identify all documents and communications relating thereto, including all documents and communications between You and IBM purporting to specifically identify the Asserted Patents.

## RESPONSE TO INTERROGATORY NO. 27:

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows: VirtaMove incorporates infringement contentions, its responses to IBM's Interrogatory Nos. 1, 2, 3, 5, 6 and Common Interrogatory No. 8, and all supplements thereto in full.

Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

## INTERROGATORY NO. 28

Separately, for each Accused Product, describe in detail all business related investigations, analyses, testing, and/or evaluations that You or anyone acting on Your behalf conducted regarding the Accused Product(s) and/or any product and/or service that uses, offer, or otherwise incorporates Kubernetes and Docker technologies, as the bases for Your allegations of infringement, including a

RESTRICTED – ATTORNEYS' EYES ONLY

description of the methods, procedures, and/or techniques used; the results, findings, and/or conclusions reached; documents, reports, or communications related to or reflecting these results.

## RESPONSE TO INTERROGATORY NO. 28:

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the term and/or phrase "Kubernetes or Docker technologies" which is undefined and subject to multiple interpretations.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

Based on a reasonable investigation, VirtaMove is not aware of information in its possession, custody, or control that is responsive to this Interrogatory at this time.

Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as this case proceeds.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 28 (05/29/25):

Additional information responsive to this Interrogatory may be derived from the

**RESTRICTED – ATTORNEYS' EYES ONLY**

depositions in this case, including from Nigel Stokes.

## INTERROGATORY NO. 29

Describe in detail any products and/or services relating to containerization and/or container orchestration that VirtaMove contends do not infringe any Asserted Claim of the Asserted Patents, including the specific features, functionalities, or design aspects that VirtaMove contends differentiate these products or services from any Asserted Claim, and all other factual and legal bases for Your contentions that any such products and/or services do not infringe.

## RESPONSE TO INTERROGATORY NO. 29:

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the term and/or phrase "any products and/or services relating to containerization and/or container orchestration" which is undefined and subject to multiple interpretations. This phrase also presumably implicates the entire universe of products and/or services related to containerization, which VirtaMove lacks sufficient knowledge about. VirtaMove further objects to this Interrogatory as seeking information or documents that are not in VirtaMove's possession, custody, or control. Subject to and without waiving the foregoing objections, VirtaMove

RESTRICTED – ATTORNEYS' EYES ONLY

responds as follows:

As this Interrogatory is currently written, it is overly broad, unduly burdensome, vague and ambiguous. VirtaMove is willing to meet and confer regarding the scope and meaning of this Interrogatory.

Discovery is going and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

## INTERROGATORY NO. 30

Identify and produce documents and information sufficient to show revenue reports, balance sheets, profit and loss statements and other financial information from 2014 to present, associated with, and including but not limited to revenue generated from the Accused VirtaMove Products.

## RESPONSE TO INTERROGATORY NO. 30:

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the term and/or phrase "revenue generated from" which is undefined and subject to multiple interpretations.

**RESTRICTED – ATTORNEYS' EYES ONLY**

Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

Pursuant to Rule 33(d) information responsive to this Interrogatory may be found in the documents with the following Bates Nos.

VM_IBM_0017084;   VM_IBM_0017081;   VM_IBM_0017085;   VM_IBM_0017091;

VM_IBM_0017071;     VM_IBM_0017079;     VM_IBM_0017083;     VM_IBM_0017077;

VM_IBM_0017090;     VM_IBM_0017074;     VM_IBM_0017069;     VM_IBM_0017066;

VM_IBM_0017078;     VM_IBM_0017086;     VM_IBM_0017070;     VM_IBM_0017072;

VM_IBM_0017067;     VM_IBM_0017068;     VM_IBM_0017076;     VM_IBM_0017089;

VM_IBM_0017088;     VM_IBM_0017082;     VM_IBM_0017075;     VM_IBM_0017080;

