# EXHIBIT 12

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendant. | Case No. 2:24-cv-00093-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>Defendant. | Case No. 2:24-CV-00064-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT INTERNATIONAL BUSINESS MACHINES CORP.'S SECOND SET OF REQUESTS FOR ADMISSION NOS. (36-40)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, Virtamove Corp., ("Virtamove" or "Plaintiff"), responds to Defendant International Business Machines Corp.'s (collectively "IBM" or "Defendant") Requests for Admission (Nos. 36-40) (the "Requests") as follows:

VirtaMove's search for information is ongoing. VirtaMove reserves the right to rely on facts, documents, or other evidence that may develop or come to VirtaMove's attention at a later time. VirtaMove's responses are based on information presently known to VirtaMove and are set

1

forth without prejudice to VirtaMove's right to assert additional objections and/or supplementary responses should VirtaMove discover additional documents, information or grounds for objections. VirtaMove reserves the right to supplement or amend its responses to the Requests at any time prior to the trial in this action.

Specific objections to each Request are made on an individual basis in VirtaMove's responses below. In addition to the specific objections, VirtaMove makes certain general objections (the "General Objections") to the Requests. These General Objections are hereby incorporated by reference into the specific response made to each separate Request. For particular emphasis, VirtaMove has, from time to time, expressly included one or more of the General Objections as specific objections in the responses below. VirtaMove's response to each individual Request is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that response. Accordingly, the inclusion in any response below of any specific objection to a specific Request is neither intended as, nor shall in any way be deemed, waiver of any General Objection or of any other specific objection made.

## **PRELIMINARY STATEMENT**

The following responses, while based on diligent investigation by VirtaMove, are necessarily supported only by those facts and writings presently and specifically known and readily available. VirtaMove has not completed their investigation of all facts related to the subject matter of this action or discovery. VirtaMove expressly reserves their right (a) to object on any ground to the Requests; (b) to revise, correct, supplement or clarify any responses and answers at any later date; or (c) to produce at any stage of the proceedings, including at the hearing, evidence of facts or information that VirtaMove may later recall or discover; and nothing herein should be construed as a waiver thereof. By providing responsive information, VirtaMove does not concede

that any such information is admissible. Further, VirtaMove does not waive any objection, whether or not asserted here, to the use or admissibility of such information and documents during these proceedings, including objections as to competence, authenticity, relevance, materiality, and admissibility.

Moreover, no incidental or implied admissions are intended by the answers below. The fact that VirtaMove has answered or objected to all or part of a Request should not be construed as an admission that VirtaMove accepts or admits the existence of any purported facts set forth or assumed by such Request or that Virtamove has waived any part of any objection to the Request.

### GENERAL OBJECTIONS

The following objections apply to and are incorporated into each and every one of the following answers and objections, and failure to repeat an objection in an answer to a specific Request shall not be deemed a waiver of these general objections:

1. VirtaMove objects to these Requests to the extent that they call for the disclosure of information protected by the attorney-client privilege, work-product doctrine, common interest privilege, joint defense privilege, mediation privilege, or any other privilege or immunity. VirtaMove hereby asserts all such applicable privileges and protections, and will not produce privileged or protected information in response to these Requests. Unless explicitly stated, any production of privileged or protected information is inadvertent and should not be construed as a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, or doctrine.

2. VirtaMove objects to the Requests to the extent they seek to impose obligations on VirtaMove beyond the requirements of the Court or the Federal Rules of Civil Procedure.

3. VirtaMove objects to the Requests to the extent that they are overly broad, or unduly burdensome. VirtaMove further objects to the Requests to the extent that they seek information that are not relevant to any party's claims or defenses or proportional to the needs of the case.

4. VirtaMove objects to the Requests as unduly burdensome and oppressive to the extent they purport to require VirtaMove to search facilities or inquire of employees, other than VirtaMove's facilities and employees that would reasonably be expected to have responsive information. VirtaMove's responses are based upon: (1) a reasonable search and investigation of its facilities and files that could reasonably be expected to contain responsive information; and (2) inquiries of VirtaMove's employees or representatives who could reasonably be expected to possess responsive information.

5. VirtaMove objects to the Requests to the extent that they call for information which might be obtained only through unreasonable cost or time-consuming search of business and other records, on the grounds that said Requests are unduly burdensome and oppressive.

6. VirtaMove objects to the Requests to the extent that the burden or expense of responding to them outweighs any likely benefit, considering the needs of this case and the importance of the discovery in resolving the issues to be decided by the Court.

7. VirtaMove objects to the Requests as overly broad and unduly burdensome to the extent they are not limited in temporal scope.

8. VirtaMove objects to the Requests as overly broad and unduly burdensome to the extent the geographic scope covered by the Interrogatories is worldwide.

9. VirtaMove objects to the Requests as overly broad, unduly burdensome, oppressive, improperly duplicative, or cumulative of other discovery, particularly insofar as they contain the terms "all," "every," "any," "each," "including," "include," or similar words.

