IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>Plaintiff,<br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendant. | Case No. 2:24-cv-00093-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br><br>Plaintiff,<br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>Defendant. | Case No. 2:24-CV-00064-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF VIRTAMOVE'S MOTION TO STRIKE OPINIONS OF JAMES E. MALACKOWSKI**

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.    ARGUMENT..........................................................................................................1

    A.    Mr. Malackowski's Legal Opinions Regarding IBM's License and Implied License Defense Should Be Excluded. ...............................................................1

        1.    Mr. Malackowsi's Opinion that Damages for IBM's Infringement Are $1 Because IBM is Purportedly Licensed Is an Improper Legal Conclusion that Ignores the Assumption of Infringement for Damages................................2

        2.    Mr. Malackowsi's Opinion that VirtaMove Granted IBM an "Implied License" to the Patents-in-Suit is an Improper Legal Conclusion for the Court in an Equitable Phase. .......................................................................................4

    B.    Mr. Malackowski's Affirmative Opinion on IBM's Damages for VirtaMove's Alleged Infringement of Counterclaim Patents Fails Because Mr. Malackowski Fails to Apportion His Royalty Base ...............................................................4

    C.    Mr. Malackowski's Parroting of Hearsay Assertions and Opinions of IBM Employee Chris Rosen, Who IBM Refused to Produce for Deposition, Should Be Stricken. ...............................................................................................................8

        1.    IBM Failed to Identify that Mr. Rosen Had Knowledge of NIAs and Refused to Produce Him for Deposition During Discovery .......................................8

        2.    Mr. Malackowski Improperly Simply Parrots Hearsay Opinions of Mr. Rosen......................................................................................................9

    D.    Mr. Malackowski's Opinion that Certain IBM Products Practice IBM's Asserted '858 Patent is Technically Baseless and Should Be Excluded. ........................10

III.    CONCLUSION..................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Bio-Rad Laboratories, Inc. v. 10X Genomics, Inc.*,
   No. 15-cv-00152, Dkt. 361 (D. Del. Sept. 28, 2018) .................................................................. 7

*C.P. Interests, Inc. v. California Pools, Inc.*,
   238 F.3d 690 (5th Cir. 2001) ...................................................................................................... 1

*Commonwealth Sci. & Indus. Research Org. v. Cisco Sys. Inc.*,
   809 F.3d 1295 (Fed. Cir. 2015) .................................................................................................. 5

*Empire Tech. Dev. LLC v. Samsung Elecs. Co.*,
   No. 2:23-CV-00427-JRG-RSP, 2025 WL 1669060 (E.D. Tex. June 12, 2025) ........................ 10

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
   No. 2:22-CV-00125-JRG, 2023 WL 8437814 (E.D. Tex. Dec. 5, 2023) .................................... 4

*Finjan Inc. v. Blue Coat Sys., Inc.*,
   879 F.3d 1299 (Fed. Cir. 2018) .................................................................................................. 5

*Gree, Inc. v. Supercell Oy*,
   No. 219CV00071JRGRSP, 2020 WL 4059550 (E.D. Tex. July 20, 2020) ................................ 1

*Limelight Networks, Inc. v. XO Commc'ns, LLC*,
   No. 3:15-CV-720-JAG, 2018 WL 678245 (E.D. Va. Feb. 2, 2018) ........................................... 5

*Longitude Licensing Limited v. BOE Tech. Group Co.*,
   Case No. 2:23-cv-00515-JRG-RSP Dkt. 242 (E.D. Tex. July 20, 2025) ............................. 9, 11

*Lucent Techs. Inc. v. Gateway, Inc.*,
   530 F.3d 1301 (Fed. Cir. 2009) .................................................................................................. 5

*Rembrandt Social Media L.P. v. Facebook, Inc.*,
   22 F. Supp. 3d 585 (E.D. Va. 2013) ........................................................................................... 7

*Retractable Techs. Inc. v. Abbott Lab'ys, Inc.*,
   No. 5:05-CV-157, 2010 WL 11531436 (E.D. Tex. June 18, 2010) ............................................ 1

*Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*,
   No. 2:15-cv-512-WCB, 2017 WL 1319553 (E.D. Tex. Apr. 10, 2017) ..................................... 9

*United States v. Brownlee*,
   741 F.3d 479 (7th Cir. 2014) ...................................................................................................... 9

*VirnetX, Inc. v. Cisco Sys., Inc.*,
   767 F.3d 1308 (Fed. Cir. 2014) .................................................................................................. 5

