IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., <br>     Plaintiff, <br> v. <br> HEWLETT PACKARD ENTERPRISE COMPANY, <br>     Defendant. | § § § § § § § § § § § | Case No. 2:24-cv-00093-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br>     Plaintiff, <br> v. <br> INTERNATIONAL BUSINESS MACHINES CORP., <br>     Defendant. | § § § § § § § § § § § § | Case No. 2:24-CV-00064-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF VIRTAMOVE CORP.'S MOTION TO EXCLUDE EXPERT OPINIONS OF ROBERT STOLL**

## **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  ARGUMENT ................................................................................................................... 1

   A.   Mr. Stoll Should be Precluded from Testifying about "Materiality" of the Alleged Non-Disclosed Information ........................................................................................................ 2

   B.   Mr. Stoll Should be Precluded from Discussing the Applicant's Knowledge .................... 5

   C.   Mr. Stoll's Testimony that Prosecution Counsel and Inventors Breached their Duty of Disclosure to the Patent Office Should be Excluded .................................................. 6

III. CONCLUSION ................................................................................................................ 7

# **TABLE OF AUTHORITIES**

**Cases**

*Am. Med. Sys., Inc. v. Laser Peripherals, LLC,* |
   712 F. Supp. 2d 885 (D. Minn. 2010) ............................................................................... 6

*Charalambopoulos v. Grammer,*
   2017 WL 930819 (N.D. Tex. March 8, 2017) ................................................................... 5

*Daubert v. Merrell Dow Pharms. Inc.,*
   509 U.S. 579, 594 (1993) ................................................................................................... 2

*Deere & Co. v. Kinze Mfg., Inc.,*
   2024 WL 1235569 (S.D. Iowa Feb. 8, 2024) ................................................................. 6, 7

*Fisher v. Halliburton,*
   2009 WL 5216949 (S.D. Tex. Dec. 21, 2009) ................................................................... 5

*In re Air Crash Disaster at New Orleans,*
   795 F.2d 1230 (5th Cir. 1986) ............................................................................................ 6

*Johnson v. Arkema, Inc.,*
   685 F.3d 452 (5th Cir. 2012) .............................................................................................. 2

*Johnson v. Packaging Corp. of Am.,*
   No. CV 18-613-SDD-EWD, 2023 WL 8649814 (M.D. La. Dec. 14, 2023) ..................... 5

*Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999) ................................................... 1

*Salas v. Carpenter,*
   980 F.2d 299 (5th Cir. 1992) .............................................................................................. 5

*Snap–Drape, Inc. v. C.I.R.,*
   98 F.3d 194 (5th Cir. 1996) ................................................................................................ 6

*Sundance, Inv. v. DeMonte Fabricating Ltd.,*
   550 F.3d 1356 (Fed. Cir. 2008) .......................................................................................... 4

*Therasense, Inc. v. Becton, Dickinson & Co.,*
   649 F.3d 1276 (Fed. Cir. 2011) .......................................................................................... 4

*United States v. Hicks,*
   389 F.3d 514 (5th Cir. 2004) .............................................................................................. 1

**Rules**

37 C.F.R. § 1.56 ........................................................................................................... 1, 4, 6

37 C.F.R. § 1.56(a) ............................................................................................................. 1

37 C.F.R. § 1.56(b) ............................................................................................................. 4

Federal Rule of Evidence 704 ............................................................................................ 6

## I.  INTRODUCTION

The Court should exercise its gatekeeper functions to prevent Defendant's expert, Mr. Robert Stoll, from opining on inequitable conduct issues. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Mr. Stoll's opinion is not a product of reliable methodology and is misleading because he attempted to suggest that the non-disclosures met the materiality prong of the inequitable conduct under the wrong legal standard. Instead of applying the required "but-for" materiality, he used the broader "material" standard under 37 C.F.R. § 1.56(a), which the Federal Circuit specifically decided not to adopt. Furthermore, Mr. Stoll's "materiality" analysis inevitably involved technical interpretations of the claim language, the prior art, and the technology of the patent at issue, which he does not have the requisite background. Mr. Stoll is not a technical expert, and he acknowledges that he lacks the necessary technical expertise to provide such analysis.

