IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | Case No. 2:24-cv-00093-JRG-RSP (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendant. | Case No. 2:24-CV-00064-JRG-RSP (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF VIRTAMOVE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF
NO PRE-SUIT WILLFUL INFRINGEMENT AND
<u>NO PRE-SUIT INDUCED INFRINGEMENT</u>**

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ....................................... 1

III. STATEMENT OF UNDISPUTED FACTS ..................................................................... 1

IV. LEGAL STANDARD ..................................................................................................... 5

    A.   Summary Judgment ............................................................................................. 5

V. ARGUMENT ................................................................................................................... 5

    A.   VirtaMove Is Entitled To Summary Judgment Of No Pre-Suit Willful Infringement ......................................................................................................... 5

    B.   VirtaMove Is Entitled To Summary Judgment Of No Pre-Suit Induced Infringement ......................................................................................................... 8

VI. CONCLUSION ............................................................................................................... 9

i

# **TABLE OF AUTHORITIES**

**Cases**

*Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*,
  No. 2:22-CV-00126-JRG-RSP, 2022 WL 17978913 (E.D. Tex. Oct. 5, 2022) .......................... 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ................................................................................................................ 8

*Intellectual Ventures I LLC v. T Mobile USA, Inc.*,
  No. 2:17-CV-00577-JRG, 2018 WL 5809267 (E.D. Tex. Nov. 6, 2018) ................................. 5

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
  No. 6:20-CV-00317-ADA, 2021 WL 4555608 (W.D. Tex. Oct. 4, 2021) ................................ 8

*Manville Sales Corp. v. Paramount Sys., Inc.*,
  917 F.2d 544 (Fed. Cir. 1990) ................................................................................................. 9

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009) ............................................................................................... 8

*WBIP, LLC v. Kohler Co.*,
  829 F.3d 1317 (Fed. Cir. 2016) ............................................................................................... 5

**Statutes**

35 U.S.C. § 271(b) ........................................................................................................................ 8

35 U.S.C. § 284 ............................................................................................................................. 2

**Rules**

Fed. R. Civ. P. 56(a) ..................................................................................................................... 5

## **TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1 | IBM's Corrected Supplemental Objections and Responses to Plaintiff's Interrogatories (Nos. 1, 2, 5, 6, 8, 9, 10, 11, 12, 13, 19, and 21) and Responses to Plaintiff's Sixth Set of Interrogatories (No. 22), dated June 4, 2025 |
| 2 | Troy Sprague's Deposition Transcript, dated May 20, 2025 |
| 3 | Amitkumar Paradkar's Deposition Transcript, dated May 27, 2025 |
| 4 | Dr. Stephen Wicker's Opening Expert Report, dated June 23, 2025 |
| 5 | Stephen Wicker's Deposition Transcript, dated July 17, 2025 |

## I. INTRODUCTION

Plaintiff VirtaMove, Corp. ("VirtaMove"), hereby moves for partial summary judgment on Defendant International Business Machines Corp.'s ("IBM") claims for pre-suit willfulness and pre-suit induced infringement of U.S. Patent Nos. 8,943,500 (the "'500 Patent"), 9,697,038 (the "'038 Patent"), 9,722,858 (the "'858 Patent"), and 10,606,634 (the "'634 Patent") (together, the "Counterclaim Patents"). These claims fail as a matter of law because they each require actual knowledge of the Counterclaim Patents and of the alleged infringement, and there is no evidence from which the jury could reasonably infer that VirtaMove had the requisite knowledge before IBM filed its counterclaims on June 5, 2024. Indeed, IBM does not even *allege* any specific instance where VirtaMove would have become aware of IBM's patents prior to the filing of IBM's counterclaims. Accordingly, summary judgment is appropriate.

## II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether VirtaMove is entitled to partial summary judgement of no pre-suit willful infringement because VirtaMove had no pre-suit knowledge of the Counterclaim Patents or the alleged infringement.

