# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## INTERNATIONAL BUSINESS MACHINES CORP.'S OPPOSITION TO VIRTAMOVE'S MOTION FOR PARTIAL SUMMARY JUDGEMENT OF NO PRE-SUIT WILLFUL INFRINGEMENT AND NO PRE-SUIT INDUCED INFRINGEMENT

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................. 1

II.   RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED BY THE
      COURT ................................................................................................................ 1

III.  RESPONSE TO STATEMENT OF UNDISPUTED FACTS ................................ 1

IV.   LEGAL STANDARD .......................................................................................... 5

V.    ARGUMENT ....................................................................................................... 5

      A.    There Are Genuine Disputes of Material Facts Regarding
            VirtaMove's Pre-Suit Willful Infringement............................................ 5

      B.    There Are Genuine Disputes of Material Fact Regarding
            VirtaMove's Pre-Suit Induced Infringement. ......................................... 7

VI.   CONCLUSION ................................................................................................... 8

<u>**TABLE OF AUTHORITIES**</u>

**Cases**                                                    **Page(s)**

*Deville v. Marcantel*,
 567 F.3d 156 (5th Cir. 2009) ....................................................................5

*Dyer v. Houston*,
 964 F.3d 374 (5th Cir. 2020) ....................................................................5

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
 563 U.S. 754 (2011) .................................................................................8

*New Hampshire v. Maine*,
 532 U.S. 742 (2001) .................................................................................6

*Ragas v. Tennessee Gas Pipeline Co.*,
 136 F.3d 455 (5th Cir. 1998) ....................................................................5

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
 220-CV-00319-JRG-RSP (E.D. Tex. April 29, 2022), *report & recommendation adopted*, 2022 WL 1463985 (E.D. Tx. May 6, 2022) ...................................7

*Westfall v. Luna*,
 903 F.3d 534 (5th Cir. 2018) ....................................................................5

**Statutes**

35 U.S.C. § 271(b) ..................................................................................8

**Rules**

Fed. R. Civ. P. 56(a) ...............................................................................5

## I.     INTRODUCTION

VirtaMove, Corp.'s ("VirtaMove") motion for summary judgment of no pre-suit willful infringement and no pre-suit induced infringement of U.S. Patent Nos. 8,943,500, 9,697,038, 9,722,858, and 10,606,634 (the "Counterclaim Patents") should be denied because genuine disputes of material fact exist regarding VirtaMove's pre-suit knowledge of the Counterclaim Patents and its willful and induced infringement. Under VirtaMove's own theory of knowledge—advanced against IBM in this litigation—the parties' business partnership and technical collaboration are sufficient to support a finding of pre-suit knowledge. At a minimum, these facts preclude summary judgment.

## II.     RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1.     Whether VirtaMove's motion for partial summary judgment of no pre-suit willful infringement should be denied because, under VirtaMove's own theory advanced against IBM in this case, VirtaMove would have had the requisite knowledge of the Counterclaim Patents.

2.     Whether VirtaMove's motion for partial summary judgment of no pre-suit induced infringement should be denied because, under VirtaMove's own theory advanced against IBM in this case, VirtaMove would have had the requisite knowledge of the Counterclaim Patents.

## III.     RESPONSE TO STATEMENT OF UNDISPUTED FACTS

IBM does not dispute the accuracy of the facts stated in paragraphs 1–4, 6-8, and 10-13 of VirtaMove's Statement of Undisputed Facts. However, even if those limited facts captured the complete scope of the factual circumstances that are relevant to VirtaMove's motion —which they do not—those facts do not support VirtaMove's request for summary judgment. To articulate the full set of relevant facts, IBM submits the following additional statement of undisputed material facts.

1.      VirtaMove accurately states that from 2012 through the end of 2023, VirtaMove and IBM maintained a partnership or cooperative business relationship. Ex. 1 (IBM's Corrected Supplemental Interrogatory Responses) at 91, 96, 127. As one aspect of this partnership, VirtaMove assisted IBM customers with migrating their applications to IBM's SmartCloud system. *Id*.

2.      As VirtaMove correctly notes, VirtaMove engaged with IBM's customers and IBM's field migration team in the course of the parties' partnership or cooperative business relationship. *Id*.

3.      However, VirtaMove fails to mention that U.S. Pat. Nos. 8,943,500 (the "'500 Patent"), 9,697,038 (the "'038 Patent"), and 10,606,634 (the "'634 Patent") (collectively, the "Havemose Patents"), as well as U.S Pat. No. 9,722,858 (the "'858 Patent") (the "Counterclaim Patents", as defined above), all issued during the period when VirtaMove and IBM were partners. The '858 Patent issued on August 1, 2017. Ex. 2 ('858 Patent). The '500 Patent issued on January 27, 2015. Ex. 3 ('500 Patent). The '038 Patent issued on July 4, 2017. Ex. 4 ('038 Patent). The '634 Patent issued on March 31, 2020. Ex. 5 ('634 Patent).

