# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>                    Plaintiff,<br>           v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>                    Defendant. | Case No. 2:24-cv-00093-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br><br>                    Plaintiff,<br>           v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>                    Defendant. | Case No. 2:24-CV-00064-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF VIRTAMOVE, CORP.'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS
<u>PURSUANT TO FED. R. CIV. P. 12(B)(1)</u>**

PUBLIC VERSION

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  FACTUAL BACKGround ............................................................................................... 2

   A.   AppZero Corp's Restructure to AppZero Software Corp. .................................... 2

   B.   Plaintiff's Loan Transaction with Comerica Bank ............................................... 5

III. ARGUMENT ..................................................................................................................... 6

   A.   USPTO's Official Assignment Records Demonstrate that VirtaMove Has Constitutional and Statutory Standing .................................................................................................. 6

   B.   VirtaMove Has Constitutional Standing Because the '814 Patent's Title Was Never Transferred to the Creditors of AppZero Corp. ........................................................................ 7

   C.   Plaintiff Has Statutory Standing Because It Owns the '814 Patent ................................. 10

   D.   IBM's Challenge to Statutory Standing is Not Appropriate under Rule 12(b)(1) ............ 14

IV.  CONCLUSION ................................................................................................................ 15

PUBLIC VERSION

# TABLE OF AUTHORITIES

**Cases**

*Abraugh v. Altimus*,
  26 F.4th 298 (5th Cir. 2022) ............................................................................................... 14
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................... 14
*Harold H. Huggins Realty, Inc. v. FNC, Inc.*,
  634 F.3d 787 (5th Cir. 2011) ............................................................................................. 14
*Intell. Tech LLC v. Zebra Techs. Corp.*,
  101 F.4th 807 (Fed. Cir. 2024) ....................................................................................... 7, 14
*Lone Star Silicon Innovations LLC v. Nanya Technology Corporation*,
  925 F.3d 1225 (Fed. Cir. 2019) .......................................................................................... 15
*Lone Star Tech. Innovations, LLC v. ASUSTEK Computer Inc.*,
  No. 6:19-CV-00059-RWS, 2022 WL 1498784 (E.D. Tex. Mar. 18, 2022) ...................... 6, 7
*SiRF Tech., Inc. v. Int'l Trade Comm'n*,
  601 F.3d 1319 (Fed. Cir. 2010) ............................................................................................ 6
*WiAV Sols. LLC v. Motorola, Inc.*,
  631 F.3d 1257 (Fed. Cir. 2010) .......................................................................................... 10

**Statutes**

35 U.S.C. § 261 ............................................................................................................................ 10
35 U.S.C. § 281 ...................................................................................................................... 10, 14

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 14
Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 14

PUBLIC VERSION

I.     **INTRODUCTION**

Plaintiff VirtaMove, Corp. has constitutional and statutory standing to sue for infringement of U.S. Pat. No. 7,519,814[1] (the "'814 Patent") because it is the sole owner of the patent. The USPTO's official assignment records establish an unbroken, documented chain of title from the inventors to Plaintiff. That record is not merely suggestive of ownership—it conclusively establishes it. This record further creates a presumption of ownership that shifts the burden to IBM. IBM failed to rebut the presumption because it has no evidence to contradict the official record.

Lacking any documentary proof, IBM resorts to conjecture. First, IBM's constitutional standing argument is based on its unfounded speculation that a group of creditors acquired title to the '814 Patent during a corporate restructuring. But the documents say otherwise. In 2010, as part of a corporate restructuring under Canadian law, Plaintiff (then called AppZero Software Corp.) acquired all rights to the '814 Patent from AppZero Corp., and any remaining rights in AppZero Corp.'s assets held by the creditors. The '814 Patent was never assigned to the creditors.

