# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**INTERNATIONAL BUSINESS MACHINES CORP.'S
REPLY IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN OPINIONS OF DR.
ERIC KOSKINEN (DKT. 235)**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 1

    A. VirtaMove Does Not Dispute That It Never Disclosed Any DOE Theory, and Koskinen's Belated Theory Should Be Stricken ..................... 1

    B. VirtaMove's Argument Regarding Customers' Use of V-Migrate As Practicing the '814 Patent Is Unsupported. ........................................... 2

    C. Dr. Koskinen's Secondary Considerations Opinions Are Late, Inconsistent with VirtaMove's Contentions, and Should Be Stricken. ................................................................................................................. 3

    D. CONCLUSION ........................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aventis Pharms., Inc. v. Barr Lab'ys, Inc.*,
    335 F. Supp. 2d 558 (D.N.J. 2004) .................................................................................2

*Correct Transmission, LLC v. Nokia of Am. Corp.*,
    No. 2:22-cv-00343-JRG-RSP, 2024 WL 1289821 (E.D. Tex. Mar. 26, 2024) ...................4

*In re Glaug*,
    283 F.3d 1335 (Fed. Cir. 2002) ......................................................................................4

*Headwater Rsch. LLC v. Samsung Elecs. Co.*,
    No. 2:23-CV-00103-JRG-RSP, 2025 WL 1071353 (E.D. Tex. Apr. 9, 2025) ...................5

*Huawei Techs. Co. v. Samsung Elecs. Co.*,
    350 F. Supp. 3d 934 (N.D. Cal. 2018) ............................................................................4

*Mojo Mobility, Inc. v. Samsung Elecs. Co.*,
    No. 2:22-CV-00398-JRG-RSP, 2024 WL 3332874 (E.D. Tex. July 8, 2024) ...................3

*Sycamore IP Holdings LLC v. AT&T Corp.*,
    No. 2:16-CV-588-WCB, 2017 WL 4517953 (E.D. Tex. Oct. 10, 2017) .......................1, 2

*ZUP, LLC v. Nash Mfg., Inc.*,
    896 F.3d 1365 (Fed. Cir. 2018) ......................................................................................5

**Rules**

Local Patent Rule 3-1(d) ........................................................................................................2

Local Patent Rule 3-1(f) ....................................................................................................1, 3

I.  **INTRODUCTION**

VirtaMove's Opposition (Dkt. 263) to IBM's Motion (Dkt. 235) fails to identify any statements in its Infringement Contentions disclosing Dr. Koskinen's new doctrine of equivalents ("DOE") theory. Its attempt to evade its Rule 3-1(f) disclosure obligations is equally meritless— the rule squarely requires disclosure of any product alleged to practice the Asserted Patents. VirtaMove has also failed to identify any prior disclosure establishing nexus between the claims of the '814 Patent and its V-Migrate product sufficient to support Dr. Koskinen's opinions, or any disclosures of the new secondary considerations theories it now seeks to advance.

II. **ARGUMENT**

A. **VirtaMove Does Not Dispute That It Never Disclosed Any DOE Theory, and Koskinen's Belated Theory Should Be Stricken**

Despite VirtaMove's attempt to explain which claim limitation Dr. Koskinen's DOE theory supposedly addresses, it does not dispute that its Infringement Contentions disclose *no* DOE theory at all—neither for the "physical computer processor" limitation, nor for the "disparate computing environments" limitation. Accordingly, VirtaMove's response simply does not address the question before the Court: VirtaMove's failure to disclose its DOE theory as required by the local rules. There is no dispute that VirtaMove unveiled a DOE theory for the first time in Dr. Koskinen's opening report. *See* Dkt. 235-3, ¶ 245. As IBM's Motion showed, these DOE opinions are untethered to VirtaMove's Contentions, which contain only a boilerplate DOE reservation. *See* Dkt. 235 at 7 (citing Ex. 1). That omission alone warrants striking the opinion. *See, Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2017 WL 4517953, at *3 (E.D. Tex. Oct. 10, 2017) ("[T]he Local Patent Rules require new theories of infringement to be presented in infringement contentions, not in emails or interrogatory responses.").

