# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORP.'S REPLY TO PLAINTIFF VIRTAMOVE, CORP.'S OPPOSITION TO DEFENDANT INTERNATIONAL BUSINESS MACHINES CORP.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL OR INDUCED INFRINGEMENT**

**TABLE OF CONTENTS**

**Page**

I. Introduction ................................................................................................................ 1

II. Response to VirtaMove's Additional Statement of Undisputed Facts ......................... 1

III. VirtaMove's Previously Undisclosed Evidence Should Be Excluded ........................... 3

IV. The Undisputed Record Contradicts VirtaMove's Pre-Suit Willfulness
Theory. ....................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)..................................................................................................6

*Broadcom Corp v. Qualcomm Inc.*,
   543 F.3d 683 (Fed. Cir. 2008)......................................................................................................6

*Finjan, Inc. v. Cisco Sys. Inc.*,
   No. 17-CV-00072-BLF, 2017 WL 2462423 ................................................................................5

*Gen. Access Sols., Ltd. v. Sprint Spectrum LLC*,
   No. 2:20-CV-00007-RWS, 2021 WL 12343531 (E.D. Tex. Aug. 3, 2021) ..............................4

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011).....................................................................................................................5

*Goodwall Const. Co. v. Beers Const. Co.*,
   991 F.2d 751 (Fed. Cir. 1993).....................................................................................................6

*Imperium IP Holdings (Cayman), Ltd. vs. Samsung Elecs. Co.*, 203 F. Supp. 3d
   755 (E.D. Tex. 2016), *amended in part*, 2017 WL 1716589 (E.D. Tex. Apr.
   27, 2017) .......................................................................................................................................6

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
   No. 2:17-CV-00662-JRGRSP, 2019 WL 1987172 (E.D. Tex. Apr. 12, 2019) .........................5

*Maxell Ltd. v. Apple Inc.*,
   No. 5:19-cv-36-RWS, 2019 WL 7905455 (E.D. Tex. Oct. 23, 2019) ......................................4

*nCube Corp. v. SeaChange Int'l, Inc.*,
   436 F.3d 1317 (Fed. Cir. 2006)...................................................................................................7

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
   965 F.3d 1299 (Fed. Cir. 2020)...................................................................................................6

*R&R adopted*, No. 2:17-CV-00661-JRG-RSP, 2019 WL 1979866 (E.D. Tex. May
   3, 2019) .........................................................................................................................................5

*WCM Indus., Inc. v. IPS Corp.*,
   721 F. App'x 959 (Fed. Cir. 2018) .............................................................................................6

**Rules**

FED. R. CIV. P. 26(a)(1).....................................................................................................................4

FED. R. CIV. P. 37 ............................................................................................................................4

Local Rule CV-5(a)(3) .................................................................................................................9

## I. Introduction

After sitting on its hands for almost 20 months, VirtaMove now seeks to rely on evidence—IBM patents and patent applications citing the *application* that later issued as the '814 Patent—disclosed for the first time in VirtaMove's opposition. Even if the Court considers this untimely evidence, summary judgment remains warranted because VirtaMove still does not point to any evidence demonstrating that IBM had pre-suit knowledge of the '814 Patent itself, let alone that IBM had any reason to investigate whether it was infringing the patent.

## II. Response to VirtaMove's Additional Statement of Undisputed Facts

**Paragraph 1**: Disputed. VirtaMove mischaracterizes a legal conclusion as a fact that could give rise to a genuine dispute. VirtaMove has not (and cannot) establish that IBM knowingly infringed and/or was willfully blind to infringement of the '814 patent prior to this suit.

**Paragraph 2**: Disputed-in-part. IBM disputes that IBM and VirtaMove are competitors. VirtaMove competed in a "niche market." *See, e.g.*, Ex. 37 at 169:19–172:14; Ex. 38 at 233:13–21. VirtaMove's product competed with other migration tools (*e.g.*, Zinstall), not with the accused IBM Cloud Kubernetes Service ("IKS"). *See* Ex. 39 ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇"); Ex. 40 ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇"); Ex. 41 (listing different migration tools that compete with AppZero); Ex. 42; Ex. 43. IBM notes that by 2005, the '814 Patent had not issued, and IKS did not exist. Ex. 44 at Cover; Dkt. 258 at 6.

