# EXHIBIT F

------ **RESTRICTED CONFIDENTIAL SOURCE CODE** ----

**NON-CONFIDENTIAL EXCERPT**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**OPENING EXPERT REPORT OF STEPHEN B. WICKER**
**REGARDING U.S. PATENT NOS. 7,519,814 AND 7,784,058**

DATE: June 23, 2025

_____
Stephen B. Wicker, Ph.D.

alleged invention of the '058 Patent was ready for patenting and offered for sale in the United States, triggering the on-sale bar of 35 U.S.C. Section 102.

1443. Because the '058 Patent claims priority to a provisional patent filed on September 22, 2003, regardless of whether the Asserted Patents are entitled to the priority dates of the provisional applications they claim priority to (I understand that they are not), the '058 Patent was on sale in this country more than one year prior to both the provisional or non-provisional priority dates of the Asserted Patents. August 14, 2002, predates the September 22, 2003 filing date of the provisional application the '058 Patent claims priority to by more than a year. VirtaMove has produced no documents showing that the '058 Patent is entitled to any priority date earlier than the filing date of the provisional application the '058 Patent claims priority to. Therefore, in my opinion the '058 Patents is invalid under pre-AIA 35 U.S.C. § 102(b).

## XI.     SECONDARY CONSIDERATIONS OF OBVIOUSNESS

### A.      VirtaMove Alleged Secondary Considerations

1444. In response to Common Interrogatory No. 3—which requests: "the alleged non-obviousness of the claimed subject matter [for each Asserted Claim], including without limitation any allege long felt but unfulfilled need, failure of others, commercial success, commercial acquiescence, licensing, professional approval, lack of contemporaneous invention, copying, or laudatory statements by others—VirtaMove identifies the following alleged indicia of non-obviousness: commercial success, long-felt need, and failure by others. VirtaMove's 14th Suppl. Resps. to Defs. 1st Set of Common Interrogatories (June 11, 2025) at 17-25.[5] Based on my review of the documents and testimony that VirtaMove cites in support

---

[5] VirtaMove does not identify any other alleged indicia of non-obviousness, including commercial acquiescence, licensing, professional approval, lack of contemporaneous invention, copying, or laudatory statements by others. To the extent VirtaMove or its expert(s) later assert non-obviousness based on these considerations, I reserve the ability to supplement my opinions herein.