# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**INTERNATIONAL BUSINESS MACHINES CORP.'S REPLY TO VIRTAMOVE, CORP.'S OPPOSITION TO IBM'S MOTION TO EXCLUDE CERTAIN OPINIONS OF DR. SAM MALEK**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 1

    A. Dr. Malek's opinions based on alternative claim interpretations cannot be presented to the jury. ........................................................................................... 1

    B. Dr. Malek's opinions regarding the "wherein" clauses contradict this Court's Claim Construction Order. ........................................................................ 2

    C. Dr. Malek's opinions requiring "automation" also contradict the Claim Construction Order. ............................................................................................... 4

    D. Dr. Malek mischaracterizes the scope of IBM's infringement contentions. ............ 4

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*BMC Software, Inc. v. Servicenow, Inc.*,
   No. 2:14-CV-903-JRG, 2016 WL 367251 (E.D. Tex. Jan. 29, 2016) .........................................2

*Cordis Corp. v. Boston Sci. Corp.*,
   561 F.3d 1319 (Fed. Cir. 2009)...............................................................................................1

*Daingean Techs. Ltd. v. T-Mobile USA, Inc.*,
   No. 2:23-CV-00347-JRG-RSP, 2025 WL 1811862 (E.D. Tex. July 1, 2025) ..........................5

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009)...............................................................................................2

*Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*,
   No. 2:23-CV-00515-JRG-RSP, 2025 WL 2029871 (E.D. Tex. July 21, 2025) ........................4

*Mobile Equity Corp. v. Walmart Inc.*,
   No. 2:21-CV-00126-JRG-RSP, 2022 WL 19917854 (E.D. Tex. Sept. 23,
   2022) .....................................................................................................................................1, 2

*SB IP Holdings, LLC v. Vivint, Inc.*,
   No. 4:20-CV-00886, 2023 WL 6601415 (E.D. Tex. Oct. 10, 2023) ........................................2

I. **INTRODUCTION**

Dr. Malek offers invalidity and noninfringement opinions that parrot claim construction arguments by VirtaMove this Court has already rejected. These opinions violate the Court's Order prohibiting the parties from offering rejected claim construction positions and must be excluded. As VirtaMove acknowledges, Dr. Malek also offers two "alternative potential interpretations" of a term this Court never construed. Dkt. 269 at 2. This Court has repeatedly rejected such attempts to argue claim construction to the jury. In addition, Dr. Malek mischaracterizes the scope of IBM's infringement theories as being directed only to V-Migrate and V-Maestro in combination, not V-Migrate alone. All these opinions warrant exclusion.

II. **ARGUMENT**

    A. **Dr. Malek's opinions based on alternative claim interpretations cannot be presented to the jury.**

VirtaMove contends that Dr. Malek's report identifies an alleged ambiguity in the claim language—specifically, whether "created by the one or more applications" modifies "calls" or "system libraries"—and that he proceeds to analyze invalidity under both interpretations. *See* Dkt. 269 at 1–2. VirtaMove argues this is not claim construction, but an application of "alternative" interpretations. *See id.* That is a distinction without a difference.

The Federal Circuit and this Court have both made clear that "[i]t is improper for experts to argue claim construction to the jury because the 'risk of confusing the jury is high when experts opine on claim construction.'" *Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-CV-00126-JRG-RSP, 2022 WL 19917854, at *2 (E.D. Tex. Sept. 23, 2022) (quoting *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009)). In *Mobile Equity*, this Court excluded an expert's noninfringement opinions with respect "to a term that the Court did not construe" because the expert made arguments regarding "claim scope" and "clearly engaged in claim construction." *Id.*

1

Here, Dr. Malek's presentation of alternative invalidity analyses based on competing claim interpretations proposed by him—of a term this Court never construed—likewise improperly implicates claim construction.

