# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>Plaintiff,<br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendant. | Case No. 2:24-cv-00093-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP.,<br><br>Plaintiff,<br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>Defendant. | Case No. 2:24-CV-00064-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF VIRTAMOVE, CORP.'S SUR-REPLY TO DEFENDANT INTERNATIONAL BUSINESS MACHINE CORP'S MOTION TO EXCLUDE CERTAIN OPINIONS OF DR. SAM MALEK

## <u>TABLE OF CONTENTS</u>

A.    IBM's attempt to strike Dr. Malek's application of plain meaning would require exclusion of IBM's own expert testimony, and is inconsistent with this Court's precedent. .......................................................................................................... 1

B.    Dr. Malek's Report is consistent with the Court's "capability" ruling for "wherein" clauses. ...................................................................................................... 2

C.    IBM mischaracterizes Dr. Malek's automation opinion. ........................................ 3

D.    Dr. Wicker provided no theory that V-Migrate alone infringes. ............................ 4

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*NetList, Inc. v. Micron Technology, Inc.*,
    No. 2:22-CV-00294-JRG, Dkt. 73 (E.D. Tex. Mar. 14, 2024)................................................... 2

*Solas OLED Ltd. v. Samsung Electronics Co., Ltd.*,
    No. 2:21-CV-105-JRG-RSP at 2 (E.D. Tex. May 30, 2022)...................................................... 2

IBM's Reply doubles down on IBM's numerous mischaracterizations of fact.  For the reasons below, none of IBM's reply arguments have any merit.

**A.      IBM's attempt to strike Dr. Malek's application of plain meaning would require exclusion of IBM's own expert testimony, and is inconsistent with this Court's precedent.**

Even in Reply, IBM does not dispute that claim 4 of IBM's '500 patent is subject to two (and only two) possible interpretations. Nor does IBM take a position as to *which* interpretation is correct. Instead, IBM attempts to use this ambiguity to preclude Dr. Malek from addressing *either* possible interpretation.

In other words, IBM concedes the claim is ambiguous. But rather than attempting to clarify the ambiguity, IBM contends that any ambiguity not explicitly resolved by the Court's Claim Construction Order prevents experts from opining on *either* possible interpretation.

If IBM's contention is actually correct, however, then ***Dr. Wicker*** must also be precluded from offering his infringement theory on claim 4.[1] Specifically, Dr. Wicker opines that the claim is satisfied by "***system calls****… made* by the application" (Ex. C (filed herewith) at ¶ 285), which is consistent with Dr. Malek's first possible interpretation.[2] *See* Dkt. 233 at 7 (acknowledging that Dr. Malek's opinion regarding the first way the claim might be interpreted is that "the calls are created by [i.e., made by] the one or more applications"). If *Dr. Malek* cannot offer an opinion under that interpretation, then there is no reason that *Dr. Wicker* should be able to do so.

---

[1] Alternatively, the claim could be found indefinite, or the Court could issue a supplemental construction under *O2 Micro* consistent with Dr. Wicker's infringement opinion. But there is no logical reason to exclude ***only*** Dr. Malek's application of ambiguous claim language, while simultaneously allowing Dr. Wicker's application of that same ambiguous claim language.

[2] Dr. Malek did not have access to Dr. Wicker's infringement report before Dr. Malek submitted his invalidity report, so Dr. Malek did not know which of these two possible interpretations Dr. Wicker would adopt.

