IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | Case No. 2:24-cv-00093-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendant. | Case No. 2:24-CV-00064-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF VIRTAMOVE, CORP.'S SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1)**

## **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  ARGUMENT ................................................................................................................... 1

    A.   IBM Fails to Meet Its Burden to Rebut Plaintiff's Clear and Recorded Ownership .......... 1

    B.   IBM's Arguments on Statutory Standing Should Be Rejected ........................................... 3

        1.   Plain Language of the Loan Agreement, the Comerica Letter, and Contemporaneous Documents Confirms, Not Undermines, Plaintiff's Ownership ............................................. 3

        2.   IBM's Late Conversion of its Motion from 12(b)(1) to 12(c) In the Reply Still Fails Given the Evidence ................................................................................................................ 5

        3.   Joinder is Sufficient to Cure Statutory Standing ............................................................... 6

    C.   IBM's Arguments on Constitutional Standing Similarly Lack Merits .............................. 6

III. CONCLUSION ................................................................................................................ 7

i

## TABLE OF AUTHORITIES

**Cases**

*In re Cybernetic Servs., Inc.*,
  252 F.3d 1039 (9th Cir. 2001) .................................................................................................. 6

*Loftin v. City of Prentiss, Mississippi*,
  33 F.4th 774 (5th Cir. 2022) ..................................................................................................... 5

*Lone Star Tech. Innovations, LLC v. ASUSTEK Computer Inc.*,
  No. 6:19-CV-00059-RWS, 2022 WL 1498784 (E.D. Tex. Mar. 18, 2022) ........................... 1, 2

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
  514 U.S. 52 (1995) .................................................................................................................... 3

*Miller Mendel, Inc. v. City of Anna, Texas*,
  107 F.4th 1345 (Fed. Cir. 2024) ............................................................................................... 5

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*,
  320 F.3d 1354, 138 (Fed. Cir. 2003) ........................................................................................ 2

*SiRF Tech., Inc. v. Int'l Trade Comm'n*,
  601 F.3d 1319 (Fed. Cir. 2010) ................................................................................................ 2

*Williamson v. Tucker*,
  645 F.2d 404 (5th Cir. 1981) .................................................................................................... 7

**Rules**

Fed. R. Civ. Proc. 12(b)(1) ............................................................................................................. 5

Fed. R. Civ. Proc. 12(b)(6) ............................................................................................................. 5

Fed. R. Civ. Proc. 12(c) .................................................................................................................. 5

I.  **INTRODUCTION**

The official USPTO assignment record (Dkt. No. 271-1), corroborated by evidence such as the unrebutted declaration of the Plaintiff's CEO Nigel Stokes (Dkt. 270-10), conclusively establishes that the Plaintiff is the sole and rightful owner of the '814 Patent. This demonstrates that Plaintiff has constitutional and statutory standing to sue. Under Federal Circuit precedent, this shifts the burden of proof to IBM, which it has failed to carry.

Rather than presenting evidence of any actual transfer, IBM relies on speculation and strained readings of ancillary documents. None of these documents demonstrates transfer of title of or substantial rights in the '814 Patent to the Creditors, or Plaintiff's related entity, VirtaMove USA, as IBM has alleged. IBM's attempts to manufacture a dispute as to VirtaMove's standing are against the clear weight of the evidence and should be rejected.

II.  **ARGUMENT**

  A.  **IBM Fails to Meet Its Burden to Rebut Plaintiff's Clear and Recorded Ownership**

IBM could not point to any concrete evidence demonstrating that the Creditors or VirtaMove USA obtained the ownership rights of the '814 patent. Instead, IBM resorts to unfounded conjectures that such transfers must have occurred. Lacking proof, IBM repeatedly asserts that Plaintiff failed to meet its burden of establishing standing. *See, e.g.*, Reply[1] at 6, 7, 10. That argument ignores the record.

