# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORP.'S SUR-REPLY IN OPPOSITION TO VIRTAMOVE'S MOTION TO STRIKE OPINIONS OF JAMES E. MALACKOWSKI**

I. Introduction

In its reply, VirtaMove, Corp. ("VirtaMove") simply repeats its mischaracterizations of Mr. Malackowski's opinions and continues to ignore the relevant facts and evidence cited in his reports. None of VirtaMove's purported criticisms are an appropriate basis to deprive the jury of hearing Mr. Malackowski's opinions.

II. Mr. Malackowski Properly Offers Opinions Pertaining to the Factual Underpinnings of IBM's License Defenses.

1. Mr. Malackowski Properly Assumes Infringement.

VirtaMove asserts that "[b]y baking a license defense into the royalty analysis, Mr. Malackowski has replaced the legally required assumption of liability with a contract-interpretation exercise and license defense." Dkt. 273 at 3. Yet, contrary to VirtaMove's suggestion, Mr. Malackowski does not offer any opinion on the ultimate question of whether IBM had a license (express or implied). Rather, Mr. Malackowski properly analyzes the parties' historical business interactions and dynamics, and explains how—based on his experience and expertise as a licensing professional, *see* Dkt. 255, Ex. 1 ¶¶ 2–7—those interactions and dynamics would have impacted the hypothetical negotiation. As part of this analysis, Mr. Malackowski discusses the factual record regarding IBM and VirtaMove's interactions, including VirtaMove's efforts to pursue business with IBM through 2023, despite being aware that IBM had entered into a strategic partnership with Docker Inc. *See id.*, Ex. 1 ¶¶ 38–45. Mr. Malackowski then explains how the Assistance Agreement, in particular, reflected the parties' respective interests and the dynamic between them, and he discusses how that dynamic would have impacted their relative bargaining power during the hypothetical negotiation. *See id.* These opinions provide specialized insight that is well within Mr. Malackowski's expertise, that is helpful to the jury, and consistent with expert testimony the Fifth and Federal Circuits have deemed appropriate. *See* Dkt. 255 at 3.

### 2. Mr. Malackowski Does Not Engage in Contract Interpretation.

VirtaMove cherry-picks a lone paragraph from IBM's opposition to claim that "IBM's Opposition ignores the language in the specific paragraphs VirtaMove moved to strike." Dkt. 273 at 4. Yet, IBM's opposition specifically addresses the paragraphs VirtaMove moves to strike— while also addressing other paragraphs in Mr. Malackowski's report that provide context for the challenged opinions. Mr. Malackowski's opinions as a whole properly apply his specialized knowledge of licensing practices to the facts of this case by explaining how feedback provisions, such as the one in the Assistance Agreement, bear on the *Georgia-Pacific* analysis and how the *facts* regarding IBM and VirtaMove's past interactions would bear on IBM's perception of an implied license. *See* Dkt. 255 at 2–5 (citing Ex. 2 ¶¶ 38–45, 186); *see also id.*, Ex. 1 ¶¶ 52-56 (Mr. Malackowski discussing the same set of facts and interactions as Paragraphs 28-45 of his Opening Report). Again, such testimony is entirely appropriate for an expert with Mr. Malackowski's qualifications. *Entropic Communications, LLC v. Charter Communications, Inc.*, No. 2:22-cv-00125-JRG, 2023 WL 8437814, at *3 (E.D. Tex. Dec. 5, 2023).

