# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**INTERNATIONAL BUSINESS MACHINES CORP.'S SUR-REPLY TO VIRTAMOVE, CORP.'S MOTION TO EXCLUDE OPINIONS OF ROBERT STOLL**

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................. 1

II. MR. STOLL'S TESTIMONY ON MATERIALITY IS WITHIN HIS
EXPERTISE. .......................................................................................................... 1

III. MR. STOLL'S TESTIMONY PROPERLY BUILDS ON DR. WICKER'S
FINDINGS OF BUT-FOR MATERIALITY. ........................................................ 3

IV. MR. STOLL PROPERLY OPINES ON FACTS SUPPORTING INFERENCES
OF KNOWLEDGE. ............................................................................................... 4

V. MR. STOLL PROPERLY CONTRASTS THE APPLICANTS' CONDUCT
WITH HOW PATENT APPLICANTS TYPICALLY SATISFY THEIR RULE
56 DUTY. ............................................................................................................... 5

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Cave Consulting Grp., Inc. v. Optuminsight, Inc.*,
   No. 15-CV-03424-JCS, 2019 U.S. Dist. LEXIS 161139 (N.D. Cal. Aug. 28,
   2019) ...................................................................................................................................3

*Commonwealth Sci. and Indus, Rsch. Org. v. MediaTek Inc.*,
   No. 6:12-CV-00578, Dkt. 773 at 8–10 (E.D. Tex. June 29, 2015) ...........................................2

*Genband US LLC v. Metaswitch Networks Corp.*,
   No. 2:14-CV-33-JRG-RSP, 2016 WL 7645444 (E.D. Tex. Jan. 8, 2016) .................................2

*Luv N' Care, Ltd. v. Laurain*,
   98 F.4th 1081 (Fed. Cir. 2024) ..................................................................................................2

*Olin Corp. v. Lamorak Ins. Co.*,
   332 F. Supp. 3d 818 (S.D.N.Y. 2018) .......................................................................................4

*SB IP Holdings LLC v. Vivint Inc.*,
   20-CV-00886, Dkt. No. 375 (E.D. Tex. June 15, 2023) ............................................................1

*Shire ViroPharma Inc. v. CSL Behring LLC*,
   No. 17-414, 2021 U.S. Dist. LEXIS 61551 (D. Del. Mar. 31, 2021) ........................................4

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   2008 WL 2037732 (N.D. Cal. May 12, 2008) ......................................................................2, 3

**Rules**

Rule 56 ............................................................................................................................................3, 5

I.         INTRODUCTION

Contrary to VirtaMove's mischaracterizations, Mr. Stoll does exactly what courts routinely permit: he applies his expertise gained from decades of experience at the USPTO to provide helpful information to the trier of fact regarding how prosecution policies and procedures impact the materiality of prior art and how practitioners typically satisfy their disclosure obligations. Mr. Stoll's testimony squarely falls within his expertise. The contrary authority on which VirtaMove relies is limited to cases where the experts directly opined on technical issues, mental state, and legal conclusions—testimony Mr. Stoll has expressly and repeatedly stated he is not offering.

II.        MR. STOLL'S TESTIMONY ON MATERIALITY IS WITHIN HIS EXPERTISE.

VirtaMove incorrectly claims Mr. Stoll "went beyond his expertise" by providing technical opinions. Dkt. 279 at 1. Yet, Mr. Stoll is not offering any technical opinions himself—he is properly relying on the technical foundation provided by Dr. Wicker. Ex. 3 (Stoll Op. Rpt.) ¶¶ 19, 101, 130, 139, 153–55, 160, 165–66. Mr. Stoll draws on his own experience at the USPTO and with patent prosecution to explain (*e.g.*) how prosecutors and examiners approach disclosure obligations in practice, why the MPEP encourages disclosure even when materiality might be uncertain, and how a Notice of Allowance signals the examiner did not find certain limitations in the prior art of record. *See id.* ¶¶ 36–37, 116, 119, 147–48, 164. Using Dr. Wicker's technical analysis as an input, Mr. Stoll then applies his experience to offer independent opinions on materiality, which this Court has recognized he is "well qualified to testify on." *SB IP Holdings LLC v. Vivint Inc.*, 20-CV-00886, Dkt. No. 375 at 7 (E.D. Tex. June 15, 2023). For example, relying on Dr. Wicker's finding that Solaris 10 discloses every limitation of Claim 1 of the '814 Patent, Mr. Stoll applies his own expertise in USPTO practice—specifically, regarding how reasonable applicants go about satisfying the duty of disclosure, as well as how a Notice of Allowance indicates limitations the examiner did not find in the prior art—to opine that a

reasonable applicant complying with the duty of disclosure should (and would) have disclosed the withheld Solaris Zones information. Ex. 3 (Stoll Op. Rpt.) ¶ 164; *see also id.* ¶¶ 33–44, 63–72, 152–66. Supported by Dr. Wicker's technical findings, Mr. Stoll similarly applies his expertise to opine on the materiality of the Applicants' statements to the EPO regarding the "unique identifier" and the purported novelty of their invention. Mr. Stoll explains that in his experience, the EPO's standards and processes are similar to the USPTO's, and he explains how the EPO's serial rejections over the Schaefer reference and the Applicants' responses to those rejections would therefore be material at the USPTO. *See id.* ¶¶ 116, 130, 139; Dkt. 254-3 at 51:3–54:21.

