# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00093-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| VIRTAMOVE, CORP., | § | Case No. 2:24-cv-00064-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., | § | |
| | § | |
| Defendant. | § | |

**INTERNATIONAL BUSINESS MACHINES CORP.'S MOTIONS IN *LIMINE***

**Table of Contents**

**Page**

I.  IBM MIL NO. 1: TO PRECLUDE USE OF UNDISCLOSED THEORIES OR EVIDENCE AT TRIAL .................................................................................................. 1

II. IBM MIL NO. 2: TO PRECLUDE THE USE OF PEJORATIVE OR MISLEADING TERMS PURSUANT TO THE COURT'S STANDARD MOTIONS IN *LIMINE*................................................................................................ 4

III. IBM MIL No. 3: TO PRECLUDE OR LIMIT USE OF LITIGATION-DRIVEN LICENSE AGREEMENTS ........................................................................................ 5

IV. IBM MIL NO. 4: TO PRECLUDE ALLEGATIONS OF RETALIATORY MOTIVES OR USE OF DAMAGES AS EVIDENCE OF PATENT VALUE................. 6

V.  IBM MIL NO. 5: TO PRECLUDE ANY EVIDENCE OR ARGUMENT RELATED TO INFRINGEMENT, INVALIDITY, OR REVENUES ASSOCIATED WITH UNACCUSED PRODUCTS AND INSTRUMENTALITIES................................................................................................ 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Contentguard Holdings, Inc. v. Amazon.com, Inc.*,
  No. 2:13-CV-01112-JRG, 2015 WL 11089490 (E.D. Tex. Sept. 4, 2015) ...............................5

*Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*,
  No. 2:14-CV-00912-JRG, Dkt. 108 (E.D. Tex. Feb. 21, 2019).............................................3, 5

*Digital Reg of Tex., LLC v. Adobe Sys., Inc.*,
  No. C 12-1971 CW, 2014 WL 4090550 (N.D. Cal. Aug. 19, 2014) ........................................4

*Estech Sys., Inc. v. Target Corp.*,
  No. 2:20-CV-00123-JRG-RSP, Dkt. 304 (E.D. Tex. Aug. 20, 2021) .......................................5

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*,
  No. 4:14-cv-371, 2016 WL 3902447 (E.D. Tex. Mar. 1, 2016)................................................6

*Mobile Telecoms LLC v. ZTE (USA) Inc.*,
  No. 2:13-CV-946-JRG, 2016 WL 8260584 (E.D. Tex. July 22, 2016)................................5, 6

*RedHat, Inc. v. VirtaMove, Corp.*,
  No. 24-CV-04740, Dkt. 70 (N.D. Cal. Apr. 21, 2025) .............................................................7

*VirtaMove, Corp. v. Microsoft Corp.*,
  C.A. No. 1:25-cv-00794.............................................................................................................2

*VirtaMove, Corp. v. Microsoft Corp.*,
  C.A. No. 7:25-cv-00254.............................................................................................................2

**Rules**

Fed.R.Civ.P. 26..................................................................................................................................1

Fed.R.Civ.P. 37..................................................................................................................................1

Fed. R. Evid. 401 ..............................................................................................................................6

Fed. R. Evid. 402 ..............................................................................................................................3

Fed. R. Evid. 403 ..............................................................................................................................3

Local Patent Rule 3-1(f)....................................................................................................................1

## I.   IBM MIL NO. 1: TO PRECLUDE USE OF UNDISCLOSED THEORIES OR EVIDENCE AT TRIAL

Consistent with this Court's standing order on motions in *limine* (including the Court's MIL No. 23), IBM moves to preclude VirtaMove, Corp. ("VirtaMove") from offering testimony, evidence, or argument pertaining to the following undisclosed theories or late-disclosed evidence: 1) that VirtaMove's or its customers' use of V-Migrate practices U.S. Patent No. 7,519,814 (the "'814 Patent"); 2) evidence introduced for the first time at summary judgment; 3) new damages theories based on any new purported comparable licenses; and 4) that VirtaMove's products constitute prior art to the IBM Counterclaim Patents. Because none of these theories or evidence were disclosed during discovery, VirtaMove should be precluded from relying on these theories and materials at trial. *See* FED. R. CIV. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