VM_IBM_0017073;     VM_IBM_0017087;     VM_IBM_0022628;     VM_IBM_0022629;

VM_IBM_0022036;     VM_IBM_0022627;     VM_IBM_0017608;     VM_IBM_0022679;

VM_IBM_0022678;     VM_IBM_0022677;     VM_IBM_0017268;     VM_IBM_0022037;

VM_IBM_0017672-VM_IBM_0017691,          VM_IBM_0017881-VM_IBM_0017900;

VM_IBM_0017977-VM_IBM_0017996;          VM_IBM_0018077-VM_IBM_0018096;

VM_IBM_0018243-VM_IBM_0018260;          VM_IBM_0018310-VM_IBM_0018327;

VM_IBM_0018335-VM_IBM_0018341.

Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30 (05/29/25):**

Subject to and without waiving the foregoing, VirtaMove supplements its response as follows:

Additional information responsive to this Interrogatory may be derived from the depositions in this case, including of Nigel Stokes. Discovery is ongoing and VirtaMove reserves

RESTRICTED – ATTORNEYS' EYES ONLY

the right to amend or supplement its response as the case proceeds.


## INTERROGATORY NO. 31

Identify and produce all documents and/or communications, including but not limited to internal or external valuations, with third parties, including but not limited to investors, creditors, and/or financial institutes, concerning VirtaMove's financial condition.

## RESPONSE TO INTERROGATORY NO. 31:

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the term and/or phrase "valuations …concerning VirtaMove's financial condition" and "revenue generated from" which is undefined and subject to multiple interpretations.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

Pursuant to Rule 33(d), VirtaMove identifies the following documents as containing responsive information: VM_IBM_0017672-VM_IBM_0017691; VM_IBM_0017881-VM_IBM_0017900; VM_IBM_0017977-VM_IBM_0017996; VM_IBM_0018077-VM_IBM_0018096; VM_IBM_0018243-VM_IBM_0018260; VM_IBM_0018310-VM_IBM_0018327.

**RESTRICTED – ATTORNEYS' EYES ONLY**

Discovery is ongoing, and VirtaMove reserves its right to amend or supplement its response as this case proceeds.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 31 (05/29/25):

Subject to and without waiving the foregoing objections, VirtaMove supplements its response as follows:

Additional information responsive to this Interrogatory may be derived from the depositions in this case, including of Nigel Stokes and Greg O'Connor. Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

## INTERROGATORY NO. 32

Identify and produce all documents and/or communications, including but not limited to market analyses, internal performance assessments, and/or reports, concerning the competitiveness and/or market viability of the Accused VirtaMove Products compared to competing products in the relevant market.

## RESPONSE TO INTERROGATORY NO. 32:

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the term and/or phrase "market analyses", "performance assessment", and "market viability" which are each undefined and subject to multiple interpretations.

14

**RESTRICTED – ATTORNEYS' EYES ONLY**

Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

Pursuant to Rule 33(d), VirtaMove identifies the following documents as responsive:

VM_IBM_0017154;    VM_IBM_0018136-VM_IBM_0018144;    VM_IBM_0021659-VM_IBM_0021683;    VM_IBM_0021987-VM_IBM_0022011;    VM_IBM_0022021-VM_IBM_0022035;    VM_IBM_0022037;    VM_IBM_0022036;    VM_IBM_0021958-VM_IBM_0021963;    VM_IBM_0021720-VM_IBM_0021746;    VM_IBM_0021585-VM_IBM_0021601;    VM_IBM_0021602-VM_IBM_0021607;    VM_IBM_0021608-VM_IBM_0021627;    VM_IBM_0021749-VM_IBM_0021775;    VM_IBM_0021646-VM_IBM_0021658;    VM_IBM_0021966-VM_IBM_0021970;    VM_IBM_0022012-VM_IBM_0022020;    VM_IBM_0021932-VM_IBM_0021950;    VM_IBM_0021688-VM_IBM_0021719;    VM_IBM_0021776-VM_IBM_0021807;    VM_IBM_0021808-VM_IBM_0021830.