10. VirtaMove objects to the Requests as seeking discovery more appropriately sought through other less intrusive means of discovery, such as requests for production or deposition testimony.

11. VirtaMove objects to the Requests to the extent that they seek information that is not within the possession, custody, or control of VirtaMove. VirtaMove will use reasonable diligence to locate information within its possession, custody, or control.

12. Any objection or response by VirtaMove does not constitute a representation or admission that such information exists or is known to VirtaMove. Moreover, by stating in these responses that VirtaMove may produce documents in response to a Request, VirtaMove does not represent that any responsive documents actually exist, but rather that VirtaMove has made and will continue to make a reasonable, good faith search and attempt to ascertain whether responsive documents do in fact exist.

13. VirtaMove objects to the Requests to the extent they purport to require information that VirtaMove is prevented from producing pursuant to a court order or an obligation to a third party.

14. VirtaMove objects to these Requests to the extent that they seek information or documents already in the possession of or more readily available to Defendant, in the public domain, or equally available to Defendant as they are to VirtaMove.

15. VirtaMove objects to these Requests to the extent that they are speculative, lack foundation, or improperly assume the existence of hypothetical facts that are incorrect or unknown to VirtaMove.

16. VirtaMove objects to these Requests to the extent that they assume facts not in evidence.

17. VirtaMove objects to the Requests to the extent that they call for a legal conclusion.

18. To the extent these Requests seek discovery of information within the scope of Fed. R. Civ. P. 26(b)(4), VirtaMove objects to these Requests as premature and improper discovery of expert opinion.

19. VirtaMove objects to the Instructions and Definitions as unduly burdensome. VirtaMove will comply with its obligations pursuant to the Federal Rules of Civil Procedure and applicable local rules.

20. Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), VirtaMove states that it will not search sources of electronically stored information that are not reasonably accessible regardless of whether those sources may contain electronically stored information responsive to these Requests. However, VirtaMove reserves the right to supplement its responses as additional information about other potentially responsive information from other sources that are not reasonably accessible becomes known.

21. VirtaMove objects to these Requests to the extent that they seek information cumulative or duplicative of disclosures already provided by VirtaMove.

22. By responding to these Requests, VirtaMove does not waive any objection that may be applicable to: (a) the use, for any purpose, of any information provided; (b) the admissibility,

relevance, or materiality of any such information to any issue in this case; or (c) the competency or authenticity of any such information.

23. VirtaMove objects to Defendant's definitions of "VirtaMove," "Plaintiff," "you," and "your" as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks to incorporate entities that are outside the custody, control, or possession of VirtaMove. For example, the definition may include people and entities outside of VirtaMove's control. In responding to these Interrogatories, VirtaMove interprets these terms to refer to VirtaMove Corp.

24. VirtaMove objects to the definition of "license" to the extent it is overbroad, unduly burdensome, vague, and ambiguous. VirtaMove will use a reasonable, common meaning for this term when interpreting an interrogatory that uses this term.

25. VirtaMove objects to Defendant's Instructions as overbroad, unduly burdensome and calling for a legal conclusion. VirtaMove will provide responses and produce documents, subject to its objections consistent with applicable statues, the Federal Rules of Civil Procedure, the rules of this District and any court orders.

**OBJECTION AND RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 36:**

Admit that on or around October 23, 2015, VirtaMove received an email complaint from IBM regarding the AppZero product licensed to IBM.

**RESPONSE TO REQUEST NO. 36**

Incorporating the General Objections above, Incorporating the General Objections above, VirtaMove objects to this Request to the extent it calls for speculation. VirtaMove also objects to this Request to the extent it requires a legal conclusion or requires VirtaMove to provide a legal opinion without the necessary predicate factual information. VirtaMove further objects to this

7

Request on the grounds that it seeks premature expert opinion and to the extent that it seeks to require VirtaMove to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. VirtaMove further objects to this Request to the extent it is vague and ambiguous or overbroad and unduly burdensome, particularly with respect to the terms "complaint" and "AppZero Product." VirtaMove further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege. VirtaMove also objects to this Request as irrelevant and unrelated to any claim or defense asserted. VirtaMove further objects to this Request as requiring a premature review of ESI.

Subject to and without waving the foregoing General and Specific Objections, VirtaMove denies.

Discovery is ongoing and VirtaMove reserves the right to supplement its response as discovery progresses.

**REQUEST FOR ADMISSION NO. 37:**

Admit that You had knowledge of IBM's use of containerization technology by at least 2018.

**RESPONSE TO REQUEST NO. 37**

Incorporating the General Objections above, Incorporating the General Objections above, VirtaMove objects to this Request to the extent it calls for speculation. VirtaMove also objects to this Request to the extent it requires a legal conclusion or requires VirtaMove to provide a legal opinion without the necessary predicate factual information. VirtaMove further objects to this Request on the grounds that it seeks premature expert opinion and to the extent that it seeks to require VirtaMove to prematurely marshal all of its proof or any proof it intends to rely on at any

hearing, trial, submission to the Court, or deposition in this matter. VirtaMove further objects to this Request to the extent it is vague and ambiguous or overbroad and unduly burdensome, particularly with respect to the terms "knowledge" and "containerization technology." VirtaMove further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege. VirtaMove also objects to this Request as irrelevant and unrelated to any claim or defense asserted.