## TABLE OF EXHIBITS

| Exhibit | Description |
| --- | --- |
| Exhibit A | June 23, 2025 Expert Report of James E Malackowski |
| Exhibit B | July 14, 2025 Rebuttal Expert Report of James E. Malackowski |
| Exhibit C | July 17, 2025 Deposition Tr. of James E. Malackowski |
| Exhibit D | May 14, 2025 Deposition Tr. of Andrew Wojnicki |
| Exhibit E | July 17, 2025 Deposition Tr. of Dr. Stephen Wicker |
| Exhibit F | IBM_VM_000116038 |
| Exhibit G | Excerpted E-Mail Exchange Between IBM Counsel and VirtaMove Counsel re: Fed. R. Civ. P. 30(b)(6) Depositions |
| Exhibit H | IBM's First Supplemental Initial and Additional Disclosures |

**I.   INTRODUCTION**

Plaintiff, VirtaMove Corp. ("VirtaMove"), respectfully moves to strike multiple portions of the expert reports of James E. Malackowski, IBM's damages expert, because they contain improper legal conclusions, fail to apply reliable methodologies, and rely on inadmissible hearsay. Mr. Malackowski's reports include contract interpretation and legal opinions regarding IBM's asserted license and implied license defenses, which are improper subjects for expert testimony. He further offers a royalty opinion based on un-apportioned ███████ revenue base that violates well-established apportionment requirements. In addition, Mr. Malackowski parrots hearsay asserted from an IBM employee whom IBM refused to make available for deposition. Finally, he offers technical conclusions about whether IBM practices its own patent without any technical expertise or analysis. These opinions are unreliable, exceed the permissible scope of expert testimony and should be excluded in their entirety.

**II.   ARGUMENT**

    **A.   Mr. Malackowski's Legal Opinions Regarding IBM's License and Implied License Defense Should Be Excluded.**

It is improper for an expert witness to engage in contract interpretation or to opine on the ultimate issues pertaining to legal or equitable defenses. *Gree, Inc. v. Supercell Oy*, No. 219CV00071JRGRSP, 2020 WL 4059550, at *2 (E.D. Tex. July 20, 2020) (expert may not "opine as to the ultimate issue of intent reserved for the factfinder.'"); *Retractable Techs. Inc. v. Abbott Lab'ys, Inc.*, No. 5:05-CV-157, 2010 WL 11531436, at *5 (E.D. Tex. June 18, 2010) (the FRE does not "permit[] expert witnesses to offer conclusions of law.") citing *C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001). But this is exactly what Mr. Malackowski does. Mr. Malackowski, under the guise of a "no damages" reasonable royalty opinion for IBM's infringement of VirtaMove's patents, opines that IBM is licensed to the patents-

1

in-suit. Ex. A (Malackowski Opening Rpt.) at ¶¶ 38-45; Ex. B (Malackowski Rebuttal Rpt.) at ¶¶ 19-21, 46-56, 216-218. Similarly, he concludes that IBM has an implied license to the patents-in-suit via an earlier relationship between IBM and VirtaMove. *Id.*; *see also* Ex. C (Malackowski Depo. Tr.) at 91:5-16 ("I believe that [a 2014 contract term] is giving a direct, fully paid-up license -- provides a direct, fully paid-up license per the terms of the agreement. Separate from that, I believe there is an implied license based upon the course of conduct…"). This is improper and these opinions should be excluded.

1. <u>Mr. Malackowsi's Opinion that Damages for IBM's Infringement Are $1 Because IBM is Purportedly Licensed Is an Improper Legal Conclusion that Ignores the Assumption of Infringement for Damages.</u>

Mr. Malackowski's rebuttal report includes "Affirmative Opinions Based in Part on the 2014 IBM Assistance Agreement." Ex. B at ¶¶ 19-21, 46-51, 216-218. These opinions delve into the contractual terms of a 2014 agreement between VirtaMove's predecessor, AppZero, and IBM that IBM argues provides it a license to the patents-in-suit. As a guise to put IBM's license defense into the reasonable royalty damages realm, where infringement is assumed (and thus the license defense fails), Mr. Malackowski opines that IBM and VirtaMove would agree that IBM is licensed and would agree to a royalty free license. *Id.*[1] This opinion is improper for many reasons.