Mr. Stoll should also be precluded from providing testimony on Applicant's knowledge. Mr. Stoll does not have personal knowledge or special knowledge of what the applicant knew or did not know. Indeed, he appears to be making attorney arguments. It would be highly prejudicial and inappropriate to have him present such evidence.

Lastly, Mr. Stoll should be prevented from offering an opinion that the applicant has breached its duty of candor and good faith before the Patent Office. This opinion is a legal conclusion, which is more properly reserved for the Court.

## II.  ARGUMENT

"The proponent of expert testimony . . . has the burden of showing that the testimony is reliable." *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004). Under Federal Rule of Evidence 702, an expert's testimony may be accepted if "**(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine

1

a fact in issue; **(b)** the testimony is based on sufficient facts or data; **(c)** the testimony is the product of reliable principles and methods; and **(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Although the "inquiry envisioned by Rule 702 is ... a flexible one," the Supreme Court held that it "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993).

"The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.' " *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (internal quotations omitted). "The reliability prong [of *Daubert*] mandates that expert opinion 'be grounded in the methods and procedures of science and ... be more than unsupported speculation or subjective belief.' " *Johnson*, 685 F.3d at 459 (quoting *Curtis*, 174 F.3d at 668).

### A. Mr. Stoll Should be Precluded from Testifying about "Materiality" of the Alleged Non-Disclosed Information

Mr. Stoll should not be permitted to testify about whether Solaris 10 or certain communications with the European Patent Office ("EPO") is "material" or "highly material" (*see, e.g.*, Ex. 1 (Stoll Report) at §§ VIII.B.1-2, VIII.C.1), because (1) he does not have the required technical background to render such an opinion; and (2) his testimony is based on Patent Office's Rule 56, which is not the rule the Court applies for inequitable conduct.

*First*, Mr. Stoll should not be allowed to provide any technical related opinions for the inequitable conduct analysis. Mr. Stoll is not a technical expert. *See, e.g.*, Ex. 2 (Stoll Tr.) at 59:19-22 (Mr. Stoll states that "I am not the technical expert."). He was the former Commissioner for Patents and an attorney. He holds a B.S. in Chemistry and admits that he does "have special

2

technical expertise in the Asserted Patents." Ex. 1 (Stoll Report) at ¶ 19. Despite this admission, Mr. Stoll still discusses technical subject matter in his materiality analyses.

As one example, Mr. Stoll opined that Claim 1 of the '814 Patent[1] does not have a "unique identifier," which is an enabling requirement. Mr. Stoll derived his opinion by resorting to claim interpretations and interpretations of the technical discussions between the applicant and the EPO regarding the prior art and the EPO's application. Ex. 1 (Stoll Report) at ¶¶ 117-140. Mr. Stoll, however, lacks the requisite technical expertise to make this determination. Nor does he have the expertise to analyze the technical discussions between the applicant and the EPO or to determine whether that technical discussion is consistent or inconsistent with the prosecution of the '814 Patent before the U.S. Patent Office.

As another example, Mr. Stoll found that "Solaris 10 is both highly material and non-cumulative to the prior art of record for the '814 Patent." Ex. 1 (Stoll Report) at ¶ 166. In reaching this conclusion, Mr. Stoll opined that Solaris 10 discloses the limitations that the prior art reference cited in the prosecution history did not disclose, interpreted the inventor's deposition testimony on how the technology works, interpreted the statements by the examiner as well as applicant's discussions of the patent and the prior art. Ex. 1 (Stoll Report) at ¶ 162; *see also* id. at ¶¶156-166. All of these exercises necessarily involve technical discussions of the claims and the prior art. Mr. Stoll, however, does not have the technical education and knowledge to reach this conclusion, as he admits in his deposition that he is not a technical expert in this case. Ex. 2 (Stoll Tr.) at 21:20-23 (confirming that he does not provide an independent analysis of the technical issues). Mr. Stoll should not be permitted to offer these analyses resting technical interpretation as it does not help, but rather confuses the fact-finder. *Sundance, Inv. v. DeMonte Fabricating Ltd.,* 550 F.3d 1356,

---

[1] U.S. Pat. No. 7,519,814.