2. Whether VirtaMove is entitled to partial summary judgment of no pre-suit induced infringement because VirtaMove had no pre-suit knowledge of the Counterclaim Patents or the alleged infringement.

## III. STATEMENT OF UNDISPUTED FACTS

1. From 2012 to the end of 2023, VirtaMove and IBM worked together in a partnership or a cooperative relationship. Ex. 1 (IBM's Corrected Supplemental Interrogatory Responses) at 91, 96, 127.

2. One of the partnerships between IBM and VirtaMove involved helping IBM

customers migrate their applications into IBM's SmartCloud system. Ex. 1 (IBM's Corrected Supplemental Interrogatory Responses) at 91, 96, 127.

3. VirtaMove interacted with IBM customers and IBM field migration team, and IBM was "considered an important partnership of AppZero[,]" VirtaMove's predecessor. Ex. 1 (IBM's Corrected Supplemental Interrogatory Responses) at 91, 96, 127.

4. IBM filed its counterclaims on June 5, 2024. Dkt. 49.

5. IBM's discovery responses do not disclose any facts showing that VirtaMove had pre-suit knowledge of the Counterclaim Patents or of any alleged infringement of those patents. *See* Ex. 1 (IBM's Corrected Supplemental Interrogatory Responses) at 90-92.

6. IBM's Rule 30(b)(6) designee on pre-suit interactions, Mr. Troy Sprague, added no new facts to the record regarding IBM's interactions with AppZero. *See* Ex. 2 (Sprague Tr. (5/20/25) at 187:20-188:6 (Mr. Sprague testifying that he did not know the details of former IBM employees' interactions with AppZero); Ex. 2 (Sprague Tr. (5/20/25) at 195:6-197:14 (Mr. Sprague confirming he does not have anything to add about IBM's interactions with AppZero).

7. Mr. Sprague was also IBM's Rule 30(b)(6) designee on VirtaMove's Topic 98, which sought all the facts that support IBM's contention that any of the Counterclaim Patents entitle IBM to an award of enhanced damages under 35 U.S.C. § 284, including without limitation the factual basis to support any contention of willful infringement by VirtaMove. Mr. Sprague testified that IBM's discovery responses contain all responsive facts:

> Q. Okay. Topic 98, Exhibit 1. . . . What facts support IBM's contention that it's entitled to enhanced damages?
>
> A. Facts contained within – within the rog response.
>
> Q. Okay. Pulling up the response to Interrogatory No. 10. . . . Are you aware of any additional facts besides what's listed in response to Interrogatory No. 10 that support the basis that IBM is entitled to enhanced damages?

2

A. I am not.

. . . .

Q. Okay. And then I'm going to now introduce . . . IBM's April 24, 2025, supplement to Interrogatory No. 21. . . . And then do you have anything to add to that interrogatory response?

A. I do not.

Ex. 2 (Sprague Tr. (5/20/25) at 218:14-220:3.

8.      IBM also designated Dr. Amitkumar Paradkar as a 30(b)(6) designee on Topic 98, as well as Topic 51, which sought the complete factual basis for each of IBM's counterclaims, Topic 69, which sought the complete factual basis for IBM's indirect infringement contentions, and Topic 92, which sought IBM's first awareness of each Counterclaim Accused Product. During his deposition, Dr. Paradkar added no new facts into the record showing that VirtaMove had pre-suit knowledge of the Counterclaim Patents or of any alleged infringement of those patents:

Q . . . . Did IBM ever tell AppZero or VirtaMove that AppZero or VirtaMove was infringing the '858 patent before filing the counterclaims?

A. I don't believe so.

Q. Okay. IBM and VirtaMove had a business partnership before the lawsuit, right? . . . . THE WITNESS: Yes. It was there, I think to my knowledge, around 2013 or so.

Q. Okay. And IBM never thought, before the lawsuit, that VirtaMove or AppZero's technology infringed the '858 patent, right?