4.      The Havemose Patents were assigned to IBM on August 22, 2022, while the partnership between VirtaMove and IBM was ongoing. Ex. 6 (OIN to IBM Assignment IBM_VM_000022870).

5.       At no time during its interactions with IBM did VirtaMove specifically identify U.S. Patent No. 7,519,814 ("the '814 Patent")—the patent it now asserts against IBM—let alone suggest that IBM was infringing or would require a license to the '814 Patent. Nor did VirtaMove identify any allegedly infringing products. *See* Ex. 7 (VirtaMove 5/29/25 Response to IBM Request for Admission No. 40); Ex. 8 (Stokes 5/21/25 Tr.) at 467:10–521:21; Ex. 9 (O'Connor

5/15/25 Tr.) at 258:22–259:24, 279:18–284:6, 341:23–343:6; Ex. 10 (Rochette 5/5/25 Tr.) at 17:10–18:23; Ex. 11 (O'Leary 5/14/25 Tr.) at 200:11–201:15; Ex. 12 (Huffman 5/21/2025 Tr.) at 52:2–53:17; Ex. 13 (Falk 5/13/25 Tr.) at 23:21–24:20, 78:3–23; Ex. 14 (Devine 5/29/25 Tr.) at 66:23–72:25.

6.      VirtaMove admits ████████████████████████████████████████████

████████████████████████████████████ Ex. 7 at 11 (VirtaMove 5/29/25 Response to IBM's Request for Admission No. 40).

7.      VirtaMove nevertheless contends that IBM acquired pre-suit knowledge of the '814 Patent via the parties' business interactions and discussions. *See* Ex. 15 (VirtaMove Responses to IBM Interrogatory Nos. 1–3, 5–6); Ex. 16 (VirtaMove Responses to IBM Interrogatory No. 27).

8.      VirtaMove's former CEO, Greg O'Connor, testified ████████████████████

████████████████████████████████ Ex. 9 (O'Connor 5/15/25 Tr.) at 258:22–259:24, 279:18–284:6, 341:23–343:6. VirtaMove's current CEO, Nigel Stokes, likewise testified that he ████████████████████████████████████████████████████████

██████████████ Ex. 8 (Stokes 5/21/25 Tr.) at 468:1–7; *see also generally id.* at 467:10–521:21.

9.      As set forth in IBM's Interrogatory Responses and in IBM's Opening Brief in Support of Its Motion for Summary Judgment of No Willful or Induced Infringement, IBM maintains that VirtaMove has not demonstrated that IBM had any pre-suit knowledge of the '814 Patent, despite the parties' interactions from 2012 to 2023. *See* Dkt. 237 (IBM Opening Brief in Support of Its Motion for Summary Judgment of No Willful or Induced Infringement); Ex. 1 (IBM ROG Response No. 1, also incorporated into Responses No. 2 and 22).

10.     However, as explained in IBM's Interrogatory Responses, if VirtaMove is permitted to argue that the parties' interactions were sufficient to establish IBM's pre-suit

knowledge of the '814 Patent—even though there is no evidence that VirtaMove ever identified the '814 Patent to IBM or that IBM was aware of it—then, by the same logic, those interactions would also be sufficient to establish VirtaMove's pre-suit knowledge of the Counterclaim Patents. *See* Ex. 1 (ROG 21).

11.     IBM's Rule 30(b)(6) witnesses testified consistent with its Interrogatory Responses on the subject of VirtaMove's knowledge of the Counterclaim Patents. *See* Dkt. 228 (VirtaMove Motion at Statement of Undisputed Facts ¶¶ 6–8).

12.     In VirtaMove's statement of undisputed facts, it contends that in Dr. Wicker's opening report regarding the Counterclaim Patents, Dr. Wicker "does not disclose any facts showing that VirtaMove had pre-suit knowledge of the Counterclaim Patents or of any alleged infringement of those patents." *See* Dkt. 228 (VirtaMove Motion at Statement of Undisputed Facts ¶ 9). That is incorrect. In fact, Dr. Wicker offers extensive opinions, spanning ***hundreds of pages***, regarding VirtaMove's infringement of the Counterclaim Patents. *See generally* Ex. 17 (Wicker Op. Rpt.).  Moreover, Dr. Wicker provides opinions demonstrating that, under VirtaMove's own theory offered in this case, VirtaMove would have had pre-suit knowledge of the Counterclaim Patents. *See* Ex. 17 (Wicker Op. Rpt. § XII).