Second, IBM's statutory standing argument that a related entity (VirtaMove Inc.) has rights in the '814 Patent is equally baseless. In 2015, Plaintiff entered into a loan agreement with Comerica Bank (the "Bank"), with VirtaMove Inc. acting as a guarantor. There is no evidence that the loan transaction involved transferring IP from Plaintiff to the related entity. The Intellectual Property Security Agreement ("IPSA") is the sole agreement granting the Bank a security interest in the '814 Patent, and that agreement is between Plaintiff and the Bank. The IPSA was duly

---

[1] Plaintiff's complaint also asserted U.S. Pat. No. 7,784,058. This brief will focus only on the '814 Patent given the Court's finding that a term in the '058 Patent is indefinite.

1

recorded with the USPTO, and when the loan was repaid, the Bank recorded a release in favor of Plaintiff. Ignoring these documented facts, IBM relies on a letter from the Bank, written three years after the transaction, which misnamed the parties to the IPSA and misstated the date of USPTO's recordation of the IP Security Agreement. IBM's reliance on typographical errors by a third party only underscores the weakness of its position.

Because Plaintiff is the official recorded owner of the '814 Patent and there is no written assignment showing that the '814 Patent has been assigned to the creditors or Plaintiff's related entity, Plaintiff has constitutional and statutory standing to sue. IBM's motion should be denied.

## II.     FACTUAL BACKGROUND

Plaintiff VirtaMove, Corp. is a Canadian corporation and is the sole owner and assignee of record of the '814 Patent. Ex. A[2] (USPTO Assignment Record). This chain of title is reflected in the USPTO official assignment records. Ex. A. The inventors assigned the '814 Patent to Trigence Corp. Ex. A at 3-4 (Assignment 1). Trigence Corp. changed its name to AppZero Corp. *Id*. at 3 (Assignment 2). AppZero Corp. assigned the '814 Patent to AppZero Software Corp. *Id*. (Assignment 3). And AppZero Software Corp. later changed its name to VirtaMove, Corp. *Id*. at 2 (Assignment 6). The recordation history is undisputed and matches the actual transaction documents executed at each step.

### A.     AppZero Corp's Restructure to AppZero Software Corp.

---

[2] Unless otherwise specified, exhibits labeled alphabetically are referring to exhibits attached to the Declaration of Linjun Xu filed concurrently with this Opposition.

2

PUBLIC VERSION

███████████████████████████████████████

███████████████████████████████████████

████████████████████    ████████████████

███████████████████████████████████████

██████████████████████████    █████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

AppZero Software Corp. ("AppZero Software") was formed on August 12, 2010. Ex. C (Ontario Biz Registration) at 2. ██████████████████████

███████████████████████████████████████

████████████████████████

      █████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

      █████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

▉

▉

▉

▉

▉

▉

▉ ▉

▉

▉

▉

▉

On the same day ▉ an Assignment was executed between AppZero Corp. and AppZero Software, by which AppZero Corp. "assign[ed] to [AppZero Software Corp], its successors and assigns, all the right, title and interest in and to the Patents in Canada, the United States and all other countries throughout the World". Ex. F (Assignment to AppZero Software) at VM_IBM_0023952 (emphasis removed). This Assignment is recorded with the USPTO, and the '814 Patent is included in the Assignment. *Id*.

▉

▉

▉

▉

4



Indeed, the assignment from AppZero Corp. to AppZero Software is recorded with the USPTO. Ex. A. There was no recorded assignment from AppZero Corp. to the Creditors. Even if the Creditors purportedly obtained the title of the '814 Patent, they failed to record such an assignment, rendering AppZero Software Corp. a good-faith purchaser.

**B.   Plaintiff's Loan Transaction with Comerica Bank**

Around August and September of 2015, Plaintiff borrowed money from Comerica Bank. ███████. Plaintiff AppZero Software Corp. was later renamed to VirtaMove, Corp. ("VirtaMove Canada") whereas the sister company AppZero Software Inc. was later renamed to VirtaMove Inc. ("VirtaMove USA"). This loan transaction involved a series of documents, including, among other things, the following documents all dated September 4, 2015:

- ███████
- ███████
- ███████
- Intellectual Property Security Agreement ("IPSA") between Plaintiff VirtaMove Canada and Comerica Bank. Ex. J.