VirtaMove's claim that IBM's expert "does not dispute" Koskinen's view is also false. *See*

1

Dkt. 263-2, ¶¶ 185–190 ("I disagree with Dr. Koskinen's assertion that '[a] VM implementation of a processor (vCPU) used in a virtual worker node' should be considered an '*equivalent*' under the Doctrine of Equivalents with respect to the claim limitation 'each server includes a processor.'").  Although VirtaMove dismisses Dr. Wicker's criticism as a mere "corollary" to IBM's dispute over "disparate computing environments," that is precisely where the issue arises.  VirtaMove never disclosed that a virtual machine's virtual processor is equivalent to the claimed processor, nor that it could qualify as one of the multiple servers required for "disparate computing environments."  *See* Dkt. 236-1.  The problem is not simply the substance of Dr. Koskinen's DOE theory—it is that VirtaMove never disclosed it, in direct violation of P.R. 3-1(d).

VirtaMove's fallback argument—that IBM cannot show prejudice—is equally baseless. *See* Dkt. 263 at 2–3.  The prejudice of an undisclosed infringement theory is self-evident and flies in the face of this Court's Local Rules.  *See, e.g.*, *Sycamore IP Holdings LLC*, 2017 WL 4517953, at *5 ("The prejudice ... is the prejudice that typically flows from allowing an opposing party to disregard pretrial timing requirements—the party's loss of an opportunity to use discovery to explore the opposing party's theories and the loss of time to develop responses").  DOE is a fact-intensive inquiry implicating multiple substantive legal issues—vitiation, estoppel, ensnarement, prior art, and detailed function-way-result analysis—all requiring targeted discovery and claim construction.  *See Aventis Pharms., Inc. v. Barr Lab'ys, Inc.*, 335 F. Supp. 2d 558, 565 (D.N.J. 2004).  Here, fact discovery closed before VirtaMove (and Dr. Koskinen) disclosed any DOE theory, and trial is less than two months away.  Forcing IBM to defend a brand-new DOE theory now would cause substantial, undue prejudice.

   **B.**  **VirtaMove's Argument Regarding Customers' Use of V-Migrate As Practicing the '814 Patent Is Unsupported.**

As this Court has held, "it is [Plaintiff's] burden to identify contentions pursuant to P.R.3-

2

1 and [a Defendant] cannot be faulted for relying on [Plaintiff's] representations that [its products] did not practice the Asserted Claims." *Mojo Mobility, Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-00398-JRG-RSP, 2024 WL 3332874, at *2 (E.D. Tex. July 8, 2024).  VirtaMove failed to meet that burden.  Instead, it now claims it was excused from identifying its products because it's supposedly "the customers [who] practice the claimed method." *See* Dkt. 263 at 3.  According to VirtaMove, this falls "outside the scope of P.R. 3-1(f)." *Id.*

This is clearly an attempt to evade VirtaMove's disclosure obligations.  As an initial matter, VirtaMove identifies nothing different that its customers do other than use its V-Migrate product "as designed." *Id.* at 4.  Nor does VirtaMove offer any explanation for why its own use of its own product is any different than its customers'.[1]  That is because it isn't: VirtaMove's arguments are a post-hoc attempt to circumvent P.R. 3-1(f)'s requirement that it disclose that its own product practices the invention.  VirtaMove's contrary reading invites gamesmanship: avoiding disclosure by attributing the practicing of the claim to customers.

Likewise, VirtaMove's late disclosure of these theories prevented IBM from adequately reviewing and responding to these theories.  Although VirtaMove contends that IBM had access to VirtaMove's source code, that review of source code was focused on other issues in the case—namely, IBM's offensive patent assertions—and was not spent trying to develop a theory that VirtaMove itself never disclosed (that the product allegedly practiced the Asserted Patent).

    **C.**    **Dr. Koskinen's Secondary Considerations Opinions Are Late, Inconsistent with VirtaMove's Contentions, and Should Be Stricken.**

---

[1] VirtaMove's argument that its customers supply the required "servers" is pretextual, as VirtaMove itself uses servers to operate its own software "as designed" in the same way it contends its customers do. *See, e.g.*, Ex. 12 (https://www.youtube.com/watch?v=OPbm4sIhNTU) ("V-Migrate Demo Video" depicting a VirtaMove performing webpage migration using V-Migrate);

3

In addition to never disclosing a product necessary to create the required "nexus" to the patent for secondary considerations, VirtaMove also never disclosed virtually all of the secondary considerations theories it advanced for the first time in Dr. Koskinen's rebuttal report.