**Paragraph 3**: Disputed-in-part. IBM disputes the relevance and reliability of IBM_VM_000024831 and IBM_VM_000024844, which are webpages that provide unverified information as to IBM's relevant markets, market shares, and competitors.

1

**Paragraphs 4–6, 23**: Disputed-in-part, to the extent VirtaMove contends its products ever practiced the '814 Patent, especially by 2005. *See* Ex. 45 ("VirtaMove does not identify any of its instrumentalities as practicing the Asserted Claims."); Ex. 46 at 37–38. Moreover, according to VirtaMove, Windows-based application migration is different than IKS. Dkt. 258 at 30.

**Paragraphs 5–11**: Disputed-in-part. IBM disputes that documents referencing VirtaMove's general patent portfolio evidence IBM's knowledge of the '814 Patent. IBM further notes that Ms. Cameron admitted she was not aware of any instance where VirtaMove informed IBM of its alleged infringement and the meetings were "." *See, e.g.*, Ex. 47 at 136:22–137:4, 137:19–22, 183:9–184:5; Dkt. 237-1 ¶¶ 7, 9–10.

**Paragraph 12**: Disputed. IBM disputes that AppZero's technology alone (as opposed to in combination with other tools) was the reason IBM used its tool. *See* Ex. 48 at 52:11–24.

**Paragraph 13**: Undisputed, although IBM notes Mr. Devine also testified that " " and his " " *Id.* at 109:15–23, 118:22–25.

**Paragraphs 16–17**: Disputed-in-part. IBM disputes that there was any competitive relationship between AppZero and the accused IKS offering. IBM also disputes that IKS is a workload migration tool like AppZero's product. In fact, as noted in response to ¶ 2, VirtaMove competed with other migration tools (*e.g.*, Zinstall), **not** IKS.

**Paragraphs 19–21**: Disputed. IBM disputes that knowledge of the '814 Patent's application demonstrates knowledge of the '814 Patent. IBM further disputes that knowledge of the '058 Patent (or any other VirtaMove patent) demonstrates knowledge of the '814 Patent. VirtaMove has not provided any evidence—including its belatedly disclosed evidence—that the IBM patents it identifies were related to IKS and/or to the parties' business relationship.

**Paragraphs 25–28**: Disputed-in-part. VirtaMove never identified the '814 Patent to IBM or suggested that the technologies discussed in any meeting with IBM were covered by the '814 Patent. There is no evidence that IBM knew or should have known to investigate potential infringement, especially given VirtaMove's conduct over the course of the parties' business relationship. IBM further disputes that general knowledge of VirtaMove's patent portfolio shows that IBM had knowledge of any specific VirtaMove patent. IBM disputes that there was a duty to investigate or that IBM was under an obligation to implement policies to investigate patents.

**Paragraph 29**: Disputed. VirtaMove and its predecessors were directly and indirectly involved in supporting and/or encouraging IBM's use of non-VirtaMove technology, including Docker and Kubernetes. *See generally* Dkt. 240 (IBM's MSJ of Non-Infringement).

**Paragraphs 14–15, 18, 22, 24**: Undisputed.

### III. VirtaMove's Previously Undisclosed Evidence Should Be Excluded.

Throughout this case, VirtaMove has asserted that IBM acquired pre-suit knowledge of the '814 Patent through citations the Patent Office made to the '814 Patent's application during the prosecution of three IBM patents. *See* Dkt. 47 at 5–6. Despite supplementing its response to IBM's interrogatory on this topic *five* times, VirtaMove never identified any additional citations. *See* Ex. 49 at 11. Now, in opposing IBM's motion, VirtaMove relies on five previously undisclosed patents and patent applications. *See* Dkt. 264 at 6–8 (¶¶ 19–21). VirtaMove's reliance on this new evidence is a violation of the Court's Discovery Order. *See* Dkt. 61 ("[E]ach party is under a duty to supplement or correct its disclosures ***immediately*** if the party … knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true."); *see also* FED. R. CIV. P. 26(a)(1); FED. R. CIV. P. 37. VirtaMove's late disclosure deprived IBM of the opportunity to investigate it, including by taking discovery of the third-party witnesses VirtaMove

3

identifies. *See* Dkt. 264 at 6–8 (¶¶ 19–21), 13–14. IBM asks the Court to strike this untimely evidence and to preclude VirtaMove from relying on it.[1]

## IV.  The Undisputed Record Contradicts VirtaMove's Pre-Suit Willfulness Theory.

Even if the Court considers VirtaMove's new evidence, IBM remains entitled to summary judgment of no willful infringement because none of VirtaMove's arguments are legally sufficient.