VirtaMove nevertheless incorrectly suggests that Dr. Malek's approach is permissible because (according to VirtaMove) he "did not interpret the claims, he only applied the prior art under ***two alternative potential interpretations***." Dkt. 269 at 2. Yet one obviously cannot offer a "potential ***interpretation***" without ***interpreting*** the claim. The Court has routinely rejected such attempts by experts to offer claim constructions in the guise of another analysis. *See Mobile Equity*, 2022 WL 19917854, at *2 (excluding opinions "argu[ing] claim construction to the jury" as part of expert's noninfringement opinions); *SB IP Holdings, LLC v. Vivint, Inc.*, No. 4:20-CV-00886, 2023 WL 6601415, at *9 (E.D. Tex. Oct. 10, 2023) (excluding noninfringement opinions "circumvent[ing] the claim construction process").[1]

### B. Dr. Malek's opinions regarding the "wherein" clauses contradict this Court's Claim Construction Order.

"Once a district court has construed the relevant claim terms, and unless altered by the district court, then that legal determination governs for purposes of trial. No party may contradict the court's construction to a jury." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009); *see also BMC Software, Inc. v. Servicenow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 367251, at *2 (E.D. Tex. Jan. 29, 2016) (citations omitted) (expert cannot offer opinions "that the Court previously considered and expressly rejected"). Here, the Court expressly

---

[1] VirtaMove's attempt to analogize Dr. Malek's approach to that of IBM's expert, Dr. Wicker, is a red herring. *See* Dkt. 269 at 2. Dr. Wicker's opinions are well-grounded in the Court's claim constructions, the parties' agreements during the claim construction process, and the plain and ordinary meaning of the claim terms. If VirtaMove believed Dr. Wicker's opinions were improper, the appropriate course would have been to file a timely motion to strike—but VirtaMove did not.

"**ORDER[ED]** each party not to refer, directly or indirectly, to its own or any other party's claim-construction positions in the presence of the jury" and specified that "[n]either party may take a position before the jury that contradicts the Court's reasoning in this opinion." Dkt. 267 at 33.

Here, Dr. Malek's opinions violate the Court's *Markman* Order by incorporating claim construction arguments that this Court considered and rejected. During claim construction, VirtaMove argued that the claims reciting the "wherein" clauses are indefinite because the system claims supposedly recite mere capabilities that are "'divorced from the recited structure.'" *See* Dkt. 152 (VirtaMove *Markman* Br.) at 5–6. The Court disagreed, finding "the two 'wherein' clauses explain the required 'interaction,'" such that a skilled artisan would be reasonably certain the challenged language ***requires the system to be configured to*** . . . ." Dkt. 267 at 23–24.

Dr. Malek's opinions, however, rely on VirtaMove's already-rejected claim construction arguments. For example, he opines that "if simply ***allowing for the functionality to be practiced*** would satisfy the claim language, then practically ***any pre-existing system would practice this limitation***." Dkt. 234-2 ¶¶ 72, 77, 80, 82, 84, 86, 88, 90; *see also* 233-1 ¶¶ 316–18, 375–77, 425–27. That is almost identical to VirtaMove's rejected argument that "any usage of the claimed system that potentially performed the functionality could infringe." Dkt. 152 at 5–6. Similarly, Dr. Malek relies on Dr. Havemose's inventor testimony to repeat these arguments, opining that "***any prior art computing systems***" would have disclosed the invention based on "those computing systems [being provided] with instructions via user inputs to cause those systems to perform the claimed functionality." Dkt. 233-2 (Mot. Ex. 1) ¶ 317.

Despite VirtaMove's argument that Dr. Malek's opinion is consistent with IBM's argument and this Court's Claim Construction Order, *see* Dkt. 269 at 8, this Court never adopted VirtaMove's impossible position that simply because the claim recites the capability to perform a

3

function, then "any usage of the claimed system that potentially performed the functionality could infringe." *Compare* Dkt. 152 at 5–6, *with* Dkt. 267 at 23–24. Ultimately, "[a]llowing experts to analyze claims under rejected constructions would render the entire claim construction process a waste of time." *Longitude Licensing Ltd. v. BOE Tech. Grp. Co.,* No. 2:23-CV-00515-JRG-RSP, 2025 WL 2029871, at *2 (E.D. Tex. July 21, 2025). Dr. Malek's opinions reiterating VirtaMove's rejected claim construction should be excluded.

### C. Dr. Malek's opinions requiring "automation" also contradict the Claim Construction Order.

Dr. Malek's opinions that V-Migrate alone does not infringe is premised on a construction that the claims must be "automated," Dkt. 234–2 ¶¶ 104–105, 138–39, 183–84, 239–40, which similarly echo VirtaMove's rejected construction that the claims require performance "independently of user interaction." *See* Dkt. 267 at 24. Dr. Malek treats automation as a necessary requirement for infringement, Dkt. Dkt. 234–2 ¶ 104 (V-Migrate does not infringe alone because "the only way that the recited functionality is even alleged *automated* . . . is through V-Maestro"), which contradicts this Court's order stating that "the claims are agnostic as to how these actions are triggered . . . whether . . . *automated*" or not. Dkt. 267 at 24. This again warrants exclusion.