IBM's legal authority is inapposite, because it does not address an expert applying potential meanings of the plain claim language of an unconstrued claim term, which this Court holds is proper absent some attempt to deviate from plain meaning. *See, e.g.*, *NetList, Inc. v. Micron Technology, Inc.*, No. 2:22-CV-00294-JRG, Dkt. 73 at 4 (E.D. Tex. Mar. 14, 2024) ("The Court will 'permit the experts to present competing to the jury about the plain and ordinary meaning' of the phrase [in dispute]."); *Solas OLED Ltd. v. Samsung Electronics Co., Ltd.*, No. 2:21-CV-105-JRG-RSP at 2 (E.D. Tex. May 30, 2022) ("Of course, Samsung may not apply any construction other than the Court's to the terms construed by the Court. However, Samsung is free to comment on the plain meaning of the other terms, not construed by the Court, which Solas relies upon in its contentions and expert reports."). And here, Dr. Malek is clearly not attempting to deviate from plain meaning, as he is not offering an opinion regarding **which** interpretation is correct, but simply opining that the claim is invalid under **either** interpretation.

In sum, IBM's requested relief should be denied, but if granted, it should apply equally to Dr. Wicker's opinions which apply the same interpretation that IBM seeks to exclude Dr. Malek from addressing.

## B.    Dr. Malek's Report is consistent with the Court's "capability" ruling for "wherein" clauses.

VirtaMove's Opposition Brief explained how Dr. Malek's opinions are fully consistent with the Court's claim construction Order, citing to both Dr. Malek's opinions and the consistent parts of the Court's claim construction order. Dkt. 269 at 3–4. IBM's Reply still cannot identify an *actual conflict* between Dr. Malek's opinion and the claim construction order.

Instead, IBM's Reply repeatedly makes improper comparisons of VirtaMove's claim construction **briefing** with Dr. Malek's report, rather than comparing the Court's Claim

Construction Order. Dkt. 284 at 3–4 (citing Dkt. 152). Although IBM wishes that the Court's Claim Construction Order explicitly rejected the "capability" argument raised in VirtaMove's brief, the Claim Construction Order instead explicitly ***agreed*** with IBM's argument that "the 'wherein' clauses are capabilities of the system." *Id.*

Thus, Dr. Malek's opinions (*e.g.*, "Dr. Havemose's prototype … 'had the capability to run and execute the code that [Dr. Havemose] provided to them to perform [his] invention") are completely consistent with the Court's adoption of IBM's argument that "the 'wherein' clauses are capabilities of the system." Dkt. 267 at 23; Dkt. 234-1 (Ex. 2) ¶ 72; *see also* Dkt. 234-1 (Ex. 2) ¶¶ 77, 80, 82, 84, 86, 88, 90 (highlighting similar opinions consistent with the Court's ruling).[3]

IBM offered no meaningful argument against excluding Dr. Wicker's corresponding infringement opinions of what VirtaMove's system "allows for" on the same basis. Dkt. 269 at 4; Dkt. 284 at 2 n.1. If the Court excludes Dr. Malek's Report under IBM's theory, then Dr. Wicker's corresponding opinions should be excluded as well. Dkt. 269-2 (Ex. A) ¶¶ 231–32, 248–49, 626–27, 643, 649, 1012, 1024–25. VirtaMove did not separately file a motion to strike because neither expert opinions are improper; but if Dr. Malek's opinions are improper, then so are Dr. Wicker's.

## C.    IBM mischaracterizes Dr. Malek's automation opinion.

IBM has not rebutted VirtaMove's explanation that the Claim Construction Order permits, but does not require, automation. Dkt. 269 at 8–9; Dkt. 267 at 24. So, Dr. Wicker is permitted to address the possibility of automation, and his Report does just that, consistent with the Court's order.

---

[3] IBM's Reply (Dkt. 284 at 2) also cites Dkt. 233-1 ¶¶ 316–18, 375–77, 425–27. These paragraphs do not exist in Dkt. 233-1, the Declaration of Yimeng Dou.

IBM attacks a straw man by arguing that "Dr. Malek treats automation as a necessary requirement for infringement." Dkt. 284 at 4. But in full context, none of the paragraphs 104, 138, 104–05, 138–39, 239–40 say or suggest that "automation is necessary for infringement." Dkt. 234-2. Because this misinterpretation of Dr. Malek's report is the foundation for IBM's argument, IBM's motion to exclude Dr. Malek's automation-related opinions should be denied.