Plaintiff has already met its burden. *Lone Star Tech. Innovations, LLC v. ASUSTEK Computer Inc.*, No. 6:19-CV-00059-RWS, 2022 WL 1498784, at *4 (E.D. Tex. Mar. 18, 2022), *aff'd sub nom. Lone Star Tech. Innovations, LLC v. Asus Computer Int'l*, No. 2022-1769, 2024

---

[1] IBM's Reply is filed under Dkt. No. 285.

WL 5182885 (Fed. Cir. Dec. 20, 2024), *citing Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1368 (Fed. Cir. 2003) ("When a plaintiff establishes ownership of a patent through assignment, it satisfies the requirements of Article III standing."). The USPTO's assignment record shows a complete and unbroken chain of title ending with Plaintiff. This assignment record is corroborated by the unrebutted declaration of Nigel Stokes and by transaction documents—including the ▓▓▓▓▓▓▓▓▓▓ Intellectual Property Security Agreement ("IPSA")—all of which confirmed that no ownership interest in the '814 Patent was ever transferred to VirtaMove USA or the Creditors.

Under Federal Circuit precedent, once Plaintiff establishes this clear chain of title through assignment, the burden shifts to IBM to challenge Plaintiff's presumption of ownership and standing in this case. *Lone Star*, 2022 WL 1498784, at *4. IBM has not met that burden. Not only have there been no unrecorded ownership transfers, but the plain language of the transaction documents directly contradicts IBM's speculation. Ultimately, IBM's speculation cannot overcome the weight of the evidence—the USPTO's clear chain of title and supporting documentation and declaration—demonstrating Paintiff's ownership. Dkt. Nos. 271-1, 270-10.

IBM's attempt to distinguish *Lone Star* and *SiRF* in a footnote is equally unavailing. It claims that "[u]nlike here, the parties in *Lone Star* and *SiRF* did not dispute whether the chain of assignments was broken." Reply at 8, n. 3. But the Federal Circuit directly addressed whether a patent owner must prove that no prior assignment to a third party existed, holding instead that ***the challenger bears that burden***. In both cases, the Federal Circuit held that a recorded assignment "creates a presumption of validity as to the assignment and places the burden to rebut such a showing on one challenging the assignment." *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1328 (Fed. Cir. 2010); *see also Lone Star*, 2022 WL 1498784 *4. The same principle applies

here. IBM's attempts to shift the burden to VirtaMove—based only on speculation that Creditors obtained the ownership of the '814 Patent, and that an unrecorded assignment to VirtaMove USA might exist (and, as VirtaMove has shown, it does not)—should be rejected.

**B.    IBM's Arguments on Statutory Standing Should Be Rejected**

**1.    Plain Language of the Loan Agreement, the Comerica Letter, and Contemporaneous Documents Confirms, Not Undermines, Plaintiff's Ownership**



*See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995) ("[R]espondents' reading of the two clauses violates another cardinal principle of contract construction: that a document should be read to give effect to all its provisions and to render them consistent with each other."). It is IBM, not Plaintiff, that departs from the plain language of the Loan Agreement.

The Intellectual Property Security Agreement (IPSA), executed contemporaneously with

3

the Loan Agreement and recorded with the USPTO, confirms that it was Plaintiff[2]—not VirtaMove USA—that granted the Comerica Bank a security interest in the '814 Patent. Dkt. No. 271-4. The USPTO record further shows that Comerica later released that interest in favor of Plaintiff, not VirtaMove USA. Dkt. No. 271-5 at 1 (Patent Assignment Cover Sheet). This leaves no question: VirtaMove USA never had any rights in the '814 Patent.

IBM points to Comerica Bank's description of the transaction documents in a Letter dated three years later and argues that this somehow proves the existence of a separate IPSA with VirtaMove USA, allegedly recorded with the USPTO on September 17, 2015. Reply at 4-5. IBM's sole basis of this argument is that there could not be two typographical errors in a signed letter. Reply at 4-5. But the truth is straightforward: the Bank incorrectly described the transaction documents.