### B. Mr. Malackowski Properly Apportions the Royalty Base.

VirtaMove doubles down on its incorrect assertions that IBM does not point to any opinion from Dr. Wicker that V-Migrate infringes alone and that the parties' technical experts agree V-Migrate does not infringe. *See* Dkt. 273 at 4–5. Yet, IBM identified where Dr. Wicker concludes that V-Migrate infringes at least the Havemose patents (represented by the '500 Patent) on its own. *See* Dkt. 255 at 6 (citing Ex. 5 § VIII.E, where Dr. Wicker exclusively identifies V-Migrate source code as satisfying each claim limitation of the '500 Patent). Moreover, contrary to VirtaMove's assertion that Dr. Wicker admitted that V-Migrate does not infringe by itself, Dr. Wicker testified that "█████████████," he "█████████████████████████████████" Ex. 4 at 224:11–225:6. Ultimately,

2

VirtaMove's assertion that Mr. Malackowski failed to apportion is premised on a flawed interpretation of IBM's infringement case. To the extent VirtaMove continues to incorrectly argue that IBM does not accuse V-Migrate of infringing, that is a factual dispute appropriate for cross-examination and consideration by the jury, not grounds for exclusion. *See United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996).

        C.      **Mr. Malackowski Properly Relies on Discussions with Chris Rosen.**

                1.      **VirtaMove Misstates the Circumstances Regarding Mr. Rosen, and Its "Bait-and-Switch" Argument is Unfounded.**

While VirtaMove purports to recast the circumstances that led to Mr. Rosen not being deposed, *see* Dkt. 273 at 6, the record shows that decision originated with VirtaMove. *See* Dkt 225, Ex. G (5/7/25 Ma Email). VirtaMove stated it would "consider not proceeding" with Mr. Rosen's deposition if IBM agreed not to call him at trial, and both parties accepted that bargain. *See id.* "[VirtaMove] cannot now complain that its *own* decision led to an unfair result or prejudice." *Apple, Inc. v. Samsung Elecs. Co.*, 67 F. Supp. 3d 1100, 1131 (N.D. Cal. 2014), *aff'd*, 816 F.3d 788 (Fed. Cir. 2016), *vacated in part on reh'g en banc*, 839 F.3d 1034 (Fed. Cir. 2016), *aff'd,* 839 F.3d 1034 (Fed. Cir. 2016) (emphasis in original).

VirtaMove's "bait-and-switch" argument, *see* Dkt. 273 at 6, also fails. Unsurprisingly, VirtaMove cites no authority for its suggestion that an expert may rely only on information provided by a Rule 30(b)(6) witness. VirtaMove concedes that IBM produced a qualified designee. *See id.* VirtaMove questioned Mr. Brown on non-infringing alternatives, and he answered the questions posed. *See, e.g.*, Ex. 8 at 247:17–249:7 (explaining IBM's willingness and ability to use alternative open-source tools). The fact that VirtaMove chose to ask only the questions it did—which, in hindsight, VirtaMove may now regret—or that Mr. Brown answered only those specific questions, does not bar IBM from providing its expert with additional factual context. *See Bianco,*

3

*M.D. v. Globus Med., Inc.*, 30 F. Supp. 3d 565, 570 (E.D. Tex. 2014); Fed. R. Evid. 703.

Nor is IBM "substituting" Mr. Brown's testimony with Mr. Rosen's. Dkt. 273 at 6. Mr. Malackowski's opinions rest on his expertise, and a range of underlying factual sources—interrogatory responses, technical documents, depositions (including Mr. Brown's), and public materials. Mr. Rosen's information is merely one data point among many, and excluding it would unjustifiably constrain Mr. Malackowski's analysis.

### 2.     Experts May Reasonably Rely on Hearsay.

VirtaMove's reliance on *Image Processing Techs.* is misplaced. Mr. Malackowski is not acting as a "mere channel[] to introduce hearsay." Dkt. 273 at 7 (quoting *Image Processing Techs.*). Rather, in conducting his broader damages analysis, he considered Mr. Rosen's input regarding the feasibility of certain non-infringing alternatives identified by IBM's technical expert. Rule 703 expressly permits experts to rely on otherwise inadmissible information if experts in the field would reasonably rely on it. FED. R. EVID. 703. Cost data and information from employees on system alternatives plainly qualify. *See Mojo Mobility, Inc. v. Samsung Elecs. Co.*, 2-22-cv-00398-JRG-RSP, 2024 WL 3527240, at *9 (E.D. Tex. July 24, 2024).