The cases VirtaMove cites are inapposite. Mr. Stoll's opinions are not "opinions about the technical aspects of a patent case," like those that concerned the Court in *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2016 WL 7645444, at *2 (E.D. Tex. Jan. 8, 2016). Mr. Stoll does not construe claims, assess validity, or interpret technology. Rather, he opines on materiality, which is not solely a technical question. Materiality concerns what a reasonable examiner would consider important—and Mr. Stoll appropriately draws on his expertise to opine on how a reasonable examiner would have viewed the withheld information, given Dr. Wicker's technical findings. *See, e.g.*, *Luv N' Care, Ltd. v. Laurain*, 98 F.4th 1081, 1098 (Fed. Cir. 2024) (what reasonable examiner would view as taught by reference is relevant to cumulativeness inquiry that can decide materiality); *Therasense, Inc. v. Becton, Dickinson & Co.*, 2008 WL 2037732, at *4 (N.D. Cal. May 12, 2008) ("[L]awyers skilled in practice before the [US]PTO and familiar with how the duty of candor works in practice should be allowed to opine on whether [information] should have been revealed to the [US]PTO."). Unlike the expert testimony stricken in *Commonwealth Sci. and Indus, Rsch. Org. v. MediaTek Inc.* as having no

2

foundation, Mr. Stoll relies on Dr. Wicker to supply the necessary technical foundation for his opinions. No. 6:12-CV-00578, Dkt. 773 at 8–10 (E.D. Tex. June 29, 2015).

### III. MR. STOLL'S TESTIMONY PROPERLY BUILDS ON DR. WICKER'S FINDINGS OF BUT-FOR MATERIALITY.

VirtaMove seeks to dismiss Rule 56 materiality's continued relevance to the inequitable conduct determination. *See* Dkt. 279 at 3–4. While *Therasense* clarified that inequitable conduct requires but-for materiality, it did not render Rule 56 irrelevant. *See Cave Consulting Grp., Inc. v. Optuminsight, Inc.*, No. 15-CV-03424-JCS, 2019 U.S. Dist. LEXIS 161139, at *3 (N.D. Cal. Aug. 28, 2019) ("While the PTO's duty of candor is not equivalent to the inequitable conduct standard, whether a party has complied with that duty may nevertheless be a factor relevant to the jury's consideration of whether the party intended to deceive the PTO, whether conduct was egregious, and whether it was part of a pattern of deceit.").

VirtaMove's contention that "IBM cannot now have Mr. Stoll testify under the but-for materiality standard" is a red herring because, as VirtaMove itself acknowledges, "Mr. Stoll repeatedly confirmed . . . that he does not offer an opinion on 'but-for materiality.'" Dkt. 279 at 3. As VirtaMove recognizes, Dr. Wicker offers opinions on but-for materiality. *See id.* Far from simply "adopt[ing] Dr. Wicker's but-for opinions," however, Mr. Stoll provides a distinct, independent layer of analysis. *Id.* Mr. Stoll takes Dr. Wicker's but-for materiality findings as a foundation and applies his extensive experience with USPTO practice to assess materiality under Rule 56, explaining how an examiner would have evaluated the withheld information and how it relates to the duty to disclose under Rule 56. *See* Ex. 3 (Stoll Op. Rpt.) ¶¶ 29–44, 118–66; Dkt. 254-3 at 40:17–41:24, 53:17–54:2. Far from "rely[ing] entirely" on Dr. Wicker's analysis, Dkt. 279 at 3 (citation omitted), Mr. Stoll combines Dr. Wicker's findings with his own expertise to

3

provide helpful testimony showing the practical significance of but-for materiality to actions and decisions during the prosecution.

VirtaMove's further suggestion that Mr. Stoll only "opines on what *he believes* is material" fails to acknowledge the bulk of Mr. Stoll's report, which includes pages of detailed analysis that support the opinion statements VirtaMove selectively cites. *Id.* at 4 (emphasis in original). Far from concluding that "it is material because it was already found to be [but-for] material," *id.*, Mr. Stoll arrived at his opinions on materiality based on an extensive independent review of the record, including the prosecution histories, deposition transcripts, and internal VirtaMove documents discussing the withheld information. *See* Dkt. 254 at 1–2.