***First***, as argued in IBM's earlier motion to strike theories that VirtaMove introduced for the first time in its technical expert's report, which has already been the subject of substantial briefing before this Court, *see* Dkts. 235, 263, 278, VirtaMove failed to disclose its V-Migrate and V-Maestro products as allegedly practicing the '814 Patent (as required under Local Patent Rule 3-1(f)), and in interrogatory responses seeking information about secondary considerations, VirtaMove failed to identify any of its products as having any nexus to the '814 Patent[1]. *See* Ex. 1 at pp. 17-25 (VirtaMove's Response to Common Interrogatory No. 3); Dkt. 235 at 10–11. For the

---

[1] As a further argument, VirtaMove's fact witnesses may not offer testimony that VirtaMove's products practice the '814 Patent because they either expressly disclaimed knowledge (*see, e.g.*, Ex. 2 (O'Connor 05/15/25 Tr.) at 328:1–6 ); Ex. 3 (Stokes 05/21/25 Tr.) at 315:23–316:10, 316:21–317:5), or otherwise provided no analysis or compelling basis for making such assertions. *See* Ex. 4 (Burgins 05/28/25 Tr.) at 54:16–55:12, 57:1–10, 92:17–23.

1

same reasons that VirtaMove's expert Dr. Koskinen should be precluded from relying on this new theory that V-Migrate practices the patent, the Court should preclude VirtaMove from introducing any evidence or argument about this new theory in any other way. This preclusion should include barring VirtaMove from alleging that its products practice, or otherwise embody, the '814 Patent, as well as alleging that secondary considerations of non-obviousness apply based on VirtaMove's products.

*Second*, in opposing IBM's motion for partial summary judgment of no willful or induced infringement, VirtaMove relied for the first time on five additional patents and patent applications in a last-ditch attempt to save its deficient claims of willful infringement. *See* Dkt. 264 at 6–8 (¶¶ 19–21). VirtaMove did not even produce these new documents until three days *after* it filed its August 11, 2025 opposition brief. *See* Ex. 5. VirtaMove did not disclose these documents, or its new theories based on them during discovery, despite IBM asking VirtaMove to identify all facts and evidence supporting VirtaMove's contentions regarding how IBM first became aware of the Asserted Patents or how IBM was provided with notice of the alleged infringement. *See* Ex. 6 at 11. VirtaMove's belated disclosure of new evidence at this late stage is indisputably prejudicial and deprived IBM of its rightful opportunity to investigate the merits and nature of the new evidence, including taking discovery regarding third-party witnesses VirtaMove specifically identified for the first time in its opposition brief. *See* Dkt. 264 at 6–8 (¶¶ 19–21), 13–14.

*Third*, VirtaMove should be precluded from introducing as evidence—and making any reference to or argument about— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮. VirtaMove filed suit against Microsoft for alleged infringement of (among other patents) the same patents inserted in this case in actions in the Western District of Texas, Austin Division (*VirtaMove, Corp. v. Microsoft Corp.*, C.A. No. 1:25-cv-00794), and the Western District of Texas, Midland Division (*VirtaMove, Corp. v. Microsoft Corp.*, C.A. No. 7:25-cv-00254) (collectively,

2

the "Actions"). On August 15, 2025—well after the close of fact discovery in this case—VirtaMove ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███ Not only is that production untimely, but VirtaMove has never offered any theory of that ███████████████ relevance to this case, nor do VirtaMove's interrogatory responses or expert reports reference it for any purpose. Introducing or relying on ███████████████ in this case would only serve to mislead the jury, waste time, and unfairly prejudice IBM. *See* FED. R. EVID. 402–403; *Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*, No. 2:14-CV-00912-JRG, Dkt. 108 at 3 (E.D. Tex. Feb. 21, 2019) (precluding reference to "other litigation or the outcomes of them" as well as any evidence, testimony, or argument related to LG's negotiations with plaintiff or third parties).

***Fourth***, VirtaMove has not advanced any theory alleging that ***any*** system prior art much less VirtaMove's own products, invalidates IBM's Counterclaim Patents. *See* Ex. 8 (Malek 7/18/25 Tr.) at 24:2–5 ███████████████████████████████████████████ ███████████████████████ 24:6–10 ████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████. Similarly, the VirtaMove corporate witness designated on the topic of VirtaMove's knowledge and analysis of the validity of IBM's Counterclaim Patents, Mr. Burgins, also offered no testimony on this subject. Ex. 4 (Burgins 5/28/25 Tr.) at 262:24–263:6 (███████ ███████████████████████████████████). Pursuant to this Court's MIL No. 23, because VirtaMove's expert has not offered any opinions that any VirtaMove products constitute prior art to the IBM Counterclaim Patents or render the Counterclaim Patents invalid, and because VirtaMove's witnesses cannot support such a theory, the Court should preclude VirtaMove from offering any testimony, evidence, or argument to that effect.