VirtaMove also incorporates its response to Common Interrogatory No. 10 and all supplements and amendments thereto.

Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32 (05/29/25):**

Subject to and without waiving the foregoing, VirtaMove supplements its response as follows:

Additional information responsive to this Interrogatory may be derived from the depositions in this case, including of Nigel Stokes. Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

**RESTRICTED – ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 33**

Identify and produce all documents and/or communications discussing and/or acknowledging challenges related to the development, maintenance, and/or sales of the Accused VirtaMove Products.

**RESPONSE TO INTERROGATORY NO. 33:**

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the term and/or phrase "development, maintenance, and/or sales" which is undefined and subject to multiple interpretations.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

VirtaMove incorporates its response to Common Interrogatory Nos. 1, 2, 3, 8, 9, Interrogatory Nos. 3, 4, 21 and all amendments and supplements thereto in full.

Pursuant to Rule 33(d), the following documents may have information responsive to this request: VM_IBM_0021659-VM_IBM_0021683; VM_IBM_0022039; VM_IBM_0022037.

Discovery is ongoing, and VirtaMove reserves the right to amend or supplement its responds as the case proceeds.

**INTERROGATORY NO. 34**

Identify and produce all non-privileged documents and/or communications concerning Your strategies regarding and enforcement of Your Patents, including but not limited to the Asserted Patents,

RESTRICTED – ATTORNEYS' EYES ONLY

including any revenues received from enforcement of Your patents prior to your lawsuit against IBM; and listing all defendants and/or potential defendants targeted or considered for enforcement of Your Patents, with supporting documentation.

## RESPONSE TO INTERROGATORY NO. 34:

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the term and/or phrase "strategies regarding and enforcement" which is undefined and subject to multiple interpretations. VirtaMove further objects to this interrogatory as irrelevant to any claim or defense and unlikely to result in admissible evidence.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

Information responsive to this Interrogatory may be derived from the file history for the Asserted Patents, VirtaMove's complaint and all supplements and amendments thereto, the AppFirst agreement (VM_IBM_0022087- VM_IBM_0022090) and related documents regarding its circumstances (VM_IBM_0022077-VM_IBM_0022167). VirtaMove further identifies its complaint in the following cases and all amendments thereto as containing responsive information:

- *VirtaMove Corp. v. Amazon.com Inc., et al*., Case No. 7:24-cv-00030 (WDTX)
- *VirtaMove Corp. v. Google LLC*, Case No. 7:24-cv-00033 (WDTX)
- *VirtaMove Corp. v. Hewlett Packard Enterprise Company*, Case No. 2:24-cv-00093

RESTRICTED – ATTORNEYS' EYES ONLY

(EDTX)

- *VirtaMove Corp. v. Oracle Corp*., Case No. 7:24-cv-00339 (WDTX)
- *VirtaMove Corp. v. Microsoft Corp*., Case No. 7:24-cv-00338 (WDTX)

VirtaMove identifies Nigel Stokes, Greg O'Connor, and David Roth as persons with knowledge of the AppFirst agreement and the circumstances surrounding its execution.

Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34 (05/29/25):**

Subject to and without waiving the foregoing, VirtaMove supplements its response as follows:

Additional information responsive to this Interrogatory may be derived from the depositions in this case, including of Nigel Stokes and Greg O'Connor. Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

**INTERROGATORY NO. 35**

Describe in detail Your knowledge, awareness, and/or discussions relating to FreeBSD 4.0, including its feature "jails," including but not limited to Your knowledge, awareness, and/or discussions relating to FreeBSD 4.0, including its feature "jails," during the prosecution of the Asserted Patents, including at the USPTO or at any other foreign patent office, and/or during the development of the Accused VirtaMove Products, including all versions and variations thereof, and identify and produce all Documents or things relating to the foregoing.