Subject to and without waving the foregoing General and Specific Objections, to the extent VirtaMove understands this Request, VirtaMove admits.

Discovery is ongoing and VirtaMove reserves the right to supplement its response as discovery progresses.

**REQUEST FOR ADMISSION NO. 38:**

Admit that VM_IBM_0021833 identifies Meiosys as a competitor of Trigence by at least 2004.

**RESPONSE TO REQUEST NO. 38**

Incorporating the General Objections above, Incorporating the General Objections above, VirtaMove objects to this Request to the extent it calls for speculation. VirtaMove also objects to this Request to the extent it requires a legal conclusion or requires VirtaMove to provide a legal opinion without the necessary predicate factual information. VirtaMove further objects to this Request on the grounds that it seeks premature expert opinion and to the extent that it seeks to require VirtaMove to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. VirtaMove further objects to this Request to the extent it is vague and ambiguous or overbroad and unduly burdensome, particularly with respect to the terms "identifies" and "competitor." VirtaMove further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-

client privilege, work product doctrine or any other applicable privilege. VirtaMove also objects to this Request as irrelevant and unrelated to any claim or defense asserted.

Subject to and without waving the foregoing General and Specific Objections, VirtaMove admits that VM_IBM_0021833, -21837 features the Meiosys logo and the PowerPoint also contains the 2004 date but denies the remainder of this request.

Discovery is ongoing and VirtaMove reserves the right to supplement its response as discovery progresses.

**REQUEST FOR ADMISSION NO. 39:**

Admit that You had knowledge that Meiosys had been acquired by IBM at the time You entered licensing agreements with IBM between 2011 and 2018.

**RESPONSE TO REQUEST NO. 39**

Incorporating the General Objections above, Incorporating the General Objections above, VirtaMove objects to this Request to the extent it calls for speculation. VirtaMove also objects to this Request to the extent it requires a legal conclusion or requires VirtaMove to provide a legal opinion without the necessary predicate factual information. VirtaMove further objects to this Request on the grounds that it seeks premature expert opinion and to the extent that it seeks to require VirtaMove to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. VirtaMove further objects to this Request to the extent it is vague and ambiguous or overbroad and unduly burdensome, particularly with respect to the terms "knowledge" and "acquired." VirtaMove further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege. VirtaMove also objects to this Request as irrelevant and unrelated to any claim or defense asserted.

Subject to and without waving the foregoing General and Specific Objections, VirtaMove admits that at some point between 2011-2018, it became aware that Meiosys was acquired by IBM.

Discovery is ongoing and VirtaMove reserves the right to supplement its response as discovery progresses.

**REQUEST FOR ADMISSION NO. 40:**

Admit that, prior to Your Complaint against IBM, You did not identify the Asserted Patents by title or number in any communication or correspondence addressed to IBM.

**RESPONSE TO REQUEST NO. 40**

Incorporating the General Objections above, Incorporating the General Objections above, VirtaMove objects to this Request to the extent it calls for speculation. VirtaMove also objects to this Request to the extent it requires a legal conclusion or requires VirtaMove to provide a legal opinion without the necessary predicate factual information. VirtaMove further objects to this Request on the grounds that it seeks premature expert opinion and to the extent that it seeks to require VirtaMove to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. VirtaMove further objects to this Request to the extent it is vague and ambiguous or overbroad and unduly burdensome, particularly with respect to the terms "identify" and "title or number." VirtaMove further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege. VirtaMove also objects to this Request as irrelevant and unrelated to any claim or defense asserted.

Subject to and without waving the foregoing General and Specific Objections, VirtaMove admits that it did not identify the Asserted Patents by patent number in any written communication prior to the filing of the complaint. However, VirtaMove denies this Request to the extent it implies

11

that the Asserted Patents were not identified in any other manner prior to the filing of the Complaint. VirtaMove refers IBM to, for instance, its Response to Interrogatory No. 3, including any supplements or amendments thereto.

Discovery is ongoing and VirtaMove reserves the right to supplement its response as discovery progresses.

Dated:  May 29, 2025　　　　　　　　　　Respectfully submitted,

/s/ Daniel Kolko

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel Kolko (CA SBN 341680)
dkolko@raklaw.com
Mackenzie Paladino (NY SBN 6039366)
mpaladino@raklaw.com

**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
ptong@raklaw.com

**RUSS AUGUST & KABAT**
4925 Greenville Ave, Suite 200
Dallas, TX 75206

*Attorneys for Plaintiff VirtaMove, Corp.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on May 29, 2025.

/s/ Daniel Kolko
Daniel Kolko