First, it is contrary to the law of the hypothetical negotiation, where the patents are assumed to be infringed. IBM's license defense is a defense to infringement. If it is successful (and VirtaMove is concurrently moving for summary judgment against it) then there are no damages. To try to dodge this and prejudice VirtaMove in front of the jury, Mr. Malackowski argues:

[REDACTED]

---

[1] Mr. Malackowski also has a parallel rebuttal damages opinion for IBM's infringement of [REDACTED]. Ex. B at ¶ 224. While that opinion has many flaws that will be addressed at trial, it is not addressed in this motion.

2

███████████████████████████████████████
███████████████

Ex. A at ¶ 20.

IBM may argue that Mr. Malackowski's report states "I must assume IBM was not licensed," but that bare preface is an admission that his analysis is faulty. Mr. Malackowski admitted in deposition what is plain from his <u>royalty free</u> opinion- his opinion is that IBM is licensed. Ex. C at 91:5-16 ("I believe that [a 2014 contract term] is giving a direct, fully paid-up license -- provides a direct, fully paid-up license per the terms of the agreement…").

To arrive at this opinion, Mr. Malackowski delves into contract interpretation related to the 2014 IBM Assistance Agreement, which ███████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████ But it is not the dubious nature of Mr. Malackowski's opinions that requires exclusion. Rather, it is the contractual interpretation and veiled license defense conclusion that is improper. Mr. Malackowski, for example, presents multiple contract provisions, including clauses that ███████████████████████████ ███████████████████████████████ Ex. B at ¶¶ 19-21, 46-51, 216-218. None of these clauses outright state that ███████████████████████████████████████ But nevertheless, Mr. Malackowski interprets these clauses and concludes that the parties at the hypothetical negotiation would read them as such, and agree to no damages as a result. This is entirely nonsensical and improper.

3

        2. <u>Mr. Malackowsi's Opinion that VirtaMove Granted IBM an "Implied License" to the Patents-in-Suit is an Improper Legal Conclusion Reserved for the Court in an Equitable Phase</u>.

Mr. Malackowski similarly expresses his legal conclusion that IBM is entitled to an implied license defense in this case. In his opening report, Mr. Malackowski concludes "the evidence of record indicates that the interactions between IBM and VirtaMove provided IBM with an implied license to use the subject matter of the Asserted VirtaMove Patents" Ex. A at ¶¶ 42-45. Mr. Malackowski largely repeats this improper opinion in his rebuttal report. Ex. B at ¶¶ 52-56 (same). This opinion and conclusion about the outcome of an equitable defense is not relevant to the jury trial or the hypothetical negotiation for damages and is also an improper opinion on an ultimate conclusion for the Court. *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-CV-00125-JRG, 2023 WL 8437814, at *3 (E.D. Tex. Dec. 5, 2023) (expert "may not opine as to any ultimate conclusion on [] license defense"). It should be excluded in its entirety.

Moreover, Mr. Malackowski engages no economic expertise and simply recites some facts and then voices his opinion that the equitable doctrine of implied license applies. Ex. A at ¶¶ 42-45; Ex. B at ¶¶ 52-56. For this additional reason, this opinion should be excluded.

    **B.**    **Mr. Malackowski's Affirmative Opinion on IBM's Damages for VirtaMove's Alleged Infringement of Counterclaim Patents Fails Because Mr. Malackowski Fails to Apportion His Royalty Base**

IBM asserts patent infringement counterclaims in this case and Mr. Malackowki has a counterclaim reasonable royalty opinion that damages should be ▓▓▓▓▓ considering, *inter alia*, a royalty base consisting of allegedly infringing VirtaMove product sales. Ex. A at ¶¶ 124-125, 134, 148, 195. Mr. Malackowski also offers a supplemental opinion in his rebuttal report that damages would be ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. B at ¶¶ 296-302. These opinions should be excluded because Mr. Malackowski includes all of VirtaMove's software sales when only a (very

4

small) subset is accused of infringement. This violates the requirement of apportionment and the "Entire Market Value Rule." It results in a vast overreach of allegedly infringing revenues and should be excluded.