1361–62 (Fed. Cir. 2008) ("[a]dmitting testimony from a person . . . with no skill in the pertinent art serves only to cause mischief and confuse the factfinder.")

Second, in his materiality analysis, he applied the standard of materiality under 37 C.F.R. § 1.56 ("Rule 56"), which is a standard used by the Patent Office, not the Court. Rule 56 deals with the applicant's duty of disclosure before the Patent Office. While Rule 56 requires a reference to be "material" for disclosure purposes (37 C.F.R. § 1.56(b)), inequitable conduct requires a much higher bar of "but-for material". *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011) ("This court holds that, as a general matter, the materiality required to establish inequitable conduct is but-for materiality. When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art."). Instead of applying the correct but-for analysis, Mr. Stoll uses the Rule 56 standard to argue "materiality." *See, e.g.*, Ex. 1 (Stoll Report) at ¶¶ 112-117, 152, 197 (Pointing to Rule 56 in discussions of "materiality"); *see also* Ex. 2 (Stoll Tr.) at 41:7-15 (Mr. Stoll admits, during his deposition, that he adopts Defendant's technical expert's analysis and applies Rule 56 to it). This "materiality" analysis runs directly afoul of the Federal Circuit's precedent which chose not to adopt Rule 56 as the standard for inequitable conduct. *Therasense*, 649 F.3d at 1293 ("This court does not adopt the definition of materiality in PTO Rule 56"). Mr. Stoll's materiality analysis misleadingly attempted to mix the duty of disclosure under Rule 56 with inequitable conduct. It is at best irrelevant as it failed use the correct "but-for" standard.

While Mr. Stoll agrees, in his deposition, that the correct standard for the materiality prong of the inequitable conduct is "but-for" material, he admits that he does not offer an analysis on "but-for" materiality. Ex. 2 (Stoll Tr.) at 41:7-15, 40:4-8; *see also, e.g.*, Ex. 1 (Stoll Report) at ¶¶153-155, 167-169, 198-200 (referring to Defendant's expert Dr. Steven Wicker's opinions on

4

but-for material). Since Mr. Stoll did not offer an opinion on "but-for" materiality, he should not be permitted to testify on this issue. And, he should not be permitted to testify about whether the non-disclosed materials is "material" under Rule 56 since it is not the standard for the materiality prong of the inequitable conduct analysis.

### B.  Mr. Stoll Should be Precluded from Discussing the Applicant's Knowledge

Mr. Stoll should be prevented from discussing the applicant's knowledge because he is not qualified to provide such testimony. In various places, Mr. Stoll opined that Applicant knew the communications with EPO for prosecuting the foreign counterpart of the '814 Patent, and Applicant knew Solaris 10 before the issuance of the '814 Patent. Ex. 1 (Stoll Report) at ¶¶ VIII.B.3, VIII.C.3.

What a person knew or did not know goes into the subjective "state of mind" which is inappropriate for an expert to opine on. *Fisher v. Halliburton*, 2009 WL 5216949, at *2 (S.D. Tex. Dec. 21, 2009) ("a trial court may strike expert testimony that evaluates a party's state of mind, as that evaluation is within the province of the jury."); *Johnson v. Packaging Corp. of Am.*, No. CV 18-613-SDD-EWD, 2023 WL 8649814, at *1 (M.D. La. Dec. 14, 2023) (excluding expert testimony on Defendants' knowledge or state of mind, following "the long line of precedent that excludes state of mind opinion testimony."). Indeed, during the deposition, Mr. Stoll admits that he does not have "any special Houdini" or mind-reading capabilities. Ex. 2 (Stoll Tr.) at 35:11-23. Nor does he have personal or special knowledge about inventors' thoughts or knowledge. Since Mr. Stoll does not have the expertise to testify about what the inventors and prosecution counsel knew, Mr. Stoll should not be permitted to testify on this topic.