. . . .

THE WITNESS: I don't have any non-privileged information.

. . . .

Q. . . . IBM has never offered VirtaMove or AppZero a chance to license the '858 patent, right?

3

. . . .

>THE WITNESS: To my knowledge, I don't have any additional information besides privileged.

Ex. 3 (Paradkar Tr. (5/27/25)) at 93:15-95:10.

9. In his opening report regarding the Counterclaim Patents, IBM's expert Dr. Stephen B. Wicker, does not disclose any facts showing that VirtaMove had pre-suit knowledge of the Counterclaim Patents or of any alleged infringement of those patents. *See* Ex. 4 (Wicker Report) at §§ VIII.F.2.ii; IX.F.2.ii; X.F.2.ii; XI.F.2.ii.

10. Dr. Wicker opined in his report that he only contends that VirtaMove's partnership with IBM "would have enabled it to learn of IBM's patents in the migration and application isolation technology" "***to the extent VirtaMove argues*** that IBM has had actual or constructive knowledge of the VirtaMove Patents through the companies' partnerships." Ex. 4 (Wicker Report) at ¶ 1624.

11. At deposition, Dr. Wicker testified that he does not agree with the suggestion in his report that VirtaMove's collaboration with IBM would have exposed VirtaMove to IBM's patent portfolio as a basis for IBM's contention that VirtaMove had actual or constructive knowledge of the Counterclaim patents prior to the date IBM filed its Counterclaims. *See* Ex. 5 (Wicker Tr. (7/17/25)) at 75:4-79:7.

>Q. Okay. And is it actually your opinion that VirtaMove would have been aware of the asserted IBM patents or is – in your opinion is that just a logical extension of a position that you believe that VirtaMove has taken in this proceeding?
>
>A. I would say it's a logical extension of VirtaMove's own argument.

Ex. 5 (Wicker Tr. (7/17/25)) at 79:1-7.

12. Dr. Wicker also confirmed that the only instance in which IBM told VirtaMove that it had patents that were relevant to the technology that VirtaMove and IBM collaborated on was

4

the date IBM filed its counterclaims. *See* Ex. 5 (Wicker Tr. (7/17/25)) at 74:18-79:7.

> I provide a lot of, let's just say, substantive argument that VirtaMove would have been aware, ***but the only direct communication that I can point to would have been a complaint*** that I can recall.

Ex. 5 (Wicker Tr. (7/17/25)) at 78:20-24 (emphasis added).

13. Dr. Wicker had "not been asked to offer any conclusion as to whether VirtaMove has willfully infringed the Counterclaim Patents." Ex. 4 (Wicker Report) at ¶1622.

## IV. LEGAL STANDARD

### A. Summary Judgment

Summary judgment should be granted if "there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "If the moving party does not have the ultimate burden of persuasion at trial, the party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (cleaned up).

## V. ARGUMENT

### A. VirtaMove Is Entitled To Summary Judgment Of No Pre-Suit Willful Infringement

No reasonable jury could conclude that VirtaMove's alleged infringement was willful because VirtaMove did not have pre-suit knowledge of the Counterclaim Patents, or of any alleged infringement of those patents.

"Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). Here, IBM

5

does not even *allege* (much less provide any *evidence*) that VirtaMove had pre-suit knowledge of the Counterclaim patents. IBM's relevant 30(b)(6) designees and its infringement expert confirmed that IBM did not provide notice of the Counterclaim patents until the filing of the counterclaims, and IBM fails to identify any other manner in which VirtaMove even allegedly knew of the Counterclaim Patents. *See* Ex. 1 (IBM's Corrected Supplemental Interrogatory Responses) at 90-92; Ex. 2 (Sprague Tr. (5/20/25) at 187:20-188:6 (Mr. Sprague testifying that he did not know the details of former IBM employees' interactions with AppZero); Ex. 2 (Sprague Tr. (5/20/25) at 195:6-197:14 (Mr. Sprague confirming he does not have anything to add about IBM's interactions with AppZero); Ex. 2 (Sprague Tr. (5/20/25) at 218:14-220:3 ("Q. Okay. Topic 98, Exhibit 1. . . . What facts support IBM's contention that it's entitled to enhanced damages? A. Facts contained within – within the rog response. Q. Okay. Pulling up the response to Interrogatory No. 10. . . . Are you aware of any additional facts besides what's listed in response to Interrogatory No. 10 that support the basis that IBM is entitled to enhanced damages? A. I am not. . . . Q. Okay. And then I'm going to now introduce . . . IBM's April 24, 2025, supplement to Interrogatory No. 21. . . . And then do you have anything to add to that interrogatory response? A. I do not."); Ex. 3 (Paradkar Tr. (5/27/25)) at 93:15-95:10 (Q . . . . Did IBM ever tell AppZero or VirtaMove that AppZero or VirtaMove was infringing the '858 patent before filing the counterclaims? A. I don't believe so. Q. Okay. IBM and VirtaMove had a business partnership before the lawsuit, right? . . . . THE WITNESS: Yes. It was there, I think to my knowledge, around 2013 or so. Q. Okay. And IBM never thought, before the lawsuit, that VirtaMove or AppZero's technology infringed the '858 patent, right? . . . . THE WITNESS: I don't have any non-privileged information. . . . Q. . . . . IBM has never offered VirtaMove or AppZero a chance to license the '858 patent, right? . . . . THE WITNESS: To my knowledge, I don't have any additional information besides privileged.")

6

In his opening report regarding the Counterclaim Patents, IBM's expert Dr. Stephen B. Wicker, does not disclose any facts showing that VirtaMove had pre-suit knowledge of the Counterclaim Patents. *See* Ex. 4 (Wicker Report) at §§ VIII.F.2.ii; IX.F.2.ii; X.F.2.ii; XI.F.2.ii. Dr. Wicker opined in his report that he only contends that VirtaMove's partnership with IBM "would have enabled it to learn of IBM's patents in the migration and application isolation technology" "***to the extent VirtaMove argues*** that IBM has had actual or constructive knowledge of the VirtaMove Patents through the companies' partnerships." Ex. 4 (Wicker Report) at ¶1624. At deposition, Dr. Wicker testified that he does not agree with the suggestion in his report that VirtaMove's collaboration with IBM would have exposed VirtaMove to IBM's patent portfolio as a basis for IBM's contention that VirtaMove had actual or constructive knowledge of the Counterclaim patents prior to the date IBM filed its Counterclaims. *See* Ex. 5 (Wicker Tr. (7/17/25)) at 75:4-79:7; *id.* at 79:1-7 ("Q. Okay. And is it actually your opinion that VirtaMove would have been aware of the asserted IBM patents or is – in your opinion is that just a logical extension of a position that you believe that VirtaMove has taken in this proceeding? A. I would say it's a logical extension of VirtaMove's own argument."). Dr. Wicker also confirmed that the only instance in which IBM told VirtaMove that it had patents that were relevant to the technology that VirtaMove and IBM collaborated on was the date IBM filed its counterclaims. *See* Ex. 5 (Wicker Tr. (7/17/25)) at 74:18-79:7; *id.* at 78:20-24 ("I provide a lot of, let's just say, substantive argument that VirtaMove would have been aware, ***but the only direct communication that I can point to would have been a complaint*** that I can recall." (emphasis added).

Where, as here, the party asserting willful infringement fails to adduce evidence of knowledge, summary judgment is appropriate. *See, e.g.*, *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 2:22-CV-00126-JRG-RSP, 2022 WL 17978913, at *2 (E.D. Tex. Oct. 5, 2022) (granting

7

summary judgment of no pre-suit willful infringement where plaintiff "suppl[ied] no evidence" of knowledge prior to the filing of the complaint).