13.     Dr. Wicker's opinions are consistent with IBM's Interrogatory Responses, including IBM's position that, under VirtaMove's own theory, VirtaMove's partnership with IBM would have enabled it to learn of IBM's patents related to migration and application isolation technology. *See* Ex. 17 ¶ 1624 (Wicker Op. Rpt. § XII)

[REDACTED] Ex. 1 at 91 (ROG 21) [REDACTED]

[REDACTED]

14.    Dr. Wicker's deposition testimony likewise aligns with IBM's Interrogatory Responses, confirming that, under VirtaMove's own theory, VirtaMove would have had pre-suit knowledge of the Counterclaim Patents. *See* Ex. 18 (Wicker 7/17/2025 Tr.) at 75:4–14 [REDACTED]

[REDACTED]

15.    Further, Dr. Wicker provides extensive opinions regarding VirtaMove's alleged induced infringement—opinions that VirtaMove fails to address in its motion. *See* Ex. 17 (Wicker Op. Rpt.) at §§ VIII.F.2, IX.F.2, X.F.2, XI.F.2. For instance, Dr. Wicker asserts that VirtaMove induced infringement of the Counterclaim Patents through multiple channels, including: (1) its public website, which instructs users on how to use VirtaMove's products in ways that Dr. Wicker contends infringe the Counterclaim Patents; (2) [REDACTED] and (3) webinars and training sessions, recorded and made publicly available on YouTube, that, according to Dr. Wicker, also explain how to use the products in ways that infringe the Counterclaim Patents. *Id.*

4

16.     IBM filed its counterclaims on June 5, 2024, Dkt. 49, years after VirtaMove would have learned of the Counterclaim Patents under VirtaMove's own theory.

## IV.   LEGAL STANDARD

Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party opposing summary judgment must identify specific evidence in the record and articulate the precise way the evidence supports his or her claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (citing *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018)). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009).

## V.   ARGUMENT

### A.   There Are Genuine Disputes of Material Facts Regarding VirtaMove's Pre-Suit Willful Infringement.

VirtaMove's request for summary judgment on IBM's claim of pre-suit willful infringement should be denied based on VirtaMove's own theory of knowledge and willfulness. Under the theory that VirtaMove itself has advanced against IBM in this case, genuine disputes of material fact exist as to whether VirtaMove had pre-suit knowledge of the Counterclaim Patents in view of the parties' extensive and long-lasting business partnership and timeframe when the patents issued.

Critically, the premise of VirtaMove's present motion is contradicted by VirtaMove's own litigation position taken throughout this case. Specifically, VirtaMove has consistently argued

that—although VirtaMove never identified any of its own asserted patents to IBM, let alone alleged infringement—the parties' technical collaboration and exchanges nevertheless were sufficient to provide IBM with pre-suit knowledge of VirtaMove's asserted patents. *See* SOF ¶¶ 5–8. What is good for the goose must be good for the gander. While IBM disagrees with VirtaMove's theory of pre-suit knowledge, to the extent VirtaMove is permitted to maintain this theory for purposes of its own infringement allegations, VirtaMove's position is—at a minimum—sufficient to establish a genuine dispute of material fact with respect to IBM's pre-suit willfulness claims. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)) ("The law does not permit a party to take inconsistent positions in litigation to suit its convenience. '[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'").

From 2012 through the end of 2023, VirtaMove and IBM maintained a close partnership and cooperative business relationship, which included direct collaboration on projects such as assisting IBM customers with migrating their applications to IBM's SmartCloud system. *See* SOF ¶¶ 1–2. During that time period, VirtaMove engaged directly with IBM's customers and field migration teams. *Id.* As VirtaMove readily acknowledges, this partnership was not superficial—it involved technical exchanges and joint efforts in the very technological fields covered by the Counterclaim Patents. *See* Dkt. 228 (Mot.) at 2 ("IBM was 'considered an important partnership of AppZero[,]' VirtaMove's predecessor"); *see also* Ex. 8 (Stokes 5/21/25 Tr.) at 451:25-453:11 (explaining that VirtaMove helped IBM customers **migrate** their application using **containers**), Ex. 19 (Havemose 5/13/25 Tr.) at 75:10-78:18 (explaining how the "isolated environments"

described in the Havemose Patents relate to containerization). The Counterclaim Patents all issued during the time period of this partnership, *see* SOF ¶ 3, and the Havemose Patents were assigned to IBM on August 22, 2022, while the partnership was ongoing. *Id.* ¶ 4. By VirtaMove's own logic in this case, there is a triable issue of fact as to VirtaMove's pre-suit knowledge because VirtaMove was actively collaborating with IBM when these patents were issued and/or assigned, and the patents' subject matter was directly relevant to the parties' joint activities. *See generally* Ex. 17 (Wicker Op. Rpt.) at §§ VIII-XI (showing that VirtaMove's containerization and migration products infringe the Counterclaim Patents); (Ex. 8 (Stokes 5/21/25 Tr.) at 451:25-453:11 (explaining that VirtaMove helped IBM customers **migrate** their application using **containers**).