While the loan granted the Bank a security interest in VirtaMove Canada's IP and VirtaMove USA's IP (to the extent that any exists), there was no transfer of IP rights from VirtaMove Canada to VirtaMove USA. Stokes Decl. at ¶ 2. VirtaMove remains the owner of the

5

'814 Patent.

The IPSA was recorded with the USPTO on September 21, 2015, evidencing the Bank's security interest in the '814 Patent. *See* Ex. A (Assignment 5); Ex. J (Assignment from VirtaMove Canada to the Bank). Around July 25, 2025, Comerica Bank sent a letter to VirtaMove Canada to release the security interest. Ex. K (Letter from Comerica Bank) at VM_IBM_0000530. The letter specifically identified the '814 Patent as part of the release. *Id*. A redacted version of the release was recorded with the USPTO on September 21, 2018, and the cover sheet of this recordation showed that Comerica Bank released the security interest in favor of AppZero Software Corp. (i.e., VirtaMove Canada). Ex. L (9/21/18 Assignment) at VM_IBM_0024127.

### III. ARGUMENT

#### A. USPTO's Official Assignment Records Demonstrate that VirtaMove Has Constitutional and Statutory Standing

The assignment records at the USPTO show that Plaintiff VirtaMove Corp is the owner of the '814 Patent. Ex. A. The unbroken chain of title recorded in the USPTO creates a presumption of VirtaMove's ownership, thereby establishing its standing to sue. *Lone Star Tech. Innovations, LLC v. ASUSTEK Computer Inc.*, No. 6:19-CV-00059-RWS, 2022 WL 1498784, at *4 (E.D. Tex. Mar. 18, 2022) ("A patent assignment recorded by the USPTO has the presumption that it is owned by the assignee; the party challenging standing must rebut this presumption."). Since VirtaMove can make a *prima facie* showing of recorded ownership, the burden shifts to IBM to demonstrate that VirtaMove does not have standing. *See, e.g., SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1327 (Fed. Cir. 2010) (once a patent owner establishes it is assignee of the patent, "the burden of establishing that an interest in the patent had not been previously assigned" rests with the challenger). IBM failed to meet this burden.

IBM does not have any evidence that the '814 Patent was transferred to another entity other

6

than those recorded with the USPTO. During discovery, VirtaMove and its witness repeatedly told IBM, including under oath, that there was no agreement to transfer the '814 Patent to the Creditors of AppZero Corp. or to VirtaMove USA. And the transaction documents at issue reveal that the title of the '814 Patent was never passed to these other entities. IBM's arguments essentially amount to a speculation, which is insufficient to rebut VirtaMove's clear chain of title as recorded with the USPTO. *See Lone Star*, 2022 WL 1498784 at *4 (The record demonstrated a complete chain of recorded assignments ending in Lone Star's ownership, which shifted the burden to ASUS to demonstrate lack of standing. ASUS could not meet this burden because it "provided only conjecture …which does not meet its burden to rebut Lone Star's ownership.").

In sum, since the recorded chain of titles creates a presumption of standing by Plaintiff VirtaMove, which IBM could not rebut with its conjecture, IBM's Motion should be denied.

   **B.**   **VirtaMove Has Constitutional Standing Because the '814 Patent's Title Was Never Transferred to the Creditors of AppZero Corp.**

Constitutional standing requires: (1) an injury in fact; (2) traceability; and (3) redressability." *Intell. Tech LLC v. Zebra Techs. Corp.*, 101 F.4th 807, 813 (Fed. Cir. 2024). "[T]he question for the injury-in-fact threshold is whether a party has *an* exclusionary right." *Id*. at 814 (emphasis in original). Being the owner of a patent is an example of such an exclusionary right. *Id.* at 816 ("A patent owner has exclusionary rights as a baseline matter unless it has transferred all exclusionary rights away."). Here, Plaintiff VirtaMove has constitutional standing since it owns the '814 Patent, which was assigned from AppZero Corp. to AppZero Software which later changed its name to VirtaMove, Corp. Ex. A; Ex. F (Assignment to AppZero Software) at VM_IBM_0023952.