As an initial matter, VirtaMove's disclosure of *any* secondary considerations theories for the first time in its rebuttal report was a waiver of those theories. This Court's prior rulings make clear that opinions on burden topics must be served as part of a party's opening expert reports. *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-cv-00343-JRG-RSP, 2024 WL 1289821, at *4 & n.1 (E.D. Tex. Mar. 26, 2024) ("[T]his Court previously instructed that non-infringing alternatives are the burden of defendants ... and thus should [be] raised in an opening report."). And unlike in VirtaMove's citation of *Huawei*, VirtaMove identifies nothing in IBM's invalidity theories that somehow justified these new and very late theories; instead, VirtaMove knew of IBM's obviousness theories well in advance of its burden expert reports and should have provided its secondary considerations theories then. *Huawei Techs. Co. v. Samsung Elecs. Co.*, 350 F. Supp. 3d 934, 1001 (N.D. Cal. 2018). Nor does *In re Glaug*, 283 F.3d 1335 (Fed. Cir. 2002) impact this argument, as that addressed obviousness during patent prosecution, not the timing of expert disclosures in litigation. *Id.* at 1338.

VirtaMove also seeks to justify this failure by contending that IBM already knew of the underlying facts VirtaMove now ties to its undisclosed theories. *See* Dkt. 263 at 5–7. This misses the point: VirtaMove is required to identify its theories and establish a nexus to specific secondary considerations. Yet, the only theories it previously identified are commercial success, long-felt need, and failure by others. *See* Dkt. 235-5. VirtaMove never disclosed "copying," "lack of simultaneous invention," "unexpected results and skepticism," "licensing," or "departure from

IBM's wisdom" as secondary consideration theories, nor did it connect any facts to those theories. IBM was not required piece together undisclosed theories from scattered, unconnected facts.

The same is true with regard to the late-identified testimony in support of VirtaMove's undisclosed theories. While VirtaMove did identify the testimony of several witnesses in support of its *existing* secondary considerations theories, it *never* identified those witnesses' testimony as relevant to its new theories of secondary considerations. *See id*. It is VirtaMove's obligation to collect evidence of secondary considerations and tie them to specific theories during discovery, not IBM's. *See ZUP, LLC v. Nash Mfg., Inc.*, 896 F.3d 1365, 1373 (Fed. Cir. 2018).

Finally, VirtaMove's claim that its new theories "are important" and cause IBM no unfair prejudice is meritless. Dkt. 263 at 5. If they were truly important, VirtaMove should have disclosed them, particularly in response to Common Interrogatory No. 3. Instead, VirtaMove unveiled them for the first time in Dr. Koskinen's rebuttal report, depriving IBM of any opportunity to question witnesses on the alleged nexus, gather or present contrary evidence, or allow its expert to respond. This is precisely the kind of trial-by-ambush disclosure rules are designed to prevent. *See, e.g.*, *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00103-JRG-RSP, 2025 WL 1071353, at *5 (E.D. Tex. Apr. 9, 2025) (striking expert opinion on NIAs based on interrogatory response served on last day of fact discovery due to prejudice).

### D.     CONCLUSION

IBM respectfully asks that the Court strike the challenged portions of Dr. Koskinen's opening and rebuttal reports described in this motion and preclude his testimony on those matters.

Dated: August 18, 2025

Respectfully submitted,

*/s/ Todd M. Friedman*
Todd M. Friedman (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
todd.friedman@kirkland.com

Brandon H. Brown
State Bar No. 266347
Kyle Calhoun (*pro hac vice*)
Nathaniel Ngerebara (*pro hac vice)*
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:   (415) 439-1400
Facsimile:   (415) 439-1500
brandon.brown@kirkland.com
kyle.calhoun@kirkland.com
nate.ngerebara@kirkland.com

Yimeng Dou
State Bar No. 285248
Andrew Morrill (*pro hac vice)*
KIRKLAND & ELLIS LLP
695 Town Center Dr.
Costa Mesa, CA 92626
Telephone:   (714) 982-8822
Facsimile:   (714) 982-8844
yimeng.dou@kirkland.com
drew.morrill@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone:   (903) 757-6400
Facsimile:   (903) 757-2323
andrea@millerfairhenry.com

*Attorneys for Defendant
International Business Machines Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on August 18, 2025, with a copy of this document via electronic mail.

*/s/ Todd M. Friedman*
Todd M. Friedman

7

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Todd M. Friedman*
Todd M. Friedman