***First*,** VirtaMove's reliance on certain IBM patents and patent applications—including those identified for the first time in its opposition—that cite or discuss the '814 Patent's **application** is insufficient to establish that IBM knew of the later issued ***patent***. *See Gen. Access Sols., Ltd. v. Sprint Spectrum LLC*, No. 2:20-CV-00007-RWS, 2021 WL 12343531, at *6 (E.D. Tex. Aug. 3, 2021) ("[I]t is legally insufficient to support a claim for pre-suit willfulness for [Defendant] to have knowledge only of an unissued patent application.") (citing *Maxell Ltd. v. Apple Inc.*, No. 5:19-cv-36-RWS, 2019 WL 7905455, at *5 (E.D. Tex. Oct. 23, 2019)).

***Second*,** VirtaMove states the invalidated ***'058*** Patent was cited during certain IBM patents' prosecution. *See* Dkt. 264 at 19. But that, too, is insufficient to create a genuine issue of fact as to knowledge of the ***'814*** Patent. *See Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-CV-00662-JRGRSP, 2019 WL 1987172, at *2 (E.D. Tex. Apr. 12, 2019) ("[K]nowledge of other patents in the same portfolios, with some of those being within the same family as the asserted patents, [is] insufficient to defeat a motion for summary judgment for pre-suit willfulness."), *R&R adopted*, No. 2:17-CV-00661-JRG-RSP, 2019 WL 1979866 (E.D. Tex. May 3, 2019).

---

[1]  To the extent VirtaMove attempts to liken this new evidence to the declaration of Walter Falk that IBM submitted in support of its motion for summary judgment of non-infringement, Dkt. 241, the circumstances are markedly different. IBM disclosed Mr. Falk during discovery, identifying him as an individual with knowledge of the parties' relevant business interactions and the facts supporting its affirmative defenses. *See* Dkt. 280 at 1-6.

4

***Third,*** VirtaMove asserts that IBM had general knowledge of VirtaMove's patent portfolio, *see* Dkt. 264 at 7, 9–10, which also is legally insufficient to establish knowledge of the '814 Patent. *See Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017). That the '814 Patent is listed on VirtaMove's marking page is similarly irrelevant, because VirtaMove has not offered evidence that IBM knew of (or blinded itself to) that webpage. *See* Dkt. 264 at 24. Indeed, by VirtaMove's admission, that webpage was not published until July 20, 2023. *See id.* at 9 (¶ 24); Ex. 46.

***Fourth,*** VirtaMove's reliance on the parties' "business relationship" is also insufficient to establish willfulness. Dkt. 264 at 20. VirtaMove does not provide any authority to support the contention that simply interacting with a patentee is sufficient to put a defendant on notice of specific patents, let alone of the risk of infringement. Nor does it establish willful blindness, as VirtaMove has not provided any evidence that IBM (1) "subjectively believe[d] that there is a high probability that a fact exists" and (2) "[took] deliberate actions to avoid learning of that fact." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

VirtaMove purports to rely on "circumstantial evidence" of willfulness, Dkt. 264 at 20, including that "Mr. O'Connor and Mr. Stokes['] calendar entries reference IBM over 300 times," yet it fails to show that any of those meetings related to IBM's development and/or use of the accused product. *See id.* at 2–6 (¶¶ 4–18). Moreover, it is undisputed that VirtaMove never identified the '814 Patent to IBM (including at these meetings). *See* Dkt. 237-1, SoF ¶¶ 7–14; Dkt. 264 at 2–6, 15. It is also undisputed that VirtaMove never alleged IBM was infringing or indicated to IBM that its use of any containers—including Docker, Kubernetes, or the accused Docker- and Kubernetes-based products—would infringe any VirtaMove patent. *See* Dkt. 237-1, SoF ¶¶ 7, 10–11; Dkt. 264 at 14–16; Dkt. 240-1, SoF ¶ 35; Dkt. 258 at 5. Accordingly, VirtaMove cannot

5

establish that IBM "acted despite a risk of infringement that was 'either known or so obvious that it should have been known to the accused infringer.'" Dkt. 264 at 19 (quoting *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017)).