### D. Dr. Malek mischaracterizes the scope of IBM's infringement contentions.

VirtaMove next asserts that Dr. Malek accurately characterized Dr. Wicker's infringement theory as requiring the combination of V-Maestro and V-Migrate, and that Dr. Wicker offered no opinion that V-Migrate infringes on its own. *See* Dkt. 269 at 5–7. That is incorrect.

Dr. Wicker's report and deposition testimony make clear that his infringement analysis addresses the accused VirtaMove products as identified by IBM—which includes V-Migrate in combination with V-Maestro *and alone*. *See* Dkt. 233-3 (Wicker 7/18/25 Tr.) at 224:11–225:6, 225:9–226:14; Ex. 1 (Wicker Rpt.) ¶¶ 193–260 (V-Migrate evidence). The fact that Dr. Wicker's

4

report sometimes discusses V-Migrate and V-Maestro at the same time does not mean he fails to analyze V-Migrate alone—his report has entire sections disclosing how V-Migrate source code alone confirms infringement. *See, e.g.*, *id*. VirtaMove's selective quoting of deposition testimony to try narrow the scope of IBM's infringement theory to exclude V-Migrate by itself also fails, *see* Dkt. 269 at 5, especially because the record demonstrates V-Migrate provides the accused functionality for at least three of the four asserted patents (the "Havemose Patents"). Indeed, VirtaMove conveniently ignores Dr. Wicker's clarification that the infringing source code he identified for the Havemose Patents is limited to code from the V-Migrate product alone. *See* Dkt. 223-3 (Wicker 7/18/25 Tr.) at 225:9–226:14 (explaining "for each limitation of the [Havemose] patents," Dr. Wicker "compared the . . . V-Migrate software to the [Havemose] patents" and "pointed out where in the software the individual limitations were implicated"). Consistent with that testimony, Dr. Wicker's infringement analysis for the Havemose Patents is limited to source code for V-Migrate—and simple review of that source code (a task Dr. Malek is purportedly qualified to perform but declined to do) makes clear that Dr. Wicker's infringement theory for these patents is satisfied by the V-Migrate alone. *See*, *e.g.*, Ex. 6 (Wicker Op. Rpt.) ¶¶ 186–260.

The Court's order from *Daingean* that VirtaMove cites is inapposite. *See* Dkt. 269 at 7. In that case, there was a legitimate factual dispute regarding the technical capabilities of Ericsson and Nokia base stations and how those capabilities affected SRS allocation. *See Daingean Techs. Ltd. v. T-Mobile USA, Inc.*, No. 2:23-CV-00347-JRG-RSP, 2025 WL 1811862, at *2 (E.D. Tex. July 1, 2025). Here, there is no such dispute regarding V-Maestro and V-Migrate. Dr. Malek's attempt to limit IBM's infringement theory to V-Maestro and V-Migrate combined, and to exclude V-Migrate alone, is unsupported by the record and should be excluded as unreliable and misleading.

Dated: August 21, 2025

Respectfully submitted,

/s/ Todd M. Friedman
Todd M. Friedman (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
todd.friedman@kirkland.com

Brandon H. Brown
State Bar No. 266347
Kyle Calhoun (*pro hac vice*)
Nathaniel Ngerebara (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500
brandon.brown@kirkland.com
kyle.calhoun@kirkland.com
nate.ngerebara@kirkland.com

Yimeng Dou
State Bar No. 285248
Andrew Morrill (*pro hac vice*)
KIRKLAND & ELLIS LLP
695 Town Center Dr.
Costa Mesa, CA 92626
Telephone:    (714) 982-8822
Facsimile:    (714) 982-8844
yimeng.dou@kirkland.com
drew.morrill@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone:    (903) 757-6400
Facsimile:    (903) 757-2323
andrea@millerfairhenry.com

*Attorneys for Defendant
International Business Machines Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on August 21, 2025.

/s/ Todd M. Friedman
Todd M. Friedman