**D.      Dr. Wicker provided no theory that V-Migrate alone infringes.**

VirtaMove's Reply showed that Dr. Wicker admitted that he has no infringement theory for V-Migrate alone.  "**A. I don't recall setting forth an opinion solely on V-Maestro.** Q. And do you have any opinion that V-Migrate alone infringes? **A. That would be the same answer.**" Dkt. 269-3 (Ex. B) at 12:17–24. This is because Dr. Wicker treated V-Migrate and V-Maestro together as a single product. *Id.* at 12:9–15 ("I'm treating them like – for example, beginning on paragraph 192, I treat V-Maestro and V-Migrate together"). IBM should be precluded from presenting any theory inconsistent with this testimony.

IBM's Sur-Reply offered no evidence that Dr. Wicker ever offered any opinion that V-Migrate alone infringes. Dkt. 284 at 4–5 (citing Wicker Transcript (Dkt. 233-3) at 224:11–26:14; "Ex. 1" (actually Ex. A, Dkt. 269-2, Wicker Report) ¶¶ 193–260; and Dkt. 284-2 (Ex. 6) ¶¶ 186– 260). The Wicker Transcript (Dkt. 233-3 at 224–26) shows, at best, that Dr. Wicker compared V-Migrate to every limitation of the claims. There is no testimony (either in Dr. Wicker's deposition or his report) that, as a result of this comparison, Dr. Wicker formed the opinion that V-Migrate alone infringes. The Wicker Report (Dkt. 233-2, Ex. 1) ¶¶ 193–260 has no conclusion that V-Migrate alone infringes. This theory is simply not in Dr. Wicker's report. This is because Dr. Wicker explained that "for example, beginning on paragraph 192, I treat V-Maestro and V-Migrate

4

together" as a single product. Dkt. 269-3 (Ex. B) at 12:9–15. Similarly, the Wicker Opposition Report (Dkt. 284-2, Ex. 6) ¶¶ 186–260 also offers no conclusion that V-Migrate alone infringes.

In effect, IBM asks the Court to strike Dr. Malek's opinions that are ***identical*** to the opinions that Dr. Wicker offered in his report and at deposition—i.e., that Dr. Wicker never provided an opinion that V-Migrate alone infringes. Given that Dr. Malek's testimony that Dr. Wicker never offered an opinion that V-Migrate alone infringe was ***confirmed*** by Dr. Wicker, Dr. Malek's testimony should not be struck.

Instead, in view of Dr. Wicker's explicit testimony that he has no infringement theory for V-Migrate alone and given IBM's failure to identify any specific paragraph in Dr. Wicker's report saying anything along the lines of "V-Migrate alone infringes" or "V-Maestro alone infringes," the Court should rule that Dr. Wicker never offered these opinions and that IBM is not permitted to argue otherwise at trial.

Dated:  August 28, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Jacob R. Buczko
CA State Bar No. 269408
James S. Tsuei
CA State Bar No. 285530
James A. Milkey
CA State Bar No. 281283
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Mackenzie Paladino
NY State Bar No. 6039366
Daniel Kolko

CA State Bar No. 341680
Jefferson Cummings
DC State Bar No.  90027452
Linjun Xu
CA State Bar No. 307667
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: jbuczko@raklaw.com
Email: jtsuei@raklaw.com
Email: jmilkey@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email: dkolko@raklaw.com
Email: mpaladino@raklaw.com
Email: jcummings@raklaw.com
Email: lxu@raklaw.com

Qi (Peter) Tong
TX State Bar No. 24119042
8080 N. Central Expy, Suite 1503
Dallas, TX 75206
Email: ptong@raklaw.com

**ATTORNEYS FOR PLAINTIFF
VIRTAMOVE, CORP.**

6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, and served defendant via CM/ECF.

/s/ *Reza Mirzaie*
Reza Mirzaie