The USPTO record confirms it. The only IPSA recorded is the one with Plaintiff, and it was recorded on September 21, 2015—not September 17. Nothing was recorded on September 17, 2015. Assignment records are public records. If a second IPSA involving VirtaMove USA existed, IBM would have been able to point to it. The fact that it cannot speaks volumes about the infirmities of IBM's argument.

IBM's attempt to compare fonts between Exhibit B of the Comerica Letter and Exhibit B of the VirtaMove Canada Intellectual Property Security Agreement is a distraction. Both Exhibits list the same patents. There is no dispute that Plaintiff's IPSA granted Comerica Bank a security interest, which Comerica Bank then released the security interest on the same set of patents back to Plaintiff, as both Exhibits B list the same patents. IBM has no evidence that the Letter's Exhibit

---

[2] Plaintiff was previously named AppZero Software Corp. before it changed name to VirtaMove, Corp.

B was from an agreement different from the IPSA (Reply at 5), nor was IBM able to provide such an allegedly different agreement. It is illogical to believe that VirtaMove USA, which never owned those assets, executed a separate IPSA with the same exhibit. The more plausible explanation is the correct one: the Comerica Letter contains clerical errors, and there was only one IPSA, executed by Plaintiff and recorded with the USPTO.

### 2. IBM's Late Conversion of its Motion from 12(b)(1) to 12(c) In the Reply Still Fails Given the Evidence

After Plaintiff pointed out that IBM improperly challenged statutory standing under FRCP 12(b)(1), IBM attempted to recast its challenge under Rule 12(c). Reply at 6-7. But this effort still fails as a matter of law. "The standard for dismissing a complaint under Rule 12(c) is the same as a dismissal for failure to state a claim under [Rule] 12(b)(6)." *Miller Mendel, Inc. v. City of Anna, Texas*, 107 F.4th 1345, 1350 (Fed. Cir. 2024) (internal quotation omitted) (alteration in original). "The standard requires the complaint to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation omitted). For reasons discussed in Plaintiff's Opposition, the Complaint has pleaded sufficient facts that Plaintiff is the sole owner of the '814 Patent, a point IBM does not dispute. Opp. at 15.[3]

Instead, IBM urges the Court to consider evidence outside the pleadings. Reply at 7. But "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Miller Mendel*, 107 F.4th at 1351. Summary judgment requires that all the factual disputes and reasonable inferences be construed in favor of the Plaintiff. *Loftin v. City of Prentiss, Mississippi*, 33 F.4th 774, 779 (5th Cir. 2022) ("In determining whether a genuine dispute of

---

[3] Plaintiff's Opposition is filed under Dkt. No. 270.

material fact exists, this court views 'all facts and evidence in the light most favorable to [the nonmovant] and draw[s] all reasonable inferences in [the nonmovant's] favor.'") (internal citations omitted) (alterations in original).

Under this standard, IBM cannot prevail. All reasonable factual inferences regarding the Comerica Letter and Loan Agreement are drawn against IBM's position, confirming that only Plaintiff is the owner of the '814 Patent.

### 3. Joinder is Sufficient to Cure Statutory Standing

As explained above and in Plaintiff's Opposition, VirtaMove USA has no substantial interest in the '814 Patent. Plaintiff alone holds title and rights in the '814 Patent, and therefore has statutory standing to bring this suit. But even if the Court were to credit any part of IBM's statutory standing argument, joinder of VirtaMove USA would be sufficient to cure the alleged defect. Opp. at 15. IBM's sole argument—that it cannot cure constitutional standing—misses the point entirely. *See* Reply at 8. Plaintiff invoked joinder solely as an alternative means of addressing statutory standing, not constitutional standing. Opp. at 15. IBM's objection, therefore, fails.