VirtaMove's attempt to distinguish *Bianco* and *Mojo Mobility* because "neither case involve[d] experts or parties attempting to undercut discovery rules and bilateral agreements" misses the point. Dkt. 273 at 6. In both of those cases, the courts recognized that expert opinions are not excludable merely because they rely on statements that might otherwise be hearsay. Mr. Malackowski's opinions do not merely "parrot[]" Mr. Rosen, but "add [independent] analysis … that would be helpful to the jury." *Mojo Mobility*, 2024 WL 3527240, at *6.

### 3.     VirtaMove Concedes Paragraphs 267–68 and 272 Are Appropriate.

IBM explained in its opposition that VirtaMove wrongly challenged paragraphs 267–68, and 272 of Mr. Malackowski's report. *See* Dkt. 255 at 13. VirtaMove offers no rebuttal, effectively

4

conceding IBM is correct. Thus, those paragraphs should not be stricken.

### D. Mr. Malackowski Properly Relies on Dr. Wicker's Opinion that IBM's Products Practice the '858 Patent.

VirtaMove's assertion that no witness testimony supports Mr. Malackowski's discussion of IBM products practicing the '858 Patent, *see* Dkt. 273 at 7, inexplicably ignores IBM's citation to paragraphs 121 and 1617 of Dr. Wicker's report. *See* Dkt. 255 at 14 (citing Ex. 5 ¶¶ 121, 1617). In his report, Dr. Wicker specifically opines that "████████████████████████████████████████████████████████████████████████████" Dkt. 255, Ex. 5 ¶ 121; *see also id.* ¶ 1617 ("████████████████████████████████████████████████████████████████████████████") (emphasis added). As confirmed by VirtaMove's cited case, Dr. Wicker properly relied on Mr. Paradkar and documents cited in IBM's interrogatory responses in reaching this opinion. *See id.*; *Headwater Rsch. LLC v. Verizon Commc'ns Inc.*, No. 2:23-CV-00352-JRG-RSP, 2025 WL 1675397, at *3 (E.D. Tex. June 5, 2025) (denying summary judgment because Plaintiff's expert opined that "I understand that ItsOn . . . did not practice" plaintiff's patent "based . . . on his review of the '613 Patent, ***discussions with ItsOn personnel***, and other evidence. . . .") (emphasis added). But Mr. Malackowski also considers other relevant evidence, including IBM's interrogatory responses and the documents cited therein, as well as testimony from multiple fact witnesses, including the '858 Patent's inventor, to inform his understanding that IBM's SCOPE tool embodies the invention of the '858 Patent. Dkt. 255, Ex. 2 ¶¶ 102–111. To the extent VirtaMove disputes the sufficiency or credibility of the evidence on which Mr. Malackowski relies showing that IBM's products practice the '858 Patent, those criticisms go to the weight of his opinions, not their admissibility. *See ActiveVideo Networks, Inc., v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012) ("[A] party's quarrel with the facts the damages expert used go[es] to the weight, not admissibility, of the expert's opinion.").

5

Dated: August 26, 2025

Respectfully submitted,

/s/ Todd M. Friedman
Todd M. Friedman (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
todd.friedman@kirkland.com

Brandon H. Brown
State Bar No. 266347
Kyle Calhoun (*pro hac vice*)
Nathaniel Ngerebara (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:   (415) 439-1400
Facsimile:    (415) 439-1500
brandon.brown@kirkland.com
kyle.calhoun@kirkland.com
nate.ngerebara@kirkland.com

Yimeng Dou
State Bar No. 285248
Andrew Morrill (*pro hac vice*)
KIRKLAND & ELLIS LLP
695 Town Center Dr.
Costa Mesa, CA 92626
Telephone:   (714) 982-8822
Facsimile:    (714) 982-8844
yimeng.dou@kirkland.com
drew.morrill@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone:   (903) 757-6400
Facsimile:    (903) 757-2323
andrea@millerfairhenry.com

*Attorneys for Defendant*
*International Business Machines Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on August 26, 2025.

*/s/ Todd M. Friedman*
Todd M. Friedman