### IV. MR. STOLL PROPERLY OPINES ON FACTS SUPPORTING INFERENCES OF KNOWLEDGE.

VirtaMove incorrectly asserts that Mr. Stoll "explicitly opined on Applicant's knowledge." Dkt. 279 at 4. Unlike the *Shire* expert, who "delve[d] into [p]laintiff's subjective thought processes and motivations," Mr. Stoll did not opine on the Applicants' actual knowledge or intent, but only on the facts from which a factfinder can infer those things. *Shire ViroPharma Inc. v. CSL Behring LLC*, No. 17-414, 2021 U.S. Dist. LEXIS 61551, at *16 (D. Del. Mar. 31, 2021). VirtaMove's contention that Mr. Stoll's opinions are inadmissible because he "selectively quot[es], arrang[es], and comment[s]" on facts in the record, Dkt. 279 at 4, incorrectly suggests experts are not permitted to "synthesize and digest reams of otherwise admissible evidence" to streamline the presentation of facts. *Olin Corp. v. Lamorak Ins. Co.*, 332 F. Supp. 3d 818, 837 (S.D.N.Y. 2018).

VirtaMove also suggests—apparently in the alternative, as it contradicts VirtaMove's other arguments—that Mr. Stoll's opinions should be excluded for "only offering facts." Dkt. 279 at 5. In fact, Mr. Stoll applies his extensive expertise to analyze the facts. For example, Mr. Stoll observes that in his experience, prosecuting attorneys routinely share information regarding

4

foreign counterpart applications with one another and keep the inventors informed. He then applies this experience to analyze facts such as the chronology of prosecution events, and describes how they support an *inference* of knowledge or intent. *See* Ex. 3 (Stoll Op. Rpt.) ¶¶ 147–48. In this way, Mr. Stoll appropriately analyzes the factual underpinnings in the record and—unlike the expert in *In re Rosuvastatin Calcium Patent Litig.*—does not seek to offer direct conclusions about anyone's intent. *See* No. CIV. 07-359-JJF-LPS, 2009 WL 4800702, at *8 (D. Del. Dec. 11, 2009).[1]

## V. MR. STOLL PROPERLY CONTRASTS THE APPLICANTS' CONDUCT WITH HOW PATENT APPLICANTS TYPICALLY SATISFY THEIR RULE 56 DUTY.

Contrary to VirtaMove's assertion that "IBM failed to dispute that Mr. Stoll should not opine on the ultimate conclusion of whether the applicant breached its duty of disclosure," Dkt. 279 at 5, IBM cited a case finding an expert **"**may ***appropriately testify that certain actions ran afoul of [the plaintiff's] duty of candor.***" Dkt. 254 at 4, 14 (citation omitted) (emphasis added). Moreover, the "ultimate" legal question here is whether the Applicants committed inequitable conduct, not whether they breached the duty of disclosure. Mr. Stoll does not opine on the ultimate question of inequitable conduct. Rather, as discussed above, he appropriately draws on his experience to contrast the Applicants' conduct in this case with the actions applicants typically take to satisfy their duty of candor. VirtaMove cites no authority—including *Deere & Co. v. Kinze Mfg., Inc.*, where the expert did not offer any such comparisons based on her experience—barring the type of testimony Mr. Stoll offers. *See* No. 4:20-CV-00389-RGE-HCA, 2024 WL 1235569, at *7 (S.D. Iowa Feb. 8, 2024).

---

[1] Footnote 27 of *In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prods. Liab. Litig.*, which VirtaMove also cites, merely collects unrelated cases, none of which involve inequitable conduct or the admissibility of factual expert testimony supporting inferences of knowledge or intent. *See* 181 F. Supp. 3d 278, 295 n.27 (E.D. Pa. 2016).

Dated: August 26, 2025

Respectfully submitted,

/s/ *Todd M. Friedman*
Todd M. Friedman (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
todd.friedman@kirkland.com

Brandon H. Brown
State Bar No. 266347
Kyle Calhoun (*pro hac vice*)
Nathaniel Ngerebara (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:     (415) 439-1400
Facsimile:     (415) 439-1500
brandon.brown@kirkland.com
kyle.calhoun@kirkland.com
nate.ngerebara@kirkland.com

Yimeng Dou
State Bar No. 285248
Andrew Morrill (*pro hac vice*)
KIRKLAND & ELLIS LLP
695 Town Center Dr.
Costa Mesa, CA 92626
Telephone:     (714) 982-8822
Facsimile:     (714) 982-8844
yimeng.dou@kirkland.com
drew.morrill@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone:     (903) 757-6400
Facsimile:     (903) 757-2323
andrea@millerfairhenry.com

*Attorneys for Defendant*
*International Business Machines Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on August 26th, 2025.

*/s/ Todd M. Friedman*
Todd M. Friedman