3

II. **IBM MIL NO. 2: TO PRECLUDE THE USE OF PEJORATIVE OR MISLEADING TERMS PURSUANT TO THE COURT'S STANDARD MOTIONS IN *LIMINE***

Pursuant to the Court's MIL Nos. 3, 9, and 11, which preclude parties from using any "pejorative term[s]," commenting on the "overall financial size [or] wealth" of their opponent, or using terms such as "troll," "shell company," or "assertion entity," VirtaMove should be precluded from presenting testimony or evidence referring to the Open Invention Network ("OIN," the previous assignee of three of the IBM Counterclaim Patents) as a "troll," "shell company," or "assertion entity," or "a company that does not make anything," "a company that does not sell anything," or a mere "licensing entity." *Digital Reg of Tex., LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4090550, at *12 (N.D. Cal. Aug. 19, 2014). VirtaMove also should be precluded from presenting evidence or testimony that IBM asserted the Counterclaim Patents for improper reasons, such as to retaliate against VirtaMove. *See* Court MIL No. 9. Similarly, VirtaMove should be precluded from introducing any evidence or testimony referring to the Counterclaim Patents that OIN assigned to IBM as the "non-IBM patents" or "not IBM's patents," as VirtaMove has never challenged IBM's ownership of the Counterclaim Patents acquired from OIN. Moreover, any reference to the financial situations of the OIN or Dr. Havemose's other employers is irrelevant and misleading, and should be excluded. *See* Court MIL No. 3.

Pursuant to the Court's MIL No. 11, VirtaMove likewise should be precluded from arguing that Dr. Havemose is not a real inventor or acted as a troll. During discovery, VirtaMove suggested that because Dr. Havemose has invented a total of more than 100 patents, he allegedly only spent "███████████████████████████████████" Ex. 9 (Havemose 5/13/25 Tr.) at 94:7–10, 94:20–23 (emphasis added). That suggestion is misleading because it does not take into account how many of Dr. Havemose's granted patents are related, continuations, or continuations-in-part. *See, e.g., id.* at 94:20–95:21 (explaining invention process), 95:22–96:4. It also does not

4

take into account Dr. Havemose's years of experience working in this industry before 2009, but merely attributes the invention to one particular time period. *See, e.g.*, *id.* at 94:7–15 (asking only about hours spent in 2009).

### III. IBM MIL NO. 3: TO PRECLUDE OR LIMIT USE OF LITIGATION-DRIVEN LICENSE AGREEMENTS

On June 16, 2025, as a direct result of the ongoing litigation between HPE and VirtaMove[2], those parties entered into a license agreement seeking ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 10 (VM_IBM_0046084) at -6084. While VirtaMove seeks to use this agreement to show a supposed reasonable royalty, introducing this agreement as the outcome of another infringement suit by VirtaMove involving the same patents and a similar theory of infringement would be highly prejudicial to IBM and is ultimately irrelevant to the issues before the jury. Accordingly, this agreement—or, at a bare minimum, any such description of the agreement—should be excluded, consistent with this Court's MIL No. 13, which precludes parties "from introducing evidence, testimony, or argument regarding either party's other litigations." Notably, this Court consistently precludes parties from introducing evidence of agreements stemming from other litigations, because they are irrelevant and prejudicial, and it should do the same here. *See Core Wireless Licensing S.A.R.L.*, Dkt. 108 at 3 (precluding reference to "other litigation or the outcomes of them" as well as evidence, testimony or argument related to LG's negotiations with plaintiff or third-parties); *Contentguard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 11089490, at *1 (E.D. Tex. Sept. 4, 2015) (precluding reference to other litigations); *Estech Sys., Inc. v. Target Corp.*, No. 2:20-CV-00123-JRG-RSP, Dkt. 304 at 13 (E.D. Tex. Aug. 20, 2021) (same as to both parties); *Mobile Telecoms LLC v. ZTE (USA) Inc.*, No. 2:13-CV-946-JRG, 2016 WL

---

[2] To the extent the Court does not grant IBM's MIL No. 1, IBM's MIL No. 3 should equally apply to the litigation-driven license agreement between ▓▓▓▓▓▓▓▓▓▓▓▓.