**RESPONSE TO INTERROGATORY NO. 35:**

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further

objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions or analysis. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the term and/or phrase "FreeBSD 4.0, including its feature 'jails,'" and "during the prosecution of the Asserted Patents." Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

Information responsive to this Interrogatory may be derived from the Asserted Patents and/or the file histories of the Asserted Patents. Paul O'Leary may have knowledge responsive to this interrogatory. Information responsive to this Interrogatory may also be derived from the deposition of Donn Rochette.

Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

### INTERROGATORY NO. 36

Describe in detail Your knowledge, awareness, and/or discussions relating to Solaris 10, including its feature "Solaris Zones," including but not limited to Your knowledge, awareness, and/or discussions relating to Solaris 10, including its feature "Solaris Zones," during the prosecution of the Asserted Patents, including at the USPTO or at any other foreign patent office, and/or during the development of the Accused VirtaMove Products, including all versions and variations thereof, and identify and produce all Documents or things relating to the foregoing.

### RESPONSE TO INTERROGATORY NO. 36:

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

## RESTRICTED – ATTORNEYS' EYES ONLY

VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions or analysis. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the terms and/or phrases "relating to," "Solaris 10, including its feature 'Solaris Zones,'". VirtaMove further objects to this Interrogatory as seeking information or documents that are not in VirtaMove's possession, custody, or control. Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

Information responsive to this Interrogatory may be derived from the Asserted Patents and/or the file histories of the Asserted Patents. Paul O'Leary is a person who may have knowledge responsive to this interrogatory. Information responsive to this Interrogatory may also be derived from the deposition of Donn Rochette.

Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36 (05/29/25):

Subject to and without waiving the foregoing objections, VirtaMove supplements its response as follows:

Additional information responsive to this Interrogatory may be derived from the depositions in this case, including of Paul O'Leary. Discovery is ongoing and VirtaMove reserves

RESTRICTED – ATTORNEYS' EYES ONLY

the right to amend or supplement its response as the case proceeds.

## INTERROGATORY NO. 37

Describe in detail Your knowledge, awareness, and/or discussions relating to Zap, including its feature "PrOcess Domain" ("pod") abstraction, including but not limited to Your knowledge, awareness, and/or discussions relating to Zap, including its feature "pod," during the prosecution of the Asserted Patents, including at the USPTO or at any other foreign patent office, and/or during the development of the Accused VirtaMove Products, including all versions and variations thereof such as "Zapp migration," and identify and produce all Documents or things relating to the foregoing.

## RESPONSE TO INTERROGATORY NO. 37:

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions or analysis. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the term and/or phrase "Zap" and "PrOcess Domain" and "zap migration." VirtaMove further objects to this Interrogatory as seeking information or documents that are not in VirtaMove's possession, custody, or control. Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

RESTRICTED – ATTORNEYS' EYES ONLY

Information responsive to this Interrogatory may be derived from the Asserted Patents and/or the file histories of the Asserted Patents. Paul O'Leary may have knowledge responsive to this interrogatory.

Discovery is ongoing and VirtaMove reserves its right to supplement or amend its response as the case proceeds.

## INTERROGATORY NO. 38

Describe in detail Your knowledge, awareness, and/or discussions relating to any prior art products identified in the Asserted Patents, including but not limited to Sun Solaris, IBM AIX, HP-UX, Linux, GNU Herd, MAC OS X, and Softricity, including but not limited to Your knowledge, awareness, and/or discussions relating to any such products during the prosecution of the Asserted Patents, including at the USPTO or at any other foreign patent office, and/or during the development of the Accused VirtaMove Products, including all versions and variations, and identify and produce all Documents or things relating to the foregoing.