The Federal Circuit has made clear that "[w]hen the accused technology does not make up the whole of the accused product, apportionment is required." *Finjan Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1309 (Fed. Cir. 2018); *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326 (Fed. Cir. 2014) ("No matter what form of the royalty, a patentee must take care to seek only those damages attributable to the infringing features."). "This principle—apportionment—is the governing rule where multi-component products are involved. Consequently, to be admissible, all expert damages opinions must separate the value of the allegedly infringing features from the value of all other features." *Commonwealth Sci. & Indus. Research Org. v. Cisco Sys. Inc.*, 809 F.3d 1295, 1301 (Fed. Cir. 2015) (internal citations omitted). The apportionment "must be reliable and tangible, and not conjectural or speculative…." *Lucent Techs. Inc. v. Gateway, Inc.*, 530 F.3d 1301, 1337 (Fed. Cir. 2009); *Limelight Networks, Inc. v. XO Commc'ns, LLC*, No. 3:15-CV-720-JAG, 2018 WL 678245, at *4 (E.D. Va. Feb. 2, 2018) (excluding expert testimony that "lacks any foundation and fails to determine the appropriate base of [Defendant's] revenues attributable to the [patent-in-suit]"). Mr. Malackowski's royalty analysis fails to apportion revenue related to the sale of non-infringing products.

VirtaMove sells essentially two software products- "V-Migrate" and "V-Maestro." Ex. A at ¶¶ 50, 112. But V-Migrate, itself, has not been asserted by IBM to infringe. *Id*. at ¶¶ 50-51. IBM's infringement case requires V-Maestro. *Id*. IBM's technical expert, Dr. Wicker, confirmed, V-Migrate is only infringing to the extent that it includes V-Maestro. *See* Ex. E at 12:9-13:3. Dr.

5

Wicker also confirmed that he has no opinion regarding whether V-Migrate, alone, infringes the Asserted IBM Patents. *Id*. Thus, V-Maestro is required for infringement. *Id*.

But Mr. Malackowski's royalty base does not apportion VirtaMove's software sales to account for the requirement that V-Maestro be included accused product. Ex. A at ¶ 134. Mr. Malackowski confirmed that he fails to account for V-Migrate sales to customers that never received the allegedly infringing V-Maestro product. Ex. C at 41:1-7.

Nonetheless, throughout the entirety of Mr. Malackowski's opening report, he improperly relies on the revenue earned by VirtaMove from the sale and license of **all** V-Migrate and V-Maestro products and services, regardless of whether those sales included V-Maestro. *See e.g*., Ex. A at ¶¶ 124-125, 147-152, 189-191, 194-197, 204-206, 209-211, 214-218. He does the same in his rebuttal report that includes a supplemental opinion. Ex. B at ¶¶ 296-302 (fn 515, explicitly multiplying a royalty rate from a recent VirtaMove settlement against the erroneous, not apportioned, ███████ royalty base).

Mr. Malackowski's failure to apportion the V-Migrate revenue to include only the sale and license of V-Migrate products that include the alleged infringing V-Maestro functionality requires that his royalty be excluded. Specifically, the ███████ in revenue relied on by Mr. Malackowski throughout his report, includes the sale of **all** V-Migrate products. This is no small error, because total V-Maestro sales were ████████████████████████████. Ex. A at ¶¶ 125, 204, 210. Thus, Mr. Malackowki's report relies on revenue earned from non-infringing sales in determining the reasonable royalty base and is ███████████ not apportioned.

During Mr. Malackowski's deposition, he agreed that if some of the V-Migrate sales did not include V-Maestro functionalities, the ███████ revenue used in his analysis should be reduced to properly apportion for that fact. Ex. C at 41:8-14. He further testified that his use of

6

▓▓▓▓▓▓▓▓ in revenue for the sale of all V-Migrate and V-Maestro products under the Income Approach would need to be reduced if V-Migrate alone did not infringe. *Id.* at 67:18-68:3. Nonetheless, he admittedly does not provide an opinion on how much the revenue amount should be reduced by to properly apportion for those circumstances. *Id.* at 68:4-7. In sum, Mr. Malackowski admitted that he did not properly apportion V-Migrate revenue to account for the fact that some V-Migrate sales did not include the allegedly infringing V-Maestro functionality.

Mr. Malackowsk has been excluded for a failure to apportion in prior cases. For example, in *Rembrandt Social Media L.P. v. Facebook, Inc.*, 22 F. Supp. 3d 585 (E.D. Va. 2013), the court held: "[b]y failing to use the portion of the revenue stream attributable to the infringing features, the entirety of [Malackowski's] damages analysis is unreliable. *Id.* at 595-96. *See also Bio-Rad Laboratories, Inc. v. 10X Genomics, Inc.*, No. 15-cv-00152, Dkt. 361 at 16-17 (D. Del. Sept. 28, 2018) ("Malackowski's cursory analysis to circumvent the apportionment requirement would effectively gut the doctrine. Therefore, I find Malackowski's reasonabl[e] royalty opinion improper for failure to account for apportionment.").