Further, "[a]n expert may not offer opinions that simply reiterate what the lawyers can offer in argument." *Charalambopoulos v. Grammer*, 2017 WL 930819 at *12 (N.D. Tex. March 8, 2017), citing *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992), *In re Air Crash Disaster at*

5

*New Orleans*, 795 F.2d 1230, 1233 (5th Cir. 1986). Here, Mr. Stoll essentially goes through documents and inventor's testimony, and reaches the conclusion that the prosecution counsel and inventors knew of alleged art. *See, e.g.*, Ex. 1 (Stoll Report) at ¶¶ VIII.B.3, VIII.C.3. This is no different from an attorney brief. The Court should not allow him to serve as a mouthpiece for attorney arguments.

### C. Mr. Stoll's Testimony that Prosecution Counsel and Inventors Breached their Duty of Disclosure to the Patent Office Should be Excluded

The 5th Circuit has held that Federal Rule of Evidence 704 "does not allow an expert to render conclusions of law." *Snap–Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996). An opinion that someone breached the duty of disclosure to the Patent Office, is a conclusion of law that courts have found inadmissible. *See, e.g.*, *Deere & Co. v. Kinze Mfg., Inc.*, 2024 WL 1235569, at *8 (S.D. Iowa Feb. 8, 2024) ("As to the particular legal conclusions that a party violated the duty of candor or duty of disclosure set forth in 37 C.F.R. § 1.56, some district courts have treated this as an inadmissible legal conclusion.") (collecting cases).

Mr. Stoll opined that the inventors and the prosecution counsel of the '814 Patent breached its duty of disclosure to the Patent Office under Rule 56. For example, in the summary of his opinions, Mr. Stoll opined that the applicant breached this duty by not disclosing EPO's communications and Solaris 10 to the Patent Office in the prosecution of the '814 Patent. *See, e.g.*, Ex. 1 (Stoll Report) at ¶¶ 26-27, 151, 196. Mr. Stoll then went on opining on how they breached this duty throughout his report. Ex. 1 (Stoll Report) at §§ VIII.A-C. His ultimate opinion on this purported breach along with his discussions in support of this opinion is beyond a discussion of Patent Office procedures, and is a legal conclusion which Courts have excluded in similar situations. *See, e.g.*, *Am. Med. Sys., Inc. v. Laser Peripherals, LLC,* 712 F. Supp. 2d 885, 903 (D. Minn. 2010) ("Gerstman opines that Paul Davis, an attorney at Laserscope, breached the

6

duty of disclosure when prosecuting the '699 Patent. Courts routinely exclude such testimony because it simply tells a court what conclusion to reach on the issue of inequitable conduct."); *see also Deere & Co.* 2024 WL 1235569, at *7 ("Tease's opinions concluding Graham or Deere failed to satisfy the § 1.56 duty of disclosure, however, are not admissible.").

Accordingly, the Court should not permit Mr. Stoll to offer an opinion on applicant's breach of duty of disclosure to the Patent Office.

## III. CONCLUSION

For the foregoing reasons, Mr. Stoll should be precluded from opining on (1) whether Solaris 10 and communications with EPO is material, (2) the prosecution counsel and inventors' knowledge of Solaris 10 and communications with EPO, and (3) the prosecution counsel and inventors breached their duty of disclosure to the Patent Office.

Dated: July 28, 2025                       Respectfully submitted,

By: */s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)

7

dkolko@raklaw.com
Mackenzie Paladino (NY SBN 6039366)
mpaladino@raklaw.com
Jefferson Cummings (DC SBN 90027452)
jcummings@raklaw.com
Linjun Xu (*pro hac vice*)
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail on July 28, 2025.

*/s/ Reza Mirzaie*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Reza Mirzaie*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and that this motion is opposed.

*/s/ Reza Mirzaie*