VirtaMove therefore respectfully requests that this Court grant summary judgment of no willful infringement of the Counterclaim Patents prior to June 5, 2024.

### B. VirtaMove Is Entitled To Summary Judgment Of No Pre-Suit Induced Infringement

IBM's claim for pre-suit induced infringement fails for similar reasons that its pre-suit willfulness claims fail—there is no evidence of pre-suit knowledge, and no evidence of the requisite specific intent. Liability for "induced infringement under 35 U.S.C. § 271(b) requires knowledge that the induced acts constitute patent infringement," which includes actual "knowledge of the existence of the patent that is infringed." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011). Inducement requires a showing that the alleged inducer "possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). Even "deliberate indifference to a known risk that a patent exists is not the appropriate standard under § 271(b)." *Global-Tech Appliances*, 563 U.S. at 766; *see Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 4555608, at *1 (W.D. Tex. Oct. 4, 2021) ("To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit. . . .").

As explained above, IBM does not even *allege* (much less provide any evidence regarding) how it believes VirtaMove acquired pre-suit knowledge of the Counterclaim Patents or of the alleged infringement. Because IBM does not even allege facts regarding how VirtaMove supposedly obtained any knowledge of the Counterclaim Patents or of the alleged infringement

8

prior to the date IBM filed its counterclaims, IBM certainly cannot set forth evidence regarding the requisite specific intent to induce others to infringe the Asserted Patents. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553-54 (Fed. Cir. 1990) (finding "no compelling evidence" of specific intent to induce infringement where the trial court found the defendants "were not aware of Manville's patent until suit was filed.").

Accordingly, because IBM cannot demonstrate VirtaMove's knowledge of the Counterclaim Patents prior to the date IBM filed its counterclaims, there is no genuine dispute of material fact as to VirtaMove's alleged pre-suit induced infringement. VirtaMove therefore respectfully requests that this Court grant summary judgment of no induced infringement of the Counterclaim patents prior to June 5, 2024.

## VI.     CONCLUSION

For these reasons, VirtaMove respectfully requests that the Court grant VirtaMove's Motion and enter summary judgement that 1) there is no pre-suit willful infringement, and 2) there is no pre-suit induced infringement.

| | |
|---|---|
| Dated: July 28, 2025 | Respectfully submitted, |
| | */s/ Reza Mirzaie* |

        Reza Mirzaie (CA SBN 246953)
        rmirzaie@raklaw.com
        Marc A. Fenster (CA SBN 181067)
        mfenster@raklaw.com
        Neil A. Rubin (CA SBN 250761)
        nrubin@raklaw.com
        Christian W. Conkle (CA SBN 306374)
        cconkle@raklaw.com
        Jonathan Ma (CA SBN 312773)
        jma@raklaw.com
        Daniel Kolko (CA SBN 341680)
        dkolko@raklaw.com
        Mackenzie Paladino (NY SBN 6039366)
        mpaladino@raklaw.com
        Jefferson Cummings (DC SBN 90027452)
        jcummings@raklaw.com

        **RUSS AUGUST & KABAT**
        12424 Wilshire Boulevard, 12th Floor
        Los Angeles, CA 90025
        Telephone: (310) 826-7474

        Qi (Peter) Tong (TX SBN 24119042)
        ptong@raklaw.com

        **RUSS AUGUST & KABAT**
        8080 N. Central Expy., Suite 1503
        Dallas, TX 75206
        *Attorneys for Plaintiff VirtaMove, Corp.*

### CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, and served defendants with a copy via electronic mail.

                                                */s/ Reza Mirzaie*
                                                Reza Mirzaie

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that the above document should be filed under seal because it contains material designated by the parties as confidential pursuant to the Protective Order entered in this case (Dkt. 60).

                                                */s/ Reza Mirzaie*
                                                Reza Mirzaie