Moreover, VirtaMove's argument that IBM has presented no evidence of pre-suit knowledge, *see* Dkt. 228 (Mot.) at 5-9, runs contrary to the factual record.  For example, evidence cited in IBM's interrogatory responses and the testimony of its Rule 30(b)(6) witness consistently demonstrated that the parties collaborated. *See* SOF ¶ 11. Dr. Wicker's report also discusses instances of the parties' interactions. *See id.* ¶¶ 12–13.  Again, under VirtaMove's own theory, IBM's evidence of the parties' partnership, the timing of the Counterclaim Patents' issuances and the assignment, and the subject matter of the patents and the parties' collaboration are sufficient to create material disputes of face as to the requisite knowledge. Accordingly, VirtaMove's motion for summary judgment of no pre-suit willful infringement should be denied. *See, e.g.*, *United Servs. Auto. Ass'n v. PNC Bank N.A.*, 220-CV-00319-JRG-RSP, Dkt. 620 (E.D. Tex. April 29, 2022), *report & recommendation adopted*, 2022 WL 1463985 at *1 (E.D. Tx. May 6, 2022) (denying partial summary judgment of no pre-suit infringement in view of factual disputes).

### B.    There Are Genuine Disputes of Material Fact Regarding VirtaMove's Pre-Suit Induced Infringement.

VirtaMove's motion for summary judgment on IBM's claim of pre-suit induced

infringement should be denied for the same reason as its motion regarding pre-suit willful infringement—because, applying VirtaMove's own theory of knowledge and intent, the record contains ample evidence based on which a reasonable jury could find that VirtaMove had pre-suit knowledge of the Counterclaim Patents. IBM has also adduced evidence that VirtaMove had the requisite intent to induce infringement.

Induced infringement under 35 U.S.C. § 271(b) requires knowledge of the patent and the intent to encourage another's infringement. *See Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ("Accordingly, we now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."). As discussed above, under VirtaMove's own theory, the evidence of the parties' partnership, the timing of the Counterclaim Patents' issuances and assignments, and the subject matter of the patents and the parties' collaboration are sufficient to allow a reasonable jury to find the requisite pre-suit knowledge of the patents. *See* SOF ¶¶ 5–9. Moreover, as discussed extensively in Dr. Wicker's report—a discussion that VirtaMove does not even address in its motion—VirtaMove induced its customers to infringe the Counterclaim Patents by, for example, providing training, instructions, ███ ███ user guides, and videos. *See*, *e.g.*, Ex. 17 (Wicker Rpt.) ¶¶ 506-517. If the Court adopts VirtaMove's theory, then whether this evidence is sufficient to demonstrate the necessary intent is a classic factual question that should not be resolved on summary judgment. Accordingly, VirtaMove's motion should be denied.

## VI.    CONCLUSION

For the reasons set forth above, IBM respectfully asks the Court to deny VirtaMove's Motion for Partial Summary Judgment of No Pre-suit Willful Infringement and No Pre-suit Induced Infringement.

Dated: August 11, 2025

Respectfully submitted,

*/s/Todd M. Friedman*
Todd M. Friedman (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
todd.friedman@kirkland.com

Brandon H. Brown
State Bar No. 266347
Kyle Calhoun (*pro hac vice*)
Nathaniel Ngerebara (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:     (415) 439-1400
Facsimile:      (415) 439-1500
brandon.brown@kirkland.com
kyle.calhoun@kirkland.com
nate.ngerebara@kirkland.com

Yimeng Dou
State Bar No. 285248
Andrew Morrill (*pro hac vice*)
KIRKLAND & ELLIS LLP
695 Town Center Dr.
Costa Mesa, CA 92626
Telephone:     (714) 982-8822
Facsimile:      (714) 982-8844
yimeng.dou@kirkland.com
drew.morrill@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone:     (903) 757-6400
Facsimile:      (903) 757-2323
andrea@millerfairhenry.com

*Attorneys for Defendant*
*International Business Machines Corp.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served on August 11, 2025, with a copy of this

document via electronic mail.

*/s/ Todd M. Friedman*
Todd M. Friedman

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Todd M. Friedman*
Todd M. Friedman