The transaction documents, as well as the USPTO assignment record, both demonstrate this unbroken chain of title.

7

PUBLIC VERSION

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███ The Assignment executed on the same day also explicitly assigns the '814 Patent from AppZero Corp. to AppZero Software. Ex. F (Assignment to AppZero Software) at VM_IBM_0023954. It is not disputed that the USPTO assignment record shows this transfer from AppZero Corp. to AppZero Software. Ex. A.

IBM's arguments should be rejected because they rest on a false assumption that the Creditors somehow got the title of the '814 Patent ████████████████████. Mot. at 13-15. ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████ The fact is simple: there was no transfer of IP ownership to the Creditors. Stokes Decl. at ¶¶ 2-3.

Unable to rebut this evidence, IBM pointed to several red herrings, attempting to manufacture a dispute. But none of IBM's purported evidence shows a transfer of the '814 Patent's ownership to the Creditors. ████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████.



IBM's argument that there was no document produced about the transfer from AppZero Corp. to Creditors makes no sense (Mot. at 14-15) because there was no transfer of ownership of the IP from AppZero to Creditors to begin with. IBM agrees that an assignment of patent ownership must be in writing. Mot. at 14. Thus, IBM's speculated transfer from AppZero Corp. to Creditors either occurred through a written assignment or did not occur because there was no written assignment. Here, there was no written assignment, which conclusively proved that there was no assignment of ownership to Creditors. In fact, the written agreement showed that the transfer was from AppZero Corp. to AppZero Software, rather than to the Creditors. Ex. F (Assignment to AppZero Software) at VM_IBM_0023952.

Nor is such a phantom document relevant.

9

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

### C. Plaintiff Has Statutory Standing Because It Owns the '814 Patent

The Patent Act provides that a "patentee" has the right to initiate a "civil action for infringement of [its] patent." 35 U.S.C. § 281. The Federal Circuit explained that "[t]he term 'patentee' encompasses both the owner of the patent and the assignee of all substantial rights in the patent." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264 (Fed. Cir. 2010). Here, VirtaMove holds the title of the '814 Patent, which, by itself, is sufficient to establish statutory standing. *Id.*; Ex. A (USPTO Assignment Record).

Documents recorded with the USPTO demonstrate that Plaintiff (VirtaMove Canada) is the sole owner of the '814 Patent. The IPSA, which lists the '814 Patent as a security, is between Plaintiff and Comerica Bank. Ex. J (Assignment with IPSA) at VM_IBM_0020948, 953. And the Bank later released the security interest back to Plaintiff. Ex. L (Comerica Recorded Release). Plaintiff never transferred any IP rights of the '814 Patent to VirtaMove USA. Since there was no actual transfer or written assignment document from Plaintiff to VirtaMove USA on the '814 Patent, VirtaMove USA does not own any rights in the '814 Patent. *See*, 35 U.S.C. § 261, ¶ 4.

Despite the Plaintiff repeatedly telling IBM, during discovery, that there was no transfer document giving VirtaMove USA the right to the '814 Patent, IBM nevertheless brought this motion based on its speculation that such a document must exist.

IBM's first argument is that there was an IPSA between VirtaMove USA and Comerica listing the '814 Patent. Mot. at 8. Not so. IBM's evidence is a Letter from Comerica Bank to Plaintiff on July 25, 2018. But that Letter does not show that Plaintiff conveyed any rights in the '814 Patent to VirtaMove USA, or that VirtaMove USA somehow owned or owns the '814 Patent

10

PUBLIC VERSION

contrary to the recorded chain of title. Mot. 8, 11-12.