The cases VirtaMove cites to try to support its willful blindness theory are inapposite. In *Arctic Cat*, "the district court found substantial evidence demonstrated that BRP knew about the patents before they issued, conducted only a cursory analysis of the patents, waited years before seeking advice of qualified and competent counsel, and unsuccessfully tried to buy the asserted patents through a third party," 876 F.3d at 1371, and in *Broadcom Corp v. Qualcomm Inc.*, the defendant did not dispute that it was on notice of the plaintiffs' patents and infringement contentions. 543 F.3d 683, 700 (Fed. Cir. 2008). None of those facts exist here.

Further, in *Packet Intelligence LLC v. NetScout Sys., Inc.*, there was evidence the "[Defendant] lied and stole the claimed inventions," 965 F.3d 1299, 1315–16 (Fed. Cir. 2020), and in *Goodwall Const. Co. v. Beers Const. Co.*, there was evidence of copying and an attempt to conceal information from a patent attorney. *See* 991 F.2d 751, 754, 758 (Fed. Cir. 1993). In *WCM Indus., Inc. v. IPS Corp.*, there was evidence of copying and knowledge of an infringement suit. *See* 721 F. App'x 959, 969–71 (Fed. Cir. 2018). In *Imperium IP Holdings (Cayman), Ltd. vs. Samsung Elecs. Co.*, there was evidence of copying, tracking of the plaintiff's patent portfolio, attempts to obtain the plaintiff's patents, and knowledge of previous litigation involving the patents-in-suit. 203 F. Supp. 3d 755, 763-64 (E.D. Tex. 2016), *amended in part*, 2017 WL 1716589 (E.D. Tex. Apr. 27, 2017). And in *nCube Coop. v. SeaChange Int'l, Inc.*, there was evidence defendants knew of the asserted patent and "manipulated the information given to counsel to ensure an opinion of non-infringement." 436 F.3d 1317, 1323–24 (Fed. Cir. 2006). No such evidence (or even allegations) of copying or similar conduct exists here. *See, e.g.*, Ex. 50 at 481:2–

6

482:7 ("I do not believe IBM took a source code copy of VirtaMove's software. … I do not think they reverse engineered the product.").

Ultimately, because VirtaMove has not provided any legally sufficient evidence that IBM had pre-suit knowledge of the '814 Patent—let alone knew or should have known of any risk of infringement—IBM is entitled to summary judgment of no willful infringement. Because VirtaMove relies on the same insufficient evidence to support its claim of indirect infringement, *see* Dkt. 264 at 25–26, summary judgment of no induced infringement also is warranted.

| | |
|---|---|
| Dated: August 18, 2025 | Respectfully submitted,<br><br>/s/ Todd M. Friedman<br>Todd M. Friedman (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone:   (212) 446-4800<br>Facsimile:   (212) 446-4900<br>todd.friedman@kirkland.com<br><br>Brandon H. Brown<br>State Bar No. 266347<br>Kyle Calhoun (*pro hac vice*)<br>Nathaniel Ngerebara (*pro hac vice)*<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Telephone:   (415) 439-1400<br>Facsimile:   (415) 439-1500<br>brandon.brown@kirkland.com<br>kyle.calhoun@kirkland.com<br>nate.ngerebara@kirkland.com<br><br>Yimeng Dou<br>State Bar No. 285248<br>Andrew Morrill (*pro hac vice)*<br>KIRKLAND & ELLIS LLP<br>695 Town Center Dr.<br>Costa Mesa, CA 92626<br>Telephone:   (714) 982-8822<br>Facsimile:   (714) 982-8844<br>yimeng.dou@kirkland.com<br>drew.morrill@kirkland.com<br><br>*Of Counsel:*<br><br>Andrea L. Fair<br>Texas State Bar No. 24078488<br>MILLER FAIR HENRY PLLC<br>1507 Bill Owens Parkway<br>Longview, TX 75604<br>Telephone:   (903) 757-6400<br>Facsimile:   (903) 757-2323<br>andrea@millerfairhenry.com<br><br>*Attorneys for Defendant*<br>*International Business Machines Corp.* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on August 18, 2025.

*/s/ Todd M. Friedman*
Todd M. Friedman

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

                                                            */s/ Todd M. Friedman*
                                                            Todd M. Friedman