### C. IBM's Arguments on Constitutional Standing Similarly Lack Merits

IBM argues that the chain of title to the '814 Patent is not "complete and accurate" (Reply at 8-9) because it does not include a record of AppZero Corp.'s security interest to its Creditors. That argument is legally and factually baseless. A security interest does not break the chain title—it merely places a lien on an asset (the '814 Patent). Unlike an assignment, security interests do not transfer ownership. *See, e.g., In re Cybernetic Servs., Inc.*, 252 F.3d 1039, 1056-57 (9th Cir. 2001) (Other types of documents "***that may be filed include agreements which convey a security interest***." PTO does not consider security interests to be "assignments, grants or conveyances.") (emphasis added) (internal quotations omitted).

. As a result, Plaintiff indisputably owns all rights in the '814 Patent.

IBM tries to obscure this reality by claiming the record is an "impenetrable thicket" of uncertainty. Reply at 10. But the relevant agreements are unambiguous.

. In the restructuring of AppZero Corp. to AppZero Software, AppZero Corp. transferred the '814 Patent to AppZero Software. Reply at 9-10. The Creditors did not obtain titles to the assets, including the '814 Patent. Opp. at 8.

Thus, there are no third-party rights, no broken chain of title, and no constitutional defect in Plaintiff's ownership of the '814 Patent.

### III.  CONCLUSION

The record establishes that Plaintiff is the sole owner of the '814 Patent. For the foregoing reasons, this Court should deny Defendants' motion to dismiss for lack of standing.[5]

---

[4]

[5] If, for some reason, the Court were to rule otherwise, Plaintiff respectfully requests an evidentiary hearing. *See Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981) (explaining that where facts are complex, oral testimony may be required to aid resolution).

| | |
|---|---|
| Dated:  August 28, 2025 | Respectfully submitted,<br><br>/s/ Reza Mirzaie<br>Reza Mirzaie (CA Bar No. 246953)<br>Marc A. Fenster (CA Bar No. 181067)<br>Neil A. Rubin (CA Bar No. 250761)<br>Jacob R. Buczko (CA Bar No. 269408)<br>James S. Tsuei (CA Bar No. 285530)<br>James A. Milkey (CA Bar No. 281283)<br>Christian W. Conkle (CA Bar No. 306374)<br>Jonathan Ma (CA Bar No. 312773)<br>Mackenzie Paladino (NY Bar No. 6039366)<br>Daniel Kolko (CA Bar No. 341680)<br>Jefferson Cummings (DC Bar No. 90027452)<br>Linjun Xu (CA Bar No. 307667)<br>RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA  90025<br>Telephone: 310-826-7474<br>Email: rmirzaie@raklaw.com<br>Email: mfenster@raklaw.com<br>Email: nrubin@raklaw.com<br>Email: jbuczko@raklaw.com<br>Email: jtsuei@raklaw.com<br>Email: jmilkey@raklaw.com<br>Email: cconkle@raklaw.com<br>Email: jma@raklaw.com<br>Email: dkolko@raklaw.com<br>Email: mpaladino@raklaw.com<br>Email: jcummings@raklaw.com<br>Email: lxu@raklaw.com<br><br>Qi (Peter) Tong<br>TX State Bar No. 24119042<br>8080 N. Central Expy., Suite 1503<br>Dallas, TX 75206<br>Email: ptong@raklaw.com<br><br>**ATTORNEYS FOR PLAINTIFF VIRTAMOVE, CORP.** |

8

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Plaintiff hereby files its Certificate of Authorization to File its Sur Reply Under Seal per Local Rule CV-5(a)(7)(A)-(B). The undersigned counsel for Plaintiff hereby certifies that the Court has already granted authorization to seal the document as set forth in Paragraph 19 of the Protective Order entered in this action at Dkt. 77.

                                                                             */s/ Reza Mirzaie*
                                                                             Reza Mirzaie

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 28, 2024, counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

                                                                             */s/ Reza Mirzaie*
                                                                             Reza Mirzaie