8260584, at *2 (E.D. Tex. July 22, 2016) (same as to both parties); *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-cv-371, 2016 WL 3902447, at *1 (E.D. Tex. Mar. 1, 2016) (same).

### IV. IBM MIL NO. 4: TO PRECLUDE ALLEGATIONS OF RETALIATORY MOTIVES OR USE OF DAMAGES AS EVIDENCE OF PATENT VALUE

Consistent with this Court's MIL No. 9 barring the use of pejorative labels (*e.g.*, calling a party "greedy," "corrupt," or "dishonest," or characterizing conduct as "stealing," "copying," "misappropriating," "pirating," or "trespassing"), VirtaMove should be precluded from using rhetoric that frames the lawful assertion of patent rights—including via counterclaim—as "bullying," "retaliation," "harassment," "extortion," "punishment," or any similar invective. This requested preclusion also is consistent with the Court's MIL No. 11 barring the use of disparaging labels such as "patent troll," "pirate," "bounty hunter," "bandit," "playing the lawsuit lottery," "shakedown artist," and "patent assertion entity." Innuendo regarding the motivation behind IBM's lawful assertion of its patent rights has no bearing on the questions of infringement, invalidity, damages, or any other issue before the jury. *See* FED. R. EVID. 401–402.

VirtaMove likewise should be precluded from asserting or implying that the amount of damages IBM seeks has any bearing on the value of IBM's Counterclaim Patents. Commentary such as ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ is a backdoor means of introducing an impermissible wealth/value argument that encourages the jury to base its verdict on the relative bargaining positions of the parties, rather than admissible evidence, in violation of this Court's standing MIL No. 3. *See also* FED. R. EVID. 401–402. Permitting such statements would also create unfair prejudice and confusion under Rule 403.

6

V. **IBM MIL NO. 5: TO PRECLUDE ANY EVIDENCE OR ARGUMENT RELATED TO INFRINGEMENT, INVALIDITY, OR REVENUES ASSOCIATED WITH UNACCUSED PRODUCTS AND INSTRUMENTALITIES**

VirtaMove has expressly represented to this Court that IBM Cloud Mesh and Hybrid Cloud Private "are not at issue in this action." Dkt. 263 at 1. In opposing a declaratory judgment action filed by Red Hat Inc. (an IBM subsidiary), VirtaMove likewise stated—and a California Court relied on its representation—that Red Hat's OpenShift product was not implicated in cases where VirtaMove is asserting the '814 Patent against Microsoft and Oracle. *See RedHat, Inc. v. VirtaMove, Corp.*, No. 24-CV-04740, Dkt. 70 (N.D. Cal. Apr. 21, 2025); *see also* Ex. 11 (3/13/25 Hr'g Tr. in *RedHat*, No. 24-CV-04740) at 3–5.

Given these representations to multiple courts, VirtaMove should therefore be precluded from introducing any evidence or testimony related to unaccused IBM products or to Red Hat or Red Hat's OpenShift product or their respective revenues.

.

Dated: September 1, 2025

Respectfully submitted,

*/s/ Todd M. Friedman*
Todd M. Friedman (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
todd.friedman@kirkland.com

Brandon H. Brown
State Bar No. 266347
Kyle Calhoun (*pro hac vice*)
Nathaniel Ngerebara (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

brandon.brown@kirkland.com
kyle.calhoun@kirkland.com
nate.ngerebara@kirkland.com

Yimeng Dou
State Bar No. 285248
Andrew Morrill (*pro hac vice*)
KIRKLAND & ELLIS LLP
695 Town Center Dr.
Costa Mesa, CA 92626
Telephone:     (714) 982-8822
Facsimile:     (714) 982-8844
yimeng.dou@kirkland.com
drew.morrill@kirkland.com

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone:     (903) 757-6400
Facsimile:     (903) 757-2323
andrea@millerfairhenry.com

*Attorneys for Defendant
International Business Machines Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on September 1, 2025 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Todd M. Friedman
Todd M. Friedman

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ Todd M. Friedman
Todd M. Friedman

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on August 28, 2025. The parties are unable to reach agreement as to IBM's requested relief.

/s/ Todd M. Friedman
Todd M. Friedman