## RESPONSE TO INTERROGATORY NO. 38:

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Docket Control Order. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions or analysis. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the term and/or phrase "identified in the Asserted

Patents," "Sun Solaris", "IBM AIX," "HP-UX," "Linux," "GNU Herd," "MAC OS X," and "Softricity." VirtaMove further objects to this Interrogatory as compound, containing multiple subparts, such as subparts "Sun Solaris", "IBM AIX," "HP-UX," "Linux," "GNU Herd," "MAC OS X," and "Softricity". VirtaMove will respond as if this Interrogatory contained only one subpart and is willing to meet and confer about how these interrogatory subparts count towards IBM's Interrogatory limits should additional responsive information be necessary. VirtaMove further objects to this interrogatory as compound and with sufficient detail that would be required if this interrogatory was not compound. VirtaMove further objects to this Interrogatory as seeking information or documents that are not in VirtaMove's possession, custody, or control. Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

Information responsive to this Interrogatory may be derived from the Asserted Patents and/or the file histories of the Asserted Patents. Information responsive to this Interrogatory may also be derived from the deposition of Donn Rochette.

Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

## INTERROGATORY NO. 39

Identify and describe all interactions, communications, or meetings between VirtaMove (including any of its predecessors, affiliates, subsidiaries, or agents) and Sun Microsystems relating to VirtaMove's (or the inventors of the Asserted Patents) use, evaluation, testing, or consideration of Solaris Zones or any virtualization functionality within the Solaris operating system before 2005. Your response should include, for each identified interaction, the date(s); the nature and subject matter of the interaction (*e.g.*, email correspondence, technical discussions, product demonstrations, integration efforts, licensing negotiations); the names, titles, and affiliations of all participants; and the location(s) where any meetings or discussions occurred.

## RESPONSE TO INTERROGATORY NO. 39:

Incorporating the General Objections, above, VirtaMove further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

**RESTRICTED – ATTORNEYS' EYES ONLY**

VirtaMove further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendant from public sources or from third parties. VirtaMove further objects to this Interrogatory to the extent that it seeks information that is outside of VirtaMove's possession, custody, and control. VirtaMove further objects to this Interrogatory as calling for legal conclusions and expert opinions. VirtaMove further objects to this Interrogatory as vague, ambiguous, and unduly burdensome as to the term and/or phrase "use, evaluation, or testing" which is undefined and subject to multiple interpretations. VirtaMove further objects to this interrogatory as irrelevant to any claim or defense and unlikely to result in admissible evidence.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

Information responsive to this Interrogatory may be derived from the Asserted Patents and/or the file histories of the Asserted Patents. Paul O'Leary has knowledge about meetings and conversations between Sun Microsystems and VirtaMove before 2005. Pursuant to Rule 33(d), information responsive to this request may be found in the following documents: VM_IBM_0024635-VM_IBM_0024649;    VM_IBM_0025966-VM_IBM_0025967    [2004]; VM_IBM_0026383-VM_IBM_0026398;                VM_IBM_0001692-VM_IBM_0001765; VM_PA_0000107-VM_PA_0000108; VM_PA_0000061-VM_PA_0000062.

Information responsive to this Interrogatory may also be derived from the deposition of Donn Rochette.

Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 39 (05/29/25):**

Subject to and without waiving the foregoing, VirtaMove supplements its response as follows:

**RESTRICTED – ATTORNEYS' EYES ONLY**

Additional information responsive to this Interrogatory may be derived from the depositions in this case, including of Paul O'Leary. Discovery is ongoing and VirtaMove reserves the right to amend or supplement its response as the case proceeds.

Dated:  May 29, 2025

Respectfully submitted,

*/s/ Daniel Kolko*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel Kolko (CA SBN 341680)
dkolko@raklaw.com

**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
ptong@raklaw.com

**RUSS AUGUST & KABAT**
4925 Greenville Ave, Suite 200
Dallas, TX 75206

*Attorneys for Plaintiff VirtaMove, Corp.*

**RESTRICTED – ATTORNEYS' EYES ONLY**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to

electronic service are being served with a copy of this document on May 29, 2025.

*/s/ Daniel Kolko*
Daniel Kolko