Because Mr. Malacowski admittedly failed to apportion the revenue earned from the V-Migrate sales to include only those sales that also included V-Maestro, and he admittedly offers no opinion on how much his royalty amount should be reduced by to apportion for such circumstance, all evidence and argument related thereto is overbroad and unreliable. Mr. Malackowski's report admits that it is based on this royalty base figure. Ex. A at ¶ 130 ▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓ ); Ex. B at fn 515 (including the vastly-overbroad royalty base in his royalty

7

calculation). Therefore, Mr. Malackowski's opinions of ▮▮▮▮▮▮▮▮▮▮▮ royalty for VirtaMove's alleged infringement of IBM's counterclaim patents should be excluded.

    **C. Mr. Malackowski's Parroting of Hearsay Assertions and Opinions of IBM Employee Chris Rosen, Who IBM Refused to Produce for Deposition, Should Be Stricken.**

Mr. Malackowski's Rebuttal Report relies on discussions with IBM employee Chris Rosen regarding noninfringing alternatives ("NIAs"). Ex. B at ¶¶ 15, 24, 221, 267, 268, 272. These should be excluded because IBM refused to produce Mr. Rosen for deposition during discovery and, in any event, Mr. Malackowski improperly merely parrots Mr. Rosen's opinions.

    1. <u>IBM Failed to Identify that Mr. Rosen Had Knowledge of NIAs and Refused to Produce Him for Deposition During Discovery</u>

Throughout the entirety of this litigation, IBM has refused to provide Chris Rosen, Director of Product Management – IBM Cloud, for deposition. Mr. Malackowski cannot now parrot hearsay statements from Mr. Rosen related to the availability and cost of non-infringing cloud migration productions and other costs related to the Cloud PaaS business unit in his Rebuttal Report.

IBM refused to provide Mr. Rosen's availability for deposition, and VirtaMove only had the opportunity to depose IBM's designated 30(b)(6) witness on this topic. Ex. G. Importantly, Mr. Rosen was *not* designated as IBM's 30(b)(6) witness on non-infringing alternatives and Mr. Malackowski testified that he *never* spoke to IBM's 30(b)(6) witness designated as the person most knowledgeable about non-infringing alternatives. Ex. C at 143:10-144:2. Nor did IBM identify Mr. Rosen in their Initial and Additional Disclosures. Ex. H. Thus, VirtaMove never had an opportunity to examine Mr. Rosen on his opinions related to the availability and cost of non-infringing alternatives, which were first expressed in Mr. Malackowski's report. Mr. Malackowski's reliance on Mr. Rosen's hearsay statements in his report is improper.

8

### 2. Mr. Malackowski Improperly Simply Parrots Hearsay Opinions of Mr. Rosen.

This Court has previously held that "an expert witness may not simply summarize the out-of-court statements of others as his testimony.... An expert who parrots an out-of-court statement is not giving expert testimony; he is a ventriloquist's dummy." *Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, No. 2:15-cv-512-WCB, 2017 WL 1319553, at *9 (E.D. Tex. Apr. 10, 2017) (Bryson, J.) (quoting *United States v. Brownlee*, 741 F.3d 479, 482 (7th Cir. 2014).

Mr. Malackowski relies on hearsay statements from Mr. Rosen throughout his July 14, 2025 Rebuttal Report, including as his basis for opining that:



Given IBM's 30(b)(6) witness designations, and continuous refusal to produce Mr. Rosen for deposition, Mr. Malackowski's reliance on conversations with Mr. Rosen for his opinions related to non-infringing alternatives is simply the "impermissible parroting of hearsay" and all of Mr. Malackowski's opinions related to non-infringing alternatives should be stricken from his rebuttal report. *See e.g., Longitude Licensing Limited v. BOE Tech. Group Co.*, Case No. 2:23-cv-00515-JRG-RSP at Dkt. 242 at 6-7 (E.D. Tex. July 20, 2025) (striking expert opinion relying on out of court statements with a third party that was not available for cross examination on those opinions, finding that it was nothing more than the "impermissible parroting of hearsay.").

### D. Mr. Malackowski's Opinion that Certain IBM Products Practice IBM's Asserted '858 Patent is Technically Baseless and Should Be Excluded.