But the only IPSA ever entered in the loan transaction is an IPSA with Plaintiff, VirtaMove Canada. There was no IPSA with VirtaMove USA. Why would the letter mention a purported IPSA with VirtaMove USA but fail to mention the IPSA with VirtaMove Canada? Moreover, Exhibits A-C to the Letter, which list the intellectual property subject to the Bank's security interest, are identical to Exhibits A-C to the actual IPSA—the one between the Bank and Plaintiff. *See, e.g.*, *Compare* Ex. K (Letter from Comerica) at VM_IBM_0000534-536, *with* Ex J (Recorded Assignment with IPSA) at VM_IBM_0020952-954. And when the Letter was recorded with the USPTO as evidence of release of security interest, the cover sheet of recordation explicitly states that the release is from the Bank to **VirtaMove Canada**. All of these demonstrate that the actual transfer is a security interest of VirtaMove Canada to the Bank, which was later released. The Letter erred in stating that one of the transaction documents is an IPSA granted by VirtaMove USA, since such an IPSA does not exist.

IBM also pointed to the Letter's statement that the "Intellectual Property Security Agreement … registered at the U.S. Patent and Trademark Office ("USPTO") on September 17, 2015, against the intellectual property described in Exhibits "A", "B" and "C" attached hereto." Mot. at 12-13. But the Patent Office has no record of an IPSA recorded on September 17, 2015. *See* Ex. A. Instead, the IPSA with referenced Exhibits A-C was recorded on September 21, 2015.

11

As Plaintiff previously told IBM during discovery, the Bank made a typographical error in stating the date of recordation as "September 17, 2015" as the official date of recordation is September 21, 2015.[3] This error is further evidence that the Letter should be read critically.

IBM's next arguments based on other loan transaction documents should be rejected because none of these agreements transferred or supported a transfer of any rights in the '814 Patent from VirtaMove Canada to VirtaMove USA. At best, these agreements showed that to the extent VirtaMove USA owned any IP (and it had none for the '814 Patent), the Bank was permitted a security interest in VirtaMove USA's IPs.

The Loan Agreement does not evidence a transfer of patent rights from VirtaMove Canada to VirtaMove USA.

---

[3] IBM's suggested that it is unrealistic that a signed document can have typographical errors. But such errors do occur. IBM's Motion itself includes two typographical errors, mistakenly stating (1) that the date of recordation is "September 21, 20**2**5" and (2) that the Letter references a date of "September 17, 20**2**5" (the correct dates are in 2015). Mot. at 12 (emphasis added). These are the same sort of errors that appear in the Bank's Letter.

12



IBM's arguments on Plaintiff's interrogatory responses rest on the false assumption that there was a transfer of rights from VirtaMove Canada to VirtaMove USA, when in fact there was no such transfer. Mot. at. 10-11. IBM's attempt to cast doubt on Plaintiff's witness Nigel Stokes (Mot. at 11-12) is similarly futile because the written records, such as the IPSA and USPTO assignment records, corroborate Mr. Stokes' testimony that it is VirtaMove Canada, rather than VirtaMove USA, that granted the security interest.

Lastly, IBM's accusation that Plaintiff failed to produce the suspected agreement from VirtaMove Canada to VirtaMove USA is disingenuous because there was no such agreement, and Plaintiff repeatedly told IBM this during discovery. If IBM truly believed such a document existed, it would have filed a timely motion to compel, which it did not do.

In sum, the USPTO assignment records show a clear chain of title that establishes Plaintiff

13

PUBLIC VERSION
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

VirtaMove, Corp. (i.e., VirtaMove Canada) as the assignee of the '814 Patent, and Plaintiff did not transfer substantial rights, or any right, in the '814 Patent to VirtaMove USA. Therefore, Plaintiff has statutory standing.