Mr. Malackowski is not a technical expert, but he includes a section in his opening report opining that certain IBM products practice its asserted '858 patent. Ex. A at Section 7.1 (¶¶ 102-111). This is baseless. There is no technical opinion in the case that any IBM product practices the claims of the '858 patent. While Dr. Wicker generally states that IBM products may benefit from the patent, he admits in deposition that this is entirely based on the say-so the IBM inventor who did not do a technical analysis. Ex. E at 71:4-74:2. As support, Mr. Malackowski cites depositions of IBM witnesses about a ▓▓▓▓▓▓▓▓▓▓ product, but there is no disclosed technical opinion that those product practice the patent. This is an important issue because IBM is alleging that the '858 patent is embodied in its products and IBM is seeking a permanent injunction. Mr. Malackowski attempts opine that the '858 patent is used in IBM's products and important to IBM's products, but he has no technical basis to do so. This is improper and Mr. Malackowski's opinions that depend on the technically baseless insistence that IBM practices the '858 patent should be excluded. *Empire Tech. Dev. LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00427-JRG-RSP, 2025 WL 1669060, at *2 (E.D. Tex. June 12, 2025) (expert that "fails to do any sort of analysis comparing [] products to the claims of the asserted patents" cannot opine on, *inter alia*, whether or not the product practices the patent)

Worse, IBM's technical expert, Dr. Wicker, **refutes** any insistence that any IBM product practices the '858 patent by admitting neither he nor the IBM employee he spoke to did a limitation-by-limitation analysis, which is required. Ex. E at 72:7-74:2. Moreover, IBM's internal assessment of the '858 patent confirms that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

While Mr. Malackowski may point to the IBM inventor, just like Dr. Wicker does, this Court has recently recognized that opinions about how patents are used or benefited by patents are technical matters and cannot just be parroted from employees. *Longitude Licensing Limited v. BOE Tech. Group Co.*, Case No. 2:23-cv-00515-JRG-RSP at Dkt. 242 at 6-7 (E.D. Tex. July 20, 2025). But that is just what Mr. Malackowski does. He has no analysis of his own on the matter and merely cites to IBM employees. Ex. A at ¶¶ 102-111. For this additional reason, the opinion should be excluded.

### III.   CONCLUSION

For the foregoing reasons, VirtaMove respectfully requests that the Court strike the following paragraphs from Mr. Malackowski's Reports: a) paragraphs 38-45 of his opening report and paragraphs 19-21, 46-56, 216-218 of his rebuttal report because they improperly assert license defense and implied license legal conclusions; b) paragraphs 124-125, 134, 147-152, 189-191, 194-197, 204-206, 209-211, 214-218 of his opening report and paragraphs 296-302 of his rebuttal report because they are royalty opinions based on a ▓▓▓▓▓▓▓▓ not apportioned royalty base; c) paragraphs 15, 24, 221, 267, 268, 272 of his rebuttal report because they repeat hearsay assertions and opinions about NIAs from an IBM witness who was not made available for deposition; and d) paragraphs 102-111 of his opening report because they are technically baseless assertions that IBM products practice its asserted '858 patent.

Dated:  July 28, 2025                              Respectfully submitted,

                                                   */s/ Reza Mirzaie*
                                                   Reza Mirzaie
                                                   CA State Bar No. 246953
                                                   Marc A. Fenster
                                                   CA State Bar No. 181067
                                                   Neil A. Rubin

CA State Bar No. 250761
Jacob R. Buczko
CA State Bar No. 269408
James S. Tsuei
CA State Bar No. 285530
James A. Milkey
CA State Bar No. 281283
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Mackenzie Paladino
NY State Bar No. 6039366
Daniel Kolko
CA State Bar No. 341680
Jefferson Cummings
DC State Bar No.  90027452
Linjun Xu
CA State Bar No. 307667
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: jbuczko@raklaw.com
Email: jtsuei@raklaw.com
Email: jmilkey@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email: dkolko@raklaw.com
Email: mpaladino@raklaw.com
Email: jcummings@raklaw.com
Email: lxu@raklaw.com

Qi (Peter) Tong
TX State Bar No. 24119042
8080 N. Central Expy, Suite 1503
Dallas, TX 75206
Email: ptong@raklaw.com

**ATTORNEYS FOR PLAINTIFF VIRTAMOVE, CORP.**

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with Defendant's counsel regarding the foregoing Motion on July 28, 2025, following email correspondence identifying the proposed relief. Defendant's counsel confirmed that Defendant opposes the requested relief.

*/s/ Reza Mirzaie*
Reza Mirzaie

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Reza Mirzaie*
Reza Mirzaie

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on July 28, 2025, with a copy of this document via electronic mail.

*/s/ Reza Mirzaie*
Reza Mirzaie