### D. IBM's Challenge to Statutory Standing is Not Appropriate under Rule 12(b)(1)

IBM challenged VirtaMove's statutory standing under the "patentee" requirement in the 35 U.S.C. § 281. Mot. at 7. Setting aside the merits, IBM's motion is not properly brought under Rule 12(b)(1) of the Federal Rule of Civil Procedure. The Federal Circuit has previously held that "[t]he issue of whether the statutory requirements of § 281 are met [] is not jurisdictional and a defect is curable by joinder." *Intell. Tech LLC*, 101 F.4th 807, 814 (Fed. Cir.), *cert. denied*, 145 S. Ct. 568 (2024) (citations omitted). "Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n. 2 (5th Cir. 2011); *see also Abraugh v. Altimus*, 26 F.4th 298, 304 (5th Cir. 2022) ("[P]rudential standing does not present a jurisdictional question, but a merits question: who, according to the governing substantive law, is entitled to enforce the right?") (internal quotations omitted). Thus, IBM's challenge to statutory standing should not be brought under Fed. R. Civ. P. 12(b)(1) and should instead be brought under Rule 12(b)(6).

A Fed. R. Civ. P. 12(b)(6) motion "must be made before pleading if a responsive pleading is allowed." F.R.C.P. 12. IBM failed to bring the statutory standing challenge before the responsive pleading; at this point, the parties have concluded discovery. Because IBM has failed to timely challenge the statutory standing, IBM's Motion on this issue should be denied.

Moreover, a Rule 12(b)(6) motion must assume that factual allegations in the pleading are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual

14

matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal citations omitted). Here, the Complaint pleaded that "VirtaMove owns all rights, title, and interest in U.S. Patent No. 7,519,814 . . ." Dkt. 111 at 5. These allegations are more than sufficient to establish Plaintiff's statutory standing under Rule 12(b)(6).

Although IBM's Motion is baseless, should the Court rule against Plaintiff on the statutory standing and find that VirtaMove USA has substantial rights in the '814 Patent, VirtaMove requests leave to add the necessary party under Rule 19. *See, e.g., Lone Star v. Nanya*, 925 F.3d 1225, 1236 (Fed. Cir. 2019) (finding it "legally erroneous" to not "consider[] whether [licensor] could have been or needed to be joined before dismissing this case").

### IV.   CONCLUSION

For the foregoing reasons, this Court should deny Defendants' motion to dismiss for lack of statutory or constitutional standing.

Dated:  August 14, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie (CA Bar No. 246953)
Marc A. Fenster (CA Bar No. 181067)
Neil A. Rubin (CA Bar No. 250761)
Jacob R. Buczko (CA Bar No. 269408)
James S. Tsuei (CA Bar No. 285530)
James A. Milkey (CA Bar No. 281283)
Christian W. Conkle (CA Bar No. 306374)
Jonathan Ma (CA Bar No. 312773)
Mackenzie Paladino (NY Bar No. 6039366)
Daniel Kolko (CA Bar No. 341680)
Jefferson Cummings (DC Bar No. 90027452)
Linjun Xu (CA Bar No. 307667)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com

15

Email: jbuczko@raklaw.com
Email: jtsuei@raklaw.com
Email: jmilkey@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email: dkolko@raklaw.com
Email: mpaladino@raklaw.com
Email: jcummings@raklaw.com
Email: lxu@raklaw.com

Qi (Peter) Tong
TX State Bar No. 24119042
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Email: ptong@raklaw.com

**ATTORNEYS FOR PLAINTIFF VIRTAMOVE, CORP.**

16

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Plaintiff hereby files its Certificate of Authorization to File its Opposition to Motion to Dismiss Under Seal per Local Rule CV-5(a)(7)(A)-(B). The undersigned counsel for Plaintiff hereby certifies that the Court has already granted authorization to seal the document as set forth in Paragraph 19 of the Protective Order entered in this action at Dkt. 77.

*/s/ Reza Mirzaie*

Reza Mirzaie

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 14, 2024, counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

*/s/ Reza Mirzaie*

Reza Mirzaie